BORDIN SEMMER LLP
Joshua Bordin-Wosk, State Bar No. 241077
jbordinwosk@bordinsemmer.com
Justin F. Spearman, State Bar No. 305785
jspearman@bordinsemmer.com
Erick Diaz, State Bar No. 351606
ediaz@bordinsemmer.com
Howard Hughes Center
6100 Center Drive, Suite 1100
Los Angeles, CA 90045
Phone:      (323) 457-2110
Fax:   (323) 457-2120
Attorneys for Defendants,
CITY OF IRVINE, TRINITY PHAM, and WILLIAM GO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

JEFFREY GU, an individual,

      Plaintiff,

      v.

CITY OF IRVINE; JESSICA SANDERS; JEFFREY MELCHING; TRINITY PHAM; WILLIAM GO; IRVINE POLICE DEPARTMENT; OFFICERS JANE AND JOHN DOE 1-10; THE NEW HOME COMPANY, INC.; THE NEW HOME COMPANY SOUTHERN CALIFORNIA, LLC; TNHC REALTY AND CONSTRUCTION, INC.; BERT L. HOWE AND ASSOCIATES, INC.; TOLL BROTHERS, INC.; TB PROPRIETARY CORP.; TOLL SOUTHWEST, LLC; and DOES 1 to 25, inclusive,

      Defendants.

| |
|---|
| **Case No.:  8:25-cv-02134-VBF-DSR** |
| **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF IRVINE'S, TRINITY PHAM'S, AND WILLIAM GO'S MOTION TO SET ASIDE ENTRY OF DEFAULT** |
| **[*Exempt from filing fee due to Government Code Section 6103*]** |
| Complaint Filed:    September 19, 2025 |

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PLAINTIFF HAS FAILED TO DEMONSTRATE ANY PREJUDICE

Plaintiff Jeffrey Gu ("Plaintiff") has asked this Court to enter a default judgment against the City of Irvine ("Irvine"), Trinity Pham, and William Go (collectively "Defendants"). Plaintiff's lawsuit is, on its face, a meritless lawsuit that is part of a campaign of harassment of Irvine and Irvine's employees because Plaintiff is unsatisfied with Irvine's responses to various demands made by Plaintiff arising out of his dispute with a homebuilder over a property in Colorado – i.e., a dispute that has nothing to do with Irvine or Irvine's employees.[1]

Defendants respectfully submit that a default judgment could not be properly entered in this case in any event, because, as set forth in Part III.B of the moving papers, Plaintiff has not pleaded any viable claim against Defendants. (*See*, *e.g.*, *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 [9th Cir. 1992] ["[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."]; *Waters v. Mitchell*, 600 F. Supp. 3d 1177, 1185 [W.D. Wash. 2022] [holding that default judgment could not be entered on legally insufficient claims]; *Arizona Bd. of Regents v. Doe*, 555 F. Supp. 3d 805, 820 [D. Ariz. 2021] [denying motion for default judgment and dismissing case where plaintiff did not allege plausible claims for relief].)

Nevertheless, as set forth in Defendants' moving papers, all the grounds for granting relief from entry of default are present in this case. "[D]efault judgments are ordinarily disfavored." (*Eitel v. McCool*, 782 F.2d 1470, 1472 [9th Cir. 1986].) "Cases should be decided upon their merits whenever reasonably possible." (*Id.*)

Plaintiff's reliance on *Pioneer* to argue otherwise is misplaced here, as that case addressed the question of excusable neglect in terms of an untimely filing of

---

[1] As noted in the moving papers, Plaintiff attempts to construct a connection to Irvine and this District by raising issues related to the sale of a property that Plaintiff admits in his complaint he did not purchase and does not own.

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

proofs of claim in a bankruptcy case. (*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 380 (1993).) The Supreme Court was not addressing standards for granting relief for entry of default or default judgment under Rules 55 or 60 of the Rules of Civil Procedure.[2] (*See id.*) There are instead three factors the Court is to consider here: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. (*See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 [9th Cir. 2010].) As set forth in the moving papers and below, the relevant factors weigh in favor of granting relief from entry of default.

As to the element of prejudice, Plaintiff fails to establish that he would in any way be prejudiced by granting Defendants relief from default. There is no evidence that Plaintiff would be denied the right to litigate his claims if default was lifted. If the Court grants relief from entry of default, Plaintiff's claims – to the extent he has any valid claims – would survive and he could test them in litigation. "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." (*TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 [9th Cir. 2001]; *see also Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 [9th Cir. 2000] [holding that depriving a party of their ability to obtain a "quick victory" is not prejudice that justifies denial of relief from judgment]).

