UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-2134 VBF (DSR)                        Date: April 28, 2026

Title      Jeffrey Gu v. City of Irvine, et al.

Present:  The Honorable:   Daniel S. Roberts, United States Magistrate Judge

|  L. Krivitsky  |  n/a  |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
| :---: | :---: |
| None present | None present |

**Proceedings:**        **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO ENTER DEFAULT OF CITY DEFENDANTS (DOC. NO. 116)**

　　Before the Court is Plaintiff's motion to enter the defaults of Defendants City of Irvine, Irvine Police Department, William Go, and Trinity Pham (collectively, the "City Defendants").  For the reasons discussed below, the motion it DENIED.

　　By Order signed and file-dated April 17, 2026 (but not entered until April 20, 2026), Judge Fairbank accepted the Magistrate Judge's Report and Recommendation to grant the Motion by the City Defendants to set aside the default previously entered against them and to deny Plaintiff's Motion to enter default judgment against those Defendants.  See Doc. No. 115.  Pursuant to that Order, the City Defendants were directed to "file the Answer lodged with that Motion [to set aside default] within seven days of the date" of that Order.  Id.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-2134 VBF (DSR)                    Date: April 28, 2026

Title     Jeffrey Gu v. City of Irvine, et al.

As noted above, while that Order was signed on Friday, April 17, 2026, it was not entered on the Court's docket – and therefore served on the parties – until the following Monday, April 20, 2026.  See Notice of Electronic Filing for Doc. No. 115.  Nevertheless, taking the position the seven days to file the Answer ran from the date the Order was signed and not the date that it was entered and served, and therefore expired on Friday, April 24th, Plaintiff filed this second Motion for Entry of Default against the City Defendants at 9:00 a.m. on Monday morning, April 27, 2026.  See Notice of Electronic Filing for Doc. No. 116.

Later that day (April 27th), the City Defendants filed their Answer to Plaintiff's First Amended Complaint.  See Doc. No. 118.  That Answer appears to be substantively identical to the proposed Answer the City Defendants attached to their Motion to Set Aside their earlier default.  See Doc. No. 100-4.

Plaintiff (again) seeks entry of default against the City Defendants under Federal Rule of Civil Procedure 55(a).  See Mot. (Doc. No. 116) at p. 1.  Pursuant to that rule, "entry of default is appropriate when 'a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend.'" Witkowsky v. Home Depot U.S.A., Inc., No. CV09-06486 ODW (AGRx), 2009 WL 10673595, at *2 (C.D. Cal. Dec. 30, 2009) (quoting Fed. R. Civ. P. 55(a)). "However, a responsive pleading evincing 'a clear purpose to defend the suit,' even if late, will prevent entry of default."  Id. (citing Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 689 (9th Cir. 1988)); accord Ashby v. McKenna, 331 F.3d 1148, 1152 (10th Cir. 2003) (no default could be entered while a motion to dismiss was pending); Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1317 (11th Cir. 2002) (a court may properly deny a request for entry of default when a response to the complaint has been filed shortly after the deadline and the plaintiff has not shown prejudice from the delay).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-2134 VBF (DSR)                              Date: April 28, 2026

Title        Jeffrey Gu v. City of Irvine, et al.

Here, the City Defendants have filed their Answer to the First Amended Complaint, albeit hours after Plaintiff filed the instant Motion and – arguably – a day late.  Under the authorities cited above, that Answer is sufficient to prevent the entry of default.  Indeed, it is more than clear that the City Defendants intend to defend this suit, having already sought (successfully) to set aside Plaintiff's first entry of default against them and attaching to that Motion their Answer to the operative First Amended Complaint.  Plaintiff can claim no prejudice in any delay in formally filing that Answer seven days from the entry of the Order permitting its filing, rather than the signing of that Order, because the Answer is substantively identical to the Answer previously lodged and which Plaintiff has therefore had since January of this year.  The only conceivable prejudice to Plaintiff is the loss of a windfall victory by default.  Plaintiff's Motion for Entry of default against the City Defendants (Doc. No. 116) is therefore **DENIED.**

Furthermore, the Court notes that this is the latest in a string of actions by Plaintiff to seek entry of default against Defendants shortly – sometimes minutes – after he contends their responsive pleading became past-due, notwithstanding Plaintiff's knowledge of those respective Defendants' intent to defend the case, and knowledge of the identity of their counsel.  See, e.g. Doc. No. 43-43 (Motions for Entry of Default against Defendants Jessica Sanders and Jeffrey Melching, filed at 10:39 and 10:41 a.m. on November 7, 2025, respectively – eleven and thirteen minutes after entry of the Court's order at 10:28 that morning striking those Defendants' earlier-filed Motion to Dismiss for failure to include a hearing date); Doc. Nos. 44-45 (Motions for Entry of Default against Defendants Toll Southwest LLC and Toll Brothers Inc. filed at 11:06 and 11:08 a.m. on November 7, 2025, respectively – 38 and 40 minutes after entry of the Court's order striking those Defendants' earlier-filed Motion to Strike similarly for failure to include a hearing date).  In all of those default requests (Sanders, Melching, Toll Southwest, and Toll Brothers Inc.), and in the instant second request to enter the default of the City

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-2134 VBF (DSR)                    Date: April 28, 2026

Title      Jeffrey Gu v. City of Irvine, et al.

Defendants, the respective Defendants had already filed motions with the Court. Plaintiff therefore knew, before filing his requests for default, not only that each of those Defendants intended to defend this suit, but also the identity of their counsel. Nevertheless, Plaintiff proceeded to seek the entry of their default at the first possible moment, obviously without notifying Defendants' respective counsel.

This Court has adopted Civility and Professionalism Guidelines, available on its website at https://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines.  Among those guidelines is a commitment that counsel "will not cause any default or dismissal to be entered without first notifying opposing counsel, when we know his or her identity."  Though Plaintiff is self-represented, the Court expects all parties – attorneys and pro se litigants – to comply with the Civility and Professionalism Guidelines.  See Macy v. California Highway Patrol Running Springs, No. 5:23-CV-02245-RGK (BFM), 2024 WL 5275546, at *1 (C.D. Cal. Nov. 5, 2024) (reminding parties that rules and procedures, including the Court's Professionalism and Civility Guidelines, apply equally to pro se litigants and attorneys); Ho v. City of Long Beach, Pub. Works, No. 2:19-cv-9430 DOC (KES), 2021 WL 6104406, at *3 (C.D. Cal. Oct. 19, 2021); Gonzales v. City of Los Angeles, No. 2:20-cv-03519 JGB (MAA), 2022 WL 3573915, at *1 n. 1 (C.D. Cal. July 12, 2022).

IT IS SO ORDERED.

|  | : |
|---|---|
| **Initials of Preparer** | LK |