**Jeffrey Gu**

**jeffwgu@gmail.com**

**2332 N Clay St Apt 3**

**Denver, CO 80211**

**1-720-593-1548**

**Plaintiff Pro Se**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Jeffrey Gu,** | **\| Case No.: 8:25-cv-02134-VBF-DSR** |
| **Plaintiff,** | **\| NOTICE OF MOTION** |
| **vs.** | **\|** |
| **City of Irvine et al,** | **\|** |
| **Defendants.** | **\|** |
| **_____** | **\|** |

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND**

**AMENDED COMPLAINT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 2, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Daniel S. Roberts in U.S. Courthouse, 350 West First Street, Los Angeles, California 90012, Plaintiff Jeffrey

1

Gu will move the Court for an order for Leave of Court in order to file a Second Amended Complaint (SAC).

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Jeffrey Gu, conferral exhibits, proposed SAC, redline version of the SAC, additional SAC exhibits, the pleadings and records on file in this action, and any matter the Court may properly consider.

## LOCAL RULE 7-3 CERTIFICATION

Pursuant to Local Rule 7-3, Plaintiff Jeffrey Gu hereby certifies that he has in good faith conferred or attempted to confer with counsel for all Defendants to discuss the substance of this Motion and to reach a potential stipulation regarding the filing of the SAC. Plaintiff provided a copy of the SAC and a redline version via email.

Counsel for Toll Brothers, Inc., TB Proprietary Corp., and Toll Southwest LLC (Toll Brothers Defendants); for Bert L Howe and Associates, Inc.; for City of Irvine, Irvine Police Department, William Go, and Trinity Pham (City Defendants); and for Risewell Homes Inc., The New Home Company Southern California LLC, and TNHC Realty and Construction Inc. (Risewell Defendants) all indicated their opposition to this motion on April 28, 29, and 30, 2026.

Counsel for Jeffrey Melching and Jessica Sanders stated that a conferral/stipulation was not necessary, as service on them had previously been quashed.

The parties were unable to reach a unanimous resolution, thus necessitating the filing of the present Motion.

_____    May 5, 2026

Jeffrey Gu, Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE THE SECOND AMENDED COMPLAINT

## TABLE OF CONTENTS

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THE SECOND AMENDED COMPLAINT**................................................................. 1

     LOCAL RULE 7-3 CERTIFICATION...........................................................2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE THE SECOND AMENDED COMPLAINT** 3

    TABLE OF CONTENTS...................................................................3

    TABLE OF AUTHORITIES............................................................ 4

Cases...........................................................................................................4

Rules...........................................................................................................5

I. INTRODUCTION......................................................................................5

II. FACTUAL BACKGROUND......................................................................6

  A. Procedural Posture of the Parties......................................................6

  B. Receipt of New Factual Information....................................................6

  C. Developments in Parallel Litigation.................................................. 7

III. LEGAL STANDARD...............................................................................7

IV. ARGUMENT..........................................................................................10

  A. The Absence of Undue Delay or Bad Faith.......................................10

  B. Lack of Prejudice to Defendants.......................................................10

  C. The Amendment is Not Futile............................................................11

  D. Justice Requires Testing the Claims on the Merits................................ 12

IV. CONCLUSION.......................................................................................13

**CERTIFICATE OF COMPLIANCE............................................................14**

## **TABLE OF AUTHORITIES**

### **Cases**

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) ............. 8-9

*Foman v. Davis*, 371 U.S. 178 (1962) ......................................................... 8, 10, 13

*Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973) ................................... 9, 11

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) ................................................. 8, 12

*Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir. 1990) ...... 9-10

*United States v. Webb*, 655 F.2d 977 (9th Cir. 1981)  ........................................ 9-10

**Rules**

Fed. R. Civ. P. 15(a)(2) ................................................................................. 5, 7

C.D. Cal. L.R. 7-1 ............................................................................................ 5

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 7-1, Plaintiff respectfully moves this Court for leave to file the SAC. This Motion is necessitated by significant factual and procedural developments that have occurred since the filing of the First Amended Complaint (FAC) in October 2025. Specifically, the proposed SAC incorporates newly discovered evidence, including a police report, a March 2026 cease-and-desist letter, and sworn admissions made by several Defendants in parallel federal litigation in January 2026.

