PLANTE HUGUENIN LEBOVIC KAHN LLP
BRIAN C. PLANTE, State Bar No. 175585
  *bplante@phlklaw.com*
MELANIE S. WOODFIN, State Bar No. 245616
  *mwoodfin@phlklaw.com*
RAE RICHARDSON, State Bar No. 183932
  *rrichardson@phlklaw.com*
18100 Von Karman Ave., Suite 700
Irvine, California 92612
Telephone: (949) 271-8700
Facsimile: (949) 627-2611

Attorneys for Risewell Homes Inc.; The
New Home Company Southern California
LLC; and TNHC Realty and Construction
Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GU,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF IRVINE, et al.,<br><br>    Defendants. | CASE NO. 8:25-cv-02134-VBF-DSR<br><br>JUDGE:    Valerie Baker Fairbank<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT BY DEFENDANTS RISEWELL HOMES INC.; THE NEW HOME COMPANY SOUTHERN CALIFORNIA LLC; and TNHC REALTY AND CONSTRUCTION INC.**<br><br>JUDGE:    Hon. Daniel S. Roberts<br>DATE:    June 2, 2026<br>TIME:    10:00 am<br>CRTRM.:    690 |

/ / /

/ / /

/ / /

/ / /

/ / /

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................ 3

II.     PROCEDURAL HISTORY ........................................................................................ 4

III.    FACTUAL BACKGROUND ...................................................................................... 5

IV.     STANDARD OF REVIEW ........................................................................................ 7

V.      LEGAL ARGUMENT ................................................................................................ 7

      A.      Allowing Leave to Amend Would Creates Undue Delay And Will Result in Undue Prejudice to TNHC ............................................. 7

      B.      Plaintiff Is Seeking Leave To Amend In Bad Faith............................. 10

      C.      Amendment Would be Futile................................................................ 12

VI.     CONCLUSION ......................................................................................................... 14

PH PLANTE HUGUENIN
LK LEBOVIC KAHN LLP

OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Animal Protection & Rescue League, Inc. v. County of Riverside*,
111 Cal. App. 5th 914, 920 (2025)...............................................................12

*In re Circuit Breaker Litig.,*
175 F.R.D. 547, 550 (1997).....................................................................7, 12

*Moore v. Rodriguez,*
2021 U.S. Dist. LEXIS 103725, *15...............................................................9

*Polk v. Yee,*
481 F. Supp. 3d 1060, 1065 (2020)..................................................................7

*Saul v. United States*,
928 F.2d 829, 843 (9th Cir. 1991).................................................................12

*Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) ...................12

*Today's IV v. Los Angeles County Metropolitan Transportation Authority*, 83
Cal. App. 5th 1137, 1175 (2022).....................................................................6


**STATUTES**

Civil Code section 47(b).......................................................................................9

Code Civil Procedure § 425.16(g)........................................................................8


**FEDERAL STATUTES**

Fed. R. Civ. Pro, Rule 15(a)(2).............................................................................7

PLANTE HUGUENIN
LEBOVIC KAHN LLP

OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT

Defendants Risewell Homes Inc. ("Risewell"), The New Home Company Southern California LLC ("New Home"), and TNHC Realty and Construction Inc. ("TNHC Realty") (collectively, "TNHC") hereby oppose Plaintiff's Motion for Leave to File a Second Amended Complaint ("SAC") as follows.

## I.    INTRODUCTION

Plaintiff's proposed Second Amended Complaint ("SAC") is prejudicial to TNHC, causes undue delay, does not cure the deficiencies in the First Amended Complaint ("FAC"), and is sought in bad faith.  It does not cure the deficiencies raised in TNHC's Motion to Strike Pursuant to California's anti-SLAPP statute, or in the Alternative Dismiss, Plaintiff's First Amended Complaint ("FAC") filed on November 20, 2025 (Doc. No. 64) ("Motion to Strike/Dismiss"), nor does it impact TNHC's Motion to Compel Arbitration, Filed in the Alternative on November 20, 2025 (Doc. No. 66) ("Motion to Compel") (collectively, "Motions"), which has been fully briefed since January 6, 2026.  It does not introduce materially new facts which would support a viable claim under the Bane Act, and instead reflects a tactical attempt to delay resolution of the fully briefed Motions and allow Plaintiff a second chance to introduce new arguments in opposition to the Motions after the Court denied Plaintiff's request to file additional briefing.

