

Jeff H. Grant (SBN 218974)
    jgrant@foxrothschild.com
**FOX ROTHSCHILD LLP**
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:  310.598.4150
Facsimile:  310.556.9828

Henry M. Baskerville
    hbaskerville@foxrothschild.com
FOX ROTHSCHILD LLP
1225 17th Street, Suite 2200
DENVER, CO 80202
Telephone: 303-209-3357
Facsimile: 303-292-1300

Attorneys for Defendant

Toll Brothers, Inc., TB Proprietary Corp.,
& Toll Southwest LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Jeffrey Gu,

                 Plaintiff,

          v.

CITY OF IRVINE; JESSICA SANDERS; JEFFREY MELCHING; TRINITY PHAM; WILLIAM GO; IRVINE POLICE DEPARTMENT; OFFICERS JANE AND JOHN DOE; THE NEW HOME COMPANY INC.; THE NEW HOME COMPANY SOUTHER CALIFORNIA, LLC; TNHC REALTY AND CONSTRUCTION INC.; BERT L. HOWE & ASSOCIATES, INC.; TOLL BROTHERS, INC.; TB PROPIETARY CORP.; TOLL SOUTHWEST LLC,

                 Defendants.

Case No. 8:25-CV-02134-VBF-MAA

**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT BY DEFENDANTS TOLL BROTHERS, INC.; TB PROPRIETARY CORP.; AND TOLL SOUTHWEST LLC**

1

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................3

II. PROCEDURAL BACKGROUND......................................................................3

III. ARGUMENT ......................................................................................................5

    A. Plaintiff Failed to Comply with Local Rule 7-3's Conferral Requirements ......................................................................................5

    B. The Proposed Amendment Is Both Prejudicial and Futile....................6

    C. Plaintiff Is Seeking Leave to Amend in Bad Faith ...............................8

IV. CONCLUSION....................................................................................................9

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT BY DEFENDANTS TOLL BROTHERS, INC.; TB PROPRIETARY CORP.; AND TOLL SOUTHWEST LLC

185415678.1

## I.   INTRODUCTION

Defendants Toll Brothers, Inc., TB Proprietary Corp., and Toll Southwest LLC (collectively, the "Toll Brothers Defendants") respectfully oppose Plaintiff Jeffrey Gu's Motion for Leave to File a Second Amended Complaint ("SAC"). The Motion should be denied for multiple independent reasons. First, Plaintiff failed to comply with the conferral requirements of Local Rule 7-3, which mandates that the conference occur "in person, by telephone, or via video conference at least 7 days prior to the filing of the motion." Plaintiff conducted his purported conferral exclusively via email, and the version of the SAC he filed with the Court is materially different—approximately ten pages longer—than the version he shared with the Toll Brothers Defendants during that email exchange. Second, the Toll Brothers Defendants have a fully briefed Motion to Dismiss (Doc. No. 47) that has been pending since late 2025, and the proposed amendments do nothing to cure the deficiencies identified in that motion. Third, the amendment is futile because Plaintiff's Bane Act claim against the Toll Brothers Defendants remains predicated on the same theory—that the filing of a lawsuit constitutes "threats, intimidation, or coercion" under California Civil Code § 52.1—which is plainly protected activity under California's Anti-SLAPP statute. Fourth, the internal inconsistencies of the filed SAC, including a garbled Causes of Action section in which claim headers do not match claim bodies, evidence that the document was not prepared with the care and diligence expected of a litigant and instead reflects bad faith gamesmanship designed to waste the Court's and Defendants' time and resources.

## II.   PROCEDURAL BACKGROUND

The Toll Brothers Defendants filed their Motion to Dismiss (Doc. No. 47) on or about November 2025. The motion has been fully briefed and was taken under submission by this Court on January 15, 2026, when the Court vacated the hearing. That motion addresses Plaintiff's Bane Act claim (Count V of the FAC) on the grounds that the Toll Brothers Defendants' filing of a federal lawsuit in Colorado

PROOF OF SERVICE

185415678.1

constitutes protected petitioning activity under California's Anti-SLAPP statute (Cal. Code Civ. Proc. § 425.16) and cannot, as a matter of law, form the basis of Bane Act liability.

On May 5, 2026, Plaintiff filed his Motion for Leave to File the SAC (Dkt. No. 120). That same day, this Court vacated the submission of the Toll Brothers Defendants' Motion to Dismiss (along with other pending motions) pending determination of the Motion for Leave to Amend.

With respect to the purported conferral, Plaintiff sent an email to counsel for the Toll Brothers Defendants on Tuesday, April 28, 2026, at 9:45 a.m. requesting a stipulation. That same day, at 3:18 p.m., the Toll Brothers Defendants informed Plaintiff that they opposed the motion. The conferral consisted of nothing more than a single email exchange. No telephone call, videoconference, or in-person meeting occurred. Plaintiff then filed the Motion one week later, on May 5, 2026.

Critically, the version of the SAC that Plaintiff filed with the Court (Dkt. No. 120-4, at 202 pages) is materially different from, and approximately ten pages longer than, the version he attached to his April 28, 2026 conferral email. The discrepancies are not minor formatting changes. They include, among other things: structural changes to the Causes of Action—where Plaintiff's filed version crosses out the body of Count I (Declaratory Judgment) while retaining the header, crosses out the entirety of Count II (Fourth Amendment), and inserts an entirely new claim body that does not match its header; additional redlines under Count IV (Fourteenth Amendment Due Process); additional redlines under Count V (Bane Act), the very claim directed at the Toll Brothers Defendants; and additional redlines under Count VI (Denial of Access to Courts). These substantial discrepancies between the conferral version and the filed version render the conferral entirely meaningless, as the Toll Brothers Defendants were never given a meaningful opportunity to evaluate the actual document Plaintiff intended to file.

## III.   ARGUMENT

Under Federal Rule of Civil Procedure 15(a)(2), a court "should freely give leave [to amend] when justice so requires." The Supreme Court has made clear, however, that this liberal standard is not absolute. In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Court identified several factors that justify denial of leave to amend: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party, and futility of amendment (the "*Foman* Factors"). Importantly, the liberal standard that leave should be "freely given" only applies when there is an absence of every *Foman* Factor. *Id.* Where, as here, the proposed amendment would cause undue prejudice by nullifying a fully briefed dispositive motion, is futile because it cannot cure the legal deficiencies already identified, and is pursued in bad faith through procedurally noncompliant means, denial of leave is warranted on multiple independent grounds.

### A.   Plaintiff Failed to Comply with Local Rule 7-3's Conferral Requirements

Central District of California Local Rule 7-3 requires that before filing any motion, the moving party must "confer" with opposing counsel and that "[t]he conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion." Plaintiff did not satisfy this requirement.

First, Plaintiff's conferral was conducted exclusively by email. A single email exchange on April 28, 2026, in which Plaintiff requested a stipulation and the Toll Brothers Defendants stated their opposition, does not constitute a "conference" within the meaning of Local Rule 7-3. The Rule specifically enumerates the permissible modalities—in person, by telephone, or via video conference—and email is conspicuously absent from that list. The purpose of the conferral requirement is to promote a meaningful dialogue between the parties that might narrow or resolve disputes without court intervention. Firing off an email demanding a stipulation, and receiving a response declining, does not fulfill that purpose.

Second, even if Plaintiff's email exchange could be construed as a conference (it cannot), the conferral was not meaningful because the document Plaintiff ultimately filed with the Court differs materially from the document he shared during the conferral process. The filed SAC is approximately ten pages longer than the version emailed to the Toll Brothers Defendants on April 28. The filed version contains additional redlines under Count V (the Bane Act claim directed at the Toll Brothers Defendants), additional redlines under Count IV, and a restructured Causes of Action section with garbled claim headers and bodies. The Toll Brothers Defendants were thus deprived of any opportunity to meaningfully confer about the document Plaintiff actually intended to file. A conferral based on a materially different document is no conferral at all.

This Court should deny the Motion on this procedural ground alone.

**B.      The Proposed Amendment Is Both Prejudicial and Futile**

Prejudice to the opposing party is the "most important" *Foman* factor. *In re Circuit Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal. 1997). An amendment that "would also be subject to dismissal" if filed is futile and need not be permitted. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). Here, both grounds converge: the proposed SAC cannot cure the threshold legal deficiency targeted by the Toll Brothers Defendants' fully briefed Anti-SLAPP motion, and granting leave would force Defendants to re-litigate that motion at considerable expense.

*Prejudice.* The Toll Brothers Defendants' Motion to Dismiss (Dkt. No. 47) has been fully briefed since late 2025 and under submission since January 15, 2026. Permitting amendment would force re-briefing of the same Anti-SLAPP arguments—not "mere inconvenience" but the precise prejudice the Anti-SLAPP discovery stay (Cal. Code Civ. Proc. § 425.16(g)) is designed to prevent: protracted litigation costs on meritless claims targeting protected activity.

*Futility.* That prejudice is compounded by the amendment's futility. Plaintiff's Bane Act claim (Cal. Civ. Code § 52.1) against the Toll Brothers Defendants remains predicated on the identical theory as the FAC: that the filing of a federal lawsuit in Colorado constitutes "threats, intimidation, or coercion"—specifically, that the Colorado lawsuit "was undertaken with knowledge of Plaintiff's ongoing petitioning activity and was intended to chill and punish his lawful participation in government oversight." This theory fails at both steps of the Anti-SLAPP analysis.

*Step one—protected activity.* The Toll Brothers Defendants' Colorado action (Case No. 1:25-cv-02884) is a "written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body" under California Code of Civil Procedure § 425.16(e)(2). Filing a lawsuit, filing pleadings, and sending pre-litigation cease-and-desist communications are quintessentially protected petitioning activity. *See Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115-16 (1999) (the statute's "broad" protections encompass "any writing or statement" made in connection with a an issue under consideration or review by the judicial body) (the constitutional right to petition includes the basic act of filing litigation); *Kashian v. Harriman*, 98 Cal. App. 4th 892, 908, 120 Cal. Rptr. 2d 576, 588 (Cal. Ct. App. 2002) ("Filing a lawsuit is an exercise of one's constitutional right of petition, and statements made in connection with or in preparation of litigation are subject to section 425.16."); *Navellier v. Sletten*, 29 Cal. 4th 82, 90 (2002) (the constitutional right of petition encompasses the basic act of filing litigation). The same conduct is independently shielded by the litigation privilege, Cal. Civ. Code § 47(b), which provides absolute immunity for communications made in judicial proceedings regardless of alleged motive. *hiQ Labs, Inc. v. LinkedIn Corp.*, 639 F. Supp. 3d 944, 966 (N.D. Cal. 2022).

*Step two—probability of prevailing.* Plaintiff cannot carry his burden. The SAC's sole substantive addition is an allegation about the disparity between the $75,000 jurisdictional threshold in the Colorado complaint and the $5,588.55 in costs

subsequently sought. A party's litigation positions—including jurisdictional allegations—are part and parcel of the petitioning activity protected by the Anti-SLAPP statute; recovering less than the amount initially alleged does not retroactively transform a lawsuit into actionable coercion. The Bane Act requires that "threats, intimidation, or coercion" interfered with the plaintiff's legal right. *Scalia v. Cnty. of Kern*, 308 F. Supp. 3d 1064, 1079 (E.D. Cal. 2018). Plaintiff's allegations do not satisfy that. His characterization of the lawsuit as "litigation-based intimidation" and Defendant's intent to "chill and punish his lawful participation in government oversight" are legal conclusions—not well-pleaded facts that need not be accepted as true. *See Today's IV v. Los Angeles County Metropolitan Transportation Authority*, 83 Cal. App. 5th 1137, 1175 (2022).

In short, no additional facts can transform the filing of a lawsuit into Bane Act "coercion" where the lawsuit is protected petitioning activity shielded by both the Anti-SLAPP statute and the litigation privilege. The amendment is futile as a matter of law, and forcing the Toll Brothers Defendants to re-brief this very point—after months of full briefing and submission—constitutes undue prejudice. Denial of leave is warranted on either ground alone; together, they are dispositive.

### C.    Plaintiff Is Seeking Leave to Amend in Bad Faith

The record establishes that Plaintiff's Motion is a tactical maneuver to delay resolution of the Toll Brothers Defendants' dispositive motion, not a good-faith effort to perfect his claims. Three facts compel this conclusion.

First, the filed SAC is internally incoherent—claim headers do not match claim bodies, entire counts are crossed out while their replacements appear under mismatched headings, and the document is ten pages longer than the version shared during conferral. These defects strongly suggest careless use of automated drafting tools rather than the considered legal analysis required of a federal pleading.

Second, the timing reveals gamesmanship. This Court has already noted Plaintiff's pattern of seeking defaults "at the first possible moment" against

8

defendants he knows intend to defend the case. And this Court denied Plaintiff's request to file a sur-reply on TNHC's motions because "Plaintiff did not demonstrate good cause for why he did not raise these legal arguments sooner and that it would be prejudicial to TNHC." The present Motion follows the same playbook—seeking by amendment what Plaintiff could not achieve through additional briefing after having seen Defendants' legal arguments.

Third, Plaintiff's stated justification—incorporating "newly discovered evidence" and "admissions" from the Colorado litigation—is pretextual. The Colorado complaint was filed in September 2025 and the default judgment motion in January 2026—months before Plaintiff sought leave to amend. This is not "newly discovered" anything; Plaintiff simply offers no explanation for the delay.

Taken together, procedural noncompliance, an incoherent filing, and a transparent motive to delay compel the conclusion that this Motion is brought in bad faith.

## IV.   CONCLUSION

For the foregoing reasons, the Toll Brothers Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to File a Second Amended Complaint in its entirety. The Motion fails to comply with Local Rule 7-3's conferral requirements, would cause undue prejudice by forcing re-briefing of a fully submitted Anti-SLAPP motion, is futile because the amended Bane Act claim remains legally deficient for the same reasons identified in the pending Motion to Dismiss, and is brought in bad faith as a tactical delay.

Dated:      May 12, 2026

**FOX ROTHSCHILD LLP**

_/s/ Henry Baskerville_
Henry Baskerville
Jeff Grant
Attorney for Defendants
Toll Brothers, Inc., TB Proprietary
Corp., & Toll Southwest LLC

9

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel of record for TOLL BROTHERS, INC., TOLL SOUTHWEST, LLC, AND TB PROPRIETARY CORP., certifies that this brief contains 2,175 words, which complies with the 7,000-word limit imposed by L.R. 11-6.1.

Dated:      May 12, 2026                                    FOX ROTHSCHILD LLP


                                                            */s/ Henry Baskerville*
                                                            Henry Baskerville
                                                            Jeff Grant
                                                            Attorney for Defendants
                                                            Toll Brothers, Inc., TB Proprietary
                                                            Corp., & Toll Southwest LLC

OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT BY DEFENDANTS TOLL BROTHERS, INC.; TB PROPRIETARY CORP.; AND TOLL SOUTHWEST LLC

185415678.1