BORDIN SEMMER LLP
Joshua Bordin-Wosk, State Bar No. 241077
jbordinwosk@bordinsemmer.com
Justin F. Spearman, State Bar No. 305785
jspearman@bordinsemmer.com
Erick Diaz, State Bar No. 351606
ediaz@bordinsemmer.com
101 Continental Blvd, Suite 700
El Segundo, CA 90245
Phone:       (323) 457-2110
Fax:    (323) 457-2120
Attorneys for Defendants,
CITY OF IRVINE, TRINITY PHAM, and WILLIAM GO

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY GU, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF IRVINE; JESSICA SANDERS; JEFFREY MELCHING; TRINITY PHAM; WILLIAM GO; IRVINE POLICE DEPARTMENT; OFFICERS JANE AND JOHN DOE 1-10; THE NEW HOME COMPANY, INC.; THE NEW HOME COMPANY SOUTHERN CALIFORNIA, LLC; TNHC REALTY AND CONSTRUCTION, INC.; BERT L. HOWE AND ASSOCIATES, INC.; TOLL BROTHERS, INC.; TB PROPRIETARY CORP.; TOLL SOUTHWEST, LLC; and DOES 1 to 25, inclusive,<br><br>Defendants. | **Case No.:   8:25-cv-02134-VBF-DSR**<br><br>**DEFENDANTS CITY OF IRVINE'S TRINITY PHAM'S, AND WILLIAM GO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>[*Exempt from filing fee due to Government Code Section 6103*]<br><br>Complaint Filed:    September 19, 2025<br><br>Hearing:<br>Date: June 2, 2026<br>Time: 10:00 a.m. |

BORDIN SEMMER LLP
101 CONTINENTAL BLVD.
SUITE 700
EL SEGUNDO, CA 90245
(323) 457-2110

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Jeffrey Gu ("Plaintiff"), a resident of Colorado, has brought a complaint arising from his dispute with Toll Brothers, Inc. ("TBI") arising from construction of a home in Colorado. (See ECF No. 11 [FAC] at p. 16, ¶ 34.) Plaintiff demanded that the City of Irvine ("Irvine") become his tool in his campaign against TBI. (*See* ECF No. 11 at pp. 63-76, ¶¶ 502-642.) When Irvine's employees did not immediately jump into his service, Plaintiff began a campaign of harassing city employees and making demands for payment. (*See* ECF No. 11 at pp. 73-83, ¶¶ 609-712; ECF No. 100-2 [Riske Decl.] at pp. 1-3, ¶¶ 7-8, 12-16.)

Plaintiff sued, among many other defendants, Irvine, Trinity Pham, and City Councilman William Go (collectively "Irvine Defendants"). Seeking to forestall motions attacking his pleadings, Plaintiff now seeks leave to file a Second Amended Complaint. For the reasons discussed below, Plaintiff's proposed amendments are futile, and they do not rescue his claims.

Plaintiff has no viable cause of action against Irvine Defendants, and he has no viable cause of action against the new city defendants, Emma Olague and Kalvin Alvarez. While Rule 15 of the Rules of Civil Procedure provide that courts should "freely give leave [to amend pleadings] when justice so requires," (Fed. R. Civ. P. 15(a)(2)), "[l]eave to amend may be denied if the proposed amendment is futile or would be subject to dismissal," (*Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 [9th Cir. 2018]). Irvine Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to File a Second Amended Complaint.

## II.    STATEMENT OF FACTS

### A.    Plaintiff's First Amended Complaint

On September 19, 2025, Plaintiff filed a Complaint complaining of "a coordinated system among national homebuilders, their counsel, and municipal actors designed to conceal responsibility, evade regulation, and retaliate against

BORDIN SEMMER LLP
101 CONTINENTAL BLVD.
SUITE 700
EL SEGUNDO, CA 90245
(323) 457-2110

DEFENDANTS CITY OF IRVINE'S TRINITY PHAM'S, AND WILLIAM GO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

those who expose inconvenient truths." (ECF No. 11 at p.7.) Plaintiff's claim apparently arises from a dispute between Plaintiff and TBI over the purchase and construction of a private residence in Colorado. (*See* ECF No. 11 [Compl.] at p. 16, ¶ 34.) Plaintiff also attempts to raise issues regarding a home in the City of Irvine owned by Plaintiff's parents. (ECF No. 11 at pp. 62-63, ¶¶ 493-503.)

Plaintiff alleges he contacted the City of Irvine to complain about TBI. (ECF No. 11 at p. 73, ¶ 609.) Plaintiff was unsatisfied with Irvine's response. (*Id.* at pp. 73-75, ¶¶ 609-616, 634-637.) So Plaintiff contacted the office of City Councilman William Go. (*Id.* at p. 76, ¶ 638.) Plaintiff spoke with Trinity Pham. (*Id.* at p. 76, ¶ 640.) Plaintiff claims he spoke with Ms. Pham to complain about "permitting failures, code violations, and lack of qualifications of certain employees in the COI Building Department." (*Id.* at p. 76, ¶¶ 640-642.) After that call, Plaintiff alleges that he was contacted by the City of Irvine's police department and asked whether Plaintiff made threatening statements during the phone call with Ms. Pham. (ECF No. 11 at p. 77, ¶¶ 645-657.) Plaintiff then made various attempts to contact the City of Irvine about Ms. Pham and other employees. (*Id.* at pp. 77-78, ¶¶ 658-669.)

An attorney contacted Plaintiff on behalf of Irvine asking that Plaintiff cease and desist from further attempts to obtain personal information about Ms. Pham. (*Id.* at p. 80, ¶¶ 681-683.) Plaintiff also sent a complaint via e-mail to Irvine's City Council. (*Id.* at pp. 80-81, ¶¶ 689-690.) Plaintiff demanded payment from Irvine of $5.7 million for "damages," a claim that was denied. (*Id.* at p. 81, ¶¶ 691-692, 697.) Irvine served another cease and desist letter and asked that Plaintiff confine his communications to e-mails. (*Id.* at pp. 82-83, ¶¶ 706-712.)

Plaintiff's first cause of action in the First Amended Complaint is brought against Irvine only and seeks a declaration that Irvine "failed to prevent or correct violations of California Business and Professions Code § 7031 (b) by approving and accepting permits…." (ECF No. 11 at p. 88.)

///

BORDIN SEMMER LLP
101 CONTINENTAL BLVD.
SUITE 700
EL SEGUNDO, CA 90245
(323) 457-2110

2
DEFENDANTS CITY OF IRVINE'S TRINITY PHAM'S, AND WILLIAM GO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Plaintiff's second, third, and fourth causes of action in the First Amended Complaint are brought under 42 U.S.C. § 1983. (ECF No. 11 at pp. 93-103.) The second cause of action is brought against "City of Irvine, Irvine Police Department, and Police Officer Jane Doe." (*Id.* at p. 93.) The Irvine Police Department is a department of the City of Irvine and not a separate entity from the City. (ECF No. 100-2 [Riske Decl.], ¶ 2.) The third and fourth causes of action are brought against "City of Irvine, Irvine Police Department, Jessica Sanders, Jeffrey Melching, William Go, Trinity Pham, and John/Jane Doe 1-10." (ECF No. 11 at p. 96.)

Plaintiff alleged that the telephone call from an officer of the Irvine Police Department constituted "a constructive seizure of Plaintiff in violation of the Fourth Amendment." (ECF No. 11 at p. 96.) Plaintiff alleged that questioning from the police officer over the phone regarding Plaintiff's statements to Ms. Pham "constituted a show of authority that would cause a reasonable person to believe he was not free to terminate the encounter without legal consequences." (*Id.* at pp. 93-94.) Plaintiff alleges that the mere act of calling Plaintiff "carried implicit threats of legal or criminal consequences." (*Id.* at pp. 93-94.)

Plaintiff claims that various defendants, including Irvine, Councilman Go, Ms. Pham, and Irvine's attorneys "deprived Plaintiff of his First Amendment right to petition the government for redress of grievances" by sending Plaintiff letters demanding that Plaintiff cease and desist his harassment of Irvine's employees. (ECF No. 11 at pp. 96-97.) Plaintiff alleges that the call from a police officer, the failure of Irvine to respond to Plaintiff's complaints to the satisfaction of Plaintiff, and the denial of Plaintiff's demand for $5.7 million constituted a deprivation of Plaintiff's due process rights. (*Id.* at pp. 99-103.)

Plaintiff's fifth cause of action in the First Amended Complaint is brought under California's Bane Act. (ECF No. 11 at p. 104.) Plaintiff brings the claim against all defendants, but it appears that the claim is premised on Plaintiff's dispute

BORDIN SEMMER LLP
101 CONTINENTAL BLVD.
SUITE 700
EL SEGUNDO, CA 90245
(323) 457-2110

3

DEFENDANTS CITY OF IRVINE'S TRINITY PHAM'S, AND WILLIAM GO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

with Toll Brothers, including a lawsuit initiated by Toll Brothers against Plaintiff in Colorado. (*See id.* at pp. 104-106.)

### B.   Plaintiff's Proposed Amendments in Second Amended Complaint

Plaintiff now seeks to add two additional Irvine employees as defendants, Emma Olague "as an Officer of the Irvine Police Department," and Kalvin Alvarez "as Chief of Staff for the City of Irvine." (ECF No. 120-5 at p. 14.)

Plaintiff alleges he made a request under the California Public Records Act ("CPRA") seeking correspondence and communications, and Plaintiff alleges "[t]he provided responses provided none of the requested information." (ECF No. 120-5 at pp. 85-86, ¶ 717.) Despite claiming he received no documents in response to his CPRA requests, Plaintiff alleges that he did receive police reports. (ECF No. 120-5 at p. 90, ¶ 750.)

Plaintiff discusses the individuals identified in the police reports, the complaining parties, the facts stated in the police reports, and what actions the police officers took. (ECF NO. 120-5 at pp. 90-99, ¶¶ 751-834.) Plaintiff acknowledges that he repeatedly contacted Irvine employees, including attempts to obtain human resources information about employees. (*Id.* at pp. 96-98, ¶¶ 800-808, 822-823.) Plaintiff complains that while the police report indicated that precautionary measures had been taken to protect employees from further harassment, he does not believe that the police took any precautionary measures. (*Id.* at pp. 97-98, ¶¶ 814-821.) Plaintiff reached out to the Irvine police to contact them and ask them for Irvine employees' human resources information. (*Id.* at p. 98, ¶¶ 822-828.) Plaintiff asked police officers to answer his questions about the police report, and he complains that those questions were not answered. (*Id.* at pp. 98-99, ¶¶ 829-832.) Plaintiff then alleges that he received a response to his CPRA request indicating that the records he was requesting were exempt from disclosure. (*Id.* at p. 99, ¶ 834.) Plaintiff then alleges issues with Irvine's records retention. (ECF No. 120-5 at pp. 99-100, ¶¶ 835-

BORDIN SEMMER LLP
101 CONTINENTAL BLVD.
SUITE 700
EL SEGUNDO, CA 90245
(323) 457-2110

4

DEFENDANTS CITY OF IRVINE'S TRINITY PHAM'S, AND WILLIAM GO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

843.) Plaintiff complains that he was not provided with police bodycam footage of the police officer calling him. (*Id.* at p. 100, ¶¶ 839-843.)

Plaintiff appears to abandon his first cause of action for declaratory relief. (ECF No. 120-5 at pp. 104-109.) Plaintiff still seeks to bring what appears to be a claim under 42 U.S.C. § 1983 against Irvine Defendants, Emma Olague, and Kalvin Alvarez. (*Id.* at p. 112.) Plaintiff premises his claim on his belief that a telephone call from a police officer constitutes a "constructive seizure." (*Id.* at p. 113.) Plaintiff complains that Officer Olague should have immediately terminated her investigation rather than seeking to determine whether Plaintiff had access to firearms or driving to look at the properties Plaintiff had repeatedly complained about. (*Id.* at p. 114.)

Plaintiff complains that this investigation "constituted an extrajudicial expansion of state authority designed to maintain a permanent, non-consensual intelligence record of Plaintiff's protected activity and personal intent." (*Id.* at p. 114.) He believes that the report "memorialize[s] defamatory statements Plaintiff never made…and attribute to Plaintiff motives and employment affiliations that are demonstrably false." (*Id.*) Plaintiff acknowledges, however, that the report was simply recounting statements made to the officer in the course of employees making a report to police about Plaintiff's conduct. (*Id.* at pp. 114-115.) Plaintiff believes that Officer Olague had a duty to "acknowledge or qualify the obvious unreliability of those statements" in her report and a had a duty to state doubts about the reports. (*Id.*) Plaintiff alleges: "By endorsing and circulating false or unreliable statements as official law-enforcement findings rather than identifying them as baseless, Officer Olague acted with reckless disregard for the truth and deprived Plaintiff of his right to be free from unreasonable governmental intrusion and reputational seizure under the Fourth Amendment." (*Id.* at p. 115.) Plaintiff believes this converts the police officer's and city employees' conduct into an unreasonable search and seizure. (*Id.*)

Plaintiff then alleges that "William Go, Trinity Pham and Kalvin Alvarez, acting under color of state law as COI employees, knowingly provided false and

BORDIN SEMMER LLP
101 CONTINENTAL BLVD.
SUITE 700
EL SEGUNDO, CA 90245
(323) 457-2110

DEFENDANTS CITY OF IRVINE'S TRINITY PHAM'S, AND WILLIAM GO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

misleading statements that triggered and perpetuated Officer Olague's unlawful police investigation." (ECF No. 120-5 at p. 115.) Plaintiff alleges that false statements were made in making a police report, which triggered the investigation he complains about. (*Id.* at pp. 115-116.) Plaintiff then alleges that none of Irvine's employees have qualified immunity. (*Id.* at pp. 116-117.) Plaintiff further alleges that Irvine has municipal liability (i.e., *Monell* liability) for these actions because they were done pursuant to city policies. (*Id.* at pp. 118-119.)

Plaintiff's other causes of action under 42 U.S.C. § 1983 remain largely unchanged, except adding Emma Olague and Kalvin Alvarez as additional defendants and repeating the allegations about employees' report to the police and Officer Olague's investigation. (ECF No. 120-5 at pp. 120-129.)

Plaintiff does, however, attempt to incorporate a complaint regarding CPRA compliance into one of his claims under 42 U.S.C. § 1983. (ECF No. 120-5 at pp. 129-130.) Plaintiff complains that Irvine redacted the names of complaining individuals from the police report they provided to Plaintiff. (*Id.* at p. 129.) Plaintiff contends this was a violation of both the CPRA and the Fourteenth Amendment. (*Id.* at pp. 129-130.) Plaintiff then alleges:

> An Unaccountable, Unelected Bureaucracy
>
> The COI's Human Resources Department, acting outside the scope of its lawful authority, coordinated with IPD to initiate a police response to a resident's protected petitioning activity, evidencing a municipal practice of treating constituent[1] criticism as a security matter.
>
> By accepting the uncorroborated statements of municipal employees as sufficient cause to initiate a law-enforcement inquiry, IPD abandoned its duty of impartiality and substituted COI's subjective discomfort

___

[1] To clarify, Plaintiff is neither a resident of the City of Irvine nor a constituent of its governing bodies. (*See* ECF No. 120-5 at p. 11 [alleging that Plaintiff is a resident of Denver, Colorado].)

BORDIN SEMMER LLP
101 CONTINENTAL BLVD.
SUITE 700
EL SEGUNDO, CA 90245
(323) 457-2110

6

DEFENDANTS CITY OF IRVINE'S TRINITY PHAM'S, AND WILLIAM GO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

for an objective basis of suspicion. Such deference to government actors over private citizens constitutes unequal enforcement of the law and violates the Fourteenth Amendment.

COI's failure to set clear limits on employee recourse to police intervention allowed subjective discomfort to substitute for objective threat assessment, resulting in an unconstitutional use of law-enforcement authority against protected petitioning activity.

(ECF No. 120-5 at p. 130.) Plaintiff complains that police investigating allegations of criminal threats made by Irvine employees constitutes unconstitutional "intelligence gathering" in violation of Plaintiff's Constitutional rights and Part 23 of Title 28 of the Code of Federal Regulations. (ECF No. 120-5 at pp. 131-133.)

Plaintiff then attempts to buttress his Bane Act claim against the Irvine Defendants by incorporating his complaints about the report, police investigation, and failure to comply with his demands for unredacted information constitute "coercion" and a "Threat of Silence." (ECF No. 120-5 at pp. 136-137.)

Plaintiff then adds an additional claim under 42 U.S.C. § 1983, titled "Denial of Access to Courts." (ECF No. 120-5 at pp. 138-141.) Plaintiff contends that Irvine's answer in this litigation is an "active interference with the judicial process" and violates his rights because he disagrees with some of Irvine's denials of his allegations. (*Id.*) Plaintiff further contends that because Irvine did not produce a police report on the timetable that Plaintiff expected, Irvine has somehow failed to preserve evidence and interfered with his rights of access to the Courts. (*Id.*)

## III.    **ARGUMENT**

Plaintiff's proposed amendments do not fix the defects in his claims. Plaintiff instead attempts to add allegations and arguments that establish that Plaintiff's claims are not just without merit, but are also frivolous.

Before the deadline to amend pleadings has expired, a "court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2).

BORDIN SEMMER LLP
101  CONTINENTAL BLVD.
SUITE 700
EL SEGUNDO, CA 90245
(323) 457-2110

DEFENDANTS CITY OF IRVINE'S TRINITY PHAM'S, AND WILLIAM GO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Whether to grant leave to amend is left to the Court's discretion. (*U.S. v. Corinthian Colleges*, 655 F. 3d 984, 995 [9th Cir. 2011].) The Court may deny leave to amend on grounds that the proposed amendment is futile – i.e., it does not state a plausible basis for relief. (*Id.*) "Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." (*Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 [9th Cir. 2018].) There is no reason to grant leave to amend where plaintiff seeks to add allegations that "merely reiterate and embroider the claims [plaintiff] already presented in her original complaint, adding little, if anything, of substance to [his] case." (*Coleman v. Ramada Hotel Operating Co.*, 933 F.2d 470, 473 (7th Cir. 1991).)

Plaintiff's proposed Second Amended Complaint seeks to add allegations summarized as follows: (1) Irvine employees made defamatory statements in the course of reporting to police Plaintiff's harassment; (2) an Irvine police officer investigated the reports of threats by calling Plaintiff to ask about whether he made the threats and by driving by two properties that Plaintiff had complained about; (3) an Irvine police officer should have terminated the investigation earlier; (4) the Irvine police officer's failure to terminate the investigation constituted an unlawful search and seizure or other violation of Plaintiff's rights; and (5) Irvine's Answer in this litigation contains denials that Plaintiff believes are untrue.

Plaintiff's claims as alleged in his original complaint were not valid, and the effect of Plaintiff's proposed allegations as to the Irvine Defendants is to make Plaintiff's claims *more* frivolous that they were before. In response to Irvine Defendants pointing out in their motion for relief from default that Plaintiff did not have a valid cause of action for declaratory relief, Plaintiff has proposed deleting that claim. In response to Irvine Defendants pointing out that Plaintiff's other claims were legally without merit, Plaintiff has chosen to escalate.

With respect to Plaintiff's allegation of a defamatory report to police, Plaintiff cannot premise any claim on such a report. In order to determine whether there is a

BORDIN SEMMER LLP
101 CONTINENTAL BLVD.
SUITE 700
EL SEGUNDO, CA 90245
(323) 457-2110

DEFENDANTS CITY OF IRVINE'S TRINITY PHAM'S, AND WILLIAM GO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

claim under 42 U.S.C. § 1983 premised on defamation, courts "look to state law in determining whether defamation occurred." (*Crowe v. Cnty. of San Diego*, 242 F. Supp. 2d 740, 746 [S.D. Cal. 2003].) "[R]eports to police are absolutely privileged under [California law], and may not serve as predicates for tort claims, except for the tort of malicious prosecution." (*Perez v. City of Los Angeles*, No. CV 22-8227 SVW (AS), 2024 WL 3086668, at *6 [C.D. Cal. May 14, 2024].) Police reports themselves "are absolutely privileged under California Civil Code § 47(b)(3)." (*Johnson v. Symantec Corp.*, 58 F. Supp. 2d 1107, 1113 [N.D. Cal. 1999].) Plaintiff has no viable claim under 42 U.S.C. § 1983 for alleged defamatory reports to police.

As to Plaintiff's claim that a police officer's investigation somehow constituted a "constructive seizure" or other violation of his rights, Plaintiff's theory is again without merit. The United States Supreme Court and the Ninth Circuit have held that contacts by and questioning by police officers do not constitute a seizure under the Fourth Amendment. (*Michigan v. Chesternut*, 486 U.S. 567, 575 (1988); *I.N.S. v. Delgado*, 466 U.S. 210, 216 (1984) ["[P]olice questioning, by itself, is unlikely to result in a Fourth Amendment violation."]; *Fla. v. Royer*, 460 U.S. 491, 497 (1983); *United States v. Washington*, 490 F.3d 765, 770 (9th Cir. 2007) ["No Fourth Amendment seizure occurs when a law enforcement officer merely identifies himself and poses questions to a person if the person is willing to listen."]. "A person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer by means of physical force or show of authority terminates or restrains his freedom of movement through means intentionally applied." (*Nelson v. City of Davis*, 685 F.3d 867, 875 [9th Cir. 2012].)

The police officer calling up Plaintiff to ask about the reports – or the reports that instigated the call – do not constitute a "constructive seizure." That is particularly true given Plaintiff's admission that he did not feel compelled to continue the call and he, in fact, hung up as soon as he heard his threats to city employees had been reported to the police. A police officer driving by properties

9

DEFENDANTS CITY OF IRVINE'S TRINITY PHAM'S, AND WILLIAM GO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

BORDIN SEMMER LLP
101 CONTINENTAL BLVD.
SUITE 700
EL SEGUNDO, CA 90245
(323) 457-2110

*where Plaintiff was not present* and which were the subject of Plaintiff's complaints to Irvine does not constitute a seizure. That Plaintiff believes his conduct should not have been investigated does not somehow mean his rights are violated when the police do not terminate an investigation whenever he wants – particularly where Plaintiff fails to allege how the investigation in any way affected him or took anything from him other than his wish that it had not occurred.

Nor can Plaintiff assert that the phone call or investigation constitutes any plausible imposition on his First or Fourteenth Amendment rights. The fact that Plaintiff continued his harassment and brought this frivolous lawsuit confirms he has never felt any imposition on his ability to lash out at Irvine and its employees for not doing his bidding in his war against a homebuilder arising from a property dispute in another state.

As to Plaintiff's assertion that Irvine's denial in its Answer constitutes a deprivation of his rights, the claim is without merit. Various federal courts have concluded that a litigation privilege may apply under federal common law. (*See, e.g.*, *Pal v. Tallberg*, No. 3:24-CV-00792 (SFR), 2026 WL 632586, at *4 (D. Conn. Mar. 6, 2026); *In re Davis*, 312 B.R. 681, 689 (Bankr. D. Nev. 2004); *NSB Techs., Inc. v. Specialty Direct Mktg., Inc.*, No. 03 CV 2323, 2004 WL 1918708, at *3 (N.D. Ill. Aug. 20, 2004); *Cf. Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) [acknowledging that there may be some federal litigation privilege but noting that it did not apply to private attorneys conspiring with a judge to deprive a plaintiff of his rights].)

This Court, however, need not decide whether a federal litigation privilege applies here. Plaintiff fails as a matter of basic plausibility. Plaintiff has not been deprived of his rights to resort to the courts *because Plaintiff's case is before the court right now*. Plaintiff has not been deprived of anything. Plaintiff's theory is that anything that may defeat in this claim in this case constitutes a violation of his rights. The proposition is extraordinary: Plaintiff appears to believe not only that he

DEFENDANTS CITY OF IRVINE'S TRINITY PHAM'S, AND WILLIAM GO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

has a right to bring this lawsuit, but that he has a right to dictate the content of an opposing party's pleadings to guarantee that he prevails. If Plaintiff believes that he has a viable theory under 42 U.S.C. § 1983, and if he believes that Irvine's denials in its Answer are incorrect, he has the right to state a valid claim and to litigate it. Only Plaintiff has not stated a valid claim. He does not have a Constitutional right to litigate a claim that lacks plausibility. Nor do the contents of an Answer to his First Amended Complaint constitute a violation of his Constitutional rights.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Irvine Defendants respectfully submit that Plaintiff's proposed Second Amended Complaint fails to state a valid claim, and his Motion for Leave to File the Second Amended Complaint should be denied on grounds of futility.

Respectfully submitted,

Dated: May 12, 2026

BORDIN SEMMER LLP

By: _____

Joshua Bordin-Wosk
Justin F. Spearman
Erick Diaz
Attorneys for Defendants,
CITY OF IRVINE, TRINITY PHAM,
and WILLIAM GO

11

DEFENDANTS CITY OF IRVINE'S TRINITY PHAM'S, AND WILLIAM GO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 101 Continental Boulevard, Suite 700, El Segundo, CA 90245.

On May 12, 2026, I served the within document(s) described as:

**DEFENDANTS CITY OF IRVINE'S TRINITY PHAM'S, AND WILLIAM GO'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

on the interested parties in this action as stated on the attached mailing list.

☐ (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☒ (BY ELECTRONIC MAIL/ECF) I caused such document to be electronically transmitted via United States District Court, Central District of California, which is then printed and maintained with the original documents in our office.

☐ (BY ELECTRONIC MAIL) I caused such document(s) to be Served to all Party/Parties through electronic means at the electronic addresses as set forth on the attached service list. Upon completion of transmission of said document(s), I did not receive an "undeliverable" receipt.

Executed on May 12, 2026, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Erin M. Woodard _____    _____ *Erin M. Woodard*

1

**Jeffrey Gu v. City of Irvine, et al.**
**Case No. 8:25-cv-02134-VBF-DSR**

**CLIENT:    CITY OF IRVINE**
**FILE NO.:    3901.189**

**SERVICE LIST**

| | |
|---|---|
| Jeffrey Gu<br>Pro Se<br>2332 N. Clay St., Apt. 3<br>Denver, CO 80211<br><br>Tel: 702) 593-1548<br>Fax: (   )<br>Email: jeffwgu@gmail.com<br><br><br>*Pro Se* | Ira G. Rivin<br>RUTAN AND TUCKER LLP<br>18575 Jamboree Road, 9th Floor<br>Irvine, CA 92612<br><br>Tel.: (714) 641-5100<br>Fax.: (714) 546-9035<br>Email: irivin@rutan.com<br><br><br>*Attorneys for Defendant,*<br>*JESSICA SANDERS, JEFFREY MELCHING* |
| Ira David Lebovic<br>Melanie Suzanne Woodfin<br>PLANTE HUGUENIN LEBOVIC KAHN LLP<br>18100 Von Karman Ave., Suite 700<br>Irvine, CA 92612<br><br>Tel: (949) 271-8700<br>Fax: (   )<br>Email: ilebovic@phlklaw.com<br><br><br>*Lead Attorneys for Defendant,*<br>*THE NEW HOME COMPANY, INC., THE NEW HOME COMPANY SOUTHERN CALIFORNIA, LLC, TNHC REALTY AND CONSTRUCTION, INC.* | Brian C. Plante<br>GREEN AND HALL<br>1851 E. First Street, 10th Floor<br>Santa Ana, CA 92705<br><br>Tel: (714) 918-7000<br>Fax: (714) 918-6996<br>Email: bplante@phlklaw.com<br><br><br>*Attorneys for Defendant,*<br>*THE NEW HOME COMPANY, INC., THE NEW HOME COMPANY SOUTHERN CALIFORNIA, LLC, TNHC REALTY AND CONSTRUCTION, INC.* |

2

| | |
|---|---|
| Sean M. Kneafsey<br>KNEAFSEY FIRM, INC.<br>707 Wilshire Blvd., Suite 3700<br>Los Angeles, CA 90017<br><br>Tel: (213) 892-1200<br>Fax: (213) 892-1208<br>Email: skneafsey@kneafseyfirm.com<br><br><br>*Lead Attorney for Defendant,*<br>*BERT L. HOWE AND ASSOCIATES, INC.* | Jeremy D. Pasternak<br>Margaret Patricia Crowley<br>LAW OFFICES OF JEREMY PASTERNAK<br>100 Bush Street, Suite 1580<br>San Francisco, CA 94104<br><br>Tel: (415) 693-0300<br>Fax: (415) 693-0393<br>Email: jdp@pasternaklaw.com<br>mc@pasternaklaw.com<br><br>*Attorneys for Defendant,*<br>*BERT L. HOWE AND ASSOCIATES, INC.* |
| Henry M. Baskerville<br>FOX ROTHSCHILD LLP<br>1225 17th St., Suite 2200<br>Denver, CO 80202<br><br>Tel: (303) 292-1200<br>Fax: (303) 292-1300<br>Email: hbaskervill@foxrothschild.com<br><br><br>*Pro Hac Vice Attorney for Defendant,*<br>*TOLL BROTHERS, INC., TB PROPRIETARY*<br>*CORP., and TOLL SOUTHWEST LLC* | Jeff H. Grant<br>FOX ROTHSCHILD LLP<br>10250 Constellation Blvd., Suite 900<br>Los Angeles, CA 90067<br><br>Tel: (310) 598-4150<br>Fax: (310) 556-9828<br>Email: jgrant@foxrothschild.com<br><br><br>*Attorney for Defendant,*<br>*TOLL BROTHERS, INC., TB PROPRIETARY*<br>*CORP., and TOLL SOUTHWEST LLC* |

3