**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jeffrey Gu, | Case No.: 8:25-cv-02134-VBF-DSR |
| Plaintiff, | [PROPOSED] ORDER |
| vs. | |
| City of Irvine et al, | |
| Defendants. | |

**[PROPOSED] ORDER DISCHARGING ORDER TO SHOW CAUSE**

**(DKT. NO. 126) AND ALIGNING SERVICE TIMELINE FOR**

**SECOND AMENDED COMPLAINT**

The Court, having reviewed Plaintiff Jeffrey Gu's Response to the Order to Show

Cause regarding Federal Rule of Civil Procedure 4(m) (Dkt. No. 127), the

concurrently filed Declaration of Jeffrey Gu, and the authenticated exhibits

attached thereto, and finding good cause appearing, rules as follows:

**I. FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. On December 30, 2025, this Court issued an order quashing Plaintiff's initial workplace service attempts on Defendants Jessica Sanders and Jeffrey Melching (collectively, "City Attorneys"). (Dkt. No. 84).

2. Under controlling Ninth Circuit precedent, a district court must extend the time for service under Rule 4(m) if a plaintiff demonstrates "good cause." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). To evaluate whether good cause exists, the Court reviews the three-factor inquiry articulated in *Boudette v. Barnette*, 923 F.2d 754, 756–57 (9th Cir. 1991), examining whether: (1) the party to be served received actual notice of the lawsuit; (2) the defendant would suffer no prejudice; and (3) the plaintiff would be severely prejudiced if the complaint were dismissed.

3. **Actual Notice:** The Court finds that the City Attorneys possessed immediate, functional, and documented actual notice of the claims against them from the earliest phases of this litigation. This is established by the City of Irvine's internal indexing of this action on October 28, 2025 (Dkt. No. 106-1), and the explicit admissions contained within the sworn declaration of Human Resources Director Michelle Riske (Dkt. No. 100-2, ¶¶ 8–10), confirming that the initial filings were physically routed to and intercepted by the City Attorney's office.

2

4. **Absence of Defense Prejudice:** The Court finds that the individual City Attorneys suffer zero structural or procedural prejudice from a service timeline alignment. Discovery has not commenced, no scheduling order has been issued, and the City Attorneys have raised no independent showing of evidentiary impairment or prejudice on the record.

5. **Prejudice to Plaintiff:** The Court finds that Plaintiff would suffer severe, irreparable, and fatal prejudice if the individual defendants were dismissed. Following the quashing of service, the litigation landscape remained continuously unstable, marked by late-disclosed police reports, body-cam metadata (Exhibits 2 and 3), parallel federal enforcement maneuvers (*Toll Brothers Inc. et al v. Gu et al.*, No. 1:25-cv-02884 (D. Colo.)), and the City Defendants' subsequent assertion of absolute immunity under California Civil Code § 47 (a) and (b). *See* Dkt. No. 118 at 20 *and* Dkt. No. 124 at 10. Plaintiff's pending Second Amended Complaint (SAC) directly incorporates these newly stabilized records to plead specialized civil rights violations under the Ralph Civil Rights Act of 1976 (Cal. Civ. Code § 51.7), whose language mirrors the statutory exceptions built into Civil Code § 47 (a)(5) and (b)(5). A Rule 4(m) dismissal would construct an unconscionable procedural barrier to resolving these material civil rights claims on their true merits.

3

6. Furthermore, under *Lemoge v. United States*, 587 F.3d 1188, 1195, 1198 (9th Cir. 2009), rules of service are meant to facilitate justice rather than serve as mechanical traps to execute substantive actions on technicalities. Even in the absence of mandatory good cause, this Court retains broad, inherent discretion to extend the service window to promote judicial economy and favor merits-based outcomes. *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

7. Because Plaintiff has pre-published his finalized proposed SAC as an exhibit to his Response, demonstrating absolute diligence, and has already secured a stipulation from at least one co-defendant (Exhibit 5), the interests of judicial economy command that the service timeline be aligned to let this action proceed seamlessly.

**II. ORDER**

1. The Court's Order to Show Cause (Dkt. No. 126) is **DISCHARGED** and vacated.

2. Plaintiff is granted an extension of time under Federal Rule of Civil Procedure 4(m) to execute formal service of process upon Defendants Jessica Sanders and Jeffrey Melching.

3. In the interest of judicial economy and to avoid the inefficient re-service of an obsolete pleading, Plaintiff's Rule 4(m) service extension is **conditioned upon** and shall run from the electronic docketing of the operative Second Amended Complaint.

4. Plaintiff shall file his Second Amended Complaint within seven (7) days of the electronic entry of this Order, and the complaint shall be deemed filed as of that date.

5. Plaintiff shall have thirty (30) days from the date the Second Amended Complaint is entered on the electronic docket to execute formal service of process of the summons and operative complaint upon Defendants Jessica Sanders and Jeffrey Melching, and to file proofs of such service with the Court.

**IT IS SO ORDERED.**

Dated: _____, 2026

HON. DANIEL S. ROBERTS

UNITED STATES MAGISTRATE JUDGE