JEFF H. GRANT (SBN 218974)
jgrant@foxrothschild.com
**FOX ROTHSCHILD LLP**
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:   310.598.4150
Facsimile:    310.556.9828

HENRY M. BASKERVILLE (*Pro hac vice*)
hbaskerville@foxrothschild.com
**FOX ROTHSCHILD LLP**
1225 17th Street
Suite 2200
Denver, CO 80202
Telephone:   303.292.1200
Facsimile:    303.292.1300

Attorneys for Defendant
Toll Brothers, Inc., TB Proprietary Corp., and Toll
Southwest LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GU,<br><br>                    Plaintiff,<br><br>        v.<br><br>CITY OF IRVINE, ET AL.,<br><br>                    Defendants. | Case No. 8:25-cv-02134-VBF-DSR<br><br>**TOLL BROTHERS DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1)**<br><br>**[MEMORANDUM OF POINTS AND AUTHORITIES; PROPOSED ORDER]**<br><br>Judge: Hon. Valerie Baker Fairbank |

NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER
JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1)

## NOTICE OF MOTION

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp. (collectively, the "Toll Entities") will and hereby do move this Court for an order dismissing all claims asserted against them in Plaintiff's Second Amended Complaint (Doc. 130) for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

This Motion is made on the grounds that the Court lacks supplemental jurisdiction over Plaintiff's sole claim against the Toll Entities—a California Bane Act claim (Cal. Civ. Code § 52.1)—because that claim does not arise from a common nucleus of operative fact with Plaintiff's federal claims against the other defendants in this action, as required by 28 U.S.C. § 1367(a).

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and records on file in this action, and such other matters as may be presented to the Court at or before the time of hearing.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on June 25 and June 26, 2026, via email and telephone conference.

NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1)

Dated: July 6, 2026

**FOX ROTHSCHILD LLP**


*/s/ Jeff H. Grant*
Jeff Grant (SBN 218974)
Fox Rothschild LLP
10250 Constellation Blvd., Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

Henry Baskerville (pro hac vice)
Fox Rothschild LLP
1225 17th Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 209-3357
Facsimile: (303) 292-1300

*Attorneys for Defendant*
Toll Brothers, Inc., TB Proprietary Corp.,
and Toll Southwest LLC

NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER
JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1)

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ............................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 7

I.  INTRODUCTION ............................................................................................... 7

II.  PROCEDURAL BACKGROUND ...................................................................... 8

III.  STANDARD OF REVIEW ............................................................................... 9

ARGUMENT ......................................................................................................... 10

I.  THE BANE ACT CLAIM AGAINST THE TOLL ENTITIES DOES NOT SHARE A COMMON NUCLEUS OF OPERATIVE FACT WITH PLAINTIFF'S FEDERAL CLAIMS ................................................................... 10

    A.  The Federal Claims Arise from California Municipal Conduct ................... 10

    B.  The Bane Act Claim Against the Toll Entities Arises from an Unrelated Colorado Dispute ............................................................................ 10

    C.  The Court Would Not Ordinarily Try These Claims Together ................... 11

II.  PLAINTIFF'S THEORIES OF CONNECTION DO NOT ESTABLISH SUPPLEMENTAL JURISDICTION ..................................................................... 12

    1.  The Alleged California-Permit Link ........................................................ 12

    2.  The Colorado Litigation Theory ............................................................. 12

    3.  The Alleged TNHC/BHA Coordination Theory ..................................... 13

    4.  The Valuation and Default-Judgment Theory ........................................ 13

    5.  Chronological Sequence Is Not Factual Overlap ................................... 14

III.  CONCLUSION ............................................................................................... 14

MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................................9

*Bahrampour v. Lampert*,
356 F.3d 969 (9th Cir. 2004) ........................................................................................9

*Castillo v. J.P. Morgan Chase Bank, N.A.*,
No. 19-cv-04905-HSG, 2020 WL 496072 (N.D. Cal. Jan. 30, 2020).....................9, 12

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994).......................................................................................................9

*Legaux v. Mercer Invs., Inc.*,
No. 20-cv-2041-BAS-AGS, 2021 WL 3370825 (S.D. Cal. Aug. 3, 2021)..............9, 12

*Lei v. City of Lynden*,
No. C14-0650-JCC, 2014 WL 6611382 (W.D. Wash. Nov. 20, 2014) .......................12

*Safe Air for Everyone v. Meyer*,
373 F.3d 1035 (9th Cir. 2004) ......................................................................................9

*United Mine Workers of Am. v. Gibbs*,
383 U.S. 715 (1966)................................................................................................9, 11

**Statutes**

28 U.S.C. § 1367 ...............................................................................................................8

28 U.S.C. § 1367(a) ...............................................................................................7, 9, 14

42 U.S.C. § 1983 ...............................................................................................10, 11, 13

Bane Act, Cal. Civ. Code § 52.1 ..............................................................................*passim*

Cal. Civ.Code § 52.1 .........................................................................................................7

Cal. Civ. Proc. Code § 425.16 ........................................................................................14

**Other Authorities**

Fed. R. Civ. P. 12(b)(1).............................................................................................8, 9, 14

Fed. R. Civ. P. 12(b)(6)....................................................................................................14

U.S. Const. amend. I ........................................................................................................11

U.S. Const. amend. IV, § 1 ..............................................................................................10

U.S. Const. amend. XIV, § 1 .............................................................................10, 11, 13

MEMORANDUM OF POINTS AND AUTHORITIES

U.S. Const. amend. XIV, § 1 ....................................................................................... 10

U.S. Const. art. III, § 2, cl. 1. ....................................................................................... 9

MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This case relates to a dispute between Plaintiff Jeffrey Gu, on one hand, and various California public bodies, public officials, and private companies, on the other, related to a property that Plaintiff's parents purchased in California. The Toll Entities are strangers to these issues and have nothing whatsoever to do with them.

Plaintiff's Second Amended Complaint ("SAC") (Doc. 130) asserts a single state-law claim against the Toll Entities: a claim under the Bane Act (Count 5), California Civil Code § 52.1, a California state statute that creates civil liability for threats or intimidation against someone for exercising their rights under the Constitution of California. Plaintiff does not assert any federal claim against the Toll Entities. Jurisdiction over the Bane Act claim exists, if at all, only under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

As the Court recognized in its December 29, 2025 Order (Doc. 83), § 1367(a) extends jurisdiction only to claims that "are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy." The Bane Act claim against the Toll Entities does not satisfy that standard because it does not share a common nucleus of operative fact with Plaintiff's federal claims.

As noted, Plaintiff's federal claims arise from an entirely local California dispute: alleged police activity, municipal cease-and-desist letters, and public-records issues involving the City of Irvine and its officials concerning a property at 129 Oakstone. In contrast, the Bane Act claim against the Toll Entities arises from a separate dispute rooted in Colorado: Plaintiff's purchase of a townhome from Toll Southwest in Wheat Ridge, Colorado; warranty disputes regarding that property; Plaintiff's creation of copycat entities using Toll trademarks; and Toll's subsequent federal lawsuit in Colorado alleging trademark infringement. These are two wholly independent factual scenarios involving different parties, different states, different legal theories, and no overlapping evidence. The Court would not ordinarily be expected to try them in a single judicial proceeding.

Plaintiff's attempts to link these claims through conclusory allegations of motive, shared counsel, and cross-jurisdictional conspiracy do not establish factual overlap—they merely explain why Plaintiff wishes to litigate unrelated claims in a single forum. Because the SAC fails to establish supplemental jurisdiction over the Bane Act claim against the Toll Entities, this Court lacks subject-matter jurisdiction, and the claim must be dismissed pursuant to Rule 12(b)(1).

## II.     PROCEDURAL BACKGROUND

On December 29, 2025, this Court issued an Order (Doc. 83) vacating submission of the Toll Entities' special motion to strike or alternative motion to dismiss (Doc. 47) and requesting supplemental briefing on subject-matter jurisdiction. The Court observed that the Toll Entities are named only on Plaintiff's Bane Act claim, that Plaintiff does not assert any federal claim against them, and that jurisdiction "exists, if at all, only under supplemental jurisdiction, 28 U.S.C. § 1367." (Doc. 83 at 2.) The Court directed the parties to brief whether the Bane Act claim "shares a common nucleus of operative fact" with Plaintiff's federal claims. (*Id.*)

The Toll Entities filed their supplemental brief on January 6, 2026 (Doc. 91), demonstrating that the federal claims and the Bane Act claim arise from wholly separate factual scenarios. Plaintiff filed his response on January 5, 2026 (Doc. 86), and a subsequent response on January 9, 2026 (Doc. 93). The Toll Entities filed their rebuttal on January 13, 2026 (Doc. 96).

On May 5, 2026, the Court vacated submission of all motions challenging the First Amended Complaint, including the Toll Entities' Doc. 47 motion, because Plaintiff had moved for leave to file a Second Amended Complaint. (Doc. 121.) Plaintiff's Second Amended Complaint was filed on June 15, 2026. (Doc. 130.) The SAC supersedes the FAC but does not alter the fundamental jurisdictional deficiency identified by the Court: the Toll Entities remain named only on the state-law Bane Act claim (Count 5), while all federal claims (Counts 2, 3, 4, and 6) are directed at other defendants.

MEMORANDUM OF POINTS AND AUTHORITIES

### III.    STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) challenges the court's subject-matter jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction bears the burden of establishing it. *Id.*

On a facial challenge to jurisdiction, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in plaintiff's favor, but need not accept conclusory or implausible allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Safe Air*, 373 F.3d at 1039.

Under 28 U.S.C. § 1367(a), a district court has supplemental jurisdiction over state-law claims only when those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The test is whether the state and federal claims "derive from a common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

Where a plaintiff's state-law claim involves "an entirely different set of facts" or "an essentially different transaction," supplemental jurisdiction does not exist. *Castillo v. J.P. Morgan Chase Bank, N.A.*, No. 19-cv-04905-HSG, 2020 WL 496072, at *3 (N.D. Cal. Jan. 30, 2020); *see also Legaux v. Mercer Invs., Inc.*, No. 20-cv-2041-BAS-AGS, 2021 WL 3370825, at *2 (S.D. Cal. Aug. 3, 2021) (no supplemental jurisdiction where state-law claims involved "different parties, different contracts, and different factual circumstances").

# ARGUMENT

**I.    THE BANE ACT CLAIM AGAINST THE TOLL ENTITIES DOES NOT SHARE A COMMON NUCLEUS OF OPERATIVE FACT WITH PLAINTIFF'S FEDERAL CLAIMS**

The SAC's federal claims and its Bane Act claim against the Toll Entities arise from two entirely independent factual scenarios that share no operative facts.

**A.    The Federal Claims Arise from California Municipal Conduct**

Plaintiff's federal claims (Counts 2, 3, 4, and 6) are directed exclusively at the City of Irvine and its officials. They arise from a dispute about the municipal handling of Plaintiff's concerns regarding a residential construction project at 129 Oakstone in Irvine, California:

> Count 2 (Fourth Amendment, § 1983) alleges that City of Irvine police officers engaged in an unreasonable investigative detention of Plaintiff on July 30, 2025, in connection with his property investigations. (Doc. 130, Count 2.)
>
> Count 3 (First Amendment, § 1983) alleges that the City of Irvine and its officials issued cease-and-desist letters on August 5 and August 25, 2025, to chill Plaintiff's petitioning activity regarding land-use and permitting matters. (Doc. 130, Count 3.)
>
> Count 4 (Fourteenth Amendment, § 1983) alleges arbitrary government intimidation without due process by City of Irvine officials. (Doc. 130, Count 4.)
>
> Count 6 (§ 1983 denial of access to courts) alleges that the City of Irvine interfered with Plaintiff's ability to access courts through litigation responses and alleged evidence-preservation issues. (Doc. 130, Count 6.)

The operative facts for these claims involve California actors (IPD officers, City employees), California conduct (police calls, cease-and-desist letters, CPRA responses), and a California property (129 Oakstone, Irvine). None of the Toll Entities are named in any of these counts.

**B.    The Bane Act Claim Against the Toll Entities Arises from an Unrelated Colorado Dispute**

The Bane Act claim (Count 5) against the Toll Entities arises from a fundamentally different set of facts rooted in Colorado. According to the SAC itself, the claimed "threats,

intimidation, or coercion" by the Toll Entities consist of Toll's filing of a federal lawsuit in Colorado on September 12, 2025. (Doc. 130, Count 5.) That Colorado lawsuit arose from:

- Plaintiff's purchase of a townhome from Toll Southwest in Wheat Ridge, Colorado on or about January 19, 2023;

- Warranty disputes regarding that Colorado property, including approximately 35 warranty requests;

- Plaintiff's creation and registration of corporate entities in Colorado, Wisconsin, Florida, and Pennsylvania using names incorporating Toll trademarks; and

- Toll's issuance of a cease-and-desist letter on August 8, 2025, and subsequent filing of a Lanham Act and state trademark-infringement complaint in the United States District Court for the District of Colorado.

These operative facts involve Colorado parties (Toll Southwest LLC and its Colorado townhome purchaser), Colorado and multi-state conduct (copycat entity registrations), and Colorado legal proceedings. Adjudicating the Bane Act claim would require the Court to evaluate Toll's Colorado litigation, the merits of its trademark contentions, and whether the filing of a federal complaint in another district constitutes actionable "threats, intimidation, or coercion" under California law. None of that overlaps with the evidence needed to adjudicate whether Irvine police officers violated the Fourth Amendment or whether City officials suppressed Plaintiff's First Amendment rights.

### C.    The Court Would Not Ordinarily Try These Claims Together

The *Gibbs* test asks whether the claims are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." 383 U.S. at 725. Here, the answer is plainly no. A § 1983 trial against a California municipality and its officers for police misconduct and First Amendment retaliation would involve California witnesses, California police records, California permitting files, and California cease-and-desist correspondence. A Bane Act trial based on a Colorado lawsuit's alleged chilling effect

MEMORANDUM OF POINTS AND AUTHORITIES

would involve Colorado real-estate records, Colorado warranty correspondence, multi-state corporate filings, trademark registrations, and the Colorado litigation record. These proceedings share no witnesses, no documents, and no transactions.

This case is materially indistinguishable from *Legaux*, where the court found no supplemental jurisdiction over state-law claims involving "different parties, different contracts, and different factual circumstances" from the anchor federal claim. 2021 WL 3370825, at *2. *See also Lei v. City of Lynden*, No. C14-0650-JCC, 2014 WL 6611382, at *2 (W.D. Wash. Nov. 20, 2014) (dismissing state-law claims against different defendants where they arose from "an entirely different set of facts").

## II. PLAINTIFF'S THEORIES OF CONNECTION DO NOT ESTABLISH SUPPLEMENTAL JURISDICTION

Throughout his supplemental briefing and now in the SAC, Plaintiff has advanced several theories to connect the Bane Act claim to his federal claims. None withstands scrutiny.

### 1. The Alleged California-Permit Link

Plaintiff has alleged that a communication regarding purported Toll permits triggered activity by the Irvine Police Department. But this alleged communication does not appear as an operative fact in any of Plaintiff's federal claims, which are based on police conduct, cease-and-desist letters, and CPRA issues—not on Toll permitting. Nor does it appear as an operative fact in the Bane Act claim, which is based on Toll's Colorado lawsuit. An alleged tangential reference to Toll in the background narrative of the federal claims cannot transform unrelated claims into a "common nucleus." *See Castillo*, 2020 WL 496072, at *3 (rejecting supplemental jurisdiction where state claim involved "entirely different" factual circumstances despite nominal connection to same plaintiff).

### 2. The Colorado Litigation Theory

Plaintiff argues that Toll's Colorado complaint "incorporated" references to Plaintiff's California regulatory activities, and that this creates a factual nexus. This argument applies the wrong test. The relevant inquiry is not whether Toll's Colorado

complaint mentions California conduct—it is whether the federal claims *in this action* and the Bane Act claim *in this action* share operative facts. That Toll's Colorado complaint may have referenced Plaintiff's activities does not mean that this Court's adjudication of a § 1983 Fourth Amendment claim against Irvine police officers will involve common evidence with a Bane Act claim premised on Toll's litigation conduct.

Plaintiff himself conceded in supplemental briefing that he did not originally name Toll in this action and added the Toll Entities "reactively" after Toll filed its Colorado lawsuit. (Doc. 86 at 4.) This concession underscores the disconnection: the federal claims existed independently before Plaintiff decided to assert a state-law claim against Toll in response to a separate lawsuit.

### 3. The Alleged TNHC/BHA Coordination Theory

The SAC alleges that Toll "previously retained the same outside counsel as TNHC" in California, suggesting information exchange and an aligned strategy. (Doc. 130, Count 5.) But the SAC does not allege—and Plaintiff has conceded he lacks—direct evidence of actual coordination between the Toll Entities and the City of Irvine or its officials. (*See* Doc. 96 at 5.) Speculation about what shared counsel *might* have communicated, without any factual basis, does not establish overlapping operative facts.

Moreover, even if such coordination existed, it would be relevant to the *Bane Act claim*—not to the federal claims. The federal claims are about what *City of Irvine officials* did: police officers who allegedly detained Plaintiff, officials who allegedly issued cease-and-desist letters, and officials who allegedly withheld records. Whether Toll communicated with a third-party builder's counsel does not establish that the federal claims and the Bane Act claim share a common factual nucleus.

### 4. The Valuation and Default-Judgment Theory

The SAC alleges that Toll's default-judgment motion in Colorado sought costs of $5,588.55 after alleging damages exceeding $75,000, and argues this supports an inference that the Colorado litigation was "deterrent" rather than compensatory. (Doc. 130, Count 5.) Even accepting this allegation as true, it is relevant only to the *merits* of the Bane Act

claim—whether Toll's Colorado lawsuit constitutes actionable "threats, intimidation, or coercion." It has nothing to do with whether the federal constitutional claims against the Irvine defendants and the Bane Act claim against Toll share operative facts for purposes of supplemental jurisdiction. A plaintiff cannot bootstrap jurisdiction by alleging motive or improper purpose as to a claim that is otherwise factually unrelated to the anchor claims.

### 5.    Chronological Sequence Is Not Factual Overlap

Plaintiff's briefing has repeatedly emphasized that events occurred in a temporal sequence—his California petitioning preceded Toll's Colorado lawsuit, which followed a cease-and-desist letter. (Doc. 93 at 2–3.) But the § 1367(a) inquiry is not whether events can be arranged on a timeline; it is whether the claims share *operative facts*. Many unrelated events occur in sequence. The fact that Plaintiff first investigated permits in Irvine and then separately had a trademark dispute with Toll does not mean the two disputes share a common factual nucleus any more than two unrelated disputes involving the same plaintiff that happen to coincide temporally.

## III.    CONCLUSION

For the foregoing reasons, the Toll Entities respectfully request that the Court grant this Motion and dismiss all claims asserted against Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp. in the Second Amended Complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). Dismissal should be without prejudice to Plaintiff pursuing any state-law claim against the Toll Entities in a court of competent jurisdiction.

The Toll Entities reserve all other defenses, including but not limited to their previously asserted arguments under California's anti-SLAPP statute (Cal. Civ. Proc. Code § 425.16) and Federal Rule of Civil Procedure 12(b)(6), which they may reassert should the Court deny this Motion.

## CERTIFICATE OF CONFERRAL

Pursuant to Central District of California Local Rule 7-3, undersigned counsel certifies that, prior to filing this Motion, counsel for the Toll Entities conferred with Plaintiff Jeffrey Gu regarding the substance of this Motion and any potential resolution.

Specifically, on June 25, 2026, counsel for the Toll Entities emailed Mr. Gu regarding this Motion. On June 26, 2026, counsel for the Toll Entities spoke with Mr. Gu by telephone to discuss whether Mr. Gu had any questions about this Motion and whether there was a way to resolve the issue without motion practice. Both Mr. Gu and counsel for the Toll Entities concluded that the parties were at an impasse on this issue and required the Court's intervention.

Dated: July 6, 2026

**FOX ROTHSCHILD LLP**

*/s/ Jeff H. Grant*
Jeff Grant (SBN 218974)
Fox Rothschild LLP
10250 Constellation Blvd., Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

Henry Baskerville (pro hac vice)
Fox Rothschild LLP
1225 17th Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 209-3357
Facsimile: (303) 292-1300

*Attorneys for Defendant*
Toll Brothers, Inc., TB Proprietary Corp.,
and Toll Southwest LLC

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Central District of California Local Rule 11-6.1, the undersigned hereby certifies that this Memorandum of Points and Authorities complies with the applicable page and word-count limitations. According to the word-count function of the word-processing software used to prepare this document, the memorandum contains fewer than 3705 words, exclusive of the caption, tables, and signature block.

Dated: July 6, 2026

**FOX ROTHSCHILD LLP**

*/s/ Jeff H. Grant*
Jeff Grant (SBN 218974)
Fox Rothschild LLP
10250 Constellation Blvd., Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

Henry Baskerville (pro hac vice)
Fox Rothschild LLP
1225 17th Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 209-3357
Facsimile: (303) 292-1300

*Attorneys for Defendant*
Toll Brothers, Inc., TB Proprietary Corp., and
Toll Southwest LLC