PLANTE HUGUENIN LAUNI KAHN LLP
BRIAN C. PLANTE, State Bar No. 175585
   *bplante@phlklaw.com*
MELANIE S. WOODFIN, State Bar No. 245616
   *mwoodfin@phlklaw.com*
RAE RICHARDSON, State Bar No. 183932
   *rrichardson@phlklaw.com*
18100 Von Karman Ave., Suite 700
Irvine, California 92612
Telephone: (949) 271-8700
Facsimile: (949) 627-2611

Attorneys for Risewell Homes Inc.; The New Home Company Southern California LLC; and TNHC Realty and Construction Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GU, | CASE NO. 8:25-cv-02134-VBF-DSR |
| Plaintiff, | JUDGE:      Valerie Baker Fairbank |
| v. | **RISEWELL HOMES INC., THE NEW HOME COMPANY SOUTHERN CALIFORNIA LLC, AND TNHC REALTY AND CONSTRUCTION INC.'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| CITY OF IRVINE, et al., | |
| Defendants. | |
| | *Filed concurrently with Request for Judicial Notice, Good Faith Certificate, and [Proposed] Order* |
| | **Date:   August 18, 2026**<br>**Time:   10:00 a.m.** |
| | **Magistrate Judge:  Daniel S. Roberts** |

/ / /

/ / /

1

DEFENDANTS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT

TO THE COURT, ALL PARTIES, THEIR COUNSEL OF RECORD, AND PLAINTIFF:

PLEASE TAKE NOTICE that on August 18, 2026, at 10:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Daniel S. Roberts in U.S. Courthouse, 350 West First Street, Los Angeles, California 90012, Defendants Risewell Homes Inc., The New Home Company Southern California LLC, and TNHC Realty and Construction Inc. (collectively, "TNHC") hereby move this Court for an order striking or, in the alternative, dismissing the following claims for relief asserted in the Second Amended Complaint for Violations of Civil Rights ("SAC") (ECF 130) filed by Plaintiff Jeffrey Gu ("Plaintiff") pursuant to California's anti-SLAPP statute codified in California Code of Civil Procedure § 425.16 and Federal Rules of Civil Procedure 12(b)(6): Count 5 (SAC at ECF 130, pp.166-172): Violations of the Bane Act (California Civil Code § 52.1) ("Bane Act Claim"), and Count 7 (SAC at ECF 130, pp. 177-179): Violations of the Ralph Civil Rights Act of 1976 (California Civil Code § 51.7) ("Ralph Act Claim"). Plaintiff's Bane Act Claim and Ralph Act Claim are prohibited by California's anti-SLAPP statute because the conduct underlying those claims is protected activity. Further, Plaintiff cannot prevail on the merits of the claims because the claims are based on conduct which is privileged under Civil Code section 47. Accordingly, Plaintiff's SAC must be stricken. In addition, and alternatively, Plaintiff's SAC fails to state a claim on which relief can be granted as the allegations fail to satisfy the elements of the Bane Act and the Ralph Act, and likewise because the conduct asserted as the basis for these claims is privileged under Civil Code section 47, and therefore should be dismissed.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice filed concurrently herewith, the pleadings and other papers on file in this action, any other matters of which this Court may take judicial notice, and such further evidence and argument as may be presented at or before the hearing on this matter, should one be scheduled.

2

Counsel for TNHC met and conferred with Plaintiff pursuant to Local Rule 7-3 by communicating with Plaintiff both on the telephone and via email correspondence; however, the parties were not able to reach an agreement.  Counsel's efforts and Plaintiff's responses are documented in the Defendants' Good Faith Consultation Certificate, filed herewith.

Dated:  July 13, 2026                PLANTE HUGUENIN LAUNI KAHN LLP


By:  /s/ *Melanie S. Woodfin*
        Brian C. Plante
        Melanie S. Woodfin
        Rae Richardson

Attorneys for Risewell Homes Inc.; The New Home Company Southern California LLC; and TNHC Realty and Construction Inc.

DEFENDANTS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................... 9

II. FACTUAL AND PROCEDURAL BACKGROUND ................................... 12

III. STANDARD OF REVIEW .......................................................................... 14

   A. California's Anti-SLAPP Statute ............................................................ 14

   B. Rule 12(b)(6) Failure To State A Claim ................................................ 15

IV. ARGUMENT ................................................................................................ 15

   A. Plaintiff's Claims Under The Bane Act And The Ralph Act Must Be Stricken Because They Are Prohibited By California's Anti-SLAPP Statute ...................................................................................... 15

     1. Plaintiff's Claims Arise Solely From TNHC's Protected Activity ........................................................................................... 15

     2. Plaintiff Cannot Demonstrate A Probability Of Prevailing On The Merits ................................................................................. 19

   B. Plaintiff Fails to State a Claim Under the Bane Act ............................. 22

   C. Plaintiff Fails to State a Claim Under the Ralph Act ............................ 24

     1. Speech Alone Cannot Support A Cause of Action Under Civil Code Section 51.7 ............................................................... 25

     2. Plaintiff Has Not Alleged, Nor Can He Allege, Discriminatory Motive ................................................................. 28

VI. AMENDMENT WOULD BE FUTILE ....................................................... 29

VII. CONCLUSION ........................................................................................... 29

DEFENDANTS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page**

## CASES

*Allen v. City of Sacramento*
(2015) 234 Cal.App.4th 41, 67......................................................................................22

*Animal Protection & Rescue League Inc. v County of Riverside*
(2025) 111 Cal.App.5th 914, 921...............................................23, 26, 27, 28

*Archer v. NBCUniversal Media, LLC*
794 F.Supp.3d 716, 720.............................................................................................29

*Aronson v. Kinsella*
(1997) 58 Cal.App.4th 254, 270–71............................................................................17

*Ashcroft v. Iqbal*
(2009) 556 U.S. 662, 678............................................................................................15

*Baral v. Schnitt*
(2016) 1 Cal.5th 376, 392...........................................................................................16

*Barry v. State Bar of California*
(2017) 2 Cal.5th 318, 324–326 ..................................................................................14

*Bel Air Internet, LLC v. Morales*
(2018) 20 Cal.App.5th 924.........................................................................................17

*Birkner v. Lam*
(2007) 156 Cal.App.4th 275, 282...............................................................................17

*Blog v. Plasma Sols., Inc. v. IEE Indoor Env't Eng'g,*
(N.D. Call. 2021) 600 F.Supp. 3d 1082, 1089 ..........................................................14

*Bowen v. Lin*
(2022) 80 Cal.App.5th 155, 165..........................................................................20, 21

*Cabrera v. Alam*
(2011) 197 Cal.App.4th 1077, 1091–1093.................................................................14

*Campbell v. Feld Entm't, Inc.*
(2014) 75 F.Supp.3d 1193, 1206................................................................................25

*Carrico v. City & County of San Francisco*
(9th Cir. 2011) 656 F.3d 1002, 1008..........................................................................29

*Center for Bio-Ethical Reform, Inc. v. The Irvine Co., LLC*
(2019) 37 Cal.App.5th 97, 115...................................................................................23

*City of Cotati v. Cashman*
(2002) 29 Cal.4th 69, 78, 124.....................................................................................16

PLANTE HUGUENIN
LAUNI KAHN LLP
PH
LK

5

*Corales v. Bennett*
(9th Cir. 2009) 567 F.3d 554, 564, 570-71 ..................................................... 26

*D.C. v. Harvard-Westlake Sch.*
(2009) 176 Cal.App.4th 836, 844 .................................................................. 24

*Doe v. Priyanka*
(2006) 814 F. Supp. 3d 1073, 1090 .............................................. 18, 22, 25, 28

*Doe v. State of California*
(2017) 8 Cal.App.5th 832, 842, 844 .............................................................. 23

*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*
(1996) 47 Cal.App.4th 777, 783–785 ............................................................ 21

*Geragos v. Abelyan*
(2023) 88 Cal.App.5th 1005, 1031 ................................................................ 20

*Herring Networks, Inc. v. Maddow*,
(9th Cir. 2021) 8 F.4th 1148, 1155 ................................................................ 14

*Hilton v. Hallmark Cards*
(9th Cir. 2010) 599 F.3d 894, 902 ................................................................. 19

*hiQ Labs, Inc. v. LinkedIn Corp.*
(N.D. Cal. 2022) 639 F. Supp. 3d 944, 966 ................................................... 20

*Integrated Healthcare Holdings, Inc. v. Fitzgibbons*
(2006) 140 Cal.App.4th 515, 527 .................................................................. 19

*Kashian v. Harriman*
(2002) 98 Cal.App.4th 892, 926-927 ....................................................... 14, 21

*Kenne v. Stennis*
(2014) 230 Cal.App.4th 953, 965 .................................................................. 20

*Manzarek v. St. Paul Fire & Marine Ins. Co.*
(9th Cir. 2008) 519 F.3d 1025, 1031 ............................................................. 29

*Mendiondo v. Centinela Hosp. Med. Ctr.*
(9th Cir. 2008) 521 F.3d 1097, 1104 ............................................................. 15

*Moore v. Rodriguez*
2021 U.S. Dist. LEXIS 103725 ............................................................ 16, 18, 22

*Moreno v. Town of Los Gatos*
(9th Circ. 2008) 267 Fed.Appx. 665-667 ...................................................... 28

*OSJ PEP Tenn. LLC v. Harris*
2014 U.S. Dist. LEXIS 142822 ...................................................................... 26

*Pacific Decision Sciences Corp. v. Superior Court*
(2004) 121 Cal.App.4th 1100, 1110 .............................................................. 17

*Park v. Bd. of Trustees of Cal. State Univ.*,
2 Cal.5th 1057, 1062 ..................................................................................... 16

PLANTE HUGUENIN
LAUNI KAHN LLP
PH
LK

6

*People ex rel. Fire Insurance Exchange v. Anapol*
(2012) 211 Cal.App.4th 809, 824......................................................................17

*Ramirez v. Wong*
(2010) 188 Cal.App.4th 1480, 1486............................................................24, 27

*RGC Gaslamp, LLC v. Ehmcke Sheet Metal, Co.*
(2020) 56 Cal.App.5th 413, 428.....................................................................17

*Rodriguez v. Cnty. of Contra Costa*
2013 U.S. Dist. LEXIS 158511.......................................................................26

*Rubin v. Green*
(1993) 4 Cal.4th 1187....................................................................................20

*Rusheen v. Cohen*
(2006) 37 Cal.4th 1048, 1057.........................................................................20

*Salma v. Capon*
(2008) 161 Cal.App.4th 1275, 1285................................................................17

*Scalia v. Cnty. of Kern,*
308 F. Supp. 3d 1064, 1079 (E.D. Cal. 2018).........................................21, 24

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*
(9th Cir. 1986) 806 F.2d 1393, 1401..............................................................29

*Silberg v. Anderson*
(1990) 50 Cal.3d. 205, 212............................................................................20

*Winarto v. Toshiba Am. Elecs. Components, Inc.*
(2001) 274 F.3d 1276....................................................................................26

*Wise v. Thrifty Payless, Inc.*
(2000) 83 Cal.App.4th 1296, 1302..................................................................20

**STATUTES**

C.R.S. § 18-9-111 .........................................................................................13

C.R.S. § 6-1-105(1) .......................................................................................13

Cal. Civ. Code § 47(b)..............................................................................11, 20

Cal. Civ. Code § 51.7................................................................................22, 24

Cal. Civ. Code § 51.7(a).................................................................................25

Cal. Civ. Code § 896.......................................................................................10

Cal. Civ. Code § 910.............................................................................11, 15, 17

Cal. Civ. Proc. Code § 425.16(b) ..................................................................15

Cal. Civ. Proc. Code § 425.16(b)(1)...............................................................14

PLANTE HUGUENIN
LAUNI KAHN LLP

7

Cal. Civ. Proc. Code § 425.16(e)........................................................................15

Cal. Civ. Proc. Code § 527(a)............................................................................18

Cal. Code Civ. Proc. § 425.16(e)(2) ...................................................................16

Cal. Code Civ. Proc. § 425.16(e)(4) ...................................................................16

**FEDERAL STATUTES**

15 U.S.C. § 1114(1)(a) .......................................................................................13

15 U.S.C. § 1125(a)(1) .......................................................................................13

Fed. R. Civ. P. 12 ........................................................................................15, 30

Fed. R. Civ. P. 12(b)(6).......................................................................................11

Fed. R. Civ. P. 15(a) ...........................................................................................29

DEFENDANTS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Risewell Homes Inc., The New Home Company Southern California LLC, and TNHC Realty and Construction Inc. (collectively, "TNHC"), by and through their undersigned counsel, hereby submit this Memorandum of Points and Authorities in support of their Motion to Strike, or in the Alternative, Motion to Dismiss Plaintiff Jeffrey Gu's ("Plaintiff") Second Amended Complaint for Violations of Civil Rights ("SAC").  (ECF 130.)

## I.      INTRODUCTION

Plaintiff asserts that TNHC violated the Bane Act (California Civil Code § 52.1) ("Bane Act Claim")[1] and the Ralph Civil Rights Act of 1976 (California Civil Code § 51.7) ("Ralph Act Claim") by sending him four cease-and-desist letters that were sent in response to Plaintiff's harassing behavior and unauthorized entry on TNHC's construction sites carried out as the authorized agent of Di Lan Ge and Xian Feng Gu ("Owners"), the owners of a home located at 129 Oakstone, Irvine, California (the "Property").  Plaintiff asserts that TNHC's cease-and-desist letters, combined with cease-and-desist letters by other entities, the invocation of police authority by other entities, the abuse of judicial process by other entities, and the refusal to engage in good faith dialogue by all Defendants demonstrates a campaign of threats and intimidation.  With the exception of sending cease-and-desist letters to Plaintiff for his harassing conduct, none of the foregoing alleged civil rights violations relate to TNHC's conduct.  Moreover, Plaintiff's own exhibits

/ / /

/ / /

/ / /

[1]TNHC expressly reserves, and does not waive, its right to enforce any and all applicable alternative dispute resolution procedures, including without limitation, arbitration, pursuant to applicable contract documents.  To preserve this right, TNHC is filing a Motion to Compel Arbitration, in the alternative, to these Motions.

DEFENDANTS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

demonstrate a clear picture of harassment by Plaintiff.  Specifically, Plaintiff, as the authorized agent of Owners, acted as follows:

1.    From April 2, 2025 to May 12, 2025, he served TNHC with 16 Notices of Claim pursuant to Civil Code Section 896, et seq. ("Title 7") for alleged building standard violations at the Property ("Title 7 Claims").

2.    On April 21, 2025, he filed a complaint with the Department of Real Estate ("DRE") as to the flooring at the Property.

3.    From May 23, 2025 to July 16, 2025, he filed five bond claims for the same alleged defects identified in the Title 7 Claims.

4.    He contacted multiple agencies regarding alleged issues with regulatory compliance relating to the design and construction of the Property.

5.    He contacted TNHC employees and demanded employer information from their W-2s.

6.    He appeared at TNHC's closed construction site multiple times without authorization and took photographs and questioned subcontractors.

In response to multiple and duplicative claims, unauthorized entry on TNHC's construction sites, and other harassing behavior, TNHC served Plaintiff with four cease-and-desist letters requesting that he refrain from harassing behavior and trespassing, and reserving TNHC's rights to pursue legal remedies.  TNHC served a fifth cease-and-desist letter pertaining to Plaintiff's intentional misappropriation of TNHC's name pursuant to his registration of a confusingly similar entity – "The New Home Company Inc" – in Colorado.

Plaintiff has now filed the SAC in an effort to prevent TNHC from exercising its constitutional right of freedom of speech.  TNHC's cease-and-desist letters constitute an act in furtherance of the right of petition or free speech and were made

in good faith and under serious consideration of litigation; namely, they were served in connection with a Civil Code section 910 claim and as a legal prerequisite to filing a restraining order to prevent further harassment and trespass, and are protected by the litigation privilege pursuant to Civil Code section 47(b). Civil Code section 47(b) provides an absolute privilege for communications made in judicial or quasi-judicial proceedings. Plaintiff's claims against TNHC under the Bane Act and the Ralph Act are therefore prohibited under California's anti-SLAPP statute and Civil Code section 47(b) and must be dismissed.

Not only are TNHC's cease-and-desist letters protected speech under California's anti-SLAPP statute and Civil Code section 47(b), but they are also insufficient to establish a claim under either the Bane Act or the Ralph Act. The Bane Act requires proof of interference with a constitutional right through improper means; namely, threatening, intimidating, or coercive conduct rising to the level of egregious conduct. Similarly, the Ralph Act requires proof of committed or threatened violence involving some physical destructive act against Plaintiff motivated by protected characteristics that is a substantial factor in causing harm to Plaintiff.

Despite his 205-page SAC and 287 exhibits, Plaintiff has presented no evidence whatsoever to support his conclusory statements regarding TNHC's actions that even comes close to establishing a claim under the Bane Act or the Ralph Act. To the contrary, the SAC and its exhibits evidence a clear picture of Plaintiff's harassment, requiring TNHC to protect itself by issuing cease-and-desist letters.

TNHC respectfully requests that the Court strike Plaintiff's Bane Act Claim and Ralph Act Claim against TNHC pursuant to the anti-SLAPP statute and award TNHC its attorneys' fees and costs, or, in the alternative, dismiss Plaintiff's claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

DEFENDANTS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

## II.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff, a resident of Colorado, acting as Owners' authorized agent, sent a total of sixteen (16) Title 7 Claims relating to the Oakstone Property between April 2, 2025 and May 12, 2025 (the "Notices").  (SAC Plaintiff's Exhibit ("PE") 133, ¶1 at ECF. No. 130-4 at p. 132.)  TNHC acknowledged receipt of Plaintiff's Notices, performed an inspection, and issued a statutory response denying the Notices on the grounds that none of the issues identified in the Notices constitute building standard violations under Title 7.  (*Ibid*.)  However, beginning in April of 2025 and continuing through August of 2025, Plaintiff acting as his parents' agent and in his individual capacity, engaged in a campaign of harassment, abusive behavior and bad faith conduct designed and intended to annoy, harass, and offend TNHC.  In fact, by May of 2025, Plaintiff's conduct had reached the level of being illegal, dangerous and disruptive to TNHC, its employees, its subcontractors and its insurance broker.  (*Ibid.*)  This conduct is outlined in Plaintiff's Exhibits 133, 205, 218, 225 and 285 (which Plaintiff contends form the basis of his claim for violations of the Bane Act and the Ralph Act) and includes the following:

1.   Abuse of the Title 7 prelitigation process by submitting 16 separate Notices during a six week period, many of which were duplicative of prior notices.  (PE 133, ¶1 at ECF 130-4, pp. 132-133.)

2.   Filing five improper bond claims with TNHC's bond company for "construction defects" at the Oakstone Property for the same claims identified in the Notices and at the same time he was engaged in the Title 7 process with TNHC.[2]  (PE 133, ¶2 at ECF 130-4, p. 133.)

3.   Following TNHC's inspection of the Property, Plaintiff began a pattern of contacting TNHC's attorney and TNHC's inspectors and demanding their insurance and license information.  Plaintiff was

---

[2] TNHC offered to make courtesy repairs but Plaintiff did not respond.

DEFENDANTS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

advised that Civil Code section 916 only requires that the builder provide written proof of liability insurance to cover any damages that may occur during an inspection, which TNHC provided. Nevertheless, Plaintiff continued his requests for information, presumably to pursue the inspector's bond company, further evidence of harassing conduct. (PE 133, ¶3 at ECF 130-4, p. 133.)

4. Plaintiff trespassed at TNHC's active construction site at the Olivewood community on May 20, 2025. While trespassing, Plaintiff harassed TNHC's contractors, interfering with the work being performed. Plaintiff's trespass was captured on video and photographed and Plaintiff took photographs of the construction workers and the license plates on their vehicles. (PE 133, ¶4 at ECF 130-4, pp. 133-134.) Despite TNHC's May 27, 2025 cease-and-desist correspondence to Plaintiff, (a) he trespassed on TNHC's construction site again and harassed the construction workers (PE 205 at ECF 130-7, pp. 25-26 and PE 285 at ECF 130-10, pp. 73-74); (b) he continued to contact TNHC employees demanding that they provide Plaintiff with information from their W-2s (PE 218 at ECF 130-7, pp. 168-169); and (c) he continued trying to contact TNHC's insurance broker demanding that she provide Plaintiff with information about TNHC's insurance. (*Ibid.*) These are all activities that Plaintiff had already been asked to cease-and-desist.

5. Plaintiff formed a Colorado entity named "The New Home Company Inc" in violation of TNHC's rights under the Lanham Act sections 32 and 43(a) (15 U.S.C. §§ 1114(1)(a) and 1125(a)(1)), the Colorado Consumer Protection Action (C.R.S. § 6-1-105(1)), Colorado common law and the Colorado Harassment Statute (C.R.S. § 18-9-111.) (PE 225 at ECF 130-7, pp. 214-215.)

13

DEFENDANTS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

In each of these cease-and-desist letters to Plaintiff, TNHC specifically reserved its right to pursue all appropriate corrective actions, including injunctive relief, restraining orders and civil and criminal penalties.

## III.    STANDARD OF REVIEW

### A.    California's Anti-SLAPP Statute

"California's anti-SLAPP statute allows a defendant to file a 'special motion to strike' a plaintiff's complaint, and involves a two-step inquiry." (*Herring Networks, Inc. v. Maddow*, (9th Cir. 2021) 8 F.4th 1148, 1155 (citing Cal. Civ. Proc. Code § 425.16(b)(1).)) A party may bring an anti-SLAPP motion to strike state law claims in federal court. (*Blog v. Plasma Sols., Inc. v. IEE Indoor Env't Eng'g,* (N.D. Cal. 2021) 600 F.Supp.3d 1082, 1089.) To prevail on a special motion to strike, "the moving defendant must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech." (*Id.)* The burden then shifts to the plaintiff to establish "that there is a probability that the plaintiff will prevail on the claim." (*Ibid;* Cal. Civ. Proc. Code § 425.16(b)(1).)

In order to establish a probability of success on the merits, the plaintiff must make a prima facie showing of facts that would, if proved at trial, support a judgment in plaintiff's favor. (*Barry v. State Bar of California,* (2017) 2 Cal.5th 318, 324–326; *Cabrera v. Alam*, (2011) 197 Cal.App.4th 1077, 1091–1093.) "The district court **must** grant the defendant's motion and dismiss the complaint if the 'plaintiff presents an insufficient legal basis for the claims' or 'no reasonable jury' could find for the plaintiff." (*Herring Networks*, *supra*, 8 F.4th at 1155 (emphasis added).) The litigation privilege set forth in Civil Code section 47 provides a substantive defense which plaintiff must overcome to demonstrate a probability of prevailing. (*Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 926-927.) Motions to strike that challenge the legal sufficiency of complaints are analyzed pursuant to the Rule 12 standard of review. (*Id.* at 1156.)

14

### B.    Rule 12(b)(6) Failure To State A Claim

To survive a motion to dismiss under Federal Rules of Civil Procedure Rule 12, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" (*Ashcroft v. Iqbal*, (2009) 556 U.S. 662, 678.) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Id.*)  Dismissal under Rule 12(b)(6) is appropriate if the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  (*Mendiondo v. Centinela Hosp. Med. Ctr.*, (9th Cir. 2008) 521 F.3d 1097, 1104.)  Although courts must take all of the factual allegations in the complaint as true, courts will not accept as true a legal conclusion couched as a factual allegation.  (*Ashcroft*, *supra*, 556 U.S. at 678.)

## IV.    ARGUMENT

### A.    Plaintiff's Claims Under The Bane Act And The Ralph Act Must Be Stricken Because They Are Prohibited By California's Anti-SLAPP Statute

#### 1.    Plaintiff's Claims Arise Solely From TNHC's Protected Activity

Plaintiff's claims under the Bane Act and the Ralph Act both attack TNHC's constitutional right of free speech and petition, which is prohibited under Civil Code section 425.16 and, therefore, are subject to a special motion to strike.  (Cal. Civ. Proc. § 425.16(b) and (e).)  TNHC's cease-and-desist letters are protected speech, were sent in connection with an official proceeding (Civil Code section 910, et seq.), in anticipation of litigation, and as a legal pre-requisite to obtaining a restraining order and other injunctive relief.  Section 425.16(e) defines protected activity as: "(1) any written or oral statement or writing made before legislative, executive, or judicial proceeding, or **any other official proceeding authorized by law**[.]" (*Id.* [emphasis added].)  "As set forth in the statute's findings and

15

PLANTE HUGUENIN LAUNI KAHN LLP

declarations, the Legislature's purpose in enacting the anti-SLAPP statute is to 'encourage continued participation in matters of public significance,' which 'should not be chilled through abuse of the judicial process.'" (*Moore v. Rodriguez,* 2021 U.S. Dist. LEXIS 103725, citing § 425.16(a).)  "[T]he central purpose of the statute' is to 'screen[] out meritless claims that arise from protected activity, before the defendant is required to undergo the expense and intrusion of discovery.'" (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 392.)

In order to prevail, the moving party must show that the cause of action arises from the protected activity, and then the burden shifts to the plaintiff to establish "a probability of prevailing on the claim." (*Moore v. Rodriguez, supra,* at 12.)  "Once the two-part test is satisfied, the anti-SLAPP motion operates to strike 'claims that are based on the conduct protected by the statute.'" (*Ibid.*)

Here, Plaintiff's claims against TNHC arise from protected activity.  "Under the statute, '[a] claim arises from protected activity when that activity underlies or forms the basis for the claim.'" (*Moore v. Rodriguez, supra,* at 13, citing *Park v. Bd. of Trustees of Cal. State Univ.*, (2017) 2 Cal.5th 1057, 1062.)  Here, the only allegations against TNHC in support of Plaintiff's claims under the Bane Act and the Ralph Act relate solely to TNHC's cease-and-desist letters.  (SAC at ECF 130, pp. 166-172 and 177-179.)  The remainder of the allegations relate to other Defendants.

Further, the alleged conduct by TNHC (cease-and-desist letters) was "an act in furtherance of the right of petition or free speech." (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78, 124.)  TNHC's letters demanding that Plaintiff cease his harassing behavior and unauthorized entry were served in connection with an "official proceeding authorized by law," namely the pre-litigation procedures set forth in California Civil Code section 910, and in furtherance of the exercise of TNHC's constitutional right of petition or free speech. (Cal. Code Civ. Proc. § 425.16(e)(2) and (4).)  Though predating the formal filing of a lawsuit, the statute

16

specifically declares that a Notice of Claim under Civil Code section 910 "shall have the same force and effect as a notice of commencement of a legal proceeding." (Cal. Civ. Code § 910(a).)  In addition, pre-litigation events qualify as official proceedings when they "concern the subject of the dispute and [are] made in anticipation of litigation contemplated in good faith and under serious consideration." (*RGC Gaslamp, LLC v. Ehmcke Sheet Metal, Co*. (2020) 56 Cal.App.5th 413, 428; *see also Bel Air Internet, LLC v. Morales* (2018) 20 Cal.App.5th 924 [finding that communications preparatory to bringing action "are within the scope of protected conduct" under section 425.16].)

Similarly, *People ex rel. Fire Insurance Exchange v. Anapol* held that "satisfaction of the statutory prerequisite is considered to constitute protected prelitigation conduct." (*People ex rel. Fire Insurance Exchange v. Anapol* (2012) 211 Cal.App.4th 809, 824.)  Thus, the anti-SLAPP statute applies to actions where a party must first serve a document before commencing litigation. (*Birkner v. Lam* (2007) 156 Cal.App.4th 275, 282 [finding that a termination notice, served as a legal prerequisite to an unlawful detainer action, was protected]; *Salma v. Capon* (2008) 161 Cal.App.4th 1275, 1285 [finding that a notice of rescission, served as a legal prerequisite to a rescission action, was protected].)  Conduct that compels litigation may also suffice, as in *Bel Air Internet*—there, the complaint alleged contractual interference where defendants actively advised and encouraged Bel Air employees to quit and "pursue employment-related lawsuits." (*Bel Air Internet, LLC v. Morales, supra*, 20 Cal.App.5th, at p. 942; *see also Aronson v. Kinsella* (1997) 58 Cal.App.4th 254, 270–71 [holding that an attorney's demand letter sent to an opposing party was a protected prelitigation communication].)  Accordingly, as notice is a legal prerequisite to obtaining a preliminary injunction or a temporary restraining order, TNHC's cease-and-desist letters – which provide such notice – are protected. (*Pacific Decision Sciences Corp. v. Superior Court* (2004) 121 Cal.App.4th 1100, 1110 ["Prior notice is always required before the court issues a

17

preliminary injunction. (§ 527, subd. (a.)].")  "Even a temporary restraining order requires prior notice unless … irreparable injury will result … and even under that circumstance, informal notice is required except under the most extreme circumstances."  (*Ibid;* citing § 527, subd. (c).)

Plaintiff alleges that TNHC interfered with his constitutional rights by threat, intimidation, or coercion when TNHC served cease-and-desist letters pertaining to his harassing behavior and unauthorized entry on TNHC's construction site.  (SAC at ECF 130, pp. 104-15; PE 133 at ECF 130-4, pp. 132-133; PE 205 at ECF 130-7, pp. 25-26; PE 218 at ECF 130-7, pp. 168-169; PE 225 at ECF 130-7, 214-215; and PE 285 at 130-10, pp. 73-74.)  TNHC's cease-and-desist letters were served in connection with pre-litigation proceedings under Title 7 and/or were served as a legal prerequisite to obtaining an injunction or restraining order, and therefore are protected under the anti-SLAPP statute.  None of the exemptions to the anti-SLAPP statute apply.  (*Moore v. Rodriguez, supra,* at 15.)

Plaintiff's claim under the Ralph Act is based on the same conduct – cease-and-desist letters – and thus likewise involve protected activity.  Like the Bane Act, in order to prevail on a Ralph Act Claim, Plaintiff must prove that (1) TNHC committed or threatened violence against the Plaintiff; (2) TNHC was motivated by its perception of the Plaintiff's protected class; (3) the Plaintiff was harmed; and (4) TNHC's conduct was a substantial factor in causing that harm.  (*Doe v. Priyanka* (2006) 814 F. Supp. 3d 1073, 1090.)  Courts require "violence" to involve "some physical, destructive act," and that "economic coercion" and "character assassination" do not constitute violence within the meaning of the Ralph Act.  (*Id.* at 1090.)

In support of his Ralph Act Claim, Plaintiff alleges that all of the named Defendants "issued or orchestrated false and retaliatory accusations, including claims of trespass and harassment" that resulted in the issuance of eight cease-and-desist letters being sent to Plaintiff by multiple Defendants between May 27, 2025

18

and March 12, 2026.  (SAC, ECF 130, p. 178, lines 3-8.)  Plaintiff further alleges that these cease-and-desist letters "threatened or admitted use of law enforcement action based on false allegations of unlawful or threatening activity committed by Plaintiff."  (*Id*.)  These are the same cease-and-desist letters upon which Plaintiff bases his Bane Act Claim and, for the same reasons, the letters fail to support a violation of the Ralph Act.  TNHC's cease-and-desist letters were an exercise of TNHC's right of petition or free speech and are protected activity under the anti-SLAPP statute because they were served in connection with pre-litigation proceedings under Title 7 and/or were served as a legal prerequisite to obtaining an injunction or restraining order and/or were served in connection with this and other pending litigation/proceedings filed by Plaintiff against TNHC.

TNHC has established prong one of the anti-SLAPP statute and therefore the burden shifts to Plaintiff to demonstrate a likelihood of prevailing on the merits of his claim, which requires a prima facie showing of legal and factual sufficiency to "sustain a favorable judgment."  (*Hilton v. Hallmark Cards* (9th Cir. 2010) 599 F.3d 894, 902 citing *Integrated Healthcare Holdings, Inc. v. Fitzgibbons* (2006) 140 Cal.App.4th 515, 527.)  If plaintiff cannot meet this burden, the anti-SLAPP motion must be granted and Plaintiff's claims must be stricken.

## 2. Plaintiff Cannot Demonstrate A Probability Of Prevailing On The Merits

Plaintiff cannot meet his burden for two reasons.  First, the conduct alleged in support of these claims is subject to the litigation privilege set forth in Civil Code section 47.  Plaintiff's claims under both the Bane Act and the Ralph Act are barred by the litigation privilege under Civil Code section 47, as they are predicated on cease-and-desist letters made in anticipation of litigation and/or during the pendency of litigation.  Because the conduct alleged in support of these causes of action is barred by Civil Code section 47, Plaintiff cannot demonstrate a probability of prevailing under the anti-SLAPP statute.

19

Under Cal. Civ. Code section 47, any publication made in the course of a judicial proceeding is absolutely privileged, regardless of the communicator's motives, morals, ethics, or intent. (Cal. Civ. Code § 47(b); *hiQ Labs, Inc. v. LinkedIn Corp.*, 639 F. Supp. 3d 944, 966 (N.D. Cal. 2022) (the litigation privilege barred plaintiff's claims that were based on a cease-and-desist letter made in anticipation of litigation).) "Any doubt about whether the privilege applies is resolved in favor of applying." (*Ibid*.) The California Supreme Court has emphasized that the privilege should be applied broadly, even if made outside the courtroom. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1057; *Bowen v. Lin* (2022) 80 Cal.App.5th 155, 165.)

Moreover, the privilege applies to any communication "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." (*Geragos v. Abelyan* (2023) 88 Cal.App.5th 1005, 1031, citing *Silberg v. Anderson* (1990) 50 Cal.3d. 205, 212.) The privilege applies regardless of the truth or falsity of the underlying claim motivating the communication. (*Rusheen v. Cohen, supra,* at 1058; see also *Wise v. Thrifty Payless, Inc*. (2000) 83 Cal.App.4th 1296, 1302 [the litigation privilege applies "regardless of the existence of malice or intent to harm"].) In addition, "[t]he litigation privilege has been applied in 'numerous cases' involving 'fraudulent communication or perjured testimony.'…" (*Kenne v. Stennis* (2014) 230 Cal.App.4th 953, 965.)

Even if the allegations of trespass or harassment are entirely unfounded, the threat to invoke law enforcement in contemplation of legal proceedings remains privileged so long as the communication bears some logical relation to the anticipated litigation, and communications with some relation to the judicial proceeding are "absolutely immune from tort liability." (*Rusheen v. Cohen, supra* at 1057 citing *Rubin v. Green* (1993) 4 Cal.4th 1187, 1193 and *Bowen v. Lin,*

20

PLANTE HUGUENIN LAUNI KAHN LLP
PH LK

*supra,* at 165.) This is relevant to the second step in the anti-SLAPP analysis because it is a substantive defense the nonmoving party must overcome to demonstrate a probability of prevailing. (*Bowen v. Lin, supra*, at 165; *See also Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 926–927 [where the plaintiff's defamation action was barred by Civil Code section 47, subdivision (b), the plaintiff cannot demonstrate a probability of prevailing under the anti-SLAPP statute]; *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 783–785 [the defendant's prelitigation communication privileged and trial court therefore did not err in granting motion to strike under the anti-SLAPP statute].) "Any doubt about whether the privilege applies is resolved in favor of the privilege." (*Ibid*.)

Here, all of TNHC's cease-and-desist letters were made in anticipation of litigation. Further, the most recent cease-and-desist letter was made in the course of this judicial proceeding as well as Mr. Gu's various other judicial proceedings and are therefore absolutely privileged under Civil Code section 47. Thus, the litigation privilege prohibits Plaintiff from bringing a claim against TNHC for such conduct. As Plaintiff's claims against TNHC are based solely on the privileged cease-and-desist letters, Plaintiff cannot overcome TNHC's substantive defense of privilege to demonstrate the probability of prevailing and therefore cannot meet the second prong of the anti-SLAPP analysis.

Second, even if the conduct alleged is not protected under the litigation privilege (it is), Plaintiff has not and cannot allege the required elements to support these claims. The Bane Act requires a showing that a defendant, by threats, intimidation, or coercion, interfered with the plaintiff's legal right. (*Scalia v. Cnty. of Kern* (2018) 308 F.Supp.3d 1064, 1079.) Similarly, a Ralph Act Claim requires a showing that a defendant, by threats of violence motivated by the victim's actual or perceived protected characteristics (including race, national origin, religion, sex, sexual orientation, disability, political affiliation, or position

21

PLANTE HUGUENIN
LAUNI KAHN LLP

in a labor dispute) that resulted in harm to the plaintiff.  (Cal. Civ. Code § 51.7 and *Doe v. Priyanka*, supra, at 1090.)  As set forth below, Plaintiff does not even come close to meeting either of these standards.  TNHC's cease-and-desist letters cannot and do not constitute threats of violence, intimidation, or interference.  They simply place Plaintiff on notice that TNHC may exercise its legal rights – a legal prerequisite to seeking an injunction or restraining order.

### B.  Plaintiff Fails to State a Claim Under the Bane Act

Notwithstanding that TNHC's cease-and-desist letters are protected activity under the anti-SLAPP statute, Plaintiff has not and cannot plead facts sufficient to support his Bane Act Claim.  To plead a cause of action under the Bane Act, the plaintiff must show "(1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 67.)  Not a single allegation in Plaintiff's SAC (which is 3,103 pages with exhibits) comes remotely close to meeting these elements.

In order to establish a violation of the Bane Act, Plaintiff must satisfy five elements: (1) TNHC interfered with or attempted to interfere with his constitutional or statutory right by threatening or committing violent acts; (2) Plaintiff reasonably believed that TNHC would commit violence; (3) TNHC injured Plaintiff or his property to prevent him from exercising his right or to retaliate for having exercised his right; (4) he was harmed; and (5) TNHC's actions were a substantial factor in causing his harm. (*Moore v. Rodriguez, supra,* at 15-16, citing *Austin B. v. Escondido Union Sch. Dist.*, supra, at 882.)  Further,

> Civil Code section 52.1, subdivision (k) of the Bane Act states that: 'Speech alone is not sufficient to support an action brought pursuant to subdivision (b) or (c), except upon a showing that the speech itself threatens violence against a specific person or group of persons; and the

person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat.'

(*Animal Protection & Rescue League Inc. v County of Riverside* (2025) 111 Cal.App.5th 914, 921.)  In *Center for Bio-Ethical Reform, Inc. v. The Irvine Co., LLC,* the court refused to grant damages under the Bane Act, stating that:

Communicating in writing or otherwise that a person will be treated as a trespasser and removed from property should they choose to engage in certain activities does not amount to the 'egregious interference[]' contemplated by the statute. [Citation]; see Civ. Code, § 52.1, subd. (k) ['Speech alone is not sufficient to support an action … except upon a showing that the speech itself threatens violence against a specific person or group of persons; and [that such] person or group of persons … reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat'].)

(*Ibid.,* citing *Center for Bio-Ethical Reform, Inc. v. The Irvine Co., LLC* (2019) 37 Cal.App.5th 97, 115.)  Further, "threatening to arrest a protestor for trespass is speech alone and is insufficient to constitute a threat of violence under Civ. Code, § 52.1, subd. (k)]."  (*Ibid*; see also *Doe v. State of California* (2017) 8 Cal.App.5th 832, 842, 844 [a threat of arrest is insufficient for Bane Act liability where plaintiff does not allege independently threatening, coercive or intimidating conduct].)  Likewise, TNHC's cease-and-desist letters are not a sufficient basis for Bane Act liability.

Plaintiff fails to allege any facts whatsoever that TNHC interfered with or

23

DEFENDANTS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

attempted to interfere with his constitutional or statutory right by threatening or committing violent acts by sending him cease-and-desist letters – nor can he.  The Bane Act requires a showing that a defendant, **by threats, intimidation, or coercion**, interfered with the plaintiff's legal right.  (*Scalia v. Cnty. of Kern*, (2018) 308 F. Supp. 3d 1064, 1079 [emphasis added].)  Yet, despite the voluminous SAC and its 287 exhibits, Plaintiff's entire factual and legal basis for his claims against TNHC are distilled into a summary of vague and conclusory allegations against *all* the named Defendants – and the only conduct asserted against TNHC is its cease-and-desist letters which were served to protect TNHC's rights.  (SAC, ECF 130, pp.166-172.)  Plaintiff provides no basis on which TNHC's cease-and-desist letters or a request that he refrain from forming business entities with names similar to TNHC amounts to unlawful threats, intimidation, or coercion.  He offers no plausible theory whatsoever – nor could he – that TNHC's efforts to protect its rights somehow deprived him of a protected right.

Accordingly, even if the cease-and-desist letters do not constitute protected activity (they clearly do), Plaintiff has not stated and cannot state a claim under the Bane Act against TNHC.

### C.    Plaintiff Fails to State a Claim Under the Ralph Act

Plaintiff's Ralph Act Claim arises out of Civil Code section 51.7 which provides that all persons in California have "the right to be free from any violence, or intimidation by threat of violence," committed against person or property because of race, national origin, religion, sex, or political affiliation (among other things).  (Cal. Civ. Code § 51.7.)  This statute, along with the Bane Act, was enacted to "provide a civil remedy for hate crimes."  (*D.C. v. Harvard-Westlake Sch.* (2009) 176 Cal.App.4th 836, 844; accord *Ramirez v. Wong* (2010) 188 Cal.App.4th 1480, 1486.)

To state a claim under the Ralph Act, Plaintiff must demonstrate that: (1) the defendant committed violence or threatened violence against the plaintiff; (2) the

24

PLANTE HUGUENIN LAUNI KAHN LLP
PH LK

violence or threat was motivated by the plaintiff's actual or perceived protected class; and (3) the plaintiff suffered harm as a result.  (*Doe v. Priyanka, supra*, at 1090.)  Plaintiff's sole support for this cause of action are TNHC's cease-and-desist letters, which Plaintiff alleges were "calculated to, and did, interfere with Plaintiff's lawful rights" to: (a) document construction conditions; (b) document entity irregularities; (c) request contractor information from public agencies; (d) report violations to the California CSLB and other regulators; and (e) petition government officials for redress of grievances.  (SAC at ECF 130, p. 178:8-12.)

Plaintiff alleges that Defendants' conduct was undertaken because of "Plaintiff's political affiliation—specifically his role as an advocate for government oversight, his political grievances regarding municipal corruption, and his protected investigations of construction activity and entities."  (SAC at ECF 130, p. 178:13-16.)  Plaintiff further alleges that Defendants' conduct was "undertaken with the specific intent to chill and deter Plaintiff's oversight and advocacy" that by invoking the police and refusing to engage in good-faith dialogue, Defendants demonstrated a concerted campaign of intimidation by threat of violence (state sanctioned force).  (SAC at ECF 130, p. 178:18-179:3.)

Plaintiff's Ralph Act Claim fails for two reasons: (1) TNHC neither committed nor threatened violence; and (2) Plaintiff has not presented any evidence, nor can he, that TNHC took any action due to his purported political affiliation, or even that TNHC was even aware of his purported political affiliation.

### 1. Speech Alone Cannot Support A Cause of Action Under Civil Code Section 51.7

Plaintiff has not alleged, and cannot allege, that TNHC committed nor threatened violence.  The Ralph Act requires "violence or intimidation by threat of violence."  (Cal. Civ. Code § 51.7(a).)  The plain meaning of violence clearly involves some physical, destructive act.  (*Campbell v. Feld Entm't, Inc.* (2014) 75 F.Supp.3d 1193, 1206 citing *OSJ PEP Tenn. LLC v. Harris*, 2014 U.S. Dist.

25

LEXIS 142822.)  Plaintiff does not allege that TNHC committed violence, nor can he.

Further, speech alone is insufficient to support a Ralph Act claim unless it constitutes <u>a credible threat of violence that reasonably instills fear of physical harm</u>.  (*Animal Protection & Rescue League, Inc. v. Cnty of Riverside* (2025) 111 Cal.App.5th 914, 921.)  Here, Plaintiff does not allege any fear of physical harm based on TNHC's cease-and-desist letters – nor can he.  The cease-and-desist letters did not in any way, shape, or form threaten physical harm.

An example of physical harm can be found in *Winarto v. Toshiba Am. Elecs. Components, Inc.* (2001) 274 F.3d 1276, where the Ninth Circuit found sufficient evidence to support a jury's finding of violence under the Ralph Act where the trial had established beyond dispute that the defendant had kicked the plaintiff at least once.  (*Id.*, at 1289.)  The court further found that sufficient evidence of a threat of violence existed where plaintiff's co-worker, a defendant, had "kicked her or feigned kicking her on many other occasions," and where he had once "approached plaintiff from behind in a stairwell, and threatened her, saying, 'chick, you better walk faster or I am going to hurt you again.'" (*Id.* at 1289-1290; *see also Rodriguez v. Cnty. of Contra Costa* 2013 U.S. Dist. LEXIS 158511 [finding plausible allegations of violence under the Ralph Act where defendants' officers arrived on scene with their guns drawn, while at the same time taunting plaintiff and insulting him and ordering him to remain on the ground as he was being viciously attacked by a police dog].)

By contrast, in *Corales v. Bennett*, (9th Cir. 2009) 567 F.3d 554, 564, 570-71, the Ninth Circuit rejected the Ralph Act claims of middle school students against their vice principal on the basis that the vice principal "did not express any intent to commit any act of unlawful violence or to inflict bodily harm upon the students." (*Id.* at 564.)  The court held that the vice principal's threats of "police involvement, a $250 fine, and a juvenile hall sentence" for the students' truancy

26

were insufficient to survive summary judgment. (*Id*. at 559, 571; *see also Ramirez v. Wong*, (2010) 188 Cal.App.4th 1480, 1486 [finding "no 'threat of violence' without some expression of intent to injure or damage plaintiffs or their property"].)

Likewise, Plaintiff has not alleged any conduct by TNHC which expressed any intent whatsoever to injure or damage Plaintiff or his property. Rather, he alleges that (1) an individual threatened to call the police when Plaintiff appeared at TNHC's construction site on March 3, 2026 (SAC, p. 129-131, ¶¶ 849-864); and (2) TNHC's cease-and-desist letters contain the following statements:

- TNHC reserves the right to pursue all appropriate corrective actions, including injunctive relief, restraining orders, and both civil and criminal penalties. (PE 133, ECF 130-4, pp. 132-134, PE 205 at ECF 130-7, pp. 25-26; PE 218 at ECF 130-7, pp. 168-169; PE 225 at ECF 130-7, 214-215; and PE 285 at 130-10, pp. 73-74.)
- If you continue to trespass on TNHC's property and harass TNHC's contractors, legal action may be taken against you and you may be subject to both civil and criminal penalties. (*Id*.)

Further, even if one interprets the above language as "threatening," a threat to call the police, standing alone, does not constitute "violence" or a direct "threat of violence" in the physical sense and thus cannot support a claim under the Ralph Act. In *Animal Protection & Rescue League, Inc. v. County of Riverside* (2025) 111 Cal.App.5th 914, 919, the court held that:

> In considering whether Davies's Ralph Act claim should have survived demurrer, we consider whether an officer's "threat" to arrest someone constitutes violence. Davies contends that the threat of false arrest is a threat of violence, but as noted in *Ramirez v. Wong* (2010) 188 Cal.App.4th 1480, 1486 [116 Cal. Rptr. 3d 412]

27

(Ramirez), HN4 "[t]here can be no 'threat of violence' without some expression of intent to injure or damage plaintiffs or their property." The question becomes whether Leso's alleged stated intention to arrest Davies constitutes an expression of intent to injure her. We conclude it does not.

(*Ibid.; See also Moreno v. Town of Los Gatos* (9th Circ. 2008) 267 Fed.Appx. 665-667 ["an arrest or threat of arrest alone does not necessarily involve violence or a threat of violence" for purposes of the Ralph Act.].)

The Ralph Act requires a physical or destructive act. A threat to invoke governmental process—even if motivated by animus—does not meet that threshold unless accompanied by additional conduct amounting to a credible threat of physical harm. (*Doe v. Priyanka, supra*, at 1090 and *Animal Protection v. County of Riverside, supra*, at 919.)

There are no threats of violence whatsoever in TNHC's cease-and-desist letters and there are absolutely no statements that would be considered sufficient to "instill fear" of physical violence in the Plaintiff. Further, Plaintiff does not (and cannot) allege any physical act by TNHC that could be interpreted as a credible threat of causing physical harm. Plaintiff's Ralph Act Claim therefore fails to state a claim upon which relief can be granted and must be dismissed.

**2. Plaintiff Has Not Alleged, Nor Can He Allege, Discriminatory Motive**

Plaintiff cannot prove that TNHC's cease-and-desist letters were issued for a "discriminatory" purpose; i.e., to punish Plaintiff for his "political affiliation." TNHC's cease-and-desist letters are not based on Plaintiff's purported "political affiliation" as there is no reference whatsoever to any perceived political affiliation. Plaintiff has not alleged, nor can he, that TNHC knew or perceived his purported political affiliation. Moreover, the cease-and-desist letters requested that

28

he refrain from entering TNHC's construction site and from speaking with TNHC's employees.  TNHC did not ask him to stop taking photographs, seeking redress, submitting public records requests, or any other legal activity which is unrelated to his unauthorized entry onto TNHC's property or perceived harassment of TNHC's employees.

## VI.   AMENDMENT WOULD BE FUTILE

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment.  (Fed. R. Civ. P. 15(a); *Archer v. NBCUniversal Media, LLC* 794 F.Supp.3d 716, 720 citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).)  "Leave to amend may be denied when 'the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'"  (*Ibid.* citing *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).) Thus, leave to amend is properly denied when amendment would be futile.  (*Ibid.* citing *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) [the court should freely give leave to amend when justice so requires, but it is properly denied, however, if amendment would be futile].)

Here, there are no facts that Plaintiff can plead that would be sufficient to support a claim under either the Bane Act and the Ralph Act.  Moreover, as the conduct alleged in support of Plaintiff's claims against TNHC relate solely to cease-and-desist letters, his claims arise solely out of protected activity.  Accordingly, leave to amend should be denied as amendment would be futile.

## VII.   CONCLUSION

For the foregoing reasons, TNHC respectfully requests that the Court strike Plaintiff's Bane Act Claim and Plaintiff's Ralph Act Claim pursuant to Cal. Civ. Proc. Code § 425.16, and award TNHC its legal fees incurred in this matter under Cal. Civ. Proc. Code section 425.16(c), or, in the alternative, dismiss Plaintiff's Bane Act Claim and

29

Plaintiff's Ralph Act Claim pursuant to Fed. R. Civ. P. 12(b)(6), and order whatever further relief the Court deems just.

Dated:  July 13, 2026                          PLANTE HUGUENIN LAUNI KAHN LLP


                                        By:  /s/ *Melanie S. Woodfin*
                                             Brian C. Plante
                                             Melanie S. Woodfin
                                             Rae Richardson
                                        Attorneys for Risewell Homes Inc.; The New Home Company Southern California LLC; and TNHC Realty and Construction Inc.


## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Risewell Homes Inc., The New Home Company Southern California LLC, and TNHC Realty and Construction Inc., certifies that this brief contains 6573 words, which:

☒ complies with the word limit of L.R. 11-6.1.


Dated:  July 13, 2026                          PLANTE HUGUENIN LAUNI KAHN LLP


                                        By:  /s/ *Melanie S. Woodfin*
                                             Melanie S. Woodfin
                                             Rae Richardson
                                        Attorneys for Risewell Homes Inc.; The New Home Company Southern California LLC; and TNHC Realty and Construction Inc.

DEFENDANTS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT