PLANTE HUGUENIN LAUNI KAHN LLP
BRIAN C. PLANTE, State Bar No. 175585
  *bplante@phlklaw.com*
MELANIE S. WOODFIN, State Bar No. 245616
  *mwoodfin@phlklaw.com*
RAE RICHARDSON, State Bar No. 183932
  *rrichardson@phlklaw.com*
18100 Von Karman Ave., Suite 700
Irvine, California 92612
Telephone: (949) 271-8700
Facsimile: (949) 627-2611

Attorneys for Risewell Homes Inc.; The New Home Company Southern California LLC; and TNHC Realty and Construction Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GU,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF IRVINE, et al.,<br><br>          Defendants. | CASE NO. 8:25-cv-02134-VBF-DSR<br><br>JUDGE:     Valerie Baker Fairbank<br><br>**DEFENDANTS' GOOD FAITH CONSULTATION CERTIFICATE**<br><br>*Filed concurrently with Notice and Motion to Compel; Declarations of Melanie Woodfin and Lori Michel; Exhibits; Request for Judicial Notice; and [Proposed] Order*<br><br>**DATE:  August 18, 2026**<br>**TIME:   10:00 a.m.**<br><br>**Magistrate Judge: Daniel S. Roberts** |

In accordance with Rule 7-3 of the Local Rules of the Central District of California, undersigned counsel certifies that she has attempted in good faith to resolve the issues addressed in Risewell Homes Inc., The New Home Company Southern California LLC, and TNHC Realty and Construction Inc.'s (collectively,

1

PLANTE HUGUENIN
LAUNI KAHN LLP

"TNHC") Motion to Dismiss and Motion to Strike, and, in the alternative if the Motion to Strike and Motion to Dismiss are not granted, Motion to Compel Arbitration (collectively, "Motions"), but the parties have been unable to resolve the issues.

Specifically, on June 9, 2026, undersigned counsel had a telephone conversation with Plaintiff Jeffrey Gu ("Plaintiff") regarding his Second Amended Complaint ("SAC"). In connection with that discussion, we also discussed that TNHC intended to file a motion to dismiss the SAC and a motion to compel arbitration after the SAC was filed with respect to Plaintiff's claims under the Bane Act and the Ralph Act. The parties discussed the Motions and argued their respective positions regarding the Motions, but were unable to resolve the dispute or otherwise reach an agreement. This conversation was memorialized in email correspondence to Plaintiff on June 30, 2026, a copy of which is attached hereto as Exhibit 1. Thus, despite TNHC's counsel's good faith efforts, the parties were unable to reach an agreement regarding the issues raised in the Motions.

Accordingly, undersigned counsel certifies that she has attempted to and has in fact consulted in good faith with Plaintiff regarding the issues addressed in TNHC's Motions and that the parties have been unable to resolve the issues.

Dated: July 13, 2026                    PLANTE HUGUENIN LAUNI KAHN LLP


By: */s/ Melanie S. Woodfin*
    Brian C. Plante
    Melanie S. Woodfin
    Rae Richardson
Attorneys for Risewell Homes Inc.; The New Home Company Southern California LLC; and TNHC Realty and Construction Inc.

2
GOOD FAITH CONSULTATION CERTIFICATE

# Exhibit 1

| | |
|---|---|
| **From:** | Jeffrey Gu <jeffwgu@gmail.com> |
| **Sent:** | Tuesday, June 30, 2026 8:46 AM |
| **To:** | Melanie Woodfin |
| **Cc:** | Brian Plante; Lisa Truesdell; Rae Richardson; Janelle Launi |
| **Subject:** | Re: Jeffrey Gu v. City of Irvine et al SAC |

Hi Ms. Woodfin,

Yes, from our previous communications, I understood you would also be filing the motion to compel arbitration again.

I would like to bring your attention to a specific subsection of the Ralph Civil Rights Act:

> 51.7(c)(4) Any waiver of any legal right, penalty, remedy, forum, or procedure for a violation of this section that is required as a condition of entering into a contract for goods or services shall be deemed involuntary, unconscionable, against public policy, and unenforceable. This subdivision does not affect the enforceability or validity of any other provision of the contract.

And The Bane Act:

> 51.1(m) The rights, penalties, remedies, forums, and procedures of this section shall not be waived by contract except as provided in Section 51.7.

Since the statutory language is quite clear, I do not believe it would be fruitful to attempt to compel arbitration.

-Jeffrey

On Tue, Jun 30, 2026 at 11:23 AM Melanie Woodfin <mwoodfin@phlklaw.com> wrote:

> Mr. Gu,
>
> As you know, our responsive pleading deadline to the Second Amended Complaint ("SAC") is July 6, 2026. In connection with your Motion for Leave to Amend the First Amended Complaint ("Motion"), you and I had a lengthy discussion regarding our position that your causes of action against the TNHC entities are not viable (and we have previously met and conferred regarding your Bane Act cause of action in connection with our initial Motion to Dismiss). We also discussed our position regarding the new Ralph Act claim and asked that you reconsider and remove that cause of action. You disagreed with our position. We agreed to stipulate to allow you to amend the complaint, while reserving our right to move to dismiss it. As we have discussed, we intend to move to dismiss your SAC on substantially the same grounds as our initial Motion to Dismiss and based on our position that we discussed with you during our telephone conversation relating to your proposed Motion. Should you wish to further meet and confer, please let me know. I understand that your position has not changed, based on our previous conversations.

In addition, we previously met and conferred regarding TNHC's Motion to Compel Arbitration ("MTC") prior to filing it, which the Court vacated due to the filing of your SAC.  We plan to refile the MTC, which will be brought on the same bases as our original MTC.  Please let me know if your position has changed, or if you would like to further meet and confer regarding our MTC.  We intend to refile it at the same time as our Motion to Dismiss the SAC.

Thank you,



**Melanie S. Woodfin,** Partner

**Plante Huguenin Launi Kahn LLP**

PHOENIX/IRVINE/DENVER

Office   (949) 271-8700

Mobile (310) 482-7869

mwoodfin@phlklaw.com

www.phlklaw.com

*Licensed in Arizona, California, Colorado, and Washington*

Please consider the environment before printing this e-mail.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such, is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify Melanie Woodfin immediately by e-mail, at mwoodfin@phlklaw.com, and delete the original message.

**From:** Jeffrey Gu <jeffwgu@gmail.com>
**Sent:** Wednesday, June 10, 2026 6:35 PM
**To:** Melanie Woodfin <mwoodfin@phlklaw.com>
**Cc:** Brian Plante <bplante@phlklaw.com>; Lisa Truesdell <LTruesdell@phlklaw.com>; Rae Richardson <rrichardson@phlklaw.com>; Janelle Launi <Jlauni@phlklaw.com>
**Subject:** Re: Jeffrey Gu v. City of Irvine et al SAC

I understand, thank you Ms. Woodfin. Once I submit this SAC, we will start this motion process again either way.

Once I have a stipulation I will circulate it.

On Wed, Jun 10, 2026 at 7:35 PM Melanie Woodfin <mwoodfin@phlklaw.com> wrote:

Mr. Gu,

While we believe that the causes of actions against the TNHC entities are not viable and/or relate to protected speech (and thus subject to the anti-SLAPP statute), the TNHC entities will not oppose your motion for leave to file the Second Amended Complaint that you provided during the meet and confer process.

If all parties are stipulating, kindly provide us with a draft stipulation.

Thank you,



**Melanie S. Woodfin,** Partner

**Plante Huguenin Lebovic Kahn LLP**

PHOENIX/IRVINE/DENVER

Office   (949) 271-8700

3

Mobile (310) 482-7869

mwoodfin@phlklaw.com

www.phlklaw.com

*Licensed in Arizona, California, Colorado, and Washington*

Please consider the environment before printing this e-mail.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such, is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify Melanie Woodfin immediately by e-mail, at mwoodfin@phlklaw.com, and delete the original message.

**From:** Jeffrey Gu <jeffwgu@gmail.com>
**Sent:** Tuesday, June 9, 2026 10:55 AM
**To:** Melanie Woodfin <mwoodfin@phlklaw.com>
**Cc:** Brian Plante <bplante@phlklaw.com>; Lisa Truesdell <LTruesdell@phlklaw.com>; Rae Richardson <rrichardson@phlklaw.com>; Janelle Launi <Jlauni@phlklaw.com>
**Subject:** Re: Jeffrey Gu v. City of Irvine et al SAC

I understand, thank you Ms. Woodfin. And again, both BHA and Toll Brothers have agreed to either stipulate or not oppose.

And to be clear, the wording of this Ralph Act section states this, with my emphasis:

(b)(1) All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation, or on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51, or position in a labor dispute, or because another person

4

perceives them to have one or more of those characteristics. *The identification in this subdivision of particular bases of discrimination is illustrative rather than restrictive.*

On Tue, Jun 9, 2026 at 1:50 PM Melanie Woodfin <mwoodfin@phlklaw.com> wrote:

Mr. Gu,

Thank you for discussing your proposed motion and SAC with me today.   I am considering the points that you raised and will be in touch shortly.  I ask that you please hold off on filing your motion for two days.  I will be back in touch before then.



**Melanie S. Woodfin,** Partner

**Plante Huguenin Lebovic Kahn LLP**

PHOENIX/IRVINE/DENVER

Office   (949) 271-8700

Mobile (310) 482-7869

mwoodfin@phlklaw.com

www.phlklaw.com

*Licensed in Arizona, California, Colorado, and Washington*

Please consider the environment before printing this e-mail.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such, is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify Melanie Woodfin immediately by e-mail, at mwoodfin@phlklaw.com, and delete the original message.

5

**From:** Jeffrey Gu <jeffwgu@gmail.com>
**Sent:** Wednesday, June 3, 2026 9:04 AM
**To:** Melanie Woodfin <mwoodfin@phlklaw.com>
**Cc:** Brian Plante <bplante@phlklaw.com>; Lisa Truesdell <LTruesdell@phlklaw.com>; Rae Richardson <rrichardson@phlklaw.com>; Janelle Launi <Jlauni@phlklaw.com>
**Subject:** Re: Jeffrey Gu v. City of Irvine et al SAC

Thank you, Ms. Woodfin.

720-593-1548 is good.

On Wed, Jun 3, 2026 at 11:36 AM Melanie Woodfin <mwoodfin@phlklaw.com> wrote:

Thanks, Mr. Gu.  Let's do 10:00 a.m. PST on Tuesday.   Lisa will send a calendar invite.  What number should I call?



**Melanie S. Woodfin,** Partner

**Plante Huguenin Lebovic Kahn LLP**

PHOENIX/IRVINE/DENVER

Office   (949) 271-8700

Mobile (310) 482-7869

mwoodfin@phlklaw.com

www.phlklaw.com

*Licensed in Arizona, California, Colorado, and Washington*

Please consider the environment before printing this e-mail.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such, is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify Melanie Woodfin immediately by e-mail, at mwoodfin@phlklaw.com, and delete the original message.

**From:** Jeffrey Gu <jeffwgu@gmail.com>
**Sent:** Wednesday, June 3, 2026 8:34 AM
**To:** Melanie Woodfin <mwoodfin@phlklaw.com>
**Cc:** Brian Plante <bplante@phlklaw.com>; Lisa Truesdell <LTruesdell@phlklaw.com>; Rae Richardson <rrichardson@phlklaw.com>; Janelle Launi <Jlauni@phlklaw.com>
**Subject:** Re: Jeffrey Gu v. City of Irvine et al SAC

I understand, thank you Ms. Woodfin.

A time between 10am - 11:30am Pacific Time on Monday or Tuesday would work great, please let me know.

On Wed, Jun 3, 2026 at 8:41 AM Melanie Woodfin <mwoodfin@phlklaw.com> wrote:

Good morning, Mr. Gu,

I have received your email below and the attachments.  I am traveling through Friday and request that we set up a call early next week to discuss the proposed amendment, so that I am able to first review the proposed amendment before our discussion.  Please provide your availability on Monday and Tuesday.

Thank you,



**Melanie S. Woodfin,** Partner

**Plante Huguenin Lebovic Kahn LLP**

PHOENIX/IRVINE/DENVER

Office   (949) 271-8700

Mobile (310) 482-7869

mwoodfin@phlklaw.com

www.phlklaw.com

*Licensed in Arizona, California, Colorado, and Washington*

Please consider the environment before printing this e-mail.

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such, is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify Melanie Woodfin immediately by e-mail, at mwoodfin@phlklaw.com, and delete the original message.

**From:** Jeffrey Gu <jeffwgu@gmail.com>
**Sent:** Wednesday, June 3, 2026 7:02 AM
**To:** Melanie Woodfin <mwoodfin@phlklaw.com>
**Cc:** Carie Howard <choward@phlklaw.com>; Brian Plante <bplante@phlklaw.com>
**Subject:** Jeffrey Gu v. City of Irvine et al SAC

Hi Ms. Woodfin,

I'd like to please request to stipulate or confer for leave of court to file a Second Amended Complaint. Briefly, the SAC will 1) add new Defendants, namely Irvine Police Officer Emma Olague and City of Irvine employee Kalvin Alvarez, 2) incorporate a police report obtained from the Irvine Police Department 3) include more facts and analysis in the Bane Act cause of action and 4) add a Ralph Civil Rights Act of 1947 cause of action (which includes your clients).

I have attached the new SAC, a redline version, and the new exhibits.

Please let me know if it'd be possible to stipulate or confer this week.

-Jeffrey

9

**12**