THE KNEAFSEY FIRM, INC.
SEAN M. KNEAFSEY (SBN 180863)
skneafsey@kneafseyfirm.com
707 Wilshire Boulevard, Suite 3700
Los Angeles, California 90017
Phone: (213) 892-1200
Fax: (213) 892-1208

THE LAW OFFICES OF JEREMY PASTERNAK, A.P.C.
JEREMY PASTERNAK (SBN 181618)
jdp@pasternaklaw.com
MARGARET P. CROWLEY (SBN 358812)
mc@pasternaklaw.com
100 Bush Street, Suite 1580
San Francisco, California 94104
Phone: (4115) 693-0300
Fax: (415) 693-0393

Attorneys for Defendant
BERT L. HOWE & ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GU, an individual, | Case No.: 8:25-CV-02134-VBF-DSR |
| Plaintiff, | *[Assigned for all purposes to Magistrate Daniel S. Roberts]* |
| vs. | |
| CITY OF IRVINE; JESSICA SANDERS; JEFFREY MELCHING; TRINITY PHAM; WILLIAM GO; IRVINE POLICE DEPARTMENT; OFFICERS JANE & JOHN DOE (1-10); THE NEW HOME COMPANY, INC.; THE NEW HOME COMPANY SOUTHERN CALIFORNIA LLC; TNHC REALTY AND CONSTRUCTION INC.; BERT L. HOWE & ASSOCIATES, INC.; TOLL BROTHERS, INC.; TB PROPERITEARY CORP.; TOLL SOUTHWEST LLC, | **DEFENDANT BERT L. HOWE & ASSOCIATES, INC.'S MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR <u>ONE DAY EXTENSION</u> TO FILE RESPONSE TO PLAINTIFF'S SECOND AMENDED COMPLAINT TO RESPONSIVE PLEADING TO JULY 21, 2026** |
| Defendants. | <u>**Current Response Date:**</u> **July 20, 2026** |
| | <u>**Proposed New Response Date**</u>**: July 21, 2026** |
| | *[Filed concurrently with Notice and Declaration of Sean M. Kneafsey]* |
| | Action Filed: October 8, 2025 |

DEFENDANT BERT L. HOWE & ASSOCIATES, INC.'S MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR ONE DAY EXTENSION TO FILE RESPONSIVE PLEADING TO JULY 21, 2026

## I.       INTRODUCTION

Defendant Bert Howe & Associates, Inc. ("BHA") brings this ex parte application for a one-day extension to file its response to Plaintiff's Second Amended Complaint ("SAC") on July 21, 2026.

BHA brings this ex parte application because the parties did not complete their Local Rule 7-3 telephonic meet and confer regarding BHA's Rule 12(b)(6) motion until July 14, 2026, which was six days prior to BHA's July 20, 2026, deadline to file its response to Plaintiff's SAC. Local Rule 7-3 requires the parties to conduct a telephonic meet and confer seven days prior to filing the motion.

Counsel for BHA recognizes the Court's significant workload and apologizes to the Court for having to resolve this issue which BHA believes should have been resolved without Court intervention.

Notice of this ex parte application was given at approximately 8:10 a.m. on July 14, 2026, in a telephone conference between Plaintiff and BHA's counsel. Plaintiff stated that he would be opposing this ex parte application. BHA counsel followed up with the confirming email and letter attached as Exhibits 1 and 2 respectively. Plaintiff acknowledged receipt in the email attached as Exhibit 3. (Kneafsey Decl., ¶ 10).

## II.      FACTUAL BACKGROUND

Plaintiff filed his SAC on June 15, 2026. (Dkt. 130). The Court subsequently approved the parties' stipulation for BHA to respond to Plaintiff's SAC on Monday, July 20, 2026. (Dkt. 141).

On June 23, 2026, BHA sent Plaintiff a letter requesting a meet and confer conference pursuant to Local Rule 7-3 regarding BHA's anticipated Motion to Dismiss the SAC pursuant to FRCP 12(b)(6) and Special Motion to Strike pursuant to California Code of Civil Procedure section 425.16 ("anti-SLAPP Motion"). BHA informed Plaintiff that BHA would contend in both motions that Plaintiff's SAC in its entirety is barred by the litigation privilege. (Kneafsey Decl., ¶ 3).

- 1 -

DEFENDANT BERT L. HOWE & ASSOCIATES, INC.'S MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR ONE DAY EXTENSION TO FILE RESPONSIVE PLEADING TO JULY 21, 2026

Plaintiff was aware of BHA's position because BHA filed the same motions directed at Plaintiff's First Amended Complaint ("FAC"). (Dkt. 76, 77). In this regard, the parties had previously met and conferred pursuant to Local Rule 7-3 regarding the same issues prior to BHA's filing of the same motions directed at the FAC. (*See* Dkt. 76-3 at ¶ 5; Dkt. 77-2 at ¶ 2; Kneafsey Decl., ¶ 4).

BHA's counsel had also previously informed Plaintiff that BHA believed that the allegations of the SAC did not materially change the allegations of the FAC and that the SAC was defective for the same reasons that the parties had previously discussed and that was set forth in both motions. (Kneafsey Decl., ¶ 5).

On June 23, 2026, Plaintiff responded to BHA's meet and confer request stating that:

> My oppositions will be largely the same, but I will add a
> reference to Civ Code § 47(b)(5) to pierce the privilege
> typically afforded to pre-litigation communications.

(Kneafsey Decl., ¶ 6).

In this regard, the parties had met and conferred in writing regarding the motions and were well aware of each other's respective positions. However, the parties had not yet again discussed the issues via telephone as to the SAC as required by Local Rule 7-3. (Kneafsey Decl., ¶ 7).

On July 14, 2026, BHA's counsel realized that the parties had conducted a telephonic meet and confer. As a result, BHA's counsel contacted Plaintiff's that morning and the two discussed the motions. As anticipated, the parties were unable to reach an agreement thus necessitating the motions. (Kneafsey Decl., ¶ 8).

Plaintiff agreed that the parties' July 14 discussion satisfied the Local Rule 7-3 meet and confer requirement, but he would not agree to extend BHA's deadline to file its Rule 12(b)(6) Motion by one day. In this regard, July 14 was six days prior to BHA's July 20 deadline to file a responsive pleading and Local Rule 7-3 requires that the telephonic meet and confer occur seven days prior to the filing of the motion. (Kneafsey Decl., ¶ 9).

- 2 -

BHA's counsel gave notice in that call that BHA would be filing an ex parte application for a one-day extension to file a responsive pleading. Plaintiff stated that he would be opposing the ex parte application. BHA also sent the follow up email and correspondence attached as Exhibits 1 and 2. Plaintiff acknowledge receipt I the email attached as Exhibit 3. (Kneafsey Decl., ¶ 10).

## III.   DISCUSSION

BHA respectfully requests that the Court grant a one-day extension for BHA to file its Rule 12(b)(6) motion to Tuesday, July 21, 2026, given that the parties Local Rule 7-3 meet and confer did not occur until July 14, 2026.

BHA's counsel recognizes that was BHA's counsel's responsibility to schedule the Local Rule 7-3 telephonic conference and the conference did not occur in advance of the seven-day deadline. However, BHA did not intend to ignore or treat the meet and confer requirement lightly. BHA's counsel initiated the process well in advance of seven-day deadline and the parties had met and conferred in writing. The parties had further previously conducted the same conference as to the motions directed at Plaintiff's FAC.  Further, BHA's counsel diligently conducted the telephonic meet and confer as soon as he realized he was within six days of the deadline to file the 12(b)(6) motion. Further, given that the issues have been previously briefed as to the FAC, the parties were well aware of their respective positions.

The purpose of Local Rule 7-3 is to avoid the filing of unnecessary motions to which the parties should be able to reach agreement. Given the dispositive nature of BHA's Rule 12(b)(6) motion based on the litigation privilege, and the parties prior briefing on the same motions directed at Plaintiff's FAC, this is not a motion where the parties were able to reach an agreement.

Granting this application will serve the interests of party and judicial economy. BHA will also be filing an anti-SLAPP Motion based on the litigation privilege (which is not subject to the same responsive pleading deadline). It will preserve party and judicial resources for both motions to be heard at the same time, rather than requiring BHA to serve some other type of motion seeking the same relief such as a Rule 12(c) motion or a motion for summary judgment. In

- 3 -

addition, it serves the interests of justice for the Court to resolve Plaintiff's action against BHA as a matter of law on this pretrial motion and avoid protracted and unnecessary litigation.

Finally, Plaintiff will not be prejudiced by a one-day extension.

## IV.     CONCLUSION

For the foregoing reasons, BHA respectfully requests that this ex parte application be granted.

DATED: July 15, 2026                                        THE KNEAFSEY FIRM, INC.

*Sean M. Kneafsey*

By _____
SEAN M. KNEAFSEY
Attorneys for Defendant
BERT L. HOWE & ASSOCIATES, INC.

- 4 -

DEFENDANT BERT L. HOWE & ASSOCIATES, INC.'S MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION FOR ONE DAY EXTENSION TO FILE RESPONSIVE PLEADING TO JULY 21, 2026