

July 14, 2026

**VIA EMAIL**
jeffwgu@gmail.com

Jeffrey Gu
2332 N Clay St, Apt 3
Denver, CO 80211

> **Re:** **NOTICE OF EX PARTE APPLICATION FOR ONE DAY EXTENTION TO FILE RESPONSIVE PLEADING TO JULY 21, 2026**
> ***Gu v. City of Irvine, et al.* U.S.D.C. Case No. 8:25-cv-01234-VBF-MAA**

Dear Mr. Gu:

Thank you for speaking with me this morning.  Pursuant to our telephone call of **8:10 a.m.** this morning, I am writing to confirm the oral notice that we provided that Defendant Bert L. Howe & Associates, Inc., (hereinafter "Howe") will be filing an ex parte application for a **one day** extension to July 21, 2026, to file a responsive pleading to Plaintiff's Second Amended Complaint.

Absent an agreement, we will be filing our ex parte application prior to 10:00 a.m. tomorrow, July 15, 2026.  We again respectfully request that you reconsider your position in opposing this ex parte request.

The grounds for this ex parte application is that the parties completed their Local Rule 7-3 meet and confer today, July 14, 2026, regarding Howe's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and Howe's Special Motion to Strike pursuant to California Code of Civil Procedure section 425.16 ("anti-SLAPP Motion").

Local Rule 7-3 requires that the meet and confer be completed seven days prior to the filing of the subject motion.  Howe's current deadline to file a responsive pleading is June 20, 2026.  That deadline applies to the Motion to Dismiss but not the anti-Slapp Motion both of which are based on the litigation privilege.  As a result, the anti-Slapp Motion can be filed on Tuesday, July 21, 2026.

Jeffrey Gu
July 14, 2026
Page 2 of 2

We have asked that you stipulate to the filing of the Motion to Dismiss on Monday, June 20 or June 21, 2026, subject to Court approval.  You have stated that you will not stipulate and will oppose any ex parte application to this effect.

I recognize your position that I should have been more diligent in scheduling the Local Rule 7-3 meet and confer.  Regardless, the purpose of Local Rule 7-3 is to avoid the filing of the motions which should be resolved by mutual agreement.  Here, we are very much in disagreement regarding the merits of both motions.  Both sides are well aware of each other's positions as we filed the same motions as to Plaintiff's First Amended Complaint.  We met and conferred prior to filing those motions and have now meet and conferred again.

I respectfully request that you reconsider your position.  Absent an agreement, will be filing the ex parte application tomorrow morning.

Thank you for your attention to the above.  I am available to discuss further today by telephone if you are willing to reconsider.

Regards,

*Sean M. Kneafsey*

Sean M. Kneafsey

c: Jeremy Pasternak, Esq. (via email only)

**EXHIBIT 2 - PAGE 5**