**Jeffrey Gu**

**jeffwgu@gmail.com**

**2332 N Clay St Apt 3**

**Denver, CO 80211**

**1-720-593-1548**

**Plaintiff Pro Se**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jeffrey Gu,<br>            **Plaintiff**<br>v.<br>City of Irvine et al,<br>            Defendants. | Case No.: 8:25-cv-02134-VBF-DSR<br><br>**OPPOSITION TO EX PARTE** |

**PLAINTIFF'S OPPOSITION BERT L. HOWE AND ASSOCIATES, INC.'S**

**EX PARTE APPLICATION FOR EXTENSION OF TIME**

1

# TABLE OF CONTENTS

TABLE OF CONTENTS....................................................................................1

TABLE OF AUTHORITIES............................................................................ 2

    Cases................................................................................................. 2

    Rules................................................................................................. 2

I. INTRODUCTION.......................................................................................3

II. RELEVANT BACKGROUND...................................................................3

III. ARGUMENT.............................................................................................4

    A. BHA already received accommodation and should not receive further delay......................................................................................... 4

    B. Plaintiff acted in good faith and should not be prejudiced by BHA's delay 4

IV. CONCLUSION...........................................................................................5

**CERTIFICATE OF COMPLIANCE........................................................6**

# TABLE OF AUTHORITIES

**Cases**

Mission Power Eng'g Co. v. Cont'l Cas. Co.,

883 F. Supp. 488 (C.D. Cal. 1995) ........................................................... 5, 6

**Rules**

C.D. Cal. L.R. 7-19 ....................................................................... 4

C.D. Cal. L.R. 7-19.1 ..................................................................... 4

## I. INTRODUCTION

Plaintiff opposes Bert L. Howe & Associates, Inc.'s (BHA) ex parte application for an extension of time. The application should be denied because BHA already obtained a stipulated extension, did not timely confer to file its desired motions, and has not shown the extraordinary circumstances required for ex parte relief. See C.D. Cal. L.R. 7-19, C.D. Cal. L.R. 7-19.1.

## II. RELEVANT BACKGROUND

On ECF No. 129, the Court ordered existing defendants to answer the Second Amended Complaint ("SAC") 21 days after filing of the SAC.

Plaintiff filed the SAC on 6/15/26. See ECF No. 130.

The response deadline therefore was 7/6/26. Plaintiff nevertheless accommodated BHA's request to extend the deadline to 7/20/26.

BHA did not timely reach out to confer until 7/14/26 to file a motion on the original deadline of 7/20/26. Plaintiff has made every reasonable effort to cooperate and avoid unnecessary motion practice, but BHA's request now seeks additional delay without any showing of exigency, irreparable prejudice, or good cause.

## III. ARGUMENT

### A. BHA already received accommodation and should not receive further delay

Plaintiff stipulated to extend BHA's response deadline from 7/6/26 to 7/20/26. That stipulation already gave BHA an additional two weeks beyond the Court-ordered deadline. Having received that accommodation, BHA cannot now use ex parte process to seek more time absent a compelling showing of unforeseen prejudice or impossibility. BHA has made no such showing.

Courts in this District require diligence and good cause in scheduling matters, and they do not reward parties who wait until the eve of the deadline to seek emergency relief. Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488 (C.D. Cal. 1995). BHA's delay is inconsistent with the diligence required for ex parte relief.

### B. Plaintiff acted in good faith and should not be prejudiced by BHA's delay

Plaintiff has acted in good faith throughout and already accommodated a longer timeline to avoid motion practice. Further delay will prejudice Plaintiff by extending the time before the SAC is answered and by rewarding BHA's lack of

diligence. Where a party creates its own emergency, ex parte relief is improper.

*Ibid.*

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny

BHA's ex parte application for extension of time and order it to file an answer.

Respectfully submitted,

_____    July 14, 2026

Jeffrey Gu, Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548

# CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Jeffrey Gu, certifies that this memorandum contains 381 words, which complies with the word limit of L.R. 11-6.1.

_____    July 14, 2026

Jeffrey Gu, Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548