**Jeffrey Gu**

**jeffwgu@gmail.com**

**2332 N Clay St Apt 3**

**Denver, CO 80211**

**1-720-593-1548**

**Plaintiff Pro Se**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Jeffrey Gu,**<br>　　　　**Plaintiff**<br>**v.**<br>**City of Irvine et al,**<br>　　　　**Defendants.** | **Case No.: 8:25-cv-02134-VBF-DSR**<br><br>**NOTICE OF MOTION**<br><br>**DATE: August 18, 2026**<br>**TIME: 10:00 am**<br>**MAGISTRATE JUDGE**<br>**DANIEL S. ROBERTS** |

**NOTICE OF MOTION AND MOTION TO STRIKE TOLL BROTHERS**

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF**

**SUBJECT-MATTER JURISDICTION PURSUANT TO FED. R. CIV. P.**

**12(B)(1)**

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 18, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Daniel S. Roberts in the Edward R. Roybal Federal Building and United States Courthouse, Courtroom 690, 6th Floor located at 255 E Temple St, Los Angeles, CA 90012. Plaintiff Jeffrey Gu will move the Court to strike Toll Brothers, Inc., TB Proprietary Corp., and Toll Southwest LLC's (collectively, Toll Brothers Defendants) Motion to Dismiss, filed on July 8, 2026. See ECF No. 149.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, Request for Judicial Notice, exhibits, the pleadings and records on file in this action, and any matter the Court may properly consider.

## LOCAL RULE 7-3 CERTIFICATION

Pursuant to Local Rule 7-3, Plaintiff Jeffrey Gu hereby certifies that he has in good faith conferred or attempted to confer with counsel for Toll Brothers Defendants, Henry Baskerville, on July 10, 2026, by telephone to discuss the substance of this Motion and to reach a resolution to either withdraw the motion or submit an

answer. <u>See</u> Exhibit 1. Mr. Baskerville did not agree to withdraw or submit an answer, thus necessitating the filing of the present Motion.

_____   July 17, 2026

Jeffrey Gu, Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548

## REQUEST FOR JUDICIAL NOTICE

Plaintiff requests that the Court take judicial notice of the following publicly filed docket entries in <u>Toll Brothers, Inc. et al. v. Gu et al.</u>, No. 1:25-cv-02884-PAB-CYC (D. Colo.) (the Colorado Action), which are matters of public record whose existence, filing dates, and contents can be accurately and readily determined from that court's docket and whose accuracy cannot reasonably be questioned under Fed. R. Evid. 201:

| ECF No. | Description | Date Filed | Exhibit |
|---|---|---|---|
| 17 | Defendant's Answer and Counterclaim | 09/29/2025 | None |
| 28 | Motion for Review Under Local Rule 8.1 and for an Extension of Time to Respond to Defendant's Answer and Counterclaims | 10/07/2025 | Exhibit 2 |

| 49 | Plaintiffs' Response to Defendant's Motion for Entry of Default | 10/22/2025 | Exhibit 3 |
|---|---|---|---|
| 51 | Plaintiffs' Motion to Set Aside Clerk's Entry of Default | 10/22/2025 | Exhibit 4 |
| 93 | Magistrate Judge Cyrus Y. Chung's Minute Order | 11/24/2025 | Exhibit 5 |
| 125 | Motion to Dismiss Jeffrey Gu's Counterclaims | 12/15/2025 | None |
| N/A | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO, LOCAL RULES OF PRACTICE | N/A | Exhibit 6 |

Plaintiffs request judicial notice of these docket entries solely for the existence of the filings, their filing dates, the fact that they were filed in this action, and/or, as to the attached exhibits, for the contents of those public court records. Plaintiff does not request judicial notice of the truth of any disputed factual assertions contained within those filings. Fed. R. Evid. 201(b), (c).

**Supporting Authority**

Federal Rule of Evidence 201 permits judicial notice of adjudicative facts that are not subject to reasonable dispute because they are generally known or can be accurately and readily determined from sources whose accuracy cannot reasonably

4

be questioned. Fed. R. Evid. 201(b). The Court may take judicial notice on its own or on a party's request. Fed. R. Evid. 201(c).

**Purpose of Request**

These docket entries are relevant to Plaintiff's argument regarding Toll Brothers Defendants' repeated procedural noncompliance and the timing of Toll Brothers Defendants' filings.

_____   July 17, 2026

Jeffrey Gu, Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE TOLL BROTHERS DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1)**

**TABLE OF CONTENTS**

**LOCAL RULE 7-3 CERTIFICATION**............................................................... **2**

**REQUEST FOR JUDICIAL NOTICE**..................................................................**3**

   Supporting Authority........................................................................ 4

   Purpose of Request........................................................................... 5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE TOLL BROTHERS DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1)**........................................................... **6**

TABLE OF CONTENTS....................................................................6

TABLE OF AUTHORITIES.............................................................. 7

   Cases.......................................................................................... 7

   Rules.......................................................................................... 7

I. INTRODUCTION......................................................................8

II. FACTUAL BACKGROUND........................................................ 9

   A. Stricken Documents in this Litigation...................................... 9

   B. Misreading of the Local Rules in Colorado................................ 9

III. ARGUMENT........................................................................11

IV. CONCLUSION......................................................................13

**CERTIFICATE OF COMPLIANCE**...............................................................**14**

# TABLE OF AUTHORITIES

**Cases**

Bateman v. U.S. Postal Serv., 231 F.3d 1220 (9th Cir. 2000) .......................... 12-13

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,

    507 U.S. 380 (1993) .............................................................. 11-13

**Rules**

Fed. R. Civ. P. 6(b)(1)(B) ........................................................ 11

Fed. R. Evid. 201 .................................................................. 3-4

C.D. Cal. L.R. 6-1 ............................................................ 8, 9, 12

C.D. Cal. L.R. 7-12 .............................................................. 12

D. Colo. L. Civ. R. 8.1(a) ..................................................... 10-12

# I. INTRODUCTION

Defendants Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp. (collectively, "Toll Brothers Defendants") filed an untimely motion that should be stricken. See ECF No. 149. Their late filing was not the product of excusable neglect, but of a procedural choice they could have avoided by filing earlier and complying with Local Rule 6-1. This is not the first time the Toll Brothers Defendants or their counsel have misread or disregarded local rules; those repeated errors have needlessly consumed judicial resources and undermined judicial economy both in related Colorado proceedings and in this action. Plaintiff should not be forced to litigate around systemic deadline and rule violations that remain entirely within the Toll Brothers Defendants' control.

Although Plaintiff is mindful of the Court's interest in avoiding unnecessary delay, Plaintiff respectfully submits that the Toll Brothers Defendants should not be permitted to unilaterally circumvent a governing deadline through an untimely, deficient filing. Enforcing the Court's scheduling order now will promote, not hinder, judicial economy by curbing further procedural non-compliance and ensuring this case proceeds in an orderly manner.

## II. FACTUAL BACKGROUND

The Plaintiff filed the operative Second Amended Complaint (SAC) on June 16, 2026. See ECF No. 130. Thus, Toll Brothers Defendants' responsive filing was due on July 6, 2026 under the Court's order. See ECF No. 131. Subsequent to that order, the following procedural and factual developments occurred.

### A. Stricken Documents in this Litigation

Toll Brothers Defendants filed a motion to dismiss on July 8, 2026, after the deadline set by Judge Roberts' order for responding to the SAC had already passed. See ECF No. 149. The Clerk of the Court subsequently filed a Notice to Filer of Deficiencies on the same day. See ECF No. 150. Judge Roberts' order plainly gave Toll Brothers Defendants 21 days to respond, which made July 6, 2026 the applicable deadline. See ECF No. 129. Further, this Court has stricken Toll Brothers Defendants' filings for noncompliance with Local Rule 6-1 twice in the past. See ECF Nos. 42, 148.

### B. Misreading of the Local Rules in Colorado

In the Colorado Action, Plaintiff (there, a defendant) filed an Answer and Counterclaim on September 29, 2025, which placed a deadline of October 20,

2025 for Toll Brothers Defendants to respond. <u>See</u> ECF No. 17 (D. Colo.). Shortly thereafter, Toll Brothers Defendants filed a motion seeking review under D. Colo. L. Civ. R. 8.1(a) and an extension of time, requesting that "Gu's Answer and Counterclaims [be] reviewed under Local Rule 8.1(a) and the Federal Rules of Civil Procedure Rule 8." <u>See</u> ECF No. 28 (D. Colo.), at 3, Ex. 2.

The Toll Brothers Defendants insisted in the Colorado Action that their deadline was tolling, stating that

> [c]ontrary to Mr. Gu's representations to the Court (both in his Motion and in his sworn Declaration), Local Rule 8.1(a) does toll the deadline for Plaintiffs to respond to the Counterclaims. Specifically, Local Rule 8.1(a) says, in relevant part:

> > The time for filing an answer or response shall be tolled until the designated judicial officer determines that the pleadings should not be dismissed summarily at which time the judicial officer shall issue an order directing service of the order and the pleadings on the defendant(s) or respondent(s).

<u>See</u> ECF No. 49 (D. Colo.), at 2, Ex. 3. In a later filing, Toll Brothers Defendants also stated that "undersigned counsel [Henry Baskerville] would have explained to him the language in Local Rule 8.1(a) that tolls the time to answer the Counterclaims, and all of this unnecessary motion practice could have been avoided." <u>See</u> ECF No. 51  (D. Colo.), at 3, Ex. 4. They further attempted to reason that "Local Rule 8.1(a) is designed to filter out pleadings like Defendant's

Counterclaims, which are prolix, legally baseless, and crafted to antagonize rather than litigate" and insisted "that Local Rule 8.1(a) automatically tolls the time to respond." *Id*., at 5. Later on, in footnote 4, they muse that "[i]n fact, it appears that the Local Rule 8.1(a) review is supposed to occur immediately upon filing without need for a motion, but Plaintiffs suspect that step likely was missed in this case since the pleading at issue is a counterclaim rather than an original complaint." *Id*., at 7.

Magistrate Judge Cyrus Y. Chung later confirmed that Local Rule 8.1(a) could not be invoked in the manner advanced multiple times by the Toll Brothers Defendants and denied relief to that extent and ultimately ordered them to respond on December 15, 2025, nearly two months after their original deadline to respond. See ECF No. 93 (D. Colo.) at 1, Ex. 5.

**III. ARGUMENT**

The Toll Brothers Defendants' untimely motion should be stricken because it was filed after the judicial deadline, and they have failed to establish excusable neglect. Under Fed. R. Civ. P. 6(b)(1)(B), a party seeking relief from an expired deadline must formally move the court and demonstrate excusable neglect under the equitable framework established in Pioneer Inv. Servs. Co. v. Brunswick Assocs.

Ltd. P'ship, 507 U.S. 380 (1993) and adopted by the Ninth Circuit in Bateman v. U.S. Postal Serv., 231 F.3d 1220 (9th Cir. 2000). Furthermore, Local Rule 7-12 explicitly authorizes this Court to decline to consider documents filed outside the deadlines set by order or local rule.

Moreover, prior to this untimely filing, Toll Brothers Defendants seemingly waited until the final hours of the deadline date to upload a document that was promptly stricken for a rule that they had violated in the past. See ECF Nos. 143, 148. Their repeated failure to comply with the same local rule demonstrates that this is not an isolated oversight but a persistent pattern of avoidable non-compliance. This pattern weighs heavily against a finding of good faith under Pioneer, particularly where Toll Brothers Defendants had prior, explicit notice of a rule they had previously violated, supporting an inference that they were not ignorant of Local Rule 6-1. Pioneer, supra, at 392 ("ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect…").

Additionally, the Toll Brothers Defendants' prior conduct in the Colorado Action reinforces this conclusion. In that action, Toll Brothers Defendants relied on a highly distorted reading of D. Colo. L. Civ. R. 8.1(a) to escape their responsive obligations, successfully stalling that case for nearly two months. This history is

not offered as standalone proof of bad faith; rather, it demonstrates that the Toll Brothers Defendants are sophisticated corporate actors fully on notice of their obligation to comply carefully with federal and local rules. Their repeated inability to do so completely undercuts any claim that the present untimely filing was "excusable" under the core control and good-faith factors of <u>Pioneer</u> and <u>Bateman</u>.

## IV. CONCLUSION

The Toll Brothers Defendants' motion is untimely, and their pattern of misreading, misapplying, and/or disregarding local rules across multiple federal districts cannot be construed as excusable neglect. Plaintiff respectfully requests that the Court strike the Toll Brothers Defendants' untimely Motion to Dismiss and order them to either file an answer or demonstrate excusable neglect in order to file a Motion to Dismiss.

Respectfully submitted,

_____   July 17, 2026

Jeffrey Gu, Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548

## CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Jeffrey Gu, certifies that this memorandum contains

1,177 words, which complies with the word limit of L.R. 11-6.1.

_____     July 17, 2026

Jeffrey Gu, Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548