Case No. 1:25-cv-02884-PAB-CYC    Document 49    filed 10/22/25    USDC Colorado
Case 8:25-cv-02134-VBF-DSR    Document 155    Filed 07/17/26    Page 1 of 5    Page
ID #:9962

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02884-CYC

TOLL BROTHERS, INC., a Delaware
corporation; TOLL SOUTHWEST LLC, a
Colorado limited liability company and TB
PROPRIETARY CORP., a Delaware Corporation

      Plaintiffs,

v.

JEFFREY GU, an individual; TOLL BROTHERS
LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP LLC, a Colorado
Limited Liability Company; TOLL
ARCHITECTURE LLC, a Colorado Limited
Liability Company; TOLL HOLDINGS LLC, a
Colorado Limited Liability Company; TB
PROPRIETARY CORP., a Colorado
Corporation;  TOLL ARCHITECTURE, INC, a
Colorado Corporation; TOLL BROTHERS, INC,
a Colorado Corporation; and TOLL
SOUTHWEST LLC, a Wisconsin Limited Liability
Company

      Defendants.

---

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR ENTRY OF DEFAULT**

---

Plaintiffs Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp.
(collectively, "Plaintiffs"), through undersigned counsel, respectfully submit their
Response to Defendant, Jeffrey Gu's ("Defendant"), Motion for Entry of Default (the
"Motion"), and state as follows:

Case No. 1:25-cv-02884-PAB-CYC    Document 49    filed 10/22/25    USDC Colorado
Case 8:25-cv-02134-VBF-DSR    Document 19-5    Filed 07/17/26    Page 2 of 5   Page
ID #:9963

### Introduction

Defendant Gu's Motion is yet another example of his vexatious behavior. Mr. Gu's Motion misrepresents the facts and circumstances, and once again, despite Magistrate Judge Chung's repeated admonitions, was filed without any conferral whatsoever. The Court should deny the Motion and sanction Mr. Gu for his repeated violations of the Court's explicit direction to confer with undersigned counsel before filing such motions.

### Factual Background and Argument

1.      On October 7, 2025, Plaintiffs filed a Motion under Local Rule 8.1(a) for the Court to review Defendant Gu's Counterclaims, filed a Motion for Extension of Time to Answer Defendant's Counterclaim (the "Local Rule 8.1(a) Motion) (ECF No. 28). The Counterclaims span roughly 100 pages and 1,490 pages of exhibits and are precisely what Local Rule 8.1(a) is designed to prevent.

2.      Contrary to Mr. Gu's representations to the Court (both in his Motion and in his sworn Declaration), Local Rule 8.1(a) does toll the deadline for Plaintiffs to respond to the Counterclaims. Specifically, Local Rule 8.1(a) says, in relevant part:

> The time for filing an answer or response shall be tolled until the designated judicial officer determines that the pleadings should not be dismissed summarily at which time the judicial officer shall issue an order directing service of the order and the pleadings on the defendant(s) or respondent(s).

Local Rule 8.1(a).

3.      In addition to the clear language of Local Rule 8.1(a), Plaintiffs' Local Rule 8.1(a) Motion specifically asked for an extension of time to file a responsive pleading.

Case No. 1:25-cv-02884-PAB-CYC    Document 49    filed 10/22/25    USDC Colorado
Case 8:25-cv-02134-VBF-DSR    Document 155    Filed 07/17/26    Page 3 of 5    Page
ID #:9964

4.    Plaintiffs' Local Rule 8.1(a) Motion was filed prior to the deadline to respond under Fed. R. Civ. P. 12(a)(1)(B), which was October 20, 2025.

5.    Plaintiffs' Local Rule 8.1(a) Motion remains pending before the Court. As such, the deadline to answer or otherwise respond to Defendant's Counterclaims has not yet passed, and Defendant's Motion for Entry of Default is premature.

6.    As noted, once again, Mr. Gu failed to confer with undersigned counsel before filing his motion. This is despite the clear requirements to do so, and despite Magistrate Judge Chung specifically telling Mr. Gu that:

> D.C.COLO.LCivR 7.1(a), which requires the moving party to "confer or make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter."

and that:

> he "is not immune from this requirement"

and that:

> further failure to comply with Court Orders, the Federal Rules of Civil Procedure, the Local Rules of this District, and/or the Court's Practice Standards would interfere with the judicial process and may result in a loss of e-filing privileges or other sanctions.

ECF No. 29.

7.    Defendant's Motion for Entry of Default is yet another example of Defendant Gu's on-going pattern of vexatious litigation behavior[1], as he continues to file frivolous

---

[1] Gu recently filed another rambling and frivolous lawsuit in California (*see* California Complaint, *attached as* Exhibit 1) against Toll, the City of Irvine, various City attorneys and councilmen, the Irvine Police  another homebuilder, a law firm, and a consultant, many of whom who have had to send cease and desist letters against Mr. Gu for his improper and harassing conduct.

Case No. 1:25-cv-02884-PAB-CYC    Document 49    filed 10/22/25    USDC Colorado
Case 8:25-cv-02134-VBF-DSR    Document 55    Filed 07/17/26    Page 4 of 5   Page
ID #:9965

claims, and premature, procedurally deficient motions. The Court should not countenance this behavior. The Motion should be denied. In addition, Mr. Gu should be deemed a vexatious litigant and sanctioned for his continued refusal to comply with the Local Rules and the Court's Orders.

**WHEREFORE**, Plaintiffs respectfully request that the Court denies Defendant's Motion for Entry of Default, review the Counterclaims under Local Rule 8.1(a), allow Plaintiffs to respond to the Counterclaims after the Court's Local Rule 8.1(a) review (to the extent the Counterclaims survive), requires Defendant to seek pre-approval from the Court to file any motions with the Court, and order whatever other relief the Court deems just under the circumstances.

Dated October 22, 2025.

Respectfully submitted,

Fox Rothschild, LLP

*/s/ Henry M. Baskerville*
Henry M. Baskerville
Kiana J. Rugar
1225 17th St., Suite 2200
Denver, CO  80202
303-292-1200
hbaskerville@foxrothschild.com
krugar@foxrothschild.com

*Attorneys for Plaintiffs*

Case No. 1:25-cv-02884-PAB-CYC    Document 49    filed 10/22/25    USDC Colorado
Case 8:25-cv-02134-VBF-DSR    Document 55    Filed 07/17/26    Page 5 of 5    Page
ID #:9966

## CERTIFICATE OF SERVICE

This is to certify that on October 22, 2025, a true and correct copy of
**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR ENTRY OF DEFAULT**
was e-filed via CM/ECF to the following:

Jeffrey GU
2332 North Clay St., Apt. 3
Denver, CO  80211
720-593-1548
jeffwgu@gmail.com
*Pro Se*

*/s/ Rhonda Rudolph*
Rhonda Rudolph