# UNITED STATES DISTRICT COURT

# FOR THE

# DISTRICT OF COLORADO

**\*\*\***

# LOCAL RULES OF PRACTICE



Effective December 1, 2025

*Revised 3/4/2026*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

CHIEF JUDGE DANIEL D. DOMENICO
SENIOR JUDGE JOHN L. KANE
SENIOR JUDGE LEWIS T. BABCOCK
SENIOR JUDGE MARCIA S. KRIEGER
SENIOR JUDGE ROBERT E. BLACKBURN
SENIOR JUDGE WILLIAM J. MARTÍNEZ
SENIOR JUDGE R. BROOKE JACKSON
SENIOR JUDGE RAYMOND P. MOORE
JUDGE PHILIP A. BRIMMER
JUDGE REGINA M. RODRIGUEZ
JUDGE CHARLOTTE N. SWEENEY
JUDGE NINA Y. WANG
JUDGE GORDON P. GALLAGHER
JUDGE S. KATO CREWS

* * * * * *

MAGISTRATE JUDGE SCOTT T. VARHOLAK
MAGISTRATE JUDGE N. REID NEUREITER
MAGISTRATE JUDGE MARITZA DOMINGUEZ BRASWELL
MAGISTRATE JUDGE SUSAN B. PROSE
MAGISTRATE JUDGE KATHRYN A. STARNELLA
MAGISTRATE JUDGE TIMOTHY P. O'HARA
MAGISTRATE JUDGE CYRUS Y. CHUNG
MAGISTRATE JUDGE JAMES M. CANDELARIA
MAGISTRATE JUDGE RICHARD T. GURLEY

Jeffrey P. Colwell, Clerk
United States District Court
Alfred A. Arraj United States Courthouse
901 19th Street, Room A-105
Denver, Colorado  80294-3589
Telephone:  (303) 844-3433

**Website:  http://www.cod.uscourts.gov**

1

# TABLE OF CONTENTS

# SECTION I - CIVIL RULES

## I.  SCOPE, PURPOSE, AND CONSTRUCTION

D.C.COLO.LCivR 1.1        SCOPE OF THE LOCAL CIVIL RULES

D.C.COLO.LCivR 1.2        FORMS

D.C.COLO.LCivR 2.1        FORMS OF ACTION

## II.  COMMENCEMENT OF ACTION, SERVICE OF PROCESS, PLEADINGS, MOTIONS, AND ORDERS

D.C.COLO.LCivR 3.1        COMMENCING AN ACTION

D.C.COLO.LCivR 3.2        NOTICE OF RELATED CASES

D.C.COLO.LCivR 5.1        FORMATTING, SIGNATURES, FILING, AND SERVING PLEADINGS AND DOCUMENTS

D.C.COLO.LCivR 5.3        DISCOVERY MATERIALS

D.C.COLO.LCivR 6.1        EXTENSION OF TIME OR CONTINUANCE

## III.  PLEADINGS AND MOTIONS

D.C.COLO.LCivR 7.1        MOTIONS

D.C.COLO.LCivR 7.2        PUBLIC ACCESS TO DOCUMENTS AND PROCEEDINGS

D.C.COLO.LCivR 8.1        PRO SE PARTY, IN FORMA PAUPERIS PARTY, AND PRISONER PLEADINGS

D.C.COLO.LCivR 10.1       FORMAT OF PLEADINGS AND DOCUMENTS PRESENTED FOR FILING

D.C.COLO.LCivR 15.1       AMENDED PLEADING

D.C.COLO.LCivR 16.1       SCHEDULING CONFERENCE

D.C.COLO.LCivR 16.2       SCHEDULING ORDER

D.C.COLO.LCivR 16.3      FINAL PRETRIAL ORDER

D.C.COLO.LCivR 16.6      ALTERNATIVE DISPUTE RESOLUTION

## IV.  PARTIES

[No Local Rules]

## V.  DEPOSITIONS AND DISCOVERY

D.C.COLO.LCivR 26.1      COMPLIANCE WITH FED. R. CIV. P. 26

                         REQUIREMENTS

D.C.COLO.LCivR 30.1      DEPOSITION

D.C.COLO.LCivR 30.2      FILING MOTION FOR PROTECTIVE ORDER,

                         MOTION TO LIMIT EXAMINATION, OR OBJECTION

                         TO DISCOVERY ORDER

D.C.COLO.LCivR 30.3      SANCTIONS FOR ABUSIVE DEPOSITION CONDUCT

D.C.COLO.LCivR 37.1      DISCOVERY MOTION

## VI.  TRIALS

D.C.COLO.LCivR 40.1      ASSIGNMENT OF CASES

D.C.COLO.LCivR 40.2      TRIAL CALENDAR AND NOTICE OF SETTLEMENT

                         OR RESOLUTION

D.C.COLO.LCivR 41.1      DISMISSAL

D.C.COLO.LCivR 41.2      ADMINISTRATIVE CLOSURE

D.C.COLO.LCivR 43.1      HEARING AND TRIAL PROCEDURES

D.C.COLO.LCivR 47.2      COMMUNICATION WITH JURORS

## VII.  JUDGMENT

D.C.COLO.LCivR 54.1      TAXATION OF COSTS

D.C.COLO.LCivR 54.2      JURY COST ASSESSMENT

D.C.COLO.LCivR 54.3      ATTORNEY FEES

D.C.COLO.LCivR 55.1      DEFAULT JUDGMENT FOR A SUM CERTAIN

D.C.COLO.LCivR 56.1    MOTION FOR SUMMARY JUDGMENT

## VIII.  PROVISIONAL AND FINAL REMEDIES

D.C.COLO.LCivR 65.1    TEMPORARY RESTRAINING ORDER

D.C.COLO.LCivR 67.1    BONDS AND OTHER SURETIES

D.C.COLO.LCivR 67.2    COURT REGISTRY

## IX.  SPECIAL PROCEEDINGS

D.C.COLO.LCivR 72.1    GENERAL AUTHORITY AND DUTIES OF A
MAGISTRATE JUDGE

D.C.COLO.LCivR 72.2    CONSENT JURISDICTION OF A MAGISTRATE JUDGE

D.C.COLO.LCivR 72.3    REFERENCE OF A DISPOSITIVE MOTION TO A
MAGISTRATE JUDGE

## X.  DISTRICT COURT AND CLERK

D.C.COLO.LCivR 77.1    TIME AND PLACE OF FILING

D.C.COLO.LCivR 77.2    COMMUNICATION WITH A JUDICIAL OFFICER

D.C.COLO.LCivR 79.1    CUSTODY OF PLEADINGS, DOCUMENTS,
CONVENTIONALLY SUBMITTED MATERIALS,
AND EXHIBITS

D.C.COLO.LCivR 79.2    INSPECTION OF PHYSICAL EVIDENCE

## XI.  GENERAL PROVISIONS

D.C.COLO.LCivR 81.1    PROCEDURE FOR REMOVAL

D.C.COLO.LCivR 83.1    RECORDING DEVICES

D.C.COLO.LCivR 83.2    SECURITY AND PROHIBITED ITEMS

D.C.COLO.LCivR 83.3    ACCOMMODATION UNDER AMERICANS
WITH  DISABILITIES  ACT

D.C.COLO.LCivR 84.1    BANKRUPTCY MATTERS

# SECTION II - CRIMINAL RULES

## I. SCOPE, PURPOSE, AND CONSTRUCTION

D.C.COLO.LCrR 1.1        SCOPE OF THE LOCAL CRIMINAL RULES

D.C.COLO.LCrR 1.2        FORMS

## II. PRELIMINARY PROCEEDINGS

[No Local Rules]

## III. INDICTMENT AND INFORMATION

D.C.COLO.LCrR 6.1        GRAND JURY

D.C.COLO.LCrR 7.1        PENALTY SHEET

## IV. ARRAIGNMENT AND PREPARATION FOR TRIAL

D.C.COLO.LCrR 11.1        PLEAS

D.C.COLO.LCrR 12.1        MOTION TO JOIN MOTION PROHIBITED

D.C.COLO.LCrR 12.2        MOTION, RESPONSE AND REPLY

D.C.COLO.LCrR 17.1.1        PRETRIAL CONFERENCE

## V. VENUE

[No Local Rules]

## VI. TRIAL

D.C.COLO.LCrR 24.1        COMMUNICATION WITH JURORS

## VII. JUDGMENT

D.C.COLO.LCrR 32.1        SENTENCING DOCUMENTS

# VIII.  APPEAL

[No Local Rules]

# IX.  SUPPLEMENTARY AND SPECIAL PROCEEDINGS

[No Local Rules]

# X.  GENERAL PROVISIONS

D.C.COLO.LCrR 46.1    COURT REGISTRY

D.C.COLO.LCrR 47.1    PUBLIC ACCESS TO CASES, DOCUMENTS, AND PROCEEDINGS

D.C.COLO.LCrR 49.1    FORMATTING, SIGNATURES, FILING, AND SERVING PLEADINGS AND DOCUMENTS

D.C.COLO.LCrR 49.3    FORMAT OF PLEADINGS AND DOCUMENTS PRESENTED FOR FILING

D.C.COLO.LCrR 50.1    ASSIGNMENT OF CASES

D.C.COLO.LCrR 53.1    HEARING AND TRIAL PROCEDURES

D.C.COLO.LCrR 55.1    CUSTODY OF PLEADINGS, DOCUMENTS, CONVENTIONALLY SUBMITTED MATERIALS AND EXHIBITS

D.C.COLO.LCrR 55.2    INSPECTION OF PHYSICAL EVIDENCE

D.C.COLO.LCrR 56.1    TIME AND PLACE OF FILING

D.C.COLO.LCrR 57.1    GENERAL AUTHORITY AND DUTIES OF A MAGISTRATE JUDGE

D.C.COLO.LCrR 57.2    COMMUNICATION WITH A JUDICIAL OFFICER

D.C.COLO.LCrR 57.3    RECORDING DEVICES

D.C.COLO.LCrR 57.4    SECURITY AND PROHIBITED ITEMS

D.C.COLO.LCrR 57.5    ACCOMMODATION UNDER AMERICANS WITH DISABILITIES ACT

D.C.COLO.LCrR 58.1    FORFEITURE OF COLLATERAL IN LIEU OF APPEARANCE AND NOTICE OF CONVICTION

# SECTION III – LOCAL PATENT RULES

## I.  SCOPE, PURPOSE, AND CONSTRUCTION

D.C.COLO.LPtR 1          SCOPE OF THE LOCAL RULES

## II.  SCHEDULING CONFERENCE AND ORDER

D.C.COLO.LPtR 2          INITIAL SCHEDULING CONFERENCE

## III.  DISCOVERY AND CONFIDENTIALITY

D.C.COLO.LPtR 3          DISCOVERY OBJECTION; PRESERVING
                         CONFIDENTIALITY; ENTRY OF PROTECTIVE ORDER

## IV.  INFRINGEMENT

D.C.COLO.LPtR 4          DISCLOSURE OF ASSERTED CLAIMS AND
                          INFRINGEMENT CONTENTIONS
D.C.COLO.LPtR 5          DOCUMENT PRODUCTION ACCOMPANYING
                         INFRINGEMENT CONTENTIONS
D.C.COLO.LPtR 6          RESPONSE TO INFRINGEMENT
                         CONTENTIONS
D.C.COLO.LPtR 7          DOCUMENT PRODUCTION ACCOMPANYING
                         RESPONSE TO INFRINGEMENT CONTENTIONS

## V.  INVALIDITY

D.C.COLO.LPtR 8          INVALIDITY CONTENTIONS
D.C.COLO.LPtR 9          PRODUCTION OF PRIOR ART WITH INVALIDITY
                         CONTENTIONS
D.C.COLO.LPtR 10         RESPONSE TO INVALIDITY CONTENTIONS
D.C.COLO.LPtR 11         DOCUMENTS ACCOMPANYING RESPONSE TO
                         INVALIDITY CONTENTIONS

## VI.  DECLARATORY JUDGMENT

D.C.COLO.LPtR 12          DISCLOSURE REQUIREMENT IN PATENT

CASES SEEKING DECLARATORY JUDGMENT

## VII.  RELIANCE ON OPINION OF COUNSEL

D.C.COLO.LPtR 13          OPINION OF COUNSEL

## VIII.  CLAIM CONSTRUCTION

D.C.COLO.LPtR 14          JOINT CLAIM TERMS CHART

D.C.COLO.LPtR 15          CLAIM CONSTRUCTION BRIEFING

## IX.  FINAL INFRINGEMENT AND INVALIDITY CONTENTIONS

D.C.COLO.LPtR 16          FINAL PATENT CONTENTION DISCLOSURES

## X.  WORD LIMITS

D.C.COLO.LPtR 17          WORD LIMITS; CERTIFICATE OF COMPLIANCE

# SECTION IV - AP RULES

## I.  SCOPE, PURPOSE, AND CONSTRUCTION

D.C.COLO.LAPR 1.1       SCOPE OF THE LOCAL AP RULES

D.C.COLO.LAPR 1.2       FORMS

## II.  COMMENCEMENT OF ACTION, FORM OF PLEADING, SERVICE OF PROCESS, AND ASSIGNMENT OF AP CASES

D.C.COLO.LAPR 3.1       CIVIL COVER SHEET

D.C.COLO.LAPR 5.2        PROTECTING THE IDENTITY, HISTORY, AND CHARACTERISTICS OF THE PLAINTIFF

D.C.COLO.LAPR 10.2      COMMENCEMENT OF ACTION AND FORM OF PLEADING

D.C.COLO.LAPR 10.3      AP DOCKET

## III.  THE RECORD, PRE-MERITS BRIEFING AND MOTIONS PRACTICE

D.C.COLO.LAPR 16.1      AP CASE MANAGEMENT

## IV.  CONSENT JURISDICTION OF A MAGISTRATE JUDGE

D.C.COLO.LAPR 72.2      CONSENT JURISDICTION OF A MAGISTRATE JUDGE

# SECTION V – ATTORNEY RULES

## I.  SCOPE, PURPOSE, AND CONSTRUCTION

D.C.COLO.LAttyR 1          SCOPE OF ATTORNEY RULES

## II.  STANDARDS OF PROFESSIONAL CONDUCT

D.C.COLO.LAttyR 2          STANDARDS OF PROFESSIONAL CONDUCT

## III.  BAR OF THE COURT, GOOD STANDING, RESIGNATION

D.C.COLO.LAttyR 3          REQUIREMENTS FOR BAR OF THE COURT

D.C.COLO.LAttyR 4          ATTORNEY SELF-REPORTING REQUIREMENTS

## IV.  ENTRY AND WITHDRAWAL OF APPEARANCE

D.C.COLO.LAttyR 5          ENTRY AND WITHDRAWAL OF APPEARANCE
                           AND MAINTENANCE OF CONTACT INFORMATION

## V.  ATTORNEY DISCIPLINE

D.C.COLO.LAttyR 6          DISCIPLINARY PANEL AND COMMITTEE ON
                           CONDUCT
D.C.COLO.LAttyR 7          COMPLAINTS AND GROUNDS FOR DISCIPLINE
D.C.COLO.LAttyR 8          CONVICTION OF CRIME
D.C.COLO.LAttyR 9          EFFECT OF RESIGNATION FROM BAR OF
                           ANOTHER COURT WHILE UNDER INVESTIGATION

## VI. INCAPACITY

D.C.COLO.LAttyR 10         INCAPACITY DUE TO DISABILITY OR
                           SUBSTANCE ABUSE

## VII.  REINSTATEMENT AND READMISSION

D.C.COLO.LAttyR 11         REINSTATEMENT AND READMISSION

## VIII.  CONFIDENTIALITY AND IMMUNITY

D.C.COLO.LAttyR 12        CONFIDENTIAL AND PUBLIC MATTERS

D.C.COLO.LAttyR 13        IMMUNITY

## IX.  STUDENT PRACTICE

D.C.COLO.LAttyR 14        STUDENT PRACTICE

## X.  ATTORNEY PRO BONO REPRESENTATION

D.C.COLO.LAttyR 15        CIVIL PRO BONO REPRESENTATION

# SECTION I - CIVIL RULES
# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## I. SCOPE, PURPOSE, AND CONSTRUCTION

**D.C.COLO.LCivR 1.1**
**SCOPE OF THE LOCAL CIVIL RULES**

**(a)** **Title and Citation.** These rules shall be known as the Local Rules of Practice of the United States District Court for the District of Colorado - Civil. These rules shall be cited as D.C.COLO.LCivR Rule, Subdivision, Paragraph, Subparagraph, Item (e.g., D.C.COLO.LCivR 72.1(b)(1)(A)).

**(b)** **Effective Date.** Unless otherwise stated, these rules are effective as of December 1 of each year.

**(c)** **Scope.** These rules apply in all civil actions, cases, and proceedings (civil actions) in the United States District Court for the District of Colorado, except as specifically addressed in Section III – Local Patent Rules and Section IV - AP Rules.

**(d)** **Numbering and Indexing.** These rules are numbered and indexed insofar as practicable in accordance with the specific designations of the Judicial Conference Uniform Numbering System.

**(e)** **Judicial Officer.** Judicial officer means a district judge, magistrate judge, or circuit judge sitting by assignment.

**(f)** **Clerk.** Clerk means the clerk of the court or a deputy clerk.

**(g)** **CM/ECF.** CM/ECF is the Case Management/Electronic Case Filing system of the court.

**(h)** **Pilot Programs or Special Projects.** A pilot program or special project may be authorized by the court following reasonable public notice and opportunity for public comment.

    (1)    Public notice shall specify:

      (A)     the purpose of the pilot program or special project;

      (B)     the term of the pilot program or special project;

      (C)     the effect on any local rule of practice; and

      (D)     any requirement necessary to implement or facilitate the pilot program or special project.

    (2)    The term for a pilot program or special project shall not exceed 18 months, but may be extended for one six-month period in conjunction with the promulgation of a corresponding local rule.

**D.C.COLO.LCivR 1.2**
**FORMS**

Court approved forms are on the court's website <u>HERE</u>. A form may be modified by the court or a judicial officer at any time. A form modified by a judicial officer may be under the judicial officer's practice standards on the court's website.

**D.C.COLO.LCivR 2.1**
**FORMS OF ACTION**

A proceeding not defined as a civil action under Fed. R. Civ. P. 2 shall be filed as a civil miscellaneous ("mc") or registered judgment ("rj") action only if it is included in the List of Miscellaneous Cases provided <u>HERE</u> and on payment of the fee required in the Schedule of Fees <u>HERE</u>.


## II.  COMMENCEMENT OF ACTION, SERVICE OF PROCESS, PLEADINGS, MOTIONS, AND ORDERS

**D.C.COLO.LCivR 3.1**
**COMMENCING AN ACTION**

**(a)**    **Civil Cover Sheet.**  A properly completed Civil Cover Sheet <u>HERE</u> shall be filed at the commencement of each civil action. If the filing party is represented by counsel, the Civil Cover Sheet shall be completed and signed by an attorney of record in the case.  A dispute about the AP Docket designation shall be addressed by motion filed before an answer or other response is due.

**(b)**    **Report on Filing a Patent, Trademark, or Copyright Action.**  A properly completed <u>Report on the Filing of an Action Regarding a Patent or Trademark</u> or

2

<u>Report on the Filing or Determination of an Action or Appeal Regarding a Copyright</u> available <u>HERE</u> shall be filed at the commencement of an action and with any amendment which adds a claim involving a patent, trademark, or copyright. If the filing party is represented by counsel, the report shall be completed and submitted by an attorney of record.

[Editor's note: the link in "HERE" above is to the <u>uscourts.gov</u> forms page where the 2 referenced reports are available (AO Forms 120 and 121.)]

**D.C.COLO.LCivR 3.2**
**NOTICE OF RELATED CASES**

**(a)**    **Notice.** A party to a case shall file a notice identifying all cases pending in this or any other federal, state, or foreign jurisdiction that are related to the case. Under this rule, no party may seek special assignment or reassignment of a related case from one judicial officer to another.

**(b)**    **Related Cases.** Related cases are cases that have common facts and claims and:

   (1)    have at least one party in common; or

   (2)    are filed serially or collectively as a group by the same attorney or law firm.

**(c)**    **Time for Filing; Supplemental Filing.**

   (1)    A party shall file the required notice at the time of its first appearance or the filing of its first pleading or document, or other matter addressed to the court.

   (2)    A party shall file promptly a supplemental notice of any change in the information required under this rule.

**(d)**    **Procedure on Notice.** On notice of a related case, the judicial officer with the lowest numbered case shall confer with every other judicial officer to whom a related case is assigned to discuss whether the related cases should be submitted for special assignment or reassignment under D.C.COLO.LCivR 40.1(a) or transfer under D.C.COLO.LCivR 40.1(d)(4)(B).

3

**D.C.COLO.LCivR 5.1**
**FORMATTING, SIGNATURES, FILING, AND SERVING PLEADINGS AND DOCUMENTS**

**(a)    Electronic Formatting, Signatures, and Filing.** Unless otherwise provided in this rule or otherwise ordered, each pleading and document filed in a civil action shall be formatted, signed, and filed electronically in CM/ECF as prescribed by the Electronic Case Filing Procedures, incorporated in these rules and available HERE.

**(b)    Exceptions to Electronic Formatting and Filing.**

   **(1)    Materials that Cannot Be Converted to Electronic Form.** An item such as a videotape, audiotape, etc., shall be filed by delivery to the clerk's office.

   **(2)    Pleadings and Documents by Unrepresented Prisoners.** These shall be filed in paper.

   **(3)    Pleadings and Documents by Other Unrepresented Parties.** These shall be filed in paper unless the filing party obtains authorization to use electronic filing under the Electronic Case Filing Procedures HERE or the filing party e-mails documents to the clerk for filing under the procedures available HERE.

   **(4)    E-mailed Documents.** The Electronic Case Filing Procedures specify the documents that shall be e-mailed to the court to open a case HERE.

**(c)    Formatting and Filing of Pleadings and Documents and Maintenance of Contact Information by an Unrepresented Prisoner or Party.** If not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website HERE. If the unrepresented party is a prisoner and is unable to access the website, on request the clerk shall provide copies of the necessary procedures, forms, and instructions. Notice of change of name, mailing address, or telephone number of an unrepresented prisoner or party shall be filed not later than five days after the change. A user of CM/ECF shall keep his/her primary and alternative e-mail address current. Instructions for a user to update and maintain his/her CM/ECF account are HERE.

**(d)    Electronic Service.**  When a pleading or document, other than a pleading or document filed under restriction, is filed in CM/ECF, it is deemed served electronically under Fed. R. Civ. P. 5(b)(E) ("sending it to a registered user by filing it in the court's electronic-filing system . . ."). A pleading or document filed under restriction shall not be accessible or viewable electronically in CM/ECF and shall be served using one of the other methods provided by the Federal

4

Rules of Civil Procedure (e.g., Fed. R. Civ. P. 5(b), including the methods provided under Fed. R. Civ. P. 5(b)(2)(E) other than the court's electronic-filing system) or as ordered by the court. The time to respond or reply shall be calculated from the date of electronic service, regardless of whether other means of service are used, except the time to respond or reply to a pleading or document filed under restriction shall be calculated as provided by these rules or the Federal Rules of Civil Procedure. The Notice of Electronic Filing (NEF) generated by CM/ECF constitutes a certificate of service for all pleadings and documents other than those filed under restriction, which require a separate certificate of service. Registration in CM/ECF shall constitute consent to electronic service of all pleadings or documents other than those filed under restriction.

**D.C.COLO.LCivR 5.3**
**DISCOVERY MATERIALS**

(a)     **All Cases.** In addition to the documents specified in Fed. R. Civ. P. 5(d)(1), a deposition notice and a discovery subpoena shall not be filed. Unless otherwise ordered a party who arranges for a deposition transcript or recording or who serves discovery shall act for the court as custodian of all non-filed discovery materials. The custodian shall bring the original sealed transcript to trial.

(b)     **Prisoner Cases.** To achieve electronic service, an unrepresented prisoner who is proceeding in forma pauperis may file written discovery requests under Fed. R. Civ. P. 31, 33, 34, and 36.

(c)     **Written Discovery Requests and Responses.** Except in prisoner cases or unless otherwise ordered, written discovery requests and responses shall be exchanged by private e-mail or other non-paper means.

**D.C.COLO.LCivR 6.1**
**EXTENSION OF TIME OR CONTINUANCE**

(a)     **Extension of Time.** The parties may stipulate in writing to one extension of not more than 21 days beyond the time limits prescribed by the Federal Rules of Civil Procedure to respond to a pleading or amended pleading, interrogatories, requests for production of documents, or requests for admissions. The stipulation must be filed before the expiration of the time limits to respond prescribed in the Federal Rules of Civil Procedure and shall be effective on filing, unless otherwise ordered. Any other request for an extension of time or continuance must be approved by court order on motion.

(b)     **Content of Motion for Extension of Time or Continuance.** A motion for extension of time or continuance shall state the reason for an extension or continuance, the length of the requested extension or continuance, and the total number of extensions or continuances granted previously.

**(c)**    **Service on Client.** When a stipulation or motion for extension of time or continuance is filed, it shall be served contemporaneously by counsel on his or her client.

# III.  PLEADINGS AND MOTIONS

**D.C.COLO.LCivR 7.1**
**MOTIONS**

**(a)**    **Duty to Confer.** Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable, good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

**(b)**    **Exceptions to the Duty to Confer:**

   (1)    a motion filed in a case involving an unrepresented prisoner or detainee;

   (2)    a motion under Fed. R. Civ. P. 12;

   (3)    a motion under Fed. R. Civ. P. 56; or

   (4)    a motion under D.C.COLO.LAttyR 5(a) and (b).

**(c)**    **Unopposed Motion.** If a motion is unopposed, it shall be titled "Unopposed Motion for _____."

**(d)**    **Motion, Response and Reply; Time for Serving and Filing; Length.**
Excluding motions filed under Fed. R. Civ. P. 65, a motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority in the motion. The responding party shall have 21 days after the date of service of a motion, or such lesser or greater time as the court may allow, in which to file a response. The moving party may file a reply no later than 14 days after the date of service of the response, or such lesser or greater time as the court may allow. The date of service of a motion electronically filed shall be determined under D.C.COLO.LCivR 5.1(d). Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.

A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document.

**(e)**    **Citations.** Every citation in a motion, response, or reply shall include the specific page or statutory subsection to which reference is made. If an unpublished opinion is cited, a copy of the opinion shall be provided to any unrepresented

party.

**(f)** **Supplemental Authority.** If the matter is set for hearing, any supplemental authority shall be filed no later than seven days before the hearing.

**(g)** **Proposed Order.** A moving party may submit a proposed order with an unopposed motion or nondispositive motion. A general order attached to a motion (such as "it is ordered" or "so ordered") is not permitted. A proposed order shall be a separate document, bear a separate caption, and set out clearly its basis and terms.

**(h)** **Hearing.** A motion may be decided without oral argument at the discretion of the court.

**(i)** **Sanctions.** Motions, responses, and replies shall be concise. A verbose, redundant, ungrammatical, or unintelligible motion, response, or reply may be stricken or returned for revision, and its filing may be grounds for sanctions.

**D.C.COLO.LCivR 7.2**
**PUBLIC ACCESS TO DOCUMENTS AND PROCEEDINGS**

**(a)** **Policy.** Unless restricted by statute, rule of civil procedure, these rules, or court order, the public shall have access to all documents filed with the court and all court proceedings.  However, pleadings or documents filed under restriction shall not be accessible or viewable electronically in CM/ECF. A person with the right to access a restricted pleading or document may request a paper copy from the clerk.

**(b)** **Levels of Restriction.** There are three levels of restriction. Level 1 limits access to the parties and the court. Level 2 limits access to the filing party and the court. Level 3 limits access to the court.

**(c)** **Motion to Restrict.** A motion to restrict public access shall be open to public inspection and shall:

(1)    identify the document or the proceeding for which restriction is sought;

(2)    address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

(3)    identify a clearly defined and serious injury that would result if access is not restricted;

(4)    explain why no alternative to restriction is practicable or why only

7

restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

(5)    identify the level of restriction sought.

**(d)    Public Notice of Motion to Restrict; Objection.** Notice of the filing of such motion shall be posted on the court's website on the court business day following the filing of the motion. Any person may file an objection to the motion to restrict no later than three court business days after posting. Absent exigent circumstances, no ruling on a motion to restrict shall be made until the time for objection has passed. The absence of objection alone shall not result in the granting of the motion.

**(e)    Filing Restricted Documents.** A document subject to a motion to restrict shall be filed as a restricted document and shall be subject to restriction until the motion is determined by the court. If a document is filed as a restricted document without an accompanying motion to restrict, it shall retain the restriction selected by the filer for 14 days. If no motion to restrict is filed within such time period, the restriction shall expire and the document shall be open to public inspection.

## D.C.COLO.LCivR 8.1
## PRO SE PARTY, IN FORMA PAUPERIS PARTY, AND PRISONER PLEADINGS

**(a)    Review of Pro Se and In Forma Pauperis Party Pleadings.** A judicial officer designated by the Chief Judge shall review the pleadings of a pro se party or a party who is allowed to proceed without prepayment of filing fees to determine whether the pleadings should be dismissed summarily. The designated judicial officer may use the assistance of the Pro Se Division in making the determination.  A judicial officer may request additional facts or documentary evidence necessary to make this determination. The time for filing an answer or response shall be tolled until the designated judicial officer determines that the pleadings should not be dismissed summarily at which time the judicial officer shall issue an order directing service of the order and the pleadings on the defendant(s) or respondent(s). A party who seeks leave to proceed without prepayment of filing fees shall use the procedures, forms, and instructions available on the court's website or from the office of the clerk.

**(b)    Review of Prisoner Pleadings.** A judicial officer designated by the Chief Judge shall review the pleadings of a prisoner (whether represented by counsel or not) to determine whether the pleadings should be dismissed summarily if the prisoner is:

(1)    challenging conditions of confinement;
(2)    seeking redress from a governmental entity, officer, or employee; or

(3)    asserting claims pertinent to his or her conviction or sentence, except in

8

death penalty cases.

A judicial officer may request additional facts or documentary evidence necessary to make this determination.

**(c)    Assignment.** If an action is not dismissed summarily, the action shall be assigned to a district judge and/or a magistrate judge under D.C.COLO.LCivR 40.1. A judicial officer to whom the action is assigned may order issuance of a summons.

**D.C.COLO.LCivR 10.1**
**FORMAT OF PLEADINGS AND DOCUMENTS PRESENTED FOR FILING**

**(a)    Scope.** This rule applies to all pleadings and documents presented for filing.

**(b)    Size.** All pleadings and documents shall be on 8 ½ by 11 inch white paper.

**(c)    Margins.** Margins shall be 1½ inches at the top and 1 inch at the left, right, and bottom of each page.

**(d)    Font.** Unless otherwise ordered, all typewritten pleadings and documents shall use black ink and not less than 12-point font.

**(e)    Spacing.** All pleadings and documents shall be double spaced.

**(f)    Text.** Text shall be printed on one side of the page only.

**(g)    Legibility.** All handwritten pleadings and documents shall be legible, utilizing upper and lower case lettering.

**D.C.COLO.LCivR 15.1**
**AMENDED PLEADING**

**(a)    Amendment as a Matter of Course or by Consent.** A party other than an unrepresented prisoner who files an amended pleading under Fed. R. Civ. P. 15(a)(1) or with the consent of the opposing party shall file a separate notice of filing the amended pleading and shall attach as an exhibit a copy of the amended pleading which strikes through (e.g., ~~strikes through~~) the text to be deleted and underlines (e.g., <u>underlines</u>) the text to be added.

**(b)    Amendment or Supplementation by Motion**. A party who files an opposed motion for leave to amend or supplement a pleading shall attach as an exhibit a copy of the proposed amended or supplemental pleading which strikes through (e.g., ~~strikes through~~) the text to be deleted and underlines (e.g., <u>underlines</u>) the text to be added. Unless otherwise ordered, the proposed amended or supplemental pleading shall not incorporate by reference any part of the

9

preceding pleading, including exhibits. Unless otherwise ordered, if a motion for leave to amend or supplement a pleading is granted, the moving party shall file and serve the amended or supplemental pleading on all parties under Fed. R. Civ. P. 5 no later than 14 days after the filing of the order granting leave to amend or supplement.

**D.C.COLO.LCivR 16.1**
**SCHEDULING CONFERENCE**

A scheduling conference shall be convened by a judicial officer to develop a scheduling order. The order setting the scheduling conference shall set the deadline for the parties to meet and attempt to agree on a scheduling order under Fed. R. Civ. P. 26(f). Except in cases removed to this court or cases where the parties have agreed otherwise, plaintiff shall file the proposed scheduling order. In a case removed to this court, the party who removed the case shall file the proposed scheduling order.

**D.C.COLO.LCivR 16.2**
**SCHEDULING ORDER**

Unless otherwise ordered, a scheduling order shall be in the form and shall comply with the instructions HERE.

**D.C.COLO.LCivR 16.3**
**FINAL PRETRIAL ORDER**

Unless otherwise ordered, a final pretrial order shall be in the form and shall comply with the instructions HERE.

**D.C.COLO.LCivR 16.6**
**ALTERNATIVE DISPUTE RESOLUTION**

(a)  **Alternative Dispute Resolution.** Under 28 U.S.C. § 652, all litigants in civil actions shall consider the use of an alternative dispute resolution process. A district judge or a magistrate judge exercising consent jurisdiction may direct the parties to engage in an early neutral evaluation or other alternative dispute resolution proceeding. To facilitate settlement or resolution of the suit, the district judge or a magistrate judge exercising consent jurisdiction may stay the action in whole or in part during a time certain or until further order. Relief from an order under this rule may be requested by motion showing good cause.

(b)  **Definition of Early Neutral Evaluation.** Early neutral evaluation means a nonbinding, non-adjudicative assessment of a case by a magistrate judge.

(c)  **Disqualification of Neutrals.** A magistrate judge providing early neutral evaluation may be disqualified under the provisions of 28 U.S.C. §§ 144 or 455.

10

**(d)** **Designation of Court ADR Administrator.** Under 28 U.S.C. § 651(d), the clerk of the court is designated to implement, administer, oversee, and evaluate the court's alternative dispute resolution program.

**(e)** **Confidentiality.** A party or the magistrate judge in an alternative dispute resolution proceeding shall not voluntarily disclose or through discovery or compulsory process be required to disclose any information concerning any communication provided in confidence to the magistrate judge in connection with an early neutral evaluation or other alternative dispute resolution proceeding.

# IV.  PARTIES

**[No Local Rules]**

# V.  DEPOSITIONS AND DISCOVERY

**D.C.COLO.LCivR 26.1**
**COMPLIANCE WITH FED. R. CIV. P. 26 REQUIREMENTS**

**(a)** **Proposed Scheduling Order.** The tendering of a proposed scheduling order in the form HERE shall satisfy the requirement to submit a written report outlining the discovery plan under Fed. R. Civ. P. 26(f).

**(b)** **Pretrial Disclosures.** Disclosures under Fed. R. Civ. P. 26(a)(3) shall be made in the proposed final pretrial order HERE.

**D.C.COLO.LCivR 30.1**
**DEPOSITION**

Unless otherwise ordered by the court, reasonable notice for taking a deposition shall be not less than 14 days, as computed under Fed. R. Civ. P. 6. Before sending a notice to take a deposition, counsel or the unrepresented party seeking the deposition shall make a good faith effort to schedule it in a convenient and cost-effective manner.

**D.C.COLO.LCivR 30.2**
**FILING MOTION FOR PROTECTIVE ORDER, MOTION TO LIMIT EXAMINATION, OR OBJECTION TO DISCOVERY ORDER**

**(a)** **Motion for Protective Order or to Limit Examination.** Pending resolution of a motion or request for relief under Fed. R. Civ. P. 26(c) or 30(d), the discovery to

which the motion or request is directed shall be stayed unless otherwise ordered. A non-prevailing party may be subject to an award of expenses, fees, and costs under Fed. R. Civ. P. 37(a)(5). However, the filing of a motion to stay all discovery shall not effectuate a stay unless the motion is granted.

**(b)**    **Objection to Discovery Order by Magistrate Judge.** An objection under Fed. R. Civ. P. 72(a) to an order by a magistrate judge concerning discovery does not stay the discovery to which the order is directed. A stay of the order shall be obtained by motion filed with the magistrate judge, and if denied, then with the assigned district judge.

**D.C.COLO.LCivR 30.3**
**SANCTIONS FOR ABUSIVE DEPOSITION CONDUCT**

**(a)**    **Prohibited Conduct.** In addition to the conduct prohibited by Fed. R. Civ. P. 30(d)(3)(A), the following practices constitute abusive deposition conduct and are prohibited:

   (1)    making an objection or a statement that has the effect of coaching the deponent or suggesting an answer; and

   (2)    interrupting examination by counsel except to determine whether to assert a privilege.

**(b)**    **Appointment of Master.** A judicial officer may appoint a master under Fed. R. Civ. P. 53 to regulate deposition proceedings.

**(c)**    **Location of Deposition.** A judicial officer may order that a deposition be taken at a specific location.

**(d)**    **Expenses, Costs, and Fees.** When a judicial officer determines that a party or counsel unreasonably has interrupted, delayed, or prolonged a deposition, whether by excessive questioning, objecting, or other conduct, that party or its counsel, or both, may be ordered to pay each other party's expenses, including without limitation, reasonably necessary travel, lodging, reporter's fees, attorney fees, and videotaping expenses, for that portion of the deposition determined to be excessive. In addition, that party or its counsel, or both, may be required to pay all such costs and expenses for any additional depositions or hearings made necessary by its misconduct.

**D.C.COLO.LCivR 37.1**
**DISCOVERY MOTION**

12

A motion under Fed. R. Civ. P. 26 or 37 directed to an interrogatory, request, or response under Fed. R. Civ. P. 33, 34, or 36 shall set forth either in the text of the motion or in an exhibit to the motion the specific interrogatory, request, or response to which the motion is directed.

# VI. TRIALS

**D.C.COLO.LCivR 40.1**
**ASSIGNMENT OF CASES**

**(a)**     **Assignment in General.** Except as provided in this rule and under D.C.COLO.LCivR 8.1 and Section IV - AP Rules, civil actions shall be assigned to judicial officers by random draw. Work parity shall be maintained among active district judges and among full-time magistrate judges, provided that a majority of active district judges may adjust the assignment of cases to the Chief Judge as may be necessary for the performance of the duties of that office, and may, for good cause, approve special assignment or reassignment of cases among the judicial officers of the court. All other reassignments of cases shall be subject to the approval of the Chief Judge.

**(b)**     **Random Draw by Computer.** The clerk shall maintain a computerized program to achieve work parity among judicial officers through random and public assignment of new cases. A senior judge may decline assignment of cases and, on notice to the Chief Judge, limit participation in the random draw by a stated percentage.

**(c)**     **Direct Assignment to Magistrate Judges.**

    (1)     All full-time magistrate judges shall be included in the assignment of civil actions under Subdivision (a), subject to the other provisions of this rule.

    (2)     The following civil actions shall not be assigned directly to a magistrate judge:

        (a)     a civil action in which a motion for injunctive relief is filed;

        (b)     a civil action brought under 28 U.S.C. § 2255 if the sentencing judge is still in regular active service or is rendering substantial assistance as a senior judge;

        (c)     a civil action or proceeding brought under or related to Title 11, United States Code;

13

    (d)    a civil action in which an order of referral has been filed; and

    (e)    any other civil action excluded from direct assignment by a majority of the district judges.

(3)    The following civil actions, by way of example only, although initially assigned directly to a magistrate judge, shall be reassigned to a district judge:

    (a)    an action in which a motion for default judgment is filed;

    (b)    an action which on initial review should be dismissed or administratively closed, unless there is consent; or

    (c)    an action identified by a majority of the district judges or subject to reassignment under Subdivision (a).

(4)    On the filing of a civil action eligible for direct assignment to a magistrate judge, the clerk shall deliver to the plaintiff(s) the Consent/Non-Consent to United States Magistrate Judge Jurisdiction form HERE, which the plaintiff(s) shall attach to the summons and serve on the defendant(s). Failure to serve the Consent/Non-Consent to United States Magistrate Judge Jurisdiction form shall not affect the validity of service of process or personal jurisdiction over a defendant. Unless otherwise ordered, each party shall complete and file the Consent/Non-Consent to United States Magistrate Judge Jurisdiction form no later than (a) seven days before the scheduling conference, if any; or (b) 45 days after the filing of the first response, other than an answer, to the operative complaint, whichever is earlier. Filing of the Consent/Non-Consent to United States Magistrate Judge Jurisdiction form is mandatory.

(5)    Consent to magistrate judge jurisdiction is voluntary, and no adverse consequence shall result if consent is declined.

(6)    In a civil action assigned directly to a magistrate judge, if all parties consent to magistrate judge jurisdiction, the magistrate judge shall notify the Chief Judge or his/her designee, who shall determine whether to enter an order of reference under 28 U.S.C. § 636(c).

(7)    Any party added to the civil action after reference to a magistrate judge shall be notified by the clerk of the obligation to complete and file the mandatory Consent/Non-Consent to United States Magistrate Judge Jurisdiction form. If any added party does not consent to magistrate judge jurisdiction within 21 days from the date of the notice, the civil action shall

14

be assigned to a district judge under D.C.COLO.LCivR 40.1(a), and the magistrate judge shall continue on the case as if consent had been declined initially.

(8)     If consent to magistrate judge jurisdiction is declined by any party, no order of reference is entered or the order of reference is vacated, the civil action shall be assigned to a district judge under D.C.COLO.LCivR 40.1(a), and the magistrate judge shall continue on the case as if consent had been declined initially.

(9)     The Chief Judge or his/her designee may sua sponte for good cause or on motion of a party for extraordinary circumstances vacate the order of reference.

(10)    A case assigned directly to a magistrate judge in which there is consent may be assigned randomly to another magistrate judge to conduct an early neutral evaluation or other alternative dispute resolution proceeding under D.C.COLO.LCivR 16.6.

(11)    If after direct assignment, a magistrate judge recuses and the action is assigned to another magistrate judge, each party shall complete a Consent/Non-Consent to United States Magistrate Judge Jurisdiction form no later than (a) 21 days after assignment to the successor magistrate judge; or (b) the deadline imposed in Paragraph 4, whichever is later.

**(d)     Special Assignment.**

(1)     If an unrepresented party in a new case already has a case pending or had a case terminated within 12 months of the new filing, the new case shall be assigned to the judicial officers who were assigned the earlier case.

(2)     Once a bankruptcy appeal or motion to withdraw the reference has been assigned to a district judge by random draw, any case subsequently filed concerning the same debtor in bankruptcy shall be assigned to the same district judge.

(3)     On filing a civil forfeiture proceeding, the United States Attorney shall notify the clerk in writing when a potential claimant is a defendant in a pending criminal case. The civil action shall be assigned to the judicial officer to whom the criminal case is assigned.

(4)     A new case that is related under D.C.COLO.LCivR 3.2 to a pending case may be assigned to the same judicial officers:

15

(A)  by reassignment on a majority vote of the active district judges under D.C.COLO.LCivR 40.1(a);

(B)  by reassignment with approval of the Chief Judge under D.C.COLO.LCivR 40.1(a); or

(C)  by entry of an order granting a motion to consolidate under Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1.

(5)  If a case that has been remanded is removed again, the case shall be assigned to the judicial officers who were assigned the case initially.

(6)  A party may not seek a reassignment under Paragraph (d)(4) or D.C.COLO.LCivR 3.2.

**(e)  "AP" Cases.** On the filing of an AP case, the clerk shall assign a case number without random selection to any district judge designated by the Chief Judge for pre-merits management under Section IV of these rules.

**(f)  Recusal.** Recusal of an active judicial officer shall be by written order stating the reasons.

**(g)  Adjustments.** On recusal under this rule or D.C.COLO.LCivR 42.1, the clerk shall adjust the computerized program to maintain work parity among active district judges and among full-time magistrate judges.

**D.C.COLO.LCivR 40.2**
**TRIAL CALENDAR AND NOTICE OF SETTLEMENT OR RESOLUTION**

**(a)  Calendar.** Each judicial officer shall maintain a trial calendar that preserves the priorities required by law.

**(b)  Notice of Settlement or Resolution.** When the parties have agreed to settle or otherwise resolve a pending matter, they shall notify the court immediately.

**D.C.COLO.LCivR 41.1**
**DISMISSAL**

A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

**D.C.COLO.LCivR 41.2**
**ADMINISTRATIVE CLOSURE**

A district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause. Administrative closure of a civil action terminates any pending motion. Reopening of a civil action does not reinstate any motion.

**D.C.COLO.LCivR 42.1**
**MOTION TO CONSOLIDATE**

A motion to consolidate shall be filed in the lowest numbered case included in the proposed consolidation and shall be decided by the district judge to whom the lowest numbered case is assigned. A notice of filing of a motion to consolidate shall be filed by the movant as a party or, with the assistance of the clerk, as an interested party in all other cases proposed for consolidation. A motion to consolidate shall be given priority. Consolidated cases shall be reassigned to the judicial officer(s) to whom the lowest numbered consolidated case was assigned.

**D.C.COLO.LCivR 43.1**
**HEARING AND TRIAL PROCEDURES**

A judicial officer presiding over a hearing or trial may establish governing procedures. Judicial practice standards are HERE.

**D.C.COLO.LCivR 45.1**
**SUBPOENA SERVICE**

Except as provided in D.C.COLO.LCivR 30.1 or unless otherwise ordered by the court, a subpoena shall be served no later than seven days before the date specified in the subpoena. The seven-day period shall be calculated under Fed. R. Civ. P. 6(a)(1).

**D.C.COLO.LCivR 47.2**
**COMMUNICATION WITH JURORS**

A party or attorney shall not communicate with, or cause another to communicate with, a juror or prospective juror before, during, or after a trial without order or express oral or written permission of the presiding judicial officer.

# VII.  JUDGMENT

**D.C.COLO.LCivR 54.1**
**TAXATION OF COSTS**

Each judgment or final order shall indicate any party entitled to costs. Unless otherwise ordered, the clerk shall tax costs in favor of a prevailing party or parties. A bill of costs shall be filed on the form provided by the court HERE no later than 14 days after entry of the judgment or final order. After filing a bill of costs and prior to appearing before the clerk, counsel and any unrepresented party seeking costs shall file a written statement that they have conferred as to disputes regarding costs. If all disputes are resolved, a stipulation specifying costs shall be filed with the court.

**D.C.COLO.LCivR 54.2**
**JURY COST ASSESSMENT**

Unless the court is notified in writing before noon on the last business day before trial that a civil action has been resolved, jury costs may be assessed against any party or counsel.

**D.C.COLO.LCivR 54.3**
**ATTORNEY FEES**

**(a)**   **Motion Supported by Affidavit.** Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit.

**(b)**   **Content of Motion.** The motion shall include the following for each person for whom fees are claimed:

   (1)   a summary of relevant qualifications and experience; and

   (2)   a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.

**D.C.COLO.LCivR 55.1**
**DEFAULT JUDGMENT FOR A SUM CERTAIN**

**(a)**   **Required Showing.** To obtain a default judgment under Fed. R. Civ. P. 55(b)(1), a party shall show by motion supported by affidavit:

   (1)   that the defendant who has been defaulted:

      (A)   is not a minor or an incompetent person;

(B)     is not in the military service, as set forth in the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, Protection of Servicemembers Against Default Judgments;

(C)     has not made an appearance; and

(2)     the sum certain or the sum that can be made certain by computation.

**(b)     Form of Judgment.** The moving party shall submit a proposed form of judgment that recites:

(1)     the party or parties in favor of whom judgment shall be entered;

(2)     the party or parties against whom judgment shall be entered;

(3)     when there are multiple parties against whom judgment shall be entered, whether the judgment shall be entered jointly, severally, or jointly and severally;

(4)     the sum certain consisting of the principal amount, prejudgment interest, and the rate of post judgment interest; and

(5)     the sum certain of attorney fees enumerated in the document on which the judgment is based.

### D.C.COLO.LCivR 56.1
### MOTION FOR SUMMARY JUDGMENT

**(a)     Motion.** A motion under Fed. R. Civ. P. 56 for summary judgment or partial summary judgment shall include a statement of undisputed facts, argument, and legal authority incorporated into the motion in lieu of a separate opening brief. Unless otherwise ordered, a response shall be filed no later than 21 days after the date of service of the motion, and a reply may be filed no later than 14 days after the date of service of the response.

**(b)     Cross Motion.** A cross motion for summary judgment shall be filed as a separate motion subject to Subdivision (a).

**(c)     Exhibits to Motion or Briefs.** Voluminous exhibits are discouraged. Parties shall limit exhibits to essential portions of documents. Unless otherwise ordered, copies of documents attached as exhibits to a motion shall not be attached as exhibits to a response, and copies of documents attached as exhibits to a response shall not be attached as exhibits to a reply. Any additional exhibit shall

be attached to the corresponding response or reply and consecutively numbered or lettered.

# VIII.  PROVISIONAL AND FINAL REMEDIES

**D.C.COLO.LCivR 65.1**
**TEMPORARY RESTRAINING ORDER**

**(a)**    **Motion.** A temporary restraining order shall be requested by motion filed separately from the complaint. The motion shall be accompanied by a certificate of counsel or an unrepresented party, stating:

    **(1)**    that actual notice of the time of filing the motion, and copies of all pleadings and documents filed in the action to date or to be presented to the court at the hearing, have been provided to opposing counsel and any unrepresented adverse party; or

    **(2)**    the efforts made by the moving party to provide the required notice and documents. Except as provided by Fed. R. Civ. P. 65(b)(1), the court shall not consider an ex parte motion for temporary restraining order.

**(b)**    **Proposed Order.** A proposed temporary restraining order shall be submitted with a motion for temporary restraining order.

**D.C.COLO.LCivR 67.1**
**BONDS AND OTHER SURETIES**

**(a)**    **Prohibition.** A party (individual or entity), a spouse of a party, or an attorney for a party in a civil action, shall not serve as a personal surety on any bond in that civil action.

**(b)**    **Surety Company; Power of Attorney.** If the surety on a bond is a surety company approved by the United States Department of the Treasury, a power of attorney evidencing the authority of the agent signing the bond shall be filed with the clerk.

**D.C.COLO.LCivR 67.2**
**COURT REGISTRY**

**(a)**    **Deposit of Funds in Court Registry.** Unless a statute requires otherwise, funds shall be tendered to the court or its officers for deposit into the registry only under

20

court order. A depositor shall identify in writing the order authorizing deposit by reference to the relevant docket entry in CM/ECF.

**(b)**    **Investment of Funds in Registry.** Unless otherwise ordered, all funds deposited into the registry shall be deposited in an interest-bearing account through the Court Registry Investment System (CRIS).

**(c)**    **Registry Fee.** Registry fees shall be deducted under 28 U.S.C. § 1914 and any regulation promulgated thereunder.

**(d)**    **Disbursement of Funds in Registry.** Funds in the registry shall be disbursed only by court order. A proposed order to disburse funds shall include the payee's full name and complete address and the amount to be disbursed. If more than $10.00 of interest is to be disbursed, the proposed order shall be accompanied by a completed IRS Form W-9 (which shall be filed under restricted access). The party requesting disbursement of funds shall provide to the clerk a copy of the order authorizing disbursement including its CM/ECF docket number.

**(e)**    Interpleader funds deposited under 28 U.S.C. § 1335 are defined by the IRS as a Disputed Ownership Fund (DOF), a taxable entity that requires tax administration. Unless otherwise ordered, interpleader funds shall be deposited in the DOF established in the CRIS and administered by the Administrative Office of the United States Courts (AO), which shall be responsible for meeting all DOF tax administration requirements. The Director of the AO is designated as the custodian of funds deposited in the DOF.


# IX.  SPECIAL PROCEEDINGS

**D.C.COLO.LCivR 72.1**
**GENERAL AUTHORITY AND DUTIES OF A MAGISTRATE JUDGE**

**(a)**    **General Authority.** Except as restricted by these rules, a magistrate judge may exercise all powers and duties authorized by federal statutes, regulations, and the Federal Rules of Civil Procedure.

**(b)**    **Duties.** A magistrate judge may:

    (1)    issue administrative inspection warrants;

    (2)    issue civil seizure warrants under 21 U.S.C. § 881 and 18 U.S.C. §§ 981-983;

21

(3)     issue search and seizure warrants for levy under the Internal Revenue Code;

(4)     act on post judgment matters arising under Fed. R. Civ. P. 69, including the authority to:

   (A)     issue writs;

   (B)     issue orders directing funds to be paid into or disbursed from the registry of the court;

   (C)     hold hearings and make recommendations to the district judge on substantive issues including the liability of a party under a writ of garnishment or execution; and

   (D)     perform duties specified in chapter 176 of Title 28 United States Code, as assigned by the court under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3008;

(5)     make determinations and enter appropriate orders under 28 U.S.C. § 1915, except to enter an order denying a request to proceed in forma pauperis;

(6)     perform duties set forth in D.C.COLO.LCivR 8.1;

(7)     exercise contempt authority as authorized by law;

(8)     issue administrative subpoenas as authorized by law;

(9)     appoint masters under Fed. R. Civ. P. 53;

(10)    transfer cases on direct assignment under D.C.COLO.LCivR 40.1(d)(4).

(11)    issue orders on motions to treat a document as a highly sensitive document; and

(12)    issue other orders as authorized by law.

(c)    **Other Duties.** On reference or order by a district judge, a magistrate judge may:

(1)     conduct pretrial conferences, post-trial proceedings, early neutral evaluations, settlement conferences, other alternative dispute resolution proceedings, and other nondispositive pretrial proceedings;

22

(2)    act on petitions to perpetuate testimony under Fed. R. Civ. P. 27;

(3)    hold hearings and make recommendations on dispositive matters; and

(4)    make determinations and enter orders or recommendations on discovery disputes in cases pending in other federal courts or courts of another country.

## D.C.COLO.LCivR 72.2
## CONSENT JURISDICTION OF A MAGISTRATE JUDGE

**(a)**    **Designation.** Under 28 U.S.C. § 636(c)(1) and subject to this rule, a full-time magistrate judge is designated specially to conduct any or all proceedings in any jury or nonjury civil action and order the entry of judgment in the case.

**(b)**    **Notice.** On the filing of any civil action, the clerk shall deliver to the plaintiff(s) written notice of the right of the parties to consent to disposition of the civil action by a magistrate judge under 28 U.S.C. § 636(c) and the provisions of this rule. A copy of the notice shall be attached to the summons and served on the defendant(s). A failure to serve a copy of such notice on a defendant shall not affect the validity of the service of process or personal jurisdiction over the defendant(s).

**(c)**    **Unanimous Consent; Determination.** To consent to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), all parties shall complete and file a Consent/Non-Consent to United States Magistrate Judge Jurisdiction form HERE. Unless otherwise ordered by the assigned district judge, written consent to proceed before a magistrate judge must be filed no later than (1) seven days before the scheduling conference, if any; or (2) 45 days after the filing of the first response, other than an answer, to the operative complaint, whichever is earlier. When there is such consent, the magistrate judge shall forthwith notify the assigned district judge, who will then determine whether to enter an order of reference under 28 U.S.C. § 636(c).

**(d)**    **Assignment.** On entry of an order of reference under 28 U.S.C. § 636(c), the civil action shall be assigned to the magistrate judge currently assigned to the case.

**(e)**    **Additional Parties.** Any party added to the action or served after reference to a magistrate judge under this rule shall be notified by the clerk of the right to consent to the exercise of jurisdiction by the magistrate judge under 28 U.S.C. § 636(c). If an added party does not file a consent to proceed before the magistrate judge within 21 days from the date of mailing of the notice, the action shall be returned to the assigned district judge for further proceedings.

**(f)**    **Vacating Reference.** A reference of a civil matter to a magistrate judge may be vacated under 28 U.S.C. § 636(c)(4).

**D.C.COLO.LCivR 72.3**
**REFERENCE OF A DISPOSITIVE MOTION TO A MAGISTRATE JUDGE**

**(a)**    **Designation.** A full-time magistrate judge is designated specially to make final determination of a dispositive motion with the unanimous consent of the parties and approval of the assigned district judge. Dispositive motions include motions to amend, to dismiss, for transfer or for change of venue, to remand, for summary judgment, and for partial summary judgment.

**(b)**    **Consent on Notice.** The parties may consent to the final determination of a dispositive motion by the assigned magistrate judge by filing a notice of consent. The district judge may enter an order approving the notice.

**(c)**    **Reference.** On entry of an order of reference of a dispositive motion under 28 U.S.C. § 636(c), the motion shall be referred to the magistrate judge currently assigned to the case.

**(d)**    **Vacating Reference.** A reference of a dispositive motion to a magistrate judge may be vacated for good cause.

**(e)**    **Appeal.** If a magistrate judge grants a dispositive motion and directs the entry of final judgment, an appeal shall be to the United States Court of Appeals for the Tenth Circuit in the same manner as an appeal from any other judgment of this court.

# X.  DISTRICT COURT AND CLERK

**D.C.COLO.LCivR 77.1**
**TIME AND PLACE OF FILING**

Unless otherwise ordered, an electronically filed pleading or document shall be filed no later than 11:59:59 p.m. (Mountain Time) on the day required. Unless otherwise ordered, all other pleadings and documents shall be filed during the business hours of

24

the office of the clerk from 8:00 a.m. to 5:00 p.m. (Mountain Time) Monday through Friday.

## D.C.COLO.LCivR 77.2
## COMMUNICATION WITH A JUDICIAL OFFICER

Unless otherwise ordered, a party to or an attorney in a proceeding shall not communicate directly about the proceeding in any manner with a judicial officer assigned to the proceeding.

## D.C.COLO.LCivR 79.1
## CUSTODY OF PLEADINGS, DOCUMENTS, CONVENTIONALLY SUBMITTED MATERIALS, AND EXHIBITS

**(a)**  **Custody and Removal.**  Unless otherwise ordered, pleadings, documents, conventionally submitted materials, and exhibits in a court file or submitted to a judicial officer shall not be removed from the office or custody of the clerk or judicial officer.

**(b)**  **Disposition.**

(1)  After 60 days of entry of final judgment in a civil action in which no appeal is taken, the clerk may notify counsel of record and any unrepresented party that the clerk intends to dispose of any conventionally submitted material or exhibit in the possession of the clerk. If no objection is filed within 14 days of the notice, the clerk may dispose of the conventionally submitted material or exhibit.

(2)  In a civil action on appeal, any conventionally submitted material or exhibit that was not transmitted as a part of the record on appeal may be transferred by the clerk to the offering attorney or unrepresented party who shall retain the conventionally submitted material or exhibit pending order of the appellate court.

## D.C.COLO.LCivR 79.2
## INSPECTION OF PHYSICAL EVIDENCE

While in the custody of the clerk, physical evidence shall not be inspected or copied except in the presence of and under the supervision of the clerk. The clerk may limit or prohibit inspection or copying to preserve the evidence.

# XI.  GENERAL PROVISIONS

**D.C.COLO.LCivR 81.1**
**PROCEDURE FOR REMOVAL**

**(a)**     **Notice of Removal.** A notice of removal shall comply with 28 U.S.C. § 1446(a).

**(b)**     **Filing Requirements.** No later than 14 days after the filing of the notice of removal, the removing party shall file a current docket sheet (register of actions) and shall separately file each pending motion, petition, and related response, reply, and brief.

**(c)**     **Notification Requirements.** If a hearing in the state court has been set before a case is removed, counsel or the unrepresented party removing the case shall notify the state judge forthwith of the removal and shall notify the federal judge to whom the case is assigned of the nature, time, and place of the state court hearing.

**D.C.COLO.LCivR 83.1**
**RECORDING DEVICES**

**(a)**     **Prohibited Recording Devices.** Unless authorized by a judicial officer, a device whose exclusive or principal use is as a camera, video recorder, or audio recorder may not be brought into or used in a United States Courthouse or any location in which court business and proceedings are conducted.

**(b)**     **Prohibited Eyeglasses.** Any eyeglasses determined to be "smart glasses," (i.e., eyeglasses, which, at a minimum, may be used as a camera, video recorder, or audio recorder) regardless of manufacturer, make, model, or type of imbedded technology, may not be brought into or used in a United States Courthouse or any location in which court business and proceedings are conducted.

**(c)**     **Permissible Devices.** After clearing security, an electronic device, including, but not limited to, a cellular telephone, a smartphone, a laptop computer, an electronic tablet, or a personal data assistant (PDA), regardless of the technology used or the name by which the device is marketed, may be brought into any public area in the United States Courthouse or any location in which court business and proceedings are conducted.

**(d)**     **Impermissible Uses of Permissible Devices.** A person shall not use a permissible device defined in Subdivision (c) to take photographs or to make audio or video recordings in any public area in the United States Courthouse or any other location in which court business and proceedings are conducted. A person shall not use a permissible device defined in Subdivision (c) to take photographs or to make audio or video recordings in any courtroom or chambers

26

except as authorized by the judicial officer having direct control of that space.

**(e)** **Sanctions for Violations.** Violation of this rule may constitute contempt of court punishable by incarceration and the imposition of fines, costs, and attorney fees.

The court authorizes the following agencies and those under contract employment of such agencies to maintain the security of district court spaces:

(1)    United States Marshals Service;

(2)    United States Department of Homeland Security Federal Protective Service; and

(3)    United States General Services Administration.

The authority to maintain security through the enforcement of this rule may involve taking possession of the device, searching the device and its contents, and preserving, copying, transferring, or deleting unauthorized video or audio recordings or photographs of court operations, proceedings, or facility space from electronic devices with or without the cooperation of a person found to be in possession of the device.

A judicial officer may take action to enforce this rule or to sanction a violator.

## D.C.COLO.LCivR 83.2
## SECURITY AND PROHIBITED ITEMS

**(a)** **Procedures.** All persons entering a building, courthouse, courtroom, or any other location in which court business and proceedings are conducted shall be subject to security procedures.

All briefcases, purses, parcels, bags, backpacks, and other items shall be passed through an X-ray scanner or magnetometer (or their functional equivalent) and shall be subject to search. This rule shall apply at such other places as a judicial officer may direct.

At the direction of the security officer conducting security screenings of persons attempting to enter a building, courthouse, courtroom, or any other location in which court business and proceedings are conducted, eyeglasses shall be passed through an X-ray scanner or magnetometer (or their functional equivalent) and shall be subject to search. Any eyeglasses determined to be "smart glasses" (i.e., eyeglasses, which, at a minimum, may be used as a camera, video recorder, or audio recorder) regardless of manufacturer, make, model, or type of imbedded technology, are prohibited items and shall not be permitted inside and shall not be used in any building, courthouse, courtroom, or any other location in which court business and proceedings are conducted.

27

Unless otherwise ordered and with the exception of federal law enforcement officers conducting official duties, all persons entering a building, courthouse, courtroom, or any other location in which court business and proceedings are conducted are prohibited from entering with any form of weapon, explosive, explosive device, destructive device, or any other dangerous material, including, but not limited to, the following:

(1)     Firearms or firearm replicas (e.g., pellet guns, BB guns, flare guns, spear guns, stun guns, starter pistols, gun shaped lighters or torches, non-firing replicas, dummy firearms, etc);

(2)     Sharp, bladed, edged, or cutting instruments (e.g., axes, hatchets, drills, drill bits, ice picks, box cutters, arrows, swords, knives (of any size), razor blades, razors (except razors used for personal grooming by individuals using the fitness center, etc.);

(3)     Club-like items and striking devices (e.g., hammers, baseball bats, cricket bats, pool cues, golf clubs, ski poles, billy clubs, blackjacks, nightsticks, crow bars, batons, nunchucks, kubatons, martial arts weapons, slingshots, tools (with the exception of duty requirements), etc.);

(4)     Explosive materials or devices (e.g., bombs, grenades, mines, ammunition, gun powder, plastic explosives, dynamite, nitroglycerin, trinitrotoluene, blasting caps, fireworks, flares, realistic replicas of explosives, etc.);

(5)     Incendiaries or incendiary devices (e.g., IEDs (improvised explosive devices), aerosol sprays, gasoline, diesel, propane, other flammable fuels, turpentine, paint thinner, realistic replicas of incendiaries, etc.);

(6)     Disabling chemicals and other dangerous items (e.g., chlorine, liquid bleach, compressed gas cylinders (e.g., fire extinguishers), mace, pepper spray, tear gas, poisonous gases, nuclear material, illicit drugs, alcohol, etc., except that tenants of any federal courthouse or court facility in the District of Colorado may carry chemical protection agents for personal protection if done in compliance with all local laws. Tenants must maintain personal protection chemical agents in a holster or carrying case and notify the Court Security Officer or other screening official before entering the screening station; however, visitors may **not** bring such items into the building, courtroom, or any other place where court is being held).

**(b)    Sanctions for Violations**. Violation of this rule shall be grounds for refusing admission to the building, courthouse, courtroom, or any other location in which court business and proceedings are conducted and for confiscating, securing, or destroying any prohibited item and may subject the violator to detention, arrest, and prosecution as provided by law, punishment for contempt of court, or any

28

other sanction deemed appropriate.

**(c)** **Identification or Information.** On request of a United States marshal, court security officer, federal protective service officer, or court official, anyone within or seeking entry to any court building shall produce identification and state the nature of his or her business. Failure to provide identification or information shall be grounds for removal or exclusion from the building.

## D.C.COLO.LCivR 83.3
## ACCOMMODATION UNDER AMERICANS WITH DISABILITIES ACT

Unless otherwise ordered, no later than seven days before a hearing or trial, counsel or an unrepresented party shall notify the court of an accommodation required under the Americans with Disabilities Act, except a request for the services of an American Sign Language interpreter shall be made no later than 30 days before the hearing or trial.

## D.C.COLO.LCivR 84.1
## BANKRUPTCY MATTERS

**(a)** **Automatic Referral.** A case or proceeding brought under or related to Title 11, United States Code, shall be referred automatically to the bankruptcy judges of this district under 28 U.S.C. § 157. All pleadings and documents in those cases shall be filed directly in the bankruptcy court, and the bankruptcy judges of this district shall exercise jurisdiction under 28 U.S.C. § 157(b).

**(b)** **Final Order in a Core Matter.**

In a proceeding referred under this rule and determined to be a core matter, if a bankruptcy or district judge determines that entry of a final order or judgment by a bankruptcy judge would be inconsistent with Article III of the United States Constitution, the bankruptcy judge, unless otherwise ordered by the district judge, shall hear the proceeding and submit proposed findings of fact and conclusions of law to the district judge.

**(c)** **Suspension or Abstention.** Nothing in this rule precludes the bankruptcy judge from suspending or abstaining from proceedings as appropriate under 11 U.S.C. § 305, 28 U.S.C. § 1334(c), or other applicable law.

**(d)** **Withdrawal of Reference.** The automatic referral in Subdivision (a) may be withdrawn by the assigned district judge.

    **(1)** **Motion.** A motion for withdrawal of reference shall be filed with the clerk of the bankruptcy court under Bankruptcy Rule 5011 and Local Bankruptcy Rule 5011-1.

**(2)** **Response.** No later than 14 days after service of the motion, a party may file in the bankruptcy court a response and a designation of any additional portion of the record necessary for determination of the motion.

**(3)** **Supplementation of Record.** The record may be supplemented by order of the bankruptcy judge.

**(4)** **Referral to District Court.** The bankruptcy judge shall refer the motion to the district court.

**(5)** **Assignment.** The motion shall be assigned to a district judge under D.C.COLO.LCivR 40.1.

**(e)** **Non-core Matter.** When a bankruptcy judge hears a proceeding under 28 U.S.C. § 157(c)(1) that is not a "core proceeding" as defined by 28 U.S.C. § 157(b)(2), the bankruptcy judge shall submit the proposed findings of fact and conclusions of law to the district judge assigned under D.C.COLO.LCivR 40.1. Copies of those recommendations shall be mailed by the bankruptcy judge to all parties, who shall have 14 days after the date of mailing of the recommendations (or such further time not to exceed 30 days as the bankruptcy judge may order) to file written objections. Objections lacking specificity as to factual findings or legal conclusions the objecting party claims to have been erroneously made and objections not timely filed may be summarily overruled. If no objection is filed, or if the parties consent in writing, the recommendations of the bankruptcy judge may be accepted by the district judge, and appropriate orders may be entered without further notice. The procedure for determining objections shall be as set forth in 28 U.S.C. § 157(c)(1).

**(f)** **Filings.** The clerk of the bankruptcy court shall receive all pleadings in bankruptcy cases and related proceedings. Bankruptcy pleadings and documents shall be filed with the bankruptcy court under the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules for the District of Colorado. Any bankruptcy pleadings and documents filed with the clerk of the district court shall be transferred to the bankruptcy court.

**(g)** **Post judgment Matters.** The bankruptcy judges shall exercise jurisdiction over all post judgment execution matters arising from a judgment or order entered by bankruptcy judges.

# SECTION II - CRIMINAL RULES
# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## I.  SCOPE, PURPOSE, AND CONSTRUCTION

**D.C.COLO.LCrR 1.1**
**SCOPE OF THE LOCAL CRIMINAL RULES**

**(a)**     **Title and Citation.** These rules shall be known as the Local Rules of Practice of the United States District Court for the District of Colorado - Criminal. These rules shall be cited as D.C.COLO.LCrR Rule, Subdivision, Paragraph, Subparagraph, Item (e.g., D.C.COLO.LCrR 47.1(f)(1)(A)).

**(b)**     **Effective Date.** Unless otherwise stated, these rules are effective as of December 1 of each year.

**(c)**     **Scope.** These rules apply in all criminal actions, cases, and proceedings (criminal cases) in the United States District Court for the District of Colorado.

**(d)**     **Numbering and Indexing.** These rules are numbered and indexed insofar as practicable in accordance with the specific designations of the Judicial Conference Uniform Numbering System.

**(e)**     **Judicial Officer.** Judicial officer refers to a district judge, magistrate judge, or circuit judge sitting by assignment.

**(f)**     **Clerk.** Reference in these rules to the clerk refers to the clerk of the court or a deputy clerk.

**(g)**     **CM/ECF.** CM/ECF is the Case Management/Electronic Case Filing system of the court.

**(h)**     **Pilot Programs or Special Projects.** A pilot program or special project may be authorized by the court following reasonable public notice and opportunity for public comment.

    (1)     Public notice shall specify:

        (A)     the purpose of the pilot program or special project;

        (B)     the term of the pilot program or special project;

    (C)    the effect upon any local rule of practice; and

    (D)    any requirement necessary to implement or facilitate the pilot program or special project.

(2)    The term for a pilot program or special project shall not exceed 18 months, but may be extended for one six-month period in conjunction with the promulgation of a corresponding local rule.

**D.C.COLO.LCrR 1.2**
**FORMS**

Court approved forms are on the court's website <u>HERE</u>. A form may be modified by the court or a judicial officer at any time. A form modified by a judicial officer may be under the judicial officer's practice standards on the court's website.

# II.  PRELIMINARY PROCEEDINGS

**[No Local Rules]**

# III.  INDICTMENT AND INFORMATION

**D.C.COLO.LCrR 6.1**
**GRAND JURY**

Grand jury supervision shall be assigned equally among the active district judges.

**D.C.COLO.LCrR 7.1**
**PENALTY SHEET**

A penalty sheet shall be provided by an attorney for the government to the clerk on the filing of a criminal case.

# IV.  ARRAIGNMENT AND PREPARATION FOR TRIAL

32

**D.C.COLO.LCrR 11.1**
**PLEAS**

**(a)**    **Written Notice.** Unless otherwise ordered, notice of disposition shall be filed no later than 14 days before trial.

**(b)**    **Pleas in a Felony Case.** In a felony case, a plea of guilty or nolo contendere shall be made before the assigned district judge; however, in a felony case designated as a Durango or Grand Junction case, with the express written consent of the government and defendant (using the form found HERE) and on referral for recommendation by the assigned district judge, the resident magistrate judge in Durango and Grand Junction, Colorado, may accept a plea of guilty or nolo contendere and conduct a corresponding advisement under Fed. R. Crim. P. 11.

**(c)**    **Plea Agreement.** A Plea Agreement shall be in the form HERE and signed by an attorney for the government, the defendant's counsel, if any, and the defendant.

The stipulation of facts relevant to sentencing in the Plea Agreement shall be included in the presentence report. An attorney for the government shall provide a copy of the Plea Agreement to the chambers of the assigned judicial officer and the Probation Office no later than 48 hours before the change of plea hearing.

**(d)**    **Statement by Defendant in Advance of Plea of Guilty.** A Statement by Defendant in Advance of Plea of Guilty shall be in the form HERE, and signed by the defendant's counsel, if any, and the defendant.

**(e)**    **Documents Tendered to Courtroom Deputy.** No later than the commencement of the change of plea hearing, the following documents shall be tendered to the courtroom deputy:

(1)    the original and a copy of the Plea Agreement and Statement by Defendant in Advance of Plea of Guilty; and

(2)    if applicable, the original and a copy of the written translation of the Plea Agreement and Statement by Defendant in Advance of Plea of Guilty.

**D.C.COLO.LCrR 12.1**
**MOTION TO JOIN MOTION PROHIBITED**

(a)    A party may not file a motion to join a motion filed by another party.

(b)    The government and each defendant shall file its, his, or her own motions. A motion shall request specific relief and include a title that identifies the relief

requested. In a motion, the party may indicate that the party approves, adopts, and/or incorporates by reference any or all of the reasons stated, arguments advanced, and/or authorities cited by a party in another motion. The party shall identify the related motion of another party by providing the following information:

(1)    the name of the other party;

(2)    the precise title of the related motion of the other party;

(3)    the document number of the related motion in CM/ECF; and

(4)    the date the related motion was filed.

**D.C.COLO.LCrR 12.2**
**MOTION, RESPONSE, AND REPLY**

A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document.

**D.C.COLO.LCrR 17.1.1**
**PRETRIAL CONFERENCE**

A magistrate judge shall enter a Discovery Conference Memorandum and Order at the time of or no later than 14 days after the arraignment, and direct counsel to obtain from the district judge assigned to the case deadlines for filing pretrial motions and a trial date.

# V.  VENUE

**[No Local Rules]**

# VI.  TRIAL

**D.C.COLO.LCrR 24.1**
**COMMUNICATION WITH JURORS**

A party or attorney shall not communicate with, or cause another to communicate with, a juror or prospective juror before, during, or after a trial without order of the judicial officer to whom the case is assigned.

# VII.  JUDGMENT

**D.C.COLO.LCrR 32.1**
**SENTENCING DOCUMENTS**

**(a)**    **Sentencing Statements.**

(1)    No later than 30 days after a verdict of guilty is returned by a jury or the court, the attorney for the government shall file a sentencing statement that analyzes the sentencing factors to be considered at sentencing.

(2)    No later than 14 days after the government files its sentencing statement, a defendant may file a sentencing statement that analyzes the sentencing factors to be considered at sentencing.

**(b)**    **Objections to Presentence Report.** Objections to a presentence report shall not be included in or combined with a motion for a departure or variance.

**(c)**    **Motions for Departure or Variance.** A motion for departure or variance shall be filed no later than 14 days before sentencing. A response may be filed no later than seven days before sentencing. A motion for departure or variance shall not be included in a sentencing statement or other sentencing-related document. A motion for departure or variance shall be filed as a separate motion.

**(d)**    **Restricted Access.** Unless otherwise ordered, a motion for a departure or variance shall not be filed as a restricted document.

**(e)**    **Sentencing-Related Documents**. Unless otherwise ordered, correspondence or other documents related to sentencing, including letters, reports, certificates, awards, photographs, or other documents pertaining to the defendant, shall be provided to the probation office no later than 10 days before sentencing and shall be filed no later than seven days before sentencing by a probation officer and are entitled to Level 2 restriction under D.C.COLO.LCrR 47.1(f)(1)(A).

**(f)**    **Disclosure of Probation Reports.**

(1)    Records and reports, including presentence reports and supervised release violation reports, maintained by the Probation Office are confidential and not available for public inspection.

(2)    The Chief Probation Officer may authorize inspection, disclosure, and production of records and reports to other federal courts, federal correctional or law enforcement agencies, treatment providers, or state authorities who have a legal, investigative, or custodial interest.

35

(3)     A person or entity other than defined in Paragraph (2) who seeks access to confidential records or reports maintained by the Probation Office shall file a written request with the Chief Probation Officer that conforms to the requirements HERE. After consulting with the relevant judicial officer, the Chief Probation Officer may grant the request in whole or in part.

# VIII.  APPEAL

**[No Local Rules]**

# IX.  SUPPLEMENTARY AND SPECIAL PROCEEDINGS

**[No Local Rules]**

# X.  GENERAL PROVISIONS

**D.C.COLO.LCrR 46.1
COURT REGISTRY**

**(a)**     **Deposit of Funds in Court Registry.** Unless a statute requires otherwise, funds shall be tendered to the court or its officers for deposit into the registry only pursuant to court order. A depositor shall identify in writing the order authorizing deposit by reference to the relevant docket entry in CM/ECF.

**(b)**     **Investment of Funds in Registry.** Unless otherwise ordered, no deposit into an interest-bearing account shall be permitted and the Court Registry Investment System (CRIS) shall be the authorized investment mechanism.

**(c)**     **Registry Fee.** Registry fees shall be deducted under 28 U.S.C. § 1914 and any regulation promulgated thereunder.

**(d)**     **Disbursement of Funds in Registry.** Funds in the registry shall be disbursed only by court order. A proposed order to disburse funds shall include the payee's full name and complete address and the amount to be disbursed. If more than $10.00 of interest is to be disbursed, the proposed order shall be accompanied by a completed IRS Form W-9 (which shall be filed under restricted access). The party requesting disbursement of funds shall provide to the clerk a copy of the order authorizing disbursement including its CM/ECF docket number.

**D.C.COLO.LCrR 47.1**
**PUBLIC ACCESS TO CASES, DOCUMENTS, AND PROCEEDINGS**

**(a)** **Policy.** Unless restricted by statute, rule of criminal procedure, these rules, or court order, the public shall have access to all cases and documents filed with the court and all court proceedings.  However, pleadings or documents filed under restriction shall not be accessible or viewable electronically in CM/ECF. A person with the right to access a restricted pleading or document may request a paper copy from the clerk.

**(b)** **Levels of Restriction.**  Unless otherwise ordered, there are four levels of restriction. Level 1 limits access to the parties and the court. Level 2 limits access to the filing party, the affected defendant(s), the government, and the court. Level 3 limits access to the filing party and the court. Level 4 limits access to the court.

**(c)** **Motion to Restrict.** Unless otherwise ordered, a motion to restrict public access shall be open to public inspection. The motion shall identify the case, the document, or the proceeding for which restriction is sought. The motion shall be accompanied by a brief that is filed as a restricted document. The brief shall:

   (1)   identify the case, document, or the proceeding for which restriction is sought;

   (2)   address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

   (3)   identify a clearly defined and serious injury that would result if access is not restricted;

   (4)   explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

   (5)   identify the level of restriction sought.

**(d)** **Public Notice of Motions to Restrict; Objections.** Notice of the filing of such motion shall be posted on the court's website on the court business day following the filing of the motion. Any person may file an objection to the motion to restrict no later than three court business days after posting. Absent exigent circumstances, no ruling on a motion to restrict shall be made until the time for objection has passed. The absence of objection alone shall not result in the granting of the motion.

**(e)** **Filing Restricted Documents.** A document subject to a motion to restrict shall

be filed as a restricted document, and shall be subject to restriction until the motion is determined by the court. If a document is filed as a restricted document without an accompanying motion to restrict, it shall retain the restriction selected by the filer for 14 days. If no motion to restrict is filed within such time period, the access restriction shall expire and the document shall be open to public inspection.

**(f)** **Documents Subject to Presumptive Restriction.** The following documents shall be filed subject to the specified presumptive restriction levels without the order of a judicial officer:

**(1)** **Documents that shall be filed with Level 2 restriction (access limited to the filing party, the affected defendant(s), the government, and the court):**

   **(A)** Pretrial Services reports (bail reports) and pretrial release status reports.

   **(B)** Petitions for the issuance of summonses or arrest warrants involving petitions for revocation of pretrial release or for compliance reviews of pretrial release effective on service of the summons or execution of the warrant.

   **(C)** Presentence reports, sentencing recommendations, and addenda and related documents, including correspondence or other documents related to sentencing, including letters, reports, certificates, awards, photographs, or other documents pertaining to the defendant.

   **(D)** Probation or supervised release violation reports.

   **(E)** Statements of reasons in judgments in criminal cases.

   **(F)** Information provided by a person or entity posting bond.

**(2)** **Documents that shall be filed with Level 3 restriction (access limited to the filing party and the court):**

   **(A)** Unexecuted bond revocation orders and supporting documents. Unless otherwise ordered, this restriction shall expire on the execution of the order.

   **(B)** Documents and orders under the Criminal Justice Act. Unless otherwise ordered, this restriction shall expire on the entry of final judgment.

38

(C)    Indictments. Unless otherwise ordered, this restriction shall expire on the earlier of the arrest or initial appearance of the first or only defendant.

**(3)    Documents that shall be filed with Level 4 restriction (access limited to the court):**

(A)    Petitions for summonses or arrest warrants based upon petitions for revocation of probation or supervised release. Unless otherwise ordered, this restriction shall expire on the service of the summons or execution of the warrant.

(B)    Issued, but unserved, petitions for the issuance of summonses or arrest warrants involving petitions for revocation of pretrial release or for compliance reviews of pretrial release. Unless otherwise ordered, this restriction shall expire on the service of the summons or execution of the warrant.

**(g)    Cases Subject to Presumptive Restriction.** A case (including the docket sheet, case number and caption) initiated by any of the following documents shall be filed under Level 4 restriction:

(1)    Unexecuted summonses and warrants of any kind and supporting documents. Unless otherwise ordered, this restriction shall expire on the execution of the summonses or warrants.

(2)    Pen register and trap/trace orders and supporting documents. This restriction shall remain in effect unless otherwise ordered.

(3)    Orders and supporting documents under 18 U.S.C. § 2703(d). Unless otherwise ordered, this restriction shall expire after 90 days.

(4)    Title III and clone pager orders and supporting documents. This restriction shall remain in effect unless otherwise ordered.

(5)    Grand Jury material and other documents with restricted access pursuant to statute. This restriction shall remain in effect unless otherwise ordered.

**D.C.COLO.LCrR 49.1**
**FORMATTING, SIGNATURES, FILING, AND SERVING PLEADINGS AND DOCUMENTS**

**(a)    Electronic Formatting, Signatures, and Filing.** Unless otherwise provided in this rule or otherwise ordered, each pleading and document filed in a criminal case shall be formatted, signed, and filed electronically in CM/ECF as prescribed

39

by the Electronic Case Filing Procedures, incorporated in these rules and available HERE.

**(b)** **Exceptions to Electronic Formatting and Filing.**

> **(1)** **Materials that Cannot Be Converted to Electronic Form.** An item such as a videotape, audiotape, etc. shall be filed by delivery to the clerk's office.

> **(2)** **Pleadings and Documents by Unrepresented Prisoners**. These shall be filed in paper.

> **(3)** **Pleadings and Documents by Other Unrepresented Parties.** Unless otherwise ordered, these shall be filed in paper.

> **(4)** **E-mailed Documents.** The Electronic Case Filing Procedures specify the documents that shall be e-mailed to the court to open a case HERE.

**(c)** **Formatting and Filing of Pleadings and Documents and Maintenance of Contact Information by an Unrepresented Prisoner or Party.** If not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website HERE. If the unrepresented party is a prisoner and is unable to access the website, on request the clerk shall provide copies of the necessary procedures, forms, and instructions. Notice of change of name, mailing address, or telephone number of an unrepresented prisoner or party shall be filed not later than five days after the change. A user of CM/ECF shall keep his/her primary and alternative e-mail address current. Instructions for a user to update and maintain his/her CM/ECF account are HERE.

**(d)** **Electronic Service.** When a pleading or document, other than a pleading or document filed under restriction, is filed in CM/ECF, it is deemed served electronically under Fed. R. Crim. P. 49(3)(A). A pleading or document filed under restriction shall not be accessible or viewable electronically in CM/ECF and shall be served using one of the other methods provided by the Federal Rules of Criminal Procedure (e.g., Fed. R. Crim. P. 49(a)(4)). The time to respond or reply shall be calculated from the date of electronic service, regardless of whether other means of service are used, except the time to respond or reply to a pleading or document filed under restriction shall be calculated as provided by these rules or the Federal Rules of Criminal Procedure. The Notice of Electronic Filing (NEF) generated by CM/ECF constitutes a certificate of service for all pleadings and documents other than those filed under restriction, which require a separate certificate of service. Registration in CM/ECF shall constitute consent to electronic service of all pleadings or documents other than those filed under restriction.

## D.C.COLO.LCrR 49.3
## FORMAT OF PLEADINGS AND DOCUMENTS PRESENTED FOR FILING

**(a)**   **Scope.** This rule applies to all pleadings and documents presented for filing.

**(b)**   **Size.** All pleadings and documents shall be on 8½ by 11 inch white paper.

**(c)**   **Margins.** Margins shall be 1½ inches at the top and 1 inch at the left, right, and bottom of each page.

**(d)**   **Font.** Unless otherwise ordered, all typewritten pleadings and documents shall use black ink and not less than 12-point font.

**(e)**   **Spacing.** All pleadings and documents shall be double spaced.

**(f)**   **Text.** Text shall be printed on one side of the page only.

**(g)**   **Legibility.** All handwritten pleadings and documents shall be legible, utilizing upper and lower case lettering.

## D.C.COLO.LCrR 50.1
## ASSIGNMENT OF CASES

**(a)**   **Assignment in General.** Except as provided in this rule, criminal cases shall be assigned to judicial officers by random draw. Work parity shall be maintained among active district judges, provided that a majority of active district judges may adjust the assignment of criminal cases to the Chief Judge as may be necessary for the performance of the duties of that office, and may, for good cause, approve special assignment or reassignment of criminal cases among the judicial officers of the court. All other reassignments of cases shall be subject to the approval of the Chief Judge.

**(b)**   **Random Draw by Computer.** The clerk shall maintain a computerized program to achieve work parity among judicial officers through random and public assignment of new criminal cases. A senior judge may decline assignment of criminal cases and, on notice to the Chief Judge, limit participation in the random draw by a stated percentage.

**(c)**   **Special Assignments.**

(1)   On filing a new criminal case charging a felony offense and involving only one defendant, the United States Attorney shall notify the clerk in writing when that defendant is the only defendant involved in a pending civil action for forfeiture assigned to a district judge. The new criminal case shall be assigned to the same district judge to whom the civil action is assigned.

(2)     On filing a new criminal case charging a felony offense and involving only one defendant, the United States Attorney shall notify the clerk in writing when that defendant is the only defendant in another pending criminal case in which a felony offense is charged. The new criminal case shall be assigned to the same district judge to whom the pending criminal case is assigned.

(3)     On filing a new criminal case charging a felony offense and involving only one defendant, the United States Attorney shall notify the clerk in writing when that defendant is currently on probation or supervised release. The new criminal case shall be assigned to the same district judge to whom the criminal case is assigned in which the same defendant is on probation or supervised release.

(4)     For a transfer under 18 U.S.C. § 3605, the probation department shall notify the clerk in writing when the defendant is involved in a pending criminal case or is serving a term of probation or supervised release ordered in this district. The transferred criminal case shall be assigned to the judicial officer to whom the pending criminal case is assigned or who presided over the case in which the defendant is serving a term of probation or supervised release.

(5)     For a transfer under Fed. R. Crim. P. 20, the United States Attorney shall notify the clerk in writing when the defendant is involved in another pending criminal case. The transferred criminal case shall be assigned to the judicial officer who is presiding over the pending criminal case.

(6)     A majority of the district judges may provide for the assignment of criminal cases which may be heard outside Denver, Colorado, in another location where court may be held under 28 U.S.C. § 85.

**(d)     Recusal.** Recusal of an active judicial officer shall be by written order stating the reasons.

**(e)     Adjustments.** On recusal the clerk shall adjust the computerized program to maintain work parity among active district judges.

### D.C.COLO.LCrR 53.1
### HEARING AND TRIAL PROCEDURES

A judicial officer presiding over a hearing or trial may establish governing procedures. Judicial practice standards are HERE.

### D.C.COLO.LCrR 55.1
### CUSTODY OF PLEADINGS, DOCUMENTS, CONVENTIONALLY SUBMITTED

42

**MATERIALS AND EXHIBITS**

**(a)    Custody and Removal.**  Unless otherwise ordered, pleadings, documents, conventionally submitted materials, and exhibits in a court file or submitted to a judicial officer shall not be removed from the office or custody of the clerk or judicial officer.

**(b)    Disposition.**

(1)    After 60 days of entry of final judgment in a criminal action in which no appeal is taken, the clerk may notify counsel of record and any unrepresented party that the clerk intends to dispose of any conventionally submitted material or exhibit in the possession of the clerk. If no objection is filed within 14 days of the notice, the clerk may dispose of the conventionally submitted material or exhibit.

(2)    In a criminal action on appeal, any conventionally submitted material or exhibit that was not transmitted as a part of the record on appeal may be transferred by the clerk to the offering attorney or unrepresented party who shall retain the conventionally submitted material or exhibit pending order of the appellate court.

**D.C.COLO.LCrR 55.2**
**INSPECTION OF PHYSICAL EVIDENCE**

While in the custody of the clerk, physical evidence shall not be inspected or copied except in the presence of and under the supervision of the clerk. The clerk may limit or prohibit inspection or copying to preserve the evidence.

**D.C.COLO.LCrR 56.1**
**TIME AND PLACE OF FILING**

Unless otherwise ordered, an electronically filed pleading or document shall be filed no later than 11:59:59 p.m. (Mountain Time) on the day required. Unless otherwise ordered, all other pleadings and documents shall be filed during the business hours of the office of the clerk from 8:00 a.m. to 5:00 p.m. (Mountain Time) Monday through Friday.

**D.C.COLO.LCrR 57.1**
**GENERAL AUTHORITY AND DUTIES OF A MAGISTRATE JUDGE**

**(a)    General Authority.** Except as restricted by these rules, a magistrate judge may exercise all powers and duties authorized by federal statutes, regulations, and the Federal Rules of Criminal Procedure.

**(b)    Duties.** A magistrate judge may:

43

(1)    authorize the installation and use of a pen register or a trap and trace device under 18 U.S.C. §§ 3122-23, and direct the furnishing of information, facilities, and technical assistance necessary to accomplish the installation of the pen register or trap and trace device;

(2)    issue search warrants;

(3)    accept criminal complaints and issue or quash arrest warrants or summonses;

(4)    accept waivers of indictment under Fed. R. Crim. P. 7(b);

(5)    receive the return of indictments by the grand jury and issue arrest warrants or summonses when necessary for the defendants named in the indictments;

(6)    restrict and grant access to an indictment;

(7)    conduct preliminary proceedings incident to transfer cases under Fed. R. Crim. P. 20;

(8)    exercise powers and duties necessary to extradite fugitives under 18 U.S.C. §§ 3181-96;

(9)    conduct hearings and issue orders under the Bail Reform Act of 1984, 18 U.S.C. §§ 3141-56;

(10)    forfeit bond when a defendant fails to appear in proceedings scheduled before the magistrate judge;

(11)    set bond for material witnesses;

(12)    conduct arraignments by taking and entering pleas and when necessary, make findings affecting speedy trial considerations under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74;

(13)    direct the United States Marshal to arrange for payment of expenses for basic transportation and subsistence for a defendant financially unable to bear the costs of travel to required court appearances;

(14)    issue subpoenas and writs of habeas corpus ad testificandum and prosequendum or other orders necessary to obtain the presence of parties, witnesses, or evidence;

(15)    conduct non-jury trials in cases involving petty offenses or misdemeanors;

44

(16)    conduct jury trials in cases involving misdemeanors under 18 U.S.C. § 3401(a);

(17)    direct the probation office to conduct presentence investigations in cases involving misdemeanors;

(18)    perform the functions specified in 18 U.S.C. §§ 4107, 4108, and 4109 regarding proceedings for verification of consent by offenders to transfer to or from the United States, including the appointment of counsel;

(19)    appoint counsel for a person subject to revocation of probation, parole, or supervised release; a person in custody as a material witness; a person seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255 or 18 U.S.C. § 4245; or a person for whom the Sixth Amendment to the United States Constitution or federal law requires the appointment of counsel;

(20)    conduct preliminary hearings;

(21)    exercise contempt authority as authorized by law;

(22)    preside over cases involving petty offenses or misdemeanors brought against juvenile defendants as authorized by law;

(23)    act on post judgment matters as authorized by law;

(24)    order psychiatric or psychological examinations and reports under 18 U.S.C. §§ 3552(c), 4241(b), 4244(b), 4245(b) and/or 4246(b);

(25)    conduct hearings and make recommendations to district judges concerning competency of defendants to stand trial;

(26)    conduct hearings and make recommendations to district judges on motions to suppress statements or evidence;

(27)    issue orders on motions to treat a document as a highly sensitive document; and

(28)    issue other orders as authorized by law.

## D.C.COLO.LCrR 57.2
## COMMUNICATION WITH A JUDICIAL OFFICER

Unless otherwise ordered, a party to or an attorney in a proceeding shall not communicate directly about the proceeding in any manner with a judicial officer assigned to the proceeding.

**D.C.COLO.LCrR 57.3**
**RECORDING DEVICES**

**(a)**   **Prohibited Recording Devices.** Unless authorized by a judicial officer, a device whose exclusive or principal use is as a camera, video recorder, or audio recorder may not be brought into or used in a United States Courthouse or any location in which court business and proceedings are conducted.

**(b)**   **Prohibited Eyeglasses.** Any eyeglasses determined to be "smart glasses," (i.e., eyeglasses, which, at a minimum, may be used as a camera, video recorder, or audio recorder) regardless of manufacturer, make, model, or type of imbedded technology, may not be brought into or used in a United States Courthouse or any location in which court business and proceedings are conducted.

**(c)**   **Permissible Devices.** After clearing security, an electronic device, including, but not limited to, a cellular telephone, a smartphone, a laptop computer, an electronic tablet, or a personal data assistant (PDA), regardless of the technology used or the name by which the device is marketed, may be brought into any public area in the United States Courthouse or any location in which court business and proceedings are conducted.

**(d)**   **Impermissible Uses of Permissible Devices.** A person shall not use a permissible device defined in Subdivision (c) to take photographs or to make audio or video recordings in any public area in the United States Courthouse or any other location in which court business and proceedings are conducted. A person shall not use a permissible device defined in Subdivision (c) to take photographs or to make audio or video recordings in any courtroom or chambers except as authorized by the judicial officer having direct control of that space.

**(e)**   **Sanctions for Violations.** Violation of this rule may constitute contempt of court punishable by incarceration and the imposition of fines, costs, and attorney fees. The court authorizes the following agencies and those under contract employment of such agencies to maintain the security of district court spaces:

   (1)   United States Marshals Service;

   (2)   United States Department of Homeland Security Federal Protective Service; and

   (3)   United States General Services Administration.

   The authority to maintain security through the enforcement of this rule may involve taking possession of the device, searching the device and its contents, and preserving, copying, transferring, or deleting unauthorized video or audio recordings or photographs of court operations, proceedings, or facility space from

46

electronic devices with or without the cooperation of a person found to be in possession of the device.

A judicial officer may take action to enforce this rule or to sanction a violator.

**D.C.COLO.LCrR 57.4**
**SECURITY AND PROHIBITED ITEMS**

**(a)** **Procedures.** All persons entering a building, courthouse, courtroom, or any other location in which court business and proceedings are conducted shall be subject to security procedures.

All briefcases, purses, parcels, bags, backpacks, and other items shall be passed through an X-ray scanner or magnetometer (or their functional equivalent) and shall be subject to search. This rule shall apply at such other places as a judicial officer may direct.

At the direction of the security officer conducting security screenings of persons attempting to enter a building, courthouse, courtroom, or any other location in which court business and proceedings are conducted, eyeglasses shall be passed through an X-ray scanner or magnetometer (or their functional equivalent) and shall be subject to search. Any eyeglasses determined to be "smart glasses" (i.e., eyeglasses, which, at a minimum, may be used as a camera, video recorder, or audio recorder) regardless of manufacturer, make, model, or type of imbedded technology, are prohibited items and shall not be permitted inside and shall not be used in any building, courthouse, courtroom, or any other location in which court business and proceedings are conducted.

Unless otherwise ordered and with the exception of federal law enforcement officers conducting official duties, all persons entering a building, courthouse, courtroom, or any other location in which court business and proceedings are conducted are prohibited from entering with any form of weapon, explosive, explosive device, destructive device, or any other dangerous material, including, but not limited to, the following:

(1) Firearms or firearm replicas (e.g., pellet guns, BB guns, flare guns, spear guns, stun guns, starter pistols, gun shaped lighters or torches, non-firing replicas, dummy firearms, etc);

(2) Sharp, bladed, edged, or cutting instruments (e.g., axes, hatchets, drills, drill bits, ice picks, box cutters, arrows, swords, knives (of any size), razor blades, razors (except razors used for personal grooming by individuals using the fitness center, etc.);

(3) Club-like items and striking devices (e.g., hammers, baseball bats, cricket bats, pool cues, golf clubs, ski poles, billy clubs, blackjacks, nightsticks,

47

crow bars, batons, nunchucks, kubatons, martial arts weapons, slingshots, tools (with the exception of duty requirements), etc.);

(4)     Explosive materials or devices (e.g., bombs, grenades, mines, ammunition, gun powder, plastic explosives, dynamite, nitroglycerin, trinitrotoluene, blasting caps, fireworks, flares, realistic replicas of explosives, etc.);

(5)     Incendiaries or incendiary devices (e.g., IEDs (improvised explosive devices), aerosol sprays, gasoline, diesel, propane, other flammable fuels, turpentine, paint thinner, realistic replicas of incendiaries, etc.);

(6)     Disabling chemicals and other dangerous items (e.g., chlorine, liquid bleach, compressed gas cylinders (e.g., fire extinguishers), mace, pepper spray, tear gas, poisonous gases, nuclear material, illicit drugs, alcohol, etc.), except that tenants of any federal courthouse or court facility in the District of Colorado may carry chemical protection agents for personal protection if done in compliance with all local laws. Tenants must maintain personal protection chemical agents in a holster or carrying case and notify the Court Security Officer or other screening official before entering the screening station; however, visitors may **not** bring such items into the building, courtroom, or any other place where court is being held.

**(b)**     **Sanctions for Violations**. Violation of this rule shall be grounds for refusing admission to the building, courthouse, courtroom, or any other location in which court business and proceedings are conducted and for confiscating, securing, or destroying any prohibited item and may subject the violator to detention, arrest, and prosecution as provided by law, punishment for contempt of court, or any other sanction deemed appropriate.

**(c)**     **Identification or Information.** On request of a United States marshal, court security officer, federal protective service officer, or court official, anyone within or seeking entry to any court building shall produce identification and state the nature of his or her business. Failure to provide identification or information shall be grounds for removal or exclusion from the building.

**D.C.COLO.LCrR 57.5**
**ACCOMMODATION UNDER AMERICANS WITH DISABILITIES ACT**

Unless otherwise ordered, no later than seven days before a hearing or trial, counsel or an unrepresented party shall notify the court of an accommodation required under the Americans with Disabilities Act, except a request for the services of an American Sign Language interpreter shall be made no later than 30 days before the

hearing or trial.

**D.C.COLO.LCrR 58.1**

**FORFEITURE OF COLLATERAL IN LIEU OF APPEARANCE AND NOTICE OF CONVICTION**

**(a)**    **Scheduled Offenses; Collateral.** For certain scheduled offenses committed within the jurisdiction of this court, collateral may be posted in the amount set by the court. Unless otherwise ordered, the schedule of collateral for assimilated state-law offenses shall be as set by the statutes or regulations of the state.

**(b)**    **Petty Offenses; Collateral.** For a petty offense, a judicial officer may specify a collateral forfeiture amount different from that set out in this rule with the consent of an attorney or other representative of the government.

**(c)**    **Forfeiture Amount; Payment.** The collateral forfeiture amount set by a judicial officer under this Subdivision shall not be less than the minimum nor greater than the maximum fine that may be imposed on conviction for violation of the applicable statute or regulation. Collateral may be posted by mail. Payment may be made by cash, check, money order, draft, or court-approved credit card.

**(d)**    **Forfeiture.** If a defendant fails to appear before a judicial officer after posting collateral, the collateral shall be forfeited to the United States and that forfeiture shall be accepted in lieu of appearance and shall terminate the proceeding without entry of judgment.

**(e)**    **Increase in Amount of Collateral.** If a defendant fails to post collateral or fails to appear before a judicial officer, a judicial officer may increase the amount of collateral. The increased amount of collateral shall not exceed the maximum fine that may be imposed on conviction.

**(f)**    **Forfeiture Not Permitted; Appearance Required.** Notwithstanding Subdivision (d) above, forfeiture of collateral shall not be permitted, and the defendant shall appear before a judicial officer in person or by counsel for an offense involving

   (1)    personal injury or death;

   (2)    operation of a motor vehicle while under the influence of or impaired by alcohol or a controlled substance as defined under federal or state law;

   (3)    operation of a motor vehicle while a driver's license is suspended, cancelled, denied, or revoked;

   (4)    reckless driving;

   (5)    a state or federal statute or regulation that requires the appearance of the defendant;

    (6)    illegal use or possession of a firearm, destructive device, or dangerous weapon as defined under federal or state law; or

    (7)    an assault or a crime of violence as defined under federal or state law.

**(g)**    **Notice of Conviction.** When a defendant is convicted of a motor-vehicle offense that requires a mandatory appearance, the clerk shall send notice of that conviction to the appropriate state agency.

**(h)**    **Collateral Forfeiture Framework.** The United States Attorney shall submit a proposed collateral forfeiture schedule to the court on behalf of each federal agency that issues Violation Notices. The proposed collateral forfeiture schedules shall contain collateral forfeiture amounts within the ranges in the Collateral Forfeiture Framework. Once approved by the court, the Collateral Forfeiture Framework and schedules shall be on the court's website HERE. The Collateral Forfeiture Framework is not applicable to assimilated state-law offenses or offenses outlined in Subdivision (f).

# SECTION III – LOCAL PATENT RULES
# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## I.  SCOPE, PURPOSE, AND CONSTRUCTION

**D.C.COLO.LPtR 1**
**SCOPE OF THE LOCAL RULES**

**(a)**   **Title and Citation.** These rules shall be known as the Local Rules of Practice of the United States District Court for the District of Colorado - Patent Rules. These rules shall be cited as D.C.COLO.LPtR Rule, Section, and Subsection (e.g., D.C.COLO.LPtR 3(a)).

**(b)**   **Effective Date.** Unless otherwise stated, these rules are effective as of December 1 of each year.

**(c)**   **Scope and Applicability.** These rules apply to patent infringement, invalidity and unenforceability actions. A judicial officer may modify the obligations or deadlines set forth in these rules based on the circumstances of any particular case, including, without limitation, the nature of relief sought and/or the simplicity or complexity of the case as shown by the patents, claims, technology, products, or parties involved.

**(d)**   **Applicability of Local Civil Rules.** Except where inconsistent with these rules, the Local Rules of Practice of the United States District Court for the District of Colorado – Civil apply.

**(e)**   **Forms.** Forms are subject to modification without notice.

## II.  SCHEDULING CONFERENCE AND ORDER

**D.C.COLO.LPtR 2**
**INITIAL SCHEDULING CONFERENCE**

Lead counsel for the parties shall participate in the conference under Fed. R. Civ. P. 26(f). The parties shall prepare and submit a proposed Patent Scheduling Order in the form (HERE). Nothing in these rules precludes or prohibits a request or order to expedite proceedings, including a request or order for an expedited claim construction hearing or ruling.

51

# III.  DISCOVERY AND CONFIDENTIALITY

**D.C.COLO.LPtR 3**
**DISCOVERY OBJECTION; PRESERVING CONFIDENTIALITY;**
**ENTRY OF PROTECTIVE ORDER**

**(a)**    **Premature Discovery Objection.** A party may object to a request for discovery seeking information or documents in advance of the deadline in the Patent Scheduling Order for disclosure of such information or documents.

**(b)**    **Confidentiality.** The parties shall not delay making disclosures under Fed. R. Civ. P. 26(a) on the grounds of confidentiality. The parties shall not delay responding to discovery on the grounds of confidentiality. The producing party may designate a discovery response as "confidential" or use another confidential designation such as "outside attorneys' eyes only". Disclosure of a confidential document or information by the receiving party shall be limited by the designation of confidentiality.

**(c)**    **Protective Order.** No later than ten (10) days prior to the Rule 16 Scheduling Conference: (1) the parties shall submit an agreed proposed protective order; or (2) if they cannot agree, each party shall submit a separate proposed protective order which specifically identifies the provisions on which the parties agree and disagree. Each party simultaneously may submit a brief of no more than two (2) pages in support of its proposed protective order.

# IV.  INFRINGEMENT

**D.C.COLO.LPtR 4**
**DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

**(a)**    **Infringement Contentions.** By the date specified in the Patent Scheduling Order, a party claiming patent infringement shall serve Infringement Contentions identifying with specificity each accused product or process (the "Accused Instrumentality").

**(b)**   **Claim Chart.** A party who serves Infringement Contentions also shall serve a claim chart for each Accused Instrumentality. If two or more Accused Instrumentalities have the same relevant characteristics, they may be grouped together in one claim chart. The claim chart(s) shall be specific and shall contain the following information:

    (1)   Identification of each claim of each patent in suit that is allegedly infringed by the Accused Instrumentality;

    (2)   Identification of the specific location of each limitation of the claim within each Accused Instrumentality, including for each limitation that the party contends is governed by 35 U.S.C. §112(f), the identity of the structures, acts, or materials in the Accused Instrumentality that perform the claimed function;

    (3)   A statement of whether each limitation of each asserted claim is literally present in the Accused Instrumentality or present under the doctrine of equivalents; and

    (4)   If an allegation of direct infringement is based on acts of multiple parties, a description of the role of each such party in the direct infringement.

## D.C.COLO.LPtR 5
## DOCUMENT PRODUCTION ACCOMPANYING
## INFRINGEMENT CONTENTIONS

Contemporaneously with service of the Infringement Contentions, the party claiming patent infringement shall produce to each party (or make available for inspection and copying) the following documents and identify by production number which documents correspond to each category:

(a)   All documents demonstrating each disclosure, sale (or offer to sell), or any public use of the claimed invention before the application date or the priority date (whichever is earlier) for each patent in suit;

(b)   All documents created on or before the application date or the priority date (whichever is earlier) for each patent in suit that demonstrate each claimed invention's conception and earliest reduction to practice;

(c)   A copy of the patent(s) in suit and all communications with the United States Patent and Trademark Office regarding the patent(s) in suit and any related application(s); and

(d)   All documents demonstrating ownership of the patent rights by the party claiming patent infringement.

**D.C.COLO.LPtR 6**
**RESPONSE TO INFRINGEMENT CONTENTIONS**

By the date specified in the Patent Scheduling Order, a party opposing a claim of patent infringement shall serve its Response to Infringement Contentions, which shall be specific and include the following:

(a)    A clear identification of each limitation of each asserted claim alleged not to be present in the Accused Instrumentality;

(b)    A detailed description of the factual and legal grounds for each limitation identified in Subdivision (a); and

(c)    To the extent that the Response to Infringement Contentions is based on claim interpretation, identification of any relevant claim term.

**D.C.COLO.LPtR 7**
**DOCUMENT PRODUCTION ACCOMPANYING RESPONSE**
**TO INFRINGEMENT CONTENTIONS**

Contemporaneously with service of the Response to Infringement Contentions, a party opposing a claim of patent infringement shall produce to each party (or make available for inspection or copying) the following:

(a)    All documents sufficient to show the operation of any aspect or elements of an Accused Instrumentality identified by the party claiming patent infringement in its Infringement Contentions under D.C.COLO.LPtR 4; and

(b)    If relevant, source code, specifications, schematics, flow charts, artwork, formulas, and any other description of the operation of the Accused Instrumentality.

# V.  INVALIDITY

**D.C.COLO.LPtR 8**
**INVALIDITY CONTENTIONS**

(a)    **Invalidity Contentions.** By the date specified in the Patent Scheduling Order, a party opposing a claim of patent infringement shall serve its Invalidity Contentions, if any.

(b)    **Claim Chart.** The Invalidity Contentions shall include a chart (or charts) identifying each allegedly invalid claim, and each item of prior art that anticipates or renders each claim obvious, including the specific location in the items of prior art of each limitation of each asserted claim. Claim charts shall be specific and

contain the following information:

(1)    An explanation, including the relevant statutory language, of how the item qualifies as prior art;

(2)    If anticipation is alleged, identification of each item of prior art and an explanation of how it anticipates the asserted claim;

(3)    If obviousness is alleged, identification of each item of prior art or combination of items of prior art, and, separately for each item of prior art or combination of items of prior art, an explanation of how the item or combination of items renders the asserted claims obvious; and

(4)    A statement explaining any other grounds of invalidity of any asserted claims.

## D.C.COLO.LPtR 9
## PRODUCTION OF PRIOR ART
## WITH INVALIDITY CONTENTIONS

Contemporaneously with service of the Invalidity Contentions, a party opposing a claim of patent infringement shall produce to each party (or make available for inspection and copying) a copy of each item of prior art identified under D.C.COLO.LPtR 8 which does not appear in the file history of any patent at issue. If an item of prior art is not in English, an English translation shall be provided.

## D.C.COLO.LPtR 10
## RESPONSE TO INVALIDITY CONTENTIONS

(a)    **Response to Invalidity Contentions.** By the date specified in the Patent Scheduling Order, a party claiming patent infringement shall serve a Response to Invalidity Contentions.

(b)    **Claim Chart.** The Response to Invalidity Contentions shall include a chart or charts which respond to the corresponding Invalidity Contentions. A claim chart shall be specific and contain the following information:

(1)    For each item of asserted prior art, identification of each limitation of a claim that the party believes is absent from the prior art;

(2)    If the Response is based on claim interpretation, identification of the relevant claim term; and

(3)    If obviousness is alleged, an explanation of why the prior art does not render the asserted claim obvious.

55

**(c)**      **Information for Design Patents.** For design patents, a party shall explain why the prior art does not anticipate the claim.

## D.C.COLO.LPtR 11
## DOCUMENTS ACCOMPANYING RESPONSE TO INVALIDITY CONTENTIONS

Contemporaneously with service of the Response to Invalidity Contentions, a party claiming patent infringement shall produce to each party (or make available for inspection and copying) any document, electronically stored information, or thing supporting the Response.

# VI.  DECLARATORY JUDGMENT

## D.C.COLO.LPtR 12
## DISCLOSURE REQUIREMENT IN PATENT CASES SEEKING
## DECLARATORY JUDGMENT

If a party files a pleading seeking a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable and the responsive pleading does not include a claim for patent infringement, then D.C.COLO.LPtR 4 shall not apply. If a party does not assert a claim for patent infringement in its answer to the pleading requesting declaratory judgment, then the party seeking a declaratory judgment shall proceed under D.C.COLO.LPtR 8 by the date specified in the Patent Scheduling Order.

# VII.  RELIANCE ON OPINION OF COUNSEL

## D.C.COLO.LPtR 13
## OPINION OF COUNSEL

**(a)**      **Production of Opinion.** By the date specified in the Patent Scheduling Order, a party relying on an opinion of counsel to defend a claim of willful infringement, induced infringement, or contributory infringement, or to assert that a case is exceptional, shall disclose the identity of counsel and produce (or make available for inspection and copying) the written opinion and any document containing the facts and data considered by counsel in forming the opinion.

**(b)**      **Privilege Log.** A party relying on an opinion of counsel shall serve a privilege log complying with Fed. R. Civ. P. 26 (b)(5)(A).

56

# VIII.  CLAIM CONSTRUCTION

**D.C.COLO.LPtR 14**
**JOINT CLAIM TERMS CHART**

By the date specified in the Patent Scheduling Order, the parties shall file a Joint Disputed Claim Terms Chart identifying the disputed claim terms and phrases and each party's proposed construction with citations to supporting intrinsic and extrinsic evidence.

**D.C.COLO.LPtR 15**
**CLAIM CONSTRUCTION BRIEFING**

Unless otherwise ordered, by the date specified in the Patent Scheduling Order:

(a)     A party opposing a claim of patent infringement and/or asserting invalidity (if there is no infringement issue in the case) shall file an opening claim construction brief which shall include all supporting evidence;

(b)     An opposing party shall file a response which shall include all supporting evidence;

(c)     A party filing an opening claim construction brief may file a reply; and

(d)     Contemporaneously with the completion of claim construction briefing, the parties shall file a "Joint Motion for Determination."

# IX.  FINAL INFRINGEMENT AND INVALIDITY CONTENTIONS

**D.C.COLO.LPtR 16**
**FINAL PATENT CONTENTION DISCLOSURES**

**(a)     Final Infringement Contentions.**

   **(1)     Due Date.** No later than 28 days after the claim construction order is filed, a party asserting infringement shall serve its Final Infringement Contentions.

   **(2)     Contents.** Unless otherwise ordered, a party shall not assert at trial an infringement contention not contained in its Final Infringement Contentions.

   **(3)     Amendments.** Final Infringement Contentions shall not identify additional accused products or processes not contained in the preliminary infringement contentions without good cause (e.g., discovery of previously

57

undiscovered information or an unanticipated claim-construction ruling). The party asserting infringement shall include a separate statement of good cause for any amendment.

(4)     **Exclusion.** Accused infringers may seek to exclude an amendment to Final Infringement Contentions on grounds that good cause does not exist.

(5)     **Due Date for a Motion to Exclude.** A motion to exclude shall be filed no later than 14 days after service of the Final Infringement Contentions.

(6)     **Failure to Object.** Any unopposed amendment to the Final Infringement Contentions shall be included.

(b)     **Final Invalidity Contentions.**

(1)     **Due Date.** No later than 21 days after service of the Final Infringement Contentions, each accused infringer shall serve its Final Invalidity Contentions.

(2)     **Contents.** Final Invalidity Contentions shall include a party's final statement of all contentions. A party shall not assert at trial any invalidity contention not contained in its Final Invalidity Contentions.

(3)     **Amendments.** If the Final Invalidity Contentions identify additional prior art, the amendment shall be supported by good cause (e.g., discovery of previously undiscovered information or an unanticipated claim-construction ruling) and an accused infringer shall include a separate statement of good cause for any amendment.

(4)     **Exclusion.** A party asserting infringement may seek to exclude an amendment to the Final Invalidity Contentions on grounds that good cause does not exist.

(5)     **Due Date for a Motion to Exclude.** A motion to exclude shall be filed no later than 14 days after service of the Final Invalidity Contentions.

(6)     **Failure to Object.** Any unopposed amendment to the Final Invalidity Contentions shall be included.

# X.  WORD LIMITS

**D.C.COLO.LPtR 17**
**WORD LIMITS; CERTIFICATE OF COMPLIANCE**

Unless otherwise ordered:

(a)    A claim construction brief or brief on a dispositive motion shall not exceed 10,000 words, double spaced, in Arial 12-point font.

(b)    If a party files a supporting brief and a reply brief, the two briefs together shall not exceed 10,000 words, double spaced, in Arial 12-point font.

(c)    Each brief shall include a Certificate of Compliance stating the number of words in the brief.

# SECTION IV - AP RULES
# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## I.  SCOPE, PURPOSE, AND CONSTRUCTION

**D.C.COLO.LAPR 1.1**
**SCOPE OF THE LOCAL AP RULES**

**(a)**    **Title and Citation.** These rules shall be known as the Local Rules of Practice of the United States District Court for the District of Colorado – AP Rules. These rules shall be cited as D.C.COLO.LAPR Rule, Subdivision, Paragraph, Subparagraph, Item (e.g., D.C.COLO. LAPR 1.1(f)(1)(A)).

**(b)**    **Effective Date.** Unless otherwise stated, these rules are effective as of December 1 of each year.

**(c)**    **Scope.** These rules apply to pre-merits management and briefing in a social security appeal, a case commenced or reviewed under 5 U.S.C. § 706 concerning an action or final decision of an administrative agency, board, commission or officer, or a bankruptcy appeal (AP Case).

**(d)**    **Numbering and Indexing.** These rules are numbered and indexed insofar as practicable in accordance with the specific designations of the Judicial Conference Uniform Numbering System.

**(e)**    **CM/ECF**. CM/ECF is the Case Management/Electronic Case Filing system of the court.

**(f)**    **Pilot Programs or Special Projects.** A pilot program or special project may be authorized by the court following reasonable public notice and opportunity for public comment.

    (1)    Public notice shall specify:

        (A)    the purpose of the pilot program or special project;

        (B)    the term of the pilot program or special project;

        (C)    the effect upon any local rule of practice; and

        (D)    any requirement necessary to implement or facilitate the pilot program or special project.

(2)    The term for a pilot program or special project shall not exceed 18 months, but may be extended for one six-month period in conjunction with the promulgation of a corresponding local rule.

**D.C.COLO.LAPR 1.2**
**FORMS**

Court approved forms are on the court's website HERE. A form may be modified by the court or a judicial officer at any time. A form modified by a judicial officer may be under the judicial officer's practice standards on the court's website.

## II.  COMMENCEMENT OF ACTION, FORM OF PLEADING, SERVICE OF PROCESS, AND ASSIGNMENT OF AP CASES

**D.C.COLO.LAPR 3.1**
**CIVIL COVER SHEET**

A properly completed Civil Cover Sheet HERE shall be filed at the commencement of every AP case.  A dispute about the AP docket designation shall be addressed by motion filed before an answer or other response is due.

**D.C.COLO.LAPR 5.2**
**PROTECTING THE IDENTITY, HISTORY, AND CHARACTERISTICS OF THE PLAINTIFF**

(a)    In a social security appeal all documents, including the administrative record, pleadings, briefs, and orders, are docketed automatically under Fed. R. Civ. P. 5.2(c) under Level 1 restriction as defined in D.C.COLO.LCivR 7.2(b) (Level 1 limits access to the parties and the court).  Therefore, counsel or an unrepresented party shall not use the docket event "Restricted Document level 1" in social security appeals.

(b)    An order resolving a social security appeal on the merits shall identify the plaintiff by initials only.

**D.C.COLO.LAPR 10.2**
**COMMENCEMENT OF ACTION AND FORM OF PLEADING**

**(a)    Social Security Appeals.**

(1)    Review of a decision of the Commissioner of Social Security shall be commenced by filing a "Complaint and Petition for Review" which shall identify the specific order or decision for which review is sought and the date of issuance of that order or decision.

(2)     As an answer to the complaint, the Commissioner shall file a certified copy of the transcript of the relevant administrative record and any affirmative defense, which if not then filed, shall be waived.

**(b)     Bankruptcy Appeals.** Appeals to the United States District Court for the District of Colorado from the Bankruptcy Court shall be commenced and administered as prescribed in Part VIII of the Federal Rules of Bankruptcy Procedure 8001-8028 and D.C.COLO.LAPR 16.1 and 16.2.

**(c)     Administrative Appeals/Actions for Review of Final Agency Orders, Decisions, or Rulemaking.** Review of an order, decision, rulemaking, or other final action of an administrative agency under an agency's establishing statute or the Administrative Procedure Act is commenced by filing a properly denominated complaint or petition for relief as specified by the statute under which relief is requested. The complaint or petition for relief shall include factual allegations relating to the grounds on which the agency action is being challenged and the legal basis for plaintiff/petitioner's entitlement to relief.

**D.C.COLO.LAPR 10.3**
**AP DOCKET**

**Opening an AP Case**. On proper commencement of an AP case under Subdivision (a), (b), or (c) of D.C.COLO.LAPR 10.2, the clerk shall open a case and assign a case number without random selection to a district judge under D.C.COLO.LCivR 40.1(e).

# III.  THE RECORD, PRE-MERITS BRIEFING AND MOTIONS PRACTICE

**D.C.COLO.LAPR 16.1**
**AP CASE MANAGEMENT**

**(a)     Joint Case Management Plan.** A scheduling conference under D.C.COLO.LCivR 16.1 shall not be conducted. In all AP cases, except social security appeals and bankruptcy appeals, the parties will be directed to file a Joint Case Management Plan (JCMP). The form of JCMP for review of agency action in AP cases, except Individuals with Disabilities Education Act cases and environmental cases, is here.  The form of JCMP for review of administrative action in Individuals with Disabilities Education Act cases and environmental cases is here.

**(b)     Motions for Attorney Fees Under 42 U.S.C. §406(b).**

(1)     The motion shall include a copy of the Notice of Award, which specifies the total of past due benefits awarded and/or the amount

62

withheld from the award for the payment of attorney fees.

(2)     The date of the Notice of Award shall commence the calculation of the time for filing of the motion.  If more than one Notice of Award is reasonably anticipated, plaintiff shall file a status report every 90 days after the issuance of the first Notice of Award advising the court of the timing, if known, of the issuance of the last expected Notice of Award.

(3)     If the motion is filed more than three months after the date of the last expected Notice of Award, the motion shall establish good cause for the delay in filing the motion.

**(c)     Briefing Schedule for Social Security Appeals**.

**(1)     Briefing Schedule.**  Unless otherwise ordered for good cause shown, the opening brief of the plaintiff shall be filed no later than 40 days after the Commissioner files the administrative record.  The response brief of the Commissioner shall be filed no later than 70 days after the filing of the administrative record.  The plaintiff may file a reply brief no later than 85 days after the filing of the administrative record.  The parties may stipulate in writing to one extension each for plaintiff and the Commissioner of not more than 21 days beyond the time limits prescribed in this Paragraph. The stipulation shall be filed before the expiration of the time limits prescribed in this Paragraph and shall be effective on filing, unless otherwise ordered. Any other motion for an extension of time or continuance shall be granted only for good cause shown.

**(2)     Page Limitations.**  Unless otherwise ordered and excluding the cover page, jurisdictional statement, table of contents, statement of facts, and procedural history, opening and response briefs shall be no more than 20 pages, and reply briefs shall be no more than 10 pages.

**(d)     Motions for Summary Judgment.** Motions for summary judgment shall not be filed.

**(e)     Termination of AP Case Designation.** On completion of pre-merits management, designation as an AP case shall terminate, and the case shall be assigned under D.C.COLO.LCivR 40.1. For good cause, designation as an AP case may be terminated before the completion of pre-merits management on motion of a party or sua sponte by the district judge designated for pre-merits management under D.C.COLO.LCivR 40.1(e).

**D.C.COLO.LAPR 16.2**
**CASE MANAGEMENT OF BANKRUPTCY APPEALS**

**(a)     Application of BAP Local Rules.** The United States Bankruptcy Appellate

63

Panel of the Tenth Circuit Local Rules shall apply in all bankruptcy appeals filed in the United States Bankruptcy Court for the District of Colorado.

**(b)** **Responsibilities of the BAP Clerk's Office.** The BAP clerk's office shall perform the following clerk's office and staff attorney functions for all bankruptcy appeals filed in the United States Bankruptcy Court for the District of Colorado:

(1) making the initial determination of the validity of any election;
(2) conducting a jurisdictional review in all bankruptcy appeals;
(3) setting and monitoring briefing schedules and other case-related deadlines;
(4) reviewing motions, issuing notices of deficiencies, and providing to the district judge to whom the appeal is assigned proposed orders to show cause and other proposed orders related to pending motions and other case-related matters;
(5) providing support to attorneys and pro se parties;
(6) coordinating with the district judge to whom the appeal is assigned the management and resolution of all jurisdictional issues and pending motions;
(7) submitting the appeal to the district judge to whom the appeal is assigned once the appeal is fully briefed for resolution of the appeal on the merits with the further assistance, if any, of the BAP clerk's office as the district judge may request or accept; and

(8) conducting any other functions reasonably necessary to assist the district judge to whom the appeal is assigned to achieve an efficacious resolution of the appeal.

**(c)** **Responsibilities of the United States District Court for the District of Colorado (District Court)**
(1) The District Court shall allow the BAP clerk's office to perform case management and utilize electronic case filing on the CM/ECF system of the District Court; and
(2) The District Court shall cooperate and coordinate with the United States Bankruptcy Appellate Panel of the Tenth Circuit to the extent necessary to achieve an efficacious resolution of the appeal and to effectuate the terms of any Memorandum of Understanding between them.

# IV.  CONSENT JURISDICTION OF A MAGISTRATE JUDGE

**D.C.COLO.LAPR 72.2**
**CONSENT JURISDICTION OF A MAGISTRATE JUDGE**

**(a)** **Designation.** Under 28 U.S.C. § 636(c)(1) and subject to this rule, all full-time magistrate judges are designated specially to conduct any or all proceedings in

social security appeals following completion of pre-merits management.

**(b)**     **Notice.** On the filing of any social security appeal, the clerk shall serve on the plaintiff and defendant notice of the right of the parties to consent to disposition of the appeal by a magistrate judge under 28 U.S.C. § 636(c) and the provisions of this rule.

**(c)**     **Unanimous Consent; Determination.** To consent to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c), all parties shall complete and file a Consent/Non-Consent to United States Magistrate Judge Jurisdiction form HERE. Unless otherwise ordered by the pre-merits district judge, written consent to proceed before a magistrate judge shall be filed no later than the date on which the Joint Case Management Plan is filed or for social security appeals no later than 45 days after the administrative record is filed. If the parties consent, the pre-merits district judge shall then determine whether to enter an order of reference under 28 U.S.C. § 636(c).

**(d)**     **Assignment.** On entry of an order of reference under 28 U.S.C. § 636(c), the appeal shall be assigned under D.C.COLO.LCivR 40.1(a) to a magistrate judge effective on completion of pre-merits management.

**(e)**     **Vacating Reference.** A reference of a social security appeal to a magistrate judge may be vacated under 28 U.S.C. § 636(c)(4).

# SECTION V – ATTORNEY RULES
# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## I.  SCOPE, PURPOSE, AND CONSTRUCTION

**D.C.COLO.LAttyR 1**
**SCOPE OF ATTORNEY RULES**

**(a)**  **Title and Citation.** These rules shall be known as the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney. These rules shall be cited as D.C.COLO.LAttyR Rule, Subdivision, Paragraph, Subparagraph, Item (e.g., D.C.COLO.LAttyR 15(g)(1)(B)(ii)).

**(b)**  **Effective Date.** Unless otherwise stated, these rules are effective as of December 1 of each year.

**(c)**  **Scope.** These rules shall apply to all attorneys who are admitted to the bar of this court, or who purport to appear in the United States District Court or the United States Bankruptcy Court for the District of Colorado.

**(d)**  **Effect on Authority of Court.** Nothing stated in these rules shall be deemed to negate or diminish the express or inherent disciplinary powers of the court or a judicial officer.

## II.  STANDARDS OF PROFESSIONAL CONDUCT

**D.C.COLO.LAttyR 2**
**STANDARDS OF PROFESSIONAL CONDUCT**

**(a)**  **Standards of Professional Conduct.** Except as provided by Subdivision (b) or order or rule of the United States Bankruptcy Court for the District of Colorado, the Colorado Rules of Professional Conduct (Colo. RPC) are adopted as standards of professional responsibility for the United States District Court and the United States Bankruptcy Court for the District of Colorado. A judicial officer may impose additional standards of professional conduct by practice standard or order, the violation of which constitutes grounds for discipline under D.C.COLO.LAttyR 7(b)(1).

**(b)**  **Exceptions.** The following provisions of the Colorado Rules of Professional Conduct (Colo. RPC) are excluded from the standards of professional

66

responsibility for the United States District Court and the United States Bankruptcy Court for the District of Colorado:

(1)  Colo. RPC 1.2(c) (limiting scope of representation), except that, if ordered, and subject to D.C.COLO.LAttyR 5(a) and (b), an attorney may provide limited representation to an unrepresented party or an unrepresented prisoner in a civil action; and

(2)  Colo. RPC 1.2(d), Comment [14] (counseling and assisting client regarding Colorado Constitution art. XVIII, §§ 14 and 16 and related statutes, regulations, or orders, and other state or local provisions implementing them), except that a lawyer may advise a client regarding the validity, scope, and meaning of Colorado Constitution art. XVIII, §§ 14 and 16 and the statutes, regulations, orders, and other state or local provisions implementing them, and, in these circumstances, the lawyer shall also advise the client regarding related federal law and policy.

**(c)  Federal Pro Se Clinic.** An attorney may provide short-term limited legal services through the Federal Pro Se Clinic ("FPSC") subject to the standards of conduct adopted by the FPSC.

## III.  BAR OF THE COURT, GOOD STANDING, RESIGNATION

**D.C.COLO.LAttyR 3**
**REQUIREMENTS FOR BAR OF THE COURT**

**(a)  Application.** An applicant for admission to the bar of this court shall be a person licensed by the highest court of a state, federal territory, or the District of Columbia, on active status and eligible to practice law in a state, federal territory, or the District of Columbia, and a member of the bar in good standing in all courts and jurisdictions where the applicant has been admitted. Each applicant shall complete an approved form provided by the clerk and shall pay all fees established by the court.

**(b)  Consent to Jurisdiction; Certification of Familiarity with Local Rules.** An attorney who applies for admission to the bar of this court:

(1)  consents to this court's exercise of disciplinary jurisdiction over any alleged misconduct;

(2)  certifies familiarity with the local rules of practice of this court; and

(3)  certifies familiarity with the Standards of Professional Conduct adopted in this court in D.C.COLO.LAttyR 2.

67

**(c)**     **Member in Good Standing.** An attorney admitted to the bar of this court must remain in good standing in all courts where admitted. In good standing means not suspended or disbarred by any court for any reason. An attorney whose suspension or disbarment has been stayed by order of the disciplining court prior to the effective date of the suspension or disbarment remains in good standing. An attorney who is not in good standing shall not practice before the bar of this court or continue to be an attorney of record in any pending case. On notice to this court of lack of good standing from the suspending or disbarring jurisdiction, or otherwise, the clerk shall make a notation in the court record of such lack of good standing.

**(d)**     **Relief from Rule of Good Standing.**

     **(1)**     **Applications.** An attorney who seeks relief from the rule of good standing in Subdivisions (a) and (c) shall file a request for relief, which shall be referred to the Committee on Conduct for its recommendation to the Disciplinary Panel for final determination.

     **(2)**     **Standards.** It is presumed that discipline imposed by another court against a member of the bar of this court is appropriate. To obtain relief, the attorney so disciplined has the burden to establish by clear and convincing evidence that:

         **(A)**     the procedure resulting in discipline by the court was so lacking in notice or opportunity to be heard as to deny due process;

         **(B)**     the application of the rule of good standing in Subdivision (c) would result in grave injustice; or

         **(C)**     the kind of misconduct warrants substantially less severe discipline.

     **(3)**     **Reinstatement by Original Disciplining Court.** An attorney who has been reinstated or readmitted by the original disciplining court, but who remains suspended or disbarred in a different court for the same conduct as that at issue in the original disciplining court, may apply for reinstatement or readmission pursuant to D.C.COLO.LAttyR 11 and is not disqualified by the requirement that an attorney be in good standing in all courts where admitted.

**(e)**     **Resignation.** An attorney may resign from the bar of this court only if the attorney is in good standing, is not counsel of record in an active case, and is not the subject of any disciplinary proceeding before this court.

**D.C.COLO.LAttyR 4**
**ATTORNEY SELF-REPORTING REQUIREMENTS**

**(a)**     **When Self-Reporting is Required.** An attorney who has been admitted to the bar of this court shall notify the clerk in the following circumstances.

    **(1)**     **Eligibility.** The attorney must remain a licensed member in active status and in good standing of the bar of at least one state, federal territory, or the District of Columbia. If at any time these eligibility criteria are not met, the attorney shall, no later than 14 days after the attorney receives notice of the change in status, notify the clerk of the change in status and the reason for the change.

    **(2)**     **Suspension, Disbarment, or Revocation of Pro Hac Vice Status by Another Court.** If the attorney is suspended or disbarred for any reason by any court, the attorney shall give, no later than 14 days after the date the disciplinary order enters, written notice to the clerk of the terms of discipline, the name and address of the court imposing the discipline, and the effective date of the disciplinary action. An order of suspension or disbarment that is stayed or appealed must be reported.  An order revoking pro hac vice status shall be reported by the affected attorney within 14 days of the entry of the order.

    **(3)**     **Resignation Pending Investigation of Misconduct.** If the attorney resigns from the bar of any other federal or state court while an investigation into allegations of misconduct is pending, the attorney shall give to the clerk, no later than 14 days after the resignation, written notice of the resignation and the fact that an investigation was pending.

    **(4)**     **Pending Charges.** If the attorney is charged in any court with a crime as defined in D.C.COLO.LAttyR 8(a), the attorney shall notify the clerk in writing of the charge no later than 14 days after the attorney receives notice that the charge has been filed.

    **(5)**     **Conviction.** If the attorney is convicted of a crime as defined in D.C.COLO.LAttyR 8(a), the attorney shall provide the clerk, no later than 14 days after the conviction, written notice of the conviction, including the terms of the conviction, the terms of the sentence if known, the maximum term of imprisonment that may be imposed for the offense, the court entering the conviction, and the date of conviction. In addition, the attorney shall notify the clerk, no later than 14 days after the conviction becoming final with no further right of direct appeal, that the conviction has become final. The definition of conviction in D.C.COLO.LAttyR 8(b) applies to this paragraph.

**(b)    Effect of Failure to Self-Report.** Failure to self-report is a separate cause for disciplinary action. However, a failure to self-report an administrative suspension for failure to pay an annual registration fee or to comply with mandatory continuing legal education requirements shall not constitute separate cause for further disciplinary action by this court.

# IV.  ENTRY AND WITHDRAWAL OF APPEARANCE

**D.C.COLO.LAttyR 5**
**ENTRY AND WITHDRAWAL OF APPEARANCE AND MAINTENANCE OF CONTACT INFORMATION**

**(a)    Entry of Appearance.**

(1)    Unless otherwise ordered, an attorney shall not appear in a matter before the court unless the attorney has filed an Entry of Appearance or an Entry of Appearance to Provide Limited Representation or signed and filed a pleading or document.

(2)    As permitted under D.C.COLO.LAttyR 2(b)(1), an attorney may provide limited representation to an unrepresented party or an unrepresented prisoner in a civil action by order granting a motion which defines the scope of limited representation with reasonable particularity and certifies the approval of the unrepresented party or unrepresented prisoner. Any change in the scope of limited representation must be approved by the court.

(3)    An Entry of Appearance, Entry of Appearance to Provide Limited Representation, initial pleading, or initial document shall include

(A)    the identity of the party for whom the appearance is made;

(B)    the firm name, office address, telephone number, and primary CM/ECF e-mail address of the attorney; and

(C)    the certification of the attorney that the attorney is a member in good standing of the bar of this court.

(4)    A form of Entry of Appearance or Entry of Appearance to Provide Limited Representation is available on the court's website HERE or in the office of the clerk of court.

70

(5) Only an unrepresented party or a member of the bar of this court as defined in D.C.COLO.LAttyR 3 may appear in a matter before the court, sign and file a pleading or document, or participate in a deposition, hearing, or trial. The provision restricting the signing of a document shall not apply to a witness, deponent, declarant, or affiant.

(6) The responsibility for signing a pleading or document shall not be delegated.

(7) This rule shall not be applied or construed in a manner inconsistent with any statute or rule governing an attorney appearing for the United States.

(b) **Withdrawal of Appearance.** An attorney who has filed an Entry of Appearance or an Entry of Appearance to Provide Limited Representation or has appeared otherwise in a case may seek to withdraw on motion showing good cause. Withdrawal shall be effective only on court order entered after service of the motion to withdraw on all counsel of record, any unrepresented party, and the client of the withdrawing attorney. A motion to withdraw must state the reasons for withdrawal, unless the statement would violate the rules of professional conduct. Motions to withdraw based on the completion of the limited representation shall include a certification by counsel that the service specified in the Entry of Appearance to Provide Limited Representation is complete. Notice to the client of the attorney shall include the warning that the client is personally responsible for complying with all court orders and time limitations established by applicable statutes and rules. Where the client of the withdrawing attorney is a corporation, partnership, or other legal entity, the notice shall state that such entity may not appear without counsel admitted to the bar of this court, and that absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity.

(c) **Change of Contact Information.** Notice of change of name, mailing address, or telephone number of an attorney or unrepresented party shall be filed no later than five days after the change. A user of CM/ECF shall keep his/her primary and alternative e-mail address current. Instructions for a user to update and maintain his/her CM/ECF account are HERE.

71

# V.  ATTORNEY DISCIPLINE

**D.C.COLO.LAttyR 6**
**DISCIPLINARY PANEL AND COMMITTEE ON CONDUCT**

**(a)**　　**Disciplinary Panel.** The Chief Judge shall appoint a panel of three judicial officers to constitute the Disciplinary Panel (the Panel). The Panel shall have jurisdiction over all judicial proceedings involving disbarment, suspension, censure, or other attorney discipline. The Chief Judge may designate additional judicial officers to serve as alternates on the Panel.

**(b)**　　**Committee on Conduct.** The court has established a standing Committee on Conduct (the Committee) consisting of 12 members of the bar of this court. Each member shall be appointed for three years and until a successor is appointed. No member of the Committee shall serve more than two consecutive terms. Additional members may be appointed by the court. Any member appointed to fill a vacancy shall serve the unexpired term of his or her predecessor. If a member serves beyond expiration of the appointed term, the additional time served shall be chargeable to the successor member. The court shall designate a chairperson and vice-chairperson of the Committee. The vice-chairperson shall act during the absence or disability of the chairperson. Members of the Committee shall serve without compensation, but when practicable their necessary expenses shall be paid by the clerk from the fund in which admission and annual registration fees paid by members of the bar are deposited. To be eligible for appointment to the Committee, an attorney shall certify that the attorney satisfies the following:

　　(1)　　has been practicing law for at least 10 years, with no discipline imposed;

　　(2)　　has been a member of and in good standing with the bar of this court for at least 5 years, with no discipline imposed;

　　(3)　　has experience that makes the applicant especially qualified to investigate matters governed by the disciplinary rules of the court and the Colorado Rules of Professional Conduct.

**(c)**　　**Duties of the Committee.** The Committee shall receive, investigate, consider, and act on complaints against members of the bar of this court, applications for reinstatement or readmission, applications for relief from the rule of good standing, and allegations that a member of the bar of this court is incapable of practicing law due to a disability, including, but not limited to, physical or mental disability or substance abuse. The chairperson shall appoint one or more members to present and prosecute charges and to prepare orders and

72

judgments as directed by the Panel. The Committee is authorized to report any information consistent with the objectives of this rule to the authorized disciplinary body of any bar or court where the applicant or respondent attorney is admitted. The Committee may perform any additional duties implied by these rules or assigned by order of the Panel.

**(d)**    **Abstention and Disqualification of Current and Former Committee Member.** A Committee member shall refrain from participating in any disciplinary proceedings in which a judge, similarly situated, would be required to recuse. A Committee member shall not represent an attorney in any matter before the Committee. A former Committee member shall not represent any attorney investigated or prosecuted during the former Committee member's term on the Committee.

**D.C.COLO.LAttyR 7**
**COMPLAINTS AND GROUNDS FOR DISCIPLINE**

**(a)**    **Complaints.** A complaint against a member of the bar of this court for any conduct which may justify any disciplinary action (not limited to suspension or disbarment) shall be filed in writing under oath, except that a complaint filed by a judicial officer need not be under oath. A complaint shall be filed with or referred to the Committee.

**(b)**    **Grounds for Discipline.** Grounds for discipline include:

(1)    a violation or attempted violation of the Standards of Professional Responsibility or of a practice standard or order imposing additional standards of professional conduct.

(2)    a willful failure to comply with a subpoena validly issued by the Committee or the Panel, or the knowing failure to respond to a lawful demand from the Committee or the Panel, except that this rule does not require disclosure of information otherwise protected by privilege or applicable rules relating to confidentiality; and

(3)    a conviction of a crime defined in Subdivision 8(a), in which case the Committee may consider the underlying facts to recommend to the Panel whether disciplinary proceedings are warranted.

**(c)**    **Types of Sanctions.** Misconduct shall be grounds for imposition of one or more of the following sanctions:

**(1)**    **Disbarment.** Disbarment means the removal of the attorney from the bar of this court.

**(2)**    **Suspension.** Suspension means the revocation for an appropriately fixed

73

period of time of the authorization and good standing of the attorney to practice in this court. Suspension may be stayed in whole or in part.

**(3)**    **Public censure.** Public censure means a reproach made in public.

**(4)**    **Letter of admonition.** A letter of admonition means an unpublished reproach.

**(d)**    **Investigation of Complaints.** When the Committee receives information by complaint or otherwise alleging attorney misconduct or incapacity, the matter shall be referred by the chairperson of the Committee to a Subcommittee consisting of three Committee members designated by the chairperson who shall appoint one of them as Subcommittee chairperson. The chairperson or vice-chairperson of the Committee may be designated as a member of a Subcommittee.

**(1)**    **Service of Complaint and Answer.** The Subcommittee shall investigate a complaint referred to it by the chairperson of the Committee. A copy of the complaint shall be served on the member of the bar against whom the complaint has been made (the respondent) by certified mail, return receipt requested, addressed to the most current address of the respondent on file with the clerk. No answer shall be accepted or considered, unless specifically requested of the respondent by the Subcommittee investigating the complaint. If an answer is requested by the Subcommittee, the respondent shall file an answer under oath with the Subcommittee no later than 21 days of the date of the request or such other deadline as specified by the Subcommittee.

**(2)**    **Hearings, Witnesses, and Documents.** The Subcommittee shall have the authority to request documents, interview or depose witnesses, and consult experts. On request of the Subcommittee, the clerk shall issue subpoenas, returnable to the Committee, commanding the presence of witnesses and/or production of designated books, papers, documents, or other tangibles at the times and places stated in the subpoena. The Subcommittee chairperson, as master, is authorized to administer oaths. Any witness who fails or refuses to comply with a subpoena shall be subject to contempt proceedings before the Panel.

**(e)**    **Resolution of the Complaint by the Committee on Conduct.** On completion of its investigation, the Subcommittee shall report its recommendations to the full Committee. The Subcommittee shall not recommend a disposition other than dismissal without first notifying the respondent in writing of the substance of the matter and affording the respondent an opportunity to respond in writing. Notice

74

at the last known address of the respondent is sufficient. The Committee may, by a majority of the Committee members in attendance, instruct the Subcommittee in any one of the following ways:

(1)     **Dismissal of the Complaint.** If the Committee concludes that the complaint is without merit or that other grounds justify its dismissal, including that the Committee, after investigation, cannot find by a preponderance of the evidence grounds for discipline outlined in Subdivision (b) above, then the Committee shall send a letter signed by the chairperson or vice- chairperson of the Committee advising the complainant and the respondent.

(2)     **Letter of Admonition.** If the Committee concludes that the misconduct is sufficiently significant that the complaint should not be dismissed, but may not warrant submitting charges to the Panel, the Committee may issue a private letter of admonition to the respondent. The complainant shall be notified that the letter of admonition was issued, but shall not be provided with a copy of the letter of admonition. Neither the fact that the letter of admonition was issued nor its content shall be made available to the public. The respondent receiving a letter of admonition may file a written request no later than 21 days for review of the letter. The admonition shall be reviewed by the Panel for clear error.

(3)     **Submission of Charges.** The Committee may instruct the Subcommittee to prepare charges and submit them to the Panel or, with or without preparing charges, may refer the matter to the Colorado Supreme Court - Attorney Regulation Counsel or another court-authorized grievance body. If charges are prepared and submitted to the Panel, and thereafter the Panel orders the charges filed, the clerk shall file them and issue forthwith a summons commanding the respondent to answer. Except as hereinafter provided, the summons and a copy of the charges shall be served by a United States marshal or his or her designee. A respondent who cannot be served in Colorado may be served by filing a copy of the summons and charges with the clerk, who shall send a copy of the summons and charges by certified mail, return receipt requested, to the last office address the respondent filed with the clerk. The respondent shall answer the charges no later than 30 days from the date of service. Absent a timely answer, the charges may be taken as confessed, and the Panel may conduct further proceedings which may be held on an ex parte basis as the Panel deems appropriate, and may enter judgment against the respondent without hearing or further notice to the respondent.

(f)     **Disciplinary Panel Hearings and Orders.** After the respondent has filed an answer, an evidentiary hearing may be scheduled by the Panel. The Panel or a

75

judicial officer appointed by the Panel may issue orders regarding discovery and other pre-hearing matters. A respondent against whom charges have been filed shall be entitled to representation by counsel at the expense of the respondent. The chairperson of the Committee shall appoint one or more of its members to prosecute the charges. If the charges are sustained by a preponderance of the evidence, the Panel may censure, suspend, disbar, or otherwise discipline the respondent. A respondent who is suspended or disbarred shall be enjoined from practicing law before this court, and the judgment shall so recite. Any violation of the judgment shall be deemed a contempt of court.

**(g)** **Conditional Admission.** A respondent against whom formal charges have been or will be filed may tender to the Committee a conditional admission to the charges or to a particular charge in exchange for a stated form of discipline. A conditional admission shall be approved or rejected by the Panel. If the stated form of discipline is rejected by the Panel, the admission shall be withdrawn and may not be used against the respondent in any subsequent proceedings.

**(h)** **Complaint against Sitting Member of the Committee on Conduct.** If a complaint is filed against a sitting member of the Committee, in lieu of investigation by any other sitting member of the Committee, the court shall appoint a Special Subcommittee consisting of three members of the bar of the court who in the past have served on the Committee, but not as co-members with the member against whom the complaint is lodged, or such other members of the bar of the court as the court may choose. The court shall designate one of the three as chairperson of the Special Subcommittee. The Special Subcommittee shall follow the procedures of this rule, except that the Special Subcommittee shall work directly with the Panel rather than the full Committee.

## D.C.COLO.LAttyR 8
## CONVICTION OF CRIME

**(a)** **Crime.** As used in these rules, a crime for which discipline may be imposed is any crime punishable by a term of imprisonment of more than one year; any lesser crime that reflects adversely on the honesty, trustworthiness, or fitness of the attorney in other respects; or any crime a necessary element of which, as determined by the statutory or common law definition of the crime, involves interference with the administration of justice, false swearing, misrepresentation, fraud, deceit, bribery, extortion, misappropriation, theft, or an attempt, conspiracy or solicitation to commit such a crime.

**(b)** **Conviction.** As used in these rules, a conviction shall include a verdict of guilty, a plea of guilty, or a plea of nolo contendere, regardless of whether entry of judgment of conviction or imposition of sentence is suspended or deferred by the court.

**(c)** **Duty of the Clerk.** After receiving notice of a conviction of a member of the bar of this court for a crime as defined in Subdivision (a), the clerk shall immediately notify the Panel and the attorney.

**(d)** **Interim Suspension.**

**(1)** **General Procedure.** The Panel may place an attorney on interim suspension immediately on proof of a conviction of the attorney for a crime as defined in Subdivision (a), regardless of the pendency of any appeal. Alternatively, the Panel may refer the attorney to the Committee for investigation and recommendation.

**(2)** **Opportunity to Object.** The attorney may submit in writing any objection that establishes that the interim suspension may not properly be ordered, such as proof that the crime did not constitute a crime as defined in Subdivision (a) or that the attorney is not the individual convicted, or that other grounds preclude interim suspension.

**(3)** **Termination.** On a written showing by the attorney of extraordinary circumstances, the Panel may vacate an order of suspension.

**(4)** **Effect of Reversal or Vacatur of Conviction.** With the exception of a guilty plea resulting in a deferred judgment or sentence, if an attorney suspended under this rule demonstrates that the underlying conviction has been reversed or vacated, the order of interim suspension shall be vacated and the attorney reinstated. The vacatur of the interim suspension shall not automatically terminate any disciplinary proceeding then pending against the attorney.

**(e)** **Formal Charges.** The conviction for a crime as defined in Subdivision (a) is final when there has been a plea of guilty or a plea of nolo contendere, or, in the event of a guilty verdict, on the conclusion of any direct appeals. When the conviction for a crime as defined in Subdivision (a) is final, the Committee shall consider the facts and shall determine whether to submit formal charges to the Panel pursuant to D.C.COLO.LAttyR 7(e)(3). If the Committee submits formal charges to the Panel, the Committee shall recommend the nature and extent of the discipline to be imposed.

**(f)** **Other Grounds for Discipline.** Notwithstanding the disposition of criminal charges, the Committee may consider the underlying facts to determine if disciplinary proceedings are warranted.

**D.C.COLO.LAttyR 9**
**EFFECT OF RESIGNATION FROM BAR OF ANOTHER COURT WHILE UNDER INVESTIGATION**

On receipt of notice that any member of the bar of this court has resigned from the bar of any other federal or state court while an investigation into allegations of misconduct is pending in that court, the Panel may disbar or suspend the attorney from practicing as a member of the bar of this court.

# VI. INCAPACITY

**D.C.COLO.LAttyR 10**
**INCAPACITY DUE TO DISABILITY OR SUBSTANCE ABUSE**

**(a)** **Allegation or Evidence of Incapacity Due to Disability or Substance Abuse.**

**(1)** **Committee Investigation.** When the Committee receives an allegation or evidence that a member of the bar of this court may be unable to fulfill his or her professional responsibilities because of mental or physical disability or substance abuse, the Committee may take or direct whatever action it deems appropriate to investigate the matter. The investigation may include examination by such experts the Committee shall designate. The cost of such examination shall be borne by the court. If the attorney fails or refuses to submit to the examination, the Panel may initiate contempt proceedings and impose appropriate punishment. The attorney may obtain an independent opinion from an expert or experts of his or her choice at his or her sole expense and may submit the results of such additional examination(s), and any written submissions to the Committee. If the Committee determines that the attorney is unable to fulfill his or her professional responsibilities because of mental or physical disability or substance abuse, the Committee shall petition the Panel for an order of suspension.

**(2)** **Voluntary Election.** At any time before the Committee petitions the Panel for an order of suspension, the attorney may elect to transfer voluntarily to disability inactive status. The Committee shall advise the attorney of this option prior to ordering any examination of the attorney. The Committee may continue any pending disciplinary investigation.

**(3)** **Panel Determination.** If the Committee petitions the Panel for an order of suspension, the Panel may take or direct whatever action it deems

78

appropriate to determine the matter. The Panel shall provide the attorney with notice of the proceedings. If the attorney is without representation, the Panel may appoint counsel to represent the attorney. The Panel may order additional examinations, the cost of which shall be borne by the court. Failure or refusal to submit to examination shall be prima facie evidence of disability. The attorney may make a written submission to the Panel. Before reaching a determination, the Panel may offer the attorney an opportunity to transfer voluntarily to disability inactive status. If the Panel concludes that the attorney is unable to fulfill his or her professional responsibilities because of mental or physical disability or substance abuse, the Panel may order the attorney suspended. Alternatively, the Panel may impose conditions that the attorney must satisfy to continue practicing in this court and may issue a private letter to the attorney stating its bases for concern.

**(b)** **Placement by Another Court on Disability Inactive Status.** If a member of the bar of this court is placed on disability inactive status or suspended due to disability by any state or federal court, that attorney shall be placed on disability inactive status and shall not practice in this court until the attorney submits an application for reinstatement under D.C.COLO.LAttyR 11 and the application is approved by the Panel.

**(c)** **Declaration of Incompetence or Involuntary Commitment.** When the Panel receives proof that a member of the bar of this court has been judicially declared incompetent or involuntarily committed to a treatment facility, the Panel may immediately order that the attorney be suspended from practicing in this court. A copy of the order shall be served on the attorney, his or her guardian, and the director of the treatment facility.

**(d)** **Claim of Disability During Disciplinary Proceeding.** If during a disciplinary proceeding the attorney asserts that his or her defense is impaired due to mental or physical illness or substance abuse, the Panel shall refer the attorney to the Committee and order the attorney suspended from practicing in this court until the Committee determines the capacity of the attorney to practice law under Subdivision (a)(1).

**(e)** **Effect of Disability Inactive Status or Suspension.** An attorney who has been suspended by this court due to disability or who is on disability inactive status in this court shall not practice in this court until the attorney submits an application for reinstatement under D.C.COLO.LAttyR 11 and the application has been approved.

79

# VII.  REINSTATEMENT AND READMISSION

**D.C.COLO.LAttyR 11**
**REINSTATEMENT AND READMISSION**

**(a)      Reinstatement After Suspension; Readmission after Disbarment.**

**(1)      General Procedure.** An applicant for reinstatement or readmission shall complete an approved form provided by the clerk and pay any fees established by the court. An application for reinstatement or readmission shall be investigated by one or more members of the Committee appointed by the chairperson. Following investigation, the Committee shall prepare a recommendation. If the Committee recommends denial of the application, the Committee shall first notify the applicant of the recommendation and the corresponding reasons, and provide the applicant with an opportunity to provide a written response. The recommendation, the response, and all supporting documents shall be submitted to the Panel for decision.

**(2)      When Application May be Made.** An attorney who has been suspended may apply for reinstatement or readmission only after the term of suspension has expired. An attorney who has been disbarred may not reapply until at least five years after disbarment.

**(3)      Standards.** An attorney who has been suspended or disbarred and who seeks reinstatement or readmission must show by clear and convincing evidence that the attorney has been rehabilitated, has satisfied any condition required by the court, and is fit to practice law. Notwithstanding, the Panel retains discretion to deny for good cause reinstatement to an attorney who has been disbarred by this court.

**(4)      Reinstatement Not Automatic.** Reinstatement or readmission is neither automatic nor a matter of right, except that reinstatement following administrative suspension for failure to pay an annual fee or to comply with mandatory continuing legal education requirements shall be automatic on receipt by this court of written proof of reinstatement by the original suspending jurisdiction.

**(5)      Effect of Reinstatement or Admission in the Original Disciplining Court.** An attorney who has been reinstated or readmitted by the original disciplining court, but who remains suspended or disbarred in a different court for the same conduct as that at issue in the original disciplining court, may apply for reinstatement or readmission. The attorney may be required to demonstrate professional competence.

**(6)**     **Conditions.** Reinstatement or readmission may be subject to conditions as the Panel may require, including but not limited to monitoring, reporting, testing, and education.

**(b)**     **Reinstatement from Disability Inactive Status or After Suspension Because of Disability or Incapacity.**

**(1)**     **Applications.** An attorney who is on disability inactive status or who has been suspended for mental or physical disability or substance abuse may apply for reinstatement not more than once a year, or more frequently if the Panel so directs. An attorney who was suspended because of a judicial declaration of incompetence or involuntary commitment to a treatment facility must provide proof that the attorney has been declared competent by a court of competent jurisdiction.

**(2)**     **Disclosures, Consent, and Waiver.** An attorney applying for reinstatement under this rule shall disclose the name and address of every psychiatrist, psychologist, physician, hospital, or other health-care provider that has examined or treated him or her in the three-year period before his or her suspension, unless the Committee establishes a different period. The attorney shall furnish the Panel or the Committee a written consent and release to obtain from these sources information and records requested by the Panel or the Committee or any expert designated by the Committee. Filing an application for reinstatement constitutes waiver of any physician-patient privilege or psychotherapist-patient privilege with respect to any related examination, diagnosis, or treatment of the attorney.

**(3)**     **General Procedure.** The Committee may take or direct such action as it deems appropriate to investigate whether the application should be granted, including collection of evidence and examination by such medical experts as the Panel or Committee may designate. The Committee may direct that the expense of examination be paid by the attorney. The attorney may make a written submission to the Committee. The Committee shall submit its recommendation to the Panel, which shall determine whether to approve the application.

**(4)**     **Standard.** The application shall be granted only if the attorney shows by clear and convincing evidence that the attorney is no longer disabled and is fit to practice law.

**(5)**     **Conditions.** Reinstatement under this rule may be subject to such conditions as the Panel may require.

# VIII.  CONFIDENTIALITY AND IMMUNITY

**D.C.COLO.LAttyR 12**
**CONFIDENTIAL AND PUBLIC MATTERS**

**(a)**     **Confidential Matters.** Except as provided in this rule, all documents, deliberations, and proceedings of the Committee and the Panel shall be confidential and not available or open to the public.

**(b)**     **Public Matters.** The public shall have access on the Court's website HERE to the following:

    **(1)**     orders for admission, reinstatement, readmission, relief from the rule of good standing, disability inactive status, censure, suspension, disbarment, and dismissal after a response has been filed; and

    **(2)**     charges submitted to the Panel, the answer of the respondent to the charges, and the hearings of the Panel on the charges.

**(c)**     **Disclosures.** The Panel and the Committee have discretion to disclose information in the following circumstances:

    **(1)**     where disclosure is necessary to discharge the duties of the Panel or the Committee, or to otherwise protect the public, the administration of justice, or the legal profession;

    **(2)**     where the respondent has waived confidentiality;

    **(3)**     where disclosure is authorized under the Subpoena Regulations of the Administrative Office of the United States Courts; or

    **(4)**     where disclosure is to a judicial officer of this court.

**(d)**     **Annual Report.** The Committee shall submit to the court by January 10 of each year a report detailing the number of complaints and charges filed in the previous year, the violations charged and disposition of each complaint or charge considered, and an accounting of the receipt of funds by and expenses of the Committee along with any additional comments, requests, or suggestions the Committee deems appropriate.

**D.C.COLO.LAttyR 13**
**IMMUNITY**

**(a)**     **Persons Responding to Inquiries or Giving Testimony.** A person responding to inquiries from or giving testimony to the Committee, the Panel, or agents acting at their direction, shall be absolutely immune from any civil action relating

82

to such participation.

**(b)**    **Persons Performing Official Duties.** A person performing official duties under the provisions of these disciplinary rules, including but not limited to members of the Committee, the Panel and assigned court staff, monitors or other members of the bar working in connection with the Committee or the Panel, and health care professionals working in connection with disciplinary proceedings, shall be immune from suit for all conduct in the course of the discharge of their official duties.  Any person who is immune from suit as provided above, but who is sued nevertheless, may be reimbursed reasonable attorney fees and costs in the discretion of the Panel to be paid from the application fees required under D.C.COLO.LAttyR 3(a).


# IX.  STUDENT PRACTICE

**D.C.COLO.LAttyR 14**
**STUDENT PRACTICE**

**(a)**    **General Provisions.**

   (1)    With the approval of the presiding judicial officer, an eligible law student may appear, under the supervision of an attorney who is a member of the bar of this court in a civil action or non-felony criminal case on behalf of a party who has consented in writing.

   (2)    Unless otherwise limited, once admitted under Subdivision (d), the student may appear in that civil action or criminal case and other related proceedings when accompanied by the supervising attorney and may prepare and sign pleadings and documents which also must be signed by the supervising attorney.

   (3)    Under D.C.COLO.LAttyR 14(b)(1), (2), (3), (4) and (6) and (c)(1), (2) and (4), a law student may provide legal services through the Federal Pro Se Clinic under the guidance of a supervising attorney.

**(b)**    **Eligibility.** To be eligible, the student shall:

   (1)    be enrolled in a law school approved by the American Bar Association or, if graduated, be preparing to take a written bar examination or awaiting admission to the bar following that examination;

   (2)    be enrolled in or have successfully completed a law school clinical program or an externship or internship;

(3) have completed two full semesters of law school, including a course in evidence;

(4) be certified by the dean of the law school (or the designee of the dean) as qualified to provide the legal representation authorized by this rule. The certification may be withdrawn by the certifier at any time by mailing notice to the court;

(5) be introduced to the court by the supervising attorney;

(6) not receive compensation of any kind from the client. This shall not affect the ability or right of an attorney or law school clinical program to seek attorney fees which may include compensation for student services; and

(7) certify in writing that the student is familiar with the Federal Rules of Criminal or Civil Procedure (depending on the nature of the action or case), Federal Rules of Evidence, and local rules of practice of this court and website HERE, including the judicial officers' procedures.

**(c)  Supervising Attorney.** The attorney supervising a student shall:

(1) be a member in good standing of the bar of this court;

(2) maintain appropriate professional liability insurance for the supervising attorney and eligible students;

(3) introduce the student to the court;

(4) assume professional responsibility for the work of the student;

(5) be present whenever the student appears;

(6) sign all pleadings; and

(7) sign and file a written agreement to supervise a student in accordance with this rule.

**(d)  Admission Procedure.**

(1) The student, dean (or designee), supervising attorney, and the client shall complete the Law Student Appearance form HERE, which shall be filed with the clerk.

(2) The appearance of the student is not authorized until approved by the presiding judicial officer, whose approval may be withdrawn for any reason

84

without notice or hearing.

# X.  ATTORNEY PRO BONO REPRESENTATION

**D.C.COLO.LAttyR 15**
**CIVIL PRO BONO REPRESENTATION**

(a)    **Court Appointed Pro Bono Representation in Civil Actions.** The Civil Pro Bono Program provides for the selection and appointment of eligible, volunteer attorneys to represent without compensation eligible, unrepresented parties in civil actions to provide general or limited representation when requested by the court. The program is implemented through the Standing Committee on Pro Se Litigation (Standing Committee), the Civil Pro Bono Panel (Panel) and the Faculty of Federal Advocates (FFA).

(b)    **Standing Committee: Composition, Mission, and Authority**.

(1)    The Chief Judge shall appoint the members of the Standing Committee. The committee shall include one district judge, one magistrate judge, one representative of the office of the clerk, and one representative each from the following organizations: the FFA, the Colorado Bar Association, a private law firm, Colorado Legal Services, the clinical program of the University of Denver Sturm College of Law, the clinical program of the University of Colorado Law School, and the pro se division of the court.

(2)    The purpose and mission of the Standing Committee is to oversee the Panel, report annually to the court on the status of the program, and promote access to the court by unrepresented parties.

(3)    Decisions of the Standing Committee shall be made by majority vote of those present at a meeting of the committee. A majority of the district judges may vacate a decision of the Standing Committee.

(c)    **Panel Membership and Removal.**

(1)    A member of the Panel shall be an attorney who is either a member in good standing of the bar of this court or otherwise duly certified by the Colorado Supreme Court to provide pro bono legal services under C.R.C.P. 204.6 (Pro Bono Counsel Certification).

(2)    A member of the Panel shall be available and willing to accept an appointment when reasonable and appropriate.

(3)    A member of the Panel may be removed from the Panel by the Standing Committee for the following reasons:

       (A)    an excessive number of declinations of appointment or requests by an attorney for relief from appointment after entering an appearance; or

       (B)    failure to comply with the local rules of the court during the pro bono representation of an unrepresented party.

(4)    A member may withdraw from the Panel at any time by letter to the clerk.

**(d)    Attorney Eligibility.**

(1)    An attorney, law firm, non-profit legal organization, or clinical legal education program at a law school accredited by the American Bar Association (Clinic) may apply for membership on the Panel. The application form is available on the court website HERE. Information on an application may be amended at any time by letter to the clerk.

(2)    An application shall include the following:

       (A)    for a law firm, non-profit legal organization, or Clinic, the name of an individual within the organization to act as Panel Liaison and to receive notices and information from the clerk;

       (B)    a statement that the applicant, i.e., attorney, Panel Liaison, or Clinic supervisor, is a member in good standing of the bar of this court;

       (C)    a summary of the civil trial experience or trial advocacy training of the applicant;

       (D)    the number of appointments per calendar year the applicant will accept; and

       (E)    the specific types of civil actions or causes of action the applicant will accept.

**(e)    Pro Se Party Eligibility.**

(1)    The following unrepresented parties are eligible for appointment of pro bono counsel:

       (A)    an unrepresented non-prisoner who has been granted leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915;

       (B)    an unrepresented prisoner; and

(C)    after demonstrating limited financial means, an unrepresented non-prisoner who has paid any filing fee in full.

(2)    A defendant or party responding to a complaint, petition, or appeal who satisfies the criteria above shall be eligible for appointment of pro bono counsel.

(3)    Unless otherwise ordered, a pro se party is not eligible for appointment of pro bono counsel after termination of a previously appointed pro bono counsel in the same case.

**(f)    Appointment Procedure.**

(1)    Prerogatives of judicial officers.

(A)    A judicial officer to whom the civil action is assigned may on motion by an eligible, unrepresented party or on his or her own initiative enter an Appointment Order authorizing appointment of a member of the Panel to provide general or limited representation, directing the clerk to select an attorney with a relevant subject matter preference or expertise.

(B)    In deciding whether to appoint counsel, the judicial officer should consider all relevant circumstances, including, but not limited to, the following:

(i)    the nature and complexity of the action;

(ii)    the potential merit of the claims or defenses of the unrepresented party;

(iii)    the demonstrated inability of the unrepresented party to retain an attorney by other means; and

(iv)    the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel.

(2)    Duties of the clerk.

(A)    No later than 14 days after the filing of an Appointment Order, the clerk shall select a member of the Panel to represent the unrepresented party using an automated, random selection

87

process.

(B)     In making the selection, the clerk shall consider the following:

    (i)     the existence of counsel who is willing to accept appointment who is already representing the unrepresented party in another action in this court;

    (ii)     the relevant preference and expertise of the members of the Panel; and

    (iii)     the equitable distribution of appointments among the members of the Panel, with preference given to counsel already representing the unrepresented party in another action in this court.

(C)     On selection of a member of the Panel, the clerk shall contact the member and provide relevant, case-specific documents, e.g., complaint, answer, pending motions, etc. For a law firm, clinic, or non-profit legal organization, the Panel Liaison shall select and maintain assignment of eligible counsel. No later than five days after contact, the member shall notify the clerk whether the member is available for appointment.

(D)     On receipt of notice of availability for and acceptance of appointment from the member of the Panel, the clerk shall file a Notice of Appointment and shall serve the unrepresented party with the Appointment Order, the Notice of Appointment, and this rule.

(E)     If after four attempts, the clerk is unable to select a member of the Panel who is available and willing to accept appointment, the clerk shall notify the judicial officer who entered the Appointment Order of the unavailability of counsel.

**(g)     Duties of Court-Appointed Counsel.**

(1)     On receipt of the Notice of Appointment, the attorney shall communicate promptly with the unrepresented party to determine whether any actual or potential conflict of interest exists and whether the action can be resolved more appropriately in another forum or by other means.

(2)     Unless ordered otherwise, no later than 30 days after receipt of the Notice of Appointment, the attorney shall file:

88

    (A)    an Entry of Appearance under D.C.COLO.LAttyR 5(a); or

    (B)    a Notice Declining Appointment stating good cause for declining the appointment.

(3)    The appointment of pro bono counsel in the designated civil action does not extend to an appeal after final judgment or in any other civil action.

(4)    An attorney appointed under this rule shall represent the unrepresented party from the date of the Entry of Appearance until

    (A)    the court permits the attorney to withdraw;

    (B)    the case is dismissed;

    (C)    the case is transferred to another district or remanded to state court; or

    (D)    final judgment is entered.

**(h)    Fee Agreements.**

(1)    As a general rule, the attorney shall represent the unrepresented party without remuneration.

(2)    However, if the unrepresented party is entitled to recover attorney fees or a monetary award or settlement, the attorney and the unrepresented party may enter into a fee agreement permitting the attorney to receive attorney fees that are earned.

(3)    Alternatively, the attorney and the unrepresented party may enter into a contingent fee agreement that complies with the Colorado Rules Governing Contingent Fees.

(4)    Any fee agreement shall be entered into before an Entry of Appearance is filed.

(5)    When a statute authorizes an award of attorney fees to the prevailing party, the attorney shall advise the unrepresented party of the potential award.

**(i)    Reimbursement of Litigation Expenses from the Reimbursement Fund.**

89

(1)     A member of the Panel providing representation to an unrepresented party may apply to the FFA for reimbursement of litigation expenses.

(2)     The FFA shall have exclusive, final, non-appealable authority over the funds available to it for reimbursement of litigation expenses and the reimbursement of litigation expenses incurred by a member of the Panel in the representation of an unrepresented party.

(3)     The court periodically shall determine the contribution, if any, to the reimbursement fund.

**(j)**     **Withdrawal from Representation.** An attorney may seek to withdraw from the representation of an unrepresented party by motion to withdraw under D.C.COLO.LAttyR 5(b).

**(k)**     **Other Pro Bono Representation.** This rule does not preclude an attorney, law firm, or legal organization from providing pro bono representation to an unrepresented party in the absence of court appointment, nor does this rule prevent a judicial officer from requesting an attorney, law firm, or legal organization that is not a member of the Panel to represent an unrepresented party.