**Jeffrey Gu**

**jeffwgu@gmail.com**

**2332 N Clay St Apt 3**

**Denver, CO 80211**

**1-720-593-1548**

**Plaintiff Pro Se**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Jeffrey Gu,**<br>    **Plaintiff**<br>**v.**<br>**City of Irvine et al,**<br>    **Defendants.** | **Case No.: 8:25-cv-02134-VBF-DSR**<br><br>**RESPONSE IN OPPOSITION** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TOLL BROTHERS**

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF**

**SUBJECT-MATTER JURISDICTION PURSUANT TO FED. R. CIV. P.**

**12(B)(1)**

# TABLE OF CONTENTS

TABLE OF CONTENTS............................................................................2

TABLE OF AUTHORITIES...................................................................... 3

    Cases............................................................................................... 3

    Statutes........................................................................................... 3

I. INTRODUCTION..............................................................................4

II. FACTUAL BACKGROUND............................................................... 4

III. ARGUMENT...................................................................................5

    A. The Toll Brothers Defendants' Own Prior Pleadings Establish an Explicit Overlap of Evidence........................................................................ 5

    B. The Toll Brothers Defendants Inextricably Linked Themselves to Plaintiff's Irvine-Based Claims....................................................... 6

    C. The SAC Explicitly Incorporates the Toll Brothers Defendants into the Federal Causes of Action.................................................................8

IV. CONCLUSION................................................................................9

**CERTIFICATE OF COMPLIANCE................................................................10**

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ....................................................................... 9

Bahrampour v. Lampert, 356 F.3d 969 (9th Cir. 2004) ........................................... 7

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ..................................................... 9

United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966) ........................... 7, 9

**Statutes**

Cal. Civ. Code § 52.1 ........................................................................................... 7

## I. INTRODUCTION

Defendants Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp. (collectively, "Toll Brothers Defendants") completely ignore substantial portions of the written record, which, notably, includes their own prior pleadings. Plaintiff's claims arise from the same case or controversy, as demonstrated by the operative facts alleged in the Second Amended Complaint (SAC) and by the Toll Brothers Defendants' original complaint in concurrent Colorado proceedings—facts which the Toll Brothers Defendants have failed to address in any material way in their Motion to Dismiss. See ECF No. 149.

## II. FACTUAL BACKGROUND

On September 29, 2025, the Toll Brothers Defendants filed a verified complaint in Toll Brothers, Inc. et al. v. Gu et al., No. 1:25-cv-02884-PAB-CYC (D. Colo.) (hereinafter, the "Colorado Action"), which is attached hereto as Exhibit 1. See ECF No. 1 (D. Colo.).

# III. ARGUMENT

## A. The Toll Brothers Defendants' Own Prior Pleadings Establish an Explicit Overlap of Evidence

The Toll Brothers Defendants state in their motion that "[t]he Toll Entities are strangers to these issues and have *nothing whatsoever* to do with them," and that "[t]hese are two wholly independent factual scenarios involving different parties, different states, different legal theories, and *no overlapping evidence*." See ECF No. 149, at 7 (emphasis added). This is demonstrably false.

In truth, a substantial amount of overlapping evidence exists. In the Colorado Action, the Toll Brothers Defendants explicitly leveraged Plaintiff's regulatory and petitioning activities in California involving Risewell Homes, Inc. (Risewell or New Home) to form the baseline of their claims, stating:

> Apparently, in a remarkably similar situation to that experienced by Plaintiffs, when he didn't get what he wanted from New Home, he filed 16 prelitigation notices, trespassed on site and took pictures, and made claims against bonds, *licenses*, and companies, in order to retaliate against New Home.

See ECF No. 1 (D. Colo.), at 10, ¶ 46, Ex. 1 (emphasis added). The Toll Brothers Defendants' own pleading structure underscores this factual centrality. Of the thirty-five paragraphs labeled as "General Allegations" in their Colorado

5

Complaint, eight paragraphs—nearly one quarter of the entire foundational section—are devoted entirely to Plaintiff's California petitioning, regulatory, and investigative activities involving Risewell and Bert L. Howe & Associates, Inc (BHA). *Id.*, at 10–11, ¶¶ 45–52.

## B. The Toll Brothers Defendants Inextricably Linked Themselves to Plaintiff's Irvine-Based Claims

Attention to their inclusion of "claims against…licenses" is also due (*Id.*, at 10, ¶ 46), which can help illustrate Plaintiff's involvement with the City of Irvine, at which "Plaintiff's federal claims (Counts 2, 3, 4, and 6) are directed exclusively at." See ECF No. 149, at 10.

In filing a claim against a Contractor State License Board license, Plaintiff was required to ascertain a precise license number, which necessitated reviewing public permit information for the specific real property at issue: 129 Oakstone. Locating these permits required querying municipal sources, specifically the City of Irvine Building Department.

Plaintiff explicitly alleges in the SAC that he solicited permit information related to Risewell and the Toll Brothers Defendants from the City of Irvine Building

Department. See ECF No. 130, at 93, 95, ¶¶ 609–610, 617. This draws a direct line between Plaintiff's interactions with the City of Irvine and the Toll Brothers Defendants.

The Tom Bane Civil Rights Act (Bane Act) holds an entity liable if it "attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States." Cal. Civ. Code § 52.1. By essentially acting as an advocate for Risewell and BHA—and incorporating facts derived directly from Plaintiff's municipal activities with the City of Irvine into their own initial complaint—the Toll Brothers Defendants have placed themselves squarely within the factual scope of the Bane Act *and* federal violations asserted in the SAC.

Consequently, the Toll Brothers Defendants' own judicial admissions in the Colorado Action prove the existence of a "common nucleus of operative fact" between Plaintiff's state-law Bane Act claims and his Federal Civil Rights Claims, fully satisfying supplemental jurisdiction standards. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966); Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004).

**C. The SAC Explicitly Incorporates the Toll Brothers Defendants into the Federal Causes of Action**

Finally, the Toll Brothers Defendants state that "[n]one of the Toll Entities are named in any of these counts." <u>See</u> ECF No. 149, at 10. This is a mischaracterization, as the Plaintiff explicitly references Toll Brothers Defendants numerous times in his federal counts against the City of Irvine and its employees.

In the Count 2 section called *Constructive Seizure via Show of Authority* and the Count 4 section called *Initiation and Escalation of Police Involvement Without Notice or Process*, Plaintiff clearly references ¶ 761 of the SAC, which directly references text that states that "GU emailed City Council Member GO a couple weeks ago to receive help regarding a permit for Toll Brother's. Toll Brother's is a home builder that creates luxury homes." <u>See</u> ECF No. 130, at 116, 139, and 155.

Furthermore, where Plaintiff does not incorporate by explicit reference, he clearly shows a narrative wherein he communicates with City of Irvine Chief Building Official Jesse Cardoza about building permits involving Risewell *and* the Toll Brothers Defendants, has a phone call with Trinity Pham, and is then subsequently investigated for a criminal felony offense by Officer Emma Olague and the Irvine Police Department under the Factual Allegations sections titled *DD. Irvine*

*Interactions*, *EE. Irvine Responses*, and *HH. Irvine Police Report*. <u>See</u> ECF No. 130, at 93-109 and 113-125. These explicitly referenced factual allegations involving the Toll Brothers Defendants further establish the "common nucleus" of facts between the federal and state claims required under <u>Gibbs</u>.

## IV. CONCLUSION

The Toll Brothers Defendants repeatedly attempt to mischaracterize the SAC and ignore the binding operational facts they chose to include in their own verified complaint in the Colorado Action. In doing so, they completely disregard the baseline pleading standards established by the Supreme Court. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). They cannot conceal the deep, interconnected nucleus of operative facts shared between the federal and state claims.

Accordingly, Plaintiff respectfully requests that the Toll Brothers Defendants' Motion to Dismiss be DENIED.

Respectfully submitted,

_____   July 17, 2026

Jeffrey Gu, Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548

## CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Jeffrey Gu, certifies that this memorandum contains 1,043 words, which complies with the word limit of L.R. 11-6.1.

_____    July 17, 2026

Jeffrey Gu, Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548