UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-2134 VBF (DSR)                                      Date: July 17, 2026

Title     JEFFREY GU v. CITY OF IRVINE et al.

Present:  The Honorable:   Daniel S. Roberts, United States Magistrate Judge

| L. Krivitsky | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:**     (IN CHAMBERS) **ORDER (1) GRANTING DEFENDANT BERT L. HOWE & ASSOCIATES' EX PARTE APPLICATION FOR ONE-DAY EXTENSION OF TIME TO RESPOND TO SECOND AMENDED COMPLAINT (DOC. NO. 153) AND (2) ORDERING ALL COUNSEL AND SELF-REPRESENTED PARTIES TO REVIEW CIVILTY AND PROFESSIONALISM GUIDELINES**

**BACKGROUND**

Before the Court is an Ex Parte Application by Defendant Bert L. Howe & Associates ("BHA") for a one-day extension of time to respond to Plaintiff's Second Amended Complaint to permit full compliance with Local Rule 7-3.  See Doc. No. 153.  Plaintiff has filed written opposition to the Ex Parte Application.  See Doc. No. 154.

On June 15, 2026, Plaintiff filed his Second Amended Complaint in this action.  With exhibits, it totals 3,103 pages.  See Doc. No. 130.  In light of the length of the amended pleading, Plaintiff and Defendant BHA stipulated to a 14-day extension of time for BHA to respond to the Second Amended Complaint in order to permit time for a meaningful meet-and confer on a potential motion challenging the amended pleading.  See Doc. No. 138.  The Court subsequently approved that extension, making BHA's deadline to respond July 20, 2026.  See Doc. No. 141.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-2134 VBF (DSR)                                        Date: July 17, 2026

Title     JEFFREY GU v. CITY OF IRVINE et al.

Defendant BHA intends to respond to the Second Amended Complaint by motion to dismiss, as well as a special motion to strike under California Code of Civil Procedure § 425.16. See Decl. of Sean Kneafsey ("Kneafsey Decl.") (Doc. No. 153-2) at ¶ 3. Pursuant to Local Rule 7-3, counsel for BHA sent Plaintiff a letter to Plaintiff on June 23, 2026, to initiate a discussion with Plaintiff aimed at eliminating, or limiting, the need for such motions. Id. The motions are intended to be similar to ones Defendant BHA filed challenging Plaintiff's First Amended Complaint earlier in this case. Id. at ¶ 4. Plaintiff responded in writing to the meet-and-confer letter on June 23, 2026, stating that he would oppose BHA's contemplated motions on largely the same grounds as he had opposed that Defendant's challenges to his now-superseded First Amended Complaint, with an added reference to the California Civil Code. Id. at ¶ 6.

Those efforts to meet and confer on BHA's intended motion were entirely in writing. In order to satisfy the requirement in Local Rule 7-3, however, that pre-filing discussions on contemplated motions take place "in person, by telephone, or by video conference," BHA's counsel and Plaintiff spoke directly on July 14, 2026. Id. at ¶ 8. Unfortunately, the outcome of those discussions was apparently the same, and BHA still intends to file its motions. The parties (Plaintiff and BHA's counsel) apparently did agree, however, that they had reached an impasse on the intended motion and had satisfied the requirements of Local Rule 7-3. Id. at ¶ 9.

Because this July 14, 2026 call was only six days before BHA's deadline to respond to the Second Amended Complaint, and Local Rule 7-3 requires parties to meet and confer on a motion seven days prior to filing the motion, BHA's counsel asked Plaintiff is he would agree to a one-day extension of the deadline to respond so that the motions could be filed seven days after the parties unsuccessful call. Id. at ¶ 9, Ex. "2." Plaintiff refused the request for the one-day extension, however. Id. BHA's counsel then gave notice of his intent to bring the instant ex parte application for the one-day extension. Id. at ¶ 10, Ex.s 1-2. BHA then filed this Ex Parte Application on July 15, 2026, supported by a Memorandum of Points and Authorities, a Declaration from its counsel, and exhibits thereto. See Doc. No. 153. Later on July 15, 2026, Plaintiff filed an Opposition to BHA's Ex Parte Application. See Doc. No. 154.

Defendant BHA's intended motions will be but part of a slew of motions upcoming in this case. Also on the Court's upcoming motion calendar is a Motion to Dismiss by the Toll Brothers Defendants noticed for hearing on August 11th (Doc. No. 149), a Special Motion to Strike by the Risewell / New Home Defendants noticed for hearing on August 18th (Doc. No. 151), a Motion

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   8:25-cv-2134 VBF (DSR)                                    Date: July 17, 2026

Title      JEFFREY GU v. CITY OF IRVINE et al.


to Compel Arbitration also by the Risewell / New Home Defendants and also set for hearing on August 18th (Doc. No. 152), and most recently, a Motion by Plaintiff to Strike the Toll Brothers Defendants' Motion to Dismiss set for hearing on August 18th (Doc. No. 155).  In addition, Defendants Sanders and Melching have indicated that they also intend to file a Motion to Dismiss when their response to the Second Amended Complaint is due on July 22nd.  See Doc. No. 142.


**BHA'S REQUEST SATISFIES THE REQUIREMENTS FOR EX PARTE RELIEF**

Defendant BHA seeks this one-day extension of time via an ex parte application.  There are both procedural and substantive requirements to seeking ex parte relief.  The procedural requirements are specified in Local Rule 7-19.  Defendant BHA has substantially complied with those requirements here.  Defendant establishes in its papers that notice of the application was given orally (and in writing) to Plaintiff, and Plaintiff has in fact filed opposition to the motion, confirming that he was timely notified.  Defendant's papers also include the reasons for seeking an ex parte order, points and authorities in support thereof, and a proposed ex parte order.


Substantively, to justify ex parte relief, "[f]irst, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.  Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

> To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer.  It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation.  For example, merely showing that trial is fast approaching and that the opposing party still has not answered crucial interrogatories is insufficient to justify ex parte relief.  The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period. As Judge Rymer warned, "Ex parte applications are not intended to save the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-2134 VBF (DSR)                                    Date: July 17, 2026

Title       JEFFREY GU v. CITY OF IRVINE et al.


> day for parties who have failed to present requests when they
> should have...."

Id. at 493. (citing In re Intermagnetics America, Inc., 101 B.R. 191, 193 (C.D. Cal. 1989)).


The evidence shows that the specific cause at issue here – the need for a one-day extension of time to respond to the Second Amended Complaint in order to permit Defendant BHA to comply fully with the Requirements of Local Rule 7-3 – will be irreparably prejudiced if the request is heard on the regular 28-day notice schedule.  Of course, by the time such a regularly noticed motion could be heard, the one-day extension needed would have passed.  Further, Plaintiff has established a history in this case of seeking entry of default of Defendants minutes after their deadline to respond expires, requiring yet more motion practice to set aside the default.  And Defendant BHA is not at fault in creating this need to consider the request for extension on an ex parte basis.  In fact, by its very nature, a request for an extension of time to respond can never be sought on full 28 days' notice.  The Court thus finds that Defendant BHA has met the procedural and substantive requirements to consider this request for a one-day extension on an ex parte basis.

### GOOD CAUSE EXISTS FOR THE ONE-DAY EXTENSION

Defendant BHA seeks a one-day extension of time to respond to Plaintiff's Second Amended Complaint – from the present deadline of Monday, July 20th, to Tuesday, July 21st – in order to comply fully with the meet-and-confer requirements of Local Rule 7-3 requiring efforts to avoid, or at least limit the scope of, motions.  Such need arose because while the parties began their meet and confer on BHA's intended challenge to Plaintiff's Second Amended Complaint on June 23, 2026 – 27 days before the July 20th deadline to respond – those initial efforts were solely in writing, not in person, by telephone, or by videoconference.  See Kneafsey Decl. at ¶¶ 3, 6.[1]  Because the Local Rule requires meet-and-confer discussions to be in person, by telephone, or by videoconference, the parties again discussed the issue (apparently by telephone or videoconference, though neither party specifies how) on July 14th.  The result of the discussions was the same, however, and the motion unfortunately is still necessary.

---

[1]       Plaintiff asserts in his Opposition that "BHA did not timely reach out to confer until 7/14/26 to file a motion on the original deadline of 7/20/26."  See Pl.'s Opp'n (Doc. No. 154) at 4:13-14.  Plaintiff offers no Declaration to contradict Defendant's evidence of the June 23rd written discussions about the intended motion. Plaintiff's statement, then, that Defendant BHA did not "reach out" to meet and confer on their intended motion until July 14th is at best misleading.

---

CV-90 (03/15)                              Civil Minutes – General                              Page **4** of **6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-cv-2134 VBF (DSR)                              Date: July 17, 2026

Title      JEFFREY GU v. CITY OF IRVINE et al.

Because Local Rule 7-3 requires the meet-and-confer to take place seven days before filing the motion, technically BHA cannot file its intended motions until July 21st, seven days after the July 14th follow-up telephone or videoconference.  Though one would expect parties to agree to the necessary one-day extension of time to permit such technical compliance with the Rule, especially where the parties agree that they have substantively complied with the Rule, Plaintiff refused, necessitating this ex parte application.  Ironically, then, the desire to comply with a rule intended to eliminate, or at least limit, unnecessary motions has now required the parties and the Court to spend time on an additional motion for a one-day extension, to pile atop the already growing mountain of motions in this case.

Plaintiff opposes the requested one-day extension on the ground that "[f]urther delay will prejudice [him] by extending the time before the SAC is answered and by rewarding BHA's lack of diligence."  Opp'n at 5:16-6:1.  The requested extension will do not such thing.  This Court hears civil motions on Tuesdays.  The Local Rules require motions be set on 28 days' notice.  Therefore, it makes no difference in calendaring a motion for hearing whether that motion is filed on a Monday or a Tuesday; either way, the earliest that motion can be heard is four Tuesdays hence.  Defendant BHA's current deadline to file their intended motion is Monday, July 20th.  The soonest a motion filed on July 20th could be heard would be Tuesday, August 18th.  BHA seeks a one-day extension to file its motions on Tuesday, July 21st.  The soonest a motion filed on July 21st would be – Tuesday, August 18th.  The requested extension will have no bearing whatsoever on when BHA's motions can be heard, and therefore will cause Plaintiff no prejudice at all.

Defendant BHA has thus shown good cause for the one-day extension of time it seeks to file its response to Plaintiff's Second Amended Complaint.  The Ex Parte Application for such relief is therefore **GRANTED,** and BHA may file its motion challenging the Second Amended Complaint on Tuesday July 21, 2026.

**ORDER REQUIRING REVIEW OF CIVILTY AND PROFESSIONALISM GUIDELINES**

This Ex Parte Application is not the first instance in this case of a motion that should not have been necessary.  This case has already seen another ex parte application for an extension of time to respond (Doc. No. 50), a motion to quash service when the served party had offered to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:25-cv-2134 VBF (DSR)                                    Date: July 17, 2026

Title      JEFFREY GU v. CITY OF IRVINE et al.

accept service in exchange for an extension of time to respond (which was refused) (Doc. 48), an opposed motion to set aside default (Doc. 100), and an opposed motion for leave to amend (Doc. 120).  The lack of cooperation and accommodation in this case among the parties has been extraordinary, and this case has not yet even reached the discovery stage.

The Court has published on its website Civility and Professionalism Guidelines, available at https://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines. The Court expects all participants in this case – counsel and self-represented parties – to abide by these Guidelines.  The Court deems self-represented parties to be their own "counsel" and therefore such individuals are expected to conduct themselves in accordance with these Guidelines, especially in dealing with opposing counsel.

So that everyone may refresh themselves on these principles, all counsel and self-represented parties in this case are hereby ORDERED to review the Civility and Professionalism Guidelines at the link above and to file with the Court no later than July 24, 2026, a Declaration confirming that they have done so.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | LK |