**Jeffrey Gu**

**jeffwgu@gmail.com**

**2332 N Clay St Apt 3**

**Denver, CO 80211**

**1-720-593-1548**

**Plaintiff Pro Se**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Jeffrey Gu,**<br>　　　　　**Plaintiff**<br>**v.**<br>**City of Irvine et al,**<br>　　　　　**Defendants.** | **Case No.: 8:25-cv-02134-VBF-DSR**<br><br>**RESPONSE IN OPPOSITION** |

**PLAINTIFF'S OPPOSITION TO RISEWELL HOMES INC., THE NEW**

**HOME COMPANY SOUTHERN CALIFORNIA LLC, AND TNHC**

**REALTY AND CONSTRUCTION INC.'S MOTION TO STRIKE, OR IN**

**THE ALTERNATIVE, MOTION TO DISMISS PLAINTIFF'S SECOND**

**AMENDED COMPLAINT**

1

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................2

TABLE OF AUTHORITIES..........................................................................................3

    Cases.......................................................................................................................3

    Statutes...................................................................................................................4

    Rules.......................................................................................................................5

    Other Authorities...................................................................................................5

I. INTRODUCTION.....................................................................................................6

II. FACTUAL BACKGROUND...................................................................................6

    A. Risewell Homes Defendants' Correspondence and Cease-and-desist Letters.....................................................................................................................6

    B. Risewell Homes Defendants' Litigation Behavior and Lack of Police Reporting.................................................................................................................7

    C. The Colorado Action..........................................................................................8

III. ARGUMENT..........................................................................................................8

    A. The Risewell Homes Defendants Never Seriously Contemplated Legal Action.......................................................................................................................8

    B. The Hostile Letters Were Not Sent Under Any Official Proceedings......11

    C. The Hostile Letters Falsely Allege Illegal Actions Committed by Plaintiff 12

    D. The Risewell Homes Defendants' Actions Fall Squarely Within the Purview of the Ralph Act.................................................................................... 13

    E. The Risewell Homes Defendants Acted Because of Plaintiff's Political Affiliation............................................................................................................. 17

    F. The Risewell Homes Defendants' Conduct Satisfies the Bane Act Because the Statute Requires Coercion or Intimidation, Not Actual Violence 20

IV. CONCLUSION....................................................................................................22

CERTIFICATE OF COMPLIANCE...............................................................23

**TABLE OF AUTHORITIES**

**Cases**

Allen v. Iranon, 283 F.3d 1070, 1077–78 (2002) ..................................................... 19

Animal Protection & Rescue League, Inc. v. Cnty of Riverside,

    111 Cal.App.5th 914 (2025) ..................................................................... 14

Birkner v. Lam, 156 Cal. App. 4th 275 (2007) ........................................................ 10

Cal. Motor Transp. Co. v. Trucking Unlimited,

    404 U.S. 508, 510–11 (1972) .................................................................. 18

Campbell v. Feld Entm't, Inc., 75 F.Supp.3d 1193 (2014) ................................... 14

Corales v. Bennett, 567 F. 3d 554 (2009) ............................................................. 14

Cornell v. City & County of San Francisco,

    17 Cal. App. 5th 766 (2017) ................................................................ 20-21

Coszalter v. City of Salem, 320 F.3d 968, 977–79 (2003) ................................... 19

Doe v. Priyanka, 814 F. Supp. 3d 1073 (2006) ..................................................... 14

Gay Law Students Ass'n v. Pac. Tel. & Tel. Co.,

24 Cal. 3d 458 (1979) ............................................................................. 17

NAACP v. Button, 371 U.S. 415 (1963) ......................................................... 18

RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co.,

56 Cal. App. 5th 413 (2020) ............................................................... 9-11

Rivers v. Roadway Express, Inc., 511 U.S. 298 (1994) ........................................... 15

Shoyoye v. County of Los Angeles, 203 Cal. App. 4th 947 (2012) ...................... 21

Weinberg v. Feisel,110 Cal.App.4th 1122 (2003) ............................................. 12-13

Winarto v. Toshiba Am. Elecs. Components, Inc. 274 F.3d 1276 (2001) ............. 14

Vasquez v. State of California, 45 Cal. 4th 243 (2008) ........................................ 14

Venegas v. County of Los Angeles, 32 Cal. 4th 820 (2004) ........................... 20, 22

Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054 (2002) ................................. 18

**Statutes**

Cal. Civ. Code § 51.7 ................................................................... 6, 13-18

Cal. Civ. Code § 52.1 ................................................................... 6, 20-22

Cal. Civ. Code § 896 ............................................................................ 11

Cal. Civ. Code § 910 ......................................................................... 9, 11

Cal. Civ. Proc. Code § 425.16(e) ........................................................... 9

**Rules**

Fed. R. Civ. P. 13 ............................................................................ 7, 10

Fed. R. Civ. P. 65 ............................................................................ 7, 10

**Other Authorities**

Assemb. B. 1775, 2020 Cal. Stat. ch. 327 ...................................... 14-15

# I. INTRODUCTION

Plaintiff Jeffrey Gu respectfully submits this Opposition to the Motion to Strike/Dismiss filed by Defendants RISEWELL HOMES, INC., THE NEW HOME COMPANY SOUTHERN CALIFORNIA LLC, AND TNHC REALTY AND CONSTRUCTION INC ("Risewell Homes Defendants"). See ECF No. 151 (MTS). The motion should be denied because the Risewell Homes Defendants a) never seriously contemplated litigation or use of law enforcement, b) did not send the letters in furtherance of any official proceeding, c) falsely allege illegal actions committed by Plaintiff, and d) indeed committed actions indeed under the purview of the Ralph and Bane Acts.

# II. FACTUAL BACKGROUND

## A. Risewell Homes Defendants' Correspondence and Cease-and-desist Letters

Risewell Homes Defendants' counsel Melanie Woodfin sent an initial SB800 and final SB800 letter on April 21 and May 22, 2025, as recounted in Plaintiff's Second Amended Complaint (SAC), in ¶¶ 549, 560:

549. Also on April 21, 2025, **JG** received an SB800 letter from **TNHC** via PHLK LLP requesting inspection. (See 📄 Exhibit 131 SB800 Initial Letter.pdf )

560. On May 22, 2025, PHLK sent an SB800 response letter. (See 📄 Exhibit 132 SB800 Final Letter.pdf )

See Seconded Amended Complaint, ECF No. 130, at 86, 89 (SAC). None of Ms. Woodfin's follow up correspondence, all of which was conveyed through cease-and-desist letters, cited the fact that they were part of the SB800 repair process or attempted to rectify the construction defects noted in Plaintiff's Notice of Claims. The cease-and-desist letters were sent variously on May 27, June 23, August 5, August 22 of 2025 and March 12, 2026. See SAC, ECF No. 130, ¶¶ 571, 596, 684, 703, 868.

**B. Risewell Homes Defendants' Litigation Behavior and Lack of Police Reporting**

The Risewell Homes Defendants to date have not asked the Court for a civil restraining order or injunction under Fed. R. Civ. P. 65. Moreover, in response to any of Plaintiff's complaints, they have only filed motions to strike, dismiss, or compel arbitration, not any counterclaims under Fed. R. Civ. P. 13. See ECF Nos.

64, 66, 151, 152. Nor have the Risewell Homes Defendants filed any complaints with the Irvine Police Department, as the only police report associated with Plaintiff is the one that was initiated by the City of Irvine and its employees. See SAC, ECF No. 130, at 113, ¶ 750.

## C. The Colorado Action

On September 12, 2025, Toll Brothers Inc., TB Proprietary Corp., and Toll Southwest LLC filed a verified complaint in Toll Brothers, Inc. et al. v. Gu et al., No. 1:25-cv-02884-PAB-CYC (D. Colo.) (hereinafter, the "Colorado Action"), which is attached hereto as Exhibit 1. See ECF No. 1 (D. Colo.). This complaint contained factual allegations from Plaintiff's interactions and investigations regarding the Risewell Homes Defendants.

## III. ARGUMENT

## A. The Risewell Homes Defendants Never Seriously Contemplated Legal Action

The Risewell Homes Defendants invoke the litigation privilege several times throughout their motion, stating, variously, that their cease-and-desist letters (Hostile Letters) were

8

1. "...served in connection with a Civil Code section 910 claim and as a legal prerequisite to filing a restraining order to prevent further harassment and trespass, and are protected by the litigation privilege pursuant to Civil Code section 47(b)." <u>See</u> MTS, ECF No. 151, at 10-11;
2. "...served in connection with pre-litigation proceedings under Title 7." *Id.* at 18;
3. and "...served as a legal prerequisite to obtaining an injunction." *Id.* at 19.

Because of this, they argue, they are protected under Cal. Civ. Code § 47(b) and/or Cal. Civ. Proc. Code § 425.16(e) parts (2) and (4). They correctly cite that these types of events can possibly qualify when they "concern the subject of the dispute and [are] made in anticipation of litigation contemplated in good faith and under serious consideration." <u>RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co.</u>, 56 Cal. App. 5th 413, 428 (2020). To claim this protection, a moving party must possess an actual, subjective good-faith intent to sue that is objectively manifested by subsequent actions. *Ibid.* However, the events of this case and Risewell Homes Defendants' own pattern of sending the Hostile Letters illustrate how litigation was never seriously contemplated by them.

If Plaintiff's allegedly harassing and trespassing conduct were as conclusive and urgent as the Risewell Homes Defendants state in their motion and the Hostile Letters, they have possessed the exact tools to remedy it inside this very litigation

9

since they first received notice of this action on October 16, 2025. See ECF Nos. 17–19. Yet, in the nine months that have followed their notice of the litigation and the fourteen months since the first of the Hostile Letters, the Risewell Homes Defendants have failed to file for a preliminary injunction or temporary restraining order under Fed. R. Civ. P. 65, nor have they attempted to assert a single counterclaim under Fed. R. Civ. P. 13. While RGC Gaslamp notes that a moving party's "subjective intent" is generally evaluated under the second prong of an anti-SLAPP motion, the first prong is failed "as a matter of law" where the record shows the conduct had "no 'connection or logical relation' to an action" and was not made "to achieve the objects" of any litigation. RGC Gaslamp, *supra*, 56 Cal. App. 5th at 430 (quoting Birkner v. Lam, 156 Cal. App. 4th 275, 284 (2007)). Given that the Risewell Homes Defendants currently sit active in the very forum capable of granting them immediate relief yet refuse to utilize it, the only reasonable conclusion is that the Hostile Letters have no objective connection or logical relation to any genuinely contemplated litigation. They were instead deployed exclusively as tools of empty intimidation.

**B. The Hostile Letters Were Not Sent Under Any Official Proceedings**

The Risewell Homes Defendants also contend that the Hostile Letters were sent in connection with Civil Code section 910 and Civil Code section 896 (collectively, SB800). See MTS, ECF No. 151, at 10–11, 18. This is a revisionist contention that does not comport with the undisputed text of the letters themselves. While the statutory SB800 communications between the parties occurred between April 21 and May 22, 2025, the separate Hostile Letters are factually distinct. See SAC, ECF No. 130, at 86, 89. Although the Hostile Letters superficially referenced the Notices of Claim sent by Plaintiff, they did not operate within the statutory SB800 framework, nor did they materially attempt to address or resolve the underlying claims. Facially, the Hostile Letters cannot be considered part of any official proceeding. Under the framework set forth in RGC Gaslamp, communications that merely coexist with a dispute but do not genuinely advance an official statutory mechanism are not shielded by the litigation privilege. RGC Gaslamp, *supra*, 56 Cal. App. 5th at 427.

Likewise, the claim that the Risewell Homes Defendants' "most recent cease-and-desist letter was made in the course of this judicial proceeding as well as Mr. Gu's various other judicial proceedings and are therefore absolutely

privileged under Civil Code section 47" is facially absurd. See MTS, ECF No. 151, at 21. The Risewell Homes Defendants never submitted that letter before this Court or any other court and is simply another example of their unwillingness to use the Federal Rules of Civil Procedure for the relief they believe they need to obtain because they do not have the factual predicates to obtain it.

## C. The Hostile Letters Falsely Allege Illegal Actions Committed by Plaintiff

The Risewell Homes Defendants' motion relies almost entirely on inventing conduct that Plaintiff never committed—specifically "trespass" and "harassment." None of these accusations are supported by evidence, none fit the statutory definitions of the alleged crimes, and all are contradicted by the photos and timeline attached to the SAC. See SAC, ECF No. 130, ¶¶ 576, 585, 844, 849. Under controlling California precedent, such fabricated allegations cannot form the basis of an anti-SLAPP motion.

In Weinberg v. Feisel,110 Cal.App.4th 1122 (2003), the Court of Appeal held that false accusations of criminal conduct are not protected activity and cannot support an anti-SLAPP motion. The Court explained:

> Simply stated, causes of action arising out of false allegations of criminal conduct, made under circumstances like those alleged in this case, are not

subject to the anti-SLAPP statute. Otherwise, wrongful accusations of criminal conduct…would automatically be accorded the most stringent protections provided by law, without regard to the circumstances in which they were made—a result inconsistent with the purpose of the anti-SLAPP statute.

*Id*. at 1132–33. Weinberg expressly rejects the exact maneuver the Risewell Homes Defendants attempt here. A defendant cannot fabricate a criminal accusation, use that fabrication as a shield, and then invoke anti-SLAPP protections to evade scrutiny.

Yet that is precisely what the Risewell Homes Defendants attempt. The motion repeatedly asserts that Plaintiff committed criminal "trespass" and "harassment," but offers no statutory citations, no evidence, and no application of facts to the elements. Instead, the Risewell Homes Defendants try to convert ordinary documentary photography taken on public streets into invented crimes. This is not a good-faith legal argument; it is a prohibited use of anti-SLAPP as a sword to silence a whistleblower. The Risewell Homes Defendants cannot bootstrap invented criminal allegations into protected activity, and their anti-SLAPP theory must be rejected.

**D. The Risewell Homes Defendants' Actions Fall Squarely Within the Purview of the Ralph Act**

The Risewell Homes Defendants cite a litany of cases to support the outdated proposition that violations of California Civil Code § 51.7 (the Ralph Act) require "proof of committed or threatened violence involving some physical destructive act against Plaintiff." See MTS, ECF No. 151, at 11. However, every single case relied upon by Defendants predates—or concerns underlying facts that predate—the sweeping 2020 Assembly Bill 1775 amendments to the Act, which took effect on January 1, 2021, cases such as Doe v. Priyanka, 814 F. Supp. 3d 1073 (2006), Campbell v. Feld Entm't, Inc., 75 F.Supp.3d 1193 (2014) , Animal Protection & Rescue League, Inc. v. Cnty of Riverside, 111 Cal.App.5th 914 (2025) (adjudicating events occurring exclusively in 2018), Winarto v. Toshiba Am. Elecs. Components, Inc. 274 F.3d 1276 (2001), and Corales v. Bennett, 567 F. 3d 554 (2009).

Under California Code of Civil Procedure § 1858, a court's role in construing a statute is simply to ascertain and declare what is contained therein, "not to insert what has been omitted, or to omit what has been inserted." See Cal. Civ. Proc. Code § 1858; Vasquez v. State of California, 45 Cal. 4th 243, 253 (2008) (holding that the court's office is "not to change [a statute's] scope by reading into it language it does not contain or by reading out of it language it does"). While a

historical judicial construction of a statute is authoritative as to what the text meant at the time of that decision, it does not preclude the Legislature from subsequently altering the law. <u>Rivers v. Roadway Express, Inc.</u>, 511 U.S. 298, 305 (1994) (noting that a legislative response may reflect a decision "that the old law should be amended, but only for the future"). Accordingly, where the Legislature has amended the operative language of a statute, the Court must apply the newly amended text rather than an outdated "judicial gloss" that construed an obsolete version of the law. Here, because the Legislature explicitly amended the Ralph Act via AB-1775 in 2020, the post-amendment statutory language controls, and any contrary pre-2021 case law relied upon by Defendants is legally obsolete. <u>See</u> Assemb. B. 1775, 2020 Cal. Stat. ch. 327 (amending Cal. Civ. Code § 51.7).

Here, the amended version of the Ralph Act clearly states that

> …"intimidation by threat of violence" includes…threatening to make a claim or report to a peace officer or law enforcement agency that falsely alleges that another person has engaged in unlawful activity…knowing that the claim or report is false, or with reckless disregard for the truth or falsity of the claim or report.

Cal. Civ. Code § 51.7(b)(2).

The Risewell Homes Defendants' own motion helpfully summarizes how their conduct fits this exact modern definition:

[Plaintiff] alleges that (1) an individual threatened to call the police when Plaintiff appeared at TNHC's construction site on March 3, 2026 (SAC, p. 129-131, ¶¶ 849-864); and

(2) TNHC's cease-and-desist letters contain the following statements:
- TNHC reserves the right to pursue all appropriate corrective actions, including injunctive relief, restraining orders, and both civil and criminal penalties. (PE 133, ECF 130-4, pp. 132-134, PE 205 at ECF 130-7, pp. 25-26; PE 218 at ECF 130-7, pp. 168-169; PE 225 at ECF 130-7, 214-215; and PE 285 at 130-10, pp. 73-74.)
- If you continue to trespass on TNHC's property and harass TNHC's contractors, legal action may be taken against you and you may be subject to both civil and criminal penalties.

See MTS, ECF No. 151, at 27. The explicit threats by the Risewell Homes Defendants' employee to summon law enforcement on March 3, 2026—issued while Plaintiff was merely taking photographs from a public road open to visitors of their model homes in the Olivewood neighborhood—combined with the weaponization of threatened "criminal penalties" in the Hostile Letters, fall squarely under the statutory definition of the amended Ralph Act. Furthermore, as established *supra*, the fact that the Risewell Homes Defendants have completely abstained from seeking a preliminary injunction, temporary restraining order, or asserting counterclaims in this active civil forum for over nine months heavily supports the inference that they well know their extrajudicial allegations of "trespass" and "harassment" are false, or that they are acting with a reckless disregard for the truth.

**E. The Risewell Homes Defendants Acted Because of Plaintiff's Political Affiliation**

The Risewell Homes Defendants' assertion that they "were not aware" of Plaintiff's political affiliation is a red herring and a misstatement of the Ralph Act's text. See MTS, ECF No. 151, at 25. The Ralph Act does not require proof that the Risewell Homes Defendants knew Plaintiff's formal party registration, ideological label, or membership in an organized political faction; it protects against violence or intimidation committed "because of political affiliation" and, critically, because one *perceives* a plaintiff to have a protected characteristic. See Cal. Civ. Code § 51.7(b)(1). The statute further provides that the listed protected bases are "illustrative rather than restrictive," underscoring that the Risewell Homes Defendants cannot escape liability by demanding a cramped, formalistic showing of notice untethered from the Act's language. *Ibid.* California courts construing analogous civil-rights protections have long recognized that "political affiliation" is not confined to formal party membership, but extends to political position, advocacy, and efforts to influence government action. Gay Law Students Ass'n v. Pac. Tel. & Tel. Co., 24 Cal. 3d 458, 487 (1979). The Risewell Homes Defendants proposed "lacked awareness" defense therefore improperly rewrites

the Ralph Act into a notice statute, when the Act by its terms turns on perception and retaliatory motive.

The record amply shows Plaintiff was engaged in quintessential political advocacy: he submitted formal complaints to numerous regulatory bodies, communicated with City of Irvine Chief Building Official Jesse Cardoza, and sought to bring building code and permitting violations before City of Irvine Councilman William Go. See SAC, ¶¶ 141, 176, 566, 605, 634, 638. Petitioning local government, reporting code violations to public officials, and urging governmental investigation are paradigmatic forms of political expression and public advocacy, not private grumbling. NAACP v. Button, 371 U.S. 415, 430–31 (1963); Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 510–11 (1972). The Risewell Homes Defendants had every commercial and regulatory incentive to silence that advocacy, because Plaintiff's complaints threatened public scrutiny, reputational harm, and potential compliance consequences for a builder operating under municipal oversight. On this record, retaliatory motive may be inferred from the nature of the advocacy itself, the identity of the audience, and the Risewell Homes Defendants' obvious stake in suppressing criticism that exposed alleged code and regulatory infractions. Villiarimo v. Aloha Island Air, Inc., 281

18

F.3d 1054, 1062 (2002) (discriminatory intent may be proven by circumstantial evidence and reasonable inferences drawn from the record).

That inference is powerfully confirmed by the Risewell Homes Defendants' extrajudicial conduct in the separate Colorado Action. See ECF No. 1 (D. Colo.). The record shows that the Risewell Homes Defendants are not merely defending themselves in the present case; they actively monitored Plaintiff's advocacy and then inserted themselves into supposedly unrelated litigation to provide facts and disrupt Plaintiff's broader campaign of complaint-driven oversight. Id., at 10–11, ¶¶ 45–52. That is not benign background awareness; it is circumstantial proof of a targeted effort to track, counter, and suppress Plaintiff's protected political activity across multiple forums. Courts routinely recognize that retaliatory animus may be established through unusual investigatory conduct, coordinated third-party action, and the broader pattern of hostility surrounding the protected activity. See generally Allen v. Iranon, 283 F.3d 1070, 1077–78 (2002); Coszalter v. City of Salem, 320 F.3d 968, 977–79 (2003). The Risewell Homes Defendants intermeddling in the Colorado Action is therefore not collateral; it is a smoking gun showing knowledge, motive, and a coordinated campaign to suppress a

homeowner-rights advocate whose protected petitioning and political criticism threatened the Risewell Homes Defendants' commercial interests.

**F. The Risewell Homes Defendants' Conduct Satisfies the Bane Act Because the Statute Requires Coercion or Intimidation, Not Actual Violence**

The Bane Act does not require Plaintiff to plead or prove actual violence. Its operative text reaches interference with rights "by threat, intimidation, or coercion," and the California Supreme Court has explained that section 52.1 applies to interference with rights so long as the defendant's conduct is accompanied by those coercive means. Cal. Civ. Code § 52.1; Venegas v. County of Los Angeles, 32 Cal. 4th 820, 843 (2004) ("[P]laintiffs need not allege that defendants acted with discriminatory animus or intent, so long as those acts were accompanied by the requisite threats, intimidation, or coercion."). The Court of Appeal likewise held in Cornell v. City & County of San Francisco that where an unlawful arrest is properly pleaded and proved, "the egregiousness required by Section 52.1 is tested by whether the circumstances indicate the arresting officer had a specific intent to violate the arrestee's right to freedom from unreasonable seizure," not by whether the plaintiff proved a separate violent act. Cornell v. City & County of San Francisco, 17 Cal. App. 5th 766, 801-802 (2017) (rejecting a rule

20

that would require "independent" coercion beyond an unlawful detention itself). Lastly, Shoyoye v. County of Los Angeles, 203 Cal. App. 4th 947, 948 (2012) discussed the statute's reach in terms of "more egregious conduct than mere negligence," showing the statute is about coercive interference with rights, not a violence-only tort. The question, then, is not whether the Risewell Homes Defendants physically struck Plaintiff, but whether they intentionally used intimidation or coercion to chill his complaints and suppress his protected activity.

Plaintiff has plausibly alleged that they did. Cease-and-desist letters do not become immune simply because they are written in the form of correspondence; when used as part of a retaliatory campaign to force Plaintiff to stop engaging in protected petitioning and oversight, they operate as coercive instruments. Section 52.1 reaches interference accomplished by "threat, intimidation, or coercion," and subdivision (k) confirms that "speech alone" is insufficient only in the narrow circumstances specified by the statute. Cal. Civ. Code § 52.1(k). Courts applying the Bane Act have recognized that coercive threats of adverse governmental consequences can satisfy the statute even without physical violence. Cornell, supra, 17 Cal. App. 5th at 801-02. If the Risewell Homes Defendants' letters were sent to intimidate Plaintiff into silence by threatening police involvement or other

21

adverse consequences, that is coercive interference, not protected "speech alone." The statute does not immunize the use of legal-sounding threats to suppress complaints; it targets the coercive effect of that conduct.

Their involvement in the Colorado Action reinforces that conclusion. Intervening in, feeding facts into, or otherwise exploiting a separate lawsuit to burden, isolate, and discredit Plaintiff is not innocuous commentary; it is circumstantial evidence of a coordinated effort to intimidate him across multiple forums. California courts permit Bane Act liability to be proved by the context and consequences of defendants' conduct, not by formal labels. Venegas, *supra*, 32 Cal. 4th at 843. On the pleaded facts, the Risewell Homes Defendants' cease-and-desist letters and their extrajudicial participation in the Colorado Action plausibly constitute threats, intimidation, or coercion under section 52.1, and the Bane Act claim should proceed.

## IV. CONCLUSION

The Risewell Homes Defendants incant the words "harassment" and "trespass" and cite a plethora of now superseded case law in the hope of overwhelming this court with irrelevant precedent and gravely distorted facts. And, while the litigation privilege might protect some, or even most, forms of speech, clearly, as

Plaintiff has shown, the Risewell Homes Defendants' conduct does not fit into this usually broad category. As such, the Risewell Homes Defendants' motion to strike and/or dismiss should be denied.

Respectfully submitted,

_____    July 20, 2026

Jeffrey Gu, Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548

## CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Jeffrey Gu, certifies that this memorandum contains 3,448 words, which complies with the word limit of L.R. 11-6.1.

_____    July 20, 2026

Jeffrey Gu, Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548

23