Case No. 1:25-cv-02884-CYC     Document 1     filed 09/12/25     USDC Colorado     pg 1
Case 8:25-cv-02134-VBF-DSR     Document 158-1     Filed 07/20/26     Page 1 of 18   Page
ID #:10136

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

TOLL BROTHERS, INC., a Delaware Corporation;
TOLL SOUTHWEST LLC, a Delaware Limited
Liability Company and TB PROPRIETARY CORP.,
a Delaware Corporation

      Plaintiffs,

v.

JEFFREY GU, an individual;

      Defendant,

And

TOLL BROTHERS LLC, a Colorado Limited
Liability Company;
TB PROPRIETARY CORP LLC, a Colorado
Limited Liability Company; TOLL
ARCHITECTURE LLC, a Colorado Limited
Liability Company; TOLL HOLDINGS LLC, a
Colorado Limited Liability Company;
TB PROPRIETARY CORP., a Colorado
Corporation;  TOLL ARCHITECTURE, INC, a
Colorado Corporation; TOLL BROTHERS, INC, a
Colorado Corporation; and TOLL SOUTHWEST
LLC, a Wisconsin Limited Liability Company

      Nominal Defendants.

---

### VERIFIED COMPLAINT FOR DECLARATORY RELIEF
### AND PRELIMINARY INJUNCTION

---

Plaintiffs, Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp. (collectively,

"Plaintiffs" or "Toll Brothers"), by and through their attorneys, FOX ROTHSCHILD LLP, file their

Verified Complaint against Defendant Jeffrey Gu and Nominal Defendants Toll Brothers LLC, TB

Case No. 1:25-cv-02884-CYC     Document 1    filed 09/12/25    USDC Colorado    pg 2
Case 8:25-cv-02134-VBF-DSR      Document 158-1     Filed 07/20/26    Page 2 of 18   Page
ID #:10137

Proprietary Corp LLC, Toll Architecture LLC, Toll Holdings LLC, TB Proprietary Corp., Toll

Architecture, Inc, and Toll Brothers, Inc (collectively, "Defendants"), and state as follows:

### INTRODUCTION

1.      This Verified Complaint, accompanied by Plaintiffs' Motion for a Temporary

Restraining Order, concerns Defendants' continued course of conduct designed to sabotage Plaintiffs'

well-established brand and direct harassment towards Plaintiffs and related parties, which is the exact

conduct that the Lanham Act is designed to protect against.

2.      Apparently dissatisfied with his interactions with Plaintiffs following the purchase of

his home in Colorado, Defendant Jeffrey Gu engaged in a litany of harassment, retaliation and attacks

against Toll Brothers that culminated in Mr. Gu creating 7 new entities in Colorado, including "Toll

Brothers, Inc" and "TB Proprietary Corp", that all include the Toll Brothers name and are

purposefully identical, or nearly identical to entities that Toll owns and regularly operates. In fact, Mr.

Gu even created a Toll Southwest, LLC, which is the same name as the Toll Brothers entity (albeit in

a different state) from which he purchased his townhome. Mr. Gu has refused to dissolve the entities.

There is no legitimate or non-nefarious reason to create these entities except to use these as part of

his ongoing campaign against Plaintiffs, to infringe on Plaintiffs' brand, and to cause confusion with

those he deals with about his affiliation with Toll Brothers. The danger is elevated in light of his

multiple ongoing interactions with Attorney Generals, contractor's boards, and others in his efforts

to harm Toll Brothers in any way he can.

3.      Plaintiffs have recently learned that Defendant Gu is no stranger to this conduct. At

the same time as Defendant has engaged in his pattern of retaliation and infringement against Toll, he

has been engaging in similar conduct against another builder from whom he was involved in a recent

home purchase. In that dispute, he also engaged in a pattern of harassment, was apparently involved

in an attempted break-in at one of their consultants' offices, and has similarly created an infringing

Case No. 1:25-cv-02884-CYC    Document 1    filed 09/12/25    USDC Colorado    pg 3
Case 8:25-cv-02134-VBF-DSR    Document 158-1    Filed 07/20/26    Page 3 of 18    Page
ID #:10138

entity with the same name as the other homebuilder, clearly as part of his nefarious conduct towards the other homebuilder.

4.        This action is necessary to put a stop to Defendant Gu from continuing to harm Plaintiffs and their intellectual property and goodwill.

## **PARTIES**

5.        Plaintiff, Toll Brothers, Inc., is a Delaware corporation with its principal place of business located at 1140 Virginia Drive, Fort Washington, PA 19034.

6.        Plaintiff, Toll Southwest LLC ("Toll Southwest"), is a Delaware limited liability company with its principal place of business located at 1140 Virginia Drive, Fort Washington, PA 19034. Toll Southwest LLC is an affiliate of Toll Brothers that does business in the Colorado area.

7.        Plaintiff, TB Proprietary Corp. ("TB"), is a Delaware corporation with its principal place of business located at 1140 Virginia Drive, Fort Washington, PA 19034. TB is the owner of Toll Brothers' registered service marks. Notably, the primary function of Plaintiff TB (full name TB Proprietary Corp., a Delaware Corporation), is to hold title as the registered owner of Toll Brothers' intellectual property, including its trade service marks and trademarks.

8.        Defendant, Jeffrey Gu ("Gu"), who upon information and belief, is an individual currently residing in Colorado at 2332 N. Clay St, 3, Denver, CO 80211. As explained more fully below, Gu has formed numerous Colorado entities for the purpose of infringing upon Toll Brothers' federally registered trademarks and destroying Toll Brothers' brand recognition and goodwill.  This includes, without limitation, attempting to appropriate for Defendants' own use the name and identity of TB Proprietary Corp., the owner of the TOLL BROTHERS registered service mark.

9.        Nominal Defendant Toll Brothers LLC is a Colorado limited liability company, with its principal place of business located at 5131 Vivian St, Wheat Ridge, Colorado 80033. Upon

3

Case No. 1:25-cv-02884-CYC    Document 1    filed 09/12/25    USDC Colorado    pg 4
Case 8:25-cv-02134-VBF-DSR    Document 158-1    Filed 07/20/26    Page 4 of 18   Page
ID #:10139

information and belief, Defendant Gu, a Colorado resident, is the sole member of Nominal Defendant

Toll Brothers LLC.

10.     Nominal Defendant TB Proprietary Corp LLC is a Colorado limited liability company,

with its principal place of business located at 5131 Vivian St, Wheat Ridge, Colorado 80033. Upon

information and belief, Defendant Gu, a Colorado resident, is the sole member of Nominal Defendant

TB Proprietary Corp LLC.

11.     Nominal Defendant Toll Architecture LLC is a Colorado limited liability company,

with its principal place of business located at 5131 Vivian St, Wheat Ridge, Colorado 80033. Upon

information and belief, Defendant Gu, a Colorado resident, is the sole member of Nominal Defendant

Toll Architecture LLC.

12.     Nominal Defendant Toll Holdings LLC is a Colorado limited liability company, with

its principal place of business located at 5131 Vivian St, Wheat Ridge, Colorado 80033. Upon

information and belief, Defendant Gu, a Colorado resident, is the sole member of Nominal Defendant

Toll Holdings LLC.

13.     Nominal Defendant TB Proprietary Corp. is a Colorado corporation, with its principal

place of business located at 5131 Vivian St, Wheat Ridge, Colorado 80033. Upon information and

belief, Defendant Gu, a Colorado resident, is the sole shareholder of Nominal Defendant TB

Proprietary Corp.

14.     Nominal Defendant Toll Architecture, Inc is a Colorado corporation, with its principal

place of business located at 5131 Vivian St, Wheat Ridge, Colorado 80033. Upon information and

belief, Defendant Gu, a Colorado resident, is the sole shareholder of Nominal Defendant Toll

Architecture, Inc.

15.     Nominal Defendant Toll Brothers, Inc is a Colorado corporation, with its principal

place of business located at 5131 Vivian St, Wheat Ridge, Colorado 80033. Upon information and

Case No. 1:25-cv-02884-CYC    Document 1    filed 09/12/25    USDC Colorado    pg 5
Case 8:25-cv-02134-VBF-DSR    Document 158-1    Filed 07/20/26    Page 5 of 18   Page
ID #:10140

belief, Defendant Gu, a Colorado resident, is the sole shareholder of Nominal Defendant Toll Brothers, Inc.

16.     The Colorado entities listed in paragraphs 9-15 above are referred to herein as the CO Copy Entities.

17.     Nominal Defendant, Toll Southwest LLC, is a Wisconsin limited liability company, with its principal place of business located at 746 Country Club Ln, Fond Du Lac, Wisconsin, 54935. Upon information and belief, Defendant Gu, a Colorado resident, is the sole member of Nominal Defendant Toll Southwest LLC.  The Wisconsin LLC named Toll Southwest LLC shall be referred to herein as the WI Copy Entity.

## JURISDICTION AND VENUE

18.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because there is a federal question under the Lanham Act. Because this action is an actual controversy, this Court has authority to declare the rights of Plaintiffs and issue the requested declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Rule 57 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and by its general legal and equitable powers.

19.     This Court also has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiffs and Defendants are citizens of different states. There is a good faith basis to believe that damages exceed the minimum jurisdictional threshold of $75,000, exclusive of interest and costs.

20.     The Court has personal jurisdiction over Gu because, upon information and belief, he is a resident of the state of Colorado, and the registered agent for remaining defendants, with a registered agent address of 5131 Vivian St, Wheat Ridge, Colorado 80033. Gu owns numerous entities registered in Colorado that are the subject of this lawsuit, and the conduct alleged herein arises out of business transactions in Colorado.

5

Case No. 1:25-cv-02884-CYC     Document 1     filed 09/12/25     USDC Colorado     pg 6
Case 8:25-cv-02134-VBF-DSR     Document 158-1     Filed 07/20/26     Page 6 of 18   Page
ID #:10141

21.     The Court has personal jurisdiction over the CO Copy Entities because they are registered and do business in the state of Colorado, and all Defendants conduct business in Colorado.

22.     The Court also has jurisdiction over the Wisconsin Copy entity because it was formed by a Colorado resident, Defendant Gu, for the purpose of causing injury to acompany, Plaintiff Toll Southwest, LLC, that does business in Colorado, relating to a business transaction that occurred between Plaintiff Toll Southwest and Defendant Gu in the state of Colorado.

23.     Venue is appropriate in this Court pursuant to 40 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to the claims and causes of action occurred in the Denver Metro Area of Colorado, and because it is a judicial district in which any defendant resides, and all defendants are residents of the State in which the district is located.

## GENERAL ALLEGATIONS

24.     Toll Brothers, Inc. was formed in 1967 by brothers by Robert I. Toll and Bruce E. Toll. It is the leading luxury home builder in the United States.

25.     Toll Brothers is publicly traded on the New York Stock Exchange and listed among the Fortune 500. It operates in 24 states and over 60 markets. Toll Brothers has been listed among Fortune Magazine's Most Admired Companies in the World for eleven straight years. In 2024 alone, Toll Brothers received the prestigious award of National Production Builder from the Home Builders Association of Metro Denver, over a dozen Best in PA Living awards, and a Best in American Living award from the National Association of Home Builders. In 2025, Toll Brothers was honored with the notable Master Plan Community of the Year Award, six Grand Awards, and 18 Merit Awards at the annual Gold Nugget Awards, one of the home building industry's most prestigious national competitions. Toll Brothers has also been named Builder of the Year by Builder magazine and is the first two-time recipient of Builder of the Year from Professional Builder magazine. Suffice it to say, Toll Brothers has spent decades cultivating its well-earned reputation and goodwill.

6

26.     Toll Brothers, through TB, registered the mark TOLL BROTHERS as a service mark with the United States Patent and Trademark Office ("USPTO") on August 18, 1987, and renewed the registration on September 22, 2017 (Serial No. 73636618). Toll Brothers, through TB, also registered the service mark TOLL BROTHERS with the USPTO on September 12, 2023.

### Toll Brothers' Denial of Gu's Claims and Gu's Retaliation

27.     Beginning in approximately 2020, an affiliate of Toll Brothers developed a townhome community located in Wheat Ridge.

28.     On or about January 19, 2023, Gu purchased a townhome from Plaintiff Toll Southwest, a Colorado LLC and an affiliate of Toll Brothers in the Wheat Ridge community (the "Property"). Shortly thereafter, Gu submitted thirty-five warranty requests relating to the home. Toll Southwest responded to the warranty requests and made repairs as appropriate. Toll Southwest determined that certain of Gu's complaints were not covered by the applicable warranties and denied those requests. This, apparently, incensed Gu and caused him to target Plaintiffs.

29.     Gu proceeded to engage in a series of actions against Toll.  This included:

a.     Filing two prelitigation notices relating to alleged construction defects

b.     Filing a Complaint with the Pennsylvania Attorney General ("PA AG")

c.     Filing a Complaint with Colorado Attorney General ("CO AG")

d.     Filing a complaint with the Florida Board of Architecture and Interior Design (the "FL Board"), making allegations regarding Toll Brothers' licensing in Florida.  Gu has no relationship or interactions with Toll Brothers in Florida. There is no basis to make any such complaint except to harass Toll Brothers.

e.     Harassing Plaintiffs' employees, contractors, and partners.

30.     Many of these interactions included bizarre questions about corporate entities and formalities that had nothing to do with Mr. Gu or any of his complaints.  By way of example, when

7

Case No. 1:25-cv-02884-CYC    Document 1    filed 09/12/25    USDC Colorado    pg 8
Case 8:25-cv-02134-VBF-DSR    Document 158-1    Filed 07/20/26    Page 8 of 18    Page
ID #:10143

Toll Brothers sent Mr. Gu a cease-and-desist letter with respect to his harassing and infringing conduct, Mr. Gu did not respond to any of the substance of the letter and instead responded "Please let me know if Toll Brothers, Inc., a Delaware corporation, would like to discuss the Colorado registrations.". This bizarre response and obsession with irrelevant and unrelated corporate entity questions has been pervasive in his myriad outreaches to Toll employees and contractors.

31. Most concerningly, Plaintiffs learned that on July 22, 2025, Gu formed seven entities with similar names to Toll Brothers protected Service Mark, the CO Copy Entities, and registered them with the Colorado Secretary of State ("SOS"). The known entities registered are:

- Toll Brothers LLC (CO SOS ID 20251788593; formed 22 Jul 2025)
- TB Proprietary Corp LLC (CO SOS ID 20251788617 formed 22 Jul 2025)
- Toll Architecture LLC (CO SOS ID 20251788662; formed 22 Jul 2025)
- Toll Holdings LLC (CO SOS ID 20251788793; formed 22 Jul 2025)
- TB Proprietary Corp. (CO SOS ID 20251789773; formed 22 Jul 2025)
- Toll Architecture, Inc (CO SOS ID 20251789796; formed 22 Jul 2025)
- Toll Brothers, Inc (CO SOS ID 20251789813; formed 22 Jul 2025)

Gu is the registered agent for all CO Copy Entities.

32. Toll Brothers has multiple subsidiaries that named variations of "Toll Holdings."

33. Again, it is notable that "TB Proprietary Corp LLC" and "TB Proprietary Corp." are deceptively similar to the names of the true owners of the Toll Brother service mark, TB Proprietary Corp., a Delaware Corporation.

34. All of the CO Copy Entities have the same address as the Property.

35. The same day, July 22, 2025, Gu registered the Colorado entity he registered as Toll Holdings LLC as a Foreign Business Corporation with the Pennsylvania Secretary of State. It is notable that Pennsylvania is the principal place of business for Plaintiff Toll Brothers, Inc., and in which many of its related entities are domiciled or reside.

36. The same day, July 22, 2025, Gu registered the Colorado entity he registered as TB Proprietary Corp. as a Foreign Business Corporation with the Pennsylvania Secretary of State. This is

8

Case No. 1:25-cv-02884-CYC    Document 1    filed 09/12/25    USDC Colorado    pg 9
Case 8:25-cv-02134-VBF-DSR    Document 158-1    Filed 07/20/26    Page 9 of 18    Page
ID #:10144

also notable because Pennsylvania is the principal place of business for Plaintiff TB Proprietary Corp., which is the owner of the Toll Brothers registered service marks at issue in this dispute.

37.    Also on that very busy day, July 22, 2025, Gu formed the WI Copy Entity, a limited liability company named TOLL SOUTHWEST LLC, the same exact name as the Toll Brothers affiliate that sold the Property to Gu, and registered it with the Wisconsin SOS.

38.    The July 22, 2025, improper activities did not stop there. Gu filed Articles of Incorporation with the Florida Secretary of State for:

- TB PROPRIETARY CORP (FL SOS P25000042421; formed 22 Jul 2025)
- TOLL ARCHITECTURE, INC (FL SOS P25000042414; formed 22 Jul 2025)

(The "FL Copy Entities")

39.    Both of the FL Copy Entities have the same address as the Property.

40.    Both of the FL Copy Entities list Gu as the incorporator.

41.    Both of the FL Copy Entities list as the initial officer and/or directors as Gu as "P," the President.

42.    Gu formed the CO, FL, and WI Copy Entities to attempt to infringe upon Toll Brothers' trademarks, reputation, goodwill, and engage in other nefarious behavior designed to cause public confusion.

43.    As set forth above, Gu has previously filed claims relating to Toll Brothers with the PA AG, the CO AG and the FL Board. It is especially troubling that these are the precise states in which Gu formed deceptively similar entities, or improperly registered those newly formed fake entities to do business as foreign entities, in these precise three states.

44.    The exact reason or intention for use of these newly formed CO, FL, and WI Copy Entities, or foreign registration of those newly formed entities, is not entirely clear.  What is obvious

9

Case No. 1:25-cv-02884-CYC    Document 1    filed 09/12/25    USDC Colorado    pg 10
Case 8:25-cv-02134-VBF-DSR    Document 158-1    Filed 07/20/26    Page 10 of 18    Page
ID #:10145

is a clear plan to misuse Plaintiffs' protected marks and identity for improper purposes that can and will cause significant harm to Toll Brothers

<strong><u>Gu Attacks Other Companies</u></strong>

45. As it turns out, the conduct at issue in this case is not the first time Gu has attacked a home builder or its partners in this manner.

46. Plaintiffs have recently learned that Gu also was involved in the purchase of a new home in California from a company called New Home Company ("New Home"). Apparently, in a remarkably similar situation to that experienced by Plaintiffs, when he didn't get what he wanted from New Home, he filed 16 prelitigation notices, trespassed on site and took pictures, and made claims against bonds, licenses, and companies, in order to retaliate against New Home.

47. Gu also attacked New Home by setting up entities that appear to be designed to infringe on that company's marks and goodwill, much as Gu has done to Toll Brothers. For example, on August 2, 2025—oddly, after his formation of the Copy Entities—Gu formed a Colorado corporation titled "The New Home Company Inc," with himself as the sole registered agent, and the same place of business as the Copy Entities, which again, is the Property that he purchased from Toll Brothers which started this entire mess.

48. In April 2025, two complaints were filed against New Home for a single home construction claim (the "Oakstone Matter") in California. The complaints were prepared by Gu, although Di Lan Ge and Xian Feng Gu were represented in the original complaint that to be the owners of the subject property.

49. In April 2025, New Home retained Bert L. Howe and Associates ("BHA") as an expert in the Oakstone Matter.

50. In May and June 2025, Gu engaged in another attack of submitting complaints about BHA and harassing BHA's employees, contractors, and partners, all apparently because BHA had

10

Case No. 1:25-cv-02884-CYC    Document 1    filed 09/12/25    USDC Colorado    pg 11
Case 8:25-cv-02134-VBF-DSR    Document 158-1    Filed 07/20/26    Page 11 of 18    Page
ID #:10146

been hired as an opposing expert in Gu's battle with New Home. On August 2, 2025, as noted, Gu formed deceptively similar New Home copy entity.

51.     Three days later, on August 5, 2025, Yang Gu, also known as Ge Yang, who is believed to related to Defendant Gu, attempted to defeat the key fob security features which permit access to BHA's corporate headquarters in Anaheim Hills, California, in order to gain access to locked offices.

52.     Plaintiffs are informed that he was recorded on security footage and Gu was filmed wearing a heavy coat with a hoodie at all times, using one hand to secure the hoodie in place, in an attempt to obscure his true identity, even though the temperature at the time was above 90 degrees.

53.     Upon learning of Defendants' use of the Toll Brothers name, Toll Brothers, through counsel, contacted Gu on August 8, 2025, requesting that Gu inform Toll Brothers of all actions he took with the Copy Entities, that he dissolve the entities, that he discontinue using the confusingly similar Toll Brothers names or intellectual property, and to provide written assurance that the same was completed. The letter gave Gu until August 15, 2025, to respond.

54.     Gu refused to dissolve the entities..".

55.     Defendants' use of the CO, FL, and WI Copy Entities names, and foreign registration of those names that were created for the purpose of confusing consumers and sabotaging Toll Brothers' brand, and are variations of TB's registered TOLL BROTHERS service mark, will serve to confuse consumers as to the source or sponsorship of Gu's services.

56.     Upon information and belief, consumers are likely to be confused by the similarity of Defendants' name, the use of foreign entity registration, and planned use of the names of the CO and FL Copy Entities.

57.     Furthermore, consumers are likely to believe that Gu's CO, FL, and WI Copy Entities are offered by, related to, endorsed by and/or sponsored by Toll Brothers, due to its

11

Case No. 1:25-cv-02884-CYC   Document 1   filed 09/12/25   USDC Colorado   pg 12
Case 8:25-cv-02134-VBF-DSR   Document 158-1   Filed 07/20/26   Page 12 of 18   Page
ID #:10147

longtime use of the TOLL BROTHERS mark on or in connection with a variety of home building-related services.

58.     By and through the aforementioned activities, Gu is engaged in the unlawful use, attempted use, or planned use of the confusingly similar CO, FL, and WI Copy Entities names in commerce.

## COUNT I
## DECLARATORY JUDGMENT

59.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 68 as though fully set forth herein.

60.     The allegations and this claim constitute an actual case and controversy between Plaintiffs and Defendants, and the Colorado Declaratory Judgment Act, C.R.S. §§ 13-51-101 to 115, authorizes the Court to enter declaratory relief against the Defendants on this claim.

61.     Additionally, because the case and controversy arises under the Lanham Act, the Court has authority to declare the rights of Plaintiffs and issue the requested declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Rule 57 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and by its general legal and equitable powers.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT

62.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 71 as though fully set forth herein.

63.     TB is the owner of the federally registered TOLL BROTHERS service mark and is the prior user of the TOLL BROTHERS mark/name used in connection with its award-winning luxury home building business, including planning and laying out residential communities for others

12

Case No. 1:25-cv-02884-CYC   Document 1   filed 09/12/25   USDC Colorado   pg 13
Case 8:25-cv-02134-VBF-DSR   Document 158-1   Filed 07/20/26   Page 13 of 18   Page
ID #:10148

and home construction services involving modification of standard models, as well as financial services and mortgage lending, among other things.

64.    The federally registered TOLL BROTHERS service mark identifies the source of Plaintiff's home building services.

65.    Defendants have used, or are attempting to use, Toll Brothers' name and confusingly similar names, i.e. the CO, FL, and WI Copy Entities, in interstate commerce in a manner intended to infringe upon Toll Brothers' trademarks or purposefully destroy the value of those marks and the goodwill that Toll Brothers has worked tirelessly to cultivate.

66.    Among other things, by registering the CO Copy Entities as Foreign Business entities authorized to do business in the state of Pennsylvania, Defendants have created the false impression in the mind of consumers that should they have issues with Toll Brothers or its incorporated and related entities, that the proper entity for service of process is or may be TB Proprietary Corp., a Colorado Limited Liability Company, and/or Toll Holdings LLC, a Colorado Limited Liability Company, or the other CO, FL and/or WI Copy Entities.

67.    Defendants' unlawful acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

68.    Defendants' knowing and unauthorized use, attempted, or planned use of the CO, FL, and WI Copy Entities names, which are confusingly similar to Plaintiff's federally registered TOLL BROTHERS service mark, is likely to cause confusion or to cause a mistake or to deceive the purchasing public and constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1051 through 1137, specifically § 32(a) of the Lanham Act, 15 U.S.C. § 1114.

69.    As a direct consequence of Defendants' unlawful acts and conduct, Plaintiffs have suffered and will continue to suffer damage to its business, reputation and goodwill for which it is entitled to relief.

13

Case No. 1:25-cv-02884-CYC    Document 1    filed 09/12/25    USDC Colorado    pg 14
Case 8:25-cv-02134-VBF-DSR    Document 158-1    Filed 07/20/26    Page 14 of 18    Page
ID #:10149

70.     By reason of Defendants' unlawful acts and practices, Defendants have caused, are causing and, unless such acts are enjoined by the Court, will continue to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law, and for which Plaintiffs are entitled to injunctive relief.

## COUNT III
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

71.     Toll Brothers repeats and re-allege each and every allegation of paragraphs 1 through 80 as though fully set forth herein.

72.     As a result of longstanding and extensive use and wide recognition among consumers, Plaintiff's use of the mark "Toll Brothers" has become distinctive as an indication of the source of Toll Brothers branded luxury homes and building related services.

73.     Defendants have knowingly and willfully used the Toll Brothers name and names that are confusingly similar to Plaintiff's registered TOLL BROTHERS trademark, i.e. the CO, FL, and WI Copy Entities, in commerce and appears likely to increase that use in the future.

74.     Defendants' use of the Copy Entities names in connection with home building or lending-related undertakings is likely to cause confusion or to cause a mistake or to deceive as to affiliation, connection or association and constitutes false designation of origin within the meaning of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

75.     The aforesaid acts constitute federal unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

76.     As a direct consequence of Defendants' unlawful acts and practices, Plaintiffs have suffered, will continue to suffer, and/or are likely to suffer damage to their business reputation and goodwill, for which Plaintiffs are entitled to relief.

77.     By reason of Defendants' unlawful acts and practices, Defendants have caused, are causing and, unless such acts are enjoined by the Court, will continue to cause irreparable harm to

14

Case No. 1:25-cv-02884-CYC    Document 1    filed 09/12/25    USDC Colorado    pg 15
Case 8:25-cv-02134-VBF-DSR    Document 158-1    Filed 07/20/26    Page 15 of 18    Page
ID #:10150

Plaintiffs for which there is no adequate remedy at law and for which Plaintiffs are entitled to injunctive relief.

## COUNT IV
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## UNDER THE COMMON LAW OF COLORADO

78.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 87 as though fully set forth herein.

79.    Defendants' use of the Toll Brothers name in connection with its services constitutes trademark infringement and unfair competition under the common law of Colorado because Defendants have used in commerce a mark confusingly similar to Plaintiff's TOLL BROTHERS mark in connection with the sale, offering for sale, distribution, and advertising of services in a manner likely to cause confusion, mistake, and deception as to the source or origin of Defendants' services, or the affiliation, sponsorship, or other relationship between the parties.

80.    On information and belief, Defendants' conduct has been and continues to be willful, deliberate, and in bad faith, with malicious intent to trade on the goodwill associated with Plaintiffs' TOLL BROTHERS service mark.

81.    As a direct consequence of Defendants' unlawful acts and conduct, Plaintiffs have suffered and will continue to suffer damage to their business, reputation and goodwill for which Plaintiffs are entitled to relief.

## COUNT V
## MISAPPROPRIATION OF BUSINESS VALUE
## UNDER THE COMMON LAW OF COLORADO

82.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 91 as though fully set forth herein.

15

Case No. 1:25-cv-02884-CYC    Document 1    filed 09/12/25    USDC Colorado    pg 16
Case 8:25-cv-02134-VBF-DSR    Document 158-1    Filed 07/20/26    Page 16 of 18    Page
ID #:10151

83.     Defendants misappropriated Toll Brothers' expenditure of labor, skill, money, brand creation, and goodwill by creating the CO, FL, and WI Copy Entities to cause confusion and customer mistakes, and to deceive consumers into believing that the Copy Entities are affiliated, connected to, or associated with Toll Brothers' services.

84.     As a direct consequence of Defendants' unlawful acts and conduct, Plaintiffs have suffered and will continue to suffer damage to their business, reputation and goodwill for which Plaintiffs are entitled to relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp., pray for judgment:

a)  Temporarily, preliminarily and permanently enjoining and restraining Defendants and any and all persons acting in concert with them, from unlawfully using the CO, FL, and WI Copy Entities names and any mark/name that is confusingly similar to Toll Brothers in connection with any and all home building and lending services.

b)  Ordering that Defendants dissolve all the Nominal Defendant entities, including the CO Copy Entities, the FL Copy Entities, the WI Copy Entity, the Pennsylvania foreign business registrations, and any and all other entities or registrations which they have formed, filed, or in which they are affiliated that use the names "Toll Brothers," "TB" and/or "Toll," or otherwise utilize Toll Brothers intellectual property.

c)  That this Court award Plaintiffs damages adequate to compensate it for Defendants' acts of trademark infringement and unfair competition.

d)  That Plaintiffs be awarded its actual damages and lost profits in an amount to be proven at trial.

e) That Plaintiffs be required to account for any profits attributable to Defendants' infringing acts.

f) That Plaintiffs be awarded the greater of three times Defendants' profits or three times any damages sustained by Plaintiffs and prejudgment interest.

g) That punitive damages be awarded to Plaintiffs.

h) That any and all web sites, signs, advertisements, materials, publications, postings, or any other publicly available information, or materials in Defendants' possession bearing the CO, FL, or WI Copy Entities names or any confusingly similar word, term, name, symbol, device or combination thereof that is found in violation of the Lanham Act or any reproduction, counterfeit, copy or simulation thereof shall be delivered up by Defendants and destroyed.

i) That Defendants be required to pay Plaintiffs' costs of this action together with reasonable attorneys' fees and disbursements.

j) That Plaintiffs be awarded such other and further relief as the Court may deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs demand a trial by jury for all issues triable of right to a jury.

Dated September 12, 2025.

FOX ROTHSCHILD LLP

s/Henry M. Baskerville
Henry M. Baskerville, #49431
Kiana J. Rugar, #61524
1225 17th Street, Suite 2200
Denver, CO  80202
303-292-1200
hbaskerville@foxrothschild.com
krugar@foxrothschild.com
**Attorney for Plaintiffs**

Docusign Envelope ID: D63DC51E-D2G1-40F6-B005-GC40AF566FDC

## VERIFICATION

I, Matthew Care, counsel for Toll Brothers, Inc., verify under penalty of perjury under the laws of the United States of America that the factual statements in this Verified Complaint true and correct to the best of my knowledge and belief.

Executed on ___09/12/25___

Signed by:

*Matthew Care*

495CD1C00AFC47A...

Matthew Care