**Jeffrey Gu**

**jeffwgu@gmail.com**

**2332 N Clay St Apt 3**

**Denver, CO 80211**

**1-720-593-1548**

**Plaintiff Pro Se**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| Jeffrey Gu,<br>            **Plaintiff**<br>v.<br>**City of Irvine et al,**<br>            **Defendants.** | **Case No.: 8:25-cv-02134-VBF-DSR**<br><br>**RESPONSE IN OPPOSITION** |

**PLAINTIFF'S OPPOSITION TO RISEWELL HOMES INC., THE NEW**

**HOME COMPANY SOUTHERN CALIFORNIA LLC, AND TNHC**

**REALTY AND CONSTRUCTION INC.'S MOTION TO COMPEL**

**ARBITRATION**

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................................................2

    Cases.........................................................................................................2

    Statutes....................................................................................................2

I. INTRODUCTION.........................................................................................3

II. ARGUMENT...............................................................................................3

    A.  Any Purported Waiver of a Judicial Forum is Statutorily Unconscionable and Unenforceable Under the Ralph and Bane Acts.......................................3

    B.  Risewell Homes Defendants and Plaintiff are Not Signatories to the PSA and IDRA...............................................................................................5

    C.  Civil Rights Claims Arise from Matters Outside the Contract.................6

III. CONCLUSION...........................................................................................8

**CERTIFICATE OF COMPLIANCE...........................................................8**

# TABLE OF AUTHORITIES

## Cases

<u>Goldman v. KPMG, LLP</u>, 173 Cal.App.4th 209, 219 (2009) ................................. 5

## Statutes

Cal. Civ. Code § 51.7(c)(4) ........................................................................ 4

Cal. Civ. Code § 52.1(m) ........................................................................... 4

## I. INTRODUCTION

Plaintiff Jeffrey Gu respectfully submits this Opposition to the Motion to Compel Arbitration filed by Defendants RISEWELL HOMES, INC., THE NEW HOME COMPANY SOUTHERN CALIFORNIA LLC, AND TNHC REALTY AND CONSTRUCTION INC ("Risewell Homes Defendants"). See ECF No. 152 (MTCA). The motion should be denied because of two main issues: a) The Bane Act and Ralph Civil Rights Acts deem waivers of forum in certain contracts as being unenforceable and against public policy and b) two of the Defendants and Plaintiff are non-signatories to the referenced PSA and IDRA and the causes of action do not concern contractual matters.

## II. ARGUMENT

### A.  Any Purported Waiver of a Judicial Forum is Statutorily Unconscionable and Unenforceable Under the Ralph and Bane Acts

The Risewell Homes Defendants discuss *ad nauseum* how Plaintiff acted as his parents' agent at certain times but ignore the simple fact (which Plaintiff brought up in his email communications with counsel Melanie Woodfin) that the Ralph Act and, by incorporation, the Bane Act, specifically deem adhesion contracts, such as the Purchase Agreement and Escrow Instructions (PSA) and Individual Dispute

Resolution Agreement for Olivewood (IDRA) signed by Plaintiff's parents, "involuntary, unconscionable, against public policy, and unenforceable." Cal. Civ. Code § 51.7(c)(4) and Cal. Civ. Code § 52.1(m).

The PSA required the Plaintiff's parents to acknowledge receipt of the IDRA while simultaneously providing that review "does not allow Buyer to alter the terms of the Warranty/Dispute Documents or any other sales documents or delay or cancel the close of escrow." PE 236, ECF No. 130-7 at 448. This provision operates as a categorical bar on negotiation or rejection and reflects precisely the type of one-sided imposition that 51.7(c)(4) deems "involuntary, unconscionable, against public policy, and unenforceable."

Consequently, even if Risewell Homes Defendants could establish an agency relationship to bind Plaintiff to the underlying agreement, the clause itself is statutorily void as a matter of public policy. The California Legislature has made it clear that civil rights claims under the Ralph and Bane Acts cannot be forced into private arbitration through non-negotiable consumer contracts. Because the arbitration clause operates as an unlawful pre-dispute waiver of Plaintiff's statutory right to a judicial forum, it is unenforceable as a matter of law.

## B.  Risewell Homes Defendants and Plaintiff are Not Signatories to the PSA and IDRA

While Plaintiff agrees that he acted as an agent for his parents, the owners, for certain administrative matters, this cannot override the simple fact that two of the companies in the instant litigation, Risewell Homes, Inc. (and as it was before, The New Home Company, Inc.) and TNHC Realty and Construction Inc., are not signatories to the PSA and IDRA. California case law is clear, holding that non-signatories can only compel arbitration upon signatories in certain narrow circumstances:

> In any case applying equitable estoppel to compel arbitration despite the lack of an agreement to arbitrate, a nonsignatory may compel arbitration only when the claims against the nonsignatory are founded in and inextricably bound up with the obligations imposed by the agreement containing the arbitration clause. In other words, allegations of substantially interdependent and concerted misconduct by signatories and nonsignatories, standing alone, are not enough: the allegations of interdependent misconduct must be founded in or intimately connected with the obligations of the underlying agreement.

Goldman v. KPMG, LLP, 173 Cal.App.4th 209, 219 (2009).

Not only are The New Home Company, Inc and TNHC Realty and Construction Inc. non-signatories to the PSA and IDRA, they are not even referenced in the aforementioned documents. As Plaintiff clearly demonstrated in his Seconded Amended Complaint (SAC), the Risewell Homes Defendants selectively appear

and disappear the parent company, Risewell Homes, Inc., when tactically useful. See ECF No. 130, at 6. In the instant motion, appearance is useful because the parent seemingly adds legitimacy and weightiness to their arguments. In the PSA and IDRA, hiding helps remove or obscure consumer liability. Though the case law is already clear, allowing a non-signatory parent company to compel arbitration upon another non-signatory has no basis, especially when framed against Risewell Homes Defendants' selective use of entity structuring to avoid and, in this case, enforce liability.

**C.  Civil Rights Claims Arise from Matters Outside the Contract**

The Risewell Homes Defendants state that

> The conduct which forms the basis for Plaintiff's claimed violations of the Bane Act and the Ralph Act occurred in connection with his enforcement of Owners' purchase agreement and dispute resolution agreement after the date on which he became the authorized agent of Owners.

See MTCA, ECF No. 152 at 7. That characterization is inaccurate and misstates the factual basis of the FAC.

While the Risewell Homes Defendants attempt to collapse all events into a single contractual framework, the conduct at issue in this litigation did not arise from Plaintiff's role as an agent of the owners, nor from any contractual obligation.

6

Rather, the claims arise from the issuance of baseless cease-and-desist letters and false accusations of criminal conduct at their active construction sites and directed towards their employees. None of these involve enforcing the PSA/IDRA, interpreting the PSA/IDRA, or invoking any warranty or pre-closing rights. These events are entirely independent of the PSA/IDRA and, indeed, would exist even if no contract had ever existed.

Moreover, regulatory complaints to the CSLB, CDI, OSHA, FMCSA, the City of Irvine, or other agencies do not require contractual "standing." They are not derivative of a purchase agreement, and they cannot be transformed into contract disputes merely because a home was ultimately purchased. A passerby, neighbor, or member of the public could have submitted the same regulatory complaints, observed the same worksite violations, or raised the same concerns about unlicensed entities appearing on permits.

It was precisely because Plaintiff engaged in non-contractual petitioning activity—filing regulatory complaints, reporting licensing violations, and questioning municipal irregularities—that the Risewell Homes Defendants retaliated with false allegations of criminality, multiple cease-and-desist letters, and the conduct that forms the basis of this lawsuit. Those acts occurred wholly

outside any PSA or IDRA and therefore fall outside the scope of any arbitration provision contained therein.

## III. CONCLUSION

The Risewell Homes Defendants are trying to attempt to compel arbitration even though the PSA and IDRA under the Ralph Act are clearly "unconscionable, against public policy, and unenforceable." Moreover, non-signatories are trying to impose it on another non-signatory, and the causes of action in the SAC are civil rights and not contractually based. As such, the Risewell Homes Defendants' motion to compel arbitration should be DENIED.

Respectfully submitted,

_____    July 20, 2026

Jeffrey Gu, Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548

## CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Jeffrey Gu, certifies that this memorandum contains 1,078 words, which complies with the word limit of L.R. 11-6.1.

   July 20, 2026

Jeffrey Gu, Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548