THE KNEAFSEY FIRM, INC.
SEAN M. KNEAFSEY (SBN 180863)
skneafsey@kneafseyfirm.com
707 Wilshire Boulevard, Suite 3700
Los Angeles, California 90017
Phone: (213) 892-1200
Fax: (213) 892-1208

THE LAW OFFICES OF JEREMY PASTERNAK, A.P.C.
JEREMY PASTERNAK (SBN 181618)
jdp@pasternaklaw.com
MARGARET P. CROWLEY (SBN 358812)
mc@pasternaklaw.com
100 Bush Street, Suite 1580
San Francisco, California 94104
Phone: (415) 693-0300
Fax: (415) 693-0393

Attorneys for Defendant
BERT L. HOWE & ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GU, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>CITY OF IRVINE; et al.<br><br>                    Defendants. | Case No.: 8:25-CV-02134-VBF-DSR<br><br>*[Assigned for all purposes to Magistrate Daniel S. Roberts]*<br><br>**DEFENDANT BERT L. HOWE & ASSOCIATES, INC.'S MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16, ET SEQ.**<br><br>**Date:        September 1, 2026**<br>**Time:        10:00 a.m.**<br>**Dept:        Courtroom 690 – Roybal Federal Building**<br><br>[*Filed concurrently with Notice of Motion to Strike; Declaration of Sean M. Kneafsey; Declaration of Peter Barana; Declaration of Norman Aleman; and Proposed Order*]<br><br>Action Filed: October 8, 2025 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE

**TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................................... - 1 -

II.    FACTUAL BACKGROUND ..................................................................................... - 1 -

A.     BHA's Retention as an Expert Witness by the New Home Company Pertaining to Gu's Underlying Construction Defect Claims ................................................................. - 1 -

B.     Plaintiff Gu's Retaliation and Yang Gu's Attempted Break-In of the BHA Premises ... - 2 -

C.     BHA's Cease and Desist Letter to Plaintiff Gu and Yang Gu ........................................ - 3 -

D.     The Toll Brothers Colorado Action and Gu's Counter-Complaint ................................ - 4 -

E.     Plaintiff Jeffrey Gu's Second Amended Complaint ("SAC") ......................................... - 4 -

III.   DISCUSSION .......................................................................................................... - 7 -

A.     Legal Standard for Anti-Slapp Motions ........................................................................ - 7 -

B.     Anti-Slapp Prong One: Plaintiff's Complaint Arises Out of BHA's First Amendment Petition Rights ................................................................................................................ - 9 -

C.     Anti-Slapp Prong Two: Plaintiff Will Be Unable to Present Admissible Evidence Showing a Probability of Prevailing on Either Cause of Action .................................................. - 10 -

1.     BHA's Actions Are Protected by the Absolute Litigation Privilege. ....................... - 11 -

2.     In Addition to the Litigation Privilege, Plaintiff Will Be Unable to Establish a Probability of Prevailing Because the Allegations Against BHA Do Not Constitute a Violation of the Bane Act or the Ralph Act. ............................................................. - 12 -

a.     Plaintiff Cannot Prevail on His Bane Act Claim Because BHA Did not Threaten Any "Violent Act" ...................................................................................................... - 12 -

b.     Plaintiff Cannot Prevail on His Ralph Act Claim Because Plaintiff Did not Threaten a Violent Act Based on Plaintiff's Political Affiliation ............................................... - 13 -

D.     Should This Court Grant BHA's Anti-SLAPP Motion, BHA is Entitled to Recover its Attorneys' Fees and Costs ............................................................................................. - 13 -

IV.    CONCLUSION ...................................................................................................... - 14 -

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE

## TABLE OF AUTHORITIES

**Cases**

*A.F. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc.*, 137 Cal.App.4th 1118, 1126 (2006) .................................................................................................- 11 -, - 12 -

*Albertson v. Raboff*, 46 Cal.2d 375, 380–381 (1956).................................................. - 11 -

*Bailey v. Brewer*, 197 Cal.App.4th 781, 789-790 (2011).........................................- 8 -, - 10 -

*Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106 (1999) ................................... - 8 -

*Campbell v. Feld Entertainment, Inc.,* 75 F.Supp.3d 1193, 1205 (N.D. Cal. 2014).................... - 13 -

*Contemporary Services Corp. v. Staff Pro Inc.*, 152 Cal. App.4th 1043, 1055 (2007).................. - 9 -

*CoreCivic, Inc. v. Candide Group, Inc.*, 46 F.4th 1136, 1143 (9th Cir. 2022) .............................. - 7 -

*Feldman v. 1100 Park Lane*, 160 Cal.App.1467, 1485 (2008) ....................................... - 11 -

*Gilbert v. Sykes*, 147 Cal.App.4th 13, 26 (2007) ......................................................... - 11 -

*Gootee v. Lightner*, 224 Cal.App.3d 587, 589 (1990).................................................... - 12 -

*Healy v. Tuscany Hills Landscape & Recreation Corp.*, 137 Cal.App.4th 1, 5-6 (2006).............. - 9 -

*Hylton v. Frank E. Rogozienski, Inc.*, 177 Cal.App.4th 1264, 1272 (2009) ................................. - 9 -

*Julian v. Mission Community Hospital*, 11 Cal.App.5th 360, 395 (2017) ................................... - 12 -

*Kashian v. Harriman*, 98 Cal.App.4th 892, 908 (2002).................................................. - 8 -

*Kolar v. Donahue, McIntosh & Hammerton*, 145 Cal.App.4th 1532, 1537 (2006).............- 8 -, - 10 -

*Navarro v. IHOP Properties, Inc.*, 134 Cal. App. 4th 834, 841-842 (2005) ................................. - 8 -

*Neville v. Chudacoff*, 160 Cal.App.4th 1255, 1266 (2008)............................................. - 8 -

*OneLegacy v. City of Monterey Park*, 2019 WL 6729723 at *2 (C.D. Cal., Aug. 21, 2019) ........ - 7 -

*Premier Med. Mgmt. Systems, Inc. v. Cal. Ins. Guar. Ass'n*, 136 Cal.App.4th 464, 476 (2006)…….. ................................................................................................................ - 10 -

*Rusheen v. Cohen*, 37 Cal.4th 1048, 1056 (2006)........................................................ - 8 -

*Shoyoye v. County of Los Angeles*, 203 Cal.App.4th 947, 955–956 (2012) ................................. - 12 -

*Siam v. Kizilbash*, 130 Cal.App.4th 1563, 1570 (2005)................................................ - 10 -

*Silberg v. Anderson*, 40 Cal.3d 205, 213 (1990) ........................................................ - 11 -

*Summerfield v. Randolph*, 201 Cal.App.4th 127, 135-136 (2011)................................... - 9 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE

*Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.*,122 Cal.App.4th 1049, 1058 (2004)... ............................................................................................................................. - 11 -

*Takhar v. People ex rel. Father River Air Quality Management,* 27 Cal.App.5th 15, 28 (2018)……. .................................................................................................................................. - 8 -

*Wong v. Tai Jing,* 189 Cal.App.4th 1354, 1368 (2010) ............................................................. - 11 -

**Statutes**

Cal. Civ. Code § 47(b) ............................................................................................................. - 11 -

Cal. Civ. Code § 52.1 ................................................................................................................. - 1 -

Cal. Civ. Code § 52.7 ................................................................................................................. - 1 -

Cal. Civ. Code § 910 .................................................................................................................. - 2 -

Cal. Code Civ. Proc. § 425.16(b) ............................................................................................. - 13 -

Cal. Code Civ. Proc. § 425.16(b)(1) .......................................................................................... - 7 -

Cal. Code Civ. Proc. § 425.16(b)(2) ........................................................................................ - 11 -

Cal. Code Civ. Proc. § 425.16(c) ............................................................................................. - 13 -

Cal. Code Civ. Proc. § 425.16(e) ....................................................................................- 8 -, - 10 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE

## I. INTRODUCTION

Defendant Bert L. Howe and Associates, Inc. ("Defendant" or "BHA) brings this Special Motion to Strike Plaintiff Jeffrey Gu's ("Plaintiff or "Gu") Second Amended Complaint ("SAC") pursuant to California's anti-SLAPP statute, California Code of Civil Procedure section 425.16, et seq..

Plaintiff's SAC alleges two causes of action against BHA: [1] the Fifth Cause of Action against BHA for violation of California's Bane Act (Cal. Civil Code § 52.1), and [2] the Seventh Cause of Action against BHA for violation of California's Ralph Act (Cal Civil Code § 52.7). *See infra* part II.E.

Plaintiff claims that BHA violated both the Bane Act and the Ralph Act by sending a cease and desist letter and by participating in Colorado Action initiated by Defendant Toll Brothers. *See infra* part II.E.

Each of these alleged acts arise from BHA's right to petition and are therefore subject to California's anti-SLAPP statute. *See infra* part III.A-B. Plaintiff will be unable to present admissible evidence supporting his claims because both his Bane Act and Ralph Act claims are barred by the litigation privilege. *See infra* part III.C.1. Further, in addition to the litigation privilege, Plaintiff cannot establish a Bane Act claim because BHA did not threaten any "violent act." *See infra* part III.C.2.a. Likewise, Plaintiff cannot establish a Ralph Act claim because BHA did not threaten any violent act based on "Plaintiff's political affiliation." *See infra* part III.C.2.b.

## II. FACTUAL BACKGROUND

### A. BHA's Retention as an Expert Witness by the New Home Company Pertaining to Gu's Underlying Construction Defect Claims

Defendant BHA is a full-service construction claims and litigation support firm focused on construction defect claims, construction expert witness testimony, general construction investigation, and dispute resolution. (Barana Decl., ¶ 2).

On April 2 and 3, 2025, Plaintiff Jeffrey Gu ("Plaintiff" or "Gu") sent a California Civil Code section 910 "Notice of Claim" to Defendant The New Home Company, Inc. ("New Home"),

- 1 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE

on behalf of two homeowners.[1] (Ex. 1; Ex. 2; Barana Decl., ¶ 3). Civil Code section 910 is a pre-filing requirement in residential construction defects actions.[2]

New Home retained the law firm of Plante Huguenin Lebovic Kahan LLP (the "Plante Firm") to defend the claim. The Plante Firm retained Defendant Bert L. Howe and Associates (hereinafter "Defendant" or "BHA") as a construction expert to assist with the defense of Plaintiff's claim against New Home. (Barana Decl., ¶ 3).

On April 22, 2025, BHA representatives conducted a visual inspection of the property. Both Jeffrey Gu and his brother, Yang Gu, were present at the inspection. (Barana Decl., ¶ 4; *see also* Dkt. 130 at ¶ 553; Ex. 7 at pp. 553).

**B.    Plaintiff Gu's Retaliation and Yang Gu's Attempted Break-In of the BHA Premises**

In retaliation for BHA's participation in defending the construction claim, Gu submitted complaints about BHA to the California State Contractors License Board and the California Board of Professional Engineers. (Barana Decl., ¶ 5; *see also* Ex. 6 at ¶ 376). The complaints lacked any merit and were not acted upon. (Barana Decl., ¶ 5).

On August 5, 2025, a person wearing shorts and a hoodie tried to use a key fob to unlock the front door to BHA's premises. The incident was captured on BHA's security footage. BHA determined it was an attempted break-in and filed a police report with the Anaheim Police Department. (Ex. 3; Aleman Decl., ¶¶ 2-3; Barana Decl., ¶ 6). The police report is attached as Exhibit 3. The report states:

> At 2:58PM a person wearing shorts and a hoodie tried to use a key fob to unlock our private business door. Our cameras show that the person parked far away so that we couldn't get the license plate of the vehicle.

---

[1] Gu is not a licensed attorney and appears to have been engaged in the unauthorized practice of law.

[2] "Prior to filing an action against any party alleged to have contributed to a violation of the standards set forth in Chapter 2 (commencing with Section 896), the claimant shall initiate the following prelitigation procedures: (a) The claimant or his or her legal representative shal provide written notice . . . of the claimant's claim that the construction of his or her residence violates any of the standards of Chapter 2 . . . ." (Cal. Civ. Code § 910).

- 2 -

Once he couldn't open the door, he walked away wearing the hoodie, got

in his car and left. We do have video of the incident.

(Ex. 3; Aleman Decl., ¶¶ 2-3; Barana Decl., ¶ 6).

BHA conducted an internal investigation in an attempt to identify the suspect. BHA representatives that were present at the April 22 inspection (at which Plaintiff's brother Yang Gu was also present) reviewed the security footage and identified the individual that attempted the break-in as Yang Gu.[3] (Barana Decl., ¶ 7).

### C.     BHA's Cease and Desist Letter to Plaintiff Gu and Yang Gu

Alarmed that Yang Gu would attempt to break into BHA's offices, and based on Plaintiff Jeffrey Gu's prior conduct, BHA retained outside counsel, Fisher & Phillips LLP. On August 11, 2025, Fisher Phillips sent a cease and desist letter (the "Cease and Desist Letter") to Plaintiff Jeffrey Gu and his brother Yang Gu demanding that the two immediately stop attempting to enter BHA's facilities and to cease contacting BHA. (Barana Decl., ¶ 8; Ex. 4; *see also* Dkt. 130-7 at Ex. 221; *see also* Dkt. 130 at ¶¶ 693-696; Ex. 7 at ¶¶ 693-696). The cease and desist letter is attached as Exhibit 221 to Plaintiff's SAC and also attached as Exhibit 4 here. (Ex. 4; *see also* Dkt. 130-7 at Ex. 221). The cease and desist letter states:

> [I]n the interest of avoiding swift litigation, we demand that you **immediately cease and desist** all attempts to enter BHA's facilities and contact of any nature with any Company employee, officer, director, or representative. In the event you make, or attempt to make, any further contact with any Company employee, officer, director, or representative, the Company, and/or these representatives individually, may pursue all available civil and criminal remedies against you to prohibit further contact.

---

[3] Barana's prior declaration in support of BHA's first anti-SLAPP motion did not distinguish between Plaintiff Jeffrey Gu and his brother Yang Gu and the declaration stated that Jeffrey Gu was the subject of the August 5, 2025, attempted break-in. As set forth in Exhibit 4, and as set forth above, it was Yang Gu, not Jeffrey Gu, that BHA determined was the individual on the security camera footage. (Barana Decl., ¶ 9).

- 3 -

* * *

Should the Company have reason to believe at any point its rights and/or

obligations have been violated, t*he Company will not hesitate to take*

*immediate legal action against you and pursue all available civil and*

*criminal relief to which it may be entitled. Importantly, if any such further*

*action is required, the Company will seek to recover all damages, costs,*

*and attorneys' fees incurred in pursuing such relief against you.*

(Ex. 4; *see also* Dkt. 130-7 at Ex. 221, pp. 203-205) (emphasis added)).

### D.    The Toll Brothers Colorado Action and Gu's Counter-Complaint

On September 12, 2025, Gu was sued by Toll Brothers, Inc. (hereinafter "Toll Brothers") in federal court in Colorado for trademark infringement (the "Colorado Action"). (Kneafsey Decl., ¶ 2; Ex. 5). According to the Toll Brothers' Complaint, Gu was angry with Toll Brothers for failing to make warranty repairs to a home that Gu had purchased from Toll Brothers. (Ex. 5, ¶ 28). In retaliation, Gu formed seven entities and named them variations of the Toll Brothers' entities' names in violation of Toll Brothers' trademark rights. (Ex. 5, ¶ 28).

Gu then filed a rambling 108 page counter-claim in the Colorado Action naming BHA and 12 others as counter-defendants. (Ex. 6 at pp. 15-16[4]). Plaintiff asserted civil conspiracy and abuse of process causes of action against BHA claiming that the Company conspired with Toll Brothers to file the Colorado Action. (Ex. 6 at pp. 75-81, 89-90).

### E.    Plaintiff Jeffrey Gu's Second Amended Complaint ("SAC")

On September 19, 2025, seven days after being sued by Toll Brothers in the Colorado Action, Gu filed his initial Complaint in this action. (Dkt. 1). On October 8, 2025, Gu filed a First Amended Complaint ("FAC"). (Dkt. 11).

On June 15, 2026, Gu filed the Second Amended Complaint ("SAC") which is the subject of this motion. The SAC alleges the following two causes of action against BHA: [1] the Fifth Cause of Action for violation of California's Bane Act (Cal. Civil Code § 52.1) and [2] the

---

[4] BHA's citations are to the page numbers in the Colorado Counter-Complaint. BHA only includes excerpts of the Colorado Counter-Complaint due to its length.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE

Seventh Cause of Action for Violation of California's Ralph Act (Cal. Civil Code § 52.7). (Dkt. 130 at pp. 166-172, 177-179; Ex. 7 at pp. 166-172, 177-179).[5]

Gu alleges BHA violated the Bane Act by sending the Cease and Desist Letter and allegedly assisting Toll Brothers with the Colorado Action. Gu's Fifth Cause of Action for violation of the Bane Act alleges:

> Beginning in May 2025, Defendants issued or orchestrated false and retaliatory accusations, including claims of trespass and harassment, resulting in at least eight *cease-and-desist letters* between May 27, 2025 and March 12, 2026. (See ¶¶ 203, 563-591, 596, 681, **693,**[6] 703, 706, 868.) These letters were calculated to, and did, interfere with Plaintiff's lawful rights . . . .

> Defendants' conduct was undertaken with the specific intent to chill and deter Plaintiff's oversight and advocacy. *The escalating tone of official correspondence, the invocation of police authority, abuse of the judicial process*, and the refusal to engage in good-faith dialogue together demonstrate a concerted campaign of coercion and intimidation designed to silence Plaintiff's protected activity. (See ¶¶ 491, 645, 681, **693-696**.)

> In a direct extension of that campaign, Toll Brothers initiated a federal lawsuit against Plaintiff in Colorado, incorporating into its initial pleading details from Plaintiff's California-based regulatory complaints against NHC and *Bert L. Howe & Associates, Inc.* (See ¶¶ 491, **693-696**). . . . *Such litigation-based intimidation constitutes "threats, intimidation, or coercion" within the meaning of § 52.1. . . .*

---

[5] BHA has attached excerpts of the SAC as Exhibit 7 due to its length. For consistency, BHA cited to the page numbers of the SAC.

[6] Paragraph 693 of the SAC is the paragraph that pertains to the BHA Cease and Desist Letter. (*See* Dkt. 130 at ¶ 693; Ex. 7 at ¶ 693

- 5 -

*Defendants and their allies chose to weaponize legal process* and official authority to punish speech and advocacy. The coordination between municipal actors and private builder interests underscores the coercive nexus prohibited by the Bane Act . . .

\* \* \*

*At the same time, BHA in both the Colorado and California litigation, advanced shifting factual allegations* regarding an alleged trespass, initially attributing the conduct to Plaintiff's brother before later asserting that Plaintiff himself was responsible for the same incident. (See ¶¶ 872-878.) These inconsistencies, *when viewed alongside repeated threats of legal action* and escalating accusations, support a reasonable inference t*hat Defendants employed litigation* and related accusations not to redress genuine harm, but *as part of a coordinated effort to intimidate and silence Plaintiff's ongoing investigative and petitioning activity.*

(Ex. 7 at pp. 166-172; Dkt. 130, pp.166-172) (emphasis added).

Gu's Seventh Cause of Action for violations of the Ralph Act alleges that BHA violated the Ralph Act by sending the Cease and Desist Letter. The Seventh Cause of Action alleges:

Beginning in May 2025, the aforementioned Defendants issued or orchestrated false and retaliatory accusations, including claims of trespass and harassment, resulting in at least eight *cease-and-desist letters* between May 27, 2025 and March 12, 2026 that threatened or admitted use of law enforcement action based on false allegations of unlawful or threatening activity committed by Plaintiff. (See ¶¶ 563-591, 596, 681, **693,**[7] 703, 706, 868.) These letters were calculated to, and did, interfere with Plaintiff's lawful rights to: (a) Document construction conditions; (b) Document entity irregularities; (c) Request contractor information from public agencies; (d)

---

[7] *See, supra,* note 6.

- 6 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE

> Report violations to the California CSLB and other regulators; and (e)
>
> Petition government officials for redress of grievances . . . .

(Ex. 7, pp. 177-179; Dkt. 130 at pp. 177-179) (emphasis added).

## III.   DISCUSSION

### A.   Legal Standard for Anti-Slapp Motions

A defendant may bring an anti-SLAPP motion as to any cause of action arising from the right of petition or free speech under the United States or California constitutions. Cal. Code Civ. Proc. § 425.16(b)(1). The Ninth Circuit has held that anti-SLAPP motions are substantive in nature and therefore can be heard in federal court in connection with a California state law claim. *See CoreCivic, Inc. v. Candide Group, Inc.*, 46 F.4th 1136, 1143 (9th Cir. 2022) (holding that the District Court may assess the merits of a case under California's anti-SLAPP statute); *See also OneLegacy v. City of Monterey Park*, 2019 WL 6729723 at *2 (C.D. Cal., Aug. 21, 2019) ("defendants can bring anti-SLAPP motions for California state law claims asserted under either diversity jurisdiction or supplemental jurisdiction.").

California's anti-SLAPP statute sets forth a two-prong burden shifting test: (1) the defendant first must make a prima facie case that the challenged claim arises from the right of petition or free speech, and, (2) the burden then shifts to the plaintiff to establish a "probability" that he or she will prevail. *Id*.

California Code of Civil Procedure § 425.16(e) explains the first prong of an Anti-SLAPP analysis:

> As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: **(1) any written or oral statement or writing made before a** legislative, executive, or **judicial proceeding**, or any other official proceeding authorized by law, (2) **any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body** . . .

- 7 -

Cal. Code Civ. Proc. § 425.16(e) (emphasis added.)

The anti-SLAPP statute applies to cases brought based on underlying litigation. *See Rusheen v. Cohen*, 37 Cal.4th 1048, 1056 (2006) ("'Any act' includes communicative conduct such as the filing, funding, and prosecution of a civil action."). *See also Navarro v. IHOP Properties, Inc.*, 134 Cal. App. 4th 834, 841-842 (2005) (section 425.16 applied to claims "concerning allegedly fraudulent statements within the context of negotiating the stipulated judgment.").

The application is far broader than simply the filing of suit, and courts have adopted a "fairly expansive view of what constitutes litigation-related activities within section 425.16." *Kashian v. Harriman*, 98 Cal.App.4th 892, 908 (2002). In fact, the "protection for petitioning activities applies not only to the filing of lawsuits but extends to conduct that related to such litigation **including statements made in connection with or in preparation of litigation**." *Kolar v. Donahue, McIntosh & Hammerton*, 145 Cal.App.4th 1532, 1537 (2006) (emphasis added); *Neville v. Chudacoff*, 160 Cal.App.4th 1255, 1266 (2008) (a communication is "in connection with" litigation when it "relates to the substantive issues in the litigation and is directed to persons having some interest in the litigation."); *see also Takhar v. People ex rel. Father River Air Quality Management,* 27 Cal.App.5th 15, 28 (2018) (holding that the investigation of alleged violations of air pollution control laws and issuance of notice of a violation are considered "litigation activities" within section 425.16).

For example, cease-and-desist letters qualify as petition activity when "sent in anticipation of litigation contemplated in good faith and under serious condition." *See generally Bailey v. Brewer*, 197 Cal.App.4th 781, 789-790 (2011).

Additionally, the anti-SLAPP statute not only protects litigants, but also their representatives and other parties involved in the action. *See Rusheen v. Cohen*, 37 Cal.4th 1048, 1056 (2006) (section 425.16 applies to "qualifying acts committed by attorneys in representing clients in litigation."); *see also Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106 (1999) ("Contrary to plaintiffs' implied suggestion, the statute does not require that a defendant

- 8 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE

moving to strike under section 425.16 demonstrate that its protected statements or writings were made on its own behalf (rather than, for example, on behalf of its clients or the general public).").

The anti-SLAPP statute even covers communications to third parties. *Contemporary Services Corp. v. Staff Pro Inc.*, 152 Cal. App.4th 1043, 1055 (2007) (an e-mail sent to third-party customers accusing a competitor of litigation-related misconduct deemed protected petitioning activity); *Healy v. Tuscany Hills Landscape & Recreation Corp.*, 137 Cal.App.4th 1, 5-6 (2006) (a letter sent by a homeowners association to non-party association members regarding pending-litigation constituted protected petitioning activity); *Summerfield v. Randolph*, 201 Cal.App.4th 127, 135-136 (2011) (holding that third-party affidavits submitted to a court in Zimbabwe, Africa were protected under the Anti-SLAPP statute).

When evaluating whether conduct "arises" out of protected conduct or speech, the court disregards the labeling of the claim and examines its "principal thrust or gravamen." *Hylton v. Frank E. Rogozienski, Inc.*, 177 Cal.App.4th 1264, 1272 (2009). The *Hylton* Court explained:

> Our Supreme Court has recognized **the anti-SLAPP statute should be broadly construed** and that a plaintiff cannot avoid operation of the anti-SLAPP statute by attempting, through artifices of pleading, to characterize an action as a garden variety tort or contract claim when in fact the claim is predicated on protected speech or petitioning activity. Accordingly, **we disregard the labeling of the claim and instead examine the principal thrust or gravamen of a plaintiff's cause of action** to determine whether the anti-SLAPP statute applies and whether the trial court correctly ruled on the anti-SLAPP motion. We assess the principal thrust by identifying the allegedly wrongful and injury-producing conduct that provides the foundation for the claim.

*Id.* at 1271-1272 (internal quotations, citations, ellipses and brackets omitted) (emphasis added).

### B.   <u>Anti-Slapp Prong One</u>: Plaintiff's Complaint Arises Out of BHA's First Amendment Petition Rights

Gu's SAC alleges two causes of action against BHA – the Fifth Cause of Action for

- 9 -

violation of Bane Act pursuant to California Civil Code section 52.1, and the Seventh Cause of Action for violation of the Ralph Act pursuant to California Civil Code section 57.1. *See supra* part II.E.

Plaintiff alleges that BHA violated the Bane Act and the Ralph Act by sending the Cease and Desist Letter and by allegedly assisting Toll Brothers with the Colorado Action. *See supra* part II.F.

BHA's Cease and Desist Letter was a pre-litigation statement "in furtherance of a person's right of petition." Cal. Code of Civil Proc. § 425.16(e). The Cease and Desist Letter specifically contemplated litigation. (Ex. 4 at p. 2 ("in the interest of avoiding swift litigation, we demand that you immediately cease and desist"); *see also* Ex. 4 at p. 3 ("the Company will not hesitate to take immediate legal action against you and pursue all available civil and criminal relief to which it may be entitled. Importantly, if any such further action is required, the Company will seek to recover all damages, costs, and attorneys' fees incurred in pursuing such relief against you.").

As set forth above, "statements made in connection with or in preparation of litigation" are protected by the anti-SLAPP statute. *Kolar*, 45 Cal.App.4th at 1537; *Bailey,* 197 Cal.App.4th at 789-790; *see supra* part III.A.

Similarly, BHA's alleged participation in the Colorado Action is also protected petitioning activity. *See supra* part III.A. Plaintiff explicitly brought the Bane Act and Ralph Act claims based on BHA's alleged participation in the Colorado Action. *See supra* part II.E.

Based on the foregoing, prong one of the anti-SLAPP statute has been met.

**C.**      <u>**Anti-Slapp Prong Two:** **Plaintiff Will Be Unable to Present Admissible Evidence Showing a Probability of Prevailing on Either Cause of Action**</u>

The plaintiff's burden in the second prong "is subject to a standard similar to that used in deciding a motion for nonsuit, directed verdict, or summary judgment." *Siam v. Kizilbash*, 130 Cal.App.4th 1563, 1570 (2005). It requires the plaintiff to show that "the complaint is both legally sufficient and supported by sufficient prima facie evidence to sustain a favorable judgment." *Premier Med. Mgmt. Systems, Inc. v. Cal. Ins. Guar. Ass'n*, 136 Cal.App.4th 464, 476 (2006).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE

The court, in making its determination, shall consider "the pleadings and supporting and opposing affidavits stating the facts on which liability or defense is based." Cal. Code Civ. Proc. § 425.16(b)(2). "The plaintiff may not rely on the allegations in the complaint or assertions in a declaration based on information and belief." *Wong v. Tai Jing,* 189 Cal.App.4th 1354, 1368 (2010). Affidavits or declarations not based on personal knowledge, or that contain hearsay or impermissible opinions, or that are argumentative, speculative, or conclusory, are insufficient to show a "probability" that the plaintiff will prevail. *Gilbert v. Sykes*, 147 Cal.App.4th 13, 26 (2007).

### 1.    BHA's Actions Are Protected by the Absolute Litigation Privilege.

Plaintiff cannot establish a probability of prevailing because BHA's underlying actions are protected by the absolute litigation privilege. The litigation privilege is a substantive defense to the second prong of the anti-SLAPP analysis. *Feldman v. 1100 Park Lane*, 160 Cal.App.1467, 1485 (2008). Under California Civil Code section 47(b), "a privileged publication or broadcast is one made: . . . (b) In any . . . judicial proceeding . . ." Cal. Civil Code § 47(b).

In *Silberg v. Anderson*, 40 Cal.3d 205, 213 (1990), the California Supreme Court explained that the rationale behind the absolute litigation privilege is "to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Id.* The litigation privilege is interpreted broadly to curtail these derivative lawsuits. *Id*.

Further, the litigation privilege applies to "**any communication** (1) made in judicial or quasi-judicial proceedings; (2) by litigants **or other participants** authorized by law; (3) to achieve the objects of the litigation; and (4) **that have some connection or logical relation to the action**." *A.F. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc.*, 137 Cal.App.4th 1118, 1126 (2006) (quoting *Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.*,122 Cal.App.4th 1049, 1058 (2004) (emphasis added). The privilege extends to "any publication ... that is required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is invoked." *Id*. (quoting *Albertson v. Raboff*, 46 Cal.2d 375, 380–381 (1956).)

- 11 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE

The privilege is also a "complete defense" when actions are filed against previously retained experts. *See generally Gootee v. Lightner*, 224 Cal.App.3d 587, 589 (1990) (holding that the litigation privilege was a complete defense where a party filed a tort action against a previously jointly retained expert.).

Here, BHA's Cease and Desist Letter is protected by the litigation privilege as it is a prelitigation communication that specifically threatens litigation. (Ex. 4). Likewise, BHA's alleged participation in the Colorado Action has "some connection or logical relation to the action." *A.F. Brown Electrical Contractor, Inc.*, 137 Cal.App.4th at 1126.

As a result, BHA's alleged conduct is absolutely privileged and Plaintiff cannot prevail on its Bane Act or Ralph Act claims.

**2.      In Addition to the Litigation Privilege, Plaintiff Will Be Unable to Establish a Probability of Prevailing Because the Allegations Against BHA Do Not Constitute a Violation of the Bane Act or the Ralph Act.**

In addition to being barred by the litigation privilege, Plaintiff will be unable to present admissible evidence that BHA violated the Bane Act or the Ralph Act.

**a.      Plaintiff Cannot Prevail on His Bane Act Claim Because BHA Did not Threaten Any "Violent Act"**

"The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *Shoyoye v. County of Los Angeles*, 203 Cal.App.4th 947, 955–956 (2012). The Bane Act was codified to address "only egregious interferences with constitutional rights, not just any tort. The act of interference with a constitutional right must itself be deliberate or spiteful." *Id.* at 959.

To prevail on a cause of action under the Bane Act, "[t]he plaintiff must show the defendant interfered with or attempted to interfere with the plaintiff's legal right **by threatening or committing violent acts.**" *Julian v. Mission Community Hospital*, 11 Cal.App.5th 360, 395 (2017) (emphasis added). "Speech is insufficient to establish the requisite threat unless it includes threat of violence." *Id.*

- 12 -

Plaintiff's claim that BHA sent the Cease and Desist Letter and assisted the Toll Brothers with the Colorado Action is not a "violent act" that gives rise to a Bane Act claim.

> **b.      Plaintiff Cannot Prevail on His Ralph Act Claim Because Plaintiff Did not Threaten a Violent Act Based on Plaintiff's Political Affiliation**

To prevail on a Ralph Act claim, a plaintiff must prove the following:

> (1) Defendants committed or threatened violent acts against Plaintiffs; (2) Defendants were motivated by their perception of **Plaintiffs' political affiliation**; (3) Plaintiffs were harmed; and (4) Defendants' conduct was a substantial factor in causing Plaintiffs harm.

*Campbell v. Feld Entertainment, Inc.,* 75 F.Supp.3d 1193, 1205 (N.D. Cal. 2014).

Here, Plaintiff alleges BHA violated the Ralph Act by the sending of the Cease and Desist Letter. *See supra* part II.E.  Plaintiff's SAC also alleges that "Defendants' conduct was undertaken because of Plaintiff's political affiliation—specifically his role as an advocate for government oversight, his political grievances regarding municipal corruption, and his protected investigations of construction activity and entities."  (Dkt. 130 at p. 178; Ex. 7 at p. 178). Plaintiff will be unable to present any admissible evidence to support this claim.  BHA's Cease and Desist Letter and the related factual background in no way implicated "Plaintiff's political affiliation." (Ex. 4).

As a result, Plaintiff will be unable to prevail on his Ralph Act claim.

> **D.      Should This Court Grant BHA's Anti-SLAPP Motion, BHA is Entitled to Recover its Attorneys' Fees and Costs.**

In any action subject to California Code of Civil Procedure § 425.16(b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorneys' fees and costs. *See* California Code of Civil Procedure § 425.16(c). If the Court so orders, BHA will file a subsequent motion for attorneys' fees requesting all fees expended in the preparation, filing and appearance on the hearing of this Motion.

- 13 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE

IV.    CONCLUSION

Based on the foregoing, BHA respectfully requests that the Anti-SLAPP Motion be granted.

DATED: July 21, 2026                    THE KNEAFSEY FIRM, INC.

*Sean M. Kneafsey*

By _____
    SEAN M. KNEAFSEY
    Attorney for Defendant
    BERT L. HOWE & ASSOCIATES, INC.

- 14 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE