Jeffrey Gu
jeffwgu@gmail.com
2332 N Clay St Apt 3
Denver, CO 80211
1-720-593-1548
Plaintiff Pro Se

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffrey Gu, | Case No.: 8:25-cv-02134-VBF-DSR |
| Plaintiff, | SECOND AMENDED COMPLAINT |
| vs. | |
| City of Irvine et al, | |
| Defendants. | |

# SECOND AMENDED COMPLAINT

# FOR VIOLATIONS OF CIVIL RIGHTS

# JURY TRIAL DEMANDED

(First Amendment Retaliation, Fourth Amendment Unreasonable Seizure,

Fourteenth Amendment Due Process, and Related State Law Claims)

Table of Contents

1

**EXHIBIT 7 - PAGE 68**

I. INTRODUCTION

  Preview of Exhibits

II. JURISDICTION

III. PARTIES

IV. FACTUAL ALLEGATIONS

  A. Toll Brothers Pre-purchase

  B. Toll Brothers Agreement of Sale

  C. Toll Brothers Construction

  D. Toll Brothers Closing

  E. Toll Brothers Post-closing

  F. City of Wheat Ridge

  G. Toll Brothers History

  H. Toll Brothers Licenses

  I. Toll Brothers Insurance

  J. Marsh

  K. Toll Brothers Consumers

  L. Other Toll Court Cases

  N. Toll Brothers SEC Disclosures

  O. Toll Brothers Statements of Authority

  P. Tenure at Toll Brothers

  Q. A Tale of Two Kens

  R. Employee Evasiveness

  S. TB Annual Reports

  T. The New Home Company History

  U. John Laing Homes Company History

  V. The New Home Company Disclosures

  W. A Tale of Two Builders

  X. TNHC Pre-purchase

  Y. TNHC Purchase Agreement

  Z. TNHC Closing

  AA. Post-Closing

  BB. TNHC SB800

  CC. TNHC Post-SB800

**EXHIBIT 7 - PAGE 69**

DD. Irvine Interactions

EE. Irvine Responses

FF. Irvine Building & Safety Department

GG. Irvine's History with Freedom of Speech

HH. Irvine Police Report

II. Irvine's Record Retention

JJ. Risewell's Unmarked Vehicles

KK. Toll Brothers Entities' Litigation Conduct

LL. BHA's Litigation Conduct

MM. California Police Standards

V. CAUSES OF ACTION

COUNT 1: DECLARATORY JUDGEMENT (Cal. Bus. & Prof. Code § 7031(b) / 28 U.S.C. § 2201)

Real Parties in Interest (Fed. R. Civ. P. 19)

COUNT 2: VIOLATION OF 42 U.S.C. § 1983 — FOURTH AMENDMENT (UNREASONABLE SEIZURE / DETENTION)

Constructive Seizure via Show of Authority

COI Employee False Statements

Qualified-Immunity Not Applicable

Municipal Liability

Joint and Several Liability

COUNT 3: VIOLATION OF 42 U.S.C. § 1983 – FIRST AMENDMENT (FREEDOM TO PETITION THE GOVERNMENT)

COI Employee Statements and First Amendment Retaliation

Pattern and Practice of Retaliation Against Speech

Municipal Liability

COUNT 4: VIOLATION OF 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT (PROCEDURAL DUE PROCESS)

Initiation and Escalation of Police Involvement Without Notice or Process

Imposition of Gag and Safety Directive Without Due Process

Systematic Refusal to Explain or Process Plaintiff's Grievances

Violation CPRA Compliance Requirements

Municipal Liability

**EXHIBIT 7 - PAGE 70**

COUNT 5: VIOLATIONS OF THE BANE ACT (Cal. Civ. Code § 52.1)

   Building Investigation Retaliation

   The July 30, 2025, Police Intervention as Coercion

   Clandestine Intelligence Referral and Extrajudicial Monitoring

COUNT 6: 42 U.S.C. § 1983 — DENIAL OF ACCESS TO COURTS

   Litigation Falsehoods

   Intentional Concealment of Material Evidence via CPRA Obstruction

   Preservation of Information

COUNT 7: VIOLATIONS OF THE RALPH CIVIL RIGHTS ACT OF 1976 (Cal. Civ. Code § 51.7)

VI. PRAYER FOR RELIEF

   1. Declaratory Relief

   2. Injunctive Relief

   3. Compensatory Damages

   4. Statutory Damages

   5. Punitive Damages

   6. Attorneys' Fees and Costs

VII. DEMAND FOR JURY TRIAL

Exhibits

## I. INTRODUCTION

This Second Amended Complaint adds additional defendants and factual allegations, alters some claims, and adds the Ralph Civil Rights Act of 1976 as a cause of action relative to the First Amended Complaint ("FAC"). (ECF No. 11)

This action is not about a single rogue builder or isolated dispute. It concerns a coordinated system among national homebuilders, their counsel, and municipal

**EXHIBIT 7 - PAGE 71**

actors designed to conceal responsibility, evade regulation, and retaliate against those who expose inconvenient truths.

Plaintiff initially brought this suit after the City of Irvine ("**COI**") and Risewell Homes Inc. ("**TNHC**") took steps to suppress his protected activities and intimidate him from pursuing valid regulatory complaints. (See ¶¶ 571, 596, 645, 681, 684, 703, 706.) That retaliation did not end with **COI** and **TNHC**. On September 12, 2025, **Toll Brothers, Inc.**—a builder with a corporate structure equally opaque and evasive as **TNHC's**—filed a federal lawsuit against Plaintiff in Colorado. (See ¶¶ 482-491.) This action mirrored **TNHC's** tactics, specifically incorporating its positions and weaponizing the same pattern of concealment and coercion.

The parallels between **TNHC** and **Toll Brothers** are not coincidental. Both rely on layered shell entities to obscure ownership and liability; both exploit state-level defect statutes—California's SB 800 and Colorado's CDARA—as shields against accountability while ignoring their consumer-protection purposes. Both have elevated inexperienced attorneys into General Counsel roles soon after their IPOs to manage exposure rather than ensure compliance. Both have misled not only consumers but investors, through public filings and marketing materials that obscure who actually builds, warrants, and insures their homes. (See ¶¶ 482-491.)

5

**EXHIBIT 7 - PAGE 72**

For consumers, the result is predictable and devastating. Homeowners—particularly second or third purchasers who remain protected under statutory warranty law—discover that when a defect arises, they are left pursuing claims against a hollow shell: an inactive entity with no employees, no assets, and no capacity to perform its legal obligations. This concealment is not incidental but structural, engineered to frustrate enforcement of long-term consumer protections.

Such misconduct thrives only through municipal complicity. For decades, **COI** has enabled and concealed these practices through lax permitting, selective enforcement of code violations, suppression of resident complaints, and retaliation against protected petitioning activity. This custom of favoritism toward large developers has allowed unlicensed contractors and inspectors to operate with impunity, undermining both public trust and statutory safeguards. (See ¶¶ 459-465, 609-616, 676-680, 719-720.)

The parallel conduct of **TNHC** and **Toll Brothers**, and the timing of **Toll Brothers'** retaliatory lawsuit, confirm a broader scheme: a continuing effort to reinforce **COI's** suppression of speech and deter Plaintiff from exposing regulatory noncompliance. Plaintiff therefore brings this amended complaint not only to address the misconduct of individual Defendants, but to illuminate the systemic collusion between private builders, their legal counsel, and municipal officials.

6

**EXHIBIT 7 - PAGE 73**

Neither the Constitution nor California law—including the Bane Act—permits private corporations and public entities to combine their power to silence citizen oversight. Plaintiff continues undeterred.

**Preview of Exhibits**

To aid the Court's understanding of the counterclaim, several exhibits provide a clear overview of the **TNHC's** corporate structure, **Toll Brothers'** corporate structure, and the consumer experience at issue. Exhibit 269, titled "TNHC Corporate Hierarchy," maps an array of subsidiary entities used by TNHC across the nation (See Exhibit 269 TNHC Corporate Hierarchy.pdf). Similarly, Exhibit 87, titled "Corporate Hierarchy," shows the relationship of **Toll Brothers, Inc.** to its numerous subsidiaries (See Exhibit 87 Corporate Hierarchy.pdf).

Exhibit 270, titled "TNHC Document Representations," portrays what entity TNHC uses for different purposes across the construction-sale-warranty process. (See Exhibit 270 TNHC Document Representations.pdf) And Exhibit 271 more clearly shows how regulators and consumers are shown different entities for different reasons. (See Exhibit 271 TNHC Entity Document List.pdf) Exhibit 3, titled "Consumer Journey," depicts the sequence of entities presented to a Toll Brothers homebuyer during the marketing, contracting, and closing process (See Exhibit 3 Consumer Journey.pdf).

**EXHIBIT 7 - PAGE 74**

Collectively, Plaintiff believes these diagrams clearly portray the nature and intention of the entity structures at the heart of this litigation.

**II. JURISDICTION**

1.      **Subject Matter Jurisdiction:** This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. The Court also has supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367(a), as they form part of the same case or controversy under Article III of the United States Constitution.

2.      **Personal Jurisdiction:** This Court has personal jurisdiction over Defendants because they reside in and/or conduct business in this District, and the acts and omissions giving rise to the claims occurred within this District. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

**III. PARTIES**

**A. Plaintiff:**

**Jeffrey Gu**

Residence: 2332 N Clay St Apt 3, Denver, CO 80211

8

**EXHIBIT 7 - PAGE 75**

State of Domicile: Colorado

**B. Defendants:**

**City of Irvine**

Principal Place of Business: 1 Civic Center Plaza, Irvine, CA 92606

**Jessica Sanders,** in her individual and official capacity as public-facing representative of the City Attorney of the City of Irvine, Associate at Rutan & Tucker

Business Address: 18575 Jamboree Rd 9th Floor,  Irvine, CA 92612

**Jeffrey Melching,** in his individual and official capacity as public-facing representative of the City Attorney of the City of Irvine, Partner at Rutan & Tucker

Business Address: 18575 Jamboree Rd 9th Floor,  Irvine, CA 92612

**Trinity Pham,** in her individual and official capacity as Supervising Principal Council Executive Assistant for the City of Irvine

Business Address: 1 Civic Center Plaza, Irvine, CA 92606

9

**EXHIBIT 7 - PAGE 76**

**William Go**, in his individual and official capacity as City Councilmember for the City of Irvine

Business Address: 1 Civic Center Plaza, Irvine, CA 92606

**Risewell Homes Inc.**

Principal Place of Business: 18300 Von Karman Ave., Suite 1000, Irvine, CA 92612

State of Incorporation: Delaware

**The New Home Company Southern California LLC**

Principal Place of Business: 18300 Von Karman Ave., Suite 1000, Irvine, CA 92612

State of Incorporation: Delaware

**TNHC Realty and Construction Inc.**

Principal Place of Business: 18300 Von Karman Ave., Suite 1000, Irvine, CA 92612

State of Incorporation: Delaware

10

**EXHIBIT 7 - PAGE 77**

**Bert L. Howe & Associates, Inc.**

Principal Place of Business: 5415 E. La Palma Avenue, Anaheim Hills, CA 92807

State of Incorporation: California

**Toll Brothers, Inc.**

Principal Place of Business: 1140 Virginia Drive, Fort Washington, PA 19034

State of Incorporation: Delaware

**Toll Southwest LLC**

Principal Place of Business: 1140 Virginia Drive, Fort Washington, PA 19034

State of Incorporation: Delaware

**TB Proprietary Corp.**

Principal Place of Business: 1140 Virginia Drive, Fort Washington, PA 19034

11

**EXHIBIT 7 - PAGE 78**

State of Incorporation: Delaware

**Emma Olague**, in her individual and official capacity as an Officer of the Irvine Police Department

Business Address: 1 Civic Center Plaza, Irvine, CA 92606

**Kalvin Alvarez,** in his individual and official capacity as Chief of Staff for the City of Irvine

Business Address: 1 Civic Center Plaza, Irvine, CA 92606

**IV. FACTUAL ALLEGATIONS**

*All referenced corporate registrations, recorded county documents, employee information, licenses, and permits are matters of public record and can be judicially noticed. If Plaintiffs dispute the accuracy of the attached copies, they are in possession of the true and correct versions and should provide them to the Court.*

**A. Toll Brothers Pre-purchase**

1. On January 16, 2022, Jeffrey Gu ("**JG**") received an email titled "Thank you for your interest in The Ridge at Ward Station" from the email tbmailer@tollbrothers.com. (See Exhibit 1 Gmail - Toll Brothers Inc Thank

12

**EXHIBIT 7 - PAGE 79**

BB. TNHC SB800

549.    Also on April 21, 2025, **JG** received an SB800 letter from **TNHC** via PHLK LLP requesting inspection. (See Exhibit 131 SB800 Initial Letter.pdf)

550.    The letter also had a Certificate of Liability Insurance attached.

551.    Named Insureds on this Certificate of Liability Insurance are **The New Home Company Inc** and **TNHC Realty and Construction Inc.**

552.    **Key Fact: The New Home Company Southern California LLC** is not a Named Insured on this Certificate of Liability Insurance.

553.    On April 22, 2025, certain subcontractors and construction consulting company **Bert L Howe and Associates** inspected the home, as stated in the aforementioned SB800 letter.

554.    **Bert L Howe and Associates** did not have a CSLB license number at the time of inspection.

555.    **Bert L Howe and Associates** still does not have a CSLB license number as of September 9, 2025.

556.    **Bert L Howe and Associates** did not have an Irvine business license number at the time of inspection.

557.    **Bert L Howe and Associates** still does not have an Irvine business license number as of September 9, 2025.

88

**EXHIBIT 7 - PAGE 80**

558. **Key Fact:** On May 15, 2025, the last item on the Homeowner Central warranty portal was marked "Completed." (See [Exhibit 126 Final Warranty List.pdf](#))

559. This warranty item pertained to a window having a large scratch.

560. On May 22, 2025, PHLK sent an SB800 response letter. (See [Exhibit 132 SB800 Final Letter.pdf](#))

561. This letter was a response to the inspections performed on April 22, 2025.

562. This letter denied all claims sent in the previous SB800 notices related to those inspections.

CC. TNHC Post-SB800

563. On May 17, 2025, a Saturday, **JG** took photos of **TNHC** worksites between 8am and 8:15am. (See [Exhibit 262 Irvine Construction Hours.pdf](#))

564. Irvine's municipal code "restricts construction activities to the hours of 7 am to 7 pm Monday through Friday, and 9 am to 6 pm on Saturdays."

565. Contractors at these worksites were violating the Irvine municipal code by working before 9am on this day.

89

EXHIBIT 7 - PAGE 81

the cease and desist letter. (See Exhibit 259 Gmail - Email to all Irvine City Councilmembers.pdf)

690. None of these individuals ever reached out to **JG** to voice concerns.

691. On August 8, 2025, **JG** submitted a Claim for Damages against **COI** in the amount of $5.7 million. (See Exhibit 220 Claim for Damages Full.pdf)

692. On August 11, 2025, the **COI's** third-party administrator, George Hills, called **JG** to acknowledge receipt of the Claim for Damages.

693. Also on August 11, 2025, **Bert L. Howe & Associates** issued a cease-and-desist letter to **JG**. (See Exhibit 221 BHA Cease and Desist.pdf)

694. The letter alleges "The Company is working with local authorities, having filed a police report, and is working through our office to obtain a restraining order."

695. It also states that **JG** has "engaged in months of harassing and inappropriate conduct toward BHA, as well as its employees."

696. It also states "the Company forewarns that you not respond to the instant letter by making any disparaging and defamatory statements about the Company and its business practices to any third party, including the Company's customers, bonding companies, or state licensing boards. Should

106

**EXHIBIT 7 - PAGE 82**

you do so, a civil action seeking all available relief, including monetary damages and injunctive relief, will be filed against you."

697.    On August 13, 2025, **COI** rejected **JG's** Claim for Damages with a letter. (See Exhibit 222 Irvine Claim Denial Letter Aug 13.pdf)

698.    On August 20, 2025, **JG** sent an email to **Mayor Larry Agran** and **City Manager Sean Crumby** noting First Amendment harms. (See Exhibit 223 Gmail - Agran and Crumby No Response.pdf)

699.    By August 22, 2025, **Mayor Agran** and **City Manager Crumby** did not answer the email about these concerns.

700.    On August 14, 2025, **IAT/Harco** sent a 3rd bond claim denial letter. (See Exhibit 208 IAT Harco Door Trim Bond Claim Denial.pdf)

701.    On August 21, 2025, **JG** sent an email to the HOA General Manager of Portola Springs, Ellis Calvillo. (See Exhibit 224 Gmail - HOA Builder at Olivewood.pdf)

702.    Mr. Calvillo stated that the legal name for the builder on record according to the HOA is "**The New Home Company Southern California LLC**."

703.    Also on August 22, 2025, **The New Home Company Inc** issued its 4th cease-and-desist letter. (See Exhibit 225 Cease and Desist 4.pdf)

107

**EXHIBIT 7 - PAGE 83**

this action in the amount of $5,588.55." (*Toll Brothers Inc. et al v. Gu et al.*, No. 1:25-cv-02884, ECF No. 179, at p. 20  (D. Colo. Sept. 12, 2025).)

**LL. BHA's Litigation Conduct**

872.   The original complaint for *Toll Brothers Inc. et al v. Gu et al.* includes a narrative supplied by BHA, which states that

> …on August 5, 2025, Yang Gu, also known as Ge Yang, who is believed to related to Defendant Gu, attempted to defeat the key fob security features which permit access to BHA's corporate headquarters in Anaheim Hills, California, in order to gain access to locked offices.

(*Toll Brothers Inc. et al v. Gu et al.*, No. 1:25-cv-02884, ECF No. 1, at p. 11  (D. Colo. Sept. 12, 2025).)

873.   Plaintiff's brother's name has only ever been Yang Gu.

874.   In their August 11, 2025 cease and desist letter, BHA addresses it to "Jeffrey Gu and Yang Gu." (See Exhibit 221 BHA Cease and Desist.pdf)

875.   In the same letter, BHA states that

> Most recently, on August 5, 2025, Mr. Yang Gu attempted to enter the Company's corporate headquarters located in Anaheim Hills, California, by attempting to defeat the key fob security features. Video footage depicts Yang Gu parking more than 300 feet from the entrance of BHA's headquarters, approaching the front door, attempting to access the facility, then quickly returning to his vehicle when unsuccessful. Of note, Mr. Gu was wearing a heavy coat with a hoodie cap, at approximately 3:00 p.m. on a 90 degree Fahrenheit day. The vehicle Yang Gu was driving was consistent with the vehicle he drove to the April 22, 2025 site inspection.

132

**EXHIBIT 7 - PAGE 84**

876. In their more recent motion to dismiss, they assert that

> On August 5, 2025, [Jeffrey Gu] attempted to break into BHA's corporate offices in Anaheim Hills. Security cameras captured Gu dressed in a hoodie and wearing all black on a 90-degree day outside the BHA office.

and that "BHA reported the matter to the police. (Barana Decl., ¶ 7)." (ECF No. 76-1 at p. 6)

877. Plaintiff called the Anaheim Police Department on December 23, 2025 at 7:55 am Pacific Time for 8 minutes and spoke to Dispatcher #2819. Plaintiff asked for a CAD number involving Plaintiff or his brother around the address 5415 La Palma Ave in Anaheim—BHA's national corporate headquarters—between August 4-10, 2025. The dispatcher said there was no police report associated with that address and these two individuals for that timeframe.

878. Jeffrey Gu (Plaintiff) and his brother Yang Gu are two completely different people.

**MM. California Police Standards**

879. California POST maintains a guide on "Investigative Report Writing." (See Exhibit 287 POST Investigative Report Writing.pdf)

133

**EXHIBIT 7 - PAGE 85**

**V. CAUSES OF ACTION**

**COUNT 1: DECLARATORY JUDGEMENT (Cal. Bus. & Prof. Code § 7031(b) / 28 U.S.C. § 2201)**

Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

*Against City of Irvine*

**Real Parties in Interest (Fed. R. Civ. P. 19)**

- Risewell Homes Inc.

- TNHC Realty and Construction Inc.

- The New Home Company Southern California LLC

Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaration that the **COI** failed to prevent or correct violations of California Business and Professions Code § 7031(b) by approving and accepting permits submitted by entities that misstated their legal status on those permits and related declarations, thereby undermining the statute's consumer-protection objectives.

**The New Home Company Inc.**, **The New Home Company Southern California LLC**, and **TNHC Realty & Construction Inc.** are real parties in interest within the meaning of Fed. R. Civ. P. 19 because the requested declarations directly affect their rights and obligations under California contractor-licensing law. An actual, present controversy exists between Plaintiff and **COI** regarding **COI's** treatment of

134

**EXHIBIT 7 - PAGE 86**

**COUNT 5: VIOLATIONS OF THE BANE ACT (Cal. Civ. Code § 52.1)**

Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

*All Defendants*

Cal. Civ. Code § 52.1 (the "Bane Act") prohibits any person, whether or not acting under color of law, from interfering or attempting to interfere, by threats, intimidation, or coercion, with another person's exercise or enjoyment of rights secured by the Constitution or laws of the United States or of the State of California.

Defendants, acting individually and in concert, interfered with and attempted to interfere with Plaintiff's exercise of protected rights through coordinated threats, intimidation, and coercive conduct.

**Building Investigation Retaliation**

Beginning in May 2025, Defendants issued or orchestrated false and retaliatory accusations, including claims of trespass and harassment, resulting in at least eight cease-and-desist letters between May 27, 2025 and March 12, 2026. (See ¶¶ 203, 563-591, 596, 681, 693, 703, 706, 868.) These letters were calculated to, and did, interfere with Plaintiff's lawful rights to:

1. Document construction conditions;

166

**EXHIBIT 7 - PAGE 87**

2. Document entity irregularities;

3. Request contractor information from public agencies;

4. Report violations to the California CSLB and other regulators; and

5. Petition government officials for redress of grievances.

Defendants' conduct was undertaken with the specific intent to chill and deter Plaintiff's oversight and advocacy. The escalating tone of official correspondence, the invocation of police authority, abuse of the judicial process, and the refusal to engage in good-faith dialogue together demonstrate a concerted campaign of coercion and intimidation designed to silence Plaintiff's protected activity. (See ¶¶ 491, 645, 681, 693-696.)

After Plaintiff identified permitting irregularities and building code violations involving **TNHC** within Irvine, the retaliation escalated beyond California. In a direct extension of that campaign, **Toll Brothers** initiated a federal lawsuit against Plaintiff in Colorado, incorporating into its initial pleading details from Plaintiff's California-based regulatory complaints against **TNHC** and **Bert L. Howe & Associates, Inc**. (See ¶¶ 491, 693-696.) This lawsuit was undertaken with knowledge of Plaintiff's ongoing petitioning activity and was intended to chill and punish his lawful participation in government oversight. Such litigation-based intimidation constitutes "threats, intimidation, or coercion" within the meaning of

167

**EXHIBIT 7 - PAGE 88**

§ 52.1. This cross-jurisdictional lawsuit reflects a continuation of the same coercive pattern described herein—an effort by affiliated builder interests to deter and punish Plaintiff's protected investigative and petitioning activity through the burden of interstate litigation. Notably, **Toll Brothers** has previously retained the same outside counsel that represented **TNHC** in California, suggesting the exchange of information and alignment of strategy among related builder entities. (See ¶¶ 344, 599.)

Rather than address the underlying statutory violations, permitting discrepancies, and code violations identified by Plaintiff, Defendants and their allies chose to weaponize legal process and official authority to punish speech and advocacy. The coordination between municipal actors and private builder interests underscores the coercive nexus prohibited by the Bane Act.

The pattern of coercion continued in late 2025 and into 2026. While Plaintiff was lawfully present on a publicly accessible street and engaged in protected activity—documenting construction conditions and potential regulatory violations—TNHC's employees and lawyers escalated from implicit deterrence to explicit threats of state action. (See ¶¶ 864, 868.) On March 3, 2026, after Plaintiff photographed unmarked construction vehicles lacking required CSLB identifying information, a supervisor affiliated with Risewell Homes Inc., TNHC Realty and Construction

168

**EXHIBIT 7 - PAGE 89**

Inc., and/or The New Home Company Southern California LLC refused to identify his employer and instead threatened to call the police on Plaintiff. (See ¶ 849.) This encounter was followed by a March 12, 2026 cease-and-desist letter accusing Plaintiff of "trespassing and harassing" employees despite his presence on a public roadway and his attempt to disengage. (See ¶ 868.) The sequence—lawful documentation, followed by threats of police intervention and formal legal warnings—constitutes coercive conduct intended to deter a reasonable person from continuing protected activity.

Other Defendants' use of legal process further reflects a pattern of intimidation untethered from consistent or good-faith factual bases. In the Colorado litigation, Toll Brothers Defendants alleged damages exceeding $75,000 to invoke federal jurisdiction, yet later sought only approximately $5,588.55 in costs against nominal defendants (a $69,411.45 difference), a disparity that underscores the disproportionate nature of the action and supports an inference that the litigation served a deterrent or burdening purpose rather than redressing substantial harm. (See ¶¶ 870-871.)

At the same time, BHA in both the Colorado and California litigation, advanced shifting factual allegations regarding an alleged trespass, initially attributing the conduct to Plaintiff's brother before later asserting that Plaintiff himself was

169

**EXHIBIT 7 - PAGE 90**

responsible for the same incident. (See ¶¶ 872-878.) These inconsistencies, when viewed alongside repeated threats of legal action and escalating accusations, support a reasonable inference that Defendants employed litigation and related accusations not to redress genuine harm, but as part of a coordinated effort to intimidate and silence Plaintiff's ongoing investigative and petitioning activity.

**The July 30, 2025, Police Intervention as Coercion**

Defendants COI, Jeffrey Melching, Jessica Sanders, Trinity Pham, Kalvin Alvarez, and William Go utilized the Irvine Police Department as a coercive instrument to intimidate Plaintiff into ceasing his lawful regulatory inquiries and CPRA requests. (See ¶ 750.) Despite Defendant Pham's admission that she was "not fearful" and that Plaintiff's grievances were purely "political," Defendants knowingly initiated a high-priority criminal threat dispatch hours after a non-threatening phone call. (See ¶¶ 769, 773-774.) This intentional escalation—bringing the weight of armed law enforcement into a construction dispute—constitutes "intimidation and coercion" under the Bane Act.

**Clandestine Intelligence Referral and Extrajudicial Monitoring**

The IPD episodes resulted in administrative coercion when Officer Emma Olague referred Plaintiff's case to the IPD Investigations and Intelligence units and advised Ms. Pham to contact IPD detectives. (See ¶¶ 787, 799.) This referral

170

**EXHIBIT 7 - PAGE 91**

By failing to preserve and maintain material evidence after being placed on notice of potential litigation, **COI** has interfered with Plaintiff's constitutional right of access to the courts, in violation of the First and Fourteenth Amendments to the United States Constitution.

**COUNT 7: VIOLATIONS OF THE RALPH CIVIL RIGHTS ACT OF 1976 (Cal. Civ. Code § 51.7)**

Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

*Against City of Irvine, Jessica Sanders, Jeffrey Melching, William Go, Trinity Pham, Kalvin Alvarez, Bert L. Howe and Associates, Inc., Risewell Homes Inc., The New Home Company Southern California LLC, and TNHC Realty and Construction Inc.*

The Ralph Civil Rights Act of 1976, Cal. Civ. Code § 51.7, provides that all persons within California have the right to be free from "violence, or intimidation by threat of violence" committed against their persons or property because of political affiliation.

Under Cal. Civ. Code § 51.7(b)(2), "intimidation by threat of violence" specifically includes "making or threatening to make a claim or report to a peace officer or law enforcement agency that falsely alleges that another person has engaged in

177

**EXHIBIT 7 - PAGE 92**

unlawful activity ... knowing that the claim or report is false, or with reckless disregard for the truth or falsity of the claim or report."

Beginning in May 2025, the aforementioned Defendants issued or orchestrated false and retaliatory accusations, including claims of trespass and harassment, resulting in at least eight cease-and-desist letters between May 27, 2025 and March 12, 2026 that threatened or admitted use of law enforcement action based on false allegations of unlawful or threatening activity committed by Plaintiff. (See ¶¶ 563-591, 596, 681, 693, 703, 706, 868.) These letters were calculated to, and did, interfere with Plaintiff's lawful rights to: (a) Document construction conditions; (b) Document entity irregularities; (c) Request contractor information from public agencies; (d) Report violations to the California CSLB and other regulators; and (e) Petition government officials for redress of grievances.

Defendants' conduct was undertaken because of Plaintiff's political affiliation—specifically his role as an advocate for government oversight, his political grievances regarding municipal corruption, and his protected investigations of construction activity and entities.

Defendants' conduct was undertaken with the specific intent to chill and deter Plaintiff's oversight and advocacy. The invocation of police authority and the

178

**EXHIBIT 7 - PAGE 93**

refusal to engage in good-faith dialogue together demonstrate a concerted

campaign of intimidation by threat of violence (specifically the threat of state-

sanctioned force) designed to silence Plaintiff's protected activity. (See ¶¶ 491,

645, 681, 693-696.) Rather than address the underlying statutory violations,

Defendants and their allies chose to weaponize official authority to punish speech

and advocacy.

As a direct and proximate result of Defendants' violations of the Ralph Civil Rights

Act of 1976, Plaintiff has suffered and continues to suffer general and special

damages, including emotional distress, fear, and the costs of defending against

retaliatory legal and state action.

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his

favor and against Defendants, and grant the following relief:

**1. Declaratory Relief**

The requested declaratory relief is also necessary to establish the scope of

Defendants' unlawful conduct, which in turn is relevant to determining the scale of

punitive damages warranted for Defendants' retaliatory and willful misconduct.

WHEREFORE, Plaintiff respectfully requests that the Court:

179

**EXHIBIT 7 - PAGE 94**

and proper, including declaratory relief and any additional orders necessary to

prevent ongoing or future violations of Plaintiff's rights.

**VII. DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

*[signature]*          July 12, 2026

Jeffrey Gu, Plaintiff, Pro Se

**Exhibits**

Exhibit 1 Gmail - Toll Brothers Inc Thank you for your interest in The Ridge at Ward Station.pdf

Exhibit 2 Colorado Ops.pdf

Exhibit 3 Consumer Journey.pdf

Exhibit 4 tollbrothers.com whois.pdf

Exhibit 5 DE SOS Toll Brothers, Inc..pdf

184

**EXHIBIT 7 - PAGE 95**

Exhibit 216 129 Oakstone Declaration Docs.pdf

Exhibit 217 COI Cease and Desist.pdf

Exhibit 218 Cease and Desist 3.pdf

Exhibit 219 Irvine Call Log.pdf

Exhibit 220 Claim for Damages Full.pdf

Exhibit 221 BHA Cease and Desist.pdf

Exhibit 222 Irvine Claim Denial Letter Aug 13.pdf

Exhibit 223 Gmail - Agran and Crumby No Response.pdf

Exhibit 224 Gmail - HOA Builder at Olivewood.pdf

Exhibit 225 Cease and Desist 4.pdf

Exhibit 226 Tokio Marine PIIC CDI Response.pdf

Exhibit 227 COI Cease and Desist 2.pdf

Exhibit 228 Gmail - Agran and Crumby No Response 2.pdf

Exhibit 229 Olivewood proof of ownership.pdf

200

EXHIBIT 7 - PAGE 96