THE KNEAFSEY FIRM, INC.
SEAN M. KNEAFSEY (SBN 180863)
skneafsey@kneafseyfirm.com
707 Wilshire Boulevard, Suite 7300
Los Angeles, California 90017
Phone: (213) 892-1200
Fax: (213) 892-1208

THE LAW OFFICES OF JEREMY PASTERNAK, A.P.C.
JEREMY PASTERNAK (SBN 181618)
jdp@pasternaklaw.com
MARGARET P. CROWLEY (SBN 358812)
mc@pasternaklaw.com
100 Bush Street, Suite 1580
San Francisco, California 94104
Phone: (415) 693-0300
Fax: (415) 693-0393

Attorneys for Defendant
BERT L. HOWE & ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GU, an individual,<br><br>              Plaintiff,<br><br>        vs.<br><br>CITY OF IRVINE; JESSICA SANDERS; JEFFREY MELCHING; TRINITY PHAM; WILLIAM GO; IRVINE POLICE DEPARTMENT; OFFICERS JANE & JOHN DOE (1-10); THE NEW HOME COMPANY, INC.; THE NEW HOME COMPANY SOUTHERN CALIFORNIA LLC; TNHC REALTY AND CONSTRUCTION INC.; BERT L. HOWE & ASSOCIATES, INC.; TOLL BROTHERS, INC.; TB PROPERITEARY CORP.; TOLL SOUTHWEST LLC,<br><br>              Defendants. | Case No.: 8:25-CV-02134-VBF-DSR<br><br>*[Assigned for all purposes to Magistrate Daniel S. Roberts]*<br><br>**DEFENDANT BERT L. HOWE & ASSOCIATES, INC.'S MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>**Date:        September 1, 2026**<br>**Time:        10:00 a.m.**<br>**Dept:        Courtroom 690 – Roybal Federal Building**<br><br>*[Filed concurrently with Notice of Motion to Dismiss, Declaration of Sean M. Kneafsey, and Proposed Order]*<br><br>Action Filed: October 8, 2025 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

**TABLE OF CONTENTS**

I.      INTRODUCTION ..................................................................................................... - 1 -

II.     FACTUAL BACKGROUND ................................................................................. - 1 -

III.    DISCUSSION ......................................................................................................... - 4 -

    A.    BHA's Alleged Actions Are Protected by the Litigation Privilege ................................. - 4 -

    B.    Dismissal Is Also Warranted Because Plaintiff's SAC Fails to State a Claim Based on Either the Bane Act Claim or Ralph Act. ........................................................ - 5 -

        1.    Plaintiff Cannot Prevail on His Bane Act Claim Because BHA Did not Threaten Any "Violent Act" ............................................................................................. - 5 -

        2.    Plaintiff's SAC Fails to State a Claim for Violation of the Ralph Act Because BHA Did Not Threaten a Violent Act Based on Plaintiff's Political Affiliation ......................... - 6 -

    C.    Leave to Amend Should Not Be Granted Because BHA's Conduct Is Absolutely Privileged. ........................................................................................... - 6 -

IV.    CONCLUSION ....................................................................................................... - 7 -

i

**TABLE OF AUTHORITIES**

**Cases**

*A.F. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc.*, 137 Cal.App.4th 1118, 1126 (2006) ..................................................................................................................- 4 -, - 5 -

*Albertson v. Raboff*, 46 Cal.2d 375, 380–381 (1956)....................................................... - 4 -

*Campbell v. Feld Entertainment, Inc.,* 75 F.Supp.3d 1193, 1205 (N.D. Cal. 2014)...................... - 6 -

*Gootee v. Lightner*, 224 Cal.App.3d 587, 589 (1990)........................................................ - 5 -

*Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021)....................................... - 6 -

*Julian v. Mission Community Hospital*, 11 Cal.App.5th 360, 395 (2017) ...................................... - 5 -

*Kashian v. Harriman*, 98 Cal. App. 4th 892, 908 (Cal. Ct. App. 2002) ......................................... - 6 -

*Shoyoye v. County of Los Angeles*, 203 Cal.App.4th 947, 955–956 (2012) ................................... - 5 -

*Silberg v. Anderson*, 40 Cal.3d 205, 213 (1990) ............................................................... - 4 -

**Statutes**

Cal. Civil Code § 47(b) ............................................................................................. - 4 -

Cal. Civil Code § 52.1 .............................................................................................. - 2 -

Cal. Civil Code § 52.7.............................................................................................. - 2 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

Defendant Bert L. Howe & Associates, Inc. ("Defendant" or "BHA") brings this Motion to Dismiss Plaintiff Jeffrey Gu's ("Plaintiff" or "Gu") Second Amended Complaint ("SAC") for Failure to State a Claim pursuant to Fed. R. Civ. Proc. 12(b)(6) as an alternative to its now pending anti-SLAPP motion. (Dkt. 167). BHA respectfully requests that the Court first consider and rule upon BHA's anti-SLAPP motion which BHA contends should dispose of this action in its entirety as to BHA.

If the Court reaches this motion, Plaintiff's case should still be dismissed pursuant to Rule 12(b)(6) because BHA's actions are protected under the absolute litigation privilege, and, further, Plaintiff cannot state facts sufficient to constitute a Bane Act or Ralph Act claim.

## II. FACTUAL BACKGROUND

On August 11, 2025, counsel for Defendant Bert Howe & Associates, Inc. ("BHA") sent a cease and desist letter (the "Cease and Desist Letter") to Plaintiff Jeffrey Gu and his brother Yang Gu demanding that the two immediately stop attempting to enter BHA's facilities and to cease contacting BHA. (Dkt. 130-7 at Ex. 221; *see also* Dkt. 130 at ¶¶ 693-696). The Cease and Desist letter states:

> [I]n the interest of avoiding swift litigation, we demand that you **immediately cease and desist** all attempts to enter BHA's facilities and contact of any nature with any Company employee, officer, director, or representative. In the event you make, or attempt to make, any further contact with any Company employee, officer, director, or representative, the Company, and/or these representatives individually, may pursue all available civil and criminal remedies against you to prohibit further contact.
>
> * * *
>
> Should the Company have reason to believe at any point its rights and/or obligations have been violated, t*he Company will not hesitate to take immediate legal action against you and pursue all available*

- 1 -

*civil and criminal relief to which it may be entitled. Importantly, if*

*any such further action is required, the Company will seek to*

*recover all damages, costs, and attorneys' fees incurred in pursuing*

*such relief against you.*

(Dkt. 130-7 at Ex. 221, pp. 203-205) (emphasis added)).

On June 15, 2026, Gu filed the Second Amended Complaint ("SAC") which asserts the following two causes of action against BHA: [1] the Fifth Cause of Action for violation of California's Bane Act (Cal. Civil Code § 52.1) and [2] the Seventh Cause of Action for Violation of California's Ralph Act (Cal. Civil Code § 52.7). (Dkt. 130 at pp. 166-172, 177-179; Ex. 7 at pp. 166-172, 177-179).

Gu alleges BHA violated the Bane Act by sending the Cease and Desist Letter and allegedly assisting Toll Brothers with a lawsuit that the Toll Brothers filed against Gu in Colorado. Gu's Fifth Cause of Action for violation of the Bane Act alleges:

Beginning in May 2025, Defendants issued or orchestrated false and retaliatory accusations, including claims of trespass and harassment, resulting in at least eight *cease-and-desist letters* between May 27, 2025 and March 12, 2026. (See ¶¶ 203, 563-591, 596, 681, **693,**[1] 703, 706, 868.) These letters were calculated to, and did, interfere with Plaintiff's lawful rights . . . .

Defendants' conduct was undertaken with the specific intent to chill and deter Plaintiff's oversight and advocacy. *The escalating tone of official correspondence, the invocation of police authority, abuse of the judicial process*, and the refusal to engage in good-faith dialogue together demonstrate a concerted campaign of coercion and intimidation designed to silence Plaintiff's protected activity. (See ¶¶ 491, 645, 681, **693-696**.)

---

[1] Paragraph 693 of the SAC is the paragraph that pertains to the BHA Cease and Desist Letter. (*See* Dkt. 130 at ¶ 693; Ex. 7 at ¶ 693

- 2 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

In a direct extension of that campaign, Toll Brothers initiated a federal lawsuit against Plaintiff in Colorado, incorporating into its initial pleading details from Plaintiff's California-based regulatory complaints against NHC and *Bert L. Howe & Associates, Inc.* (See ¶¶ 491, **693-696**). . . . *Such litigation-based intimidation constitutes "threats, intimidation, or coercion" within the meaning of § 52.1. . . .*

*Defendants and their allies chose to weaponize legal process* and official authority to punish speech and advocacy. The coordination between municipal actors and private builder interests underscores the coercive nexus prohibited by the Bane Act . . .

\* \* \*

*At the same time, BHA in both the Colorado and California litigation, advanced shifting factual allegations* regarding an alleged trespass, initially attributing the conduct to Plaintiff's brother before later asserting that Plaintiff himself was responsible for the same incident. (See ¶¶ 872-878.) These inconsistencies, *when viewed alongside repeated threats of legal action* and escalating accusations, support a reasonable inference t*hat Defendants employed litigation* and related accusations not to redress genuine harm, but *as part of a coordinated effort to intimidate and silence Plaintiff's ongoing investigative and petitioning activity.*

(Dkt. 130, pp.166-172) (emphasis added).

Gu's Seventh Cause of Action for violations of the Ralph Act alleges that BHA violated the Ralph Act by sending the Cease and Desist Letter. The Seventh Cause of Action alleges:

Beginning in May 2025, the aforementioned Defendants issued or orchestrated false and retaliatory accusations, including claims of trespass and harassment, resulting in at least eight *cease-and-desist letters* between May 27, 2025 and March 12, 2026 that threatened or admitted use of law

- 3 -

enforcement action based on false allegations of unlawful or threatening activity committed by Plaintiff. (See ¶¶ 563-591, 596, 681, **693,**[2] 703, 706, 868.) These letters were calculated to, and did, interfere with Plaintiff's lawful rights to: (a) Document construction conditions; (b) Document entity irregularities; (c) Request contractor information from public agencies; (d) Report violations to the California CSLB and other regulators; and (e) Petition government officials for redress of grievances . . . .

(Dkt. 130 at pp. 177-179) (emphasis added).

## III.    DISCUSSION

### A.    BHA's Alleged Actions Are Protected by the Litigation Privilege.

Plaintiff's Bane Act and Ralph Act claims are barred by the absolute litigation privilege. Under California Civil Code section 47(b), "a privileged publication or broadcast is one made: . . . (b) In any . . . judicial proceeding . . ." Cal. Civil Code § 47(b) .. In *Silberg v. Anderson*, 40 Cal.3d 205, 213 (1990) ,, the California Supreme Court explained that the rationale behind the absolute litigation privilege is "to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Id.* The litigation privilege is interpreted broadly to curtail these derivative lawsuits. *Id*.

Further, the litigation privilege applies to "**any communication** (1) made in judicial or quasi-judicial proceedings; (2) by litigants **or other participants** authorized by law; (3) to achieve the objects of the litigation; and (4) **that have some connection or logical relation to the action**." *A.F. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc.*, 137 Cal.App.4th 1118, 1126 (2006) (quoting *Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.*,122 Cal.App.4th 1049, 1058 (2004) (emphasis added). The privilege extends to "any publication ... that is required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is invoked." *Id*. (quoting *Albertson v. Raboff*, 46 Cal.2d 375, 380–381 (1956).) The privilege is also a "complete defense" when actions are filed against previously retained

---

[2] *See, supra,* note 6.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

experts. *See generally Gootee v. Lightner*, 224 Cal.App.3d 587, 589 (1990) (holding that the litigation privilege was a complete defense where a party filed a tort action against a previously jointly retained expert.).

Here, BHA's Cease and Desist Letter is protected by the litigation privilege as it is a prelitigation communication that specifically threatens litigation. (Dkt. 130-7 at Ex. 221, pp. 203-205).

Likewise, BHA's alleged participation in the Colorado litigation has "some connection or logical relation to the action." *A.F. Brown Electrical Contractor, Inc.*, 137 Cal.App.4th at 1126.

As a result, BHA's alleged conduct is absolutely privileged and Plaintiff cannot prevail on its Bane Act or Ralph Act claims.

**B.    Dismissal Is Also Warranted Because Plaintiff's SAC Fails to State a Claim Based on Either the Bane Act Claim or Ralph Act.**

In addition to being barred by the litigation privilege, Plaintiff's SAC fails to state a claim for either the Bane Act or the Ralph Act.

**1.    Plaintiff Cannot Prevail on His Bane Act Claim Because BHA Did not Threaten Any "Violent Act"**

"The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *Shoyoye v. County of Los Angeles*, 203 Cal.App.4th 947, 955–956 (2012). The Bane Act was codified to address "only egregious interferences with constitutional rights, not just any tort. The act of interference with a constitutional right must itself be deliberate or spiteful." *Id.* at 959.

To prevail on a cause of action under the Bane Act, "[t]he plaintiff must show the defendant interfered with or attempted to interfere with the plaintiff's legal right **by threatening or committing violent acts.**" *Julian v. Mission Community Hospital*, 11 Cal.App.5th 360, 395 (2017) (emphasis added). "Speech is insufficient to establish the requisite threat unless it includes threat of violence." *Id.*

Plaintiff's claim that BHA sent the Cease and Desist Letter and assisted the Toll Brothers

- 5 -

with the Colorado Action is not a "violent act" that gives rise to a Bane Act claim and fails as a matter of law.

**2.     Plaintiff's SAC Fails to State a Claim for Violation of the Ralph Act Because BHA Did Not Threaten a Violent Act Based on Plaintiff's Political Affiliation**

To prevail on a Ralph Act claim, a plaintiff must prove the following:

> (1) Defendants committed or threatened violent acts against Plaintiffs; (2) Defendants were motivated by their perception of **Plaintiffs' political affiliation***; (3) Plaintiffs were harmed; and (4) Defendants' conduct was a substantial factor in causing Plaintiffs harm.

*Campbell v. Feld Entertainment, Inc.,* 75 F.Supp.3d 1193, 1205 (N.D. Cal. 2014).

Here, Plaintiff alleges BHA violated the Ralph Act by the sending of the Cease and Desist Letter. *See supra* part II.E.  Plaintiff's SAC also alleges that "Defendants' conduct was undertaken because of Plaintiff's political affiliation—specifically his role as an advocate for government oversight, his political grievances regarding municipal corruption, and his protected investigations of construction activity and entities."  (Dkt. 130 at p. 178). BHA's Cease and Desist Letter in no way implicated "Plaintiff's political affiliation" and the Ralph Act claim fails as a matter of law.

**C.     Leave to Amend Should Not Be Granted Because BHA's Conduct Is Absolutely Privileged.**

Should this Court grant BHA's motion to dismiss, it should not grant Plaintiff leave to amend his complaint because BHA's conduct is protected under the absolute litigation privilege and is subject to California's anti-SLAPP statute. *See Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021). ("The purpose of the anti-SLAPP statute is 'to allow for early dismissal of meritless [F]irst [A]mendment cases aimed at chilling expression through costly, time-consuming litigation.'"). *See also Kashian v. Harriman*, 98 Cal. App. 4th 892, 908 (Cal. Ct. App. 2002) (dismissing claims based on the anti-SLAPP statute where the alleged misconduct was the filing of lawsuits and other "litigation activities").

- 6 -

Plaintiff has now had three opportunities to plead a viable claim against BHA and has failed to do so.  Based on the foregoing, BHA requests that the motion be granted without leave to amend.

## IV.  CONCLUSION

Based on the foregoing, BHA respectfully requests that the Motion to Dismiss for Failure to State a Claim be granted without leave to amend.

DATED:  July 21, 2026                              THE KNEAFSEY FIRM, INC.

By _____
   *Sean M. Kneafsey*
   SEAN M. KNEAFSEY
   Attorney for Defendant
   BERT L. HOWE & ASSOCIATES, INC.

- 7 -