**Jeffrey Gu**

**jeffwgu@gmail.com**

**2332 N Clay St Apt 3**

**Denver, CO 80211**

**1-720-593-1548**

**Plaintiff Pro Se**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jeffrey Gu,<br>          **Plaintiff**<br>v.<br>**City of Irvine et al,**<br>          **Defendants.** | Case No.: **8:25-cv-02134-VBF-DSR**<br><br>**RESPONSE IN OPPOSITION** |

**PLAINTIFF'S OPPOSITION TO BERT L. HOWE & ASSOCIATES, INC.'S**

**MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR**

**FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF**

**CIVIL PROCEDURE 12(b)(6)**

1

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................................1

TABLE OF AUTHORITIES......................................................................... 3

    Cases................................................................................................ 3

    Statutes............................................................................................. 4

    Rules................................................................................................ 5

    Other Authorities........................................................................... 5

I. INTRODUCTION.....................................................................................5

II. FACTUAL BACKGROUND.................................................................. 6

    A. Bert L. Howe's Cease-and-desist Letter...................................... 6

    B. Bert L. Howe's Litigation Behavior and Lack of Police Reporting...........6

    C. The Colorado Action.................................................................. 7

III. ARGUMENT.........................................................................................7

    A. Bert L. Howe's Hostile Letter Never Seriously Contemplated Legal Action....................................................................................... 7

    B. Bert L. Howe's Participation in the Colorado Action is Not Protected By the Litigation Privilege.................................................................. 12

    C. The Hostile Letter Falsely Alleges Illegal Actions Committed by Plaintiff 14

    D. Bert L. Howe's Actions Fall Squarely Within the Purview of the Ralph Act............................................................................................... 15

    E. Bert L. Howe Acted Because of Plaintiff's Political Affiliation..............18

    F. Bert L. Howe's Conduct Satisfies the Bane Act Because the Statute Requires Coercion or Intimidation, Not Actual Violence........................... 21

IV. CONCLUSION.....................................................................................24

**CERTIFICATE OF COMPLIANCE**....................................................................**24**

TABLE OF AUTHORITIES

**Cases**

Allen v. Iranon, 283 F.3d 1070, 1077–78 (2002) .................................................. 20

Cal. Motor Transp. Co. v. Trucking Unlimited,

   404 U.S. 508, 510–11 (1972) ......................................................... 19

Campbell v. Feld Entm't, Inc., 75 F.Supp.3d 1193 (2014) ................................... 16

Cornell v. City & County of San Francisco,

   17 Cal. App. 5th 766 (2017) .................................................. 21-22

Coszalter v. City of Salem, 320 F.3d 968, 977–79 (2003) .................................... 20

Gay Law Students Ass'n v. Pac. Tel. & Tel. Co.,

   24 Cal. 3d 458 (1979) .......................................................... 18

NAACP v. Button, 371 U.S. 415 (1963) ............................................... 19

RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co.,

   56 Cal. App. 5th 413 (2020) .................................................. 7, 11

Rivers v. Roadway Express, Inc., 511 U.S. 298 (1994) ........................................ 16

Shoyoye v. County of Los Angeles, 203 Cal. App. 4th 947 (2012) ...................... 21

Weinberg v. Feisel,110 Cal.App.4th 1122 (2003) ................................................. 14

Vasquez v. State of California, 45 Cal. 4th 243 (2008) ........................................ 16

Venegas v. County of Los Angeles, 32 Cal. 4th 820 (2004) ........................... 21, 23

Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054 (2002) ................................. 19

**Statutes**

Cal. Civ. Code § 51.7 ...................................................................... 5, 16-18

Cal. Civ. Code § 52.1 ...................................................................... 5, 20-23

Cal. Civ. Proc. Code § 425.16(e) ........................................................... 7

Cal. Bus. & Prof. Code § 5558 ............................................................... 9

Cal. Bus. & Prof. Code § 7109(a) ......................................................... 10

**Rules**

Fed. R. Civ. P. 13 ............................................................................. 6, 11

Fed. R. Civ. P. 65 ............................................................................. 6, 11

**Other Authorities**

Assemb. B. 1775, 2020 Cal. Stat. ch. 327 ...................................................... 16-17

## I. INTRODUCTION

Plaintiff Jeffrey Gu respectfully submits this Opposition to Defendant Bert L. Howe and Associates, Inc.'s (Bert L. Howe) Motion to Dismiss Plaintiff's Second Amended Complaint. See Doc. No. 168 (MTD). The motion should be denied because the Bert L. Howe a) never seriously contemplated litigation or use of law enforcement, b) did not send the letters in furtherance of any official proceeding, c) falsely allege illegal actions committed by Plaintiff, and d) indeed committed actions under the purview of the Ralph and Bane Acts.

## II. FACTUAL BACKGROUND

### A. Bert L. Howe's Cease-and-desist Letter

Bert L. Howe sent a cease-and-desist letter as recounted in Plaintiff's Second Amended Complaint (SAC), in ¶ 693:

693. Also on August 11, 2025, **Bert L. Howe & Associates** issued a cease-and-desist letter to **JG**. (See 📄 Exhibit 221 BHA Cease and Desist.pdf )

See Seconded Amended Complaint, Doc. No. 130, at 104 (SAC).

## B. Bert L. Howe's Litigation Behavior and Lack of Police Reporting

Bert L. Howe to date has not asked the Court for a civil restraining order or injunction under Fed. R. Civ. P. 65. Moreover, in response to any of Plaintiff's complaints, it has only filed motions to strike, dismiss, or compel arbitration, not any counterclaims under Fed. R. Civ. P. 13. See Doc. Nos. 76, 77, 167, 168. Nor has Bert L. Howe filed any complaints with the Irvine Police Department, as the only police report associated with Plaintiff is the one that was initiated by the City of Irvine and its employees. See SAC, ECF No. 130, at 113, ¶ 750.

## C. The Colorado Action

On September 12, 2025, Toll Brothers Inc., TB Proprietary Corp., and Toll Southwest LLC filed a verified complaint in Toll Brothers, Inc. et al. v. Gu et al., No. 1:25-cv-02884-PAB-CYC (D. Colo.) (hereinafter, the "Colorado Action"). See

ECF No. 1 (D. Colo.). This complaint contained factual allegations from Plaintiff's interactions and investigations regarding Bert L. Howe.

## III. ARGUMENT

### A. Bert L. Howe's Hostile Letter Never Seriously Contemplated Legal Action

Bert L. Howe invokes the litigation privilege several times throughout its motion, stating, in some variation, that its cease-and-desist letter (Hostile Letter) "is protected by the litigation privilege as it is a prelitigation communication that specifically threatens litigation" See MTS, Doc. No. 168-1, at 8. Because of this, it argues, it is protected under Cal. Civ. Code § 47(b) and/or Cal. Civ. Proc. Code § 425.16(e). Certain types of events can qualify when they "concern the subject of the dispute and [are] made in anticipation of litigation contemplated in good faith and under serious consideration." RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co., 56 Cal. App. 5th 413, 428 (2020). To claim this protection, a moving party must possess an actual, subjective good-faith intent to sue that is objectively manifested by subsequent actions. *Ibid.* However, the events leading up to and within this case illustrate how litigation was never seriously contemplated by Bert L. Howe.

7

Bert L. Howe's Hostile Letter explicitly enumerates the four communications by Plaintiff that it purports form the basis of its alleged "harassment" and potential lawsuit:

1. "[T]wo inquiries on May 17, 2025 from Jeffrey Gu to BHA's email account seeking California State Licensing Board (CSLB) license status" (see Exhibit 221, Doc. No. 130-1, at 203);

2. "[C]omplaints initiated by Jeffrey Gu with the bonding companies for BHA employees Chris Lopez, Bradley W. Hughes…David L. Suggs, [and] Mr. Lopez." (*ibid.*);

3. "[A] letter in response to a complaint initiated by Jeffrey Gu with the California Board for Professional Engineers, Land Surveyors, and Geologists." (*ibid.*);

4. "[A]n almost identical letter was received by BHA employee Mark Chapman." (*ibid.*).

Items 3 and 4, being petitioning activities directed at state regulatory bodies, clearly fall within the very litigation privileges that Bert L. Howe tries to invoke in this motion, suggesting that they know they could have never won a harassment suit on those two bases. The question then turns to whether they could have

8

seriously contemplated litigation based upon items 1 or 2. Item 1 concerns two emails sent on May 17, 2025, which contain the text

> Does Bert Howe & Associates have a CSLB license on file, either under the company name or tied to a qualifying individual? I've looked through the CSLB database and couldn't find anything directly linked to the firm, but I figured I'd ask.

See Exhibit 1. This benign inquiry cannot form the basis of a harassment action as a matter of law. Item 2 concerns an email sent to bond companies representing the aforementioned individuals, which simply brought up potential misrepresentations to these bond companies. See Exhibit 2. A professionally written email sent to entities in a heavily regulated industry regarding credentialing does not constitute civil or criminal harassment. Thus, none of the four grounds cited in BHA's Hostile Letter ever could have formed the basis of a serious, good-faith legal action.

Notably, Bert L. Howe omitted mentioning in its Hostile Letter a successful complaint Plaintiff brought to the attention of the California Architects Board (CAB) during that time period against employee and "architect" Martin Nardella. Mr. Nardella—holding himself out as an "architect" at Bert L. Howe for over 32 years—failed to register his affiliation with Bert L. Howe with CAB for 31 of those years in direct violation of Cal. Bus. & Prof. Code § 5558. See Exhibits 3

and 4. Plaintiff recounts another successful action that clarifies his involvement with Bert L. Howe. Well known by now, Risewell Homes, Inc. and TNHC Realty and Construction Inc. initially retained the services of Bert L. Howe as an expert to analyze the construction defects at 129 Oakstone under SB800. See SAC, Doc No. 130, ¶ 549. Recently, the Contractors State License Board (CSLB) issued a citation under Cal. Bus. & Prof. Code § 7109(a) to TNHC Realty and Construction Inc. for a departure from the trade standards–the exact standards Bert L. Howe was supposedly hired to scrutinize. See Exhibits 5 and 6. The stark contrast between CSLB's finding of citation-worthy defects and Bert L. Howe's report finding no defects proves Plaintiff's public oversight and skepticism of Bert L. Howe's credentials were indeed well-founded. See SAC, Doc No. 130, ¶ 560.

That the litigation was never seriously considered is further underscored by the fact that the attorney who drafted the Hostile Letter–Sean T. Kingston of Fisher & Phillips LLP (#276099)–does not even represent Bert L. Howe in this action. This supports the strong inference that the letter was deployed merely as an extrajudicial instrument of intimidation rather than a preliminary pleading drafted by litigation counsel. Moreover, in the thirteen to fourteen months since items 1-4 *supra*, the eleven months since their Hostile Letter, and the nine months that have

10

followed their notice of the litigation (see Doc. No. 27), Bert L. Howe has failed to file for a preliminary injunction or temporary restraining order under Fed. R. Civ. P. 65, failed to assert a single counterclaim under Fed. R. Civ. P. 13, and never followed up on their suspectless police report–even after allegedly knowing the identity of the perpetrator–all of which further support the idea that they never seriously contemplated litigation or police involvement and solely aimed to intimidate the Plaintiff. Under RGC Gaslamp, sitting inactive inside a live judicial forum for nearly a year completely torpedoes any claim of "good-faith consideration of litigation," stripping Bert L. Howe of the litigation privilege as a matter of law.

**B. Bert L. Howe's Participation in the Colorado Action is Not Protected By the Litigation Privilege**

Bert L. Howe relies on A.F. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc., 137 Cal.App.4th 1118, 1126 (2006) for why their conduct regarding the Colorado Action is protected by the litigation privilege:

> Further, the litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." p. 15

See MTS, Doc. No. 168-1, at 7. Bert L. Howe then offers a purely conclusory assertion that its "alleged participation in the Colorado litigation has 'some connection or logical relation to the action.'" *Id.* at 16. Bert L. Howe's motion leaves unexplained how the four criteria under <u>A.F. Brown</u> apply to its extrajudicial funneling of information to Toll Brothers, Inc. in the Colorado Action. Bert L. Howe fails all four elements as a matter of law:

1. **Not Made in a Judicial Proceeding by Bert L. Howe**: Bert L. Howe did not make the operative statements or filings in the Colorado Action—Toll Brothers, Inc. did. Bert L. Howe is accused of extrajudicially conspiring with Toll Brothers, Inc. to export Plaintiff's California consumer advocacy into a separate, out-of-state proceeding. An informal, off-the-record exchange of information to assist a third party's separate lawsuit is not a pleading or testimony made "in" a judicial proceeding.

2. **Bert L. Howe Was Not an Authorized Litigant or Participant**: When the Colorado Action was initiated, Bert L. Howe was neither a named plaintiff, a defendant, a formally designated expert witness, nor a subpoenaed declarant in that matter. Bert L. Howe was a complete legal stranger to that litigation.

3. **Does Not Achieve the Objects of the Litigation**: The stated object of the Colorado Action involves specialized intellectual property and trademark claims. Bert L. Howe has provided no explanation—nor could it—for how secretly proffering data regarding Plaintiff's California building-code oversight advances the resolution of an out-of-state trademark dispute.

4. **No Logical Relation to the Action**: Plaintiff's California oversight activities concerning Bert L. Howe's credentials have zero logical or factual connection to Toll Brothers' intellectual property claims in Colorado. Bert L. Howe's intermeddling was purely collateral, designed solely to intimidate and isolate Plaintiff across multiple forums.

Because Bert L. Howe fails every element of the four-factor test espoused in A.F. Brown, its extrajudicial coordination in the Colorado Action is not protected by Civil Code § 47(b) as a matter of law.

**C. The Hostile Letter Falsely Alleges Illegal Actions Committed by Plaintiff**

Bert L. Howe's Hostile Letter relies almost entirely on inventing conduct that Plaintiff never committed—"harassment." Its accusation is not supported by evidence, does not fit the statutory definitions of "harassment," and is contradicted by the SAC and exhibits included in this motion. Under controlling California

13

precedent, such fabricated allegations cannot form the basis of an anti-SLAPP motion.

In <u>Weinberg v. Feisel</u>,110 Cal.App.4th 1122 (2003), the Court of Appeal held that false accusations of criminal conduct are not protected activity and cannot support an anti-SLAPP motion. The Court explained:

> Simply stated, causes of action arising out of false allegations of criminal conduct, made under circumstances like those alleged in this case, are not subject to the anti-SLAPP statute. Otherwise, wrongful accusations of criminal conduct…would automatically be accorded the most stringent protections provided by law, without regard to the circumstances in which they were made—a result inconsistent with the purpose of the anti-SLAPP statute.

*Id*. at 1132–33. <u>Weinberg</u> expressly rejects the exact maneuver the Bert L. Howe attempts here. A defendant cannot fabricate a criminal accusation, use that fabrication as a shield, and then invoke anti-SLAPP protections to evade scrutiny.

Yet that is precisely what Bert L. Howe attempts. The Hostile Letter repeatedly asserts that Plaintiff committed "harassment," but offers no statutory citations, no evidence, and no application of facts to the elements. Instead, Bert L. Howe tries to convert ordinary regulatory petitioning into an invented crime or harm. This is not a good-faith legal argument; it is a prohibited use of anti-SLAPP as a sword to

silence a whistleblower. Bert L. Howe cannot bootstrap invented criminal allegations into protected activity, and their anti-SLAPP theory must be rejected.

**D. Bert L. Howe's Actions Fall Squarely Within the Purview of the Ralph Act**

Bert L. Howe baselessly invoked the threat of police involvement throughout their Hostile Letter, writing the following at various junctures:

1. "BHA is taking preventive measures in response to the foregoing conduct. The Company is working with local authorities, *having filed a police report*, and *is working through our office to obtain a restraining order*" (see Exhibit 221, Doc. No. 130-7, at 204 (emphasis added));

2. "Your harassing communications are unprofessional, unwelcome, and may subject you to serious legal liability for, among other things, defamation and tortious interference with business relationships…Such communications *violate California laws* prohibiting intimidation and harassment and…may constitute attempts to prevent or dissuade BHA employees from attending or testifying in pending litigation, *a violation of the California Penal Code*." (*ibid.* (emphasis added));

3. 'In the event you make, or attempt to make, any further contact with any Company employee, officer, director, or representative, the Company,

and/or these representatives individually, may pursue all available civil and *criminal remedies* against you to prohibit further contact" (*ibid.* (emphasis added)).

Bert L. Howe cites one case to support the outdated proposition that violations of California Civil Code § 51.7 (the Ralph Act) require proof of "threatened violent acts against" a plaintiff. See MTS, Doc. No. 168-1, at 9. However, the single case relied upon by Bert L. Howe, Campbell v. Feld Entm't, Inc., 75 F.Supp.3d 1193 (2014), predates the sweeping 2020 Assembly Bill 1775 amendments to the Act, which took effect on January 1, 2021.

Under California Code of Civil Procedure § 1858, a court's role in construing a statute is simply to ascertain and declare what is contained therein, "not to insert what has been omitted, or to omit what has been inserted." See Cal. Civ. Proc. Code § 1858; Vasquez v. State of California, 45 Cal. 4th 243, 253 (2008) (holding that the court's office is "not to change [a statute's] scope by reading into it language it does not contain or by reading out of it language it does"). While a historical judicial construction of a statute is authoritative as to what the text meant at the time of that decision, it does not preclude the Legislature from subsequently altering the law. Rivers v. Roadway Express, Inc., 511 U.S. 298, 305 (1994)

(noting that a legislative response may reflect a decision "that the old law should be amended, but only for the future"). Accordingly, where the Legislature has amended the operative language of a statute, the Court must apply the newly amended text rather than an outdated "judicial gloss" that construed an obsolete version of the law. Here, because the Legislature explicitly amended the Ralph Act via AB-1775 in 2020, the post-amendment statutory language controls, and any contrary pre-2021 case law relied upon by Defendants is legally obsolete. See Assemb. B. 1775, 2020 Cal. Stat. ch. 327 (amending Cal. Civ. Code § 51.7).

Here, the amended version of the Ralph Act clearly states that

> …"intimidation by threat of violence" includes…threatening to make a claim or report to a peace officer or law enforcement agency that falsely alleges that another person has engaged in unlawful activity…knowing that the claim or report is false, or with reckless disregard for the truth or falsity of the claim or report.

Cal. Civ. Code § 51.7(b)(2).

The weaponization of threatened "criminal penalties" in the Hostile Letter, falls squarely under the statutory definition of the amended Ralph Act. Furthermore, as established *supra*, the fact that the Bert L. Howe has completely abstained from seeking a preliminary injunction, temporary restraining order, or asserting counterclaims in this active civil forum for over nine months heavily supports the

inference that it well knows that its extrajudicial allegations of "harassment" are false, or that it is acting with a reckless disregard for the truth.

### E. Bert L. Howe Acted Because of Plaintiff's Political Affiliation

Bert L. Howe's assertion that its Hostile Letter "in no way implicated 'Plaintiff's political affiliation'" is contradicted by the contents of the Hostile Letter. See MTS, Doc. No. 168-1, at 9. The Ralph Act does not require proof that Bert L. Howe knew Plaintiff's formal party registration, ideological label, or membership in an organized political faction; it protects against violence or intimidation committed "because of political affiliation" and, critically, because one *perceives* a plaintiff to have a protected characteristic. See Cal. Civ. Code § 51.7(b)(1). The statute further provides that the listed protected bases are "illustrative rather than restrictive," underscoring that Bert L. Howe cannot escape liability by demanding a cramped, formalistic showing of notice untethered from the Act's language. *Ibid.* California courts construing analogous civil-rights protections have long recognized that "political affiliation" is not confined to formal party membership, but extends to political position, advocacy, and efforts to influence government action. Gay Law Students Ass'n v. Pac. Tel. & Tel. Co., 24 Cal. 3d 458, 487 (1979).

18

The record amply shows Plaintiff was engaged in quintessential political advocacy: he submitted formal complaints to the BPELSG, CAB, and CSLB. See SAC, ¶¶ 566 and Exhibits 3, 5, and 6. Urging governmental investigation is a paradigmatic form of political expression and public advocacy, not private grumbling. NAACP v. Button, 371 U.S. 415, 430–31 (1963); Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 510–11 (1972). Bert L. Howe had every commercial and regulatory incentive to silence that advocacy, because Plaintiff's complaints threatened public scrutiny, reputational harm, and potential compliance consequences for an inspection firm operating in a legal gray area. On this record, retaliatory motive may be inferred from the nature of the advocacy itself, the identity of the audience, and Bert L. Howe's obvious stake in suppressing criticism that exposed alleged code and regulatory infractions. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1062 (2002) (discriminatory intent may be proven by circumstantial evidence and reasonable inferences drawn from the record).

That inference is powerfully confirmed by Bert L. Howe's extrajudicial conduct in the separate Colorado Action. See ECF No. 1 (D. Colo.). The record shows that Bert L. Howe is not merely defending itself in the present case; it actively monitored Plaintiff's advocacy and then inserted themselves into supposedly

unrelated litigation to provide facts and disrupt Plaintiff's broader campaign of complaint-driven oversight. *Id.*, at 10–11, ¶¶ 45–52. That is not benign background awareness; it is circumstantial proof of a targeted effort to track, counter, and suppress Plaintiff's protected political activity across multiple forums. Courts routinely recognize that retaliatory animus may be established through unusual investigatory conduct, coordinated third-party action, and the broader pattern of hostility surrounding the protected activity. See generally <u>Allen v. Iranon</u>, 283 F.3d 1070, 1077–78 (2002); <u>Coszalter v. City of Salem</u>, 320 F.3d 968, 977–79 (2003). Bert L. Howe's intermeddling in the Colorado Action is therefore not collateral; it is a smoking gun showing knowledge, motive, and a coordinated campaign to suppress a homeowner-rights advocate whose protected petitioning and political criticism threatened Bert L. Howe's commercial interests.

**F. Bert L. Howe's Conduct Satisfies the Bane Act Because the Statute Requires Coercion or Intimidation, Not Actual Violence**

The Bane Act does not require Plaintiff to plead or prove actual violence. Its operative text reaches interference with rights "by threat, intimidation, or coercion," and the California Supreme Court has explained that section 52.1 applies to interference with rights so long as the defendant's conduct is

20

accompanied by those coercive means. Cal. Civ. Code § 52.1; Venegas v. County of Los Angeles, 32 Cal. 4th 820, 843 (2004) ("[P]laintiffs need not allege that defendants acted with discriminatory animus or intent, so long as those acts were accompanied by the requisite threats, intimidation, or coercion."). The Court of Appeal likewise held in Cornell v. City & County of San Francisco that where an unlawful arrest is properly pleaded and proved, "the egregiousness required by Section 52.1 is tested by whether the circumstances indicate the arresting officer had a specific intent to violate the arrestee's right to freedom from unreasonable seizure," not by whether the plaintiff proved a separate violent act. Cornell v. City & County of San Francisco, 17 Cal. App. 5th 766, 801-802 (2017) (rejecting a rule that would require "independent" coercion beyond an unlawful detention itself). Lastly, Shoyoye v. County of Los Angeles, 203 Cal. App. 4th 947, 948 (2012) discussed the statute's reach in terms of "more egregious conduct than mere negligence," showing the statute is about coercive interference with rights, not a violence-only tort. The question, then, is not whether Bert L. Howe physically struck Plaintiff, but whether they intentionally used intimidation or coercion to chill his complaints and suppress his protected activity.

Plaintiff has plausibly alleged that they did. Cease-and-desist letters do not become immune simply because they are written in the form of correspondence; when used as part of a retaliatory campaign to force Plaintiff to stop engaging in protected petitioning and oversight, they operate as coercive instruments. Section 52.1 reaches interference accomplished by "threat, intimidation, or coercion," and subdivision (k) confirms that "speech alone" is insufficient only in the narrow circumstances specified by the statute. Cal. Civ. Code § 52.1(k). Courts applying the Bane Act have recognized that coercive threats of adverse governmental consequences can satisfy the statute even without physical violence. Cornell, *supra*, 17 Cal. App. 5th at 801-02. If Bert L. Howe's letters were sent to intimidate Plaintiff into silence by threatening police involvement or other adverse consequences, that is coercive interference, not protected "speech alone." The statute does not immunize the use of legal-sounding threats to suppress complaints; it targets the coercive effect of that conduct.

Its involvement in the Colorado Action reinforces that conclusion. Intervening in, feeding facts into, or otherwise exploiting a separate lawsuit to burden, isolate, and discredit Plaintiff is not innocuous commentary; it is circumstantial evidence of a coordinated effort to intimidate him across multiple forums. California courts

permit Bane Act liability to be proved by the context and consequences of defendants' conduct, not by formal labels. <u>Venegas</u>, *supra*, 32 Cal. 4th at 843. On the pleaded facts, the Bert L. Howe's cease-and-desist letter and its extrajudicial participation in the Colorado Action plausibly constitute threats, intimidation, or coercion under section 52.1, and the Bane Act claim should proceed.

## IV. CONCLUSION

Bert L. Howe bases its motion on incomplete representations of the record and cites now superseded case law in the hope of overwhelming this court with irrelevant precedent and gravely distorted facts. And, while the litigation privilege might protect some, or even most, forms of speech, clearly, as Plaintiff has shown, Bert L. Howe's conduct does not fit into this usually broad category. As such, Bert L. Howe's special motion to dismiss should be DENIED.

Respectfully submitted,

_____ July 22, 2026

Jeffrey Gu, Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548

## CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Jeffrey Gu, certifies that this memorandum contains

3,721 words, which complies with the word limit of L.R. 11-6.1.

_____   July 22, 2026

Jeffrey Gu, Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548