Ira G. Rivin (Cal. State Bar No. 62530)
irivin@rutan.com
Philip D. Kohn (Cal. State Bar No. 90158)
pkohn@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendants
JEFFREY MELCHING and JESSICA SANDERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GU,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF IRVINE; JESSICA SANDERS; JEFFREY MELCHING; TRINITY PHAM; WILLIAM GO; IRVINE POLICE DEPARTMENT; OFFICERS JANE & JOHN DOE (1-10); THE NEW HOME COMPANY INC.; THE NEW HOME COMPANY SOUTHERN CALIFORNIA LLC; TNHC REALTY AND CONSTRUCTION INC.; BERT L. HOWE & ASSOCIATES, INC.; TOLL BROTHERS, INC.; TB PROPRIETARY CORP.; and TOLL SOUTHWEST LLC,<br><br>Defendants. | Case No. 8:25-cv-02134-VBF-DSR<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS JEFFREY MELCHING AND JESSICA SANDERS TO DISMISS SECOND AMENDED COMPLAINT AGAINST SAID DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**FED. R. CIV. P. 12(b)(6)**<br><br>[Filed concurrently with the Declaration of Ira G. Rivin and Proposed Order]<br><br>Hearing Date: August 25, 2026<br>Time: 10:00 a.m.<br> Courtroom: 690 (in Roybal Bldg.)<br><br>Magistrate Judge Daniel S. Roberts |

/ / /

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
23983349.6 a07/22/26

-1-
NOTICE OF MOTION, MOTION AND MEMORANDUM OF DEFENDANTS
JEFFREY MELCHING AND JESSICA SANDERS TO DISMISS SAC

# NOTICE OF MOTION

TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 25, 2026, at 10:00 a.m. or as soon thereafter as may be heard, in Courtroom 690 of Roybal Federal Building, located at 255 East Temple Street, Los Angeles, CA 90012, Defendants Jeffrey Melching and Jessica Sanders will – and hereby do – move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the Second Amended Complaint filed in this action (ECF No. 130) against said defendants on the ground that the allegations contained in each of the four claims for relief asserted against the fail to state a claim upon which relief may be granted against them. Specifically, this Motion seeks to dismiss the following claims (referred to in the Second Amended Complaint as "Counts"):

- Count 3: Violation of the First Amendment Freedom to Petition the Government pursuant to 42 U.S.C. § 1983;
- Count 4: Violation of Fourteenth Amendment Procedural Due Process pursuant to 42 U.S.C. § 1983;
- Count 5: Violation of the Bane Act (Cal. Civ. Code § 52.1); and
- Count 7: Violation of the Ralph Civil Rights Act of 1976 (Cal. Civ. Code § 51.7).

The City Attorney Defendants base their Motion to Dismiss upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and records on file in this action, and any other oral or documentary evidence and argument that may be presented to the Court in support of this Motion.

/ / /

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
23983349.6 a07/22/26

-2-

NOTICE OF MOTION, MOTION AND MEMORANDUM OF DEFENDANTS
JEFFREY MELCHING AND JESSICA SANDERS TO DISMISS SAC

This Motion is made following the conference of counsel for the City Attorney Defendants and Plaintiff pursuant to Local Rule 7-3, which took place telephonically on July 15, 2026.

Dated:  July 22, 2026

RUTAN & TUCKER, LLP
IRA G. RIVIN
PHILIP D. KOHN

By: _____
Ira G. Rivin
Attorneys for Defendants JEFFREY MELCHING and JESSICA SANDERS

-3-

NOTICE OF MOTION, MOTION AND MEMORANDUM OF DEFENDANTS
JEFFREY MELCHING AND JESSICA SANDERS TO DISMISS SAC

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
23983349.6 a07/22/26

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION .................................................................................8

II.   OVERVIEW OF RELEVANT FACTS AND CLAIMS ..........................9

      A.   Facts Alleged in SAC ................................................................9

      B.   Plaintiff's Claims Against The City Attorney Defendants ................11

III.  ARGUMENT .....................................................................................13

      A.   Legal Standard on Motion To Dismiss ........................................13

      B.   Plaintiff's First Amendment Right to Petition Claim
           (Count 3) and Fourteenth Amendment Procedural Due
           Process Claim (Count 4) Under Section 1983 Against the
           City Attorney Defendants Should be Dismissed ...............................13

           1.   The Section 1983 Claims Against the City Attorney
                Defendants in their Official Capacities Should be
                Dismissed Because the City Has Also Been Sued ...................13

           2.   The First Amendment Claim Under Section 1983
                (Count 3) Should Be Dismissed as to the City
                Attorney Defendants For Failure to Allege the
                Deprivation of a Constitutional Right .....................................14

           3.   The Procedural Due Process Claim (Count 4) Must
                Be Dismissed as to the City Attorney Defendants
                For Failure To Plead Deprivation of a Liberty or
                Property Interest Protected By the Fourteenth
                Amendment..................................................................16

           4.   Qualified Immunity Requires Dismissal of the
                Section 1983 Claims Against the City Attorney
                Defendants in Their Personal Capacities...............................18

      C.   Plaintiff's Claims Against the City Attorney Defendants
           for Violations of the Bane Act (Count 5) and the Ralph
           Act (Count 7) Should be Dismissed.........................................22

IV.   CONCLUSION ...............................................................................24

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
23983349.6 a07/22/26

-4-

NOTICE OF MOTION, MOTION AND MEMORANDUM OF DEFENDANTS
JEFFREY MELCHING AND JESSICA SANDERS TO DISMISS SAC

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ............................................................................................ 13, 23

*By & Through Lovell v. Poway Unified Sch. Dist.,*
90 F.3d 367 (9th Cir. 1996) ...................................................................................... 18

*Campbell v. Burt,*
141 F.3d 927 (9th Cir. 1998) .................................................................................... 18

*Campbell v. Feld Entertainment, Inc.,*
75 F.Supp.3d 1193 (N.D. Cal. 2014) ........................................................................ 23

*Captain Andy's Sailing, Inc. v. Johns,*
195 F.Supp.2d 1157 (D. Haw. 2001) ........................................................................ 16

*City of Renton v. Playtime Theaters, Inc.,*
475 U.S. 41 (1986) .................................................................................................... 15

*Hafer v. Melo,*
502 U.S. 21 (1991) .................................................................................................... 18

*Lacey v. Maricopa Cnty.,*
693 F.3d 896 (9th Cir. 2012) ....................................................................... 19, 20, 21

*Mathews v. Eldridge,*
424 U.S. 319 (1976) .................................................................................................. 16

*McBurney v. Young,*
569 U.S. 221 (2013) .................................................................................................. 17

*Mullenix v. Luna,*
577 U.S. 7 (2015) ................................................................................................ 18, 19

*National Rifle Association of America v. City of Los Angeles,*
441 F.Supp.3d 915 (C.D. Cal. 2019) ........................................................................ 14

*Ordonez v. Stanley,*
495 F.Supp.3d 855 (E.D. Cal. 2020) ........................................................................ 22

Rutan & Tucker, LLP
attorneys at law

-5-

106/007072-0364
23983349.6 a07/22/26

NOTICE OF MOTION, MOTION AND MEMORANDUM OF DEFENDANTS
JEFFREY MELCHING AND JESSICA SANDERS TO DISMISS SAC

**Page(s)**

**FEDERAL CASES (CONT.)**

*Portman v. Cnty. of Santa Clara,*
995 F.2d 898 (9th Cir. 1993) ...................................................................... 16

*Shaw v. City of Portola,*
2025 WL 3237888 (E.D. Cal. Nov. 20, 2025) ............................................ 16

*Vance v. County of Santa Clara,*
928 F.Supp. 993 (N.D. Cal. 1996) .......................................................... 13, 14

*We the People Foundation, Inc. v. U.S.,*
485 F.3d 140 (D.C. Cir. 2007) .................................................................... 16

*White v. Lee,*
227 F.3d 1214 (9th Cir. 2000) ......................................................... 19, 20, 21

*Wright v. Beck,*
981 F.3d 719 (9th Cir. 2010) ...................................................................... 18

**CALIFORNIA CASES**

*Animal Prot. & Rescue League, Inc. v. Cnty of Riverside,*
111 Cal.App.5th 914 (2025) ........................................................................ 23

*Ramirez v. Wong,*
188 Cal.App.4th 1480 (2010) ................................................................. 23, 24

*Simpson v. Municipal Court,*
14 Cal.App.3d 591 (1971) ........................................................................... 19

*Vargas v. City of Salinas,*
200 Cal.App.4th 1331 (2011) ...................................................................... 14

**FEDERAL STATUTES**

42 U.S.C. section 1983 ................................................ 8, 11, 13, 14, 16, 17, 18, 21

Rutan & Tucker, LLP
attorneys at law

-6-

106/007072-0364
23983349.6 a07/22/26

NOTICE OF MOTION, MOTION AND MEMORANDUM OF DEFENDANTS
JEFFREY MELCHING AND JESSICA SANDERS TO DISMISS SAC

**Page(s)**

CALIFORNIA STATUTES

Civil Code
    section 51.7 ............................................................................8, 12, 22, 23, 24
    section 51.7(b)(1) ...............................................................................................23
    section 52.1 ..................................................................................8, 12, 22, 23
    section 52.1(b) ....................................................................................................22
    section 52.1(c) ....................................................................................................22
    section 52.1(k) ....................................................................................................22

FEDERAL RULES

Federal Rules of Civil Procedure
    rule 8(a)(2) .........................................................................................................13
    rule 12(b)(6) .............................................................................................9, 13, 23

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
23983349.6 a07/22/26

NOTICE OF MOTION, MOTION AND MEMORANDUM OF DEFENDANTS
JEFFREY MELCHING AND JESSICA SANDERS TO DISMISS SAC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Jeffrey Gu ("Plaintiff") has filed a 184-page Second Amended Complaint (the "SAC"), accompanied by nearly 3,000 pages of exhibits (ECF No. 130), against the City of Irvine, several of its officials and employees (including City Attorney Jeffrey Melching and Deputy City Attorney Jessica Sanders (jointly, the "City Attorney Defendants")), and private homebuilders and their related entities.  Plaintiff asserts a variety of claims under federal and state law and seeks declaratory and injunctive relief, compensatory, statutory and punitive damages, and attorneys' fees and costs.

Plaintiff alleges four claims for relief (each referenced in the SAC as a separate "Count") against the City Attorney Defendants, in both their official and personal (or individual) capacities, specifically: (1) Count 3 for Violation of the First Amendment freedom to petition the government pursuant to 42 U.S.C. § 1983 ("Section 1983"), (2) Count 4 for Violation of Fourteenth Amendment Procedural Due Process pursuant to Section 1983, (3) Count 5 for Violation of the Bane Act (Cal. Civ. Code § 52.1), and (4) Count 7 for Violation of the Ralph Civil Rights Act of 1976 (Cal. Civ. Code § 51.7).

The principal backdrop of the SAC is Plaintiff's allegations against homebuilders in Colorado and California for construction-related defects and the assertion of "systemic collusion between private builders, their legal counsel, and municipal officials."  ECF No. 130 at p. 6:18-19.  The claims directed at the City Attorney Defendants stem almost exclusively from a pair of cease-and-desist letters sent by the Irvine City Attorney's Office in response to Plaintiff's actions causing significant disruption to the operations of the city and raising concerns regarding the safety and wellbeing of city staff.  With certain exceptions, the letters instructed Plaintiff to confine his future communications regarding city-related matters to email to the City Attorney's Office.

As demonstrated below, and in accordance with Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(6), the four Counts alleged against the City Attorney Defendants should all be dismissed on the ground that each fails to set forth a claim upon which relief can be granted. None states facts sufficient to establish any violation of federal or state laws.

## II.   OVERVIEW OF RELEVANT FACTS AND CLAIMS

### A.   Facts Alleged in SAC

Plaintiff, a resident of Colorado (ECF No. 130 at pp. 8:17-9:1), complains of "a coordinated system among national homebuilders, their counsel, and municipal actors designed to conceal responsibility, evade regulation, and retaliate against those who expose inconvenient truths." *Id*., at pp. 4:25-5:2.

The genesis of Plaintiff's lawsuit is his dispute with various private defendants related to his purchase and the construction of a home in Colorado (*see* ECF No. 130 at ¶¶ 34-35, 51-203), something wholly unrelated to the City of Irvine or the City Attorney Defendants. Foreshadowing his later interactions with the City of Irvine, Plaintiff had a combative relationship with the City of Wheat Ridge, Colorado, regarding harassing contacts and demands he made concerning that dispute – including allegations that city officials (1) required his communications to be in writing, (2) would not respond to his telephone calls, and (3) regularly ignored his inquiries. *See id*. at ¶¶ 204-244.

The SAC then switches gears to reference the sale and construction of a home in the City of Irvine purchased by Plaintiff's parents, who are not parties to this action. ECF No. 130 at ¶¶ 492-503. Like the Colorado-based dispute, Plaintiff confronted his parents' homebuilder with construction-related complaints. *See id*. at ¶¶ 544-548. In response, the homebuilder accused Plaintiff of harassment and misconduct and reserved the right to pursue appropriate civil and criminal remedies against him. *Id*. at ¶¶ 572-575, 596-598.

/ / /

Plaintiff next turned his attention to the City of Irvine, engaging in a series of interactions with city employees to complain about the construction of his parents' home and make multiple requests for information about the homebuilder.  *See* ECF No. 130 at ¶¶ 609-616, 634-636.  He then telephoned the office of a city councilmember and spoke with Trinity Pham in that office concerning "permitting failures, code violations, and lack of qualifications of certain [building department] employees."  *Id*. at ¶¶ 638-642.  After that call, Plaintiff alleges he was contacted by a city police officer, who asked whether Plaintiff had made threatening statements to Ms. Pham, which Plaintiff did not expressly deny.  *Id*. at ¶¶ 645-652 (he "did not remember").  Plaintiff followed up this conversation with calls to city departments to inquire about Ms. Pham and her employment and also sought information about another employee and the previous call from the police department.  *Id*. at ¶¶ 658-669.

Soon afterward, Deputy City Attorney Sanders emailed a letter to Plaintiff on behalf of the city, stating that the City Attorney's Office "has been advised that your recent actions and contact with City staff have caused a significant disruption to the operations of the City and have raised concerns regarding the safety and wellbeing of City staff."  ECF No. 130 at ¶¶ 681-683 and Exh. 217.  The letter described Plaintiff's reported conduct in detail and instructed Plaintiff to (1) cease and desist from further direct contact with city staff and offices, and (2) with certain exceptions, including the ability to attend public meetings conducted by the city, confine his communications regarding city-related matters to email to the City Attorney's Office.  *Id*.  The letter further stated:

> "Any direct correspondence to City staff will be forwarded to [the City Attorney's Office] for review and response as appropriate. Unless deemed necessary or appropriate, you will not receive direct responses from City staff in response to your inquiries or requests.    . . .  Failure to comply with this demand may result in

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
23983349.6 a07/22/26

NOTICE OF MOTION, MOTION AND MEMORANDUM OF DEFENDANTS JEFFREY MELCHING AND JESSICA SANDERS TO DISMISS SAC

further legal action to protect the safety and operations of the city and its employees."

*Id*. Two days later, Plaintiff emailed a reply to Ms. Sanders, copied to members of the City Council and other city employees. ECF No. 130 at ¶ 689. The following day, Plaintiff submitted a Claim for Damages against the city in the amount of $5.7 million. *Id*. at ¶ 691.

After subsequent actions by Plaintiff, Deputy City Attorney Sanders sent him a second cease-and-desist letter, stating that "[d]espite the clear instructions to direct all correspondence exclusively through me by email, it has come to our attention that you continue to harass multiple City staff, contractors, and offices via persistent emails and phone calls, including calls where you have researched and raised the respondent's personal details on social media." ECF No. 130 at ¶¶ 706-712 and Exh. 227. The letter reminded Plaintiff (1) to email the City Attorney's Office with any communications rather than directly contacting city employees and (2) that a failure to comply with that instruction would lead to a consideration of possible legal action to protect the city's interests. *Id*.

**B.    Plaintiff's Claims Against The City Attorney Defendants**

Plaintiff's Count 3, brought under Section 1983, alleges the City Attorney Defendants and other defendants "deprived [him] . . . of his First Amendment right to petition the government for redress of grievances." ECF No. 130 at p. 150:11-12. In particular, Plaintiff contends the City Attorney Defendants "acted under color of state law" and that the cease-and-desist letters sent by the City Attorney's Office "chilled, burdened, and effectively prohibited Plaintiff from lawfully communicated with elected officials and public employees about matters involving permitting irregularities and building-code violations in hundreds of homes." *Id*. at pp. 150:8-151:2.

Count 4 of the SAC, also brought under Section 1983 against the City Attorney Defendants and others, alleges Plaintiff was deprived "of freedom from

arbitrary government intimidation and implied criminal sanction without providing adequate notice, explanation, or an opportunity to be heard." ECF No. 130 at p. 156:4-7. In particular, Plaintiff contends the City Attorney Defendants "acted under color of state law" in sending cease-and-desist letters from the City Attorney's Office and that such actions deprived him of his rights "without any notice, hearing, or lawful basis." *Id*. at p. 158:11-16. With little explanation, Plaintiff also alleges the City Attorney Defendants violated his procedural due process rights with regard to the processing of his requests to the City of Irvine under the California Public Records Act. *E.g., see id*. at 161:6-8.

Count 5, once again asserted against the City Attorney Defendants and others, is brought under California Civil Code § 52.1 (the "Bane Act") and alleges defendants "interfered with and attempted to interfere with Plaintiff's exercise of protected rights through coordinated threats, intimidation, and coercive conduct." ECF No. 130 at p. 166:9-11. In particular, Plaintiff contends the City Attorney Defendants participated in this alleged violation by sending the cease-and-desist letters – thereby purportedly interfering with his right to petition government officials. *Id*. at pp. 166:13-167:4.

Finally, Count 7 of the SAC asserts claims against the City Attorney Defendants and others under California Civil Code § 51.7 (the "Ralph Act"), alleging the City Attorney Defendants interfered with his right to petition government officials by sending cease-and-desist letters that somehow constituted violence or threats of violence because of Plaintiff's political affiliation – "specifically his role as an advocate for government oversight, his political grievances regarding municipal corruption, and his protected investigations of construction activity and entities." ECF No. 130 at p. 178:3-16.

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
23983349.6 a07/22/26

-12-
NOTICE OF MOTION, MOTION AND MEMORANDUM OF DEFENDANTS
JEFFREY MELCHING AND JESSICA SANDERS TO DISMISS SAC

## III. ARGUMENT

### A. Legal Standard on Motion To Dismiss

Under FRCP 12(b)(6), a party may file a motion to dismiss a complaint when it "fail[s] to state a claim upon which relief can be granted." A complaint must "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under FRCP 12(b)(6), the complaint "does not require a 'detailed factual allegation,' but it 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting *Bell Atlantic Corp.*, 550 U.S. at 570). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.*

### B. Plaintiff's First Amendment Right to Petition Claim (Count 3) and Fourteenth Amendment Procedural Due Process Claim (Count 4) Under Section 1983 Against the City Attorney Defendants Should be Dismissed.

#### 1. The Section 1983 Claims Against the City Attorney Defendants in their Official Capacities Should be Dismissed Because the City Has Also Been Sued.

"In an official-capacity suit, the government entity is the real party in interest and the plaintiff must show that the entity's policy or custom played a part in the federal law violation." *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996) (citation omitted). "***If individuals are being sued in their official***

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
23983349.6 a07/22/26

NOTICE OF MOTION, MOTION AND MEMORANDUM OF DEFENDANTS JEFFREY MELCHING AND JESSICA SANDERS TO DISMISS SAC

*capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed*." *Id*. (citation omitted, emphasis added); *National Rifle Association of America v. City of Los Angeles*, 441 F.Supp.3d 915, 944 (C.D. Cal. 2019) (citing *Vance*, *supra*, 928 F.Supp. at 996).

Here, the City Attorney Defendants are purportedly sued in both their individual and official capacities. ECF No.130 at p. 9:5-12. They are alleged to have acted under color of state law in connection with Plaintiff's Section 1983 claims. *Id*. at pp. 150:8-10, 156:1-3. Plaintiff also names the City of Irvine as a defendant. *Id*. at p. 9:3-4. Consequently, the Court should dismiss the Section 1983 claims against the City Attorney Defendants in their official capacity because these claims are "duplicative" of Plaintiff's claims against the City as the entity ultimately liable for the City Attorney Defendants' conduct in their official capacity.

**2.      The First Amendment Claim Under Section 1983 (Count 3) Should Be Dismissed as to the City Attorney Defendants For Failure to Allege the Deprivation of a Constitutional Right.**

The City Attorney Defendants acknowledge that "[t]he right to petition the government for redress of grievances is protected by both the federal and state Constitutions." *Vargas v. City of Salinas*, 200 Cal.App.4th 1331, 1342 (2011) (citing U.S. Const., amend. I and Cal. Const., art. I, § 3). "While the right of petition is accorded a paramount and preferred place in our democratic system, the right has never been absolute." *Id.* (citations and internal quotations omitted). "Reasonable, narrowly drawn restrictions designed to prevent abuse of the right can be valid." *Id*. (citing *Wolfgram v. Wells Fargo Bank*, 53 Cal.App.4th 43, 56 (1997)). Content-neutral time, place and manner restrictions are commonly accepted under First Amendment jurisprudence as long as they are designed to serve a substantial governmental interest and do not unreasonably limit alternative avenues of

/ / /

communication.  E.g. *City of Renton v. Playtime Theaters, Inc.*, 475 U.S. 41, 47 (1986).

Plaintiff alleges the City Attorney Defendants violated his First Amendment right to petition by issuing cease-and-desist letters that instructed him to direct communications to city officials and employees through the City Attorney's Office. ECF No. 130 at pp. 150:13-151:2.  Such instructions were plainly reasonable restrictions under the circumstances described in the SAC (and in the letters themselves, which are included among the exhibits to the SAC) and did not foreclose Plaintiff's ability to convey his concerns to the City of Irvine. Additionally, the letters expressly stated that Plaintiff was free to attend public meetings conducted by the city; and Plaintiff was not restricted from speaking at such meetings.

The stated basis for the directive was the city's concerns regarding the safety of such individuals and undue burdens placed on staff time and resources in responding to Plaintiff's numerous communications.  *See, e.g.*, *id*. at ¶¶ 683, 707 and Exhs. 217, 227 (City's first cease-and-desist letter characterizing Plaintiff's "repeated calls and attempts to contact [City employee] and requests for her personal contact information [as] inappropriate and not related to any legitimate request for service or information from the City"); (City's second cease-and-desist letter characterizing Plaintiff's behavior as "disruptive and threatening").  These municipal interests and concerns are undeniably legitimate and substantial, and Plaintiff was left with the ability to freely let the city know what might be on his mind by contacting the City Attorney's Office in writing.

Plaintiff erroneously claims the city also violated his First Amendment right to petition because of the lack of a response to his email communications to city officials.  ECF No. 130 at p. 151:3-9.  The right to petition via communications to public officials does not include a corresponding right to a response from, or even

/ / /

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
23983349.6 a07/22/26

NOTICE OF MOTION, MOTION AND MEMORANDUM OF DEFENDANTS JEFFREY MELCHING AND JESSICA SANDERS TO DISMISS SAC

official consideration by, public officials to such communications. *See, e.g., We the People Foundation, Inc. v. U.S.*, 485 F.3d 140, 143 (D.C. Cir. 2007).

Because (1) the City of Irvine's governmental concerns with Plaintiff's actions were substantial, (2) Plaintiff was expressly afforded an avenue of contact for communicating any questions or concerns he might have to the city through the City Attorney's Office, and (3) the city had no duty to respond to any such communications, Plaintiff was not deprived of any right protected under the First Amendment.

### 3. The Procedural Due Process Claim (Count 4) Must Be Dismissed as to the City Attorney Defendants For Failure To Plead Deprivation of a Liberty or Property Interest Protected By the Fourteenth Amendment.

"Procedural due process imposes constraints on governmental decisions [that] deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "Procedural due process ensures that a state will not deprive a person of life, liberty, or property unless fair procedures are used in making that decision." *Captain Andy's Sailing, Inc. v. Johns*, 195 F.Supp.2d 1157, 1176 (D. Haw. 2001). "A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993); *see Shaw v. City of Portola*, 2025 WL 3237888 at *9 (E.D. Cal. Nov. 20, 2025).

Plaintiff asserts the City Attorney Defendants, "acting under color of state law, violated Plaintiff's Fourteenth Amendment right to due process by issuing a cease-and-desist letter dated August 5, 2025, that imposed sweeping restrictions on Plaintiff's ability to contact [City of Irvine] officials, departments, and staff without any notice, hearing, or lawful basis." ECF No.130 at p. 158:11-16. He adds the

bare assertion that the City of Irvine "maintains a policy or custom of issuing 'cease-and-desist' directives that bypass all procedural due process requirements – including notice and the right to a hearing [that] allows unelected city attorneys to unilaterally strip residents of their First Amendment right to petition government agencies based on pretextual and uninvestigated 'safety' concerns." ECF No. 130 at p. 164:10-16.

Irrespective of whether his right to harass city officials constitutes a "liberty" that falls within the protections of the Fourteenth Amendment, the allegations in the SAC fail to establish a ***deprivation*** of that right for purposes of invoking any procedural due process rights under the Amendment. As demonstrated above in Section III.B.2, the restrictions imposed by the cease-and-desist letters are *de minimis* and reasonable inasmuch as (1) substantial governmental concerns underlie and justify those limitations and (2) Plaintiff was expressly afforded an avenue of communication with the city for any city-related matters he might raise through the City Attorney's Office.

Plaintiff separately asserts in conclusory fashion that the City of Irvine's delay in producing documents under the Public Records Act constituted a deprivation of "procedural due process under the Fourteenth Amendment, compounding earlier denials of fair notice and opportunity to be heard." ECF No. 130 at p. 161:6-8. Plaintiff's rights under California's Public Records Act clearly create no "liberty" or "property interest" protected under the Fourteenth Amendment. *See McBurney v. Young*, 569 U.S. 221, 232 (2013) ("This Court has repeatedly made clear that there is no constitutional right to obtain all the information provided by [Freedom of Information Act] laws") (quoting *Houchins v. KQED, Inc.*, 438 U.S. 1, 14 (1978) (plurality opinion) ("The Constitution itself is [not] a Freedom of Information Act")).

More specifically, the Public Records Act is a state statute that does not itself create rights enforceable under Section 1983, which merely provides remedies for

Rutan & Tucker, LLP
attorneys at law

-17-

106/007072-0364
23983349.6 a07/22/26

NOTICE OF MOTION, MOTION AND MEMORANDUM OF DEFENDANTS
JEFFREY MELCHING AND JESSICA SANDERS TO DISMISS SAC

infringement of rights protected by the federal constitution or laws. *By & Through Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 371 (9th Cir. 1996). A violation of state law is not actionable under Section 1983 unless it causes the deprivation of a constitutionally or federally protected right. *Id.; see also Campbell v. Burt,* 141 F.3d 927, 930 (9th Cir. 1998).

In summary, Plaintiff fails to state an actionable Section 1983 claim for violation of any due process rights under the Fourteenth Amendment inasmuch as his allegations do not establish an impermissible deprivation of any constitutional or federally protected rights. Accordingly, Count 4 for alleged Procedural Due Process violations should be dismissed as to the City Attorney Defendants.

**4.    Qualified Immunity Requires Dismissal of the Section 1983 Claims Against the City Attorney Defendants in Their Personal Capacities**

A suit against a public official in one's personal (or "individual") capacity under Section 1983 "seek[s] to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "While the plaintiff in a personal-capacity suit need not establish a connection to governmental 'policy or custom,' officials sued in their personal capacities . . . may assert personal immunity defenses such as objectively reasonable reliance on existing law." *Id*. (citing *Kentucky v. Graham*, 473 U.S. 159, 166–167 (1985)).

Notably, qualified immunity is available when government officials are sued in their individual capacity. *Wright v. Beck*, 981 F.3d 719, 737 (9th Cir. 2010) (quoting *Cmty. House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 965 (9th Cir. 2010)). "The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (citations and internal quotations omitted). A right is "clearly

established" for the purposes of qualified immunity when it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id*. (citation and internal quotations omitted). "Put simply, qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id*. at 12 (quoting *Malley v. Briggs*, 475 U.S. 335 (1986)).

Here, Plaintiff alleges constitutional violations arising out of the cease-and-desist letters he received from the City Attorney's office. ECF No. 130 at pp. 150:13-151:2, 158:10-159:9. As noted above, those letters were sent as a consequence of stated concerns for the safety of city officials and employees and the use of staff time to respond to repeated and intrusive requests for information. *See* ECF No.130 at ¶¶ 683, 707 and Exhs. 217, 227. Plaintiff contends these letters violated the First Amendment. For the reasons described above, they did not.

Even assuming for the sake of argument, however, any uncertainty over whether the letters violated the First Amendment, the City Attorney Defendants would still have qualified immunity from being sued in their individual capacities. The reason is straightforward: under no circumstances does sending such letters violate "clearly established" statutory or constitutional rights of which every reasonable person would have known. *Mullenix*, *supra*, 577 U.S. at 11; *see also Simpson v. Municipal Court*, 14 Cal.App.3d 591, 594, 598 (1971).

During the telephonic "meet-and-confer" conference preceding this Motion, Plaintiff mentioned *White v. Lee*, 227 F.3d 1214 (9th Cir. 2000) and *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) as undermining the availability of qualified immunity in this case. Both cases are readily distinguishable and actually highlight the situations in which qualified immunity can be lost.

In *White*, HUD officials conducted an eight-month investigation into the activities and beliefs of neighbors who opposed the conversion of a motel into multi-family housing. 227 F.3d at 1220. Elaborating on the defendants' conduct, the court observed that:

[d]uring the course of the investigation, HUD officials (1) questioned the neighbors under threat of subpoena about their views and public statements regarding the challenged project, (2) directed them to produce an array of documents and information, including all involved parties' names, addresses, and telephone numbers and all correspondence or other documents relating to their efforts in opposition to the project, (3) informed them and a major metropolitan newspaper that they had violated the Fair Housing Act, and (4) advised them to accept a 'conciliation proposal' that required them to cease all litigation and the distribution of 'discriminatory' newsletters and flyers."

*Id.*   National HUD officials later determined the neighbors had not violated the Fair Housing Act and had engaged in protected First Amendment activity.  *Id.*

The neighbors subsequently filed suit against the HUD officials in their individual capacities, claiming First Amendment violations.  The officials asserted qualified immunity as a defense.  *White*, *supra*, 227 F.3d at 1220.  The court rejected the defense, finding the challenged actions clearly egregious and concluding that no reasonable government official could have believed such conduct was lawful.  *Id*. at 1238-1239.

In *Lacey,* a local newspaper (the "New Times") and its co-owners filed suit challenging actions by the county sheriff, special counsel, and county attorney in investigating, prosecuting, and arresting the plaintiffs for publishing articles critical of the sheriff.  693 F.3d at 907–910.  The special prosecutor:

"issued broad, invalid subpoenas demanding that the paper reveal its sources, disclose its reporters' notes, and reveal information about anyone who visited the website; [the special prosecutor's] motions for arrest warrants, contempt findings, and fines show that he meant the *New Times* to fear them as valid. He did not wait for

Rutan & Tucker, LLP
attorneys at law

-20-

106/007072-0364
23983349.6 a07/22/26

NOTICE OF MOTION, MOTION AND MEMORANDUM OF DEFENDANTS
JEFFREY MELCHING AND JESSICA SANDERS TO DISMISS SAC

the warrants or other official approval before authorizing [the county sheriff's] 'Selective Enforcement Unit' to arrest [the plaintiffs] at their homes."

*Id.* at 917. The special prosecutor undertook "to have [the plaintiffs] arrested the same day the New Times published an article critical of his investigation" without probable cause. *Id*. As did the court in *White*, the *Lacey* court found the alleged conduct to be egregious and undeniably violative of clearly established rights. *Id*. at 917-922; *see also* pp. 922-926. The actions of the City Attorney Defendants as alleged in the SAC do not remotely approach the egregious conduct of the defendants in *White* and *Lacey.*

As noted in Section III.B.3 above, Plaintiff also suggests in passing that the City Attorney Defendants infringed his procedural due process rights and thereby violated Section 1983 in relation to the City of Irvine's actions responding to his requests pursuant to the California Public Records Act. ECF No. 130 at pp. 160:4-161:8. For the reasons previously stated, Plaintiff cannot state a valid Section 1983 claim based on such allegations. In addition, the City Attorney Defendants are shielded by qualified immunity from being sued in their individual capacities for such claims since no clearly established law would have placed a reasonable official on notice that his or her delay in responding to the Public Records Act would violate a clearly established constitutional or statutory right.

In summary, the Court should find that the broad protections of qualified immunity apply to all of Plaintiff's allegations under Section 1983 against the City Attorney Defendants in their individual (or personal) capacities and, accordingly, dismiss these claims.

/ / /

/ / /

/ / /

/ / /

**C.     Plaintiff's Claims Against the City Attorney Defendants for Violations of the Bane Act (Count 5) and the Ralph Act (Count 7) Should be Dismissed.**

A valid cause of action under the <u>Bane Act</u> arises when a person, "whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ. Code § 52.1(b), (c); *see Ordonez v. Stanley*, 495 F.Supp.3d 855, 865 (E.D. Cal. 2020). By the statute's own terms, "[s]peech alone is not sufficient to support an action" under the Bane Act. Rather, a plaintiff must make "a showing that the speech itself *threatens violence* against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, *violence* will be committed against them or their property and that the person *threatening violence* had the apparent ability to carry out the threat." Cal. Civ. Code § 52.1(k) (emphasis added).

In support of his Bane Act claim, Plaintiff asserts the City Attorney Defendants have "weaponize[d] [the] legal process and official authority to punish speech and advocacy." ECF No. 130 at p. 168:8-10. Plaintiff further alleges that the City Attorney Defendants "utilized the Irvine Police Department as a coercive instrument to intimidate Plaintiff into ceasing his lawful regulatory inquiries and CPRA requests." ECF No. 130 at p. 170:7-9. Even such inflammatory allegations fall short of the standard expressed in the statute. Plaintiff fails to allege any facts that the City Attorney Defendants' purported involvement with the conduct of Irvine Police Department personnel entailed violence or threats of violence directed to Plaintiff.

Plaintiff also baselessly alleges that City Attorney Defendants engaged in a "coordinated effort" to withhold documents in responding to his Public Records Act

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
23983349.6 a07/22/26

-22-

NOTICE OF MOTION, MOTION AND MEMORANDUM OF DEFENDANTS
JEFFREY MELCHING AND JESSICA SANDERS TO DISMISS SAC

requests. *Id*. at p. 171:8-10. Such "'naked assertion[s]' devoid of 'further factual enhancement'" fall well below the standard for stating a Bane Act claim sufficient under FRCP Rule 12(b)(6). *See Ashcroft*, *supra*, 556 U.S. at 678 (quoting *Bell Atlantic Corp.*, *supra*, 550 U.S. at 557). And, once again, such allegations fail to establish that the City Attorney Defendants engaged in violence or threats of violence against Plaintiff. The Bane Act claim (Count 5) must be dismissed.

Under the <u>Ralph Act</u>, individuals "have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation . . . or because another person perceives them to have one or more [protected] characteristics." Cal. Civ. Code § 51.7(b)(1). A valid Ralph Act claim requires that the defendant committed or threatened a violent act against the plaintiff. *Campbell v. Feld Entertainment, Inc.*, 75 F.Supp.3d 1193, 1205 (N.D. Cal. 2014) (requirement of "some physical, destructive act"). "There can be no 'threat of violence' without some expression of intent to injure or damage plaintiffs or their property." *Ramirez v. Wong*, 188 Cal.App.4th 1480, 1486 (2010). Even a threat of arrest is not enough to give rise to a cause of action under the Ralph Act. *See, e.g.*, *Animal Prot. & Rescue League, Inc. v. Cnty of Riverside*, 111 Cal.App.5th 914, 919 (2025).

Plaintiff's allegations of violations of the Ralph Act also fail to state a claim against the City Attorney Defendants upon which relief can be granted. Plaintiff claims – without further factual allegations that the cease-and-desist letters somehow constituted violence or threats of violence "calculated to, and did, interfere with Plaintiff's lawful rights to: (a) document construction conditions; (b) document entity irregularities; (c) request contractor information from public agencies; (d) report violations to the California CSLB and other regulators; and (e) petition government officials for redress of grievances." ECF No. 130 at p. 178:8-12.

///

Plaintiff also characterizes the City Attorney Defendants as attacking his "political affiliation—specifically his role as an advocate for government oversight, his political grievances regarding municipal corruption, and his protected investigations of construction activity and entities." ECF No. 130 at p. 178:13-16. In Plaintiff's telling, the involvement of the Irvine Police Department and the City Attorney Defendants' alleged "refusal to engage in good-faith dialogue together demonstrate a concerted campaign of intimidation by threat of violence (specifically the threat of state-sanctioned force) designed to silence Plaintiff's protected activity (See ¶¶ 491, 645, 681, 693-696.)." *Id*. at pp. 178:18-179:4.

Such conclusory allegations are not only baseless; they are devoid of facts and fall short of pleading a state law cause of action under the Ralph Act. Plaintiff fails to allege any facts that the City Attorney Defendants were responsible in any way for the involvement or alleged conduct of the Irvine Police Department. More importantly, Plaintiff fails to allege that the City Attorney Defendants engaged in violence or a threat of violence to injure or damage Plaintiff or his property as required by the Ralph Act. *Ramirez*, *supra*, 188 Cal.App.4th at 1486. Plaintiff's Ralph Act claim (Count 7) must be dismissed against the City Attorney Defendants.

## IV.    CONCLUSION

For all of the foregoing reasons, the Court should dismiss the SAC against the City Attorney Defendants. Moreover, since the accepted factual allegations of the SAC (together with the facts demonstrated by the appended exhibits) leave no doubt that the fundamental deficiencies of Plaintiff's claims cannot be cured, the SAC should be dismissed without leave to amend.

Dated: July 22, 2026

RUTAN & TUCKER, LLP
IRA G. RIVIN
PHILIP D. KOHN

By: _____
Ira G. Rivin
Attorneys for Defendants JEFFREY MELCHING and JESSICA SANDERS

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
23983349.6 a07/22/26

NOTICE OF MOTION, MOTION AND MEMORANDUM OF DEFENDANTS JEFFREY MELCHING AND JESSICA SANDERS TO DISMISS SAC

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendants Jeffrey Melching and Jessica Sanders, certifies that this brief contains 5,228 words, which:

<u>X</u> complies with the word limit of L.R. 11-6.1.

___ complies with the word limit set by court order dated _____ [date].

Counsel relies on the word count of the word-processing application used to prepare the brief.


Dated: July 22, 2026

RUTAN & TUCKER, LLP
IRA G. RIVIN
PHILIP D. KOHN

By: _____
Ira G. Rivin
Attorneys for Defendants JEFFREY MELCHING and JESSICA SANDERS

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
23983349.6 a07/22/26

NOTICE OF MOTION, MOTION AND MEMORANDUM OF DEFENDANTS JEFFREY MELCHING AND JESSICA SANDERS TO DISMISS SAC