JEFF H. GRANT (SBN 218974)
jgrant@foxrothschild.com
HENRY M. BASKERVILLE (SBN Pro Hac Vice)
hbaskerville@foxrothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:  310.598.4150
Facsimile:   310.556.9828

Attorneys for Defendants
*Toll Brothers, Inc., TB Proprietary Corp.,*
*and Toll Southwest LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GU,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF IRVINE, et al.,<br><br>Defendants. | Case No. 8:25-cv-02134-VBF-DSR<br><br>**TOLL BROTHERS DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE TOLL BROTHERS DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1)**<br><br>Hearing Date: August 18, 2026<br>Hearing Time: 10:00 a.m.<br>Courtroom: 10C<br>Judge: Hon. Daniel S. Roberts |

## <u>NOTICE OF OPPOSITION</u>

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Toll Brothers, Inc., TB Proprietary Corp., and Toll Southwest LLC (collectively, "Toll Brothers Defendants") hereby oppose Plaintiff Jeffrey Gu's Motion to Strike Toll Brothers Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) (ECF 155), noticed for hearing on August 18, 2026 at 10:00 a.m. before the Honorable Daniel S. Roberts, United States Magistrate Judge.

1

NOTICE OF OPPOSTION

This Opposition is based on the accompanying Memorandum of Points and Authorities, the papers and records on file in this action, and such oral argument as the Court may allow at the time of hearing.

Dated: July 28, 2026

FOX ROTHSCHILD LLP

/s/ Jeff H. Grant
Jeff H. Grant
Henry M. Baskerville
*Attorneys for Defendants*
*Toll Brothers, Inc., TB Proprietary Corp.,*
*and Toll Southwest LLC*

2

NOTICE OF OPPOSTION

# TABLE OF CONTENTS

**Page**

NOTICE OF OPPOSITION ................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................... 6

I.     INTRODUCTION ................................................................................. 6

II.    FACTUAL AND PROCEDURAL BACKGROUND ............................ 6

III.   ARGUMENT ........................................................................................ 9

    A.   No Excusable-Neglect Showing Is Required Because the Substantive Motion Was Timely Filed on the Deadline ........................................ 9

    B.   Even If Required, All Four Pioneer Factors Favor Toll Brothers Defendants ..................................................................................... 10

        1.   No Prejudice to Plaintiff ..................................................... 10

        2.   The Length of Delay Was Minimal and Had No Impact ...... 11

        3.   The Reason for the Delay—A Missing Hearing Date—Supports Excusable Neglect ................................................. 11

        4.   Toll Brothers Defendants Acted in Good Faith .................. 12

    C.   Local Rule 7-12 Is Permissive and Should Not Be Exercised to Strike a Timely-Filed Motion Corrected the Same Day ........................ 12

    D.   The Colorado Action Does Not Demonstrate a Pattern of Bad-Faith Rule Violations and Is Not a Fair Basis to Deny Relief ................ 13

IV.    CONCLUSION ................................................................................... 15

CERTIFICATE OF COMPLIANCE ............................................................... 17

[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION TO STRIKE ............**Error! Bookmark not defined.**

188016852.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahanchian v. Xenon Pictures, Inc.*,
624 F.3d 1253 (9th Cir. 2010) .............................................................. 10, 11

*Bateman v. U.S. Postal Service*,
231 F.3d 1220 (9th Cir. 2000) .............................................................. 10, 12

*Lemoge v. U.S.*,
587 F.3d 1188 (9th Cir. 2009) .............................................................. 10

*M.D. v. Newport-Mesa Unified School District*,
840 F.3d 640 (9th Cir. 2016) .............................................................. 11

*Pincay v. Andrews*,
389 F.3d 853 (9th Cir. 2004) .............................................................. 11

*Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*,
507 U.S. 380 (1993).............................................................. 9, 10, 14

*Ysais v. Richardson*,
603 F.3d 1175, 1179-80 (10th Cir. 2010) .............................................................. 14

**Statutes**

28 U.S.C. § 1367(a) .............................................................. 7

Cal. Civ. Code § 52.1 .............................................................. 6

**Other Authorities**

Civ. R. 7.1(a).............................................................. 14

Civ. R. 8.1(a).............................................................. 13

Fed. R. Civ. P. 1 .............................................................. 6, 12

Fed. R. Civ. P. 6(b)(1)(B) .............................................................. 9

Fed. R. Civ. P. 12(b)(1).............................................................. *passim*

Fed. R. Civ. P. 12(f) .............................................................. 14

L.R. 6-1 .............................................................. 7, 9

L.R. 7-9 .............................................................. 10

L.R. 7-12 .............................................................. 12

L.R. 8.1.............................................................. 13

MEMORANDUM OF POINTS AND AUTHORITIES

188016852.1

L.R. 8.1(a) ................................................................................................................ 13

L.R. 11-6.1 .............................................................................................................. 17

MEMORANDUM OF POINTS AND AUTHORITIES

188016852.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiff Jeffrey Gu's Motion to Strike (ECF 155) asks this Court to strike Toll Brothers Defendants' Rule 12(b)(1) motion to dismiss (ECF 149) based on a same-day-corrected procedural deficiency. The motion should be denied.

The undisputed facts are straightforward: Toll Brothers Defendants filed their substantive motion to dismiss *exactly on the July 6, 2026 deadline*. The Court struck the filing on July 8, 2026 because the Notice of Motion did not include a hearing date—a deficiency that arose because counsel followed the Article III district judge's individual procedures, which specifically instructed movants not to notice up hearing dates. This is the same error that occurred in November 2025, though at that time counsel could not have known it was an error since the assigned Article III judge's webpage expressly stated not to notice up motions. By this time, Toll Brothers Defendants should have known better, and counsel accepts responsibility for the oversight. Toll Brothers Defendants identified and corrected the error that same day—July 8, 2026—refiling the identical motion as ECF 149 with a proper hearing date. Plaintiff himself filed a full opposition on the merits (ECF 156) on July 17, 2026, the same day he filed this motion to strike, demonstrating that he suffered no prejudice whatsoever from any supposed delay.

Granting the motion to strike would exalt form over substance, reward serial procedural gamesmanship over resolution on the merits, and contravene Federal Rule of Civil Procedure 1's mandate that the rules be administered to secure the "just, speedy, and inexpensive determination of every action." The motion should be denied.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

On June 16, 2026, Plaintiff filed the operative Second Amended Complaint ("SAC") (ECF 130), naming Toll Brothers Defendants only on the California Civil Code § 52.1 Bane Act claim (Count 5). The SAC's federal claims (Counts 2, 3, 4, and 6) are brought solely against the City of Irvine defendants.

6

[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

188016852.1

Pursuant to Judge Roberts' order (ECF 129), Toll Brothers Defendants had twenty-one (21) days to respond to the SAC, making July 6, 2026 the response deadline.

On July 6, 2026—the deadline—Toll Brothers Defendants timely filed their Notice of Motion and Motion to Dismiss for Lack of Subject-Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) (ECF 143). The motion argues that Plaintiff's Bane Act claim against Toll (which arises from Toll's Colorado trademark litigation against Plaintiff) does not share a "common nucleus of operative fact" with Plaintiff's federal claims against the City of Irvine defendants (which arise from local California police and municipal conduct), and that supplemental jurisdiction therefore does not exist under 28 U.S.C. § 1367(a).

On July 8, 2026, the Court entered an Order Striking Filed Documents from the Record (ECF 148), striking ECF 143 for "[f]ailure to comply with Local Rule 6-1." Local Rule 6-1 requires that notices of motion specify a hearing date. The strike was based on the omission of a hearing date from the Notice of Motion—the same procedural deficiency that resulted in the striking of Toll's November 2025 motion (Dkt. 31, 42). This deficiency arose because counsel followed Judge Fairbank's individual procedures, which instructed movants not to notice up hearing dates, rather than the magistrate judge's procedures.

That same day—July 8, 2026—Toll Brothers Defendants corrected the deficiency and refiled the identical motion as ECF 149, this time with a proper hearing date noticed before Magistrate Judge Roberts.

The Clerk subsequently issued a Notice to Filer of Deficiencies (ECF 150) noting that the "[i]ncorrect judge was selected upon e-filing." This is a separate, ministerial issue: the CM/ECF system automatically assigned the filing to the Article III district judge (Judge Fairbank) rather than Magistrate Judge Roberts, and the filing paralegal has represented that there was no option to select otherwise. This CM/ECF system behavior—distinct from the missing-hearing-date deficiency that caused the original striking—is not within counsel's control.

Both issues—the missing hearing date and the CM/ECF judge designation—arise from the same underlying confusion: uncertainty as to which judicial officer's procedures

7

MEMORANDUM OF POINTS AND AUTHORITIES

188016852.1

govern filings in this case, given its unusual multi-judge procedural history. But neither issue affected the substance or timeliness of Toll's motion, and the Clerk's Notice as to ECF 150 states that the Court "may" order a correction or strike the document, and that "[y]ou need not take any action in response to this notice unless and until the Court directs you to do so." No subsequent order has struck ECF 149. It remains the operative, pending motion to dismiss.

Critically, the two-day interval between the original July 6 filing and the July 8 corrected filing did not delay this litigation. As the docket reflects, most of the other defendants in this case requested and received extensions of time to respond to the Second Amended Complaint—all extending well beyond July 8, 2026. The New Home Defendants' response deadline was extended to July 13, 2026 (ECF 145). Bert L. Howe's deadline was extended to July 20, 2026 (ECF 141). Sanders and Melching's deadline was extended to July 22, 2026 (ECF 146). The City Defendants filed their Answer on July 6, 2026 (ECF 144). Because no other defendant was required to respond before July 13 at the earliest, the two-day interval from July 6 to July 8 caused no delay to the overall progress of the case. Plaintiff cannot claim prejudice from a two-day period during which the litigation was effectively paused as to all other defendants as well.

Both the November 2025 incident and the July 2026 incident reflect the same underlying category of confusion: uncertainty as to which judicial officer's procedures govern filings in this case, given its unusual multi-judge procedural history—including transfers between the district judge and successive magistrate judges over the litigation's life. Toll Brothers Defendants sincerely apologize to the Court for this recurrence, acknowledge that by July 2026 counsel should have been more attuned to the procedural requirements for magistrate-judge filings, and have taken steps internally to prevent it from happening again. But a procedural error—corrected the same day, and causing no delay relative to other defendants—is far from the "inexcusable neglect" or "persistent pattern" Plaintiff alleges.

MEMORANDUM OF POINTS AND AUTHORITIES

188016852.1

## III.   __ARGUMENT__

### A.   No Excusable-Neglect Showing Is Required Because the Substantive Motion Was Timely Filed on the Deadline

Plaintiff's entire motion rests on the premise that Toll Brothers Defendants' motion to dismiss was "untimely" and that Toll must therefore demonstrate "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B) and *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). That premise is wrong.

The motion to dismiss was filed on July 6, 2026; exactly on the Court-ordered deadline. See ECF 143. The motion was not late. It was not filed after the deadline had passed. It was filed precisely when it was due. The sole deficiency that resulted in the striking of ECF 143 was that the Notice of Motion did not include a hearing date as required by Local Rule 6-1, a procedural formality that was corrected the same day. A separate, ministerial CM/ECF issue noted in ECF 150 (the system's automatic assignment of the filing to the Article III judge) does not affect the timeliness or substance of the motion. Because the substantive motion was timely filed, no extension of time under Rule 6(b)(1)(B) is needed.

Because the substantive motion was timely filed, no extension of time under Rule 6(b)(1)(B) is needed, and the excusable-neglect framework is inapplicable. The "delay" Plaintiff identifies—the two days between July 6 and July 8—is attributable entirely to the time it took the Court to flag, and Toll to correct, a missing hearing date. This is not a case where counsel missed a deadline and then sought leave to file late; it is a case where counsel met the deadline and the filing was struck for a procedural deficiency that was corrected the same day it was struck. Moreover, during those same two days, no other defendant was required to respond—every other defendant had received extensions extending to July 13 or later.

MEMORANDUM OF POINTS AND AUTHORITIES

188016852.1

**B.      Even If Required, All Four Pioneer Factors Favor Toll Brothers Defendants**

Even assuming *arguendo* that the excusable-neglect standard applies, all four factors articulated in *Pioneer*, 507 U.S. at 395, and adopted by the Ninth Circuit in *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000), overwhelmingly favor Toll Brothers Defendants.

**1.      No Prejudice to Plaintiff**

Plaintiff has suffered no prejudice from the two-day interval between July 6 and July 8. This is demonstrated conclusively by Plaintiff's own conduct: on July 17, 2026—the same day he filed this Motion to Strike—Plaintiff filed a complete, substantive opposition to the merits of Toll's Rule 12(b)(1) motion (ECF 156). A party who is able to fully brief the merits of a motion on the same timeline he otherwise would have followed[1] has not been prejudiced by a same-day-corrected procedural deficiency. Moreover, during those same two days, no other defendant was required to respond to the SAC—every other defendant had obtained extensions extending well beyond July 8.

The Ninth Circuit has made clear that delay alone is not a sufficient basis for establishing prejudice and that the loss of "a quick but unmerited victory" through a procedural technicality is not the kind of cognizable prejudice that defeats excusable neglect. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010); *see also Lemoge v. U.S.*, 587 F.3d 1188, 1196 (9th Cir. 2009) (the prejudice factor "requires greater harm than simply that relief would delay resolution of the case"). Plaintiff identifies no prejudice beyond the bare passage of two days—and two days in which no hearing was missed, no deadline was disrupted, no other defendant was required to respond, and Plaintiff's own briefing schedule was unaffected.

---

[1] Plaintiff's Response was even filed well early. Local Rule 7-9 says he gets 21 days from the date of the August 11 hearing, meaning his response was due September 1, 2026. It's hard to see how he was prejudiced given that he filed his Response 46 days before it was due.

MEMORANDUM OF POINTS AND AUTHORITIES

188016852.1

## 2.      The Length of Delay Was Minimal and Had No Impact

The total delay was two days—from July 6 to July 8, 2026. No hearing date was missed. No other party's deadlines were disrupted—indeed, every other defendant had received extensions extending to July 13 or later, so no defendant was required to respond during the two-day interval. The refiled motion (ECF 149) is noticed for hearing on August 11, 2026, and Plaintiff's opposition was filed well in advance. Under any reasonable assessment, a two-day delay caused by a same-day-corrected procedural deficiency—during a period when all other defendants were also not yet required to respond—is de minimis and had no impact on the proceedings.

## 3.      The Reason for the Delay—A Missing Hearing Date—Supports Excusable Neglect

The reason for the original docketing deficiency was that counsel followed the Article III district judge's individual procedures—which specifically instructed movants not to notice up hearing dates—rather than the magistrate judge's procedures, which require a noticed hearing date. The subsequent CM/ECF judge-designation issue noted in ECF 150 was a system default that the filing paralegal could not override. Both issues arise from the unusual multi-judge procedural history of this case—precisely the type of procedural confusion that courts do not treat as precluding excusable neglect.

In *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc), the Ninth Circuit rejected a per se rule against finding excusable neglect when a paralegal at a "sophisticated" law firm makes a filing or calendaring error. The court held that such errors must be evaluated under the full Pioneer equitable analysis, not mechanically deemed inexcusable because the attorney delegated the task to support staff. *Id.* at 858-60.

Similarly, in *M.D. v. Newport-Mesa Unified School District*, 840 F.3d 640, 643 (9th Cir. 2016), the Ninth Circuit observed that "[a] lack of familiarity with CM/ECF may be a poor excuse but it doesn't show bad faith," and noted pointedly that "the court's own clerk, who presumably deals with CM/ECF on a daily basis, committed a filing error and had to re-file the order two days later. If the trial counsel's neglect here was not excusable, it's

11

MEMORANDUM OF POINTS AND AUTHORITIES

188016852.1

hard to see when neglect would ever be excusable." *Id*. The court further held that the loss of "a quick but unmerited victory" via a procedural technicality is not cognizable prejudice. Id. (citing *Ahanchian*, 624 F.3d at 1262).

Here, the error is even less culpable than in Pincay or Newport-Mesa: Toll filed the motion on time, and the deficiency was a missing hearing date arising from counsel's reliance on the Article III district judge's procedures rather than the magistrate judge's procedures. The separate CM/ECF judge-designation issue noted in ECF 150 was a system default beyond counsel's control. Both errors were identified and addressed the same day the Court flagged them—during a period when no other defendant was required to respond anyway. This factor strongly favors Toll Brothers Defendants.

### 4.    Toll Brothers Defendants Acted in Good Faith

There is no suggestion—and Plaintiff makes none—that Toll Brothers Defendants acted in bad faith. Toll filed its motion on the deadline, corrected the docketing error the same day it was flagged, and has at all times sought to litigate this case on the merits. Good faith is demonstrated by prompt correction, not by the absence of any error. See *Bateman*, 231 F.3d at 1225 (reversing where district court failed to consider good faith and prejudice factors).

### C.    Local Rule 7-12 Is Permissive and Should Not Be Exercised to Strike a Timely-Filed Motion Corrected the Same Day

Local Rule 7-12 provides that "[t]he Court *may* decline to consider any memorandum or other document not filed within the deadline set by order or local rule." C.D. Cal. L.R. 7-12 (emphasis added). The rule is permissive, not mandatory. It vests discretion in the Court to decline to consider untimely filings—it does not require the Court to strike them, and it certainly does not require the Court to strike a motion that was filed exactly on the deadline and corrected the same day a docketing deficiency was identified.

Exercising discretion to strike under these circumstances would not serve Federal Rule of Civil Procedure 1's mandate that the rules "be construed, and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

MEMORANDUM OF POINTS AND AUTHORITIES

188016852.1

Fed. R. Civ. P. 1. Striking the motion would not make this litigation speedier—it would require Toll Brothers Defendants to seek leave to file yet again, adding further delay and expense. It would not make the litigation more just—it would prevent adjudication of a threshold jurisdictional defense on the merits. And it would not reduce expense—it would generate yet another round of procedural motion practice on a same-day-corrected docketing designation.

By contrast, denying the motion to strike costs Plaintiff nothing: he has already filed his merits opposition (ECF 156), the hearing is set, and the Rule 12(b)(1) motion can proceed to adjudication without any further delay.

**D.      The Colorado Action Does Not Demonstrate a Pattern of Bad-Faith Rule Violations and Is Not a Fair Basis to Deny Relief**

Plaintiff asks this Court to take judicial notice of filings from the related Colorado action (*Toll Brothers, Inc. v. Gu*, No. 1:25-cv-02884-PAB-CYC, D. Colo.) to argue that Toll Brothers Defendants have a "persistent pattern" of rule violations. This argument distorts the Colorado record and, to the extent the Colorado docket is relevant at all, it cuts sharply against Plaintiff—not Toll.

**The Colorado "Local Rule 8.1" dispute**. Plaintiff characterizes Toll's October 7, 2025 motion under D. Colo. L. Civ. R. 8.1(a) as a "highly distorted reading" that "successfully stall[ed]" the Colorado case. In fact, Toll's position was a good-faith legal argument that Local Rule 8.1(a)—which provides that "[t]he time for filing an answer or response shall be tolled until the designated judicial officer determines that the pleadings should not be dismissed summarily"—automatically tolled Toll's deadline to respond to Plaintiff's 108-page, 514-paragraph counterclaim (filed with 201 exhibits spanning 1,490 pages).

This was not a frivolous position, much less a bad-faith one. The question of whether Local Rule 8.1(a) could be invoked in that procedural posture was so genuinely unsettled that Magistrate Judge Chung's November 24, 2025 order itself reflects that even the Clerk of the Court had to advise the presiding Magistrate Judge on how the rule applied before

13

MEMORANDUM OF POINTS AND AUTHORITIES

188016852.1

the court could rule: "the Clerk of the Court has informed the undersigned that Local Rule 8.1(a) cannot be invoked in this way." (D. Colo. Dkt. 93 at 2, attached hereto as Exhibit A.) A losing legal argument—especially one requiring input from the Clerk of Court to resolve—is not evidence of bad faith or a pattern of rule violations. It is advocacy on a genuinely contested procedural question. See Pioneer, 507 U.S. at 398 (excusable neglect inquiry is equitable; "ignorance of the rules, or mistakes construing the rules" are relevant but not dispositive).

Magistrate Judge Chung agreed that additional time was warranted, granting Toll's request for an extension of time to respond by December 15, 2025—belying any suggestion that Toll was engaged in mere delay tactics. (D. Colo. Dkt. 93, attached hereto as Exhibit A.) The Colorado court did not sanction Toll, did not find bad faith, and did not suggest Toll's argument was frivolous.

**The Colorado record cuts against Plaintiff, not Toll**.  If this Court considers the Colorado docket at all, it should consider the full picture—including the Colorado courts' repeated admonitions directed at *Plaintiff* and the Colorado courts' repeated denials of Plaintiff's own motions:

- On October 7, 2025, Magistrate Judge Chung struck Plaintiff's own filings for failure to comply with D. Colo. L. Civ. R. 7.1(a) and expressly warned Plaintiff that his e-filing privileges are "a privilege, and [they] can be revoked if abused," citing *Ysais v. Richardson*, 603 F.3d 1175, 1179-80 (10th Cir. 2010) (pro se litigant's e-filing privileges revoked after he "bombarded the court with electronically-filed motions"). The court warned that "further failure to comply . . . would interfere with the judicial process and may result in a loss of e-filing privileges or other sanctions." (D. Colo. Dkt. 36, attached hereto as Exhibit B.)

- On November 19, 2025, Magistrate Judge Chung denied Plaintiff's Motion to Strike Verification of Complaint, finding Plaintiff's theory "appears to be crafted from whole cloth," that Plaintiff "offers no argument that he is

14

MEMORANDUM OF POINTS AND AUTHORITIES

prejudiced," and that he "failed to satisfy his heavy burden to warrant relief under Rule 12(f)." (D. Colo. Dkt. 84, attached hereto as Exhibit C.)

- On November 19, 2025, Chief Judge Brimmer denied Plaintiff's own Motion to Strike (D. Colo. Dkt. 50) as moot. (D. Colo. Dkt. 83, attached hereto as Exhibit D.)

- On November 20, 2025, Magistrate Judge Chung denied Plaintiff's Motion to Clarify Ownership and Standing Regarding Trademark Holders as "contrary to the Federal Rules of Civil Procedure," finding that the motion "needlessly occupies the time of the parties and the Court" and "makes no attempt to follow the rules." (D. Colo. Dkt. 90, attached hereto as Exhibit E.)

This record—a pro se litigant who has been warned about abusing filing privileges, whose own motions to strike have been repeatedly denied, and whose filings have been found to needlessly occupy the time of the parties and the court—undermines any suggestion that *Toll Brothers Defendants* are the parties responsible for delay and gamesmanship in these proceedings. The instant Motion to Strike is of a piece with Plaintiff's pattern in Colorado: a collateral procedural attack on a same-day-corrected procedural deficiency that has caused, at most, two days of delay—while Plaintiff's own serial procedural motions have consumed far more judicial resources and party expense than any filing error by Toll.

If there is a "delay and expense" concern in this litigation, it runs sharply against Plaintiff, whose serial procedural motions—including the instant one—have caused far more delay and cost than a same-day-corrected procedural deficiency that added, at most, two days to the briefing schedule—and two days during which no other defendant was required to respond anyway.

## IV. **CONCLUSION**

For the foregoing reasons, Toll Brothers Defendants respectfully request that the Court deny Plaintiff's Motion to Strike (ECF 155) and allow Toll Brothers Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction (ECF 149) to proceed to

MEMORANDUM OF POINTS AND AUTHORITIES

188016852.1

adjudication on the merits. Briefing on the merits is already complete, as Plaintiff filed his opposition (ECF 156) the same day he filed this motion to strike.

Dated: July 28, 2026

FOX ROTHSCHILD LLP


/s/ Jeff H. Grant
Jeff H. Grant
Henry M. Baskerville
*Attorneys for Defendants*
*Toll Brothers, Inc., TB Proprietary Corp.,*
*and Toll Southwest LLC*

16
MEMORANDUM OF POINTS AND AUTHORITIES

188016852.1

## CERTIFICATE OF COMPLIANCE

Pursuant to the Local Rules of the United States District Court for the Central District of California, the undersigned counsel certifies that this Opposition brief complies with the applicable word-count limitations of L.R. 11-6.1. According to the word-count function of the word-processing program used to prepare this brief, the Memorandum of Points and Authorities (exclusive of the caption, tables, signature block, this certificate, and the proposed order) contains fewer than 7,000 words.

Dated: July ___, 2026

**FOX ROTHSCHILD LLP**


*/s/ Jeff H. Grant*
Jeff H. Grant
Henry M. Baskerville
*Attorneys for Defendants*
*Toll Brothers, Inc., TB Proprietary Corp.,*
*and Toll Southwest LLC*

188016852.1