Case No. 1:25-cv-02884-PAB-CYC    Document 84    filed 11/19/25    USDC Colorado
Case 8:25-cv-02134-VBF-DSR    Document 17-3    Filed 07/28/26    Page 1 of 4    Page
ID #:10658

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02884-PAB-CYC

TOLL BROTHERS, INC., a Delaware Corporation;
TOLL SOUTHWEST LLC, a Delaware Limited Liability Company; and
TB PROPRIETARY CORP., a Delaware Corporation;

      Plaintiffs,

v.

JEFFREY GU, an individual,

      Defendant.

TOLL BROTHERS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP LLC, a Colorado Limited Liability Company;
TOLL ARCHITECTURE LLC, a Colorado Limited Liability Company;
TOLL HOLDINGS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP., a Colorado Corporation;
TOLL ARCHITECTURE, INC, a Colorado Corporation;
TOLL BROTHERS, INC, a Colorado Corporation; and
TOLL SOUTHWEST LLC, a Wisconsin Limited Liability Company.

      Nominal Defendants.

---

## ORDER

---

**Cyrus Y. Chung, U.S. Magistrate Judge.**

    Defendant Jeffrey Gu asks the Court to strike the verification signed by Matthew Care

that is attached to the complaint. ECF No. 24. Because he fails to establish a legal basis for doing

so, the motion is denied.

    Federal Rule of Civil Procedure 12(f) provides in relevant part: "The court may strike

from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Fed. R. Civ. P. 12(f). "The purpose of Rule 12(f) is to save the time and money that

would be spent litigating issues that will not affect the outcome of the case." *Sierra Club v.*

1



*Young Life Campaign, Inc.*, 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001) (quotation marks omitted).

However, "striking pleadings is generally a drastic remedy," *id.*, and "will only be granted under the rarest of circumstances." *Robledo-Valdez v. Colo. Dep't of Corrs.*, No. 20-cv-00247-WJM-NRN, 2020 WL 13840761, at *2 (D. Colo. Aug. 26, 2020). As such, the moving party's "burden of proof is a heavy one." *Holzberlein v. OM Fin. Life Ins. Co.*, No. 08-cv-02053-LTB, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008). Further, "[e]ven where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike." *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. Feb. 6, 1997). And regardless of whether the moving party has met its burden to prove that allegations contained in a pleading violate Rule 12(f), discretion remains with the Court to grant or deny the motion. *See* Fed. R. Civ. P. 12(f) (denoting only that allegations which are subject to Rule 12(f) "may" be stricken).

Here, Defendant Gu casts suspicion on Mr. Care's verification of the complaint because it is offered on behalf of a Delaware corporation, whereas Mr. Care's attorney registration statement identifies a similar Pennsylvania corporation as his employer. ECF No. 24 at 2. Mr. Care must be in-house counsel for one or the other, Defendant Gu says, leading to a contradiction casting doubt on the entire verification. ECF No. 31 at 2. But he cites no authority for this proposition, which appears to be crafted from whole cloth. "[P]arent companies often centralize the provision of legal services to the entire corporate group in one in-house legal department." *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 369 (3d Cir. 2007). Thus, state-bar formal ethical opinions have indicated that "[c]urrent authority and jurisprudence also recognizes and supports the principle that in-house corporate lawyers may represent a corporate parent as

Case No. 1:25-cv-02884-PAB-CYC    Document 84    filed 11/19/25    USDC Colorado
Case 8:25-cv-02134-VBF-DSR    Document 84-3    Filed 07/28/26    Page 3 of 4    Page
ID #:10660

well as multiple corporate subsidiaries or affiliates of the same parent." Ill. State Bar Ass'n Advisory Opinion No. 17-05 (2017). As such, there is no contradiction occasioned by Mr. Care's attorney registration statement. Suspicion to the contrary does not properly ground this motion.

More fundamentally, Defendant Gu offers no argument that he is prejudiced by Mr. Care signing the verification. And, while Defendant Gu is proceeding pro se in this case, the Court cannot construct a legal theory on his behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997); *The Bull, LLC v. Memon*, No. 24-cv-03511-REB-KAS, 2025 WL 902426, at *1–2 (D. Colo. Mar. 6, 2025) (denying motion to strike and noting that the court was "neither required nor inclined to make arguments on [movant's] behalf"). Thus, he has failed to satisfy his heavy burden to warrant relief under Rule 12(f). *See The Bull, LLC*, 2025 WL 902426, at *2; *Schuck v. Littleton Auto Repair, LLC*, No. 23-cv-03303-SKC-SBP, 2024 WL 4710639, at *2 (D. Colo. Nov. 7, 2024); *Parmar v. City of Aurora*, No. 20-cv-02801-NRN, 2020 WL 7260745, at *4 (D. Colo. Dec. 10, 2020) (denying motion to strike and explaining that "the caselaw and treatises teach that all doubts about striking portions of a complaint under Rule 12(f) should be resolved in favor of the non-moving party").

Finally, to the extent Defendant Gu includes a request for "limited discovery" in his reply, it is not appropriate to include a request for relief in a reply. D.C.COLO.LCivR 7.1(d). As he has been previously informed, even though he proceeds pro se, Defendant Gu "is obligated to comply with the same procedural rules that govern other litigants." ECF No. 29 at 1. Because this request was improperly raised in a reply brief and is not fully developed, the Court does not address it herein.

3

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant Gu's Motion to Strike

Verification of Complaint, ECF No. 24, is **DENIED**.

Entered this 19th day of November, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

4