Case No. 1:25-cv-02884-PAB-CYC   Document 90   filed 11/20/25   USDC Colorado
Case 8:25-cv-02134-VBF-DSR   Document 179-5   Filed 07/28/26   Page 1 of 4   Page
ID #:10664

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02884-PAB-CYC

TOLL BROTHERS, INC., a Delaware Corporation;
TOLL SOUTHWEST LLC, a Delaware Limited Liability Company; and
TB PROPRIETARY CORP., a Delaware Corporation;

      Plaintiffs,

v.

JEFFREY GU, an individual,

      Defendant.

TOLL BROTHERS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP LLC, a Colorado Limited Liability Company;
TOLL ARCHITECTURE LLC, a Colorado Limited Liability Company;
TOLL HOLDINGS LLC, a Colorado Limited Liability Company;
TB PROPRIETARY CORP., a Colorado Corporation;
TOLL ARCHITECTURE, INC, a Colorado Corporation;
TOLL BROTHERS, INC, a Colorado Corporation; and
TOLL SOUTHWEST LLC, a Wisconsin Limited Liability Company.

      Nominal Defendants.

---

## ORDER

**Cyrus Y. Chung, U.S. Magistrate Judge.**

      Defendant Jeffrey Gu asks the Court "for an order directing Plaintiff Toll Brothers, Inc. to clarify its claimed ownership or enforcement rights in" U.S. Trademark Reg. No. 73636618, contending that doing so promotes efficiency for the parties and the Court. ECF No. 35 at 1–3. It does not. By asking for relief while ignoring the rules that govern such relief, the motion needlessly occupies the time of the parties and the Court. Because the motion is contrary to the Federal Rules of Civil Procedure, it is **DENIED**.

1



The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts," with few exceptions. Fed. R. Civ. P. 1. They are the vehicle to be "employed by" not only "the court" but also "the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* That includes the defendant: "pro se parties" must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)). Adherence to those rules, then — not any particular party's conception of what might be expedient — is the path to efficiency.

That includes Federal Rule of Civil Procedure 7(b)(1)(B), which requires a motion to "state with particularity the grounds for seeking the order" requested in the motion. The defendant cites no rule supporting his request. That omission leaves others, including the Court, to guess what authority might exist to grant or deny his request which, again, detracts from efficiency.

Examining the motion, it appears that the defendant seeks factual information relating to the merits of this case. In other words, he seeks discovery: "[c]ompulsory disclosure, at a party's request, of information that relates to the litigation." Discovery, Black's Law Dictionary (12th ed. 2024). "The primary discovery devices are interrogatories, depositions, requests for admissions, and requests for production." *Id.* None of those are the "order directing clarification" that the defendant requests. That alone would be sufficient reason to deny the motion.

There is more. Even for proper discovery requests, there are rules about how they work. *See* Fed. Rs. Civ. P. 26–37. One such rule is that generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the

2

burden of showing good cause for the requested departure from usual discovery procedures."

*Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

Because the defendant ignores this burden, he makes no attempt to satisfy it, instead only

averring generally that his sought information will clarify matters. ECF No. 35 at 3. But that is

the point of all discovery. "Good cause for early discovery exists," by contrast, "where 'the need

for expedited discovery, in consideration of the administration of justice, outweighs the prejudice

to the responding party.'" *Archer v. Alms*, No. 20-cv-01247-KLM, 2020 WL 13906297, at *1 (D.

Colo. Dec. 14, 2020) (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276

(N.D. Cal. 2002)). The defendant's motion never attempts to address this balance.

And when discovery is properly sought, it is a process that generally does not involve the

Court: "[T]he following discovery requests and responses must not be filed until they are used in

the proceeding or the court orders filing: depositions, interrogatories, requests for documents or

tangible things or to permit entry onto land, and requests for admission." Fed. R. Civ. P.

5(d)(1)(A). If a dispute arises regarding a discovery request, that is when the Court becomes

involved. And this Court has Practice Standards governing discovery disputes:

> To avoid unnecessary and expensive motions practice, a party may not file an opposed discovery motion without first complying with these discovery dispute procedures. Filing a disputed discovery motion without permission from the Court may result in the motion being stricken and the imposition of appropriate sanctions. In the event a party prevails in a discovery dispute, and regardless of whether the Court permits a discovery motion, the Court has the discretion to award reasonable expenses, including attorney's fees, consistent with Fed. R. Civ. P. 37(a)(5)(A).

D.C.COLO.MJ VI.1. If some sort of dispute about properly-promulgated discovery requests

were to arise, this would be the procedure to follow. The defendant did not do so here.

In sum, requests that ignore the rules that govern federal court proceedings are improper.

They make the proceedings less efficient. This motion makes no attempt to follow the rules. It is

therefore denied.

Case No. 1:25-cv-02884-PAB-CYC    Document 90    filed 11/20/25    USDC Colorado
Case 8:25-cv-02134-VBF-DSR    Document 179-5    Filed 07/28/26    Page 4 of 4   Page
ID #:10667

Finally, to the extent the plaintiffs' response includes a request for filing restrictions on Defendant Gu, ECF No. 56 at 3, it is not appropriate to include a request for relief in a response. D.C.COLO.LCivR 7.1(d). Because this request was improperly raised in a response brief and is not fully developed, the Court does not address it herein.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant Gu's Motion to Clarify Ownership and Standing Regarding Trademark Holders, ECF No. 35, is **DENIED**.

Entered this 20th day of November, 2025, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

4