**Jeffrey Gu**

**jeffwgu@gmail.com**

**2332 N Clay St Apt 3**

**Denver, CO 80211**

**1-720-593-1548**

**Plaintiff Pro Se**

<strong>UNITED STATES DISTRICT COURT</strong>

<strong>CENTRAL DISTRICT OF CALIFORNIA</strong>

| | |
|---|---|
| **Jeffrey Gu,**<br>　　　　　**Plaintiff**<br>**v.**<br>**City of Irvine et al,**<br>　　　　　**Defendants.** | **Case No.: 8:25-cv-02134-VBF-DSR**<br><br>**REPLY IN SUPPORT** |

<strong>PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE TOLL BROTHERS DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1)</strong>

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES........................................................................................ 2

    Cases................................................................................................................. 2

    Rules................................................................................................................. 2

I. INTRODUCTION..............................................................................................3

II. ARGUMENT.................................................................................................... 4

    A. The Stricken File has No Operative Effect.................................................. 4

    B. Ignorance about the Procedural Posture of the Case is Not Excusable
    Neglect...............................................................................................................4

    C. Toll Brothers Defendants' Continued Misapplication of Local Rule 7-9
    Demonstrates Inexcusable Neglect....................................................................6

    D. Toll Brothers Defendants' Discursion into Related Litigation Confirms
    Their Pattern of Manipulating Local Rules....................................................... 8

III. CONCLUSION................................................................................................10

**CERTIFICATE OF COMPLIANCE..................................................................10**

# TABLE OF AUTHORITIES

**Cases**

Estrella v. Brandt, 682 F.2d 814 (9th Cir. 1982) ...................................................... 6

Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995) ........................................................ 4

**Rules**

Fed. R. Civ. P. 1 ...................................................................................................... 10

Fed. R. Civ. P. 6(b) ................................................................................. 4, 9

C.D. Cal. L.R. 6-1 ................................................................................... 8-9

C.D. Cal. L.R. 7-9 ................................................................................... 6-8

C.D. Cal. L.R. 7-12 ................................................................................. 4, 9

D. Colo. L. Civ. R. 8.1(a) ........................................................................ 8

## I. INTRODUCTION

Defendants Toll Brothers, Inc., Toll Southwest LLC, and TB Proprietary Corp. (collectively, "Toll Brothers Defendants"), in their Opposition to Plaintiff's Motion to Strike, discuss their unfamiliarity with judges adjudicating this case and further display their confusion over the Local Rules. See Doc. No. 179 (Opposition). None of this demonstrates a grounds to find excusable neglect, and thus Plaintiff's Motion to Strike Toll Brothers Defendants Motion to Dismiss (see Doc. No. 149 should be granted. See Doc. No. 155.

## II. ARGUMENT

### A. The Stricken File has No Operative Effect

The Toll Brothers Defendants state in their motion that "[t]he motion to dismiss was filed on July 6, 2026; exactly on the Court-ordered deadline" and that "[b]ecause the substantive motion was timely filed, no extension of time under Rule 6(b)(1)(B) is needed." <u>See</u> Opposition, Doc. No. 179 at 9. They cite no authority that states that a stricken document has an operative effect. The Court has ample discretion to strike Toll Brothers Defendants' noncompliant filing under Local Rule 7-12 and is not required to excuse repeated violations of the local rules. <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

### B. Ignorance about the Procedural Posture of the Case is Not Excusable Neglect

Toll Brothers Defendants contend that "the missing hearing date and the CM/ECF judge designation…arise from the same underlying confusion" about the "unusual multi-judge procedural history." <u>See</u> Opposition, Doc. No. 179 at 8. This excuse is factually unsupportable on the record. On November 14, 2025—eight months prior

to Toll Brothers Defendants' untimely filing—Magistrate Judge Daniel S. Roberts explicitly issued a Scheduling Notice confirming that "this case has been transferred to the undersigned Magistrate Judge for all pretrial proceedings." See Doc. No. 57. Following that order, Magistrate Judge Roberts issued fifteen direct orders on this docket prior to Toll Brothers Defendants' filing on July 6, 2026. See Doc. Nos. 61, 63, 83, 84, 94, 99, 102, 105, 110, 114, 119, 121, 129, 131, 132. Furthermore, every other party in this action has properly noticed hearings before Magistrate Judge Roberts (or Magistrate Judge Audero prior) pursuant to the Local Rules. Toll Brothers Defendants' counsel stands alone as the only party claiming an inability to properly identify the presiding judicial officer.

Toll Brothers Defendants' assertion that they were misled by an automated CM/ECF system default is further undermined by their own chronic history of non-compliance. See Opposition, Doc. No. 179 at 7. Toll Brothers Defendants committed the exact same refiling error on November 7, 2025 when filing Doc. No. 47, improperly noticing a resubmitted motion before District Judge Fairbank instead of then-assigned Magistrate Judge Audero. Across *four* separate motion attempts, Toll Brothers Defendants have repeatedly failed to correctly notice hearing dates and judicial officers. See Doc. Nos. 31, 47, 143, 149. Repeating the

5

identical mistake eight months later is not excusable confusion: it is a pattern of disregard for local practice.

Finally, Toll Brothers Defendants attempt to excuse their recent CM/ECF error by asserting in their brief that "the filing paralegal has represented that there was no option to select otherwise." See Opposition, Doc. No. 179 at 7. Notably, Toll Brothers Defendants submitted no sworn declaration from the paralegal or counsel of record to support this claim. It is well established in the Ninth Circuit that "legal memoranda and oral argument are not evidence…" Estrella v. Brandt, 682 F.2d 814, 819 (9th Cir. 1982). Toll Brothers Defendants cannot establish "excusable neglect" to save an untimely refiling based on unsworn, unverified hearsay regarding an alleged software glitch.

**C. Toll Brothers Defendants' Continued Misapplication of Local Rule 7-9 Demonstrates Inexcusable Neglect**

Toll Brothers Defendants' attempt to downplay their non-compliance reaches its peak in Footnote 1 of their Opposition. There, Toll Brothers Defendants assert:

> Plaintiff's Response was even filed well early. Local Rule 7-9 says he gets 21 days from the date of the August 11 hearing, meaning his response was due September 1, 2026. It's hard to see how he was prejudiced given that he filed his Response 46 days before it was due.

See Opposition, Doc. No. 179 at 10. This assertion further demonstrates Toll Brothers Defendants' fundamental disregard for Central District procedure. C.D. Cal. L.R. 7-9 explicitly mandates that an opposing party must file and serve opposition papers "not later than twenty-one (21) days before the date designated for the hearing of the motion." Toll Brothers Defendants' interpretation—that an opposition brief is due three weeks *after* a motion hearing has already taken place—is legally absurd and directly contradicts the text of the rule. In a brief explicitly dedicated to arguing that their procedural omissions are merely confusing mistakes or software errors, Toll Brothers Defendants' inability to calculate a basic opposition deadline under Local Rule 7-9 exposes a total absence of reasonable diligence.

For the record, under proper application of Local Rule 7-9, an August 11, 2026 hearing date yielded an opposition deadline of July 21, 2026. Plaintiff filed his opposition on July 17, 2026—four days prior to the statutory deadline, not 46 days early under an imaginary post-hearing timeline. See Doc. No. 156.

**D. Toll Brothers Defendants' Discursion into Related Litigation Confirms
Their Pattern of Manipulating Local Rules**

Toll Brothers Defendants devote three pages to re-litigating interlocutory orders
from the District of Colorado (*Toll Brothers, Inc. et al v. Gu et al*, No.
1:25-cv-02884-PAB-CYC) in an attempt to paint Plaintiff's Motion to Strike as
bad faith. See Opposition, Doc. No. 179 at 13-15. This diversion only confirms the
point Plaintiff originally raised: Toll Brothers Defendants have a documented
history of manufacturing "unsettled" interpretations of basic local rules to avoid
mandatory procedural deadlines.

As recounted in Plaintiff's Motion to Strike, Toll Brothers Defendants invoked
District of Colorado Local Rule 8.1(a)—a rule intended for preliminary court
screening—to unilaterally freeze their obligation to answer a 108-page
counterclaim without court permission. See Doc. No. 155 at 9-13. Now, before this
Court, Toll Brothers Defendants attempt the exact same maneuver: inventing an
"unusual multi-judge" confusion excuse to escape C.D. Cal. L.R. 6-1, and
constructing inverted calendar math in Footnote 1 to rewrite C.D. Cal. L.R. 7-9.

Toll Brothers Defendants' digression into the Colorado docket should be
recognized for what it is:

1.  **Proof of Sophistication, Not Confusion:** Toll Brothers Defendants are represented by a major national law firm, Fox Rothschild LLP, fully capable of litigating complex procedural rules across multiple jurisdictions. Their claim that they were "confused" by standard Central District scheduling orders such as Doc. No. 57 is entirely implausible.

2.  **Deflection Is Not a Defense:** Throwing unrelated interlocutory orders into this record to attack Plaintiff's *pro se* status does not cure Toll Brothers Defendants' failure to properly notice a hearing date under C.D. Cal. L.R. 6-1, nor does it excuse refiling an untimely motion without leave of court under Fed. R. Civ. P. 6(b).

3.  **The Pattern Is Unbroken:** Whether in Colorado or California, Toll Brothers Defendants' operational strategy is consistent: ignore plain local rule language, construct post-hoc excuses when caught, and accuse the opposing party of gamesmanship for holding them to the rules.

This Court does not need to resolve the underlying merits of the Colorado action to enforce its own Local Rules. Toll Brothers Defendants' repeated practice of twisting local procedures across dockets only reinforces why strict enforcement of C.D. Cal. L.R. 7-12 is warranted here.

## III. CONCLUSION

The Toll Brothers Defendants rely upon unsworn excuses and lame attempts to paint Plaintiff as a bad faith actor. If anything, Plaintiff does indeed desire the Federal Rule of Civil Procedure 1's mandate of a "just, speedy, and inexpensive determination" of every action he is involved with, in antithesis to what is suggested by the Toll Brothers Defendants.

Accordingly, Plaintiff respectfully requests that the Toll Brothers Defendants' Motion to Dismiss be STRICKEN.

Respectfully submitted,

_____    July 29, 2026

Jeffrey Gu, Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548

## CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Jeffrey Gu, certifies that this memorandum contains 1,300 words, which complies with the word limit of L.R. 11-6.1.

    July 29, 2026

Jeffrey Gu, Plaintiff, Pro Se

jeffwgu@gmail.com, 2332 N Clay St Apt 3, Denver, CO 80211, 720-593-1548