PLANTE HUGUENIN LAUNI KAHN LLP
BRIAN C. PLANTE, State Bar No. 175585
 *bplante@phlklaw.com*
MELANIE S. WOODFIN, State Bar No. 245616
 *mwoodfin@phlklaw.com*
RAE RICHARDSON, State Bar No. 183932
 *rrichardson@phlklaw.com*
18100 Von Karman Ave., Suite 700
Irvine, California 92612
Telephone: (949) 271-8700
Facsimile: (949) 627-2611

Attorneys for Risewell Homes Inc.; The New Home Company Southern California LLC; and TNHC Realty and Construction Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GU,<br><br>              Plaintiff,<br><br>       v.<br><br>CITY OF IRVINE, et al.,<br><br>              Defendants. | CASE NO. 8:25-cv-02134-VBF-DSR<br><br>JUDGE:        Valerie Baker Fairbank<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION, FILED IN THE ALTERNATIVE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:  August 18, 2026**<br>**Time:  10:00 a.m.**<br><br>**Magistrate Judge:  Daniel S. Roberts** |

/ / /

/ / /

/ / /

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

# TABLE OF CONTENTS

**Page**

I.    **INTRODUCTION** ................................................................................................. 4

II.    **ARGUMENT** ....................................................................................................... 5

    A.    The FAA Preempts The Ralph Act And Bane Act Because They Single Out Arbitration Agreements For Invalidation ............................ 5

        1.    The Ralph Act And Bane Act Discriminate Against Arbitration ........................................................................................ 5

        2.    The FAA Preempts The Ralph Act And The Bane Act's Special Requirements For Agreements To Arbitrate ................... 7

        3.    The Arbitration Agreement Is Not Procedurally And Substantively Unconscionable ........................................................ 8

    B.    Risewell Homes, Inc. And TNHC Realty And Construction Inc. Have Standing To Enforce The Arbitration Provision .......................... 9

    C.    Plaintiff's "Regulatory Complaint" Characterization Is Belied By The Record And The Claims Fall Within The Scope Of The Arbitration Agreement ........................................................................ 10

III.    **CONCLUSION** .................................................................................................. 12

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

## TABLE OF AUTHORITIES

**Page**

**Cases**

*AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333………………………..7, 9

*Boucher v. Alliance Title Co., Inc.* (2005) 127 Cal.App.4th 262…………………..10

*Chamber of Commerce of the United States v. Bonta* (2023) 62 F.4th 473……6, 7, 8

*McDaniels v. General Ins. Co.*, (1934) 1 Cal.App.2d 454…………………………10

*Shaheli v. White Memorial Hospital Medical Center, et al.* (2018) 21 Cal.App.5th 308……………………………………………………………………………….8

*Soltero v. Precise Distribution, Inc.* (2024) 102 Cal.App.5th 887…………………..9

*Victrola 89, LLC v. Jaman Properties 8 LLC* (2020) 46 Cal.App.5th 337………...10

*Vo v. Technology Credit Union* (2025) 108 Cal.App.5th 632…………………….9

**Statutes**

9 U.S.C. §§ 1–4 (Federal Arbitration Act)…………………………………..5, 7, 8, 9

Cal. Civ. Code § 51.7……………………………………………4, 5, 6, 7, 8, 10

Cal. Civ. Code § 52.1……………………………………………4, 5, 6, 7, 8, 10

Cal. Civ. Code § 1559………………………………………………………....9

PLANTE HUGUENIN LAUNI KAHN LLP

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants Risewell Homes Inc., The New Home Company Southern California LLC, and TNHC Realty and Construction Inc. (collectively, "TNHC") respectfully submit this Reply in support of their Motion to Compel Arbitration, filed in the Alternative ("Motion") (ECF 152). Plaintiff's Opposition (ECF 159) raises the following arguments:

- That the arbitration agreement is statutorily unconscionable and unenforceable under California Civil Code sections 51.7(c)(4) and 52.1(m);

- That certain TNHC entities are non-signatories to the arbitration agreement and, therefore, cannot compel arbitration; and

- That Plaintiff's civil rights claims fall outside the contract.

Despite Plaintiff's arguments, each of his theories fails as a matter of law. First, the Federal Arbitration Act ("FAA") preempts Plaintiff's argument that the arbitration provision is statutorily unconscionable and unenforceable under California Civil Code sections 51.7(c)(4) and 52.1(m). Second, the operative Individual Dispute Resolution Agreement's ("IDRA") definition of "Merchant Builder Parties" combined with settled agency and estoppel principles, bind the TNHC entities and Plaintiff alike to the arbitration agreement. Third, the IDRA's broad "Merchant Builder Dispute" definition squarely covers Plaintiff's claims, which arise directly from his pursuit of construction defect claims as the Owners' agent.

For these reasons, if TNHC's Motion to Strike and/or Dismiss Plaintiff's Second Amended Complaint is not granted in its entirety, TNHC respectfully requests that this Court grant this Motion, compel arbitration of all claims asserted against TNHC in this action, and stay the proceedings pending completion of arbitration.

4

## II.    ARGUMENT

### A.    The FAA Preempts The Ralph Act And Bane Act Because They Single Out Arbitration Agreements For Invalidation

#### 1.    The Ralph Act And Bane Act Discriminate Against Arbitration

Plaintiff argues that TNHC's Motion should be denied because the Tom Bane Civil Rights Act (the "Bane Act"), codified in California Civil Code section 52.1, and the Ralph Civil Rights Act of 1976 (the "Ralph Act"), codified in Civil Code section 51.7, specifically deem adhesion contracts, such as the Purchase Agreement and Escrow Instructions ("PSA") and the Individual Dispute Resolution Agreement ("IDRA") "signed by Plaintiff's parents, 'involuntary, unconscionable, against public policy, and unenforceable'" citing California Civil Code sections 51.7(c)(4) and 52.1(m).  (ECF 159, p. 3, line 14 – p. 4, line 3.)

Under Section 51.7(c), the California Legislature placed strict procedural limits on the waiver of Ralph Act rights.  Subsection (c)(4) provides:

> Any waiver of any legal right, penalty, remedy, forum, or procedure for a violation of this section that is required as a condition of entering into a contract for goods or services shall be deemed involuntary, unconscionable, against public policy, and unenforceable. This subdivision does not affect the enforceability or validity of any other provision of the contract.

(Cal. Civ. Code § 51.7(c)(4).)  Subsection (c)(5) places the burden on a party seeking to enforce a waiver of any legal right, penalty, remedy, forum, or procedure to prove that the waiver was "knowing and voluntary and not made as a condition of the contract or of providing or receiving the goods or services."  (*Id.* at (c)(5).)  Subsection (c)(8) provides, in part, that these restrictive rules "apply to an agreement to waive any legal right, penalty, remedy, forum, or procedure for a

5

violation of this section, including an agreement to accept private arbitration." (*Id.* at (c)(8).)  The Bane Act incorporates these requirements at California Civil Code section 52.1(m), which provides:

> The rights, penalties, remedies, forums, and procedures of this section shall not be waived by contract except as provided in Cal. Civ. Code § 52.1, Cal. Civ. Code § 51.7.

(Cal. Civ. Code § 52.1(m).)  By declaring that a waiver cannot be made "as a condition of the contract" and placing heightened evidentiary burdens on the party seeking enforcement, the Ralph Act and Bane Act effectively prohibit mandatory pre-dispute arbitration agreements in such contracts.

Plaintiff's Opposition alleges that these statutory provisions prohibit enforcement of the arbitration provision.  Specifically, Plaintiff's Opposition asserts:

> The PSA required the Plaintiff's parents to acknowledge receipt of the IDRA while simultaneously providing that review 'does not allow Buyer to alter the terms of the Warranty/Dispute Documents or any other sales documents or delay or cancel the close of escrow."  PE 236, ECF No. 130-7 at 448.  This provision operates as a categorical bar on negotiation or rejection and reflects precisely the type of one-sided imposition that 51.7(c)(4) deems involuntary, unconscionable, against public policy, and unenforceable.'

(ECF 159, p. 4, lines 4-10.)

However, as discussed below, Plaintiff's arguments fail as a matter of law. Under the FAA, which Plaintiff does not dispute applies here, state-law provisions that single out, discourage, or discriminate against the formation or enforcement of arbitration agreements are preempted.  (*Chamber of Commerce of the United States v. Bonta* (2023) 62 F.4th 473, 483, 485.)  And to the extent that Plaintiff is claiming

6

PH PLANTE HUGUENIN
LK LAUNI KAHN LLP

the arbitration agreement is unconscionable under the two-pronged unconscionability test, Plaintiff's conclusory allegations, without any admissible evidence to support them, and Plaintiff's failure to analyze both procedural and substantive unconscionability, are detrimental.

## 2. The FAA Preempts The Ralph Act And The Bane Act's Special Requirements For Agreements To Arbitrate

The FAA establishes a national policy favoring arbitration and mandates that written arbitration agreements are valid, irrevocable, and enforceable, save upon grounds that exist at law or in equity for the revocation of any contract.  (*Chamber of Commerce of the United States, supra,* 62 F.4th at 483, 485.)  To determine whether the FAA preempts a state-law rule that would otherwise invalidate an arbitration agreement, we first ask whether the state-law rule is a "generally applicable contract defense[]."  (*AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, 339.)  The FAA permits arbitration agreements to be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue."  (*Id.* (citation omitted).)  "If the relevant state-law rule is not a generally applicable contract defense, the FAA preempts the state-law rule and the arbitration agreement may be enforced."  (*Id.* at 343.)

The provisions of the Ralph Act (Civil Code § 51.7(c)) and Bane Act (Civil Code § 52.1(m)), as Plaintiff invokes them, do not shield Plaintiff from the arbitration provision as he claims.  These provisions are not "generally applicable contract defenses."  Rather, by declaring that a waiver cannot be made "as a condition of the contract" and placing heightened evidentiary burdens on the party seeking enforcement, the Ralph Act and Bane Act effectively prohibit mandatory pre-dispute arbitration agreements.  Under the FAA, a state law that "singles out arbitration provisions as an exception" to generally applicable contract rules, or is enacted to "specially impede" the formation of arbitration agreements, is preempted.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

(*Chamber of Commerce of the United States, supra,* 62 F.4th at 490.)  Because the Ralph Act and Bane Act's waiver limitations target the surrender of an arbitral "forum" and specifically mention "private arbitration," they are preempted by the FAA.

In *Shaheli v. White Memorial Hospital Medical Center, et al.* (2018) 21 Cal.App.5th 308, the Court addressed this exact issue and held that the Ralph Act and Bane Act's special restrictions on arbitration are preempted by the FAA. Specifically, the Court held:

> The Ralph Act and Bane Act … unquestionably discriminate against arbitration by placing special restrictions on waivers of judicial forums and procedures in connection with claims brought under those acts.  In effect, sections 51.7 and 52.1 deem an agreement to arbitrate such claims unenforceable unless the party seeking to enforce it proves (1) the other party knowingly and voluntarily agreed to arbitration, and (2) the arbitration agreement was not made a condition of a contract for goods or services or of providing or receiving goods or services.  (§§ 51.7, subd. (b)(5), 52.1, subd. (l).) For the reasons we discuss, ***we conclude these restrictions are preempted by the FAA***.

(*Shaheli, supra*, 21 Cal.App.5th at 323 (emphasis added).)  Because the Ralph Act and Bane Act single-out arbitration provisions and discriminate against them, they are preempted by the FAA.

### 3.    The Arbitration Agreement Is Not Procedurally And Substantively Unconscionable

To the extent that Plaintiff also asserts that the arbitration agreement is unenforceable under the two-pronged unconscionability test, he has clearly failed to

8

meet his burden.  Under California law, Plaintiff bears the burden of establishing both procedural and substantive unconscionability to render a contract or clause unenforceable.  (*Vo v. Technology Credit Union* (2025) 108 Cal.App.5th 632, 641.) The FAA mandates enforcement of arbitration agreements even in contracts of adhesion absent a showing of both procedural and substantive unconscionability under generally applicable state contract law.  (*Concepcion, supra,* 563 U.S. at 340.) Here, however, Plaintiff's Opposition does not assert that the arbitration agreement is substantively unconscionable.  Plaintiff's failure to identify any substantive unconscionability is fatal to his claim.  The fact that a contract is non-negotiable does not, standing alone, render its arbitration clause unenforceable.  (*Id.* at 346–47.)

### B.       Risewell Homes, Inc. And TNHC Realty And Construction Inc. Have Standing To Enforce The Arbitration Provision

Plaintiff's Opposition asserts that Risewell Homes, Inc. fka The New Home Company, Inc. ("Risewell") and TNHC Realty and Construction, Inc. ("TNHC Realty") cannot enforce the arbitration agreement because they "are not signatories to the PSA and IDRA."  (ECF 159, pp. 5-6.)  However, as set forth in the Motion, the IDRA defines "Merchant Builder Parties" as " … The New Home Company Southern California LLC …  and … affiliated parent and subsidiary companies…" (Declaration of Lori Michel ("Michel Dec."), ¶ 8; RJN, ¶ 1; Exhibit "1" at pp. 30-31.)  Thus, Risewell and TNHC Realty are third party beneficiaries and can enforce the agreement.  (Cal. Civ. Code § 1559; *Soltero v. Precise Distribution, Inc*. (2024) 102 Cal.App.5th 887, 898 (holding that a third party beneficiary of an arbitration clause has standing to enforce it).)  Here, Plaintiff does not and cannot dispute that Risewell and TNHC Realty are third party beneficiaries of the arbitration agreement.

In addition, even when a parent company or subsidiary are nonsignatories to the contract and are not third party beneficiaries, they can still invoke an arbitration agreement under the doctrine of equitable estoppel when the plaintiff sues the parent

9

or subsidiary on causes of action that are "'intimately founded in and intertwined' with the underlying contractual obligations." (*Boucher v. Alliance Title Co., Inc.* (2005) 127 Cal.App.4th 262, 271; *Victrola 89, LLC v. Jaman Properties 8 LLC* (2020) 46 Cal.App.5th 337, 353.)

Here, TNHC has clearly established that Risewell and TNHC Realty are third party beneficiaries of the arbitration provision, and Plaintiff's Opposition asserts no arguments to the contrary. Likewise, the claims against Risewell and TNHC Realty are intimately founded in and intertwined with the underlying contract containing the arbitration clause.

Finally, Plaintiff admits that "he acted as an agent for his parents" (ECF 159, p. 5, line 3) and therefore the arbitration agreement is enforceable against him as set forth in the Motion at pages 18-22. Moreover, there is a fundamental inconsistency in Plaintiff's position in his Opposition. In Section B of his Opposition, Plaintiff argues that he is not a signatory to the PSA and IDRA. (ECF 159, p. 5, line 1- p. 6, line 8.) Yet in Section A (ECF 159, p. 3, line 14 – p. 4, line 17), Plaintiff invokes sections 51.7(c)(4) and 52.1(m) which are provisions designed to protect signatories to adhesion contracts from unfair terms. Plaintiff cannot have it both ways: he cannot claim the benefit of statutory protections for contract signatories while simultaneously arguing he is not bound by the agreement. The doctrine of quasi-estoppel bars a party from accepting the benefits of a transaction or statute while simultaneously repudiating the obligations or conditions that are integral to it. (*McDaniels v. General Ins. Co.*, (1934) 1 Cal.App.2d 454, 459-460.)

**C.** **Plaintiff's "Regulatory Complaint" Characterization Is Belied By The Record And The Claims Fall Within The Scope Of The Arbitration Agreement**

Plaintiff asserts that "regulatory complaints to the CSLB, CDI, OSHA, FMCSA, the City of Irvine, or other agencies do not require contractual 'standing'" and that "[a] passerby, neighbor, or member of the public could have submitted the

10

PLANTE HUGUENIN
LAUNI KAHN LLP
PH
LK

same regulatory complaints." (ECF 159, at p. 7.) This mischaracterization ignores the undisputed record:

- Plaintiff did not act as a disinterested "passerby." He used the agreement he entered into with his parents to establish his authority as their agent and to establish standing. (ECF 159, p. 7, lines 10-13; SAC ECF 130, ¶¶ 543-548.)

- Plaintiff provided the PSA to bond companies specifically to support his bond claims. (ECF 130, SAC, p. 90, ¶ 566; ECF 152-4, Declaration of Melanie Woodfin ("Woodfin Dec."), p. 3, ¶ 4, Exhibit "6," ECF 152-1, pp. 106-141.)

- Plaintiff pursued remedies specifically available under the IDRA's Title 7 Claim Process, serving 16 Title 7 Notices. (ECF 152-3, Michel Dec., p. 3, ¶ 8; ECF 152-4, Woodfin Dec., p. 2, ¶ 2, Exhibit 4, ECF 152-1, pp. 67-102.)

- Plaintiff served a Litigation Hold Notice referencing "statutory warranty obligations" and "the planning, design, sales, building, closing, warranty, and inspection of the [Property]." (ECF 130, SAC, p. 90, ¶ 566; ECF 152-4, Woodfin Dec., p. 2, ¶ 3, Exhibit "5," ECF 152-1, pp. 103-105.)

The evidence demonstrates that Plaintiff's activities were not those of a random member of the public, but rather of an authorized agent enforcing specific contractual rights under the PSA and IDRA. Plaintiff's conduct - serving Title 7 Notices, invoking warranty obligations, leveraging the PSA to support bond claims, and TNHC's responses thereto - is precisely the type of "Merchant Builder Dispute" that the IDRA's arbitration provision was designed to cover. And as set forth in the Motion, "Merchant Builder Dispute" is broadly defined to encompass all claims, including contractual, statutory, and tort claims, relating to or arising out of any portion of the Project, Property, or the Residence, or "the relationship between the

11

Initial Owner and Merchant Builder." As such, Plaintiff's civil rights claims are derivative of and inextricably intertwined with those contractual activities, and, therefore, they fall squarely within the scope of the binding arbitration provision.

## III.  CONCLUSION

For the foregoing reasons, TNHC respectfully requests that the Court grant its Motion to Compel Arbitration and stay these proceedings pending completion of arbitration.

Dated: August 4, 2026                    PLANTE HUGUENIN LAUNI KAHN LLP


By: */s/ Rae Richardson*
Brian C. Plante
Melanie S. Woodfin
Rae Richardson

Attorneys for Risewell Homes Inc.; The New Home Company Southern California LLC; and TNHC Realty and Construction Inc.

12

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Risewell Homes Inc., The New Home Company Southern California LLC, and TNHC Realty and Construction Inc., certifies that this brief contains 2349 words, which:

☒ complies with the word limit of L.R. 11-6.1.

Dated:  August 4, 2026                    PLANTE HUGUENIN LAUNI KAHN LLP


                                          By: */s/ Rae Richardson*
                                              Brian C. Plante
                                              Melanie S. Woodfin
                                              Rae Richardson
                                          Attorneys for Risewell Homes Inc.; The New Home Company Southern California LLC; and TNHC Realty and Construction Inc.

13

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION