UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  8:25-CV-02134 VBF (DSR)                                     Date: August 10, 2026

Title    JEFFREY GU v. CITY OF IRVINE, ET AL.


Present: The Honorable:  Daniel S. Roberts, United States Magistrate Judge

| L. Krivitsky | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |


**Proceedings:**          (IN CHAMBERS) **ORDER DENYING PLAINTIFF'S MOTION TO STRIKE TOLL BROTHERS DEFENDANTS' MOTION TO DISMISS (DOC. NO. 155)**

Before the Court is Plaintiff's Motion to Strike the Motion to Dismiss filed by Defendants Toll Brothers, Inc., TB Proprietary Corp., and Toll Southwest LLC (collectively, the "Toll Brothers Defendants").  Much of Plaintiff's argument (and supporting evidence) on this Motion to Strike relates to alleged conduct in a separate case pending between Plaintiff and these Defendants in the District of Colorado.  As to the case pending before this Court, Plaintiff argues that the Toll Brothers Defendants filed their Motion to Dismiss his Second Amended Complaint on July 8, 2026, when their response to that amended pleading was due July 6, 2026.  Plaintiff ignores, however, that the Toll Brothers Defendants did file their Motion to Dismiss on July 6th. See Doc. No. 143.  The Court struck that Motion on July 8th, however, because Defendants – again – failed to comply with the applicable rules requiring a hearing date on the Motion.  See Doc. No. 148.  Defendants then re-filed their Motion to Dismiss, correcting that error, later that afternoon.  More than a week later, Plaintiff filed his Opposition to the Motion to Dismiss, along with the instant Motion to Strike that Motion to Dismiss.  See Doc. Nos. 155, 156.  The Toll Brothers Defendants then filed their Opposition to the Motion to Strike, and Plaintiff filed his Reply.  See Doc. Nos. 179, 180.  The Court finds Plaintiffs' Motion to Strike appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.  The August 18 hearing on the Motion to Strike is therefore vacated.  For the reasons discussed below, Plaintiff's Motion to Strike is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:25-CV-02134 VBF (DSR)                                Date: August 10, 2026

Title      JEFFREY GU v. CITY OF IRVINE, ET AL.

 

In essence, Plaintiff moves to strike a motion to dismiss for lack of subject-matter jurisdiction because the moving Defendants failed initially to specify a hearing date on that motion, before promptly remedying the mistake and re-filing the motion.  While Defendants' repeated procedural errors are frustrating and Defendants should already have learned from their first such mistake (a point, to their credit, they acknowledge in their Opposition to this Motion to Strike), the Court does not find this error justifies striking the Motion to Dismiss.

Neither of the authorities Plaintiff offers in support of his Motion to Strike support such relief in these circumstances.  He first relies on Federal Rule of Civil Procedure 6(b)(1)(B), but that rule relates to a motion for extension of time.  There is no such motion before the Court. Even if the Court were to ignore Defendants' timely, but deficient, July 6th Motion (as Plaintiff does in his Motion to Strike) and consider only the July 8th version of that motion, nothing in Rule 6 on its face compels striking that document as untimely.  Plaintiff then invokes Local Rule 7-12.  That rule, however, provides that the Court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule."  (Emphasis added).  In context, it relates to the failure to file an opposition or required reply, and notes that the Court may deem such failure "consent to the granting or denial of the motion."  The Court declines to strike the Toll Brothers Defendants' Motion to Dismiss on that authority.

More important than Plaintiff's lack of authority for his Motion to Strike are the results that would follow granting it.  The outcome of striking the Toll Brothers Motion to Dismiss would be either to force them to file an Answer (which would be untimely for the same reasons Plaintiff argues as to their Motion to Dismiss, and may therefore similarly draw another Motion to Strike from Plaintiff on the same ground) or to permit Plaintiff to seek entry of a default against the Toll Brothers Defendants (which Plaintiff attempted the last time these Defendants made the same error on their Motion to Dismiss the First Amended Complaint, see Doc. Nos. 52, 53).  Far from promoting judicial economy and ensuring this case proceeds in an orderly manner as Plaintiff asserts in support of his Motion (see Doc. No. 155 at 8:15-17), striking the Motion to Dismiss will only result in either a Motion for Judgment on the Pleadings (or Motion for Summary Judgment) raising the same jurisdictional issue, or a Motion to Set Aside Default, followed also by either a Motion for Judgment on the Pleadings or Motion for Summary Judgment.  Either path ends in the exact place this case is now – with the Court again considering whether it has subject-matter jurisdiction over Plaintiff's claim against the Toll Brothers Defendants.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  8:25-CV-02134 VBF (DSR)                              Date: August 10, 2026

Title       JEFFREY GU v. CITY OF IRVINE, ET AL.


   Furthermore, even ignoring the July 6th timely-but-defective Motion to Dismiss, and considering only the July 8th corrected Motion, Plaintiff has shown no prejudice from the two-day delay in filing the Motion to Dismiss.  It did not affect Plaintiff's ability to oppose the Motion to Dismiss.  In fact, Plaintiff did not even file his Motion to Strike until the same time he filed his Opposition – which he actually filed days before it was due under the Local Rules.  And the case would not have proceeded any faster had the Toll Brothers Defendants properly noticed their motion for hearing when they first filed it on July 6th.  There are several other Defendants who also attack the Second Amended Complaint by motions noticed for hearing after the Toll Brothers Defendants' Motion.  See Doc. No. 151, 152 (New Home Defendants' Special Motion to Strike and Motion to Compel Arbitration, noticed for hearing on August 18, 2026); Doc. Nos. 167, 168 (Bert L. Howe and Associates, Inc.'s Special Motion to Strike and Motion to Dismiss, noticed for hearing on September 1, 2026); Doc. No. 174 (Defendants Sanders and Melching's Motion to Dismiss, noticed for hearing on August 25, 2026)

   And most importantly, the Court would have to consider its subject-matter jurisdiction sua sponte even if the Toll Brothers Defendants had not moved to dismiss on that basis, and still would have to do so even if the Court grants Plaintiff's Motion to Strike.  See Bernhardt v. Cnty. of Los Angeles, 179 F.3d 862, 868 (9th Cir. 2002).

   For the foregoing reasons, Plaintiff's Motion to Strike (Doc. No. 155) is DENIED.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | LK |