Ira G. Rivin (Cal. State Bar No. 62530)
irivin@rutan.com
Philip D. Kohn (Cal. State Bar No. 90158)
pkohn@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA  92612
Telephone:  714-641-5100
Facsimile:  714-546-9035

Attorneys for Defendants
JEFFREY MELCHING and JESSICA SANDERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GU,<br><br>            Plaintiff,<br><br>        v.<br><br>CITY OF IRVINE; JESSICA SANDERS; JEFFREY MELCHING; TRINITY PHAM; WILLIAM GO; IRVINE POLICE DEPARTMENT; OFFICERS JANE & JOHN DOE (1-10); THE NEW HOME COMPANY INC.; THE NEW HOME COMPANY SOUTHERN CALIFORNIA LLC; TNHC REALTY AND CONSTRUCTION INC.; BERT L. HOWE & ASSOCIATES, INC.; TOLL BROTHERS, INC.; TB PROPRIETARY CORP.; and TOLL SOUTHWEST LLC,<br><br>            Defendants. | Case No. 8:25-cv-02134-VBF-DSR<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS JEFFREY MELCHING AND JESSICA SANDERS IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT AGAINST SAID DEFENDANTS**<br><br>**FED. R. CIV. P. 12(b)(6)**<br><br>Hearing Date:    August 25, 2026<br>Time:              10:00 a.m.<br>Courtroom:       690 (in Roybal Bldg.)<br><br>Magistrate Judge Daniel S. Roberts |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
24125887.3 a08/11/26

REPLY MEMORANDUM OF DEFENDANTS JEFFREY MELCHING AND
JESSICA SANDERS IN SUPPORT OF MOTION TO DISMISS SAC

**TABLE OF CONTENTS**

                                                                                          **Page**

I.     INTRODUCTION ................................................................................................1

II.    ARGUMENT .......................................................................................................1

       A.   Plaintiffs First Amendment Right To Petition And Fourteenth Amendment Procedural Due Process Claims (Counts 3 and 4) Do Not State A Valid Claim Against The City Attorney Defendants ...........................................................1

            1.   Dismissal of the Claims Against the City Attorney Defendants in Their Official Capacities is Required Because the City has Also Been Sued ........................................1

            2.   The First Amendment Right to Petition Claim (Count 3) Fails to Allege the Deprivation of a Constitutional Right...............................................................2

            3.   The Fourteenth Amendment Procedural Due Process Claim (Count 4) Fails to Allege the Deprivation of a Protected Right ...............................................4

            4.   The City Attorney Defendants are Protected by Qualified Immunity Against the Claims Against Them in Their Individual (Personal) Capacities ......................5

       B.   Plaintiff Has Not Alleged the Required Elements for His Bane Act Claim (Count 5) ...............................................................6

       C.   Plaintiff Has Not Alleged the Required Elements for His Ralph Act Claim (Count 7) ...............................................................9

III.   CONCLUSION ...................................................................................................11

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
24125887.3 a08/11/26

REPLY MEMORANDUM OF DEFENDANTS JEFFREY MELCHING AND JESSICA SANDERS IN SUPPORT OF MOTION TO DISMISS SAC

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Brooks v. City of Palm Springs*,
2024 WL 4839375 (C.D. Cal. Sept. 4, 2024) ............................................ 7, 8, 11

*Garcetti v. Ceballos*,
547 U.S. 410 (2006) ......................................................................................... 3

*Lacey v. Maricopa Cnty.*,
693 F.3d 896 (9th Cir. 2012) ...................................................................... 5, 6

*Pickering v. Board of Ed. of Township High School Dist.*,
391 U.S. 563 (1968) ......................................................................................... 3

*Walker v. Martinez*,
2024 WL 3032885 (S.D. Cal. June 17, 2024) ................................................ 10

*White v. Lee*,
227 F.3d 1214 (9th Cir. 2000) ..................................................................... 5, 6

**CALIFORNIA CASES**

*Cornell v. City & County of San Francisco*,
17 Cal. App. 5th 766 (2017) ........................................................................ 7, 8

*Shoyoye v. County of Los Angeles*,
203 Cal. App. 4th 947 (2012) ....................................................................... 8, 9

*Venegas v. County of Los Angeles*,
32 Cal. 4th 820 (2004) ...................................................................................... 8

**CALIFORNIA STATUTES**

Civil Code
section 51.7(b)(2) .................................................................................. 9, 10, 11
section 52.1(k) ................................................................................................... 6

Code of Civil Procedure
section 527.8 ...................................................................................................... 3

Labor Code
sections 6400-6413.5 ........................................................................................ 3

|  | **Page(s)** |
|---|---|
| **CONSTITUTIONAL PROVISIONS** | |
| United States Constitution | |
| First Amendment | 1, 2, 3, 4, 5 |
| Fourteenth Amendment | 1, 4 |
| **OTHER AUTHORITIES** | |
| Assembly Bill 1775 | 9, 10 |

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
24125887.3 a08/11/26

REPLY MEMORANDUM OF DEFENDANTS JEFFREY MELCHING AND JESSICA SANDERS IN SUPPORT OF MOTION TO DISMISS SAC

## I.   **INTRODUCTION**

Irvine City Attorney Jeffrey Melching and Deputy City Attorney Jessica Sanders (the "City Attorney Defendants") have moved to dismiss the four claims for relief asserted against them (*i.e.*, "Counts" 3, 4 5 and 7) in Plaintiff Jeffrey Gu's Second Amended Complaint (the "SAC").  ECF No. 174.  Plaintiff has filed opposition to the Motion (ECF No. 178), contending without justification it was filed "in the hope of overwhelming this court with irrelevant precedent and gravely distorted facts."  ECF No. 178 at p. 30:5-6.

To the contrary, (1) the legal authorities furnished by the City Attorney Defendants plainly demonstrate that the claims alleged against them, in both their official and personal (individual) capacities, fail to set forth claims upon which relief can be granted, and (2) the facts on which the City Attorney Defendants rely are those pleaded in the SAC – including those set forth in its exhibits (for which the moving papers provide extensive citations).  The SAC should be dismissed as to the City Attorney Defendants.  As noted and requested in the moving papers, the dismissal should be without leave to amend because the SAC's deficiencies cannot be cured in light of its accepted factual allegations.  Plaintiff does not respond to this request, much less identify any new material facts he can competently plead to overcome the SAC's insufficient allegations against the City Attorney Defendants.

## II.   **ARGUMENT**

### A.   **Plaintiffs First Amendment Right To Petition And Fourteenth Amendment Procedural Due Process Claims (Counts 3 and 4) Do Not State A Valid Claim Against The City Attorney Defendants.**

#### 1.   **Dismissal of the Claims Against the City Attorney Defendants in Their Official Capacities is Required Because the City has Also Been Sued.**

Plaintiff has named the City of Irvine, *i.e.*, the municipality for whom the City Attorney Defendants work, as a defendant in this action – both generally (ECF No.

130 at p. 9:3-4) and specifically as to Counts 3 and 4 (*id*. at pp. 150:3-7, 155:14-18). As pointed out in the moving papers, when (1) individuals are sued in their official capacity as public officials and (2) the public entity itself is also sued, the claims against the individuals are duplicative and should be dismissed. ECF No. 174 at pp. 13:22-14:5. Plaintiff in his opposition does not respond to this argument and effectively concedes it. The claims in Counts 3 and 4 against the City Attorney Defendants in their official capacities should be dismissed for this reason alone.

### 2.    The First Amendment Right to Petition Claim (Count 3) Fails to Allege the Deprivation of a Constitutional Right.

The moving papers discuss why the City Attorney Defendants' cease-and-desist letters, sent in response to expressed concerns for the safety of city officials and employees and the unnecessary consumption of city resources in dealing with Plaintiff's repeated and intrusive requests for information, did not deprive Plaintiff of his First Amendment right to petition. ECF No. 174 at pp. 14:14-16:8.

The instruction given to Plaintiff to direct his future communications to the City Attorney's Office was simply a restriction, and a reasonable one at that, tailored to address the concerns articulated and explained in the letters. Plaintiff hyperbolically characterizes this restriction as "an unmonitored legal black hole" and "an unconstitutional prior restraint." ECF No. 130 at pp. 17:4-18:9. It is neither. Plaintiff at all times retained the ability to attend public meetings, submit emergency calls for service to the Police Department, and freely communicate his position and any inquiries to the city (including requests under the California Public Records Act) via direct written messaging to the City Attorney's Office – an arm of the city.

Plaintiff concedes he has no constitutionally protected right to a response from the city, regardless of the recipient of his communications. ECF No. 178 at p. 17:8-11. Thus, his real grievance is not that he was foreclosed from directing communications to the city, but rather that he was told he could not continue to

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
24125887.3 a08/11/26

hound city employees of his choice and at his whim. *Id.* at pp. 17:11-16, 18:2-6. That is not a denial of Plaintiff's First Amendment rights.

Plaintiff also contends the reasons given for the cease-and-desist letters, *i.e.*, concern for the safety of city officials and employees and the burdens placed on staff time and resources in responding to Plaintiff's communications, are not legitimate justifications for the restriction imposed. ECF No. 178 at p. 11:14-18:9. But government, just like any other employer, has a duty to look out for the safety and well-being of its employees. California law requires employers to furnish a safe and healthful workplace, free from harassment and violence. Cal. Lab. Code §§ 6400-6413.5; *see* Cal. Code. Civ. Proc. § 527.8 (ability of employers to obtain restraining order to protect employees subjected to violence, threats of violence or harassment as defined).[1]

Separately, time, place, and manner restrictions imposed by governmental entities are reasonable where the purported exercise of a protected First Amendment right interferes with or impairs the effective and efficient management of internal governmental affairs. *See Garcetti v. Ceballos*, 547 U.S. 410, 419 (2006); *Pickering v. Board of Ed. of Township High School Dist.*, 391 U.S. 563, 568 (1968).

There is nothing in the SAC revealing the city's concerns to be irrational or contrived. To the contrary, Plaintiff's reported bad behavior directed toward the City of Irvine's employees – as reflected in the cease and desist letters – was not unique to Irvine. The SAC reflects a pattern of harassing conduct exhibited by Plaintiff to employees and agents of the (1) City of Wheat Ridge, Colorado (ECF No. 130 at ¶¶ 240-242), (2) defendant Risewell Homes, Inc. (*id.* at ¶¶ 571-574, 868-

[1]    Plaintiff disputes the stated reasons for the cease and desist letters, claiming the "only reasonable conclusion" from the facts he alleges in the SAC is that the letters "were sent in retaliation for Plaintiff's petitioning activities." ECF No. 178 at p. 11:10-12. That conclusion may be one Plaintiff draws, but it most certainly is neither logical nor reasonable. The only "reasonable conclusion" is that the City of Irvine and the City Attorney Defendants believed Plaintiff's actions were sufficiently egregious that the city's employees needed reasonable protection from Plaintiff's ongoing and ceaseless harassment.

869), (3) defendant The New Home Company, Inc. (*id.* at ¶¶ 596-598, 684-685), and (4) defendant Bert L. Howe & Associates, Inc. (id. at ¶¶ 693-695).  The City Attorney Defendants had every right to attempt to direct Plaintiff's communications to a central location without violating Plaintiff's First Amendment rights.[2]

### 3.    The Fourteenth Amendment Procedural Due Process Claim (Count 4) Fails to Allege the Deprivation of a Protected Right.

The City Attorney Defendants' moving papers demonstrate that because Plaintiff has not alleged the deprivation of a liberty or property interest with regard to his "right to petition" claim under the First Amendment as a predicate, he cannot state a corresponding procedural due process claim under the Fourteenth Amendment.  ECF No. 174 at pp. 16:9-17:15.  As noted above, Plaintiff at all times remained unconstrained to convey his views and inquiries on city-related matters via direct communications to the City Attorney's Office.  Plaintiff's opposition papers do not address, and effectively concede, the validity of this argument as to the insufficiency of his purported Fourteenth Amendment due process claim regarding the right to petition.

To the extent Plaintiff bases this claim on the California Public Records Act, he has failed to address, much less attempt to refute, the argument in the moving papers that this claim fails because the Act does not create a protected liberty or property interest.  ECF No. 174 at pp. 17:16-18:5.  Plaintiff cannot base his

---

[2]    Plaintiff separately argues that (1) "by not invoking" the litigation privilege in their moving papers, the City Attorney Defendants "have seemingly waived" the privilege (ECF No. 178 at p. 10:7-8), and (2) the failure of the City Attorney Defendants to file a compulsory counterclaim in combination with the Motion somehow constitutes an admission that the litigation privilege cannot be asserted.  *Id.* at p. 11:4-9.  Not only are these arguments irrelevant to the pending Motion, they are baseless.  A waiver of the litigation privilege cannot be inferred from its omission from the moving papers, and an assertion of the privilege as a defense can certainly await the filing of an answer to the SAC should the Motion be denied.  By the same token, a compulsory counterclaim need not be advanced until and unless an answer is subsequently required.

procedural due process claim in Count 4 on alleged violations of the California Public Records Act.

### 4. The City Attorney Defendants are Protected by Qualified Immunity Against the Claims Against Them in Their Individual (Personal) Capacities.

Plaintiff's Section 1983 claims against the City Attorney Defendants in their personal (individual) capacities can withstand the City Attorney Defendants' challenge only if Plaintiff shows that their alleged conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known. ECF No. 174 at pp. 18:25-19:5, 13-19; *see* ECF No. 178 at p. 18:14-18. The cease-and-desist letters at issue here do not meet that test, and Plaintiff cites no cases supporting a contrary conclusion.

As the City Attorney Defendants' anticipated in their moving papers, Plaintiff relies on *White v. Lee*, 227 F.3d 1214 (9th Cir. 2000) and *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) in arguing that qualified immunity is unavailable in this case. ECF No. 178 at p. 18:18-20:20. As demonstrated in the moving papers, the facts underlying both cases are readily distinguishable from the City Attorney Defendants' alleged facially reasonable conduct.

In *White*, HUD officials used aggressive investigatory powers over an eight-month period – including interrogations under threat of subpoena – to coerce the plaintiffs not to speak or litigate against a housing project. 227 F.3d at 1226-1229. The court found such conduct "exceeded the bounds of reasonable governmental action" (*id*. at 1231) and "would chill or silence a person of ordinary firmness from future First Amendment activities" (*id*. at 1228, citing *Mendocino Environmental Ctr. v. Mendocino County,* 192 F.3d 1283, 1300 (9th Cir. 1999)).

Similarly in *Lacey*, the county officials engaged in extensive and aggressive investigatory activities, going so far as to have the plaintiffs arrested the same day a critical article was published in their newspaper. 693 F.3d at 907-917. As in *White*,

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
24125887.3 a08/11/26

REPLY MEMORANDUM OF DEFENDANTS JEFFREY MELCHING AND JESSICA SANDERS IN SUPPORT OF MOTION TO DISMISS SAC

the *Lacey* court found the alleged conduct to be undeniably violative of clearly established rights. *Id.* at 917-922; *see also* pp. 922-926.

Here, the conduct attributed to the City Attorney Defendants does not remotely approach the egregiousness or vindictiveness of the officials' activities in *White* and *Lacey*. Nor does Plaintiff cite any applicable authority that would have put the City Attorney Defendants, or any reasonable person for that matter, on notice that the cease-and-desist letters – which expressly left open an effective avenue of communication to the city via the City Attorney's Office – violated Plaintiff's clearly established constitutional rights.

It is noteworthy that following the first cease-and-desist letter, Plaintiff disregarded the instruction to direct communications to the City Attorney's Office and instead continued to send communications to other city officials and employees. ECF No. 130 at ¶¶ 689, 698. Plaintiff continued to do so after the second cease-and-desist letter. *Id.* at ¶¶ 711, 822-831. Notably, the cease-and-desist letters thus did not in any way dissuade or deter Plaintiff, who no doubt would believe himself to be "a person of ordinary firmness," from his purported petitioning activities.

**B.      Plaintiff Has Not Alleged the Required Elements for His Bane Act Claim (Count 5).**

Plaintiff's SAC asserts that defendants "utilized" the Irvine Police Department to allegedly intimidate him (ECF No. 130 at p. 170:7-9) and withheld documents in response to a Public Records Act request (*id.* at p. 171:8-10), thereby allegedly violating the Bane Act. As to the City Attorney Defendants, however, the <u>facts</u> alleged in the SAC reveal that they allegedly participated in this purported conduct by issuing the cease and desist letters. And as noted in the moving papers (ECF No. 174 at p. 22:10-16), when speech alone is involved – as it is here vis-a-vis the City Attorney Defendants based on their cease and desist letters – the speech must include a threat of violence to be actionable. Cal. Civ. Code § 52.1(k).

Missing the point, Plaintiff cites *Cornell v. City & County of San Francisco*, 17 Cal. App. 5th 766 (2017) for the proposition that "[c]ourts applying the Bane Act have recognized that coercive threats of adverse governmental consequences can satisfy the statute even without physical violence." ECF No. 178 at p. 29:12-14. The City Attorney Defendants do not claim actual physical violence is required to state a Bane Act claim. But where the claims are based on speech alone, threats of violence are required. And the City Attorney Defendants clearly are not alleged to have threatened Plaintiff with violence of any sort. As a result, Plaintiff's Bane Act claim against them fails.

Even assuming for the sake of argument that Plaintiff's claims against the City Attorney Defendants involved something more than "speech," the cases cited in Plaintiff's opposition – which reflect the type of "coercive conduct" required under the Bane Act – lead to the same conclusion. For example, in *Cornell, supra*, the court noted the "[plaintiff's] arrest was carried out with threats of violence and was just the start of a series of events suggesting an intent to demean him and set him up for termination," including "a fruitless hunt for incriminating evidence," the placement of "a secret recording device . . . which yielded nothing, and a hospital drug test [that] turned up negative." 17 Cal. App. 5th at 795. The court held that when "an unlawful arrest is properly pleaded and proved, the egregiousness required by Section 52.1 is tested by whether the circumstances indicate the arresting officer had a specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Id.* at 801. The SAC asserts no such facts.

Moreover, "[i]n evaluating the threatening or coercive conduct, the Court must consider whether a reasonable person would have been intimidated or threatened by the actions of the defendants." *Brooks v. City of Palm Springs*, 2024 WL 4839375, at *8 (C.D. Cal. Sept. 4, 2024) (citing *Richardson v. City of Antioch*, 722 F. Supp. 2d 1113, 1147 (N.D. Cal. 2010)). The City Attorney Defendants' alleged actions would most certainly not "intimidate or threaten" a reasonable

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
24125887.3 a08/11/26

-7-

REPLY MEMORANDUM OF DEFENDANTS JEFFREY MELCHING AND
JESSICA SANDERS IN SUPPORT OF MOTION TO DISMISS SAC

person, much less Plaintiff.

Interestingly, the *Brooks* court observed that "courts both in California and [the Central] District appear undecided on 'whether a Bane Act claim [*i.e.*, one not involving speech alone] requires a threat of violence or whether intimidation or coercion involving a nonviolent consequence would suffice.'" *Brooks*, *supra*, 2024 WL 4839375, at *9. But even if (1) the City Attorney Defendants were alleged to have engaged in something more than speech alone and (2) coercion without a threat of violence satisfies the Act, courts (consistent with *Cornell, supra*) have set a high bar for finding such coercion.

Plaintiff cites *Venegas v. County of Los Angeles*, 32 Cal. 4th 820 (2004) for the proposition that the Bane Act "applies to interference with rights so long as the defendant's conduct is accompanied by those coercive means." ECF No. 178 at p. 28:6-7. Plaintiff overstates the California Supreme Court's holding in *Venegas*, which is meaningfully distinguishable from this case. In *Venegas*, law enforcement officers detained, arrested, and searched the home of a man whose brother was under investigation for automobile theft. 32 Cal. 4th at 827. The court determined the plaintiffs had adequately pled a cause of action under the Bane Act because of the alleged violations at issue, namely unconstitutional search and seizure. *Id.* at 843. Per the court, the plaintiffs did not need to "allege that defendants acted with discriminatory animus or intent, so long as those acts were accompanied by the requisite threats, intimidation, or coercion." *Id.* at 843. The SAC includes no facts indicating the City Attorney Defendants engaged in such egregious constitutional violations or coercive acts.

In *Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947 (2012), also cited by Plaintiff, the plaintiff was "overdetained" due to a computer error (203 Cal. App. 4th at 951). The court concluded the plaintiff did <u>not</u> state a Bane Act claim. "[W]here coercion is inherent in the constitutional violation alleged, i.e., an overdetention in County jail, the statutory requirement of 'threats, intimidation, or

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
24125887.3 a08/11/26

REPLY MEMORANDUM OF DEFENDANTS JEFFREY MELCHING AND JESSICA SANDERS IN SUPPORT OF MOTION TO DISMISS SAC

coercion' is not met.  The statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself." *Id.* at 959.  The court found the jail officials merely negligent without any intent to wrongfully detain the plaintiff.  As a result, there was <u>no</u> Bane Act violation. *Id.* at 961-962.

Again, these cases reveal the type of egregious coercive conduct required to state a Bane Act claim where the conduct consists of something beyond speech alone – so that coercive conduct less than threats of violence may be sufficient to state a Bane Act claim.  The SAC does not allege conduct by the City Attorney Defendants remotely sufficient to meet that test.

**C.** **Plaintiff Has Not Alleged the Required Elements for His Ralph Act Claim (Count 7).**

Plaintiff asserts that "sweeping" revisions to the Ralph Act in 2020 – accomplished through Assembly Bill 1775 ("<u>AB 1775</u>") – removed the statutory requirement that "defendant committed or threatened a violent act against the plaintiff."  ECF No. 178 at pp. 25:14-26:1.  AB 1775 did nothing of the sort.  AB 1775 merely added current paragraph (b)(2) to the Act, which states:

> For purposes of this subdivision, "intimidation by threat of violence" includes, but is not limited to, making or threatening to make a claim or report to a peace officer or law enforcement agency that falsely alleges that another person has engaged in unlawful activity or in an activity that requires law enforcement intervention, knowing that the claim or report is false, or with reckless disregard for the truth or falsity of the claim or report.

Civ. Code § 51.7(b)(2).  Referencing over 30 allegedly supporting paragraphs (*see* ECF No. 130 at p. 178:3-8), the SAC accuses all Defendants, lumped together, of making such claims or reports.  But only two of those cited paragraphs deal with the City Attorney Defendants (¶¶ 681 and 706), and these merely mention the two cease-and-desist letters sent to Plaintiff.  Neither letter made or threatened claims or

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
24125887.3 a08/11/26

REPLY MEMORANDUM OF DEFENDANTS JEFFREY MELCHING AND JESSICA SANDERS IN SUPPORT OF MOTION TO DISMISS SAC

reports to a peace officer or law enforcement agency, much less threatening such claims knowing them to be false or with reckless disregard for their truth.

Cases interpreting the new statutory language added by AB 1775 actually confirm that Plaintiff's Ralph Act claim must be dismissed.  In *Walker v. Martinez*, 2024 WL 3032885 (S.D. Cal. June 17, 2024), for example, the plaintiff sued a retail establishment and the city after she was detained by police, accused of stealing from the store, and allegedly threatened with a strip search.  *Id.* at *1.  The court noted the plaintiff needed to establish the following elements to state a claim under the Ralph Act: "(1) Defendant committed or threatened violent acts against Plaintiff; (2) Defendant was motivated by their perception of Plaintiff's race or ethnicity; (3) Plaintiff was harmed; and (4) Defendant's conduct was a substantial factor in causing Plaintiff's harm."  *Id.* at *3 (citing *Campbell v. Feld Entertainment, Inc.*, 75 F. Supp. 3d 1193, 1205 (N.D. Cal. 2014)).

The plaintiff's opposition to a motion to dismiss in *Walker* relied on section 51.7(b)(2) to claim that a retail employee "acting on the basis of [the plaintiff's] perceived race, encouraged law enforcement to improperly detain [her] in a manner that caused her to be subjected to threats of violence."  *Walker*, *supra*, 2024 WL 3032885 at *4.  The fact that "the threat of violence against her was allegedly committed by law enforcement officials, not by [Dick's Sporting Goods] employees . . . [was] enough to find that Plaintiff [had] failed to state a claim under the Ralph Act."  *Id.*  The court further found that the conduct of the retail employees did not give rise to a claim under Section 51.7(b)(2) because the plaintiff failed to allege that the retail employees had "directly threatened her with the possibility of a police report."  *Id.*

In evaluating a claim under Civil Code section 51.7(b)(2), courts thus will scrutinize whether a defendant (1) made or threatened to make a claim to law enforcement that the defendant knew to be false or (2) was reckless as to the truth of the claim.  Plaintiff in his opposition surmises such conduct by the City Attorney

Defendants.  His SAC, however, is devoid of facts from which such conclusion can be rationally inferred.

In *Brooks*, *supra*, 2024 WL 4839375, the plaintiff filed federal and state claims alleging racial discrimination by a hotel.  The defendant hotel's employees had "called the police on Plaintiff to assist with his removal from the hotel," despite (1) Plaintiff's cooperation with the hotel's instructions that he pack his belongings and (2) the fact that he had already been escorted to his room by hotel staff.  2024 WL 4839375, at *10.  The court concluded that "a reasonable jury could find that Plaintiff would have been intimidated by [the hotel employee's] actions [in calling the police], as defined by the Ralph Act," pursuant the definition of "intimidation by threat of violence" in Section 51.7(b)(2).  *Id*.  Accordingly, the court denied the defendants' motion for summary judgment as to the Ralph Act claim.

Once again, that is not this case.  The SAC states no violation of the Ralph Act against the City Attorney Defendants.

## III.   CONCLUSION

For the reasons demonstrated in their moving papers and above, the City Attorney Defendants respectfully request that their Motion to Dismiss the Second Amended Complaint be granted as to said defendants, and that such dismissal be ordered without leave to amend.

Dated:  August 11, 2026

RUTAN & TUCKER, LLP
IRA G. RIVIN
PHILIP D. KOHN

By: _____
Ira G. Rivin
Attorneys for Defendants JEFFREY MELCHING and JESSICA SANDERS

Rutan & Tucker, LLP
attorneys at law

106/007072-0364
24125887.3 a08/11/26

REPLY MEMORANDUM OF DEFENDANTS JEFFREY MELCHING AND JESSICA SANDERS IN SUPPORT OF MOTION TO DISMISS SAC

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants JEFFREY MELCHING and JESSICA SANDERS, certifies that this brief contains 3,614 words, which:

 X  complies with the word limit for reply briefs in the Central District.

__ complies with the word limit set by court order dated _____ [date].

Counsel relies on the word count of the word-processing application used to prepare the brief.

Dated:  August 11, 2026

RUTAN & TUCKER, LLP
IRA G. RIVIN
PHILIP D. KOHN

By: _____
Ira G. Rivin
Attorneys for Defendants JEFFREY MELCHING and JESSICA SANDERS

Rutan & Tucker, LLP
attorneys at law

-12-

106/007072-0364
24125887.3 a08/11/26

REPLY MEMORANDUM OF DEFENDANTS JEFFREY MELCHING AND
JESSICA SANDERS IN SUPPORT OF MOTION TO DISMISS SAC