THE KNEAFSEY FIRM, INC.
SEAN M. KNEAFSEY (SBN 180863)
skneafsey@kneafseyfirm.com
707 Wilshire Boulevard, Suite 3700
Los Angeles, California 90017
Phone: (213) 892-1200
Fax: (213) 892-1208

THE LAW OFFICES OF JEREMY PASTERNAK, A.P.C.
JEREMY PASTERNAK (SBN 181618)
jdp@pasternaklaw.com
MARGARET P. CROWLEY (SBN 358812)
mc@pasternaklaw.com
100 Bush Street, Suite 1580
San Francisco, California 94104
Phone: (415) 693-0300
Fax: (415) 693-0393

Attorneys for Defendant
BERT L. HOWE & ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISRICT OF CALIFORNIA

JEFFREY GU, an individual,

Plaintiff,

vs.

CITY OF IRVINE; JESSICA SANDERS; JEFFREY MELCHING; TRINITY PHAM; WILLIAM GO; IRVINE POLICE DEPARTMENT; OFFICERS JANE & JOHN DOE (1-10); THE NEW HOME COMPANY, INC.; THE NEW HOME COMPANY SOUTHERN CALIFORNIA LLC; TNHC REALTY AND CONSTRUCTION INC.; BERT L. HOWE & ASSOCIATES, INC.; TOLL BROTHERS, INC.; TB PROPERITEARY CORP.; TOLL SOUTHWEST LLC,

Defendants.

Case No.: 8:25-CV-02134-VBF-DSR

*[Assigned for all purposes to Magistrate Daniel S. Roberts]*

**DEFENDANT BERT L. HOWE & ASSOCIATES, INC.'S REPLY BRIEF IN SUPPORT OF SPECIAL MOTION TO STRIKE FILED PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16, ET SEQ.**

**Date:** **September 1, 2026**
**Time:** **10:00 a.m.**
**Dept:** **Courtroom 690 – Roybal Federal Building**

Action Filed: October 8, 2025

## TABLE OF CONTENTS

I. INTRODUCTION ..... - 1 -
II. DISCUSSION ..... - 1 -
A. Anti-SLAPP Prong One: Plaintiff's Bane Act and Ralph Act Claims Arise From BHA's Right to Petition and Prong One of the Anti-SLAPP Statute is Therefore Satisfied ..... - 1 -
1. BHA's Cease and Desist Letter Implicates BHA's Right of Petition and Therefore Meets Prong One ..... - 2 -
2. BHA's Alleged Participation in the Colorado Action Implicates BHA's Right to Petition and Therefore Meets Prong One ..... - 5 -
B. Anti-SLAPP Prong Two: Plaintiff Presents No Admissible Evidence Supporting His Bane Act or Ralph Act Claims. ..... - 6 -
1. Plaintiff Presents No Evidence of a Bane Act Claim. ..... - 6 -
2. Plaintiff Presents No Evidence of Any Element of a Ralph Act Claim ..... - 7 -
III. CONCLUSION ..... - 9 -

# TABLE OF AUTHORITIES

## Cases

*A.F. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc.*, 137 Cal.App.4th 118, 1126 ............ - 5 -
*Cabral v. Martins*, 177 Cal.App.4th 471, 485 (2009) ............ - 3 -
*Cornell v. City & County of San Francisco,* 17 Cal.App.5th 766 (2017) ............ - 7 -
*Doe v. Vaidyaji Priyanka*, 814 F.Supp.3d 1073, 1090 (N.D. Cal. 2026) ............ - 8 -
*Gay Law Students Assn. v. Pacific Tel. and Tel. Co.*, 24 Cal.3d 458 (1979) ............ - 9 -
*Gootee v. Lightner*, 224 Cal.App.3d 587, 589 (1990) ............ - 5 -
*Kashian v. Harriman*, 98 Cal.App.4th 892, 908 (2002) ............ - 5 -
*Neville v. Chudacoff*, 160 Cal.App.4th 1255, 1266 (2008) ............ - 3 -
*Premier Med. Mgmt. Systems, Inc. v. Cal. Ins. Guar. Ass'n*, 136 Cal.App.4th 464, 476 (2006) ............ - 6 -, - 8 -
*Shoyoye v. County of Los Angeles*, 203 Cal.App.4th 947, 955–956 (2012) ... - 6 -, - 7 -
*Weinberg v. Feisel*, 110 Cal.App.4th 1122 (2003) ............ - 4 -
*Wise v. Thrifty Payless*, Inc., 83 Cal.App.4th 1296, 1302 (2000) ............ - 3 -
*Wong v. Tai Jing,* 189 Cal.App.4th 1354, 1368 (2010) ............ - 6 -

## Statutes

Cal. Civ. Code § 51.7(b)(2) ............ - 8 -
Cal. Civ. Code § 52.1(k) ............ - 6 -

# I. INTRODUCTION

Plaintiff's Opposition fails to present any admissible evidence to refute that Plaintiff's Bane Act and Ralph Act Claims arise from BHA's right to petition. As a result, prong one of the anti-SLAPP statute is therefore met. *See infra* part II.A.

Plaintiff then fails to meet his burden under prong two of the anti-SLAPP statute by failing to present admissible evidence to support his Bane Act and Ralph Act claims. *See infra* part II.B.1-2.

As a result, BHA's anti-SLAPP motion should be granted.[1]

# II. DISCUSSION

## A. **<u>Anti-SLAPP Prong One</u>: Plaintiff's Bane Act and Ralph Act Claims Arise From BHA's Right to Petition and Prong One of the Anti-SLAPP Statute is Therefore Satisfied**

Prong one of the anti-SLAPP statute requires that BHA establish that its actions, as alleged in Plaintiff's SAC, arise from <u>either</u> BHA's right to petition <u>or</u> right of free speech. (*See* Dkt. 167-1, Memorandum, at parts III.A-B). Here, Plaintiff argues that prong one of the anti-SLAPP test is not met because BHA's cease and desist letter contains "fabricated allegations" and BHA "never seriously contemplated" litigation when it sent the letter. Further, Plaintiff argues that prong one is not met because BHA's "conduct" in the Colorado Action consisted of "extrajudicial funneling of information to Toll Brothers, Inc." (Dkt. 172, at pp. 7, 12). As set forth below and in BHA's moving papers, these claims fail.

---

[1] BHA's counsel realized in the course of preparing this reply that its moving papers were not submitted in 14 point font as required by the Local Rules and this Court's procedures. BHA's counsel apologizes to the Court and has undertaken internal quality control procedures to ensure that this does not happen again. BHA respectfully requests that the court nonetheless accept BHA's initial filing notwithstanding this error.

### 1. BHA's Cease and Desist Letter Implicates BHA's Right of Petition and Therefore Meets Prong One

Plaintiff argues that BHA's cease and desist letter does not meet prong one of the anti-SLAPP analysis because, in Plaintiff's view, the letter was not made in "serious good-faith contemplation of litigation." (Dkt. 172, at pp. 7).

The circumstances surrounding BHA's cease-and-desist demonstrate that BHA contemplated litigation. Plaintiff does not dispute that: [1] his brother attempted to break into BHA's premises (Barana Decl., ¶ 6), [2] BHA was so alarmed that it filed a police report (Barana Decl., ¶ 6), [3] BHA subsequently discovered that it was Plaintiff's Gu's brother (Barana Decl., ¶ 7), and, [4] they subsequently retained litigation counsel to send the subject cease and desist letter (Barana Decl., ¶ 8)).

Plaintiff claims that BHA could not have contemplated litigation in good faith because the letter recited the background of Plaintiff's Gu's regulatory claims against BHA. Plaintiff misses the point. BHA was particularly alarmed when it learned that Plaintiff's brother, Yang Gu, was the individual that attempted the break in because Yang Gu had been at the prior site inspection and had a demonstrated history of animus against BHA. (Barana Decl., ¶ 7). The letter itself alone demonstrates that it was sent to threaten suit if Plaintiff or his brother ever attempted "to enter BHA's facilities" again. The letter states;

> [I]n the interest of avoiding swift litigation, we demand that you **immediately cease and desist** all attempts to enter BHA's facilities and contact of any nature with any Company employee, officer, director, or representative. In the event you make, or attempt to make, any further contact with any Company employee, officer, director, or representative, the Company, and/or these representatives individually, *may*

> *pursue all available civil and criminal remedies against you to prohibit further contact.*
>
> * * *
>
> Should the Company have reason to believe at any point its rights and/or obligations have been violated, the Company will not hesitate to take immediate legal action against you and pursue all available civil and criminal relief to which it may be entitled. Importantly, if any such further action is required, the Company will seek to recover all damages, costs, and attorneys' fees incurred in pursuing such relief against you.

(Ex. 4; *see also* Dkt. 130-7 at Ex. 221, pp. 203-205) (emphasis added)).

Plaintiff contends that BHA must file preliminary injunction, restraining order, or counterclaims to preserve the litigation privilege defense. There is no such requirement. Courts have expressly held that that litigation need not actually be filed to protect pre-litigation statements. *Neville v. Chudacoff*, 160 Cal.App.4th 1255, 1266 (2008).

Plaintiff contends that BHA's cease and desist contains "fabricated allegations" and therefore cannot form the basis of an anti-SLAPP motion under prong one. (Dkt. 172, at pp. 13-14). Plaintiff presents no evidence to support this claim. Regardless, the litigation privilege applies, "regardless of the existence of malice or intent to harm." *Wise v. Thrifty Payless*, Inc., 83 Cal.App.4th 1296, 1302 (2000). The privilege has even been applied to communications "involv[ing] forgery or falsification of documents." *Cabral v. Martins*, 177 Cal.App.4th 471, 485 (2009). Thus, Plaintiff's characterization of BHA's cease and desist letter allegations as "fabricated," even accepted as true, does not preclude BHA from satisfying the first prong of the anti-SLAPP analysis.

Plaintiff relies on *Weinberg v. Feisel*, 110 Cal.App.4th 1122 (2003); however, *Weinberg* is inapplicable because, among other reasons, it is a free speech and not right of petition case. In *Weinberg*, the plaintiff, Alan Weinberg ("Weinberg"), and the defendant, Duane Feisel ("Feisel"), were both in the "token collecting" business. *Id*. at 1127. Defendant Feisel accused Plaintiff Weinberg of stealing Feisel's tokens. *Id*. As the court summarized, "Defendant began what can be characterized as a campaign to oust plaintiff from the token collecting avocation." *Id*. at 1128. Plaintiff Weinberg sued Defendant Feisel for libel, slander, and intentional infliction of emotional distress. *Id*. at 1130. Feisel filed an anti-SLAPP motion which was denied. *Id*. The Court of Appeal affirmed.

*Weinberg* has no application here. The Court of Appeal explained that, unlike BHA here, Defendant Feisel relied exclusively on the "free speech" and not the "right to petition" prong of the anti-SLAPP statute. *Id*. at 1131. The Court explained:

The *Weinberg* Court went on to explain that Defendant Feisel's free speech rights were also not implicated because it was a purely private dispute. The court explained:

> [D]efendant did not present any evidence to show that plaintiff was anything other than a private, anonymous token collector; that their dispute was anything other than a private controversy; or that the communications were made to anyone other than a small group of other private parties.

*Id*. at 1132.

BHA's cease and desist letter which contemplated litigation arises "from . . . [the] right of petition" and prong one of the anti-SLAPP statute is therefore met. (*See* C.C.P. § 425.16(b)(2); *see also* Dkt. 167-1, Memorandum at parts III.A-B).

### 2. BHA's Alleged Participation in the Colorado Action[2] Implicates BHA's Right to Petition and Therefore Meets Prong One

Plaintiff argues that BHA's participation in the Colorado Action is not protected by the litigation privilege because BHA purportedly cannot satisfy the four elements necessary to establish a prima facie showing as set forth in *A.F. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc.*, 137 Cal.App.4th 118, 1126. (Dkt. 172, pp. 12). Plaintiff mischaracterizes BHA's alleged conduct in his Opposition as "extrajudicial[] conspiring" and thus, not subject to the litigation privilege. (Dkt. 172, pp. 11-13).

As set forth in BHA's moving papers, the litigation privilege is not limited to the filing of a lawsuit or statements made in court. (*See* Dkt. 167-1, Memorandum at parts III.A-B). Indeed, courts have adopted a "fairly expansive view of what constitutes litigation-related activities." *Kashian v. Harriman*, 98 Cal.App.4th 892, 908 (2002). BHA's alleged actions in the Colorado action meet all four elements set forth in *A.F. Brown*, as the underlying communications referenced are directly connected to BHA's actions as hired experts. The litigation privilege acts as a "complete defense" when actions are filed against previously retained experts. *See* Dkt. 167-1, Memorandum at parts III.A-B; *See generally Gootee v. Lightner*, 224 Cal.App.3d 587, 589 (1990).

As set forth above, Plaintiff sued BHA in Colorado based on BHA sending a cease and desist letter that contemplated litigation and based on BHA's purported involvement in the Colorado litigation. Both "arise from . . . [the] right of petition" and prong one of the anti-SLAPP statute is therefore met. (*See* C.C.P. § 425.16(b)(2); *see also* Dkt. 167-1, Memorandum at parts III.A-B).

---

[2] On August 12, 2026, in the Colorado Action, Magistrate Judge Cyrus Y. Chung issued a Report and Recommendation that Mr. Gu's crossclaims alleged against BHA be dismissed without leave to amend pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim. Mr. Gu subsequently dismissed Defendant BHA (and others) from the Colorado. (*See* RJN, Exhibits 8-9).

**B. <u>Anti-SLAPP Prong Two</u>: Plaintiff Presents No Admissible Evidence Supporting His Bane Act or Ralph Act Claims.**

Having satisfied prong one, the burden now shifts to Plaintiff to present evidence that, "is both legally sufficient and supported by sufficient prima facie evidence to sustain a favorable judgment." *Premier Med. Mgmt. Systems, Inc. v. Cal. Ins. Guar. Ass'n*, 136 Cal.App.4th 464, 476 (2006); *Wong v. Tai Jing,* 189 Cal.App.4th 1354, 1368 (2010) ("The plaintiff may not rely on the allegations in the complaint or assertions in a declaration based on information and belief.").

Plaintiff fails to do so. Plaintiff's evidence consists of a short five paragraph declaration and several requests for judicial notice. This alleged evidence does not establish the essential elements of either of Plaintiff's claims.

**1. Plaintiff Presents No Evidence of a Bane Act Claim.**

As set forth in BHA's moving papers, "[t]he essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law . . . ." *Shoyoye v. County of Los Angeles*, 203 Cal.App.4th 947, 955–956 (2012). "A defendant is liable if he or she interfered with or attempted to interfere with the plaintiff's constitutional rights by the requisite <u>threats, intimidation, or coercion</u>." *Id.* (emphasis added). Speech is insufficient, except in narrow circumstances where the person who is threatened "reasonably fears that, because of the speech, violence will be committed against them." (Cal. Civ. Code § 52.1(k); *see also* Dkt., 167-1, Memorandum at part III.C.2(a)).

Plaintiff has not provided any evidence that BHA intended, or that Plaintiff even perceived that BHA would inflict physical violence against him. (Cal. Civ. Code § 52.1(k)).

Plaintiff argues that BHA's "speech" is sufficient to state a claim for the Bane Act because "coercive threats of adverse governmental consequences can satisfy the statute without physical violence." He makes this assertion based on *Cornell v. City*

*& County of San Francisco,* 17 Cal.App.5th 766 (2017).

In *Cornell*, the plaintiff brought a Bane Act claim where he was unlawfully arrested by police officers. *Id*. at 773-776. During the arrest, the police officers pointed a gun at the plaintiff. *Id*. After the arrest, the officers held the plaintiff in an interrogation room for nearly six hours after his arrest. *Id*. The Court upheld the verdict in favor of the plaintiff on his Bane Act claim because "the arresting officer had a specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Id*. at 801-802. (emphasis added). The Court's holding was narrow as it was applicable to unlawful arrest cases, and did not establish a broader framework for bringing a Bane Act claim with alleged "threats of adverse governmental consequences." *Id*.

Plaintiff's only other alleged evidence is his declaration in which he claims that he sent emails to BHA and bond companies regarding BHA employees, and that he accessed a BHA employee's Linked-In page, which formed the basis of his regulatory complaints. (Dkt. 172-2, Gu Declaration at ¶¶ 3-5). Neither of these alleged facts support a Bane Act Claim.

Because Plaintiff's Declaration and SAC set forth no facts that BHA prevented Plaintiff from "doing something he or she had the right to do under the law," much less that BHA did so by "threats, intimidation, or coercion," Plaintiff's Bane Act claim fails. *Shoyoye v. County of Los Angeles*, 203 Cal.App.4th 947, 955–956 (2012).

As a result, BHA's anti-SLAPP motion should be granted.

#### 2. Plaintiff Presents No Evidence of Any Element of a Ralph Act Claim

Similarly, Plaintiff's Opposition fails on prong two as to his Ralph Act Claim because again Plaintiff presents no evidence that his Ralph Act claim "is both legally sufficient and supported by sufficient prima facie evidence to sustain a

favorable judgment." *Premier Med. Mgmt. Systems, Inc. v. Cal. Ins. Guar. Ass'n*, 136 Cal.App.4th 464, 476 (2006).

As set forth in BHA's moving papers, to prevail on a Ralph Claim, a plaintiff must prove the following four elements: "(1) Defendants committed or threatened violent acts against Plaintiffs; (2) Defendants were motivated by their perception of Plaintiffs' political affiliation; (3) Plaintiffs were harmed; and (4) Defendants' conduct was a substantial factor in causing Plaintiffs harm." *Doe v. Vaidyaji Priyanka*, 814 F.Supp.3d 1073, 1090 (N.D. Cal. 2026).

"Threat of violence" is defined in the Ralph Act as including, but not limited to, making or threatening to make a false police report, "knowing that the claim or report is false, or with reckless disregard for the truth or falsity of the claim or report." (Cal. Civ. Code § 51.7(b)(2)).

Here, Plaintiff's Ralph Act claim fails for two independent reasons. First, Plaintiff presents no evidence that BHA's police report was made "with reckless disregard for the truth" or "knowing that the . . . report is false." (Cal. Civ. Code § 51.7(b)(2)). Second, Plaintiff presents no evidence that BHA was motivated by Plaintiff's "political affiliation."

As to the police report, as set forth above, BHA filed the police report based on Plaintiff's brother's attempted break-in of BHA's premises. (*See* Dkt. 167-2, 167-3). In fact, Plaintiff's Opposition does not even dispute that Plaintiff's brother attempted to break into BHA's premises. As a result, in addition to the fact that the allegations of the police report were entirely true, Plaintiff presents no evidence that BHA filed a "false" police report. This prong alone disposes of Plaintiff's Ralph Act claim.

Plaintiff claims to meet this prong because his complaint alleges he submitted complaints regarding BHA's licensing. (*See* Ex. 7 at ¶¶ 553-557). This claim fails. First, Plaintiff fails to cite any authority supporting his claim that licensing complaints constitute a "political affiliation." Second, the police report was based

on Plaintiff's brother's attempted break-in and not based on Plaintiff's licensing complaints. Plaintiff presents no evidence that BHA threatened "violence" based on Plaintiff's "political affiliation" and Plaintiff's Ralph Act claim fails.

Plaintiff relies on *Gay Law Students Assn. v. Pacific Tel. and Tel. Co.*, 24 Cal.3d 458 (1979) to support his assertion that his actions of filing regulatory complaints and retaliatory lawsuits create a perception of "political affiliation." The case is inapplicable here. In *Gay Law Students Association,* the plaintiffs "<u>organized to promote equal rights</u> for homosexual persons" and filed suit against the defendant whom they alleged engaged in employment discrimination. *Id*. at 463-464. (emphasis added). Here, Plaintiff, an individual who acted alone, filed regulatory complaints, a civil action, and brought cross claims against BHA for its role as an expert witness in a homeowner and building dispute; Plaintiff was not perceived nor acted in accordance with any political activity or organizing activity.

As a result, Plaintiff fails to meet his burden under prong two as to his Ralph Act claim and the anti-SLAPP motion should be granted.

## III. CONCLUSION

Based on the foregoing, BHA respectfully requests that the anti-SLAPP Motion be granted.

DATED: August 18, 2026

THE KNEAFSEY FIRM, INC.

By 

SEAN M. KNEAFSEY
Attorney for Defendant
BERT L. HOWE & ASSOCIATES, INC.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Bert L. Howe and Associates, certifies that this reply brief contains 2,472 words, which complies with the word limit of L.R. 11-6.1.

DATED: August 18, 2026

THE KNEAFSEY FIRM, INC.

By *Sean M. Kneafsey*

SEAN M. KNEAFSEY
Attorney for Defendant
BERT L. HOWE & ASSOCIATES, INC.