THE KNEAFSEY FIRM, INC.
SEAN M. KNEAFSEY (SBN 180863)
skneafsey@kneafseyfirm.com
707 Wilshire Boulevard, Suite 3700
Los Angeles, California 90017
Phone: (213) 892-1200
Fax: (213) 892-1208

THE LAW OFFICES OF JEREMY PASTERNAK, A.P.C.
JEREMY PASTERNAK (SBN 181618)
jdp@pasternaklaw.com
MARGARET P. CROWLEY (SBN 358812)
mc@pasternaklaw.com
100 Bush Street, Suite 1580
San Francisco, California 94104
Phone: (415) 693-0300
Fax: (415) 693-0393

Attorneys for Defendant
BERT L. HOWE & ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GU, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF IRVINE; JESSICA SANDERS; JEFFREY MELCHING; TRINITY PHAM; WILLIAM GO; IRVINE POLICE DEPARTMENT; OFFICERS JANE & JOHN DOE (1-10); THE NEW HOME COMPANY, INC.; THE NEW HOME COMPANY SOUTHERN CALIFORNIA LLC; TNHC REALTY AND CONSTRUCTION INC.; BERT L. HOWE & ASSOCIATES, INC.; TOLL BROTHERS, INC.; TB PROPERITEARY CORP.; TOLL SOUTHWEST LLC,<br><br>Defendants. | Case No.: 8:25-CV-02134-VBF-DSR<br><br>*[Assigned for all purposes to Magistrate Daniel S. Roberts]*<br><br>**DEFENDANT BERT L. HOWE & ASSOCIATES, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>**Date: September 1, 2026**<br>**Time: 10:00 a.m.**<br>**Dept: Courtroom 690 – Roybal Federal Building**<br><br>Action Filed: October 8, 2025 |

## TABLE OF CONTENTS

I. INTRODUCTION ............ - 1 -
II. DISCUSSION ............ - 1 -
A. Plaintiff's Second Amended Complaint Fails to State a Claim for Both His Bane Act and Ralph Act Causes of Action............ - 1 -
1. Plaintiff Fails to State a Claim Under the Bane Act ............ - 1 -
2. Plaintiff Fails to State Claim Under the Ralph Act............ - 3 -
B. Plaintiff's Allegations That BHA Sent a Cease and Desist Letter and Were Involved in the Colorado Litigation Are Further Barred By the Absolute Litigation Privilege. ............ - 4 -
1. BHA's Cease and Desist Letter Implicates the Litigation Privilege ....... - 5 -
2. BHA's Alleged Participation in the Colorado Action Implicates the Litigation Privilege............ - 6 -
C. The Court Should Disregard the Declaration of Jeffrey Gu as it is Beyond the Scope of the Second Amended Complaint. ............ - 7 -
III. CONCLUSION............ - 7 -

## TABLE OF AUTHORITIES

**Cases**

*A.F. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc.*, 137 Cal.App.4th 1118, 1126 (2006) .................- 4 -, - 6 -

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) .................- 1 -

*Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 338 (9th Cir. 1996) .................- 1 -

*Cornell v. City & County of San Francisco*, 17 Cal.App.5th 766 (2017) .................- 2 -

*Doe v. Vaidyaji Priyanka*, 814 F.Supp.3d 1073, 1090 (N.D. Cal. 2026) .................- 3 -

*Gay Law Students Assn. v. Pacific Tel. and Tel. Co.*, 24 Cal.3d 458 (1979) .................- 4 -

*Gootee v. Lightner*, 224 Cal.App.3d 587, 589 (1990) .................- 7 -

*Kashian v. Harriman*, 98 Cal.App.4th 892, 908 (2002) .................- 6 -

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) .................- 1 -

*Neville v. Chudacoff*, 160 Cal.App.4th 1255, 1266 (2008) .................- 6 -

*Shoyoye v. County of Los Angeles*, 203 Cal.App.4th 947, 955–956 (2012) ...- 2 -, - 3 -

*U.S. v. Corinthian Colleges*, 655 F.3d 984, 989 (2011) .................- 7 -

**Statutes**

Cal. Civ. Code § 51.7(b)(2) .................- 3 -

Cal. Civ. Code § 52.1(k) .................- 2 -

# I. INTRODUCTION

BHA respectfully requests that the Court first consider its Special Motion to Strike Pursuant to California Code of Civil Procedure section 425.16, because if that motion is granted, it will completely dispose of this action as to BHA. (*See* Dkt. 167). To the extent the Court even needs to reach this motion, it should be granted because Plaintiff fails to state facts sufficient to give rise to both his Bane Act and Ralph Act claims and, further, the facts that have been alleged are barred by California's absolute litigation privilege.

As a result, BHA's Motion to Dismiss for Failure to State a Claim should be granted.[1]

# II. DISCUSSION

## A. Plaintiff's Second Amended Complaint Fails to State a Claim for Both His Bane Act and Ralph Act Causes of Action.

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim must be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 338 (9th Cir. 1996). Dismissal is proper where "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

### 1. Plaintiff Fails to State a Claim Under the Bane Act

As set forth in BHA's moving papers, "[t]he essence of a Bane Act claim is

[1] BHA's counsel realized in the course of preparing this reply that its moving papers were not submitted in 14 point font as required by the Local Rules and this Court's procedures. BHA's counsel apologizes to the Court and has undertaken internal quality control procedures to ensure that this does not happen again. BHA respectfully requests that the court nonetheless accept BHA's initial filing notwithstanding this error.

that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law . . . ." *Shoyoye v. County of Los Angeles*, 203 Cal.App.4th 947, 955–956 (2012). "A defendant is liable if he or she interfered with or attempted to interfere with the plaintiff's constitutional rights by the requisite threats, intimidation, or coercion." *Id*. (emphasis added). Speech is insufficient, except in narrow circumstances where the person who is threatened "reasonably fears that, because of the speech, violence will be committed against them." (Cal. Civ. Code § 52.1(k); *see also* Dkt., 168-1, Memorandum at part III.B.2).

Plaintiff has failed to plead any allegation that BHA intended, or that Plaintiff even perceived that BHA would inflict physical violence against him. (Cal. Civ. Code § 52.1(k)).

Plaintiff argues that BHA's "speech" is sufficient to state a claim for the Bane Act because "coercive threats of adverse governmental consequences can satisfy the statute without physical violence." He makes this assertion based on *Cornell v. City & County of San Francisco*, 17 Cal.App.5th 766 (2017).

In *Cornell*, the plaintiff brought a Bane Act claim where he was unlawfully arrested by police officers. *Id*. at 773-776. During the arrest, the police officers pointed a gun at the plaintiff. *Id*. After the arrest, the officers held the plaintiff in an interrogation room for nearly six hours after his arrest. *Id*. The Court upheld the verdict in favor of the plaintiff on his Bane Act claim because "the arresting officer had a specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Id*. at 801-802. (emphasis added). The Court's holding was narrow as it was applicable to unlawful arrest cases, and did not establish a broader framework for bringing a Bane Act claim with alleged "threats of adverse governmental consequences." *Id*.

Because Plaintiff's SAC sets forth no facts that BHA prevented Plaintiff from "doing something he or she had the right to do under the law," much less that BHA

did so by "threats, intimidation, or coercion," Plaintiff's Bane Act claim fails. *Shoyoye v. County of Los Angeles*, 203 Cal.App.4th 947, 955–956 (2012).

**2. Plaintiff Fails to State Claim Under the Ralph Act**

Similarly, Plaintiff's Opposition fails to demonstrate that his Second Amended Complaint states a claim for his Ralph Act cause of action. To prevail on a Ralph Act cause of action, a plaintiff must prove the following four elements: "(1) Defendants committed or threatened violent acts against Plaintiffs; (2) Defendants were motivated by their perception of Plaintiffs' political affiliation; (3) Plaintiffs were harmed; and (4) Defendants' conduct was a substantial factor in causing Plaintiffs harm." *Doe v. Vaidyaji Priyanka*, 814 F.Supp.3d 1073, 1090 (N.D. Cal. 2026).

"Threat of violence" is defined in the Ralph Act as including, but not limited to, making or threatening to make a false police report, "knowing that the claim or report is false, or with reckless disregard for the truth or falsity of the claim or report." (Cal. Civ. Code § 51.7(b)(2)).

Here, Plaintiff's Ralph Act claim fails for two independent reasons. First, Plaintiff does not plausibly allege that BHA's police report was made "with reckless disregard for the truth" or "knowing that the . . . report is false." (Cal. Civ. Code § 51.7(b)(2)). Second, Plaintiff does not plausibly allege that BHA was motivated by Plaintiff's "political affiliation."

As to the police report, BHA filed the police report based on Plaintiff's brother's attempted break-in of BHA's premises. (*See* Dkt. 130-7 at Ex. 221, pp. 203-205). In fact, Plaintiff's Second Amended Complaint does not dispute that Plaintiff's brother attempted to break into BHA's premises. As a result, in addition to the fact that the allegations of the police report were entirely true, Plaintiff fails to plausibly allege that BHA filed a "false" police report. This alone disposes of Plaintiff's Ralph Act claim.

Plaintiff alleges that because he submitted complaints regarding BHA's

licensing, he can make a claim under the Ralph Act. (*See* Dkt. 172 at pp. 18-19). This claim fails. First, Plaintiff fails to cite any authority supporting his claim that licensing complaints constitute a "political affiliation." Second, the police report was based on Plaintiff's brother's attempted break-in and not based on Plaintiff's licensing complaints. (See Dkt. 130-7 at Ex. 221, pp. 203-205). Plaintiff does not plead any facts to support that BHA threatened "violence" based on Plaintiff's "political affiliation" and Plaintiff's Ralph Act claim fails.

Plaintiff relies on *Gay Law Students Assn. v. Pacific Tel. and Tel. Co*., 24 Cal.3d 458 (1979) to support his assertion that his actions of filing regulatory complaints and retaliatory lawsuits create a perception of "political affiliation." The case is inapplicable here. In *Gay Law Students Association*, the plaintiffs "organized to promote equal rights for homosexual persons" and filed suit against the defendant whom they alleged engaged in employment discrimination. *Id*. at 463-464. (emphasis added). Here, Plaintiff, an individual who acted alone, filed regulatory complaints, a civil action, and brought cross claims against BHA for its role as an expert witness in a homeowner and building dispute; Plaintiff was not perceived nor acted in accordance with any political activity or organizing activity.

As a result, Plaintiff fails to state a claim as to his Ralph Act cause of action.

**B. Plaintiff's Allegations That BHA Sent a Cease and Desist Letter and Were Involved in the Colorado Litigation Are Further Barred By the Absolute Litigation Privilege.**

As set forth in BHA's moving papers, the litigation privilege applies to, "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *A.F. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc.*, 137 Cal.App.4th 1118, 1126 (2006). *See also* Dkt. 168-1, Memorandum at part III.A.

### 1. BHA's Cease and Desist Letter Implicates the Litigation Privilege

Plaintiff argues that BHA's cease and desist letter is not protected by the litigation privilege because, in Plaintiff's view, the letter was not made in "serious good-faith contemplation of litigation." (Dkt. 173, at pp. 7).

Plaintiff claims that BHA could not have contemplated litigation in good faith because the letter recited the background of Plaintiff's regulatory claims against BHA. Plaintiff misses the point. The letter itself alone demonstrates that it was sent to threaten suit if Plaintiff or his brother ever attempted "to enter BHA's facilities" again. The letter states:

> [I]n the interest of avoiding swift litigation, we demand that you **immediately cease and desist** all attempts to enter BHA's facilities and contact of any nature with any Company employee, officer, director, or representative. In the event you make, or attempt to make, any further contact with any Company employee, officer, director, or representative, the Company, and/or these representatives individually, *may pursue all available civil and criminal remedies against you to prohibit further contact.*
>
> * * *
>
> Should the Company have reason to believe at any point its rights and/or obligations have been violated, the Company will not hesitate to take immediate legal action against you and pursue all available civil and criminal relief to which it may be entitled. Importantly, if any such further action is required, the Company will seek to recover all damages, costs, and attorneys' fees incurred in pursuing such relief against you.

(Dkt. 130-7 at Ex. 221, pp. 203-205) (emphasis added)).

Plaintiff argues that BHA must file preliminary injunction, restraining order, or counterclaims to preserve the litigation privilege defense. There is no such requirement. Courts have expressly held that that litigation need not actually be filed to protect pre-litigation statements. *Neville v. Chudacoff*, 160 Cal.App.4th 1255, 1266 (2008).

Plaintiff contends that BHA's cease and desist contains "fabricated allegations" and therefore cannot form the basis of an anti-SLAPP motion. This argument in Plaintiff's Opposition should be disregarded because it is improperly raised in opposition to BHA's Motion to Dismiss for Failure to State a Claim. (Dkt. 173, at pp. 13-15).

BHA's cease and desist letter which contemplated litigation is therefore protected by the litigation privilege.

### 2. BHA's Alleged Participation in the Colorado Action Implicates the Litigation Privilege

Plaintiff argues that BHA's participation in the Colorado Action is not protected by the litigation privilege because BHA purportedly cannot satisfy the four elements necessary to establish a prima facie showing as set forth in *A.F. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc.*, 137 Cal.App.4th 118, 1126. (Dkt. 173, pp. 12). Plaintiff mischaracterizes BHA's alleged conduct in his Opposition as "extrajudicial[] conspiring" and thus, not subject to the litigation privilege. (Dkt. 173, pp. 11-13).

As set forth in BHA's moving papers, the litigation privilege is not limited to the filing of a lawsuit or statements made in court. (*See* Dkt. 168-1, Memorandum at part III.A). Indeed, courts have adopted a "fairly expansive view of what constitutes litigation-related activities." *Kashian v. Harriman*, 98 Cal.App.4th 892, 908 (2002). BHA's alleged actions in the Colorado action meet all four elements set forth in *A.F. Brown*, as the underlying communications referenced are directly

connected to BHA's actions as hired experts. The litigation privilege acts as a "complete defense" when actions are filed against previously retained experts. *See* Dkt. 168-1, Memorandum at part III.A; *See generally Gootee v. Lightner*, 224 Cal.App.3d 587, 589 (1990).

As set forth above, Plaintiff sued BHA in Colorado based on BHA sending a cease and desist letter that contemplated litigation and based on BHA's purported involvement in the Colorado litigation. Both actions are protected by the litigation privilege. (*See also* Dkt. 168-1, Memorandum at part III.A).

### C. The Court Should Disregard the Declaration of Jeffrey Gu as it is Beyond the Scope of the Second Amended Complaint.

Plaintiff alleges that the facts set forth in his declaration support both his Bane Act and Ralph Act claims. Plaintiff's declaration alleges that he sent emails to BHA and bond companies regarding BHA employees, and that he accessed a BHA employee's Linked-In page, which formed the basis of his regulatory complaints. (Dkt. 173-1, Gu Declaration at ¶¶ 3-5). Neither of these alleged facts support his Bane Act or Ralph Act claims.

In addition, it is improper to submit evidence in opposition to a motion to dismiss. *U.S. v. Corinthian Colleges*, 655 F.3d 984, 989 (2011) ("As a general rule, we 'may not consider any material beyond the pleadings on a Rule 12(b)(6) motion.").

## III. CONCLUSION

Based on the foregoing, BHA respectfully requests that the Motion be granted with prejudice.

DATED: August 18, 2026

THE KNEAFSEY FIRM, INC.

By *Sean M. Kneafsey*

SEAN M. KNEAFSEY
Attorney for Defendant
BERT L. HOWE & ASSOCIATES, INC.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Bert L. Howe and Associates, certifies that this reply brief contains 2,025 words, which complies with the word limit of L.R. 11-6.1.

DATED: August 18, 2026

THE KNEAFSEY FIRM, INC.

By *Sean M. Kneafsey*

SEAN M. KNEAFSEY
Attorney for Defendant
BERT L. HOWE & ASSOCIATES, INC.