THE KNEAFSEY FIRM, INC.
SEAN M. KNEAFSEY (SBN 180863)
skneafsey@kneafseyfirm.com
707 Wilshire Boulevard, Suite 3700
Los Angeles, California 90017
Phone: (213) 892-1200
Fax: (213) 892-1208

THE LAW OFFICES OF JEREMY PASTERNAK, A.P.C.
JEREMY PASTERNAK (SBN 181618)
jdp@pasternaklaw.com
MARGARET P. CROWLEY (SBN 358812)
mc@pasternaklaw.com
100 Bush Street, Suite 1580
San Francisco, California 94104
Phone: (415) 693-0300
Fax: (415) 693-0393

Attorneys for Defendant
BERT L. HOWE & ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISRICT OF CALIFORNIA

JEFFREY GU, an individual,

Plaintiff,

vs.

CITY OF IRVINE; JESSICA SANDERS; JEFFREY MELCHING; TRINITY PHAM; WILLIAM GO; IRVINE POLICE DEPARTMENT; OFFICERS JANE & JOHN DOE (1-10); THE NEW HOME COMPANY, INC.; THE NEW HOME COMPANY SOUTHERN CALIFORNIA LLC; TNHC REALTY AND CONSTRUCTION INC.; BERT L. HOWE & ASSOCIATES, INC.; TOLL BROTHERS, INC.; TB PROPERITEARY CORP.; TOLL SOUTHWEST LLC,

Defendants.

Case No.: 8:25-CV-02134-VBF-DSR

*[Assigned for all purposes to Magistrate Daniel S. Roberts]*

**DEFENDANT BERT L. HOWE & ASSOCIATES, INC.'S RESPONSE TO ORDER TO SHOW CAUSE WHY PLAINTIFFS' STATE-LAW CLAIMS AGAINST THE NEW HOME DEFENDANTS AND DEFENDANT BERT L. HOWE AND ASSOCIATES SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION**

**Date:** **September 1, 2026**
**Time:** **10:00 a.m.**
**Dept:** **Courtroom 690 – Roybal Federal Building**

Action Filed: October 8, 2025

## I. INTRODUCTION

Defendant Bert L. Howe and Associates ("BHA") provides the Court with its initial response to the Order to Show Cause dated August 12, 2026, as to why this case should not be dismissed for lack of subject matter jurisdiction. (Dkt. 189).

Plaintiff Jeffrey Gu's ("Plaintiff" or "Gu") Second Amended Complaint ("SAC") alleges two California state law claims against BHA for violations of California's Bane Act (Cal. Civil Code § 52.1) and Ralph Act (Cal. Civil Code § 51.7). In both claims Plaintiff alleges that BHA conspired with other named Defendants against whom Plaintiff has brought federal causes of action against for alleged interference with Plaintiff's First, Fourth, and Fourteenth Amendment rights. Plaintiff's state and federal claims all arise from the same initial event, Plaintiff's parents' purchase of a newly-built home in Irvine, California. Plaintiff alleges that this event led to a series of subsequent events which gave rise to Plaintiff's construction, Bane Act and Ralph Act claims. As a result, Defendant believes that this creates a common nucleus of operative facts sufficient to establish supplemental jurisdiction.

For this reason, BHA did not believe its claims were severable and subject to remand. If severed, there would be multiple proceedings potentially resulting in conflicting outcomes and judicial inefficiency.

BHA therefore respectfully requests that the Court exercise supplemental jurisdiction over the state law claims brought against BHA.

## II. DISCUSSION

### A. Legal Standard

28 U.S.C. § 1367(a) sets forth the following standard for supplemental jurisdiction:

> [T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within

> such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

*Id.*

A state law claim is part "of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." Carne v. Stanislaus County Animal Services Agency, 445 F.Supp.3d 772, (E.D. Cal. 2020) (quoting Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004);

When deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 174 (1997).

**B. This Court May Exercise Supplemental Jurisdiction Over BHA Because a Common Nucleus of Operative Fact Exists Between the State Law Claims and the Federal Claims.**

There is no "one definitive method for determining" what constitutes a common nucleus of operative fact. *Carne v. Stanislaus County Animal Services Agency*, 445 F.Supp.3d 772, 775 (E.D. Cal. 2020). The Court in *Carne* explained the various formulations courts use to assess whether to exercise supplemental jurisdiction:

> Some courts consider: (1) when the facts are related in time, space, origin, or motivation; (2) when the facts form a convenient trial unit; and (3) when treating the facts as a unit would conform to the parties' expectations. Other courts consider more generally whether the claims arise from the same

> facts, or involve similar occurrences, witnesses, or evidence. Even a loose factual connection between the claims is generally sufficient. Additionally, some courts have found that there is no common nucleus of operative fact if there is no evidentiary overlap whatsoever between the claims.

*Id*. at 775. (internal quotations and citations omitted).

Here, Plaintiff's claims against BHA arise from the same initial event, a construction dispute regarding a home purchased by Plaintiff's parents in Irvine, California. BHA was contracted by another named Defendant, The New Home Company Southern California LLC, in April 2025 to inspect the home at issue and provide its expert analysis in response to warranty complaints made by Plaintiff regarding its construction. (Dkt. 130, pp. 88). In response to the inspections under Civil Code section 896, et seq. (which denied Plaintiff's warranty claims), Plaintiff contacted Defendant City of Irvine and its employees. (Dkt. 130, pp. 96). Plaintiff also issued regulatory complaints against BHA and other named Defendants with the California State Licensing Board. (Dkt. 130, Ex. 221). BHA and other named Defendants (including the City of Irvine) individually issued cease and desist letters to Plaintiff in response to Plaintiff's and his brother's actions. (Dkt. 130, pp. 156; 166-172; Dkt. 130-7, Ex. 221). Plaintiff alleges that all the cease and desist letters were "calculated to, and did interfere with Plaintiff's lawful rights to . . . report violations to the California CSLB and other regulators; and petition government officials for redress of grievances." (Dkt. 130, pp. 166-167).

The alleged conduct by each Defendant is not a collection of unrelated incidents, but rather, each event allegedly led to, or provides context for, the next allegation set forth in Plaintiff's Second Amended Complaint.

Plaintiff's federal claims also share a common nucleus of operative fact with his state-law claims. Plaintiff's First Amendment claim against the City of Irvine

and the related individual Defendants arises from his communications with local government authorities and their response to his complaints concerning the alleged violations. (Dkt. 150, pp. 150-155). These complaints involve the property inspection and alleged failure to comply with California licensing requirements. Additionally, Plaintiff's Fourteenth Amendment claim brings in allegations related to his regulatory complaints. (Dkt. 130, pp. 155-165). For example, Plaintiff alleges that the City of Irvine and its employees, "attempted to recast Plaintiff's regulatory complaints and public-records requests as 'harassment.' In reality, Plaintiff engaged in a core protected activity – petitioning government agencies and exercising statutory rights under the CPRA." (Dkt. 130, pp. 156). Plaintiff's alleged "petitioning" activity arises out of his regulatory grievances against BHA brought before the California State Licensing Board. Further, these complaints are also addressed in BHA's cease and desist letter which is the subject of Plaintiff's Bane and Ralph Act claims. (Dkt. 130, pp. 166-172; 177-179). The potential testimony and other evidence are so intertwined that they share "a common nucleus of operative fact." *Carne*, supra, 445 F.Supp.3d at 775.

Further, Plaintiff also asserts claims under the Ralph Act and Bane Act against *all* named Defendants. Thus, the federal and state claims arise from the same construction dispute, involve overlapping evidence, and will require the Court to consider several of the same operative facts.

Separating the claims against BHA from the federal claims against the remaining Defendants would also result in judicial inefficiency. It would require the Court to divide a series of events that form one narrative into multiple proceedings. It would also create a risk, should the case go to trial, that each jury would reach inconsistent factual determinations concerning the same events. Trying all the claims together would promote judicial economy and avoid any confusion.

Lastly, Federal courts have exercised supplemental jurisdiction over both Bane Act claims and Ralph Act claims when brought with federal law claims

pursuant to 28 U.S.C. § 1367(a). *See Chinaryan v. City of Los Angeles,* 113 F.4th 888, 897 (9th Cir. 2024) (holding that district courts may exercise supplemental jurisdiction over Bane Act claims). *See also Aldrich v. Romo* (C.D. Cal., Oct. 5, 2020, No. 5:20-CV-00974-MCS-KK) 2020 WL 6305461, at *5 (holding that the district court could exercise jurisdiction over the Ralph Act claim because doing so "will further judicial economy and fairness.").

Because Plaintiff alleges both state law claims and Federal claims that arise out of the same case or controversy so that they share a common nucleus of operative fact, this Court should exercise supplemental jurisdiction over the claims brought against BHA.

## III. CONCLUSION

Based on the foregoing, BHA respectfully requests that the Court exercise supplemental jurisdiction over Plaintiff's state law claims alleged against BHA.

DATED: August 18, 2026

THE KNEAFSEY FIRM, INC.

By Sean M. Kneafsey

SEAN M. KNEAFSEY
Attorneys for Defendant
BERT L. HOWE & ASSOCIATES, INC.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Bert L. Howe and Associates, certifies that this response contains 1,288 words, which complies with the word limit of set by court order dated August 12, 2026.

DATED: August 18, 2026

THE KNEAFSEY FIRM, INC.

By Sean M. Kneafsey

SEAN M. KNEAFSEY
Attorneys for Defendant
BERT L. HOWE & ASSOCIATES, INC.