PLANTE HUGUENIN LAUNI KAHN LLP
BRIAN C. PLANTE, State Bar No. 175585
*bplante@phlklaw.com*
MELANIE S. WOODFIN, State Bar No. 245616
*mwoodfin@phlklaw.com*
RAE RICHARDSON, State Bar No. 183932
*rrichardson@phlklaw.com*
18100 Von Karman Ave., Suite 700
Irvine, California 92612
Telephone: (949) 271-8700
Facsimile: (949) 627-2611

Attorneys for Risewell Homes Inc.; The New Home Company Southern California LLC; and TNHC Realty and Construction Inc.

PLANTE HUGUENIN LAUNI KAHN LLP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY GU,<br>Plaintiff,<br>v.<br>CITY OF IRVINE, et al.,<br>Defendants. | CASE NO. 8:25-cv-02134-VBF-DSR<br>JUDGE: Valerie Baker Fairbank<br>**DEFENDANTS RISEWELL HOMES INC., THE NEW HOME COMPANY SOUTHERN CALIFORNIA LLC, AND TNHC REALTY AND CONSTRUCTION INC.'S INITIAL RESPONSE TO ORDER TO SHOW CAUSE WHY PLAINTIFF'S STATE-LAW CLAIMS AGAINST THE NEW HOME DEFENDANTS AND DEFENDANT BERT L. HOWE AND ASSOCIATES SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION**<br>**Date: September 1, 2026**<br>**Time: 10:00 a.m.**<br>**Magistrate Judge: Daniel S. Roberts** |

/ / /

/ / /

PH LK PLANTE HUGUENIN LAUNI KAHN LLP

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Magistrate Judge Daniel R. Roberts' Order To Show Cause Why Plaintiff's State-Law Claims Against The New Home Defendants And Defendant Bert L. Howe And Associates Should Not Be Dismissed For Lack Of Subject-Matter Jurisdiction dated August 12, 2026 ("OSC") (Doc. 189.) Defendants Risewell Homes Inc., The New Home Company Southern California LLC and TNHC Realty and Construction Inc. (collectively "TNHC") submit the following initial response explaining why Plaintiff's state-law claims against TNHC should be dismissed without leave to amend for lack of subject matter jurisdiction.

## I. INTRODUCTION

Plaintiff's Bane Act and Ralph Act ("State-Claim Acts") claims do not share a common nucleus of operative fact with Plaintiff's federal claims underpinning his invocation of this Court's original jurisdiction under 28 U.S.C. § 1331. Here, there is no basis for supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) as the claims against TNHC are not part of the same case or controversy as Plaintiff's federal claims against the City Defendants. The claims do not arise out of the same facts, witnesses or evidence. Rather, the claims against TNHC arise solely out of TNHC's cease-and-desist letters relating to Plaintiff's perceived harassing behavior and unauthorized access on TNHC's construction sites in connection with Plaintiff's claim for construction defects under Civil Code section 900, et seq. As the State-Law Claims do not have a common nucleus of operative facts with the federal claims, the Court lacks supplemental jurisdiction over the State-Law Claims, and the Second Amended Complaint ("SAC") against TNHC must be dismissed for lack of subject matter jurisdiction.

## II. STATEMENT OF FACTS

Plaintiff's State-Law Claims against TNHC arise solely out of TNHC's cease-and-desist letters. (ECF 130, 166:13-167:10; 168:13-169:8; 178:3-12.) TNHC served Plaintiff with four cease-and-desist letters, which requested that

Plaintiff cease and desist harassing conduct against TNHC and its employees, unauthorized access on TNHC's construction sites, and the formation of a confusingly similar entity named "The New Home Company Inc" in Colorado. (SAC Exhibits 205, 218, 225, and 285; ECF 130-4, p. 131-134; 130-7, pp. 24-26; ECF 130-10, pp. 72-74.)

## III. THE COURT LACKS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE-LAW CLAIMS AGAINST TNHC

### A. No Common Nucleus Of Operative Fact

There is no basis for supplemental jurisdiction as Plaintiff's federal claims against the City Defendants and the State-Law Claims against TNHC include different parties, different facts, and different evidence and, therefore, no common nucleus of operative fact exists.

Under 28 U.S.C. § 1367(a), a federal court has supplemental jurisdiction only over state-law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." The controlling question is whether the claims "derive from a common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Claims involving different parties, different facts, and different evidence do not form a common nucleus of operative fact. *Bafford v. Northrop Grumman Corp.*, No. 2:18-cv-10219-ODW, 2022 WL 1002350, at *7 (C.D. Cal. Apr. 4, 2022) ("The first and most obvious observation is that the two claims are different claims against different defendants," and that separateness decreases commonality); *Lei v. City of Lynden*, No. C14-0650-JCC, 2014 WL 6611382, at *4 (W.D. Wash. Nov. 20, 2014) (no common nucleus where there is no evidentiary overlap).

First and foremost, the federal claims and the State-Law claims are different claims against different defendants. "This observation alone militates against

supplemental jurisdiction…" *Bafford, supra*, at *7. Here, Plaintiff's federal claims under Section 1983 (Counts 2, 3, 4, and 6) arise out of allegedly unconstitutional actions of the City Defendants – namely, the governmental entities' violation of his rights under the First and Fourth Amendments to the U.S. Constitution. Plaintiff's First Amendment claim alleges deprivation of his right to petition the government for redress for cease-and-desist letters directing him to direct communication through the City Attorney's office. (ECF 130 at 150:6:155:13.) His Fourth Amendment claim is based on Officer Olague's investigative activities and alleged "false statements" made by City employees in connection with that investigation. (*Id.* at 140:17-150:2.) Plaintiff's due process claim is also based on the same police investigation, cease-and-desist letters from the City Attorney, Plaintiff's public records requests to the City, and the City's rejection of his claim for damages. (*Id.* at 155:17-165:17.) Plaintiff's Section 1983 claim for denial of access to courts is based on the same/foregoing interactions with the City and the police, and on the alleged failure to preserve the video from Officer Olague's body-worn camera during the foregoing alleged investigations. (*Id.* at 172:9-177:4.) All of the foregoing relates solely to conduct by City Defendants and/or Plaintiff's interaction with City Defendants.

By contrast, Plaintiff's State-Law Claims against TNHC involve different defendants and different conduct. The State-Law Claims are based solely on TNHC's cease-and-desist letters sent in response to Plaintiff's harassing behavior, trespass on TNHC construction sites, registration of a similar entity name, and abuse of the Title 7 pre-litigation process. (ECF 130, 166:13-167:10; 168:13-169:8; 178:3-12.) TNHC's cease-and-desist letters concern TNHC's protection of its property, personnel, and legal rights in relation to <u>Plaintiff's conduct toward TNHC</u>; not any governmental action.

Second, the federal claims and State-Law Claims have entirely distinct operative facts. The federal claims require proof of state action and constitutional

violations by City/governmental officials. The claims against TNHC require proof that private cease-and-desist letters amounted to "threats, intimidation, or coercion" under the Bane Act and actionable violence or threats under the Ralph Act. The relevant inquiry for Plaintiff's claim against TNHC is what the letters said, why TNHC sent them, and whether TNHC's letters constitute violence or threatened violence which was a substantial factor in harming Plaintiff – not whether the City Defendants violated the Constitution. Thus, none of the factual bases for Plaintiff's State-Law Claims against TNHC have anything to do with the factual bases for Plaintiff's federal Section 1983 claims. Evidence concerning Officer Olague's investigation, the City Attorneys' directives, alleged denials of public records requests, or municipal responses does not establish what occurred at TNHC's construction sites, Plaintiff's conduct toward TNHC, or whether TNHC's conduct amounted to threats of violence toward Plaintiff. Likewise, evidence of Plaintiff's conduct which forms the basis of TNHC's cease-and-desist letters and TNHC's decision/motivation to send the cease-and-desist letters has no bearing on whether the City Defendants violated Plaintiff's constitutional rights in connection with the City Defendants' conduct toward Plaintiff.

Finally, Plaintiff's federal claims against the City Defendants will require testimony from police officers, City staff, and City Attorneys concerning what they did, what they knew, and why they acted. None of these witnesses are relevant to TNHC's issuance of private cease-and-desist letters and whether TNHC's conduct toward Plaintiff violated the Bane Act and/or the Ralph Act. By contrast, adjudicating Plaintiff's State-Law Claims against TNHC would require evidence concerning the Title 7 prelitigation process, Plaintiff's trespass on private construction sites, TNHC's internal decision to send the letters, and whether those letters constituted actionable threats. None of this evidence is relevant to whether City officials violated the Constitution.

/ / /

There is no link between Plaintiff's State-Law Claims against TNHC and Plaintiff's Section 1983 claim against the City Defendants. The federal claims and State-Law Claims share no operative witnesses, no overlapping documents, and no common transactions. Trying them together would require the Court and the parties to litigate separate disputes under different legal standards, not a single convenient trial unit. Supplemental jurisdiction therefore does not exist.

**B. Leave to Amend Would be Futile**

Plaintiff has been granted leave to amend and has failed to remedy the deficiencies. The Court's authority to deny further leave to amend is therefore "particularly broad." *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020) [internal citations omitted]. As the same arguments presented by the Toll Brothers Defendants apply to TNHC – namely, Plaintiff's claims against these defendants include only state-law claims and there is no common nucleus of operative facts with the state-law claims and the federal claims – Plaintiff had the opportunity to cure these deficiencies in the SAC and failed to do so. Dismissal without leave to amend is therefore warranted.

**IV. CONCLUSION**

TNHC respectfully requests that the Court dismiss the SAC against TNHC for lack of subject matter jurisdiction, without leave to amend.

Dated: August 19, 2026

PLANTE HUGUENIN LAUNI KAHN LLP

By: */s/ Rae Richardson*
Brian C. Plante
Melanie S. Woodfin
Rae Richardson
Attorneys for Risewell Homes Inc.; The New Home Company Southern California LLC; and TNHC Realty and Construction Inc.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Risewell Homes Inc., The New Home Company Southern California LLC, and TNHC Realty and Construction Inc., certifies that this brief contains 1388 words, which:

☒ complies with the word limit set by court order (Doc. 189), dated August 12, 2026.

Dated: August 19, 2026

PLANTE HUGUENIN LAUNI KAHN LLP

By: */s/ Rae Richardson*
Brian C. Plante
Melanie S. Woodfin
Rae Richardson
Attorneys for Risewell Homes Inc.; The New Home Company Southern California LLC; and TNHC Realty and Construction Inc.