**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY GU,<br>Plaintiff,<br>v.<br>CITY OF IRVINE, et al.,<br>Defendants. | No. 8:25-cv-02134-VBF-DSR<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE:**<br>**(1) SPECIAL MOTION TO STRIKE BY RISEWELL DEFENDANTS (DOC. NO. 151);**<br>**(2) MOTION TO COMPEL ARBITRATION BY RISEWELL DEFENDANTS (DOC. NO. 152);**<br>**(3) SPECIAL MOTION TO STRIKE BY BERT L. HOWE & ASSOCIATES (DOC. NO. 167); AND**<br>**(4) MOTION TO DISMISS BY BERT L. HOWE & ASSOCIATES (DOC. NO. 168)** |

This Report and Recommendation is submitted to the Honorable Valerie Baker Fairbank, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## 1. INTRODUCTION

Pro se Plaintiff Jeffrey Gu ("Plaintiff") filed the action alleging claims against the City of Irvine and several of its employees and affiliates pursuant to 42 U.S.C. § 1983 and related provisions of state law based on alleged violations of the First, Fourth, and Fourteenth Amendments. Plaintiff also includes in his operative

Second Amended Complaint, however, additional state-law claims against private homebuilder Risewell Homes[1] and its affiliates TNHC Realty and Construction, Inc. and The New Home Company Southern California LLC (collectively the "Risewell Defendants") and home-inspection company Bert L. Howe & Associates, Inc. ("Bert Howe") based on those non-governmental Defendants' separate actions in sending Plaintiff cease-and-desist letters.[2]

Before the Court are several challenges to Plaintiff's operative Second Amended Complaint including the following:

(1) Risewell Defendant's Special Motion to Strike under California Code of Civil Procedure § 425.16, or in the Alternative to Dismiss (Doc. No. 151);

(2) Risewell Defendants' Alternative Motion to Compel Arbitration (Doc. No. 152),

(3) Bert Howe's Special Motion to Strike under California Code of Civil Procedure § 425.16 (Doc. No. 167), and

(4) Bert Howe's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 168).

The Court finds these motions appropriate for decision without oral argument. Fed R. Civ. P. 78; C.D. Cal. R. 7-15. As discussed below, the Court finds that it lacks subject-matter jurisdiction over Plaintiff's claims against the Risewell

---

[1] At the time the original and First Amended Complaints were filed in this case, Defendant Risewell Homes went by The New Home Company, Inc. and was so named in those pleadings. Subsequently, that entity changed its name to Risewell Homes, but did not change the name of its affiliates who are also Defendants in this suit. Plaintiff reflected that name change in many, but not all, parts of his Second Amended Complaint. To avoid any confusion, and for the sake of brevity, the Court will refer to that entity in this Report and Recommendation as "Risewell," with the understanding that it is the same entity as The New Home Company, Inc. referred to at some points in the Second Amended Complaint.

[2] Plaintiff also named in the Second Amended Complaint another group of related private Defendants, collectively referred to as the "Toll Brothers Defendants." The Court previously recommended dismissal of Plaintiff's claims against those Defendants for lack of subject-matter jurisdiction. <u>See</u> Doc. No 184. That Report and Recommendation is presently before the assigned District Judge awaiting approval.

Defendants and Bert Howe. Accordingly, the Court recommends those Defendants' pending motions not be addressed in this Court, and instead that Plaintiff's claims against the Risewell Defendants and Bert Howe be dismissed, without prejudice, for lack of subject-matter jurisdiction.

## 2. RELEVANT PROCEDURAL BACKGROUND

### A. Initiation of the Case and Plaintiff's Earlier Complaints

On September 19, 2025, Plaintiff Jeffrey Gu filed suit in this Court against the City of Irvine and several of its affiliates (its Police Department, one of its City Councilmembers, one of its staff members, and two of its contract City Attorneys), the Risewell Defendants, and Bert Howe. See Compl. (Doc. No. 1). The original Complaint spanned 34 pages and alleged civil rights claims against the City and its affiliates under 42 U.S.C. § 1983 for violation of the First and Fourteenth Amendments, and a claim under California's Bane Act (California Civil Code § 52.1) against the City, the Risewell Defendants, and Bert Howe. Id.

On October 8, 2025, before serving the original Complaint on any of the then-existing Defendants, Plaintiff filed a First Amended Complaint which added a different homebuilder and its affiliates (the Toll Brothers Defendants). See Doc. No. 11. His pleading exploded from 34 pages in the original Complaint to 2,648 pages (110 pages for the pleading itself plus 274 exhibits comprising the rest). Id. Plaintiff's First Amended Complaint was then subject to a slew of motions, including a Special Motion to Strike, or Alternatively to Dismiss, by the Risewell Defendants, a Motion to Compel Arbitration also by the Risewell Defendants, a Special Motion to Strike by Bert Howe, and a Motion to Dismiss by Bert Howe. See Doc. Nos. 64, 66, 76, and 77.

### B. The Second Amended Complaint

Before the Court could issue its Report and Recommendation on those Motions, Plaintiff moved for leave to file a Second Amended Complaint. See Doc. No. 120. In light of such Motion, and the fact that a Second Amended Complaint

would render challenges to the superseded First Amended Complaint moot, the Court vacated the submission the motions attacking the First Amended Complaint pending determination of whether further amendment should be permitted. See Doc. No. 121. The parties ultimately stipulated to leave for Plaintiff to file a Second Amended Complaint, which the Court approved on June 15, 2026, and Plaintiff filed his Second Amended Complaint the same day. See Doc. No. 129, 130.

Plaintiffs Second Amended Complaint (hereinafter "SAC") now totals 3,103 pages (205 pages for the pleading itself plus 287 exhibits). In Plaintiff's telling, it "adds additional defendants and factual allegations, alters some claims, and adds the Ralph Civil Rights Act of 1976 as a cause of action relative to the First Amended Complaint." SAC at ECF p. 4, lns. 22-24.[3] It names as Defendants the following parties: the City of Irvine and several City employees (Police Officer Emma Olague, Chief of Staff Kalvin Alvarez, City Councilmember William Go, and Executive Assistant Trinity Pham), the City's contract City Attorneys (Jeffrey Melching and Jessica Sanders), the Toll Brothers Defendants, the Risewell Defendants, and Bert Howe. See SAC at 9:3-12:7. Pertinent to resolution of the motions discussed in this Report and Recommendation, the SAC attempts to plead four claims for relief (or "counts") under 42 U.S.C. § 1983 – (1) unreasonable seizure in violation of the Fourth Amendment against the City and its employees, (2) violation of the First Amendment by the City, its employees, and the contract City Attorneys, (3) violation of due process against the City, its employees, and the contract City Attorneys, (4) and "denial of access to the Court" against the City.[4] Id. at 140:14-

---

[3] Because many of the paragraphs in the SAC are not numbered, when citing to that pleading in this Report and Recommendation, the Court will cite to page and line numbers, using the ECF page number printed in the header across the top of each page.

[4] Plaintiff also pleads a claim for declaratory relief against the City (only) regarding alleged violation of California's Business and Professions Code. See SAC at 134:2-140:13. This claim is not relevant here, however, because it cannot serve as the jurisdictional anchor for supplemental jurisdiction over other state-law claims. Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d 1158, 1161 (9th Cir. 2005).

165:17, 172:1-177:4. In addition, Plaintiff pleads state-law claims for violation of California's Bane Act (Civil Code § 52.1) and Ralph Civil Rights Act of 1976 (Civil Code § 51.7) against the Risewell Defendants, Bert Howe, and the City, its employees, and contract City attorneys. Id. at 166:1-172:9, 177:5-179:10.[5]

Plaintiff invokes this Court's subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) based on his Section 1983 claims against the City and its affiliated Defendants. As to his state-law claims against the Risewell Defendants and Bert Howe, however, he relies on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Id. at 8:6-9.

**C. The Risewell Defendants' and Bert Howe's Challenges to the SAC**

On July 13, 2026, the Risewell Defendants filed their Special Motion to Strike pursuant to California Civil Code § 425.16 (commonly referred to as an "anti-SLAPP motion"), or in the alternative, a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), as well as an alternative Motion to Compel Arbitration. See Doc Nos. 151, 152. On July 21, 2026, Bert Howe similarly filed its own anti-SLAPP motion and a separate Motion to Dismiss. See Doc. Nos. 167, 168. Plaintiff timely opposed each Motion. See Doc. Nos. 158, 159, 172, and 173. The moving parties then filed their respective Replies. See Doc. Nos. 181, 182, 190, 191.

None of the parties addressed in their briefing the Court's subject-matter jurisdiction over Plaintiff's claims against these non-governmental Defendants, however. Thus, the Court on August 12, 2026, entered an Order to Show Cause why Plaintiff's claims against those Defendants should not be dismissed for lack of subject-matter jurisdiction. See Doc. No. 189. In response, Plaintiff filed a Notice of Non-opposition to dismissal of those claims for lack of subject-matter jurisdiction. See Doc. No. 193. The Risewell Defendants filed a response arguing

[5] The Toll Brothers Defendants are also named in the Bane Act claim, but as discussed above, the Court has previously recommended that they be dismissed for lack of subject-matter jurisdiction. There were no objections to that Report and Recommendation, which is pending approval of the District Judge.

that the Court lacks subject-matter jurisdiction over the claim against them. See Doc. No. 194. Bert Howe, however, filed both an initial response arguing that the Court should not dismiss the claims against it for lack of subject-matter jurisdiction and a rebuttal to Plaintiff's agreement that his claims against them should be dismissed. See Doc. Nos. 192, 195.[6]

## 3. FACTUAL BACKGROUND

As previously discussed by the Court in its Report and Recommendation on the Toll Brothers Defendants' Motion to Dismiss, assuming the truth of its factual allegations, Plaintiff's SAC details what appears to be three separate disputes: (1) a construction-defect dispute concerning the condition of a house Plaintiff's parents purchased in Irvine from the Risewell Defendants and resulting cease-and-desist letters based on claimed harassment and trespass, (2) a different construction-defect dispute concerning the condition of a house Plaintiff purchased in Colorado from the Toll Brothers Defendants and resulting claims of trademark infringement, and (3) Plaintiff's dispute with the City of Irvine and its affiliates alleging violations of Plaintiff's civil rights by investigating him for possible verbal threats, interfering with his right to petition the government for redress by the City Attorney's issuance of cease-and-desist letters, and failures to provide him public records.

Only the third of these disputes – Plaintiff's claims against the City and its affiliates under Section 1983 – support Plaintiff's invocation of federal question jurisdiction in this Court. Plaintiff relies on supplemental jurisdiction for his Bane and Ralph Civil Rights Act claims against the Risewell Defendants and Bert Howe, arguing that these claims "form part of the same case or controversy under Article III of the United States Constitution" as his federal claims. SAC at 8:6-9. The Court

---

[6] Defendants Sanders and Melching have filed their own Motion to Dismiss the SAC against them. That Motion raises very different arguments, as the claims against them, and their position as outside City Attorneys are very different than the claims against the Risewell Defendants and Bert Howe. Accordingly, the Court will address that Motion in a separate Report and Recommendation. The City of Irvine and its employees have answered the SAC.

will therefore summarize Plaintiff's case first against the Risewell Defendants and Bert Howe, and then his civil-rights claims against the City and its affiliates.

**A. Plaintiff's Case Against the Risewell Defendants and Bert Howe**

On March 15, 2024, Plaintiff's parents entered into a contract to purchase a home in Irvine, California, from TNHC Southern California LLC. SAC at 81:83:12. On February 1, 2025, Plaintiff entered into a signed agreement with his parents to "act on [their] behalf [] for services related to post-construction defect management, rental management, warranty correspondence, claim coordination, and related tasks concerning the property[.]" Id. at 87:4-6, Ex. 128. Shortly thereafter, Plaintiff began documenting and submitting several construction-defect and worksite-violation claims to the Risewell Defendants. See SAC at 87:7-17. On April 22, 2025, Bert Howe inspected the home on behalf of the Risewell Defendants. Id. at 88:9-11. Based upon this investigation, the Risewell Defendants denied all construction defects claims submitted by Plaintiff on behalf of his parents. Id. at 89:5-10, Ex. 132.

Around this time, Plaintiff began to document and report various perceived municipal code violations at the Risewell Defendants' construction sites, including the lack of requisite signage and working outside permissible hours. Id. at 89:12-90:8. On May 27, 2025, the Risewell Defendants sent Plaintiff a case-and-desist letter demanding Plaintiff "immediately cease and desist all harassing conduct," including abuse of the prelitigation processes, improper bond claims, improper demands for insurance and licensing information, and trespassing onto Risewell property. Id. at 90:9-17, Ex. 133. On June 23, 2025, the Risewell Defendants sent Plaintiff a second cease-and-desist letter based upon perceived non-compliance with the earlier letter. Id. at 92:17-18, Ex. 205. On August 11, 2025, in response to similar allegations of retaliatory trespassing and harassment of employees, Bert Howe issued a cease-and-desist letter to Plaintiff demanding he "immediately

cease and desist all attempts to enter [Bert Howe's] facilities, and contact of any nature with any [Bert Howe] employee[.]" Id. at 106:8-9, Ex. 221.

Plaintiffs state-law claims against both the Risewell Defendants and Bert Howe are premised on the issuance of these cease-and-desist letters, which Plaintiff contends were sent with the intent to deter his petitioning activity concerning permitting non-compliance.

**B. Plaintiff's Case Against the City of Irvine and Associated Defendants**

In July 2025, Plaintiff began to contact City of Irvine building official Jesse Cardoza to make California Public Records Act ("CPRA") requests concerning construction permits issued to the Risewell Defendants, and to raise perceived permitting non-compliance by the various Risewell entities. See SAC at 95:2-96:8, 98:18-99:13. Unsatisfied with Mr. Cardoza's response, Plaintiff called the office of Irvine City Councilmember William Go on July 30, 2025. See SAC at 100:2-3. Plaintiff spoke with Defendant Trinity Pham, an employee in the Councilmember's office, for approximately seven minutes concerning the alleged permitting violations and to voice his displeasure with the City's Building Department. Id. at 100:2-10.

Later on July 30, 2025, Plaintiff received a phone call from Defendant Emma Olague, an Officer with the Irvine Police Department, concerning alleged threatening remarks made by Plaintiff to Ms. Pham during the aforementioned phone call. Id. at 100:13-101:4. Plaintiff stated that he could not remember making such statements and insinuated that he felt intimidated by Officer Olague's telephone call to him. Id. at 101:5-8. The call ended shortly after and lasted approximately two minutes. Id. at 101:9-10. After further investigation, Officer Olague prepared a written report, which stated: "No crime could be substantiated. I notified IPD Intel via email and request that this incident report be forwarded to IPD Investigations for appropriate disposition." Id. at 120:4-121:13.

Plaintiff proceeded to make numerous attempts to contact several City officials – outside City Attorneys Melching and Sanders and City Chief of Staff Alvarez – for information regarding Ms. Pham and the July 30th phone call. Id. at 101:11-102:16. Plaintiff was not provided the information he requested. Id. at 102:8-16.

On August 5, 2025, City Attorney Sanders sent Plaintiff a letter on behalf of the City demanding that Plaintiff cease and desist all contact with City staff and offices because of what the City deemed to be an excessive number of CPRA requests that were disrupting City business, as well as the alleged harassment of Ms. Pham. Id. at 104:15-105:6; Ex. 217. The letter demanded that Plaintiff "immediately cease all direct contact with City staff and offices" except for public meetings and emergency situations. Id. at Ex. 217. The letter also noted, however, that Plaintiff could continue to exercise his rights pursuant to the CPRA, provided all requests were directed to the City Attorney's Office. Id.

After Defendant Sanders did not respond to Plaintiff's follow-up email, Plaintiff proceeded to email Irvine's Mayor, City Manager, and every member of the City Council asking for a basis for the cease-and-desist letter. SAC at 105:16-106:1; Ex. 259. None of these individuals responded. SAC at 106:3. Plaintiff then filed a claim for damages against the City in the amount of $5.7 million, which was rejected. Id. at 106:4-7; 107:3-4. Plaintiff then sent an email to the Mayor and City Manager on August 20, 2025, "noting First Amendment harms," but neither official answered Plaintiff's email. Id. at 107:5-9.

On August 25, 2025, City Attorney Sanders sent Plaintiff a second cease-and-desist letter following Plaintiff's repeated attempts to contact City employees directly. SAC at 108:7-8. The letter stated Plaintiff's behavior was disruptive and threatening, and reiterated that further communications to the City should be sent only to the City Attorney, who would transmit Plaintiff's comments and requests "to the relevant City parties as necessary and appropriate," though Plaintiff could

continue to seek public records through the CPRA, submit emergency calls for service to the Police Department, and comment upon matters of public business (though the City Attorney's office), and attend public meetings. Id. at 108:9-14; Ex. 227. That letter also stated that "[f]ailure to comply with these directives will leave us with no choice but to consider further legal action to protect the City's interests, including instituting legal action against" Plaintiff. SAC at 108:15-17. Plaintiff promptly sent another email directly to the Mayor and City Manager about this August 25th cease-and-desist letter. Id. at 109:1-2; Ex. 228. He received no response, at least as of September 9, 2025. SAC at 109:4. In October 2025, Plaintiff also called the City's Human Resources Department, Officer Olague, Detective Blevins, and Officer Rakic directly, but received no response as of November 11, 2025. Id. at 126:1-18.

Plaintiff continued to make several CPRA requests to the City – including requests for further information about the July 20th phone call and for police body worn camera footage from the investigation into it – which were denied by the City. SAC at 127:1-128:9.

**4. LEGAL STANDARD – SUBJECT-MATTER JURISDICTION**

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (citations omitted). "Federal courts are required sua sponte to examine jurisdictional issues … ." Bernhardt v. Cnty. of Los Angeles, 179 F.3d 862, 868 (9th Cir. 2002). If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

The Constitution empowers Congress to give federal courts jurisdiction over different categories of subject matter, including cases arising under federal law.

U.S. Const., art. III, § 2, cl. 1. Congress has exercised this power by pronouncing that "[t]he district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; see also Louisville & Nashville R. Co v. Mottley, 211 U.S. 149, 152 (1908) (holding that a claim "arises under" federal law under Section 1331 "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]").

Congress has also given the federal district courts supplemental jurisdiction under 28 U.S.C. § 1367(a) over all claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." State-law claims "form part of the same case or controversy" as a federal claim "when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." Kuba v. 1-A Agr. Ass’n, 387 F.3d 850, 855 (9th Cir. 2004) (quotation omitted).

**5. DISCUSSION**

**A. This Court Lacks Subject-Matter Jurisdiction Over Plaintiff's State-Law Claims Against the Risewell Defendants and Bert Howe**

There is no question that this Court has original jurisdiction over Plaintiff's Section 1983 claims under 28 U.S.C. § 1331, as those claims arise under federal law. Neither the Risewell Defendants nor Bert Howe are named in those federal claims, however; both are named only in Plaintiff's state-law claims for violation of California's Bane Act and Ralph Act. This Court thus has jurisdiction over Plaintiff's claims against those Defendants only if those claims are so related to the Section 1983 claims that they are part of the same case or controversy as Plaintiff's Section 1983 claims against the governmental Defendants.

In his supplemental briefing filed in response to the Court's show-cause order, Plaintiff offers no argument in support of the existence of supplemental

jurisdiction and states "Plaintiff does not oppose the Court exercising its discretion under 28 U.S.C. § 1367 to decline supplemental jurisdiction over the state-law claims asserted against said private defendants and dismissing those claims without prejudice" on the grounds similar to the Courts earlier Report and Recommendation dismissing the Toll Brothers Defendants for lack of subject-matter jurisdiction (Doc. No. 184). See Doc. No. 193 at 2:1-5. The Risewell Defendants affirmatively argue in their OSC response that the Court cannot exercise supplemental jurisdiction over Plaintiff's state-law claims against them. See generally Doc. No. 194. Only Defendant Bert Howe, ironically, argues against the Court's dismissal of Plaintiff's claims against it for lack of subject-matter jurisdiction. See generally Doc. Nos. 192, 195.

Notwithstanding Bert Howe's position, however, the Court finds that it lacks subject-matter jurisdiction over Plaintiff's claims against the Risewell Defendants and Bert Howe for reasons very similar to why it lacks jurisdiction over Plaintiff's claims against the Toll Brothers Defendants.

**i. Plaintiff's State-Law Claims Against the Risewell Defendants and Bert Howe Are Not Part of the Same "Case or Controversy" as His Federal Claims Against the Governmental Defendants**

"While precedent requires the Court to evaluate whether the claims arise from the 'same case or controversy,' the Ninth Circuit does not provide a determinate definition of what constitutes a 'common nucleus of operative fact.'" iSpot.tv, Inc. v. Teyfukova, No. 2:21-cv-06815-MEMF (MARx), 2023 WL 1967958, at *6 (C.D. Cal. Jan. 25, 2023) (citing Virgina A. Phillips & Karen L. Stevenson, The Rutter Guide, Federal Civil Procedure, Calif. & 9th. Cir. Eds. (the "Rutter Guide") ¶¶ 2:860-2:863 (Apr. 2022 update)). As a result, federal district courts in the Ninth Circuit have set forth a variety of different formulations and considerations. See Carne v. Stanislaus Cnty. Animal Servs. Agency, 445 F.Supp.3d 772, 775 (E.D. Cal.

2020) (collecting cases summarizing how courts in the Ninth Circuit determine whether there is a common nucleus of operative fact). Some courts consider: "(1) when the facts are related in time, space, origin or motivations; (2) when the facts form a convenient trial unit; and (3) when treating the facts as a unit would conform to the parties' expectations." St. Paul Mercury Ins. Co. v. Del. Webb. Cal. Corp, No. CV 16-0209 PSG (SPx), 2017 WL 7661491, at *3 (C.D. Cal. Nov. 7, 2017) (citing Apparel Art Int'l, Inc. v. Amertex Enters. Ltd., 48 F.3d 576, 584 (1st Cir. 1995)). Other courts consider more generally "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." Landy v. Pettigrew Crewing, Inc., No. 2:19-cv-07474-RGK-AFM, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019) (quoting Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir. 1996)). For these courts, "[e]ven a 'loose factual connection between the claims is generally sufficient.'" U.S. Chess Fed'n, Inc. v. Polgar, No. C 08-05126 MHP, 2009 WL 981257, at *3 (N.D. Cal. Apr. 13, 2009) (quoting Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995)). Additionally, some courts have found that "there is no common nucleus of operative fact if there is no evidentiary overlap between the claims." Lei v. City of Lynden, No. C14-0650-JCC, 2014 WL 6611382, at *4 (W.D. Wash. Nov. 20, 2014) (citation and internal quotation marks omitted). "What remains true across all approaches, however, is that the Court is required to conduct an analysis of the plaintiff's alleged facts to determine whether there is sufficient overlap between the claims asserted, the facts alleged, and the potential evidence required to establish the need for supplemental jurisdiction." iSpot.tv, 2026 WL 1967958, at *6 (citing Rutter Guide ¶¶ 2:860-2:863).

As was the case with the Toll Brothers Defendants, no common nucleus of operative facts exists between Plaintiff's state-law claims against the Risewell Defendants and Bert Howe on the one hand and his Section 1983 claims against the City, its employees, and outside City Attorneys on the other. "The first and most obvious observation is that the two claims are different claims against

different defendants. This observation alone militates against supplemental jurisdiction, because the separateness of the sets of claims decreases the degree of commonality of operative facts." Bafford v. Northrop Grumman Corp., No. 2:18-cv-10219-ODW (Ex), 2022 WL 1002350, at *7 (C.D. Cal. Apr. 4, 2022).

Plaintiff's federal claims all arise from the allegedly unconstitutional actions of the City of Irvine, its employees, City Attorney. Plaintiff's Fourth Amendment claim is based on Officer Olague's alleged "constructive seizure" of Plaintiff by telephoning him to investigate a possible criminal threat against Defendant Pham and subsequent investigative activities, as well as alleged "false statements" made by City employees as part of that investigation. SAC at 140:17-150:2. Plaintiff's First Amendment claim alleges a deprivation of his right to petition the government for redress of grievances by the City Attorneys' issuance of cease-and-desist letters directing that Plaintiff stop communicating directly with City staff, and instead direct communications to the City through the City Attorneys' office, as well as statements allegedly made in Officer Olague's investigation noted above. Id. at 150:6-155:13. Plaintiff's due process claim is based on the same police investigation, cease-and-desist letters from the City Attorney, the City's responses (or failures to respond) to Plaintiff's requests for public records from the City, as well as the City's rejection of his claim for damages. Id. at 155:17-165:17. Finally, Plaintiff's Section 1983 claim for "Denial of Access to the Courts" is based on denials the City made in its Answer to Plaintiff's First Amended Complaint in this case, responses to his public-records requests, and alleged failure to preserve Officer Olague's body-worn camera video from the investigation he complains about. Id. at 172:9-177:4.

By contrast, Plaintiff's state-law claims against both the Risewell Defendants and Bert Howe are based on entirely distinct allegedly unlawful conduct – the issuance of various cease-and-desist letters directing Plaintiff to stop direct contact with Risewell and Bert Howe employees and any attempts to enter their respective

property. Id. at 90:9-17, 92:17-18, 106:8-9, Exs. 133, 205, 221. While Bert Howe contends that the disputes "arise from the same initial event, a construction dispute regarding a home purchased by Plaintiff's parents in Irvine, California," see Doc. No. 192 at 3:7-9, that is where the commonalities end. More importantly, that initial event is not what the actionable alleged conduct on which Plaintiff bases his claims, as just discussed.

Thus, the prove-up of Plaintiff's federal claims will involve different facts and different witnesses, and apply different law than Plaintiff's claims against the Risewell Defendants and Bert Howe. It will involve distinct examinations into the individual motivations of the various parties, the allegedly unlawful conduct they performed, and the unique effects their conduct had upon Plaintiff. Even if the genesis of all the allegedly unlawful conduct was Plaintiff's construction dispute with the Risewell Defendants, the Court does not find the simple chronology of events supports the existence of a common nucleus of operative facts.

Bert Howe also observes that Plaintiff names all Defendants on his Bane Act claim and some of the non-governmental Defendants along with the Risewell Defendants and Bert Howe on his Ralph Act claim. See Doc. No. 192 at ECF p. 5, lns. 17-20. What those respective Defendants allegedly did, to violate those Acts, however, are very different, however, as discussed above.

Put simply, Plaintiff's case against the Risewell Defendants and Bert Howe is not the same "case or controversy" as his Section 1983 case against the governmental Defendants. Supplemental jurisdiction over Plaintiff's state-law claims against the Risewell Defendants and Bert Howe claims does not exist.

**ii. Judicial Economy or Convenience Do Not Establish Subject-Matter Jurisdiction**

Bert Howe also argues that "separating the claims against BHA from the federal claims against the remaining Defendants would result in judicial inefficiency." Doc. No. 192 at ECF p. 5, lns. 21-26; see also Doc. No. 195 at ECF p. 2,

lns. 14-15 (arguing exercise of supplemental jurisdiction over Plaintiff's claims against Bert Howe "would be in the interest of judicial economy and convenience" in light of the fact that Bert Howe has fully briefed two anti-SLAPP motions and motions to dismiss, and it would be a "waste of judicial resources for these issues to be re-litigated in state court.").  Questions of judicial economy, convenience, fairness, and comity, however, are not the relevant determination here.  In City of Chicago v. Int'l Col. of Surgeons, 522 U.S. 156 (1997), on which Bert Howe relies for this argument, the Supreme Court first found that the district court had supplemental jurisdiction under Section 1367(a) over the state-law claims.  See 522 U.S. at 165 ("the District Court had original jurisdiction over ICS' claims arising under federal law, and thus could exercise supplemental jurisdiction over the accompanying state law claims so long as those claims constitute 'other claims that ... form part of the same case or controversy.' § 1367(a). We think it clear that they do.").  The High Court's discussion which Bert Howe quotes and relies on here that "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity," id. at 173, was in the context of guiding the district court's discretion under Section 1367(c) whether or not to exercise supplemental jurisdiction after it has determined it has such jurisdiction.  Id. at 172 ("Of course, to say that the terms of § 1367(a) authorize the district courts to exercise supplemental jurisdiction over state law claims for on-the-record review of administrative decisions does not mean that the jurisdiction must be exercised in all cases.").

This case does not present that question, because here this Court does not have supplemental jurisdiction since the claims against Bert Howe (and Risewell) do not arise from a common nucleus of operative fact for the reasons discussed above.  Thus, there is no issue here of whether the Court should, in its discretion, exercise supplemental jurisdiction because it would be inefficient or inconvenient not to.  The Court does not have any discretion to exercise supplemental

jurisdiction over claims that are not part of the same "case or controversy" as the federal claims underlying the Court's original jurisdiction under Section 1331. The Court understands Bert Howe's desire, having spent the time to prepare their anti-SLAPP Motion and Motion to Dismiss, to obtain a determination on the merits of them. No amount of efficiency or convenience can substitute for actual subject-matter jurisdiction, however. This Court has no power to address the merits of those motions.

**iii. Other Cases Involving Claims Under both Section 1983 and the Bane and Ralph Acts are Inapposite to This Situation**

Finally, Bert Howe argues that other courts have exercised supplemental jurisdiction over Bane Act and Ralph Act claims under Section 1367(a) when brought with Section 1983 claims, citing Chinaryan v. City of Los Angeles, 113 F.4th 888 (9th Cir. 2024) and Aldrich v. Romo, No. 5:20-CV-00974-MCS-KK, 2020 WL 6305461, at *5 (C.D. Cal., Oct. 5, 2020). See Doc. No. 192 at ECF p. 5, ln. 27 through ECF p. 6, ln. 6. In both of those cases, however, the Bane Act or Ralph Act (or both) claims were based on the same acts, by the same actors, as the Section 1983 claims In Chinaryan, the plaintiff alleged that the same acts by the same Defendants – arrest without probable cause and excessive force – constituted a violation of both the Fourth Amendment (via Section 1983) and the Bane Act. See 113 F.4th at 896. Similarly, in Aldrich, the plaintiff alleged that the actions (failure to prevent sexual abuse of the plaintiff in prison) by the same Defendants constituted violation of Section 1983, the Bane Act, and the Ralph Act. See 2020 WL 6305461, at *1-2.

That is not the situation here, as discussed above. The Risewell Defendants and Bert Howe are not alleged to have committed the same acts that allegedly constitute a violation of Plaintiff's federal rights under Section 1983. In fact, those Defendants are not even named on the Section 1983 causes of action. Neither Chinaryan nor Aldrich have any application to the particular allegations in this case

when it comes to the question of subject-matter jurisdiction over Plaintiff's state-law claims against the Risewell Defendants or Bert Howe.

Plaintiff's Bane Act and Ralph Civil Rights Act claims against the Risewell Defendants and Bert Howe are, quite simply, are not the same "case or controversy" as his Section 1983 case against the City, its employees, and outside counsel over which this Court has original jurisdiction under 28 U.S.C. § 1331. Therefore, whatever the merits of Plaintiff's claims against the Risewell Defendants and Bert Howe, this Court lacks subject-matter jurisdiction to consider those claims. Thus, Plaintiff's state-law claims against the Risewell Defendants and Bert Howe must be dismissed.

**B. Further Leave to Amend is Not Appropriate**

When dismissing the claims of a pro se litigant, a Court must give leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Karim-Panahi, 839 F.2d at 623 (internal quotation marks omitted); see also Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (internal quotations omitted)). Where a plaintiff has previously been granted leave to amend, however, and subsequently fails to remedy the deficiencies in his or her pleading in an amended complaint, the District Court's authority to deny further leave to amend is "particularly broad." See Nguyen v. Endologix, Inc., 962 F.3d 405, 420 (9th Cir. 2020) (quoting Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009)).

Plaintiff is now on his Second Amended Complaint. While the Risewell Defendants and Bert Howe did not previously argue lack of subject-matter jurisdiction in their attacks on Plaintiff's First Amended Complaint (nor did they argue it in their various motions attacking the SAC), Plaintiff nevertheless knew

subject-matter jurisdiction was a potential issue when he drafted his SAC because the Court had previously raised the issue sua sponte on the First Amended Complaint and requested further briefing. See Doc. No. 83. Nevertheless, when preparing his SAC, Plaintiff still failed to cure that fatal defect in his claims against the Risewell Defendants and Bert Howe (as well as the Toll Brothers Defendants). Tellingly, Plaintiff not only does not request further leave to amend to cure that defect now in a Third Amended Complaint, he filed a Notice of Non-opposition to dismissal of his claims against the Risewell Defendants and Bert Howe basis. See Doc. No. 193. It is therefore "absolutely clear" that this Court's lack of subject-matter jurisdiction over Plaintiff's claims against the Risewell Defendants and Bert Howe cannot be cured by amendment. Accordingly, it is recommended that such claims be dismissed without further leave to amend.

**6. CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the Court lacks subject-matter jurisdiction over Plaintiff's claims against the Risewell Defendants and Bert Howe. Accordingly, the Court should not, and indeed cannot, address the various motions filed by those parties, as it has no power to do so. Instead, the Court recommends that Defendants Risewell Homes Inc., The New Home Company Southern California LLC, TNHC Realty and Construction, Inc, and Bert L. Howe & Associates LLC be **DISMISSED** from this case for lack of subject-matter jurisdiction, without prejudice to Plaintiff's ability to pursue his claims against them in a court having proper jurisdiction to consider those claims.

DATED: September 18, 2026

Dan Roberts

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in Local Civil Rule 72 and review by the District Judge whose initials appear in the docket number. Under Local Rule 72-3.4, any objection to this Report and Recommendation must be filed within fourteen (14) days. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.