BORDIN SEMMER LLP
Joshua Bordin-Wosk, State Bar No. 241077
jbordinwosk@bordinsemmer.com
Justin F. Spearman, State Bar No. 305785
jspearman@bordinsemmer.com
Erick Diaz, State Bar No. 351606
ediaz@bordinsemmer.com
101 Continental Blvd., Suite 700
El Segundo, CA 90245
Phone: (323) 457-2110
Fax: (323) 457-2120
Attorneys for Defendants,
CITY OF IRVINE, TRINITY PHAM, WILLIAM GO,
KALVIN ALVAREZ, AND EMMA OLAGUE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JEFFREY GU, an individual,

Plaintiff,

v.

CITY OF IRVINE; JESSICA SANDERS; JEFFREY MELCHING; TRINITY PHAM; WILLIAM GO; IRVINE POLICE DEPARTMENT; OFFICERS JANE AND JOHN DOE 1-10; THE NEW HOME COMPANY, INC.; THE NEW HOME COMPANY SOUTHERN CALIFORNIA, LLC; TNHC REALTY AND CONSTRUCTION, INC.; BERT L. HOWE AND ASSOCIATES, INC.; TOLL BROTHERS, INC.; TB PROPRIETARY CORP.; TOLL SOUTHWEST, LLC; and DOES 1 to 25, inclusive,

Defendants.

**Case No.: 8:25-cv-02134-VBF-DSR**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF IRVINE'S, TRINITY PHAM'S, WILLIAM GO'S, KALVIN ALVAREZ'S, AND EMMA OLAGUE'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**[*Exempt from filing fee due to Government Code Section 6103*]**

Complaint Filed: September 19, 2025
SAC Filed: June 15, 2026

**Hearing**
Date: December 21, 2026
Time: 10:00 a.m.
Judge: Hon. Valerie Baker Fairbank

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS ..... 1

III. LEGAL STANDARD FOR MOTION ..... 6

IV. DEFENDANTS HAVE SATISIFED THE MEET AND CONFER REQUIREMENTS CONTEMPLATED BY CENTRAL DISTRICT OF CALIFORNIA LOCAL RULE 7-3 ..... 6

V. DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS BECAUSE EACH OF PLAINTIFF'S CLAIMS FAILS AS A MATTER OF LAW ..... 7

A. PLAINTIFF'S FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF ..... 7

B. PLAINTIFF'S SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION UNDER 42 U.S.C. § 1983 AND CALIFORNIA'S BANE ACT ..... 10

C. PLAINTIFF'S SIXTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO COURTS UNDER 42 U.S.C. § 1983 ..... 13

D. PLAINTIFFS' SEVENTH CAUSE OF ACTION UNDER CALIFORNIA'S RALPH ACT ..... 14

VI. CONCLUSION ..... 16

# TABLE OF AUTHORITIES

**Cases**


*Alexander v. City of Chicago* (7th Cir. 1993) 994 F2d 333, 336 .......... 6

*Allen v. Wright*, 468 U.S. 737, 754 (1984) .......... 9

*Cabesuela v. Browning-Ferris Industries of California, Inc.* (1998) 68 Cal. App. 4th 101, 111 .......... 15

*Campbell v. Feld Entertainment, Inc.*, 2014 WL 7146462 (N.D. Cal. 2014) .......... 15

*Cf. Hill v. Fisch*, No. 322CV05320RSMBAT, 2022 WL 2134493, at *2 (W.D. Wash. May 25, 2022) .......... 13

*Colonial Penn Grp., Inc. v. Colonial Deposit Co.*, 834 F.2d 229, 232 (1st Cir. 1987) .......... 8

*Davis v. Goord,* 320 F.3d 346, 351 (2d Cir. 2003) .......... 13

*Fla. v. Royer*, 460 U.S. 491, 497 (1983) .......... 11

*Gabrielle A. v. County of Orange* (2017) 10 Cal.App.5th 1268, 1291 .......... 14

*Julian v. Mission Community Hospital* (2017) 11 Cal.App.5th 360, 395 .......... 11

*Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986) .......... 7

*Michigan v. Chesternut*, 486 U.S. 567, 575 (1988) .......... 11

*Miller v. Indiana Hosp*. (WD PA 1983) 562 F.Supp. 1259, 1268 .......... 6

*Nelson v. City of Davis*, 685 F.3d 867, 875 (9th Cir. 2012) .......... 11

*Perez v. Wells Fargo & Co*. (ND CA 2014) 75 F.Supp.3d 1184, 1187 .......... 6

*Pullen-Hughes v. LaCaria*, No. 3:11-CV-01271-PK, 2012 WL 5398361, at *7 (D. Or. Oct. 2, 2012) .......... 12

*Pullen-Hughes*, *supra*, 2012 WL 5398361, at *8 .......... 13

*Railroad 1900, LLC v. City of Sacramento*, 604 F.Supp.3d 968, 974 (E.D. Cal. 2022) .......... 9

*Shoyoye v. County of Los Angeles* (2012) 203 Cal.App.4th 947, 955–956 .......... 11

*Sprint Communications Co., L.P. v. APCC Services, Inc.*, 554 U.S. 269, 273 (2008) .......... 8

*United States v. Washington*, 490 F.3d 765, 770 (9th Cir. 2007) .......... 11

*Warren v. Marcus*, 2015 WL 395219 (N.D. Cal. 2015)] .......... 15

*White v. Lee*, 227 F.3d 1214, 1231 (9th Cir. 2000) .......... 12

*Zeigler v. N.Y.*, 948 F. Supp. 2d 271, 294 (N.D.N.Y. 2013) .......... 13

**Other Authorities**

28 U.S.C. § 2201 .......... 7
42 U.S.C. § 1983 .......... passim
Cal. Bus. & Prof. Code, § 7031(b) .......... 8
Cal. Bus. & Prof. Code, § 7031. Section 7031 .......... 8
Cal. Civ. Code, §§ 51, 51.7 .......... 14
Cal. Gov. Code, § 818.2 .......... 8
Cal. Gov. Code, §§ 820.4, 821 .......... 8
California Civil Code section 51.7 .......... 14

**Rules**

Central District of California Local Rules, L.R. 7-3 .......... 6
FRCP 12(c) .......... 6
FRCP Rule 8 .......... 14

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Jeffrey Gu ("Plaintiff"), a resident of Colorado, has brought a complaint against numerous defendants arising from some dispute Plaintiff has in connection with a homebuilder arising from construction of a home in Colorado. For whatever reason, Plaintiff has decided to target the City of Irvine ("Irvine") and its employees – where Plaintiff does not live and Plaintiff does not allege his property is located – for a campaign of harassment and now litigation arising from Plaintiff's demands that Irvine take action against various companies with which Plaintiff apparently has a dispute.

Plaintiff has sued a litany of defendants, including Irvine, Irvine employees Trinity Pham, Kalvin Alvarez, and Emma Olague of the Irvine Police Department, as well as Irvine City Councilman William Go (collectively "Defendants"). As discussed below, each of Plaintiff's claims are completely without merit and amount to little more than a claim by Plaintiff that the government is to do his bidding at his command, and that he is entitled to harass government employees to get what he wants when he wants it, and that anything less – or that being told that he is to stop harassing employees – is somehow a violation of his rights.

## II. STATEMENT OF FACTS

On June 15, 2026, Plaintiff filed a Second Amended Complaint against fourteen named defendants. (ECF No. 130 [Second Amend. Compl.].) Plaintiff complains of "a coordinated system among national homebuilders, their counsel, and municipal actors designed to conceal responsibility, evade regulation, and retaliate against those who expose inconvenient truths." (ECF No. 130 at pp. 4-5.) Plaintiff alleges that he purchased a home in Colorado from Toll Brothers. (ECF No. 130 at p. 16, ¶¶ 34-35.)

Plaintiff's claim apparently arises from a dispute between Plaintiff and two private entities, Toll Brothers, Inc. and Toll Southwest, LLC over the purchase and

construction of a private residence in Wheat Ridge, Colorado. (*See* ECF No. 130 at pp. 16-17, ¶¶ 34-35.) Plaintiff is upset about the construction progress of that residence as well as subsequent repairs. (*See id.* at pp. 17-38, ¶¶ 51-203.) In his unhappiness about the residence, Plaintiff has targeted numerous entities and individuals for complaint or questions about their legitimacy. (*See id.* at pp. 38-81, ¶¶ 204-500.)

Plaintiff then raises the purchase of a home in the City of Irvine *by Plaintiff's parents*. (ECF No. 130 at pp. 81-86, ¶¶ 501-539.) That property is located at 129 Oakstone in the City of Irvine. (*Id.* at p. 81, ¶ 502.) Plaintiff complains that the corporate seller of that property is not licensed. (*Id.* at pp. 81-84, ¶¶ 504-525.) Plaintiff's parents placed a home warranty claim with the builder, The New Home Company Southern California, LLC ("TNHC"). (*Id.* at p. 86-87, 89, ¶¶ 540-542, 558.) Plaintiff claims that, while taking photos of TNHC's workers and their vehicles, he saw worksite violations during warranty repairs that he reported to the State of California. (*Id.* at pp. 87-88, ¶¶ 543-548.) Plaintiff also contends that TNHC's workers were violating Irvine's Municipal Code by working outside appropriate hours. (*Id.* at p. 89, ¶¶ 563-565.) TNHC sent Plaintiff a cease-and-desist letter alleging that Plaintiff was trespassing and harassing TNHC's employees. (*Id.* at pp. 90, 92-93, ¶¶ 571-575, 596-599.)

Plaintiff alleges he contacted the City of Irvine to complain about Toll Brothers and permits. (ECF No. 130 at p. 95, ¶ 609.) Plaintiff was unsatisfied with Irvine's response to the complaints. (*Id.* at pp. 95-96, 98-99, ¶¶ 609-616, 634-636.) Plaintiff then contacted the office of City Councilman William Go. (*Id.* at p. 100, ¶¶ 638-639.) Plaintiff spoke with Trinity Pham. (*Id.* at p. 100, ¶ 640.) Plaintiff claims he spoke with Ms. Pham to complain about "permitting failures, code violations, and lack of qualifications of certain employees in the COI Building Department." (*Id.* at p. 100, ¶¶ 640-643.)

After that call, Plaintiff alleges that he was contacted by the City of Irvine's police department and asked whether Plaintiff made threatening statements during the phone call with Ms. Pham. (ECF No. 130 at p. 100-101, ¶¶ 645-657.) Plaintiff does not deny that he made such statements – only that he does not "remember" making threatening statements. (*Id.* at p. 101, ¶ 652.) Plaintiff then made various attempts to contact the City of Irvine about Ms. Pham, Ms. Pham's employment, and other employees. (*Id.* at pp. 101-102, ¶¶ 658-669.)

An attorney thereafter contacted Plaintiff on behalf of the City of Irvine ("Irvine") to demand that Plaintiff cease and desist from further attempts to obtain personal information about Ms. Pham. (*Id.* at p. 104-105, ¶¶ 681-685.) Plaintiff also sent a complaint via e-mail to Irvine's City Council, and Plaintiff now complains that the members of the City Council did not respond to Plaintiff. (*Id.* at pp. 105-106, ¶¶ 689-690.) Plaintiff then demanded payment from Irvine of $5.7 million for "damages," a claim that was denied. (*Id.* at p. 106-107, ¶¶ 691-692, 697.) After further conduct by Plaintiff, Irvine served a cease and desist letter and asked that Plaintiff confine his attempts to contact Irvine employees to e-mails to attorneys designated in the letter. (*Id.* at pp. 108-109, ¶¶ 706-712.)

Plaintiff's first cause of action is brought against Irvine only and seeks a declaration that Irvine "failed to prevent or correct violations of California Business and Professions Code § 7031 (b) by approving and accepting permits submitted by entities that misstated their legal status on those permits and related declarations, thereby undermining the statute's consumer-protection objectives." (ECF No. 130 at p. 134.) Plaintiff alleges that the permitting issue arises "in connection with residential construction of the property owned by Plaintiffs family." (*Id.* at pp. 134-135.) This appears to be a reference to the property in Irvine owned by Plaintiff's parents. (*See id.* at pp. 80-81, ¶¶ 493-503.) "Plaintiff acknowledges that the deeded owner of the subject property is a family trust, not Plaintiff individually." (*See id.* at p. 138.) Plaintiff claims that Irvine's alleged "concealment of a permit discrepancy

directly injured him by obstructing his ability to petition the government, chilling his speech, and depriving him of truthful public records concerning his family's home." (*Id.*)

Plaintiff's second, third, fourth, and sixth causes of action are brought under 42 U.S.C. § 1983. (ECF No. 130 at pp. 140-165, 172-177.) The second cause of action is brought against each of the Defendants: Irvine, William Go, Trinity Pham, Kalvin Alvarez, and Officer Emma Olague. (*Id.* at p. 140.) The third and fourth causes of action are brought against Defendants, as well as Jessica Sanders and Jeffrey Melching. (*Id.* at pp. 150, 155.) The sixth cause of action is brought against Irvine only. (*Id.* at pp. 172.)

Plaintiff alleges that the telephone call from Officer Emma Olague of the Irvine Police Department constituted "an unreasonable seizure within the meaning of the Fourth Amendment." (ECF No. 130 at pp. 141.) To that end, Plaintiff claims that "although no arrest occurred, the officer initiated and maintained an investigative detention against Plaintiff's person and property without any articulable reasonable suspicion of crime." (*Id.* at p. 141.) Plaintiff claims that the alleged questioning from the police officer over the phone regarding Plaintiff's statements to Ms. Pham "functioned as a coercive assertion of state authority…" and further "constituted a show of authority that would cause a reasonable person to believe he was not free to terminate the encounter without legal consequences." (*Id.* at pp. 141-142.)

Plaintiff further claims that "in the absence of any warrant, exigent circumstances, or reasonable suspicion of criminal activity, this investigatory detention violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures." (*Id.* at p. 142.) Plaintiff alleges that Councilman Go, Ms. Pham, and Mr. Alvarez "knowingly provided false and misleading statements that triggered and perpetuated" the phone call from Officer Olague regarding Plaintiff's conversation with Ms. Pham. (*Id.* at p. 144-145.) Plaintiff then claims that Officer Olague improperly "escalated" the investigation by checking to see if Plaintiff was

registered to own any firearms and driving to the 129 Oakstone property owned by Plaintiff's parents. (*Id*. at pp. 142, ¶¶ 784-786.)

Plaintiff claims that the Defendants, as well as Jessica Sanders and Jeffrey Melching, "deprived Plaintiff of his First Amendment right to petition the government for redress of grievances" by sending Plaintiff letters demanding that Plaintiff cease and desist his harassment of Irvine's employees. (ECF No. 130 at pp. 150-152.) Plaintiff alleges that Defendants used Officer Olague as "a private security detail for [Irvine] staff, weaponizing police power to intimidate a resident engaged in constitutionally protected petitioning. (*Id*. at p. 152.) Plaintiff alleges that the phone call and investigation by Officer Olague, the cease-and-desist letters, the failure of Irvine to respond to Plaintiff's complaints to the satisfaction of Plaintiff, and the denial of Plaintiff's demand for $5.7 million constituted a deprivation of Plaintiff's due process rights. (*Id*. at pp. 152-165.)

Plaintiff's fifth cause of action is brought against all defendants for alleged violations of California's Bane Act under California Civil Code section 52.1. (ECF No. 130 at p. 166.) In support of this claim, Plaintiff reiterates the same allegations against Defendants as with the above causes of action. (*Id*. at pp. 166-172.)

Plaintiff's seventh cause of action is brought against Defendants, among other entities, for alleged violations of California's Ralph Act under Civil Code section 51.7. (ECF No. 130 at p. 177.) Plaintiff alleges that Defendants violated the Ralph Act through the aforementioned cease-and-desist letters sent to him, by which Defendants allegedly "issued or orchestrated false and retaliatory accusations, including claims of trespass and harassment…" (*Id*. at pp. 177-178.) He alleges that this conduct was undertaken because of his political affiliation, but fails to identify any actual political affiliation or other protected category under the Ralph Act. (*Id*. at pp. 178.)

///

///

## III. LEGAL STANDARD FOR MOTION

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FRCP 12(c). A motion under FRCP 12(c) challenges the legal sufficiency of the opposing party's pleadings. It provides a vehicle for summary adjudication on the merits, after the pleadings are closed but before trial, which "may save the parties needless and often considerable time and expense which otherwise would be incurred during discovery and trial." [*Miller v. Indiana Hosp*. (WD PA 1983) 562 F.Supp. 1259, 1268; *Alexander v. City of Chicago* (7th Cir. 1993) 994 F2d 333, 336; *Perez v. Wells Fargo & Co*. (ND CA 2014) 75 F.Supp.3d 1184, 1187 (quoting text).]

Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. [*Fleming v. Pickard* (9th Cir. 2009) 581 F3d 922, 925; *Doe v. MySpace, Inc.* (5th Cir. 2008) 528 F3d 413, 418.]

## IV. DEFENDANTS HAVE SATISIFED THE MEET AND CONFER REQUIREMENTS CONTEMPLATED BY CENTRAL DISTRICT OF CALIFORNIA LOCAL RULE 7-3

Central District of California Local Rule 7-3 requires that counsel contemplating the filing of a motion "must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. (Central District of California Local Rules, L.R. 7-3.) The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion. (*Id*.) If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion. (*Id*.)

As set forth in the attached Declaration of Justin Spearman filed in support of this Motion for Judgment on the Pleadings, on November 2, 2026, Defendants' counsel sent Plaintiff a detailed meet and confer letter which outlined the deficiencies in Plaintiff's Second Amended Complaints, the legal grounds for filing a Motion for Judgment on the Pleadings, and requested that Plaintiff contact Defendants' counsel by telephone to discuss the subject of the letter and attempt to reach an informal resolution. (Spearman Decl., ¶ 2.) Defendants' counsel and Plaintiff had a phone call on November 3, 2026 regarding the deficiencies in Plaintiff's Second Amended Complaint and Defendants' intention to file a Motion for Judgment on the Pleadings, but Plaintiff refused to amend or dismiss any of the causes of action against Defendants. (*Id.* at ¶ 3.) The parties were unable to achieve a resolution, thus necessitating this Motion. (*Id.* at ¶ 4.)

## V. DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS BECAUSE EACH OF PLAINTIFF'S CLAIMS FAILS AS A MATTER OF LAW

### A. PLAINTIFF'S FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

As to the First Cause of Action, Plaintiff alleges that Irvine is not properly enforcing permitting requirements under state law. Specifically, he alleges that Irvine is not enforcing Subsection (b) of Section 7031 of the Business & Professions Code. (ECF No. 130 at p. 134.) This claim fails on its face for multiple reasons.

First, the First Cause of Action does not state a viable claim under federal law. Plaintiff purports to bring the claim for declaratory relief under 28 U.S.C. § 2201. That statute, however, only permits a federal court to declare the rights of individuals with respect to an "actual controversy within its jurisdiction." 28 U.S.C. § 2201. However, Plaintiff is only claiming an alleged failure to "correct or prevent" violations of California state law. (ECF No. 130 at p. 134.). "Federal jurisdiction does not lie simply because relief is requested under the federal Declaratory

Judgment Act." *Colonial Penn Grp., Inc. v. Colonial Deposit Co.*, 834 F.2d 229, 232 (1st Cir. 1987). Plaintiff does not allege any violation of any federal law in the first cause of action that would give rise to a claim in federal court.

Second, Plaintiff also fails to make a viable claim under California law. Under California law, "[a] public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law." Cal. Gov. Code, § 818.2. The same is true as to public employees. Cal. Gov. Code, §§ 820.4, 821. Neither Irvine nor its employees can be held liable for any alleged failure to enforce Section 7031 of the Business & Professions Code.

Third, Section 7031 of the Business & Professions Code does not contain any requirements related to Irvine or any other municipality issuing permits. *See* Cal. Bus. & Prof. Code, § 7031. Section 7031 simply requires that contractors suing for collection of compensation under a contract must allege that they were a duly licensed contractor during the time of performance of the contract. *Id.* Section 7031(b) states "a person who utilizes the services of an unlicensed contractor may bring an action in any court of competent jurisdiction in this state to recover all compensation paid to the unlicensed contractor for performance of any act or contract." Cal. Bus. & Prof. Code, § 7031(b). There is nothing for Irvine to enforce under Section 7031, as the statute only provides for causes of action against an unlicensed contractor and addresses standing to assert certain claims by or against a contractor in court. *See* Cal. Bus. & Prof. Code, § 7031.

Fourth, even if Section 7031 was related to something that Irvine could enforce, Plaintiff would not have legal standing to bring an action complaining of an alleged failure to enforce the law. The case-or-controversy requirement of Article III, Section 2 of the United States Constitution requires that a plaintiff have standing to bring a lawsuit. *Sprint Communications Co., L.P. v. APCC Services, Inc.*, 554 U.S. 269, 273 (2008). "[I]n order to have Article III standing, a plaintiff must adequately establish: (1) an injury in fact (i.e., a concrete and particularized invasion of a legally

protected interest); (2) causation (i.e., a fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant; and (3) redressability (i.e., it is likely and not merely speculative that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit)." *Id.*

The Supreme Court "has repeatedly held that an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." *Allen v. Wright*, 468 U.S. 737, 754 (1984). "Assertion of a right to a particular kind of Government conduct, which the Government has violated by acting differently, cannot alone satisfy the requirements of Art. III without draining those requirements of meaning." *Id.* This principle applies to a plaintiff's claim based on whether a government entity is enforcing its civil laws against others. *Railroad 1900, LLC v. City of Sacramento*, 604 F.Supp.3d 968, 974 (E.D. Cal. 2022) (holding that plaintiff lacked standing to assert a claim premised on city's alleged failure to enforce state and local laws). A plaintiff does not have standing in federal court to assert a claim that a government entity is not enforcing its laws against others. *Id.*

Plaintiff lacks legal standing to assert that Irvine is allegedly failing to enforce permitting laws against others. Moreover, Plaintiff do not even allege any harm to himself as the result of any alleged failure to enforce permitting laws. Plaintiff acknowledges that his complaint arises from an Irvine property owned by third parties – i.e., Plaintiff's parents. (ECF No. 130 at p. 135, 138, 142, 181 ["Plaintiff acknowledges that the deeded owner of the subject property is a family trust, not Plaintiff individually…"].) Even if Section 7031 contained a permitting requirement, which it does not, and even if Plaintiff could maintain a claim based on a generalized failure to enforce permitting laws, which Plaintiff cannot, Plaintiff would not be able to allege injury to himself from such an alleged failure because the only effect he alleges relates to a property he does not own.

Plaintiff's First Cause of Action does not state any valid claim, and, even if it did, he would not have legal standing as a plaintiff to assert the cause of action. Therefore, this claim fails as a matter of law.

### B. PLAINTIFF'S SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION UNDER 42 U.S.C. § 1983 AND CALIFORNIA'S BANE ACT

In Plaintiff's second, third, and fourth causes of action under 42 U.S.C. § 1983 he alleges that he was deprived of certain rights under the United States Constitution as a result of the telephone call and investigation by Officer Olague concerning his threatening communications to Irvine employees, the cease-and-desist letters he received from Irvine's attorneys, the failure of Irvine to respond to Plaintiff's complaints to the satisfaction of Plaintiff, and the denial of Plaintiff's demand for $5.7 million. (ECF No. 130 at pp. 140-165, 172-177.) He reiterates these allegations in his fifth cause of action under California's Bane Act. (*Id.* at pp. 166-172.)

Plaintiff alleges that he was the victim of an unreasonable seizure and detention, despite the fact that his own factual allegations make it clear that Officer Olague made no physical contact with him or any property owned by him, owing to the fact that she is located in a different state than Plaintiff and the property that she visited during her investigation is not owned by Plaintiff. (ECF No. 130 pp. 141 and ¶¶ 784-787.)

Plaintiff claims that his phone call with Officer Olague was somehow an unlawful detention and that Irvine's attorneys demanding that he cease his harassing communications to individual Irvine employees constituted a violation of his First Amendment right to petition the government for redress of his grievances. (*Id.* at pp. 141-144, 150, 153-154.) He also alleges that this conduct somehow violated his due process rights under the 14th Amendment. (*Id.* at p. 156-159.) The sum of his complaints appears to be that he is entitled to immediate communication from City of Irvine officials whenever he demands it, and that he is entitled to be satisfied and

given whatever he demands from these government officials whenever he demands it. (*Id.* at pp. 159-165.)

The United States Supreme Court and the Ninth Circuit have held that contacts by and questioning by police officers do not constitute a seizure under the Fourth Amendment. *Michigan v. Chesternut*, 486 U.S. 567, 575 (1988) (holding that police presence does not itself constitute a seizure under the Fourth Amendment); *I.N.S. v. Delgado*, 466 U.S. 210, 216 (1984) ("[P]olice questioning, by itself, is unlikely to result in a Fourth Amendment violation."); *Fla. v. Royer*, 460 U.S. 491, 497 (1983) (holding that police officers approaching person and asking person questions does not constitute a violation of the Fourth Amendment); *United States v. Washington*, 490 F.3d 765, 770 (9th Cir. 2007) ("No Fourth Amendment seizure occurs when a law enforcement officer merely identifies himself and poses questions to a person if the person is willing to listen."). "A person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer by means of physical force or show of authority terminates or restrains his freedom of movement through means intentionally applied." *Nelson v. City of Davis*, 685 F.3d 867, 875 (9th Cir. 2012).

In regard to the California  Bane Act, "the essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *Shoyoye v. County of Los Angeles* (2012) 203 Cal.App.4th 947, 955–956. The defendant's allegedly wrongful conduct "must itself be deliberate or spiteful." *Julian v. Mission Community Hospital* (2017) 11 Cal.App.5th 360, 395.

Plaintiff has not alleged any physical restraint by any Irvine police officer. Instead, Plaintiff alleges only that he was contacted by telephone to be asked questions about threats he made to an Irvine employee, a call that he felt comfortable

enough to terminate after two minutes. (See ECF No. 130 at ¶¶ 645-657.) He was not actually prevented from making complaints – he was only given instructions on how to make them in a manner that would mitigate his ongoing campaign of harassment. The measures Irvine took were appropriate measures to protect its employees. Plaintiff does not allege that he was arrested or charged with any criminal complaint. At most, Plaintiff was contacted by telephone to investigate threatening statements that he made. As Plaintiff alleged, he was able to terminate the call quickly, was never detained, and no charges were ever brought against him.

Furthermore, Plaintiff's allegations that he was denied due process or that he was denied the right to petition the government for redress of grievances are meritless. Plaintiff has not alleged any charges brought against him for which there could have been any need for due process to resolve. In fact, Plaintiff does not actually allege that he was ever denied the right to petition for redress of grievances. The right to petition for a redress of grievances precludes the filing of charges in retaliation for engaging in such conduct. *White v. Lee*, 227 F.3d 1214, 1231 (9th Cir. 2000). Plaintiff has not alleged that he was ever charged with anything at all – only that he was told to stop harassing employees and to direct his complaints and communications to particular individuals in writing. This does not constitute a First Amendment violation. *See Pullen-Hughes v. LaCaria*, No. 3:11-CV-01271-PK, 2012 WL 5398361, at *7 (D. Or. Oct. 2, 2012) (holding that government employees did not violate plaintiff's First Amendment rights by serving cease-and-desist letter after plaintiff's harassing phone calls that sought to limit the manner in which plaintiff's future communications should be made).

Plaintiff also fails to allege that he was ever prevented from making the various complaints he made to Irvine. Likewise, Plaintiff does not identify any Constitutional right or federal statute that requires City Council officials, mayors, or other government officials to immediately respond to a person's complaints, even a person who is a citizen of the state and municipality in question, which he is not, to

that person's satisfaction. Plaintiff also does not identify any Constitutional right or federal statute that permits him to engage in harassment of government employees as a matter of First Amendment right. *Cf. Hill v. Fisch*, No. 322CV05320RSMBAT, 2022 WL 2134493, at *2 (W.D. Wash. May 25, 2022) ("The First Amendment does not protect harassing or threatening speech."); *Pullen-Hughes*, *supra*, 2012 WL 5398361, at *8 ("[H]arassing telephone calls placed to government officials do not enjoy any greater protection than similar calls made to private citizens.").

Plaintiff has failed to allege any violation of his rights by the City of Irvine or any of its police officers and employees. He further fails to allege that any of the Defendants used threats or intimidation to prevent or try to prevent him from doing something he had the right to do under the law. Therefore, his second, third, fourth, and fifth causes of action fail as a matter of law.

### C. PLAINTIFF'S SIXTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO COURTS UNDER 42 U.S.C. § 1983

As to the sixth cause of action, Plaintiff alleges that the City of Irvine prevented his ability to "move for summary judgment or establish an undisputed record" by filing an Answer to his Complaint in which Irvine denied the truth of his allegations. (ECF No. 130, at pp. 172-173.)

In order to state a claim for denial of access to the courts, "a plaintiff must allege that the defendant took or was responsible for actions that 'hindered [his] efforts to pursue a legal claim.' " *Davis v. Goord,* 320 F.3d 346, 351 (2d Cir. 2003). A plaintiff must also assert non-conclusory allegations demonstrating both (1) that the defendant acted deliberately and maliciously, and (2) that the plaintiff suffered an actual injury." *Zeigler v. N.Y.*, 948 F. Supp. 2d 271, 294 (N.D.N.Y. 2013). A denial in an Answer does not lock Plaintiff out of the courthouse or prevent him from pursuing his claims in this case; instead, it frames the issues for litigation and places the burden of proof squarely on Plaintiff to establish his claims through evidence, discovery, and trial. As this is an active, ongoing litigation, there is no argument to

make that Plaintiff has been prevented from pursuing his legal claims. Furthermore, under FRCP Rule 8, a defendant in a federal case has a lawful, procedural right to admit, deny, or state that they lack knowledge regarding the allegations in a complaint. Standard defensive pleading in an active lawsuit is a normal part of due process, not a deprivation of constitutional rights.

As with Plaintiff's other claims under 42 U.S.C. § 1983, he has failed to allege that he suffered an actual injury or deprivation of any civil right. On that basis, this claim also fails as a matter of law.

### D. PLAINTIFFS' SEVENTH CAUSE OF ACTION UNDER CALIFORNIA'S RALPH ACT

Plaintiff's seventh cause of action is brought against Defendants for violations of the California Ralph Act under California Civil Code section 51.7. The Ralph Act seeks to outlaw acts of "violence, or intimidation by threat of violence" against persons due to political affiliation or their "sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status." Cal. Civ. Code, §§ 51, 51.7. "Under the Ralph Act, a plaintiff must establish the defendant threatened or committed violent acts against the plaintiff or their property, and a motivating reason for doing so was a prohibited discriminatory motive, or that the defendant aided, incited, or conspired in the denial of a protected right." *Gabrielle A. v. County of Orange* (2017) 10 Cal.App.5th 1268, 1291.

Plaintiff alleges that Defendants violated the Ralph Act through the aforementioned cease-and-desist letters sent to him, by which Defendants allegedly "issued or orchestrated false and retaliatory accusations, including claims of trespass and harassment…" (ECF No. 130, at pp. 177-178.) Plaintiff also alleges that this conduct was undertaken because of his political affiliation, but fails to identify any actual political affiliation or other protected category under the Ralph Act. (*Id*. at pp. 178.)

Plaintiff's allegations in support of this claim are devoid of any facts relating to violence or intimidation by the threat of violence which would constitute a viable claim under the Ralph Act. To prevail on a California Ralph Act claim, the plaintiff must establish four elements: (1) the defendant committed or threatened violent acts against the plaintiff; (2) the defendant was motivated by a perception of the plaintiff's political affiliation; (3) the plaintiff was harmed; and (4) the defendant's conduct was a substantial factor in causing the plaintiff's harm. [*Campbell v. Feld Entertainment, Inc*., 2014 WL 7146462 (N.D. Cal. 2014); *Warren v. Marcus*, 2015 WL 395219 (N.D. Cal. 2015)].

The Ralph Act has been construed to require "actual violence or intimidation by threat of violence" and thus a lesser allegation, such that that a plaintiff "might be subjected to violence," was insufficient. *Cabesuela v. Browning-Ferris Industries of California, Inc.* (1998) 68 Cal. App. 4th 101, 111. Similarly, a federal court granted a motion to dismiss a Ralph Act claim where the complaint did not allege either violence or intimidation by threat of violence. *Egan v. Schmock*, 93 F. Supp. 2d 1090, 1094 (N.D. Cal. 2000). [See also, *Campbell v. Feld Entertainment, Inc*., 2014 WL 7146462 (N.D. Cal. 2014) (the plain meaning of the word "violence," as used in California's Ralph Act, which guarantees the right to be free from any violence, or intimidation by a threat of violence, because of political affiliation, clearly involves some physical, destructive act.)].

Plaintiff does not allege any conduct by Defendants other than the cease-and-desist letters, which he does not allege contained any threats of physical violence against him. Plaintiff also has failed to show any facts indicating that the alleged conduct was motivated by the perception of any political affiliation, or that he suffered any harm as a result of these cease-and-desist letters. As Plaintiff has not stated a viable Ralph Act claim against any of the Defendants, this claim fails as a matter of law.

## VI. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant this Motion for Judgment on the Pleadings without leave to amend and enter judgment in favor of Defendants City of Irvine, Trinity Pham, William Go, Kalvin Alvarez, and Emma Olague.

Respectfully submitted,

Dated: November 23, 2026

BORDIN SEMMER LLP

By: ______________________________

Joshua Bordin-Wosk
Justin F. Spearman
Erick Diaz
Attorneys for Defendants,
CITY OF IRVINE, TRINITY PHAM, WILLIAM GO, KALVIN ALVAREZ, AND EMMA OLAGUE

**CERTIFICATE OF COMPLIANCE**

Pursuant to Central District of California Local Rules 11-6.1 and 11-6.2, the undersigned, counsel of record for Defendants City of Irvine, Trinity Pham, William Go, Kalvin Alvarez, and Emma Olague, hereby certifies that this Memorandum of Points and Authorities complies with the applicable page and word-count limitations. According to the word-count function of the word-processing software used to prepare this document, the memorandum contains 5094 words, exclusive of the caption, tables, and signature block.

Dated: November 23, 2026

BORDIN SEMMER LLP

By: ______________________________

Joshua Bordin-Wosk
Justin F. Spearman
Erick Diaz
Attorneys for Defendants,
CITY OF IRVINE, TRINITY PHAM,
WILLIAM GO, KALVIN ALVAREZ,
AND EMMA OLAGUE

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 101 Continental Boulevard, Suite 700, El Segundo, CA 90245.

On November 23, 2026, I served the within document(s) described as:

**DEFENDANTS CITY OF IRVINE'S, TRINITY PHAM'S, WILLIAM GO'S, KALVIN ALVAREZ'S, AND EMMA OLAGUE'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CITY OF IRVINE'S, TRINITY PHAM'S, WILLIAM GO'S, KALVIN ALVAREZ'S, AND EMMA OLAGUE'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**DECLARATION OF JUSTIN SPEARMAN IN SUPPORT OF DEFENDANTS CITY OF IRVINE'S, TRINITY PHAM'S, WILLIAM GO'S, KALVIN ALVAREZ'S, AND EMMA OLAGUE'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**[PROPOSED] ORDER GRANTING DEFENDANTS CITY OF IRVINE'S, TRINITY PHAM'S, WILLIAM GO'S, KALVIN ALVAREZ'S, AND EMMA OLAGUE'S MOTION FOR JUDGMENT ON THE PLEADINGS**

on the interested parties in this action as stated on the attached mailing list.

☐ (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☒ (BY ELECTRONIC MAIL/ECF) I caused such document to be electronically transmitted via United States District Court, Central District of California, which is then printed and maintained with the original documents in our office.

☐ (BY ELECTRONIC MAIL) I caused such document(s) to be Served to all Party/Parties through electronic means at the electronic addresses as set forth on the attached service list. Upon completion of transmission of said document(s), I did not receive an "undeliverable" receipt.

Executed on November 23, 2026, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Erin M. Woodard ______________________ *Erin M. Woodard* ______________________

**Jeffrey Gu v. City of Irvine, et al.**
**Case No. 8:25-cv-02134-VBF-DSR**

**CLIENT: CITY OF IRVINE**
**FILE NO.: 3901.189**

**SERVICE LIST**

| | |
|---|---|
| Jeffrey Gu<br>Pro Se<br>2332 N. Clay St., Apt. 3<br>Denver, CO 80211<br><br>Tel: 702) 593-1548<br>Email: jeffwgu@gmail.com<br><br>*Pro Se* | Ira G. Rivin<br>RUTAN AND TUCKER LLP<br>18575 Jamboree Road, 9th Floor<br>Irvine, CA 92612<br><br>Tel.: (714) 641-5100<br>Fax.: (714) 546-9035<br>Email: irivin@rutan.com<br><br>*Attorneys for Defendant, JESSICA SANDERS, JEFFREY MELCHING* |
| Ira David Lebovic<br>Melanie Suzanne Woodfin<br>PLANTE HUGUENIN LEBOVIC KAHN LLP<br>18100 Von Karman Ave., Suite 700<br>Irvine, CA 92612<br><br>Tel: (949) 271-8700<br>Email: ilebovic@phlklaw.com<br><br>*Lead Attorneys for Defendant, THE NEW HOME COMPANY, INC., THE NEW HOME COMPANY SOUTHERN CALIFORNIA, LLC, TNHC REALTY AND CONSTRUCTION, INC.* | Brian C. Plante<br>GREEN AND HALL<br>1851 E. First Street, 10th Floor<br>Santa Ana, CA 92705<br><br>Tel: (714) 918-7000<br>Fax: (714) 918-6996<br>Email: bplante@phlklaw.com<br><br>*Attorneys for Defendant, THE NEW HOME COMPANY, INC., THE NEW HOME COMPANY SOUTHERN CALIFORNIA, LLC, TNHC REALTY AND CONSTRUCTION, INC.* |

| | |
|---|---|
| Sean M. Kneafsey<br>KNEAFSEY FIRM, INC.<br>707 Wilshire Blvd., Suite 3700<br>Los Angeles, CA 90017<br><br>Tel: (213) 892-1200<br>Fax: (213) 892-1208<br>Email: skneafsey@kneafseyfirm.com<br><br>*Lead Attorney for Defendant,*<br>*BERT L. HOWE AND ASSOCIATES, INC.* | Jeremy D. Pasternak<br>Margaret Patricia Crowley<br>LAW OFFICES OF JEREMY PASTERNAK<br>100 Bush Street, Suite 1580<br>San Francisco, CA 94104<br><br>Tel: (415) 693-0300<br>Fax: (415) 693-0393<br>Email: jdp@pasternaklaw.com<br>mc@pasternaklaw.com<br><br>*Attorneys for Defendant,*<br>*BERT L. HOWE AND ASSOCIATES, INC.* |
| Henry M. Baskerville<br>FOX ROTHSCHILD LLP<br>1225 17th St., Suite 2200<br>Denver, CO 80202<br><br>Tel: (303) 292-1200<br>Fax: (303) 292-1300<br>Email: hbaskervill@foxrothschild.com<br><br>*Pro Hac Vice Attorney for Defendant,*<br>*TOLL BROTHERS, INC., TB PROPRIETARY CORP., and TOLL SOUTHWEST LLC* | Jeff H. Grant<br>FOX ROTHSCHILD LLP<br>10250 Constellation Blvd., Suite 900<br>Los Angeles, CA 90067<br><br>Tel: (310) 598-4150<br>Fax: (310) 556-9828<br>Email: jgrant@foxrothschild.com<br><br>*Attorney for Defendant,*<br>*TOLL BROTHERS, INC., TB PROPRIETARY CORP., and TOLL SOUTHWEST LLC* |