As to Plaintiff's claim that his access to evidence would in some way be impaired, Plaintiff fails to set forth any evidentiary support in such a claim or even any coherent theory for how evidence could or would be altered or lost. Plaintiff's argument is pure speculation. Plaintiff is required to demonstrate some "tangible" harm, not theoretical concerns. (*See Thompson v. Am. Home Assur. Co.*, 95 F.3d

---

[2] Plaintiff's confusion may arise from the Supreme Court's citation to a case involving relief from default judgment. (*See Pioneer Inv. Servs. Co.*, *supra*, 507 U.S. at p. 393.)

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

2

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF IRVINE'S, TRINITY PHAM'S, AND WILLIAM GO'S MOTION TO SET ASIDE ENTRY OF DEFAULT

429, 434 [6th Cir. 1996].) A "hypothetical loss" of evidence suggested by the plaintiff is not tangible harm. (*Kiwijet, LLC v. Guangzhou Hayonex Int'l Logistics Co. Ltd*, No. 2:21-CV-07515-FWS-JDE, 2024 WL 3468811, at *5 [C.D. Cal. May 22, 2024].)

There is no support for Plaintiff's speculative concern that any evidence has been or would be lost based on a delay of a couple of months. Plaintiff does not explain why a city would likely lose "public records," or how a city could or would lose access to discoverable internal communications, particularly if it relates to matters subject to pending litigation.

Plaintiff raises a concern about "bodycam footage," but fails to explain how bodycam footage would be at issue here when the sole contact Plaintiff alleges with Irvine police was allegedly conducted by telephone. Plaintiff also fails to explain why he claims a concern bodycam footage would be lost even if any could exist. In the case of uses of force or arrest – neither of which is plausibly alleged here, as a telephone call is not an arrest or detention – bodycam footage, if there is any, must be preserved under California law for two years. (Cal. Penal Code, § 832.18(b)(5)(B).) In all other cases, bodycam footage would only be preserved for 60 days, (Cal. Penal Code, § 832.18(b)(5)(A)), a period of time that elapsed after the telephone call before Plaintiff filed his Complaint in this case.[3]

To deny relief because Irvine is a municipality and because Plaintiff speculates that some unspecified evidence *could* be lost by a municipality for some unspecified reason would be to effectively eliminate the prejudice prong of the analysis, at least as to cases against municipalities, as any plaintiff could offer the

---

[3] Defendants would also respectfully submit that no reasonable person could have come to believe that a party would attempt to claim an alleged two-minute telephone call asking Plaintiff if he made threats against City employees – something Plaintiff does not actually deny other than to say he now does not recall – would somehow constitute a seizure under the Fourth Amendment. At any rate, as suggested in the moving papers, that issue will be resolved by way of a motion for judgment on the pleadings.

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

3

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF
IRVINE'S, TRINITY PHAM'S, AND WILLIAM GO'S MOTION TO SET ASIDE ENTRY OF DEFAULT

same speculation in every case in which relief from default is sought. That would run against the preference for litigating cases on their merits and liberal granting of relief from default except in "extreme" cases. (*Signed Pers. Check No. 730 of Yubran S. Mesle*, *supra*, 615 F.3d at p. 1091.) The prejudice prong does not weigh against granting Defendants relief from default in this case. Defendants respectfully request that the Court grant the motion lifting entry of default and granting Defendants leave to file their Answer to the Complaint.

## II.    PLAINTIFF HAS FAILED TO DEMONSTRATE CULPABLE CONDUCT

While Plaintiff disgorges a list of facts he wishes to have the Court consider – including complaints about the updating of addresses on ECF – none of those facts actually dispute what Defendants set forth in their moving papers, and none of Plaintiff's facts show that any delay was intentional or unreasonable. While Plaintiff may wish to believe that everyone is working against him, there is zero evidence that Defendants had any nefarious motive or desire to cause delay. Defendants' only interest is in promptly bringing this frivolous lawsuit to an end on the merits.

As to Plaintiff's belief that Defendants did not "corroborate" the evidence of Plaintiff's campaign of harassment, Plaintiff fails to cite any authority to show that Defendants must prove that his conduct constituted harassment to obtain relief.  The issue is whether there is a credible explanation for the delay. (*Francois & Co., LLC v. Nadeau*, 334 F.R.D. 588, 596 [C.D. Cal. 2020].) While Plaintiff may believe his campaign should not be deemed harassment, the evidence attached to Plaintiff's own complaint – including numerous letters from Irvine asking Plaintiff to cease and desist from his harassment – demonstrates that Irvine and its employees very much believed that Plaintiff was engaged in such behavior and that Irvine and its employees were very much concerned about Plaintiff's conduct and statements. Plaintiff's lawsuit against every lawyer that contacted him shows that Plaintiff was systematically picking off counsel that could represent the City. It is Plaintiff

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF IRVINE'S, TRINITY PHAM'S, AND WILLIAM GO'S MOTION TO SET ASIDE ENTRY OF DEFAULT

himself that provides the "corroborating" evidence to show that Defendants'
concerns about Plaintiff were a plausible and credible explanation for the
circumstances that led to the failure to file a responsive pleading in this case.

Again, Plaintiff's wish that he could have a quick victory does not suffice to
deny relief from default. (*See Bateman*, *supra*, 231 F.3d at p. 1225.) Plaintiff does
not cite a single case indicating that a two-month delay is unreasonably long,
particularly when it deprives Plaintiff of nothing, or that a month delay – over the
course of holidays that would dramatically affect availability for obtaining evidence
to support the motion – between assignment of counsel and attempting to initiate
contact with Plaintiff to meet and confer before filing a motion for relief is somehow
unreasonable or a valid basis for denying relief from default. That is particularly true
where Plaintiff has filed an excessively long complaint littered with irrelevant facts,
suspect claims, and hundreds of pages of exhibits that must be sorted through and
addressed to ensure that Defendants can properly brief the issue of meritorious
defenses and prepare their responsive pleading.[4] Courts have certainly granted relief
from default in cases involving longer periods of time. (*See, e.g.*, *Lemoge v. United
States*, 587 F.3d 1188, 1197 [9th Cir. 2009]; *Falk v. Allen*, 739 F.2d 461, 462 [9th
Cir. 1984].)

As to Plaintiff's suggestion that the *Pincay* case forecloses relief here, that
case has nothing to do with the issues presented on this motion, and the result in
*Pincay* does not favor Plaintiff. In that case, the Court of Appeal was not addressing
a motion to vacate entry of default. (*Pincay v. Andrews*, 389 F.3d 853, 854 (9th Cir.
2004).) The Court was instead addressing the issue of an untimely notice of appeal.
(*Id.*) The Court was addressing an attorney's misreading of a "clear rule." (*Id.* at p.
856.) The Court ultimately rejected an approach to excusable neglect that relied on

---

[4] Plaintiff's opposition papers confirm Plaintiffs' attempts to raise various non-germane matters to distract or delay Defendants' counsel and to distract from the issues actually at hand. (*See* ECF No. 106 at pp. 10:8-11:7.)

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

5

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF
IRVINE'S, TRINITY PHAM'S, AND WILLIAM GO'S MOTION TO SET ASIDE ENTRY OF DEFAULT

"per se rules," and held that the district court properly found that an attorney's misreading of the rule constituted excusable neglect so as to justify an extension of time to file the notice of appeal. (*Id.* at pp. 859-860.) If anything, *Pincay* would favor the granting of relief in these circumstances.

Ultimately, there is no evidence to support a conclusion that Defendants engaged in "culpable" conduct constituting a "devious, deliberate, willful, or bad faith failure to respond." (*TCI Grp. Life Ins. Plan*, *supra*, 244 F.3d at p. 698.) Defendants have set forth a credible explanation for their failure to file a responsive pleading before default was entered. Defendants respectfully request that the Court grant the motion lifting entry of default and allowing Defendants to dispose of Plaintiff's claims on the merits.

## III.    DEFENDANTS HAVE MERITORIOUS DEFENSES

Plaintiff's argument as to the issue of meritorious defenses is conclusory and lacking in analysis of the actual arguments made by Defendants. As set forth in the moving papers, Defendants have meritorious defenses because, as an initial matter, Plaintiff has not stated any plausible claim for relief. Plaintiff's own Complaint is all the evidence that is needed. In any event, the supporting declarations provided by Defendants adequately support a conclusion that there is, at a minimum, a possibility that Plaintiff's claims will fail on the merits. (*See Coen Co., Inc. v. Pan Int'l, Ltd.*, 307 F.R.D. 498, 505 [N.D. Cal. 2015].) There is no requirement that Defendants prove these defenses now, (*see Francois & Co., LLC*, *supra*, 334 F.R.D. at 597), and Defendants have put forth sufficient evidence with their supporting declarations to show, at a minimum, that Defendants will be able to raise viable defenses to Plaintiff's claims. That is all Defendants are required to show.

///
///
///
///

BORDIN SEMMER LLP
6100 CENTER DRIVE
SUITE 1100
LOS ANGELES, CA 90045
(323) 457-2110

6

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF
IRVINE'S, TRINITY PHAM'S, AND WILLIAM GO'S MOTION TO SET ASIDE ENTRY OF DEFAULT

**IV.    <u>CONCLUSION</u>**

For the reasons set forth in the moving papers and above, Defendants respectfully submit that there is good cause to set aside the default entered as to the City of Irvine, Trinity Pham, and William Go and to permit Defendants to file their proposed Answer.

Respectfully submitted,

Dated: February 3, 2026                    BORDIN SEMMER LLP

By: _____

Joshua Bordin-Wosk
Justin F. Spearman
Erick Diaz
Attorneys for Defendants,
CITY OF IRVINE, TRINITY PHAM,
and WILLIAM GO

7

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 6100 Center Drive, Suite 1100, Los Angeles, California 90045.

On February 3, 2026, I served the within document(s) described as:

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF IRVINE'S, TRINITY PHAM'S, AND WILLIAM GO'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

on the interested parties in this action as stated on the attached mailing list.

☐ (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☒ (BY ELECTRONIC MAIL/ECF) I caused such document to be electronically transmitted via United States District Court, Central District of California, which is then printed and maintained with the original documents in our office.

☐ (BY ELECTRONIC MAIL) I caused such document(s) to be Served to all Party/Parties through electronic means at the electronic addresses as set forth on the attached service list. Upon completion of transmission of said document(s), I did not receive an "undeliverable" receipt.

Executed on February 3, 2026, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____         _____
        Erin M. Woodard

1

**Jeffrey Gu v. City of Irvine, et al.**
**Case No. 8:25-cv-02134-VBF-DSR**

CLIENT:   CITY OF IRVINE
FILE NO.:   3901.189

**SERVICE LIST**

| | |
|---|---|
| Jeffrey Gu<br>Pro Se<br>2332 N. Clay St., Apt. 3<br>Denver, CO 80211<br><br>Tel: 702) 593-1548<br>Fax: (   )<br>Email: jeffwgu@gmail.com<br><br>*Pro Se* | Ira G. Rivin<br>RUTAN AND TUCKER LLP<br>18575 Jamboree Road, 9th Floor<br>Irvine, CA 92612<br><br>Tel.: (714) 641-5100<br>Fax.: (714) 546-9035<br>Email: irivin@rutan.com<br><br>*Attorneys for Defendant,*<br>*JESSICA SANDERS, JEFFREY MELCHING* |
| Ira David Lebovic<br>Melanie Suzanne Woodfin<br>PLANTE HUGUENIN LEBOVIC KAHN LLP<br>18100 Von Karman Ave., Suite 700<br>Irvine, CA 92612<br><br>Tel: (949) 271-8700<br>Fax: (   )<br>Email: ilebovic@phlklaw.com<br><br>*Lead Attorneys for Defendant,*<br>*THE NEW HOME COMPANY, INC., THE NEW HOME COMPANY SOUTHERN CALIFORNIA, LLC, TNHC REALTY AND CONSTRUCTION, INC.* | Brian C. Plante<br>GREEN AND HALL<br>1851 E. First Street, 10th Floor<br>Santa Ana, CA 92705<br><br><br><br>Tel: (714) 918-7000<br>Fax: (714) 918-6996<br>Email: bplante@phlklaw.com<br><br>*Attorneys for Defendant,*<br>*THE NEW HOME COMPANY, INC., THE NEW HOME COMPANY SOUTHERN CALIFORNIA, LLC, TNHC REALTY AND CONSTRUCTION, INC.* |

2

| Sean M. Kneafsey<br>KNEAFSEY FIRM, INC.<br>707 Wilshire Blvd., Suite 3700<br>Los Angeles, CA 90017<br><br>Tel: (213) 892-1200<br>Fax: (213) 892-1208<br>Email: skneafsey@kneafseyfirm.com<br><br><br>*Lead Attorney for Defendant,*<br>*BERT L. HOWE AND ASSOCIATES, INC.* | Jeremy D. Pasternak<br>Margaret Patricia Crowley<br>LAW OFFICES OF JEREMY PASTERNAK<br>100 Bush Street, Suite 1580<br>San Francisco, CA 94104<br><br>Tel: (415) 693-0300<br>Fax: (415) 693-0393<br>Email: jdp@pasternaklaw.com<br>mc@pasternaklaw.com<br><br>*Attorneys for Defendant,*<br>*BERT L. HOWE AND ASSOCIATES, INC.* |
| Henry M. Baskerville<br>FOX ROTHSCHILD LLP<br>1225 17th St., Suite 2200<br>Denver, CO 80202<br><br>Tel: (303) 292-1200<br>Fax: (303) 292-1300<br>Email: hbaskervill@foxrothschild.com<br><br>*Pro Hac Vice Attorney for Defendant,*<br>*TOLL BROTHERS, INC., TB PROPRIETARY*<br>*CORP., and TOLL SOUTHWEST LLC* | Jeff H. Grant<br>FOX ROTHSCHILD LLP<br>10250 Constellation Blvd., Suite 900<br>Los Angeles, CA 90067<br><br>Tel: (310) 598-4150<br>Fax: (310) 556-9828<br>Email: jgrant@foxrothschild.com<br><br>*Attorney for Defendant,*<br>*TOLL BROTHERS, INC., TB PROPRIETARY*<br>*CORP., and TOLL SOUTHWEST LLC* |