Furthermore, this Motion is timely as the litigation has only recently reached a stable procedural posture; the final Defendants in this matter did not file their responsive pleading until April 27, 2026. In accordance with the Ninth Circuit's

policy of "extreme liberality" toward amendments and the Supreme Court's mandate that leave be "freely given," Plaintiff seeks to ensure that this action is adjudicated on a complete and accurate factual record. As there is no evidence of undue delay, bad faith, or substantial prejudice to the Defendants, justice requires that Plaintiff be afforded the opportunity to test these claims on their merits.

## II. FACTUAL BACKGROUND

The Plaintiff filed the operative FAC on October 8, 2025. (ECF No. 11). Subsequent to that filing, the following procedural and factual developments occurred.

### A. Procedural Posture of the Parties

The various Defendants in this matter appeared and filed responsive pleadings on differing timelines. Most recently, on April 27, 2026, the City Defendants filed their Answer to the FAC. (ECF No. 118) This followed the resolution of several motions regarding the entry and setting aside of defaults.

### B. Receipt of New Factual Information

Since the filing of the FAC, Plaintiff has come into possession of additional documentation relevant to the claims asserted. On October 27, 2025, Plaintiff

obtained a police report from the City of Irvine Police Department. Additionally, on March 12, 2026, Risewell Defendants issued a cease-and-desist letter to the Plaintiff.

**C. Developments in Parallel Litigation**

On January 26, 2026, a Motion for Default Judgment was filed by Toll Brothers Defendants in a parallel federal action. *See Toll Brothers Inc. et al v. Gu et al.*, No. 1:25-cv-02884, ECF No. 179 (D. Colo. Sept. 12, 2025). That motion contains factual assertions and valuation figures regarding the underlying dispute that were not part of the record at the time the Plaintiff's FAC was filed in this District.

Plaintiff now seeks to incorporate these chronological developments and newly available records into a SAC to ensure the litigation proceeds on a complete and accurate factual record.

**III. LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) provides that, after the initial period for amendment as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Rule mandates that the Court "should freely give leave when justice so requires." The Supreme Court has

held that this standard is a "mandate... to be heeded," ensuring that if the underlying facts may be a proper subject of relief, a plaintiff "ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Ninth Circuit has consistently reaffirmed that Rule 15's policy is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Under this standard, there is a strong presumption in favor of granting leave to amend. Indeed, a district court must grant leave to amend even if no request was made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

In determining whether to grant leave, courts consider the *Foman* factors: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Foman*, 371 U.S. at 182. However, these factors are not of equal weight; the Ninth Circuit identifies "undue prejudice" as the most critical factor and the "touchstone of the inquiry under Rule 15(a)." *Eminence Capital*, 316 F.3d at 1052. The burden of showing such prejudice rests squarely on the party

opposing the amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

Regarding the timing of the motion, the Ninth Circuit has made clear that "delay alone—no matter how lengthy—is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Leave should be granted even if there is a delay of several years, provided there is no demonstrable bad faith or substantial prejudice to the defendants. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The mere fact that a party could have moved at an earlier time to amend does not, by itself, constitute an adequate basis for denying leave. *Howey*, 481 F.2d at 1191.

Ultimately, "only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading." *Webb*, 655 F.2d at 980. Absent a strong showing of these factors by the non-moving party, the "extreme liberality" of Rule 15(a) requires that the Court grant the motion so that the litigation may proceed on its merits. *Eminence Capital*, 316 F.3d at 1052.

# IV. ARGUMENT

Applying the *Foman* factors and the Ninth Circuit's "extreme liberality" standard, leave to amend is warranted. Plaintiff seeks this amendment not for delay, but to ensure the operative complaint reflects a factual record that has evolved significantly since October 2025.

## A. The Absence of Undue Delay or Bad Faith

There has been no undue delay in seeking this leave. While some facts, such as the October 2025 police report, were known shortly after filing the FAC, the full evidentiary picture did not mature until very recently. Additionally, the critical jurisdictional and valuation admissions made by the Toll Brothers Defendants in the Colorado action did not occur until late January 2026. Furthermore, Plaintiff exercised diligence by waiting for the resolution of various motions to set aside default in this action to ensure the litigation reached a stable procedural posture. As the Ninth Circuit established in *Webb* and *Morongo Band*, even a lengthier delay than the one present here is insufficient to deny leave, particularly where the amendment is necessitated by newly available evidence and the ongoing conduct of the parties.

## B. Lack of Prejudice to Defendants

Prejudice is the touchstone of the Rule 15 inquiry, and here, none exists. This litigation is still in the pleading stage; the final responsive pleading was filed only a few days ago on April 27, 2026. No trial date has been set and discovery has not been completed. Granting leave at this juncture does not force Defendants to scramble for new evidence or alter a long-standing trial strategy. While certain Defendants have expressed a preference to proceed on their existing motions to dismiss or strike, the Ninth Circuit is clear that the mere inconvenience of additional litigation or the need to respond to a new pleading does not constitute the "substantial prejudice" required to overcome the presumption of amendability. *See Howey*, 481 F.2d at 1190-91.

**C. The Amendment is Not Futile**

The proposed SAC is not futile because it addresses the core requirements of the California Bane Act and related civil rights claims by incorporating specific, documented patterns of conduct. The inclusion of the October 2025 City of Irvine Police Department report provides an objective, contemporaneous record of the events in question, bolstering previous allegations with more documented facts. Furthermore, the joinder of the new City Defendants—individuals directly

involved in the conduct at issue—is essential for a complete adjudication of the merits and to ensure all responsible parties are before the Court.

Additionally, the inclusion of the Toll Brothers Defendants' own sworn admissions from parallel litigation regarding the valuation of their claims directly supports Plaintiff's allegations of procedural coercion and bad-faith litigation. These admissions provide the factual bridge necessary to demonstrate a pattern of conduct that interferes with Plaintiff's rights by "threat, intimidation, or coercion." Under the *Lopez* standard, leave must be granted unless it is "absolutely clear" that no set of facts could cure the complaint; here, the proposed SAC provides those very facts. *See Lopez*, 203 F.3d at 1127.

**D. Justice Requires Testing the Claims on the Merits**

Ultimately, the Ninth Circuit favors the resolution of cases on their merits rather than on technicalities of timing. Allowing the SAC ensures that this Court adjudicates the dispute based on the most accurate and comprehensive set of facts available. Denying leave would force the parties to litigate based on an obsolete record that ignores significant subsequent events. In the interest of judicial economy and fairness, the Court should follow the mandate of *Foman* and freely grant the requested leave.

# IV. CONCLUSION

The Ninth Circuit is clear that the touchstone of Rule 15 is prejudice, and the Defendants cannot meet their burden of showing that an amendment at this early stage of litigation would cause any substantial harm. Conversely, denying leave would force this Court to adjudicate the controversy based on an incomplete record that ignores critical, newly ripened facts regarding the Defendants' conduct.

Because the proposed SAC is not futile and is brought in good faith to reflect the current state of the parties' dispute, Plaintiff respectfully requests that the Court grant this Motion for Leave of Court. Following the granting of this Motion, Plaintiff will promptly file and serve the SAC to ensure this matter proceeds toward a resolution on its actual merits.

Respectfully submitted,

_____    May 5, 2026

Jeffrey Gu, Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548

## CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Jeffrey Gu, certifies that this memorandum contains

1,607 words, which complies with the word limit of L.R. 11-6.1.

 May 5, 2026

Jeffrey Gu, Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548