Not only will the proposed SAC result in prejudice and undue delay, but it is also futile as it does not cure the deficiencies raised in the Motions.  The SAC is deficient for the same reasons that the FAC is deficient; namely, cease and desist letters are protected speech and do not constitute violations of the Bane Act.

Allowing amendment under these circumstances amounts to an attempted end-run around the Court's prior ruling denying Plaintiff's request for additional briefing on the Motions, and would result in undue prejudice to TNHC, reward dilatory conduct and gamesmanship, and require re-briefing of issues already fully briefed.  Because Plaintiff's proposed amendment as against TNHC is futile and prejudicial, TNHC respectfully requests that the Court deny leave to amend.

## II.   <u>**PROCEDURAL HISTORY**</u>

TNHC filed the Motions on November 20, 2025 (Doc. Nos. 64 and 66). Plaintiff filed his Opposition to TNHC's Motion to Strike/Dismiss on November 24, 2025 (Doc. No. 67), and he filed his Opposition to TNHC's Motion to Compel on November 25, 2025 (Doc. No. 69).  TNHC filed its Replies to the Motions on January 6, 2026.  (Doc. Nos. 89 and 90).  The next day, on January 7, 2026, Plaintiff filed a Motion for Leave to File a Supplemental Brief in Support of Opposition to TNHC's Motion to Compel Arbitration claiming that TNHC raised new issues in its Reply to justify Plaintiff's attempt to identify new legal arguments to challenge the contract containing the arbitration provision.[1]  (Doc. No. 92.)  On November 12, 2025, this Court denied Plaintiff's request to file a sur-reply on the basis that Plaintiff did not demonstrate good cause for why he did not raise these legal arguments sooner and that it would be prejudicial to TNHC.  (Doc. No. 94.)

TNHC' s Motions were set for hearing on January 20, 2026.  On January 15, 2026, this Court vacated the hearing and took the Motions under submission without oral argument.  (Doc. No. 99.)

On May 5, 2026, Plaintiff filed his Motion for Leave to File the SAC.  (Doc. No. 120.)  The same day, this Court issued an Order Vacating Submission of Various Motions Challenging First Amended Complaint In Light of Plaintiff's Motion for Leave to File Second Amended Complaint, vacating the submission of the Motions pending the outcome of Plaintiff's Motion for Leave to Amend.  (Doc. No. 121.)

---

[1]The legal argument Plaintiff sought leave to assert related to the alleged illegality and unenforceability of the underlying purchase agreement based on Business & Professions Code sections 7026 and 7031.  This is the same legal theory upon which Plaintiff's mother, Di Lin Ge, bases her complaint against Risewell and TNHC filed and currently pending in this Court as Case No. 8:26-cv-00208-VBF (DSRx).  (Doc. No. 109.)

OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT

## III.    FACTUAL BACKGROUND

As this Court is aware, this is just one of three lawsuits involving the Plaintiff and the real property owned by Plaintiff's parents located at 129 Oakstone, Irvine, California (the "Property"). (Doc. No. 109; Doc No. 90-1.) As to this case, Plaintiff Jeffrey Gu's single cause of action against TNHC is for violation of the Bane Act. (Doc. No. 11.) The sole basis for Plaintiff's single cause of action against TNHC – in both the FAC and the proposed SAC – is that TNHC's cease and desist letters requesting that Plaintiff refrain from engaging in harassing conduct and trespassing on TNHC's construction sites amount to a violation of the Bane Act. (Doc. No. 11 [FAC] p. 70, ¶¶ 571-575, Plaintiff's Exhibit ("PE") 133, Doc. No. 11-3, pp. 131-134; Doc. No. 11, p. 71, ¶¶ 596-598; PE 205, Doc. No. 11-6, pp. 24-26; PE 218, Doc. No. 11, p. 80, ¶¶ 684-685; PE 218, Doc. No. 11-6, pp. 167-170; PE 225, Doc. No. 11, p. 82, ¶¶703-704, and p. 104, Doc. No. 11-6, pp. 213-215; Doc. No. 120-4, p. 168, lines 7-9.)

With the exception of sending cease and desist letters to Plaintiff for what TNHC perceives as his harassing and illegal conduct, none of the allegations in Plaintiff's FAC or Plaintiff's proposed SAC relating to the alleged actions of other Defendants in this case have any relationship to TNHC's alleged violations of the Bane Act. While Plaintiff spends a significant amount of time detailing his alleged "new" facts relating to his claims against the City of Irvine, the Irvine Police Department and related individual Defendants Emma Olague, William Go, Kalvin Alvarez and Trinity Pham (none of which filed motions to dismiss/have motions to dismiss pending) (Doc. No. 120-4, p. 113-127, ¶¶ 750-843), Plaintiff spends very little time discussing his "new" facts purportedly relevant to his Bane Act claims against TNHC.

/ / /

/ / /

/ / /

In fact, the <u>only changes</u> that Plaintiff makes to the allegations against TNHC are as follows:

(1) To add a heading of "Building Investigation Retaliation" between the second and third paragraph of Count 5: Violations of the Bane Act (Doc. No. 120-4, p. 165, line 12);

(2) To add a reference to paragraph 868 of his SAC to his string cite of paragraphs at the end of the paragraph referencing the cease and desist letters sent to Plaintiff by TNHC (Doc. No. 120-4, p. 165, line 16);

(3) To add a section about Plaintiff taking pictures of unmarked vehicles at a TNHC construction site and asking TNHC employees who they worked for (Doc. No. 120-4, pp. 127-129, ¶¶ 844-869);

(4) The inclusion of factual allegations relating to a cease and desist letter that was sent to Plaintiff by TNHC on March 12, 2026.  (Doc. 120-4, p. 167, line 14 – p. 168, line 7); and

(5) A conclusory statement that TNHC's cease and desist letters, <u>combined with the actions of others</u> (namely, the City of Irvine, the Irvine Police Department and their employees), "constitutes coercive conduct intended to deter a reasonable person from continuing protected activity."  (Doc. No. 120-4, p. 168, lines 7-9.)  This is a conclusory statement by Plaintiff, not a well pleaded statement of fact.  While material facts properly pleaded in a complaint are treated as true, contentions, deductions, or conclusions of law are not assumed to be true.  (*Today's IV v. Los Angeles County Metropolitan Transportation Authority*, 83 Cal. App. 5th 1137, 1175 (2022).)

Plaintiff's alleged "new" facts relating to and including TNHC's March 12, 2026 cease and desist letter are the same allegations which were previously articulated in the FAC and which form the basis for Plaintiff's cause of action against TNHC (e.g., Plaintiff's contention that cease and desist letters amount to

6

PH PLANTE HUGUENIN
LK LEBOVIC KAHN LLP

violations of the Bane Act).  (Doc. No. 11 at pp. 69-71 ¶¶ 563-591, 596-598; pp.104-106.)  The additional cease and desist letter contains similar language and the same request to refrain from what TNHC perceives as harassing conduct and trespassing.  (*Ibid.*)  Thus, while there is another cease and desist letter, the proposed SAC does not provide new or different support for Plaintiff's cause of action that has not already been articulated in the FAC.  (*Ibid.*)

With respect to TNHC's Motion to Compel (Doc. No. 66), none of the changes in Plaintiff's proposed SAC address or relate to the contract or the alternative dispute resolution issues raised in this Motion, which was filed in the alternative if the Court denies TNHC's Motion to Strike/Dismiss.

## IV.   STANDARD OF REVIEW

While leave to amend shall be freely given when justice so requires, the decision of whether to grant leave to amend remains within the sound discretion of the court and is by no means automatic.  (Fed. R. Civ. Pro, Rule 15(a)(2); *In re Circuit Breaker Litig.,* 175 F.R.D. 547, 550 (1997).)  "[T]he liberality in granting leave to amend is subject to several limitations."  (*Polk v. Yee,* 481 F. Supp. 3d 1060, 1065 (2020).)  Specifically,

> Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay.

(*Ibid.*)

## V.   LEGAL ARGUMENT

### A.   Allowing Leave to Amend Would Creates Undue Delay And Will Result in Undue Prejudice to TNHC

Prejudice to the opposing party "is by far the most important and most common reason for upholding a district court's decision to deny leave to amend."  (*In re Circuit Breaker, supra*, at 551.)  In an effort to demonstrate lack of prejudice

to TNHC, Plaintiff argues that there is no prejudice because the litigation is still in the pleading stage, the final responsive pleading was filed in April 2026, no trial date has been set, and discovery has not been completed.  (Doc. No. 120, p. 11, lines 1-4.)  Despite Plaintiff's claims, and given the procedural posture of this case, allowing Plaintiff leave to amend now is prejudicial to TNHC as it forces TNHC to incur additional litigation costs to relitigate the Motions (which is antithetical to the anti-SLAPP statute which automatically stays all discovery to curb litigation costs while the motion is pending (Code Civil Procedure § 425.16(g)), and allows Plaintiff a second chance to brief fully briefed motions, thereby giving Plaintiff an unfair advantage to reframe or assert new arguments after having the benefit of seeing TNHC's legal arguments in response to Plaintiff's Opposition.  This is especially prejudicial because the Motion to Strike/Dismiss will be based on the same arguments – namely, that the cease and desist letters are protected speech and cannot and do not form the basis for Bane Act liability.  Plaintiff's bad faith conduct to attempt to manufacture a basis on which to amend the FAC by performing the same conduct which forms the basis of the prior cease and desist letters (and which are the sole basis of the cause action against TNHC) should not be condoned.

Here, the allegations in the SAC relating to Plaintiff's claims against the City of Irvine, the Irvine Police Department and the related individual Defendants have no bearing on Plaintiff's Bane Act claims against TNHC.  Plaintiff has not alleged any facts that establish a relationship between TNHC's conduct and the conduct of the other Defendants in this case.  The addition of these new Defendants and the allegations relating to the new Defendants are irrelevant to Plaintiff's claims against TNHC.  Because allowing this amendment will not only delay the disposition of the Motions, but will also force TNHC to incur additional litigation costs to re-brief the Motions, leave to amend should be denied at this juncture.  Plaintiff can seek leave to add Defendants after the Court rules on the Motions.

/ / /

OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT

Further, the addition of facts relating to a fifth cease and desist letter from TNHC to Plaintiff (containing the same language as the prior cease and desist letters which are the sole basis for Plaintiff's claim against TNHC) does not create a cause of action under the Bane Act any more than TNHC'S prior cease and desist letters referenced in Plaintiff's FAC create such a cause of action. The only allegations against TNHC in support of Plaintiff's claims under the Bane Act relate solely to Plaintiff's conduct and TNHC's cease and desist letters in response to that conduct. (Doc. No. 11 [FAC] p. 70, ¶¶ 571-575; PE 133, Doc. No. 11-3, pp. 131-134; Doc. No. 11, p. 71, ¶¶ 596-598; PE 205, Doc. No. 11-6, pp. 24-26; PE 218, Doc. No. 11, p. 80, ¶¶ 684-685, PE 218, Doc. No. 11-6, pp. 167-170; PE 225, Doc. No. 11, p. 82, ¶¶ 703-704, and p. 104, Doc. No. 11-6, pp. 213-215; Doc. No. 120-4, p. 168, lines 7-9.)

As set forth in TNHC's Motion to Strike/Dismiss (Doc. No. 64), TNHC's cease and desist letters were served in connection with pre-litigation proceedings under Title 7 and/or were served as a legal prerequisite to obtaining an injunction or restraining order, and therefore are protected under California's Anti-SLAPP statute, and none of the exemptions to the Anti-SLAPP statute apply. (*Moore v. Rodriguez*, 2021 U.S. Dist. LEXIS 103725, *15.) Likewise, the fifth cease and desist letter was served during litigation and is therefore protected under the anti-SLAPP statute and is subject to the litigation privilege under Civil Code section 47(b). The fifth cease and desist letter contains the same language and is in response to the same conduct by Plaintiff at issue in the prior cease and desist letters. For the same reasons articulated in TNHC's Motion to Strike/Dismiss, the fifth cease and desist letter is protected under the anti-SLAPP statute as it was served in connection with litigation and, even if it is not protected speech (it is), a cease and desist letter is not a sufficient basis for Bane Act liability.

In a misguided attempt to make it appear that TNHC's March 12, 2026 cease and desist letter should be considered differently than TNHC's prior cease and desist

OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT

letters, Plaintiff alleges that TNHC's March 12, 2026 cease and desist letter "escalated from implicit deterrence to explicit threats of state action" and involved "threats of police intervention and formal legal warnings." (Doc. No. 120-4, p. 167, lines 17-18.) This contention is baseless and wholly unsupported by the facts – and Plaintiff's own exhibits (e.g., TNHC's cease and desist letters). (PE 133, Doc. No. 11-3, pp. 131-134, PE 205, Doc. No. 11-6, pp. 24-26, PE 218, Doc. No. 11-6, pp. 167-170 and PE 225, Doc. No. 11-6, pp. 213-215.)

All of TNHC's cease and desist letters to Plaintiff are written the same way and contain the same or similar language. (PE 133, Doc. No. 11-3, pp. 131-134, PE 205, Doc. No. 11-6, pp. 24-26, PE 218, Doc. No. 11-6, pp. 167-170 and PE 225, Doc. No. 11-6, pp. 213-215.) TNHC describes the behavior it considers harassing, demands that Plaintiff "immediately cease and desist all harassing activities" and states that "TNHC reserves the right to pursue all appropriate corrective actions, including injunctive relief, restraining orders, and both civil and criminal penalties." (*Ibid.*) There is no new or different language in TNHC's March 12, 2026 cease and desist letter which would support a different analysis or support Plaintiff's baseless position.

### B.   Plaintiff Is Seeking Leave To Amend In Bad Faith

By amending his Complaint and forcing TNHC to refile its Motions, Plaintiff is attempting to provide himself with an opportunity to rewrite his oppositions to TNHC'S Motions which will undoubtedly include new legal arguments that Plaintiff has formulated based on studying TNHC's Motions and the filings of other parties. As noted above, Plaintiff previously requested an opportunity to submit a sur-reply to TNHC's Motion to Compel to assert new legal arguments. This Court denied Plaintiff's motion to file a sur-reply, finding that Plaintiff failed to demonstrate good faith as to why he did not raise his new legal arguments sooner. (Doc. No. 94, p. 3, lines 9-21.) The Court also held that allowing Plaintiff to make new legal arguments at that stage in the briefing process was substantially prejudicial to

OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT

TNHC. (Doc. No. 94, p. 4, lines2-4.) The same is true now. If Plaintiff is allowed to file his proposed SAC, Plaintiff will have the opportunity to raise the new legal arguments in response to TNHC's Motions that he failed to timely raise before. This clearly results in undue prejudice to TNHC.

Plaintiff admits that the July 2025 police report was available weeks after the FAC was filed and could have been included earlier. (Doc. No. 120, pg. 10, lines 7-9.)[2] Plaintiff offers no compelling explanation for waiting over six months to seek amendment based on a document that was previously available other than to say that "the full evidentiary picture did not mature until very recently." (*Ibid.*) This is not a proper basis for leave to amend.

Plaintiff's reliance on statements made by the parties in pleadings in other litigation does not justify allowing amendment in this case. (Doc. No. 120, p. 7, lines 4-12.) Not only do these allegations fail to support any of the pending causes of action, but they are also irrelevant to this case. Defendants "Toll Brothers" and "BHA's" "litigation conduct" in other cases has no bearing on the causes of action pending in this case as against TNHC, Toll Brothers, or BHA; namely, violation of the Bane Act.

Plaintiff's proposed SAC is merely a tactical delay by Plaintiff to incorporate adverse-party statements after briefing in other related cases while at the same time successfully delaying the rulings on TNHC's Motions (which have been fully briefed) and giving Plaintiff a second chance to oppose the Motions after the Court expressly denied his request to file a Sur-Reply. This suggests strategic maneuvering on Plaintiff's part, not diligence or good faith.

As Plaintiff manufactured this new basis by performing the same harassing conduct at issue in TNHC's prior cease and desist letters (knowing that the same conduct would result in the same request to cease that conduct), allowing

---

[2] Plaintiff refers to the July 2025 police report as the "October 2025" police report.

OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT

amendment would embolden Plaintiff to continue this behavior and continue to delay resolution while forcing TNHC to incur unnecessary legal costs.

### C.    Amendment Would be Futile

Requiring TNHC to prepare new motions responding to the same facts and the same legal arguments is not only a waste of time and money, but it is also an exercise in futility.  TNHC has expended substantial time and resources responding to the FAC and allowing another amendment would only cause further delay and expense.

Leave to amend may be denied if the proposed amendment is futile or would be the subject of dismissal.  (*In re Circuit Breaker Litig., supra,* at 551, citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991); *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (citation omitted) [stating that the court need not extend the general rule that parties are allowed to amend their pleadings if amendment "would be an exercise in futility."].)

To state a cause of action under the Bane Act, a plaintiff must demonstrate (1) intentional interference or attempted interference with a constitutional or legal right, and (2) that the interference was accomplished through threats, intimidation, or coercion.  (*Animal Protection & Rescue League, Inc. v. County of Riverside*, 111 Cal. App. 5th 914, 920 (2025).)  If a proposed amendment fails to adequately plead these elements, it may be denied as futile.

In comparing Plaintiff's FAC and Plaintiff's SAC, it is clear that Plaintiff has presented no new evidence which would support his conclusory statements of alleged constitutional violations or coercive conduct or to even come close to establishing a claim under the Bane Act.  The addition of one more cease and desist letter containing the same language as the previous cease and desist letters, will not save Plaintiff's claims against TNHC from being dismissed.

As set forth in TNHC's Motion to Strike/Dismiss (Doc. No. 64), TNHC's cease and desist letters constitute an act in furtherance of the right of petition or free

speech and were made in good faith and under serious consideration of litigation; namely, TNHC's cease and desist letters were served in connection with a Civil Code section 910 claim and as a legal prerequisite to filing a restraining order to prevent further harassment and trespass.  Plaintiff's claim against TNHC under the Bane Act is therefore prohibited under California's Anti-SLAPP statute and must be dismissed.  (Doc. No. 64, p. 14, lines 8-24.)

Moreover, not only are TNHC's cease and desist letters protected speech under California's Anti-SLAPP statute, but they are also insufficient to establish a claim under the Bane Act.  The Bane Act prohibits threats, intimidation, or coercion designed to prevent a person's exercise or enjoyment of their constitutional or statutory rights.  Neither the July 30, 2025 police report (which was allegedly provided to Plaintiff **seven months ago** and which does not involve TNHC and does not relate to any claims against TNHC) nor TNHC's March 12, 2026 cease and desist letter create a finding of wrongdoing by TNHC nor do they establish constitutional violations, or demonstrate threats of violence, intimidation or coercion under the Bane Act.  As such, they cannot cure the legal deficiencies in Plaintiff's claim against TNHC.  (Proposed Exhibit to SAC, Exhibit 275 [Doc. 120-6 at pp. 1-19].)

Further, Plaintiff's desire to incorporate alleged "sworn admissions" made (several months ago – January 2026) by several Defendants (none of which are TNHC) in a parallel federal litigation into his complaint is not a basis for a motion to amend.  These alleged sworn statements in other cases are not admissions of liability, are not the proper basis for an amendment, and most importantly, do not establish coercion, threats, or constitutional violations against TNHC.  Because there are no facts that Plaintiff can allege to establish his Bane Act claim against TNHC, amendment would be futile.

Simply put, the proposed amendments pertaining to TNHC – (1) unmarked vehicles (Section JJ) and (2) a subsequent cease and desist letter based on Plaintiff

performing the same objectionable and harassing conduct that formed the basis for the prior cease and desist letters – do not cure the FAC's deficiencies, would only lead to further delays and additional litigation costs (which is antithetical to the anti-SLAPP statute), and would be futile.

## VI.    CONCLUSION

Pursuant to the foregoing, as the proposed amendment is both prejudicial and futile, TNHC respectfully requests that the Court deny Plaintiff's Motion for Leave to Amend in its entirety.

Dated:  May 12, 2026                    PLANTE HUGUENIN LEBOVIC KAHN LLP

By: */s/ Melanie S. Woodfin*
   Brian C. Plante
   Melanie S. Woodfin
   Rae Richardson
Attorneys for Risewell Homes Inc.; The New Home Company Southern California LLC; and TNHC Realty and Construction Inc.

OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Risewell Homes Inc., The New Home Company Southern California LLC, and TNHC Realty and Construction Inc., certifies that this brief contains 3,725 words, which:

☒ complies with the word limit of L.R. 11-6.1.


Dated:  May 12, 2026                    PLANTE HUGUENIN LEBOVIC KAHN LLP


By: */s/ Melanie S. Woodfin*
    Brian C. Plane
    Melanie S. Woodfin
    Rae Richardson

Attorneys for Defendants Risewell Homes Inc., The New Home Company Southern California LLC, and TNHC Realty and Construction Inc.

OPPOSITION TO PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT